# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## UNOPPOSED MOTION FOR ENTRY OF
## SCHEDULING AND EXPEDITED DISCOVERY ORDER

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (together "SRSA"), hereby move for the entry of a Scheduling and Expedited Discovery Order ("Order").

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a)**

SRSA's counsel conferred with Defendants' counsel about the relief sought in this Motion in writing on July 12 and July 15, 2019, and via telephone, pursuant to D.C.COLO.LCivR 7.1(a), on a number of occasions between July 16, 2019 and the date of this motion. Defendants do not oppose the relief sought by this Motion. However, Defendants explicitly reserve, and do not intend to waive, their rights to challenge personal jurisdiction and venue in this Court; and Plaintiffs agreed they will not argue that Defendants' non-opposition to this Motion waives such rights. Further, Defendants agreed that SRSA's filing of this Motion instead of pursuing temporary injunctive relief at this stage does not waive SRSA's claim that

1

irreparable harm currently exists and may not be later used by Defendants to rebut any claim of irreparable harm in this case.

## Motion

1. SRSA filed a Verified Complaint on July 11, 2019 (ECF No. 1), and a First Amended Verified Complaint ("FAC") on July 12, 2019 (ECF No. 12).

2. All Defendants have been properly served with the FAC (ECF Nos. 19-22), and counsel for each Defendant has made an appearance in this case (ECF Nos. 15-17).

3. The FAC alleges that Defendants misappropriated SRSA's trade secrets and used those trade secrets to develop, commercialize, and sell products that compete with SRSA's products, in violation of the Colorado Uniform Trade Secrets Act and the federal Defend Trade Secrets Act; breached contractual obligations to SRSA; violated the Computer Fraud and Abuse Act; and committed various common law torts. The FAC requests provisional relief through the trial of this matter.

4. On July 12, 2019, SRSA reached out by letter to Defendants to meet and confer in anticipation of filing a Motion for Temporary Restraining Order ("TRO"), Preliminary Injunction, and Expedited Discovery Order that would provide, among other things, immediate preservation of evidence, immediate disclosure of specific categories of forensic evidence, limited expedited discovery on issues to be addressed in SRSA's preliminary injunction motion, and an expedited briefing and hearing schedule on the preliminary injunction motion.

5. On July 15, 2019, Defendants responded to that letter and also disclosed their intention to seek dismissal of the FAC on, at the least, personal jurisdiction and venue grounds.

6. The Parties met and conferred in good faith on multiple occasions between July 15, 2019 and the date of filing of this Motion. In the ensuing meet-and-confer conversations, the Parties reached agreement that SRSA would refrain from filing a motion for a temporary restraining order in exchange for (a) Defendants immediately providing certain forensic evidence and (b) the entry of a proposed Scheduling and Expedited Discovery Order setting dates and limits for early expedited discovery and a briefing and hearing schedule for SRSA's forthcoming preliminary injunction motion.

7. More specifically, SRSA and Defendants have agreed to a schedule for, and limits on, expedited discovery, as well as preliminary injunction briefing schedule. A proposed Scheduling and Expedited Discovery Order is being filed concurrently herewith.

8. The relief requested in this Motion is the result of good-faith negotiations and will promote judicial economy by avoiding litigation over the scope of a TRO, requests for expedited discovery, and the scheduling of a hearing on a motion for preliminary injunction. It further provides a structured schedule for discovery and briefing that accommodates the needs of all Parties. As such, there is good cause to enter the requested Order.

SRSA therefore moves this Court to enter the unopposed Scheduling and Expedited Discovery Order, filed concurrently herewith.

Respectfully submitted,

Dated: July 25, 2019

By: __s/ Warren A. Braunig__
Warren A. Braunig
*wbraunig@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Maya Karwande
*mkarwande@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415-391-5400
Facsimile:   415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:   303 863 9700
Facsimile:   303 863 0223
Email:   litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC