**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

       Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

---

**SCHEDULING AND EXPEDITED DISCOVERY ORDER**

---

Before the Court is the Unopposed Motion for Entry of Scheduling and Expedited Discovery Order ("Motion") by Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (together, "SRSA"). Upon consideration, the Court finds there is good cause and hereby GRANTS the Motion and ORDERS that:

1.     Defendants have returned (for (a)) and shall return (for (b) and (c)) SRSA documents that are either (a) in the possession of Defendants Kelly or Tsarnas, or their agents, officers, employees, or attorneys, (b) provided by Kelly or Tsarnas to PNC, or its agents, officers, employees, or attorneys, or (c) identified or discovered by PNC in the course of investigating this matter or responding to discovery in this matter, all subject to the right of outside counsel to retain copies for preservation purposes.

1

2. Subject to a review protocol and confidentiality agreement to be agreed upon by all of the Parties, or, if they cannot agree, as ordered by the Court, Defendants shall promptly make available for inspection and third-party forensic analysis by an independent third party: (a) a complete forensic image of the SRSA laptop that Heather Kelly retained after the termination of her employment at SRSA; and (b) complete forensic images of the following electronic devices:

- Tsarnas's PNC computer
- Tsarnas's mobile phone
- Tsarnas's tablet
- Kelly's PNC computer
- Kelly's mobile phone
- Kelly's husband's laptop
- Kelly's desktop

3. The Parties are authorized to conduct the following expedited discovery:

a. By no later than July 31, 2019, SRSA shall identify with reasonable particularity the alleged trade secrets that it contends were misappropriated by Defendants. To the extent SRSA identifies specific documents as trade secrets, it shall produce them at that time. This identification and production shall be provided on a Highly Confidential – Attorneys' Eyes Only basis, without prejudice to a subsequent challenge to that designation by Defendants pursuant to the terms of a Protective Order to be submitted for the Court's consideration.

b. By no later than August 2, 2019, SRSA may serve no more than ten Requests for Production ("RFPs") on the PNC Defendants, and no more than five RFP's on each

of Kelly and Tsarnas.  By no later than August 2, 2019, Defendants collectively may serve no more than fifteen RFPs on SRSA.

        c.      The Parties shall serve written objections and responses to RFPs by August 16, 2019, and shall produce responsive documents on a rolling basis, as they reasonably complete their respective gathering and review processes for personal identification information, responsiveness and privilege.  The Parties shall complete their rolling document productions by September 11, 2019, unless otherwise agreed by all Parties or authorized by the Court.

        d.      Commencing September 16, 2019, Plaintiffs may take seven depositions, including Rule 30(b)(6) depositions.  Commencing September 16, 2019, Defendants may collectively take seven depositions, including Rule 30(b)(6) depositions.  Rule 30(b)(6) deposition notices shall be served by no later than September 6, 2019, and shall be limited to no more than ten discrete topics.  Any objection to a Rule 30(b)(6) deposition notice shall be served within seven days of receipt of the notice.  A Rule 30(b)(6) deposition notice may be supplemented if the topic is reasonably based on documents or information the other party has produced and could not have been reasonably anticipated earlier, provided that any such supplement cannot result in an increase in the limit of ten discrete topics.  Rule 30(b)(6) depositions shall be counted as one deposition regardless of how many individuals are provided to respond thereto, and must be concluded within twelve (12) total hours.   Depositions shall conclude on or before October 11, 2019, unless otherwise agreed by all Parties or authorized by the Court.

        e.      By no later than August 9, 2019, the Parties shall serve on each other disclosures consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(i).  In addition, by no

3

later than August 9, 2019, SRSA shall produce organizational charts or other documents sufficient to identify the persons responsible for the development of SRSA's M&A products described in the Verified First Amended Complaint, and PNC shall produce organizational charts or other documents sufficient to identify the persons responsible for the development of PNC Paid and any related products.

    f.  For purposes of this discovery, and as a convenience only, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC shall be treated as a common entity and may be served together; and Defendants PNC Financial Services Group, Inc. and PNC Bank N.A. shall be treated as a common entity and may be served together.  Neither side is admitting the existence of any basis to disregard the separate entities involved.

  4. The Parties will adhere to the following schedule for the briefing and hearing of SRSA's motion for preliminary injunction:

    i)  SRSA may file a motion for preliminary injunction no later than October 18, 2019.

    ii)  Defendants may file an opposition to the motion for preliminary injunction no later than November 1, 2019.

    iii)  SRSA may file a reply in support of its motion for a preliminary injunction no later than November 8, 2019.

    iv)  The Court will hold a hearing on SRSA's motion for preliminary injunction commencing on November 15, 2019, or as soon thereafter as the Court is available.

DONE AND ORDERED this \_\_\_\_ day of July, 2019.

                                                   BY THE COURT:

                                        _____

                                        United States District Judge