# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation; and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation;
PNC BANK, N.A., a national association;
HEATHER KELLY, an individual; and
ALEX TSARNAS, an individual,

    Defendants.

## FORENSIC INSPECTION ORDER

THE COURT, having reviewed the parties' Joint Motion For Entry Of Stipulated Forensic Inspection Order and Stipulated Order Regarding Discovery Of Electronically Stored Information, and for good cause shown, hereby ORDERS that the parties shall be bound to the terms of the signed Stipulated Forensic Inspection Protocol attached as Exhibit A to this Order.

DONE AND ORDERED this _____ day of _____, 2019.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

1341217.v1

APPROVED:

By: /s/ *Warren A. Braunig*
    Warren A. Braunig
    *wbraunig@keker.com*
    Benjamin D. Rothstein
    *brothstein@keker.com*
    Maya Karwande
    *mkarwande@keker.com*
    Victor H. Yu
    *vyu@keker.com*
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone:    415-391-5400
    Facsimile:    415-397-7188

    SHERIDAN ROSS P.C.
    Scott R. Bialecki
    *sbialecki@sheridanross.com*
    Matthew C. Miller
    *mmiller@sheridanross.com*
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone:    303 863 9700
    Facsimile:    303 863 0223
    Email:    litigation@sheridanross.com

    ATTORNEYS FOR PLAINTIFFS


By: /s/ *Sarah B. Wallace*
    Andrew J. Petrie
    Sarah Block Wallace
    **BALLARD SPAHR LLP**
    1225 Seventeenth Street, Suite 2300
    Denver, Colorado 80202-5596
    Telephone: 303-292-2400
    Facsimile: 303-296-3956
    petriea@ballardspahr.com
    wallaces@ballardspahr.com

    ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

       Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

---

**STIPULATED FORENSIC INSPECTION PROTOCOL**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA"), Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC"), and individual Defendants Heather Kelly and Alex Tsarnas, by and through their counsel of record, hereby stipulate and agree as follows to this Forensic Inspection Protocol (the "Protocol"):

**I.  THIRD-PARTY CUSTODY OF DIGITAL MEDIA**

1. By no later than two (2) calendar days following the execution of this agreement, Defendants shall provide to Forensic Pursuit complete, unaltered, forensically sound images of the following devices (collectively, the "Devices") that were previously imaged by Ernst & Young:

      i)  The SRSA-issued MacBook that Defendant Kelly retained after the termination of her employment with SRSA (the "SRSA MacBook")

1

1338888

    ii)  Defendant Tsarnas's PNC computer

    iii)  Defendant Tsarnas's mobile phone

    iv)  Defendant Tsarnas's tablet

    v)  Defendant Kelly's PNC computer

    vi)  Defendant Kelly's mobile phone

    vii)  Defendant Kelly's husband's laptop

    viii)  Defendant Kelly's desktop

If Ernst & Young has not already imaged any of the Devices, Defendants shall provide each such original Device to Forensic Pursuit in order to allow Forensic Pursuit to create a complete, unaltered, forensically sound image of each such Device.

  2.  Forensic Pursuit shall maintain the complete, unaltered, forensically sound images of the Devices (collectively, the "Digital Media") in a secure facility operated by Forensic Pursuit and, except as directed otherwise by this Protocol, by joint stipulation of the parties or by order of the Court, shall retain custody of the Digital Media until the litigation has come to an end (i.e., the case has been dismissed or final judgment has been rendered and all appeal rights have been exhausted).  Either Ernst & Young or Forensic Pursuit must maintain physical custody of the SRSA MacBook until the litigation has come to an end.

  3.  No ex parte communications shall be permitted between any party to this action and Forensic Pursuit.  Each party may identify specific counsel of record or consultants ("Identified Representatives"), who shall be party to all communications with the Forensic Pursuit.  All communications, including but not limited to e-mail and telephone calls between

any party or Identified Representative and Forensic Pursuit pertaining to the issues in this case shall copy or include all Identified Representatives, unless excused in writing.

4. The parties agree to retain Forensic Pursuit jointly. For the analysis of the SRS MacBook, the parties agree to evenly share all costs and expenses incurred by Forensic Pursuit, 50% to SRSA and 50% to Defendants. For the analysis of all other devices mentioned in ¶1(ii)-(viii) of this protocol, SRSA shall be solely responsible for all costs and expenses incurred by Forensic Pursuit.

## II. DISCOVERY FROM DIGITAL MEDIA

5. As soon as practicable after receiving the Digital Media and/or Devices, and no later than five (5) business days after receiving them, Forensic Pursuit shall gather, collect, prepare or run (as appropriate) the artifacts, logs, data files, and/or reports (collectively "Initial Forensic Data") included in Exhibit A attached hereto. Unless otherwise specified in Exhibit A, or agreed to by the parties, artifacts, logs and data files shall be produced in Logical Evidence File (L01) or Apple Disk Image (DMG) format. Reports shall be produced unaltered in their native format. Initial Forensic Data shall be transmitted simultaneously to the Identified Representatives of all parties.

6. After receiving the Initial Forensic Data, SRSA may request additional forensic artifacts and/or information from the Digital Media. These requests may seek additional artifacts, logs, data files and/or reports ("Forensic Data") and/or specific user-generated files, *e.g.*, Word, Excel, PowerPoint, or PDF documents; e-mail or other message files, or reports on their contents (collectively "User Files"), the presence or absence of which is identified in some Initial Forensic Data or Forensic Data. Any such request shall be made in writing to Forensic

Pursuit and all Identified Representatives. Within two (2) business days, Defendants may either object to, or approve such request. In the event of an objection, the parties shall meet and confer telephonically within two (2) business days. If agreement cannot be reached, the parties shall follow the Magistrate Judge's procedure for discovery disputes.

7. If an approved or Court-ordered request seeks Forensic Data, Forensic Pursuit shall gather, collect, prepare or run (as appropriate) the Forensic Data, as soon as practicable, and transmit it simultaneously to the Identified Representatives of all parties.

8. If an approved or Court-ordered request seeks User Files, Forensic Pursuit shall provide the User Files first to Defendants' Identified Representative, to enable a review solely for privilege or applicable confidentiality designation. Within three (3) business days of receiving the User Files, Defendants shall either (a) authorize Forensic Pursuit to provide the User Files to Plaintiffs' Identified Representatives, or (b) produce the User Files to Plaintiffs, minus any documents held back on privilege grounds, which shall be identified in a privilege log. If Defendants produce the documents themselves subject to option (b) described above, for purposes of clarity, Defendants shall produce them as a stand-alone production and provide a cover letter identifying which documents were produced in response to which requests. If Forensic Pursuit produces the documents, they shall be produced in Logical Evidence File (L01) format or Apple Disk Image (DMG) format.

### III. DEFENDANTS' FORENSIC ANALYSIS OF THE SRSA MACBOOK AND SRSA'S REVIEW

9. Should Defendants wish to make requests for Forensic Data or User Files from the SRSA MacBook, the Parties and Forensic Pursuit shall follow the procedures and deadlines outlined in paragraphs 7-9 above, except that Plaintiffs will have the opportunity to object to

such requests, and to review any User Files for privilege and confidentiality-designation purposes.

## IV.     OTHER DEVICES

10.     SRSA reserves the right to request forensic inspection and analysis of other devices, not included among the Digital Media listed in Paragraph 1, based on discovery it receives in this matter.  Any such request shall take the form of a request for inspection pursuant to Federal Rule of Civil Procedure 34, which Defendants must respond to within five (5) business days.

11.     If Defendants agree to make any additional device available for inspection, or if the Court orders that any such device shall be made available for inspection, the parties agree that Paragraphs 6-9 will control the parties' respective rights and obligations with respect to SRSA's inspection of any such device, except that all time periods shall run from the date on which Defendants agree or the Court orders that any such device shall be made available for inspection.

## V.     NO WAIVER

12.     The parties agree that the procedures and protocols described herein shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or any other protection against disclosure, or any rights to claw back or to confidentiality under the Stipulated Protective Order or otherwise, with respect to the conduct, notes, searches, search terms, communications, or any other act performed by any expert, consultant, attorney or Identified Representative in connection with the Digital Media.

## VI. SECURITY OF DIGITAL MEDIA CONTENTS

13. Employees of any forensic analysts hired by any party who are engaged in the review of Initial Forensic Data, Forensic Data or User Files, including Forensic Pursuit, shall promptly be provided with a copy of this Stipulation and shall sign a certification in the form of Exhibit B attached hereto. Signed and completed certifications shall be provided to counsel for all parties. In addition, to the extent such employees of forensic analysts are provided with documents or information that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this matter ("Protected Materials"), such employees of forensic analysts shall maintain Protected Materials in a secure manner, and shall not use or disclose Protected Materials except in connection with this litigation. At the conclusion of the litigation, or as directed by the parties, any forensic analysts who have received Protected Materials shall return or destroy such Protected Materials.

14. At the end of the litigation, or when otherwise directed to do so by the parties or the Court, all forensic analysts hired by any party during the pendency of this case shall certify under penalty of perjury that they have complied with this Protocol.

Dated: August 14, 2019

By: /s/ *Warren A. Braunig*
Warren A. Braunig
*wbraunig@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Maya Karwande
*mkarwande@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:      415-391-5400
Facsimile:       415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:      303 863 9700
Facsimile:       303 863 0223
Email:     litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

By: /s/ *Sarah B. Wallace*
Sarah B. Wallace
*wallaces@ballardspahr.com*
Andrew J. Petrie
*petriea@ballardspahr.com*
Matthew A. Morr
*morrm@ballardspahr.com*
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202
Telephone:      303.292.2400
Facsimile        303.296.3956
Attorneys for Defendants

7

1338888

# EXHIBIT A

## LIST OF INITIAL FORENSIC DATA TO BE COLLECTED

**Reports to Create**
1. Please provide an inventory of devices and accounts received. Please provide all identifying information available, such as make, model, serial number, iSerialNumber, asset tag, or associated email account. Please also include metadata related to the preservation of the device, such as image MD5 and date of preservation.
2. For all devices and cloud storage accounts, please produce a list of files and folders. Please attempt to recover deleted files before running the report. At a minimum, produce these fields:
    a. File Path
    b. File Name
    c. File Size
    d. Date Created
    e. Date Modified
    f. Date Accessed
    g. Date Added (if applicable)
    h. MD5 Hash
    i. Description / deleted vs. active state
3. Please run Axiom across non-phone and non-tablet devices and accounts and produce reports for each category Axiom finds in XLSX format (e.g. Google Searches, Chrome Internet History, Quick Look Thumbnails, etc.). Please exclude any categories that could contain the content of user documents or emails that could be privileged – like "Excel Documents," "Gmail Fragments," or "iChat Messages" – and provide a list of the suppressed categories.
4. Please process any phones or tablets in Cellebrite and produce reports of all categories that do NOT contain communications content, documents, or notes. Do not produce voicemails, MMS, SMS, chats, email, notes, recordings, or any other user-generated content categories. Please provide a list of the suppressed categories.

**Artifacts to Provide – Mac**
5. For any Mac computers, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.
    a. All non-UGD files containing these strings in the names:
        i. MicrosoftRegistrationDb.reg
        ii. .bash_history
        iii. com.apple.TimeMachine.plist
        iv. .AppleSetupDone
        v. InstallHistory.plist

1

1338888

    b. All non-UGD files containing these strings in the paths:
        i. com.apple.QuickLook.thumbnailcache
        ii. .fseventsd
        iii. private\var\logs (please include Container file types in this directory so long as they do not contain UGD)
        iv. private\var\db\uuidtext
        v. private\var\db\diagnostics
        vi. private\var\spool
        vii. Library\Preferences
        viii. Library\Logs
        ix. .Spotlight-v100
        x. .bash_sessions

6. Please confirm whether any APFS snapshots exist on the disk.

**Artifacts to Provide – PC**

7. For any PC computers, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.
    a. All non-UGD files containing these strings in the names:
        i. NTUSER.DAT
        ii. USRCLASS.DAT
        iii. $MFT
        iv. $LogFile
        v. $USNJRNL (include any associated Streams)
        vi. .lnk
        vii. automaticdestinations-ms
        viii. customdestinations-ms
        ix. $I
        x. .evtx
    b. All non-UGD files containing these strings in the paths:
        i. [user profile]\AppData
        ii. windows\system32\config
        iii. $Extend
        iv. System Volume Information (except for files with GUIDs in their name)

8. Please confirm whether any Volume Shadow Copies exist on the disk.

**Artifacts to Provide – USB devices, Flash Memory Cards, or other removable media**

9. For any USB storage devices, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.
    a. All non-UGD files containing these strings in the names:
        i. $I
    b. All non-UGD files containing these strings in the paths:

2

       i. .fseventsd
      ii. .Spotlight-v100

**Definition of User Generated Data (UGD)**

For purposes of paragraphs 5, 7 and 9 of this Exhibit B (requesting Artifacts), the following file types should be excluded.

    a. Documents
        i. 123
        ii. ACCDB
        iii. AI
        iv. BAK
        v. CAD
        vi. CSV
        vii. DOC
        viii. docm
        ix. DOCX
        x. DWG
        xi. DXF
        xii. ghs
        xiii. INDD
        xiv. KEY
        xv. keynote
        xvi. MDB
        xvii. mpp
        xviii. MSG
        xix. odp
        xx. ods
        xxi. ODT
        xxii. PAGES
        xxiii. PDF
        xxiv. PPS
        xxv. PPT
        xxvi. PPTX
        xxvii. PSD
        xxviii. pub
        xxix. RTF
        xxx. SLDASM
        xxxi. SLDDRW
        xxxii. SLDPRT
        xxxiii. SQL
        xxxiv. tab
        xxxv. TAR

      xxxvi. TEX
     xxxvii. tsv
    xxxviii. TXT
      xxxix. VCF
          xl. WKS
         xli. WPD
        xlii. WPS
       xliii. wri
        xliv. XLR
         xlv. XLS
        xlvi. xlsb
       xlvii. xlsm
      xlviii. XLSX
        xlix. xps

b. Email
        i. EML
       ii. emlx
      iii. emlxpart
      iv. mbox
       v. mbx
      vi. MSG
     vii. olk14message
    viii. olk15message
      ix. OST
       x. partial.emlx
      xi. PST

c. Media
        i. ai
       ii. bmp
      iii. gif
      iv. ico
       v. jpeg
      vi. jpg
     vii. png
    viii. ps
      ix. psd
       x. svg
      xi. tif
     xii. tiff
    xiii. heic
    xiv. 3g2
     xv. 3gp

    xvi. avi
   xvii. flv
   xviii. h264
   xix. m4v
   xx. mkv
   xxi. mov
   xxii. mp4
   xxiii. mpg
   xxiv. mpeg
   xxv. rm
   xxvi. swf
   xxvii. vob
   xxviii. wmv

  d. Containers
   i. 7Z
   ii. BKF
   iii. BZ2
   iv. bzip2
   v. DMG
   vi. dsk
   vii. E01
   viii. gho
   ix. GZ
   x. hdd
   xi. ISO
   xii. L01
   xiii. RAR
   xiv. RPM
   xv. SITX
   xvi. TAR
   xvii. TARGZ
   xviii. vdi
   xix. VHD
   xx. VHDX
   xxi. vmdk
   xxii. ZIP
   xxiii. ZIPX

5

# EXHIBIT B

## AGREEMENT TO BE BOUND BY
## STIPULATED FORENSIC INSPECTION PROTOCOL

1. I have received a copy of the Stipulated Forensic Inspection Protocol (the "Forensic Protocol") agreed to by the parties in *SRS Acquiom Inc. v. PNC Financial Services Group, Inc.*, Case No. 19-cv-02005-DDD-SKC (D.Colo.). I have carefully read and understand all of the provisions of the Forensic Protocol.

2. I agree to be bound by all of the provisions of the Forensic Protocol.

Name (print)  _____

Employer      _____

Address       _____

              _____

              _____

Signature     _____

Date          _____

1

1338888