# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") and Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (together, "PNC") Heather Kelly and Alex Tsarnas (collectively with PNC, "Defendants") (all together, the "Parties," and each individually a "Party") stipulate to this protective order. The Court finds good cause to issue a protective order in this matter. Accordingly, it is ORDERED as follows:

### 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action (the "Action") is likely to involve production of confidential, proprietary, trade-secret and/or private information, by the Parties and potentially third parties, for which special protection from public disclosure, disclosure to the Parties themselves in some instances, and for use for any purpose other than prosecuting and defending this Action may be warranted. Accordingly, the Parties hereby

request that the Court enter this Stipulated Protective Order (the "Order").  The Parties intend for this Order to be enforceable throughout the pendency of the litigation.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law and as set forth in this Order.

This order does not apply to source code.  Prior to the production of source code by any Party, the Parties will stipulate to a separate protective order to control the manner in which source code is designated by the Producing Party and treated by the Receiving Party.  The preceding sentence is without prejudice to any Party's right to challenge the propriety of any request for the production of any source code in this Action.

**2.   <u>DEFINITIONS</u>**

2.1    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2    "<u>Confidential</u>" Information or Items: documents, information (regardless of how it is generated, stored, or maintained) or tangible things that contain or otherwise reference confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made and which has been designated by one of the Parties pursuant to this Protective Order as containing Confidential Information.  For the purposes of this Protective Order, "Confidential Information" specifically includes, but is not limited to: (1) confidential research, development or commercial information;

1342252

(2) personal financial information; and (3) any non-public financial information of an entity. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

       2.3    <u>Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

       2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery under this Order.

       2.5    <u>Disclosure or Discovery Material</u>: all documents, items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

       2.6    <u>Document</u>: As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

       2.7    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" (regardless of how it is generated, stored, or maintained) or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means.

1342252

2.8     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action.

2.9     <u>Non-Testifying Expert</u>: A non-employee of a Party with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel of Record to serve as a non-testifying consultant in the Action, as described by Federal Rule of Civil Procedure 26(b)(4)(D).

2.10    <u>Party</u>: any party to the Action, including any party added or joined to this Action, and their respective officers, directors, and employees.

2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, performing stenography services at depositions or hearings, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Pursuant to this Protective Order.

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    <u>Testifying Expert</u>: A non-employee of a Party with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel of

Record to serve as an expert witness in the Action, as described by Federal Rule of Civil

Procedure 26(b)(4)(A).

### 3. <u>SCOPE</u>

The protections conferred by this Order cover Protected Material produced in discovery in the Action as well as: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel designated as Protected Material that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial or an evidentiary hearing shall be governed by a separate agreement or order.

### 4. <u>DURATION</u>

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  "Final Disposition" shall be deemed to be the later of: (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the

Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order shall do so in good faith and shall take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, the Parties shall strive to ensure that Disclosure or Discovery Material that qualifies for protection under this Order is clearly so designated before the Protected Material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents as defined above, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material in a manner that does not affect legibility of the document.  Where Confidential Information must be provided or otherwise disclosed by a Party in response to a written discovery request, such information may be designated by imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" next to or above the response to such written discovery request,

1342252

and by highlighting in light gray the specific portions of the discovery response that the Designating Party seeks to so designate.

(b)      for testimony given in deposition or in other pretrial proceedings, any party may designate the transcript "Confidential" or "Highly Confidential – Attorneys' Eyes Only" during the deposition or other proceeding.  In that event, the transcript (including any rough transcript) shall remain so designated for a period of 30 calendar days from the date of receipt by Counsel of Record of a final transcript during which a Designating Party may identify, by reference to page and line number of the transcript, the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that 30 day period, only those portions that are specifically identified will qualify for protection under this Order.

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)      for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions

1342252

of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent or unintentional failure to designate qualified information or items shall not waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery by the Producing Party of such inadvertent disclosure, and after notice to the Receiving Party, the Receiving Party shall return those documents or Other Protected Material to the Producing Party so that the Confidential Information may be properly designated under this Protective Order.  Upon proper designation, the documents will be returned to the Receiving Party and the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order going forward.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>.  A Receiving Party may, in good faith, challenge the designation of any Disclosure or Discovery Material as Protected Material at any time.

    6.2   <u>Meet and Confer</u>.  In the event of a challenge to a designation, the Challenging Party shall provide written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone) within ten (10) calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation in writing within 10 calendar days of the Meet and Confer.

   6.3 <u>Judicial Intervention With Respect to Confidentiality Designations</u>.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents), testimony, or other Protected Material is not entitled to the designated level of protection at any time after the expiration of all timelines set forth in Paragraph 6.2, above.  The Designating Party shall have the burden of proof on such a motion to establish the propriety of its designation.

   While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

   **7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

   7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below.

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel of Record in the Action, and attorneys, clerical, paralegal, data processing, and secretarial and other staff employed or retained by such counsel;

(b)     a Party to the Action;

(c)     In-house or other outside counsel for the Parties;

(d)     Testifying Experts (as defined in this Order) of the Receiving Party retained in connection with this Action, to whom disclosure is reasonably necessary for purposes of the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who are not presently working or consulted for, and have no current plans to work or consult for, any of the following companies:  GGI, Citi, Epiq, JPMorgan Chase & Co., Nasdaq, US Bank, Wells Fargo, Wilmington Trust;

(e)     Non-Testifying Experts (as defined in this Order) of the Receiving Party retained in connection with this Action, to whom disclosure is reasonably necessary for purposes of the Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who are not presently working or consulted for, and have no current plans to work or consult for, any of the following companies:  GGI, Citi, Epiq, JPMorgan Chase & Co., Nasdaq, US Bank, Wells Fargo, Wilmington Trust;

(f)     the Court and its personnel;

(g)     any agreed-upon Mediator and its personnel;

1342252

(h)      court reporters and their staff who are engaged in proceedings necessarily incident to the conduct of this Action;

(i)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)      during their depositions, witnesses in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(k)      any person who is likely to testify in the Action, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(l)      any other person upon order of the Court or upon stipulation of the Designating Party, provided such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(m)      the author or a prior recipient of the document in question, in a deposition or in trial testimony; or in preparation for same, in the presence of outside counsel and so long as the author or prior recipient does not possess or retain any copy (electronic or physical) of such Protected Material, and has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

7.3      <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1342252

(a)      the Receiving Party's Counsel of Record in the Action, and attorneys, clerical, paralegal, data processing, and secretarial and other staff employed or retained by such counsel;

(b)      Testifying Experts (as defined in this Order) of the Receiving Party retained in connection with this Action, to whom disclosure is reasonably necessary for purposes of the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who are not presently working or consulted for, and have no current plans to work or consult for, any of the following companies:  GGI, Citi, Epiq, JPMorgan Chase & Co., Nasdaq, US Bank, Wells Fargo, Wilmington Trust;

(c)      Non-Testifying Experts (as defined in this Order) of the Receiving Party retained in connection with this Action, to whom disclosure is reasonably necessary for purposes of the Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who are not presently working or consulted for, and have no current plans to work or consult for, any of the following companies:  CGI, Citi, Epiq, JPMorgan Chase & Co., Nasdaq, US Bank, Wells Fargo, Wilmington Trust;

(d)      the Court and its personnel;

(e)      any agreed-upon Mediator and its personnel;

(f)      court reporters and their staff who are engaged in proceedings necessarily incident to the conduct of this Action;

(g)      professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

1342252

(h)      Up to three (3) designated inside counsel each for SRSA and PNC ("Designated Inside Counsel") who, because of their duties and responsibilities, require access "Highly Confidential – Attorneys' Eyes Only" Information, and for whom the requirements of Paragraph 7.4 have been satisfied;

(i)      Support personnel for attorneys listed in Paragraph 7.3(g) such as law clerks, paralegals, and secretaries, and clerical staff assisting in connection with this Proceeding and who are providing support under the supervision of any attorney described in Paragraph 7.3(g);

(j)      the author or a prior recipient of the document in question, in a deposition or in trial testimony, or in preparation for same, in the presence of outside counsel and so long as the author or prior recipient does not possess or retain any copy (electronic or physical) of such Protected Material, and has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

(k)

**PLAINTIFFS' PROPOSAL:**  Defendants Tsarnas and/or Kelly, to the extent that (i) the individual Defendant is the author or recipient of the designated information, and the forgoing can be shown on the face of the document containing the information, (ii) the individual Defendant is identified in metadata, or by the producing party, as the author, sender, recipient, or custodian for the document containing the information; (iii) the fact that the individual Defendants possessed or accessed the specific document containing the information has been established by reference to the results of forensic analysis of the individual Defendant's devices; or (iv) SRSA has expressly alleged that the individual Defendant possessed or accessed the specific document containing the information; provided, however, that any information reviewed

13

pursuant to this Section 7.3(k) is reviewed either in the presence of outside counsel, or over a screen-sharing application, such as WebEx, controlled by outside counsel, and further provided that the individual Defendant does not retain any copy (electronic or physical) of such Protected Material and the individual Defendant has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

**DEFENDANTS' PROPOSAL:**

Defendants Tsarnas and/or Kelly, to the extent that (i) the individual Defendant is the author or recipient of the designated information, and the forgoing can be shown on the face of the document containing the information, (ii) the individual Defendant is identified in metadata, or by the producing party, as the author, sender, recipient, or custodian for the document containing the information; (iii) the fact that the individual Defendants possessed or accessed the document containing the information has been established by reference to the results of forensic analysis of the individual Defendant's devices; or (iv) SRSA has expressly alleged that the individual Defendant possessed or accessed the specific document containing the information; provided, however, that any information reviewed pursuant to this Section 7.3(k) is reviewed either in the presence of outside counsel, or if not, in a manner that permits them to electronically review the documents but prevents them from downloading or printing such documents and the individual Defendant has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).(l)   any other person upon order of the Court or upon stipulation of the Designating Party, provided such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

       7.4    <u>Advance Notice for Certain Disclosure</u>.

(a)      Before a Receiving Party may disclose, directly or indirectly, any Protected Material to any Designated Inside Counsel under Paragraph 7.3(g), the Receiving Party must e-mail written notice to the Designating Party's outside counsel of record the following information regarding such Designated Inside Counsel: (1) an executed Attachment A; (2) the name of the inside counsel; (3) the title of the inside counsel; and (4) the company affiliation of the inside counsel.

(b)      The written notice required by preceding Paragraphs (a) is a one-time notification prior to showing any Restricted Information to an individual covered by those provisions.  A Party that makes a written notice and provides the information specified in preceding Paragraphs (a) may thereafter disclose the Designated Material pursuant to these paragraphs and pursuant to the terms in this Protective Order after the passage of five (5) calendar days unless it receives, within that five-calendar-day period, a written objection by the Designating Party stating that the designated individual has a conflict of interest and/or will not abide by the Protective Order and providing in detail the good-faith basis for any such objection.

(c)      If an objection is made, the Designating Party shall contact the Party that provided the written notice and the Parties shall make a good-faith effort to resolve any dispute concerning the objection.  If no agreement is reached, the Parties may resolve their dispute pursuant to the Court's procedures for discovery disputes.  On any such motion or request for relief, the Designating Party shall have the burden of establishing that Protected Material should not be Disclosed to the proposed recipient.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

1342252

**OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action by any other Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-**

1342252

**PARTIES**

9.1     Order Applicable to Non-Parties. The terms of this Order are applicable to information produced by Non-Parties in the Action and designated by such Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

9.2     Service of Order With Non-Party Discovery Request. The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9.3     Request to a Party Seeking Non-Party Confidential Information. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non- Party's Confidential Information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Requesting Party with a copy of the agreement with the Non-Party not to produce the Non-Party's confidential information;

(c)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(d)     make the information requested available for inspection by the Non-Party within 30 calendar days.

17

1342252

If the Non-Party fails to seek a protective order from this Court within 14 calendar days of receiving the notice and accompanying information, the Party that received the discovery request shall produce the Non-Party's responsive confidential information subject to any valid objection. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. FILING OF PROTECTED MATERIAL

In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in the Action, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Local Rules for the District of Colorado Rule 7.2 until such time as the Court orders otherwise or denies permission to file under seal.  A document containing "Confidential" Information shall be filed under Level 1 restriction.  A document containing "Highly Confidential – Attorneys' Eyes Only" Information shall be filed under Level 2 restriction, and a copy of the under-seal filing shall be served by email on Counsel of Record for all parties.  If no motion to restrict is filed within the Court-ordered deadline, the restriction shall expire and the document shall be open to public inspection, until such time that the Court orders otherwise.

1342252

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Disclosure (including production) of documents that a Producing Party later claims should not have been disclosed because of a privilege, including (without limitation) the attorney-client privilege, attorney work product doctrine, or other applicable protection from disclosure (collectively, "Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege as to which the Producing Party would be entitled in the action. When a Producing Party gives notice in good faith to the Receiving Party that certain produced material includes Privileged Information, the Receiving Party must promptly return, sequester, or destroy the specified information. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to the disposition of such information are received. If the Receiving Party wishes to challenge the propriety of the asserted privilege or protection, it must make its application to the Court within ten (10) days of the request by the Producing Party to return, sequester or destroy the Privileged Information. However, any such

1342252

application shall not rely upon in any manner or assert as a ground the fact or circumstances of the inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an in camera inspection of the Privileged Information is requested.  If the challenge is overruled or denied, the Receiving Party shall immediately return or destroy the Privileged Information.  The Producing Party must preserve the Privileged Information until the challenge is resolved. The failure of any Producing Party to provide notice or instructions under this Section shall not constitute a waiver or, or estoppel as to, any claim of privilege as to which the Producing Party would be entitled in this action.

### 13. **MISCELLANEOUS**

13.1    <u>Right to Further Relief and Modification by the Court</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

13.2    <u>Right to Assert Other Objections</u>. No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

13.3    <u>Right of a Party to Use Its Own Documents</u>. Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

13.4    <u>Right of a Party to Use Independently Obtained Documents.</u> Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of discovery proceedings in this Action.

1342252

13.5    <u>Right of the Parties to Modify Deadlines By Mutual Agreement</u>. Any deadline in this Order may be modified by mutual agreement of the Parties.

**14. <u>FINAL DISPOSITION</u>**

Within 60 calendar days after the Final Disposition of this Action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must, upon written request by the Producing Party, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 calendar day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, discovery responses, trial, deposition and hearing transcripts, legal memoranda, correspondence, trial and deposition exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

DATED this __ day of July, 2019.              BY THE COURT:


                                             _____

                                             UNITED STATES DISTRICT COURT JUDGE

1342252

**STIPULATED AND AGREED TO:**

Dated: September 4, 2019

Respectfully submitted,

By:  _s/  Warren A. Braunig_
    Warren A. Braunig
    *wbraunig@keker.com*
    Michelle S. Ybarra
    *mybarra@keker.com*
    Benjamin D. Rothstein
    *brothstein@keker.com*
    Maya Karwande
    *mkarwande@keker.com*
    Victor H. Yu
    *vyu@keker.com*
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone:     415-391-5400
    Facsimile:     415-397-7188

    SHERIDAN ROSS P.C.
    Scott R. Bialecki
    *sbialecki@sheridanross.com*
    Matthew C. Miller
    *mmiller@sheridanross.com*
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone:     303 863 9700
    Facsimile:     303 863 0223
    Email:    litigation@sheridanross.com

    Attorneys for Plaintiffs
    SRS ACQUIOM INC. AND
    SHAREHOLDER REPRESENTATIVE
    SERVICES LLC

By*:  s/  Sarah Block Wallace*
    Andrew J. Petrie
    Sarah Block Wallace
    Matthew A. Morr
    **BALLARD SPAHR LLP**
    1225 Seventeenth Street, Suite 2300
    Denver, Colorado 80202-5596
    Telephone: 303-292-2400
    Facsimile: 303-296-3956
    petriea@ballardspahr.com
    wallaces@ballardspahr.com
    morrm@ballardspahr.com

    Hara K. Jacobs
    Noah S. Robbins
    **BALLARD SPAHR LLP**
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215-668-8500
    Facsimile: 215-864-8999
    jacobsh@ballardspahr.com
    robbinsn@ballardspahr.com

    Attorneys for Defendants
    PNC FINANCIAL SERVICES GROUP,
    INC., PNC BANK, N.A., HEATHER
    KELLY, and ALEX TSARNAS

1342252

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in *SRS Acquiom Inc. v. PNC Financial Services Group, Inc.*, Civil Action No. 1:19-cv-02005-DDD-SKC.  I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

23

1342252