# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

       Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

---

## STIPULATED FORENSIC INSPECTION PROTOCOL

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA"), Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC"), and individual Defendants Heather Kelly and Alex Tsarnas, by and through their counsel of record, hereby stipulate and agree as follows to this Forensic Inspection Protocol (the "Protocol"):

### I.    THIRD-PARTY CUSTODY OF DIGITAL MEDIA

1.    By no later than two (2) calendar days following the execution of this agreement, Defendants shall provide to Forensic Pursuit complete, unaltered, forensically sound images of the following devices (collectively, the "Devices") that were previously imaged by Ernst & Young:

    i)    The SRSA-issued MacBook that Defendant Kelly retained after the termination of her employment with SRSA (the "SRSA MacBook")

    ii)     Defendant Tsarnas's PNC computer

    iii)    Defendant Tsarnas's mobile phone

    iv)    Defendant Tsarnas's tablet

    v)     Defendant Kelly's PNC computer

    vi)    Defendant Kelly's mobile phone

    vii)    Defendant Kelly's husband's laptop

    viii)   Defendant Kelly's desktop

If Ernst & Young has not already imaged any of the Devices, Defendants shall provide each such original Device to Forensic Pursuit in order to allow Forensic Pursuit to create a complete, unaltered, forensically sound image of each such Device.

2.     Forensic Pursuit shall maintain the complete, unaltered, forensically sound images of the Devices (collectively, the "Digital Media") in a secure facility operated by Forensic Pursuit and, except as directed otherwise by this Protocol, by joint stipulation of the parties or by order of the Court, shall retain custody of the Digital Media until the litigation has come to an end (i.e., the case has been dismissed or final judgment has been rendered and all appeal rights have been exhausted).  Either Ernst & Young or Forensic Pursuit must maintain physical custody of the SRSA MacBook until the litigation has come to an end.

3.     No ex parte communications shall be permitted between any party to this action and Forensic Pursuit.  Each party may identify specific counsel of record or consultants ("Identified Representatives"), who shall be party to all communications with the Forensic Pursuit.  All communications, including but not limited to e-mail and telephone calls between

any party or Identified Representative and Forensic Pursuit pertaining to the issues in this case shall copy or include all Identified Representatives, unless excused in writing.

4.     The parties agree to retain Forensic Pursuit jointly.  For the analysis of the SRS MacBook, the parties agree to evenly share all costs and expenses incurred by Forensic Pursuit, 50% to SRSA and 50% to Defendants.  For the analysis of all other devices mentioned in ¶1(ii)-(viii) of this protocol, SRSA shall be solely responsible for all costs and expenses incurred by Forensic Pursuit.

## II.     DISCOVERY FROM DIGITAL MEDIA

5.     As soon as practicable after receiving the Digital Media and/or Devices, and no later than five (5) business days after receiving them, Forensic Pursuit shall gather, collect, prepare or run (as appropriate) the artifacts, logs, data files, and/or reports (collectively "Initial Forensic Data") included in Exhibit A attached hereto.  Unless otherwise specified in Exhibit A, or agreed to by the parties, artifacts, logs and data files shall be produced in Logical Evidence File (L01) or Apple Disk Image (DMG) format.  Reports shall be produced unaltered in their native format.  Initial Forensic Data shall be transmitted simultaneously to the Identified Representatives of all parties.

6.     After receiving the Initial Forensic Data, SRSA may request additional forensic artifacts and/or information from the Digital Media.  These requests may seek additional artifacts, logs, data files and/or reports ("Forensic Data") and/or specific user-generated files, *e.g.*, Word, Excel, PowerPoint, or PDF documents; e-mail or other message files, or reports on their contents (collectively "User Files"), the presence or absence of which is identified in some Initial Forensic Data or Forensic Data.  Any such request shall be made in writing to Forensic

Pursuit and all Identified Representatives.  Within two (2) business days, Defendants may either object to, or approve such request. In the event of an objection, the parties shall meet and confer telephonically within two (2) business days.  If agreement cannot be reached, the parties shall follow the Magistrate Judge's procedure for discovery disputes.

7.      If an approved or Court-ordered request seeks Forensic Data, Forensic Pursuit shall gather, collect, prepare or run (as appropriate) the Forensic Data, as soon as practicable, and transmit it simultaneously to the Identified Representatives of all parties.

8.      If an approved or Court-ordered request seeks User Files, Forensic Pursuit shall provide the User Files first to Defendants' Identified Representative, to enable a review solely for privilege or applicable confidentiality designation.  Within three (3) business days of receiving the User Files, Defendants shall either (a) authorize Forensic Pursuit to provide the User Files to Plaintiffs' Identified Representatives, or (b) produce the User Files to Plaintiffs, minus any documents held back on privilege grounds, which shall be identified in a privilege log. If Defendants produce the documents themselves subject to option (b) described above, for purposes of clarity, Defendants shall produce them as a stand-alone production and provide a cover letter identifying which documents were produced in response to which requests.  If Forensic Pursuit produces the documents, they shall be produced in Logical Evidence File (L01) format or Apple Disk Image (DMG) format.

## III.    DEFENDANTS' FORENSIC ANALYSIS OF THE SRSA MACBOOK AND SRSA'S REVIEW

9.       Should Defendants wish to make requests for Forensic Data or User Files from the SRSA MacBook, the Parties and Forensic Pursuit shall follow the procedures and deadlines outlined in paragraphs 7-9 above, except that Plaintiffs will have the opportunity to object to

such requests, and to review any User Files for privilege and confidentiality-designation purposes.

## IV.    OTHER DEVICES

10.    SRSA reserves the right to request forensic inspection and analysis of other devices, not included among the Digital Media listed in Paragraph 1, based on discovery it receives in this matter.  Any such request shall take the form of a request for inspection pursuant to Federal Rule of Civil Procedure 34, which Defendants must respond to within five (5) business days.

11.    If Defendants agree to make any additional device available for inspection, or if the Court orders that any such device shall be made available for inspection, the parties agree that Paragraphs 6-9 will control the parties' respective rights and obligations with respect to SRSA's inspection of any such device, except that all time periods shall run from the date on which Defendants agree or the Court orders that any such device shall be made available for inspection.

## V.    NO WAIVER

12.    The parties agree that the procedures and protocols described herein shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or any other protection against disclosure, or any rights to claw back or to confidentiality under the Stipulated Protective Order or otherwise, with respect to the conduct, notes, searches, search terms, communications, or any other act performed by any expert, consultant, attorney or Identified Representative in connection with the Digital Media.

## VI.    SECURITY OF DIGITAL MEDIA CONTENTS

13.    Employees of any forensic analysts hired by any party who are engaged in the review of Initial Forensic Data, Forensic Data or User Files, including Forensic Pursuit, shall promptly be provided with a copy of this Stipulation and shall sign a certification in the form of Exhibit B attached hereto.  Signed and completed certifications shall be provided to counsel for all parties. In addition, to the extent such employees of forensic analysts are provided with documents or information that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this matter ("Protected Materials"), such employees of forensic analysts shall maintain Protected Materials in a secure manner, and shall not use or disclose Protected Materials except in connection with this litigation.  At the conclusion of the litigation, or as directed by the parties, any forensic analysts who have received Protected Materials shall return or destroy such Protected Materials.

14.    At the end of the litigation, or when otherwise directed to do so by the parties or the Court, all forensic analysts hired by any party during the pendency of this case shall certify under penalty of perjury that they have complied with this Protocol.

Dated: August 14, 2019

By:   /s/ *Warren A. Braunig*
     Warren A. Braunig
     *wbraunig@keker.com*
     Benjamin D. Rothstein
     *brothstein@keker.com*
     Maya Karwande
     *mkarwande@keker.com*
     Victor H. Yu
     *vyu@keker.com*
     KEKER, VAN NEST & PETERS LLP
     633 Battery Street
     San Francisco, CA 94111-1809
     Telephone:        415-391-5400
     Facsimile:        415-397-7188

     SHERIDAN ROSS P.C.
     Scott R. Bialecki
     *sbialecki@sheridanross.com*
     Matthew C. Miller
     *mmiller@sheridanross.com*
     1560 Broadway, Suite 1200
     Denver, Colorado 80202
     Telephone:        303 863 9700
     Facsimile:        303 863 0223
     Email:     litigation@sheridanross.com

     Attorneys for Plaintiffs
     SRS ACQUIOM INC. AND
     SHAREHOLDER REPRESENTATIVE
     SERVICES LLC

By:   /s/ *Sarah B. Wallace*
     Sarah B. Wallace
     *wallaces@ballardspahr.com*
     Andrew J. Petrie
     *petriea@ballardspahr.com*
     Matthew A. Morr
     *morrm@ballardspahr.com*
     BALLARD SPAHR LLP
     1225 17th Street, Suite 2300
     Denver, CO  80202
     Telephone:        303.292.2400
     Facsimile        303.296.3956
     Attorneys for Defendants

<u>**EXHIBIT A**</u>

<u>**LIST OF INITIAL FORENSIC DATA TO BE COLLECTED**</u>

**Reports to Create**
1. Please provide an inventory of devices and accounts received. Please provide all identifying information available, such as make, model, serial number, iSerialNumber, asset tag, or associated email account. Please also include metadata related to the preservation of the device, such as image MD5 and date of preservation.
2. For all devices and cloud storage accounts, please produce a list of files and folders. Please attempt to recover deleted files before running the report. At a minimum, produce these fields:
   a. File Path
   b. File Name
   c. File Size
   d. Date Created
   e. Date Modified
   f. Date Accessed
   g. Date Added (if applicable)
   h. MD5 Hash
   i. Description / deleted vs. active state
3. Please run Axiom across non-phone and non-tablet devices and accounts and produce reports for each category Axiom finds in XLSX format (e.g. Google Searches, Chrome Internet History, Quick Look Thumbnails, etc.). Please exclude any categories that could contain the content of user documents or emails that could be privileged – like "Excel Documents," "Gmail Fragments," or "iChat Messages" – and provide a list of the suppressed categories.
4. Please process any phones or tablets in Cellebrite and produce reports of all categories that do NOT contain communications content, documents, or notes. Do not produce voicemails, MMS, SMS, chats, email, notes, recordings, or any other user-generated content categories. Please provide a list of the suppressed categories.

**Artifacts to Provide – Mac**
5. For any Mac computers, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.
   a. All non-UGD files containing these strings in the names:
      i. MicrosoftRegistrationDb.reg
      ii. .bash_history
      iii. com.apple.TimeMachine.plist
      iv. .AppleSetupDone
      v. InstallHistory.plist

    b.   All non-UGD files containing these strings in the paths:
- i. com.apple.QuickLook.thumbnailcache
- ii. .fseventsd
- iii. private\var\logs (please include Container file types in this directory so long as they do not contain UGD)
- iv. private\var\db\uuidtext
- v. private\var\db\diagnostics
- vi. private\var\spool
- vii. Library\Preferences
- viii. Library\Logs
- ix. .Spotlight-v100
- x. .bash_sessions

6. Please confirm whether any APFS snapshots exist on the disk.

**Artifacts to Provide – PC**

7. For any PC computers, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.

    a.   All non-UGD files containing these strings in the names:
- i. NTUSER.DAT
- ii. USRCLASS.DAT
- iii. $MFT
- iv. $LogFile
- v. $USNJRNL (include any associated Streams)
- vi. .lnk
- vii. automaticdestinations-ms
- viii. customdestinations-ms
- ix. $I
- x. .evtx

    b.   All non-UGD files containing these strings in the paths:
- i. [user profile]\AppData
- ii. windows\system32\config
- iii. $Extend
- iv. System Volume Information (except for files with GUIDs in their name)

8. Please confirm whether any Volume Shadow Copies exist on the disk.

**Artifacts to Provide – USB devices, Flash Memory Cards, or other removable media**

9. For any USB storage devices, please produce all files responsive to this criteria <u>so long as they are not User Generated Data</u> (defined below). Please produce the data with folder structure in L01 or DMG format.

    a.   All non-UGD files containing these strings in the names:
- i. $I

    b.   All non-UGD files containing these strings in the paths:

       i.  .fseventsd
      ii.  .Spotlight-v100

**Definition of User Generated Data (UGD)**

For purposes of paragraphs 5, 7 and 9 of this Exhibit B (requesting Artifacts), the following file types should be excluded.

  a.  Documents
         i.  123
        ii.  ACCDB
      iii.  AI
      iv.  BAK
       v.  CAD
      vi.  CSV
     vii.  DOC
    viii.  docm
      ix.  DOCX
       x.  DWG
      xi.  DXF
     xii.  ghs
    xiii.  INDD
    xiv.  KEY
     xv.  keynote
    xvi.  MDB
   xvii.  mpp
  xviii.  MSG
    xix.  odp
     xx.  ods
    xxi.  ODT
   xxii.  PAGES
  xxiii.  PDF
  xxiv.  PPS
   xxv.  PPT
  xxvi.  PPTX
 xxvii.  PSD
xxviii.  pub
  xxix.  RTF
   xxx.  SLDASM
  xxxi.  SLDDRW
 xxxii.  SLDPRT
xxxiii.  SQL
xxxiv.  tab
 xxxv.  TAR

xxxvi.   TEX
xxxvii.   tsv
xxxviii.   TXT
xxxix.   VCF
xl.   WKS
xli.   WPD
xlii.   WPS
xliii.   wri
xliv.   XLR
xlv.   XLS
xlvi.   xlsb
xlvii.   xlsm
xlviii.   XLSX
xlix.   xps

b.   Email
i.   EML
ii.   emlx
iii.   emlxpart
iv.   mbox
v.   mbx
vi.   MSG
vii.   olk14message
viii.   olk15message
ix.   OST
x.   partial.emlx
xi.   PST

c.   Media
i.   ai
ii.   bmp
iii.   gif
iv.   ico
v.   jpeg
vi.   jpg
vii.   png
viii.   ps
ix.   psd
x.   svg
xi.   tif
xii.   tiff
xiii.   heic
xiv.   3g2
xv.   3gp

    xvi.   avi
   xvii.   flv
  xviii.   h264
   xix.   m4v
    xx.   mkv
   xxi.   mov
  xxii.   mp4
 xxiii.   mpg
 xxiv.   mpeg
   xxv.   rm
 xxvi.   swf
xxvii.   vob
xxviii.   wmv

d.   Containers
    i.   7Z
    ii.   BKF
   iii.   BZ2
   iv.   bzip2
    v.   DMG
   vi.   dsk
  vii.   E01
 viii.   gho
   ix.   GZ
    x.   hdd
   xi.   ISO
  xii.   L01
 xiii.   RAR
 xiv.   RPM
   xv.   SITX
 xvi.   TAR
xvii.   TARGZ
xviii.   vdi
 xix.   VHD
   xx.   VHDX
 xxi.   vmdk
xxii.   ZIP
xxiii.   ZIPX

**<u>EXHIBIT B</u>**

**<u>AGREEMENT TO BE BOUND BY</u>**
**<u>STIPULATED FORENSIC INSPECTION PROTOCOL</u>**

1.      I have received a copy of the Stipulated Forensic Inspection Protocol (the

"Forensic Protocol") agreed to by the parties in *SRS Acquiom Inc. v. PNC Financial Services*

*Group, Inc.*, Case No. 19-cv-02005-DDD-SKC (D.Colo.).  I have carefully read and understand

all of the provisions of the Forensic Protocol.

2.      I agree to be bound by all of the provisions of the Forensic Protocol.


Name (print)    _____

Employer        _____

Address         _____

                _____

                _____

Signature       _____

Date            _____