# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability
company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## PNC FINANCIAL SERVICES GROUP, INC. AND PNC BANK N.A.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Court's Scheduling and Expedited Discovery Order, Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively "PNC"), by and through undersigned counsel, object and respond to the First Set of Requests for Production of Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") as follows:

### **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

1.     All documents and communications in the PNC email or hard drives of Kelly or Tsarnas that mention or discuss SRSA or SRSA's M&A Payment [sic] and Escrow Products.

    Response:

    PNC objects to the Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine and/or any other applicable

1

Response:

PNC will produce non-privileged documents responsive to this Request, to the extent they exist.

8.      Documents sufficient to show the identity of all potential or actual customers targeted by PNC for PNC's M&A Payments and Escrow Products, the first date such was customer was contacted about PNC's M&A Payments and Escrow Products, and the PNC employee who served as the primary contact for such customer.

Response:

PNC objects to the request to the extent it calls for the production of documents that are not relevant to any party's claim or defenses in this litigation.  Specifically, the Amended Complaint alleges that SRSA has lost eight projects as a result of Defendants alleged conduct. The request is not limited to those customers or even to customers generally, but requests the identity of potential customers who have not purchased any PNC's M&A Payments and Escrow Products to date.  Given the lack of nexus between potential future customers and SRSA's alleged harm as a result of Defendants' alleged conduct, the request does not seek information relevant to any party's claim or defense.  As a result, PNC will withhold documents based on this objection.

If and to the extent SRSA narrows the Request to documents relating to PNC's contacts with the customers alluded to in Paragraphs 80-83 of the Amended Complaint, and provided SRSA identifies those customers, documents relating to those solicitations, to the extent they are not privileged, will be produced.

PNC further objects to the Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege protecting such documents from production.  PNC will not produce privileged documents.

PNC further objects to the Request to the extent it calls for the production of confidential, proprietary and competitively sensitive information, the production of which will be made pursuant to a Protective Order.

Subject to and without waiving the foregoing objections, PNC will produce non-privileged documents responsive to this Request, to the extent they exist.

9.      Documents sufficient to show the monthly, quarterly and annual revenues, expenses and profits for PNC's M&A Payments and Escrow Products, from January 1, 2018 to the present.

Response:

PNC objects to the request as premature.  SRSA's Request for information relating to profits that it may ultimately seek to disgorge is irrelevant to, and indeed inconsistent with, SRSA's request for preliminary injunctive relief.  Given its lack of relevance to the preliminary injunction hearing, the request imposes an undue burden on PNC.  PNC will not produce documents responsive to this request at this time based on this objection.  PNC will produce non-privileged documents responsive to this Request, to the extent they exist during non-expedited discovery.