# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

7. SRSA objects to the definition of "Trade Secret" as overbroad and unduly burdensome insofar as it encompasses, without limitation, "any scientific or technical information, design, procedure, improvement, confidential business or financial information, formula, pattern, compilation, program, device, method, technique, process, or listing of names, addresses, or telephone numbers" that SRSA contends is a trade secret disclosed, used, or misappropriated by Defendants. Pursuant to paragraph 3(a) of the Expedited Discovery Order, SRSA has identified the trade secrets at issue in this action, of which it is presently aware, in its July 31, 2019 Initial Trade Secret Disclosure. To the extent any request asks for documents related to SRSA's Trade Secrets, SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry that relate to the trade secrets described in its Initial Trade Secret Disclosure and as they relate to versions of SRSA's trade secrets that existed or were in development up to March 16, 2018.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

For each Trade Secret that SRS contends was misappropriated, produce all Documents Concerning the existence of such Trade Secret, including, but not limited to: (a) Documents sufficient to Identify which Plaintiff is the owner of each alleged Trade Secret; (b) Documents sufficient to Identify each individual or entity involved in the development of each alleged Trade Secret; (c) Documents sufficient to Identify the individual contribution of each individual or entity involved in the development of each alleged Trade Secret; (d) Documents sufficient to Identify any third party product that is incorporated within any alleged Trade Secret; (e) all memorandum, meeting notes or other Documents Concerning the development of each alleged

Trade Secret; (f) all Documents Concerning the costs of development for each alleged Trade Secret; and (g) a copy of any assignment or work for hire agreement with any individual identified in response to (b) above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein. SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure. SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action. Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning "Trade Secrets" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

SRSA further objects to this request as overbroad, vague and ambiguous with respect to the terms "involved in the development of" and "individual contribution" insofar as those terms are undefined and are subject to multiple, broad interpretations. SRSA's Trade Secrets at issue in this case were the result of approximately six years of continuous research and development efforts, the collection of thousands of hours of feedback from customers and users, and involved

4

1345133

the collaboration of dozens of individuals.  SRSA interprets the request seeking documents sufficient to identify each individual "involved in the development of" and "individual contributions" to mean documents sufficient to identify the material contributions of individuals identified in SRSA's August 9, 2019 Initial Disclosures in developing SRSA's Trade Secrets, and will withhold documents from production outside that scope.  SRSA further objects to this request to the extent that it calls for documents that SRSA has already produced and/or that are already in Defendants' possession.  For similar reasons, SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  In particular, SRSA objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents" concerning the development of SRSA's trade secrets, including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

To the extent not already produced, in response to subparts (a), (b), (c), (d), (e) and (g), SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.  In response to subpart (f), SRSA will produce documents sufficient to show the research and development costs for SRSA's Trade Secrets.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents supporting or refuting SRS's contention that it employs reasonable measures to protect the secrecy of each alleged Trade Secret, including, but not

1345133

litigation over SRSA's intellectual property rights in its Trade Secrets.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents Concerning any analysis or evaluation of any alleged Trade Secret, including, but not limited to: (a) analysis as to the patentability of any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret; (b) analysis as to whether any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret is copyrightable; (c) the monetary value of each alleged Trade Secret, including, but not limited to, in conjunction with an evaluation for insurance or investment purposes; and (d) any S.W.O.T. or other comparative analysis between any product or service offered by any third-party and any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning "Trade Secrets" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at

issue in this action. On the basis of that objection, SRSA anticipates withholding documents from production. Moreover, this request seeks "all Documents" related to "any analysis or evaluation" of the Trade Secrets; SRSA's Trade Secrets at issue in this case were the result of approximately six years of continuous research and development efforts, the collection of thousands of hours of feedback from customers and users, and involved the collaboration of dozens of individuals. It is not reasonable or practicable to produce "all Documents" concerning SRSA's "analysis or evaluation" of its Trade Secrets under such circumstances. On the basis of that objection, SRSA anticipates withholding documents from production. For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA also objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order. SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs." SRSA further objects to this request as vague and ambiguous with respect to the terms "analysis or evaluation," "monetary value" and "comparative analysis," as those terms are undefined and subject to multiple possible interpretations.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry sufficient to show: (a) SRSA's efforts to patent or copyright its Trade

9

1345133

Secrets; and (b) the monetary value associated with the Clearinghouse, Acquiom Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard products.  SRSA will also produce non-privileged, responsive documents located after a reasonable search and diligent inquiry that reflect comparisons SRSA conducts in the regular course of business between its products or services that embody or practice SRSA Trade Secrets on the one hand, and competing products or services on the other.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of all Documents, including, but not limited to, PowerPoint presentations, demonstrations, webinars, marketing, advertising, or promotional materials, or other materials distributed, provided or available to third-parties, customers, potential customers, investors, or potential investors Concerning any product or service that SRS contends is a Trade Secret, practices a Trade Secret, or otherwise embodies a Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret

Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  Moreover, this request seeks "all Documents" concerning any "marketing, advertising, or promotional materials, or other materials provided or available to third-parties, customers, potential customers, investors, or potential investors" concerning any Trade Secret.  The SRSA Trade Secrets at issue in this case were the result of approximately six years of continuous research and development efforts, the collection of thousands of hours of feedback from customers and users, and involved the collaboration of dozens of individuals.  SRSA's products and services have been on the market for over five years and used by thousands of customers and users.  It is neither reasonable nor practicable to produce "all Documents" concerning any "marketing, advertising, or promotional materials, or other materials provided or available to third-parties, customers, potential customers, investors, or potential investors" under such circumstances.  On the basis of that objection, SRSA anticipates withholding documents from production.  For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA also objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

1345133

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry sufficient to show the types of marketing, promotional, or advertising materials distributed to third-parties that concern any SRSA Trade Secret.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents supporting or refuting the contention that the alleged Trade Secrets possess independent economic value, including, but not limited to: (a) all Documents Concerning any licenses, requests to license, or offers to license any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; (b) all Documents reflecting that any customer selected SRS because of any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; and (c) any reviews, comments, criticisms, or other feedback Concerning any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein. SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure. SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action. Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of

whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action. On the basis of that objection, SRSA anticipates withholding documents from production. Moreover, this request seeks "all Documents" concerning any "any reviews, comments, criticisms, or other feedback" concerning any Trade Secret. The SRSA Trade Secrets at issue in this case were the result of approximately six years of continuous research and development efforts, the collection of thousands of hours of feedback from customers and users, and involved the collaboration of dozens of individuals. SRSA's products and services have been on the market for over five years and used by thousands of customers and users. It is neither reasonable nor practicable to produce "all Documents" concerning any "any reviews, comments, criticisms, or other feedback" under such circumstances. On the basis of that objection, SRSA anticipates withholding documents from production. For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order. SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

13

1345133

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 6:**

For each alleged Trade Secret, produce: (a) all Documents Concerning whether Tsarnas and Kelly participated in the development of the alleged Trade Secret; (b) all Documents Concerning whether Tsarnas and Kelly had access to the alleged Trade Secret; and (c) all Documents Concerning whether Tsarnas or Kelly used, disclosed or otherwise misappropriated the alleged Trade Secret following their departure from SRS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  Moreover, this request seeks "all Documents" concerning whether Defendants "participated in the development of[,]" "had access to" or "used, disclosed, or otherwise misappropriated" any Trade Secret, which is overbroad as well as vague

and ambiguous insofar as those terms can have multiple reasonable meanings. On the basis of that objection, SRSA anticipates withholding documents from production. For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order. SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 7:**

For each customer or project referenced in Paragraphs 79-84 of the Amended Complaint, produce: (a) Documents sufficient to Identify each such customer; (b) Documents sufficient to Identify any existing contractual relationship with these customers, including, but not limited to, all prior contracts with such customers; (c) all Communications Concerning SRS's attempt to obtain the business that it contends was lost to PNC; (d) all Communications or other Documents reflecting or discussing the loss of these customers to PNC; (e) all Documents Concerning, demonstrating, or otherwise reflecting that SRS would have obtained the business but for

15

1345133