# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

---

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") by and through its counsel, hereby serves these amended responses and objections to Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas's (collectively, "Defendants") Requests for Production ("RFPs") Numbers 1 to 15 as follows:

## PRELIMINARY STATEMENT

1.      Each of SRSA's responses is subject to, and incorporates, the following preliminary statement.

2.      An agreement to produce responsive documents or things in the responses below means only that SRSA will produce relevant and response non-privileged documents or things within its possession, custody, or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such responsive documents or things exists.  By responding to any request, SRSA does not concede the relevance or admissibility of any of the information provided.  SRSA does not assume the burden of persuasion or burden of production as to any issue therein.

3.      SRSA will not produce information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  Any inadvertent disclosure of privileged or otherwise protected information shall not be deemed a waiver of such privilege or protection.

1

4.      SRSA will only produce relevant, non-privileged proprietary, trade secret, or other confidential or competitively sensitive materials subject to adequate protections for SRSA's confidential, trade secret, and/or proprietary business or technical documents pursuant to this Court's Stipulated Protective Order (ECF No. 40).  SRSA has responded to the requests as it interprets and understands them.  If Defendants subsequently assert an interpretation of any request that differs from SRSA's understanding of that request, SRSA reserves the right to supplement its objections and/or responses.

5.      Discovery in this case is ongoing, and SRSA's responses to the requests are given without prejudice to SRSA's right to produce or rely on subsequently discovered information, facts, or documents.  SRSA accordingly reserves the right to amend or supplement the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses are made in a good faith effort to comply with the Federal Rules of Civil Procedure, and to supply such responsive information as it exists and is presently within SRSA's possession, custody, or control, but should in no way be deemed to prejudice SRSA's right to conduct further discovery, research, and analysis.

6.      SRSA objects to Defendants' definitions and instructions to the extent they purport to impose obligations beyond those reflected in the Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Protocol") (ECF No. 42), including, but not limited to, Defendants' instructions regarding production format and privilege logging. SRSA will produce all ESI following the procedures set forth in the ESI Protocol.

7.     SRSA objects to the definition of "Trade Secret" as overbroad and unduly burdensome insofar as it encompasses, without limitation, "any scientific or technical information, design, procedure, improvement, confidential business or financial information, formula, pattern, compilation, program, device, method, technique, process, or listing of names, addresses, or telephone numbers" that SRSA contends is a trade secret disclosed, used, or misappropriated by Defendants.  Pursuant to paragraph 3(a) of the Expedited Discovery Order, SRSA has identified the trade secrets at issue in this action, of which it is presently aware, in its July 31, 2019 Initial Trade Secret Disclosure.  To the extent any request asks for documents related to SRSA's Trade Secrets, SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry that relate to the trade secrets described in its Initial Trade Secret Disclosure and as they relate to versions of SRSA's trade secrets that existed or were in development up to March 16, 2018.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

For each Trade Secret that SRS contends was misappropriated, produce all Documents Concerning the existence of such Trade Secret, including, but not limited to: (a) Documents sufficient to Identify which Plaintiff is the owner of each alleged Trade Secret; (b) Documents sufficient to Identify each individual or entity involved in the development of each alleged Trade Secret; (c) Documents sufficient to Identify the individual contribution of each individual or entity involved in the development of each alleged Trade Secret; (d) Documents sufficient to Identify any third party product that is incorporated within any alleged Trade Secret; (e) all memorandum, meeting notes or other Documents Concerning the development of each alleged

Trade Secret; (f) all Documents Concerning the costs of development for each alleged Trade

Secret; and (g) a copy of any assignment or work for hire agreement with any individual

identified in response to (b) above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to

Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent

it seeks information subject to the attorney-client privilege, the attorney work-product doctrine,

joint defense privilege, common interest doctrine, settlement privilege, and/or any other

applicable privilege or immunity against disclosure.  SRSA further objects to this request on the

grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant

or proportional to the needs of this action.  Specifically, this request seeks "all Documents"

without limitation as to time or location, and concerning "Trade Secrets" regardless of whether

those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at

issue in this action.  On the basis of that objection, SRSA anticipates withholding documents

from production.  SRSA further objects to this request on the grounds that it is compound and

violates the Expedited Discovery Order, which provides that Defendants "may serve no more

than fifteen RFPs."

SRSA further objects to this request as overbroad, vague and ambiguous with respect to

the terms "involved in the development of" and "individual contribution" insofar as those terms

are undefined and are subject to multiple, broad interpretations.  SRSA's Trade Secrets at issue

in this case were the result of approximately six years of continuous research and development

efforts, the collection of thousands of hours of feedback from customers and users, and involved

4

the collaboration of dozens of individuals.  SRSA interprets the request seeking documents sufficient to identify each individual "involved in the development of" and "individual contributions" to mean documents sufficient to identify the material contributions of individuals identified in SRSA's August 9, 2019 Initial Disclosures in developing SRSA's Trade Secrets, and will withhold documents from production outside that scope.  SRSA further objects to this request to the extent that it calls for documents that SRSA has already produced and/or that are already in Defendants' possession.  For similar reasons, SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order. In particular, SRSA objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents" concerning the development of SRSA's trade secrets, including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

To the extent not already produced, in response to subparts (a), (b), (c), (d), (e) and (g), SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.  In response to subpart (f), SRSA will produce documents sufficient to show the research and development costs for SRSA's Trade Secrets.

## REQUEST FOR PRODUCTION NO. 2:

Produce all Documents supporting or refuting SRS's contention that it employs reasonable measures to protect the secrecy of each alleged Trade Secret, including, but not

limited to: (a) contractual restrictions Concerning any employee's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (b) contractual restrictions Concerning any customer's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (c) contractual restrictions Concerning any other third party's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (d) a copy of any non-disclosure or confidentiality agreement with any individual identified in response to (1)(b) above; and (e) any lawsuits, demand letters, cease and desist letters, or other correspondence sent by, or on behalf of SRS, regarding, Concerning any of the alleged Trade Secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning "Trade Secrets" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  Moreover, this request seeks "all Documents" related to "correspondence sent

6

by, or on behalf of" SRSA concerning the Trade Secrets, which calls for the production of virtually every letter or email that mentions the Trade Secrets, regardless of whether such documents are relevant to the issues in dispute in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

SRSA objects to this request as vague and ambiguous with respect to the terms "reasonable measures" and "secrecy," as those terms are undefined and subject to multiple possible interpretations.  SRSA further objects to this request to the extent it calls for a legal conclusion.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  It is not reasonable or practicable to produce "all Documents" concerning SRSA's efforts to protect the secrecy of its Trade Secrets.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents" concerning SRSA's efforts to protect the secrecy of its Trade Secrets, including all internal SRSA communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry, sufficient to show the type of contractual agreements that SRSA enters into in the regular course of business and sufficient to identify any actual or threatened

1345133

litigation over SRSA's intellectual property rights in its Trade Secrets.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents Concerning any analysis or evaluation of any alleged Trade Secret, including, but not limited to: (a) analysis as to the patentability of any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret; (b) analysis as to whether any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret is copyrightable; (c) the monetary value of each alleged Trade Secret, including, but not limited to, in conjunction with an evaluation for insurance or investment purposes; and (d) any S.W.O.T. or other comparative analysis between any product or service offered by any third-party and any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning "Trade Secrets" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at

issue in this action.  On the basis of that objection, SRSA anticipates withholding documents

from production.  Moreover, this request seeks "all Documents" related to "any analysis or

evaluation" of the Trade Secrets; SRSA's Trade Secrets at issue in this case were the result of

approximately six years of continuous research and development efforts, the collection of

thousands of hours of feedback from customers and users, and involved the collaboration of

dozens of individuals.  It is not reasonable or practicable to produce "all Documents" concerning

SRSA's "analysis or evaluation" of its Trade Secrets under such circumstances.  On the basis of

that objection, SRSA anticipates withholding documents from production.  For similar reasons,

SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it

seeks "all Documents," including communications.  Such a request is not narrowly tailored and

purports to require the collection, review, and production of voluminous email correspondence

within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.

On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA

also objects to this request on the grounds that it seeks information beyond the scope of this

Court's Expedited Discovery Order.  SRSA further objects to this request on the grounds that it

is compound and violates the Expedited Discovery Order, which provides that Defendants "may

serve no more than fifteen RFPs."  SRSA further objects to this request as vague and ambiguous

with respect to the terms "analysis or evaluation," "monetary value" and "comparative analysis,"

as those terms are undefined and subject to multiple possible interpretations.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable

search and diligent inquiry sufficient to show: (a) SRSA's efforts to patent or copyright its Trade

Secrets; and (b) the monetary value associated with the Clearinghouse, Acquiom Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard products.  SRSA will also produce non-privileged, responsive documents located after a reasonable search and diligent inquiry that reflect comparisons SRSA conducts in the regular course of business between its products or services that embody or practice SRSA Trade Secrets on the one hand, and competing products or services on the other.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of all Documents, including, but not limited to, PowerPoint presentations, demonstrations, webinars, marketing, advertising, or promotional materials, or other materials distributed, provided or available to third-parties, customers, potential customers, investors, or potential investors Concerning any product or service that SRS contends is a Trade Secret, practices a Trade Secret, or otherwise embodies a Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret

10

Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates

withholding documents from production.  Moreover, this request seeks "all Documents"

concerning any "marketing, advertising, or promotional materials, or other materials provided or

available to third-parties, customers, potential customers, investors, or potential investors"

concerning any Trade Secret.  The SRSA Trade Secrets at issue in this case were the result of

approximately six years of continuous research and development efforts, the collection of

thousands of hours of feedback from customers and users, and involved the collaboration of

dozens of individuals.  SRSA's products and services have been on the market for over five

years and used by thousands of customers and users.  It is neither reasonable nor practicable to

produce "all Documents" concerning any "marketing, advertising, or promotional materials, or

other materials provided or available to third-parties, customers, potential customers, investors,

or potential investors" under such circumstances.  On the basis of that objection, SRSA

anticipates withholding documents from production.  For similar reasons, SRSA further objects

to this request as overbroad and unduly burdensome on the grounds that it seeks "all

Documents," including communications.  Such a request is not narrowly tailored and purports to

require the collection, review, and production of voluminous email correspondence within a

timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the

basis of that objection, SRSA anticipates withholding documents from production.  SRSA also

objects to this request on the grounds that it seeks information beyond the scope of this Court's

Expedited Discovery Order.  SRSA further objects to this request on the grounds that it is

compound and violates the Expedited Discovery Order, which provides that Defendants "may

serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry sufficient to show the types of marketing, promotional, or advertising materials distributed to third-parties that concern any SRSA Trade Secret.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents supporting or refuting the contention that the alleged Trade Secrets possess independent economic value, including, but not limited to: (a) all Documents Concerning any licenses, requests to license, or offers to license any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; (b) all Documents reflecting that any customer selected SRS because of any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; and (c) any reviews, comments, criticisms, or other feedback Concerning any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of

whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  Moreover, this request seeks "all Documents" concerning any "any reviews, comments, criticisms, or other feedback" concerning any Trade Secret.  The SRSA Trade Secrets at issue in this case were the result of approximately six years of continuous research and development efforts, the collection of thousands of hours of feedback from customers and users, and involved the collaboration of dozens of individuals.  SRSA's products and services have been on the market for over five years and used by thousands of customers and users.  It is neither reasonable nor practicable to produce "all Documents" concerning any "any reviews, comments, criticisms, or other feedback" under such circumstances.  On the basis of that objection, SRSA anticipates withholding documents from production.  For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

13

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 6:**

For each alleged Trade Secret, produce: (a) all Documents Concerning whether Tsarnas and Kelly participated in the development of the alleged Trade Secret; (b) all Documents Concerning whether Tsarnas and Kelly had access to the alleged Trade Secret; and (c) all Documents Concerning whether Tsarnas or Kelly used, disclosed or otherwise misappropriated the alleged Trade Secret following their departure from SRS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning any "Trade Secret" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  Moreover, this request seeks "all Documents" concerning whether Defendants "participated in the development of[,]" "had access to" or "used, disclosed, or otherwise misappropriated" any Trade Secret, which is overbroad as well as vague

14

and ambiguous insofar as those terms can have multiple reasonable meanings. On the basis of that objection, SRSA anticipates withholding documents from production. For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order. SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 7:**

For each customer or project referenced in Paragraphs 79-84 of the Amended Complaint, produce: (a) Documents sufficient to Identify each such customer; (b) Documents sufficient to Identify any existing contractual relationship with these customers, including, but not limited to, all prior contracts with such customers; (c) all Communications Concerning SRS's attempt to obtain the business that it contends was lost to PNC; (d) all Communications or other Documents reflecting or discussing the loss of these customers to PNC; (e) all Documents Concerning, demonstrating, or otherwise reflecting that SRS would have obtained the business but for

1345133

Defendants' alleged tortious conduct; and (f) all Documents calculating or otherwise reflecting the revenue lost by SRS as a result.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Communications" with SRSA customers without limitation concerning SRSA's attempts to obtain business and the results of the same.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Communications" and "all Documents."  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  SRSA further objects to this request on the grounds that it is compound and violates the Expedited Discovery Order, which provides that Defendants "may serve no more than fifteen RFPs."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

1345133

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning PNC's alleged use, disclosure or other form of misappropriation of any alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, this request seeks "all Documents" without limitation as to time or location, and concerning PNC's "use, disclosure, or other form of misappropriation" of any "Trade Secret" regardless of whether those trade secrets were identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure as at issue in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  For similar reasons, SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order. On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA

17

objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order.  SRSA further objects to this request on the grounds that it exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

## REQUEST FOR PRODUCTION NO. 9:

All Documents Concerning any alleged breach of the non-solicitation restraint by Kelly or Tsarnas.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the

18

grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

## REQUEST FOR PRODUCTION NO. 10:

All Documents or Communications Concerning any lawsuit, claim, or allegation that SRS acquired, possessed, used, disclosed, or misappropriated a trade secret or confidential information of any third-party, tortiously interfered with a contract, or otherwise induced a party to breach a contract.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  SRSA further objects to this request to the extent it seeks documents that are publicly available or equally available to Defendants.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," which itself includes communications, and all "Communications."  Such a request

19

is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents supporting or refuting the contention that any documents or information allegedly in Tsarnas or Kelly's possession are confidential.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, the request seeks "all Documents" without limitation as to time or location, and relating to whether any information in the individual Defendants' possession was confidential, regardless of whether Defendants' possession of such

information forms the basis of SRSA's claims in this case.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," which itself includes communications, and all "Communications."  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.  SRSA further objects to this request as duplicative of RFP No. 6 and RFP No. 8.  SRSA further objects to this request as vague and ambiguous as to the term "confidential," as that term can have multiple meanings in this context.  SRSA further objects to this request to the extent that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry sufficient to show that Tsarnas and Kelly possessed confidential SRSA documents and information.  SRSA will meet and confer with counsel for Defendants regarding the appropriate scope of production in response to the remainder of this request, if any.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning Kelly's transition from the Old MacBook to the New MacBook, including, but not limited to, all Documents Concerning SRS's knowledge of, and

attempt to retrieve, Kelly's Old MacBook, and all Documents supporting or refuting the allegation that she accessed or retrieved any SRS document following her departure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, the request seeks "all Documents" without limitation as to time or location, and relating to Kelly's transition from the Old MacBook to the New MacBook, regardless of their relevance to the claims or defenses in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

1345133

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications Concerning Kelly and Tsarnas following their resignation or termination from SRS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, the request seeks "all Communications" between any of SRSA employees, without limitation as to time or location, that merely mention Kelly or Tsarnas, regardless of whether such communications are relevant to the claims or defenses in this case.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Communications"; such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this

Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents supporting or refuting SRS's claim that it will suffer irreparable harm absent an injunction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein. SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure. SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action. Specifically, the request seeks "all Documents" without limitation related to the irreparable harm SRSA will suffer as a result of Defendants' large-scale misappropriation of SRSA's confidential, proprietary, and trade secret information; such a request is neither reasonable nor practical. On the basis of that objection, SRSA anticipates withholding documents from production. SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications. Such a request is not narrowly tailored and purports to require the collection, review, and

24

production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request to the extent it seeks premature expert disclosure or analysis.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.  SRSA further objects to this request to the extent that it calls for a legal conclusion, especially with respect to the term "irreparable harm."

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry sufficient to show that SRSA will suffer irreparable harm absent an injunction.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning PNC Paid

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

SRSA incorporates its Preliminary Statement and General Objections and Objections to Instruction and Definitions as if fully set forth herein.  SRSA objects to this request to the extent it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest doctrine, settlement privilege, and/or any other applicable privilege or immunity against disclosure.  SRSA further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents not relevant or proportional to the needs of this action.  Specifically, the request seeks "all Documents" without

limitation related to PNC Paid, regardless of their relevance to the claims or defenses in this action.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request as overbroad and unduly burdensome on the grounds that it seeks "all Documents," including communications.  Such a request is not narrowly tailored and purports to require the collection, review, and production of voluminous email correspondence within a timeframe inconsistent with the deadlines set forth in the Expedited Discovery Order.  On the basis of that objection, SRSA anticipates withholding documents from production.  SRSA further objects to this request on the grounds that it seeks information beyond the scope of this Court's Expedited Discovery Order and exceeds the fifteen-RFP limit reflected in the Expedited Discovery Order.

Subject to and without waiving the foregoing objections, SRSA responds as follows:

SRSA will produce non-privileged, responsive documents located after a reasonable search and diligent inquiry.

1345133

Respectfully submitted,

Dated: September 10, 2019

By: */s/ Warren A. Braunig*
    Warren A. Braunig
    *wbraunig@keker.com*
    Benjamin D. Rothstein
    *brothstein@keker.com*
    Maya Karwande
    *mkarwande@keker.com*
    Victor H. Yu
    *vyu@keker.com*
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone:    415-391-5400
    Facsimile:    415-397-7188

    SHERIDAN ROSS P.C.
    Scott R. Bialecki
    *sbialecki@sheridanross.com*
    Matthew C. Miller
    *mmiller@sheridanross.com*
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone:    303 863 9700
    Facsimile:    303 863 0223
    Email:    litigation@sheridanross.com

    Attorneys for Plaintiffs
    SRS ACQUIOM INC. AND
    SHAREHOLDER REPRESENTATIVE
    SERVICES LLC

27

1345133

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 10, 2019, I served the following document(s):

**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

☑   by **E-MAIL VIA PDF**, per the parties electronic service agreement, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Sarah B. Wallace                                        Attorneys for Defendants
Andrew J. Petrie
Matthew A. Morr
Hara K. Jacobs
Noah A. Robbins
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202
Telephone:      303.292.2400
Facsimile:      303.296.3956
wallaces@ballardspahr.com
petriea@ballardspahr.com
morrm@ballardspahr.com
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

Executed on September 10, 2019, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Dori Chan

1345268