**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**BRIEF REGARDING DESIGNATIONS UNDER PROTECTIVE ORDER, PURSUANT TO DKT. NO. 52**

---

1

1354614

Pursuant to the Court's October 22, 2019 Minute Order, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") submit this brief regarding the propriety of SRSA's classification of certain documents as "Highly Confidential – Attorney's Eyes Only" (or "HC-AEO") under the Stipulated Protective Order ("PO").

Defendants misappropriated a broad scope of trade secret information, ranging from SRSA's customer lists, sales and revenue data, and business strategies, to technical product information such as high-level confidential protocols and processes, in addition to documents showing, at a database level, how SRSA's products work. In discovery, Defendants requested commercially sensitive document discovery commensurate to the scope of the information they stole. Less than eight weeks after receiving Defendants' requests, SRSA produced more than 10,000 responsive documents. Due to the nature of Defendants' requests and the resulting responsive documents, SRSA designated the high volume of its production as HC-AEO.

Since receiving SRSA's production, Defendants have made a series of increasingly burdensome demands for SRSA to "down-designate" documents from HC-AEO to a less restrictive designation. SRSA complied with the first two of these demands and re-reviewed over 1,200 documents—more than 10% of SRSA's total production to date. Defendants' third demand sought SRSA's re-review of over 2,700 additional documents—including approximately 100 documents that were not designated HC-AEO to begin with, as well as documents that were identified as trade secrets in SRSA's Trade Secret Disclosure. This demand came in the middle of a particularly intense period in the stipulated discovery schedule, in which the parties noticed the depositions of over a dozen witnesses in a five-week span. Accordingly, SRSA requested that Defendants either narrow the 2,700 documents for which they demanded re-review, or else

2

1354614

postpone any broad re-review until after the expedited discovery period. Defendants refused, and now request an order compelling SRSA to re-designate *its entire production*.

SRSA's HC-AEO designations are necessary and appropriate considering the broad scope of commercially sensitive information misappropriated by Defendants and sought by Defendants' discovery requests. SRSA has complied with demands made by Defendants under the PO to re-review specific sets of documents for which Defendants challenge designations. But Defendants' present demand that SRSA re-review its entire production—including documents that are not even designated HC-AEO and documents that SRSA has specifically identified as trade secrets—is unduly burdensome and harassing. Accordingly, SRSA requests that the Court deny Defendants' requests to down-designate documents, or at least postpone the matter until after the parties complete briefing on the preliminary injunction.

## I.   BACKGROUND

### A.   Defendants' misappropriation of SRSA trade secrets

As alleged in detail in the First Amended Complaint, the individual defendants in this lawsuit—Heather Kelly and Alex Tsarnas—left SRSA under a cloud in early 2018 and surreptitiously took with them SRSA trade secret documents including customer lists, business strategies, as well as a broad array of technical product information. (*See generally* Verified First Amended Complaint, Dkt. No. 12.) Defendant Kelly took some of this information by emailing it to herself from her SRSA-issued laptop, using personal email addresses, in the week between quitting SRSA. She subsequently attempted to wipe the laptop before returning it to SRSA. Other documents Kelly printed two weeks before she left. And discovery has revealed that Kelly even *created* one of the misappropriated documents—a customer list—on the day she

departed the company, while searching through her SRSA email to find customer contact information.  Discovery has also revealed that Defendant Tsarnas downloaded over 100 confidential SRSA documents to a USB thumb drive in the two days after SRSA's General Counsel and Human Resources Director confronted Tsarnas with proof that he had embezzled more than $35,000 from the company.  After learning that Kelly and Tsarnas had helped their new employer—Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC")—develop a copycat suite of products and that PNC had begun targeting SRSA's customers, SRSA brought this lawsuit.

> **B.** **The Court enters the Stipulated Protective Order to balance competing interests**

Given the commercially sensitive nature of this dispute, the Court entered a Stipulated Protective Order, pursuant to which the parties may designate as HC-AEO documents that

> contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party of Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means.

(Dkt. No. 40, § 2.7.)  The PO also provides that the receiving party "may, in good faith, challenge the designation of any Disclosure or Discovery Material as Protected Material at any time."  To do so, the challenging party must "provide written notice of each designation it is challenging and describing the basis for each challenge."  (*Id*., §§ 6.1, 6.2.)

> **C.** **SRSA produces broad categories of commercially sensitive information in expedited discovery; Defendants challenge SRSA's designations**

In discovery, Defendants sought broad categories of information that are commercially sensitive on their face, such as: "all Documents Concerning the existence of" each Trade Secret

4

that SRSA contends was misappropriated (RFP No. 1); "all . . . Documents Concerning the development of each alleged Trade Secret" (*id*.); "any analysis or evaluation of any alleged Trade Secret" (RFP No. 3); "all Documents supporting or refuting that the alleged Trade Secrets possess independent economic value" (RFP No. 5); "all Documents concerning whether Tsarnas and Kelly participated in the development of [each] alleged Trade Secret" (RFP No. 6); and "Documents sufficient to identify" the customers SRSA alleges that Defendants stole (RFP No. 7). SRSA necessarily designated much of its responsive production as HC-AEO.

Since SRSA completed its production, Defendants have made increasingly burdensome demands that SRSA re-review and re-designate thousands of HC-AEO documents. Specifically, on September 30, Defendants challenged SRSA's HC-AEO designation of 174 HC-AEO documents. On October 10, Defendants challenged SRSA's HC-AEO of 1,041 additional documents. Plaintiffs timely reviewed the documents subject to each of the first two challenges and agreed to re-designate certain (though by no means all) documents in good faith.

But on October 11, Defendants challenged SRSA's HC-AEO designation of an additional *2,703* documents—more than 25% of SRSA's entire production. The challenged documents include nearly 100 documents that were never designated HC-AEO in the first place, many of which were explicitly branded as "Nonconfidential—No Stamp," as well as hundreds of documents clearly containing trade secret information.[1] On October 21, the parties conducted a

---

[1] *See, e.g.*, Exhibit 1 (SRSAvPKT00075345, discussing product updates); Exhibit 2 (SRSAvPKT0005188, "SRS Import Procedures," describing in detail how to import client data into SRSA's systems); Exhibit 3 (SRSAvPKT00075237, "Nov 2017 Board Update Final," providing speaker notes for update to SRSA's Board of Directors); Exhibit 4 (SRSAvPKT00088361, "Project Seldom CIP_l.v22," slide presentation containing business and strategy information marked "CONFIDENTIAL" in the ordinary course of business). Exhibits

meet and confer by telephone to discuss Defendants' third confidentiality challenge. During this discussion, SRSA asked Defendants to identify a more narrowly-tailored set of documents for re-review during expedited discovery, or, alternatively, to stipulate to extend the time for Plaintiffs' re-review of the full list until after the close of expedited discovery. Defendants rejected both offers and opted to raise this issue with the Court.

## II.     ARGUMENT

"The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets." *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014) (*quoting In re City of New York*, 607 F.3d 923, 935 (2d Cir.2010)). Here, SRSA's HC-AEO designations are appropriate under the PO and necessary to protect the broad categories of SRSA's trade secret information requested by Defendants from further unlawful misuse for at least the following reasons.

First, SRSA's HC-AEO designations are warranted given the nature of the information sought by Defendants' broad discovery requests. Defendants have requested, and SRSA has produced, broad categories of documents including:

- Business plans and commercial strategy slide decks, including board presentations;
- Documents describing SRSA's pricing strategy and individual prices;
- Due diligence documents and other highly sensitive documents generated in connection with a third party's investment in SRSA;
- Internal risk analyses;
- Confidential customer information including customer lists, communications with customers regarding their preferences, and communications with customers containing

---

will be submitted in camera to the Court by email, pursuant to Dkt. No. 52.

the customers' confidential information (that SRSA is obligated to make best efforts to protect); and

- Technical product development information, including product specifications, internal-use manuals, product roadmaps, and numerous internal communications regarding obstacles encountered during product development and the solutions thereto.

Given the nature of this production, the volume of documents, and the short time frame for review, SRSA made reasonable, good faith efforts to appropriately designate each document.

Second, any challenge to SRSA's designations should be directed toward specific sets of documents whose designations Defendants contend are erroneous—not nearly 3,000 documents Defendants appear to have challenged en masse. Any designation that Defendants believe is inaccurate is subject to a targeted challenge under sections 6.1 and 6.2 of the PO, pursuant to which SRSA will re-review and consider specific documents for re-designation. Indeed, SRSA has already re-reviewed over 1,200 documents in response to Defendants' first two requests.

But Defendants' demand that SRSA re-review its *entire production* is unduly burdensome and harassing. Defendants' third challenge indiscriminately seeks re-review of approximately 100 documents that are *not even designated HC-AEO*, as well as documents that are identified as trade secrets by SRSA in its disclosures. Defendants apparently took less care in selecting the third set than they allege that SRSA took in designating its production to begin with. Using the PO to challenge broad swaths of SRSA's production during an especially time-sensitive period in this litigation does not satisfy the "good faith" requirement of the PO's challenge provision. (Dkt. No. 40 at § 6.1.)

Third, Defendants are not prejudiced by SRSA's use of the HC-AEO designation. Under the PO, Defendants Kelly and Tsarnas may review HC-AEO designated documents *themselves*—

7

an expansive level of access that is unusual for individual defendants in trade secrets cases.[2]  In seeking this ability under the PO, Tsarnas and Kelly argued that they "are the witnesses most, and in some respects uniquely, able to disprove each of SRSA's allegations against them[,]" and that their SRSA experience and "combined four decades of experience in the industry" makes them "uniquely positioned to compare SRSA's alleged trade secrets to the way in which PNC accomplishes similar functionality." (Dkt. No. 36 at 8-11.)  They also urged that access to HC-AEO documents was necessary in part due to their concern that SRSA would "over-designate" documents.  Defendants have thus already secured rights under the PO that, by their own argument, would remedy any alleged prejudice.

Finally, Defendants have argued in meet-and-confer discussions that SRSA improperly designated certain documents because those documents contain information that is publicly available or readily ascertainable.  This argument seeks to litigate the merits of the parties' core positions; it is inappropriate in the context of a challenge to SRSA's protective order designations and should be rejected here.

In short, forcing SRSA to undergo a broad and burdensome re-review of its entire production in the middle of expedited discovery is unwarranted and harassing.  Defendants' motion should be denied.

//

//

---

[2] "The purpose of [attorneys' eyes only] limited disclosure is to prevent a *party* from viewing the sensitive information while nevertheless allowing the party's *lawyers* to litigate on the basis of that information." *Paycom*, 758 F.3d at 1202-03.

8

1354614

                                      Respectfully submitted,

Dated: October 28, 2019                 By:   */s/Benjamin D. Rothstein*

                                      Warren A. Braunig
                                      *wbraunig@keker.com*
                                      Michelle S. Ybarra
                                      *mybarra@keker.com*
                                      Benjamin D. Rothstein
                                      *brothstein@keker.com*
                                      Maya Karwande
                                      *mkarwande@keker.com*
                                      Victor H. Yu
                                      *vyu@keker.com*
                                      KEKER, VAN NEST & PETERS LLP
                                      633 Battery Street
                                      San Francisco, CA 94111-1809
                                      Telephone:     415-391-5400
                                      Facsimile:      415-397-7188

                                      SHERIDAN ROSS P.C.
                                      Scott R. Bialecki
                                      *sbialecki@sheridanross.com*
                                      Matthew C. Miller
                                      *mmiller@sheridanross.com*
                                      1560 Broadway, Suite 1200
                                      Denver, Colorado 80202
                                      Telephone:     303 863 9700
                                      Facsimile:      303 863 0223
                                      Email:     litigation@sheridanross.com

                                      Attorneys for Plaintiffs
                                      SRS ACQUIOM INC. AND
                                      SHAREHOLDER REPRESENTATIVE
                                      SERVICES LLC

1354614