**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## DEFENDANTS' BRIEF REGARDING IMPROPER CONFIDENTIALITY DESIGNATIONS

### I. INTRODUCTION

Defendants PNC Financial Services Group, Inc. and PNC Bank N.A. (collectively "PNC") as well as Defendants Heather Kelly and Alex Tsarnas (the "Individual Defendants" and, collectively with PNC, the "Defendants") submit this brief regarding their dispute with plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") regarding SRSA's gross over-designation of their produced discovery materials as "Highly Confidential – Attorneys' Eyes Only" ("AEO").

### II. PROCEDURAL BACKGROUND

SRSA has produced 11,716 documents. Out of those documents, SRSA designated 10,997 as AEO, which comprised over 93% of their entire production. On September 30, Defendants' counsel provided notice to counsel for SRSA pursuant to Section 6.2 of the

1

Protective Order [#40] that Defendants objected to SRSA's over-designation of discovery materials as AEO and requested re-designation of 175 documents. On October 11, 2019, SRSA re-designated 125 of the 175 documents Defendants had initially challenged, leaving 50 non-AEO qualifying documents designated as AEO. On October 4, 2019, Defendants again wrote to SRSA with an additional set of 1,041 challenged documents. On October 17, 2019, SRSA downgraded another 366 documents from AEO status, but re-designated three previously downgraded documents back to AEO. Even with these re-designations, over 10,500 of SRSA's documents remain marked as AEO. On October 11, 2019, Defendants' counsel provided notice to SRSA's counsel a third time, this time providing a list of 2,826 additional documents SRSA improperly designated AEO. Because it was clear from the initial two meet and confers that the Parties fundamentally disagree on what is appropriately marked as AEO, Defendants agreed that SRSA need not respond to the third set of challenges until the Parties received guidance from the Court. Additionally, Defendants stopped reviewing the documents for confidentiality challenges.

### III.   ARGUMENT

####    A.   The Sheer Number of Documents Designated AEO Requires SRSA to Re-Designate Documents

A protective order is designed to allow the parties the opportunity for a fair and full analysis of the potential evidence, while balancing the competing need to maintain a level of confidentiality for sensitive business and technical information. As such, the Protective Order requires that "Each Party or Non-Party that designates information or items for protection under this Order shall do so **in good faith** and **shall take care to limit any such designation to specific material that qualifies under the appropriate standards**." [#40, ¶ 5.1 (emphasis added).]  SRSA has not fulfilled its obligation to apply confidentiality designations in good faith,

which should have been done **before** production. *Paradigm All., Inc. v. Celeritas Techs., LLC,* 248 F.R.D. 598, 605 (D. Kan. 2008) ("The duty of good faith in the protective order is a duty to review the documents in good faith **before** designating them as AEO." (emphasis in original)).

Courts have found SRSA's "over-designate now, comply with its obligations under the Protective Order later" approach to be improper. Generally, "[a]ttorneys' eyes provisions are appropriate **in rare cases** in which there is reason to believe that a party is likely to violate a protective order by using protected information for a purpose other than the litigation or by disclosing it to others who would misuse it." *V. 5 Logistics*, Case No. 2016CV266, 2016 Colo. Dist. LEXIS 742, at *3 (emphasis added). The sheer volume (10,500+) and relative percentage (over 90%) of documents SRSA designated AEO alone evidences that re-designation is needed. *Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 U.S. Dist. LEXIS 169321, at *9 (D. Colo. Dec. 5, 2014) (finding that "90% is an absurd number" in reference to the designation of discovery at the equivalent of AEO and ordering re-review and re-designation of entire production); *THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (finding a designation of 79% of produced documents to be "absurdly high"); *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 U.S. Dist. LEXIS 164676, at *7 (D. Utah Nov. 29, 2016) (ordering review and re-designation of entire production when 92% of documents produced were designated AEO).[1] Further, SRSA's de-designation of nearly 500 (approximately 30%) of the challenged documents evidences SRSA's lack of initial good faith.

---

[1] In contrast, Defendants have only marked 248 documents (many of which are multiple versions of the same document) as AEO, amounting to a mere 2% of their production.

*In re Ullico Inc. Litig.*, 237 F.R.D. 314, 318 (D.D.C. 2006) (sweeping corrections to confidentiality designations evidences non-compliance with protective order on a "grand scale").

In the meet and confer process, SRSA suggested that Defendants provide SRSA with specific documents that Defendants want to show their clients, rather than object to all improperly designated documents. This argument ignores the fact that it is not the Defendants' duty to police SRSA's document production; rather "the burden is on the party resisting discovery or dissemination to establish that the information sought should be subject to additional protection." *In re Michael Wilson & Ptnrs., Ltd.*, Civil Action No. 06-cv-02575-MSK-KLM (MEH), 2007 U.S. Dist. LEXIS 83995, at *7 (D. Colo. Oct. 30, 2007).[2] The Protective Order echoes this notion such that in the event of a dispute, "[t]he Designating Party shall have the burden of proof on such a motion to establish the propriety of its designation." [#40, ¶ 6.3.] Further, asking counsel to identify which documents it would like to show its clients would require divulging work product. *Wollam v. Wright Med. Grp., Inc.*, No. 10-cv-03104-DME-BNB, 2011 U.S. Dist. LEXIS 106768, at *6 (D. Colo. Sep. 20, 2011) (results of cull through documents protected under work-product privilege).

### B. The Documents SRSA Has Designated Do Not Meet the Requirements of the Protective Order or the Case Law Interpreting Similar Agreements

SRSA cannot meet its burden, and re-review and re-designation by SRSA is warranted. Specifically, the Protective Order defines AEO materials as:

> **extremely sensitive** "Confidential Information or Items" (regardless of how it is generated, stored, or maintained) or tangible things that contain or otherwise

---

[2] Nevertheless, Defendants have generated and re-reviewed a random subset of 200 "AEO" documents from SRSA. Even under the most generous interpretation of the AEO definition under the Protective Order, only 10% of the 200 documents could arguably qualify as AEO. Defendants are willing to submit the sample set to the Court should it desire an *in camera* review.

4

> reference **non-public trade secrets** or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other **highly-sensitive data**, the disclosure of which to a Party or Non-Party **could cause either a competitive disadvantage** to a Party or could create **a substantial risk of serious harm that could not be avoided by less restrictive means.** [#40, ¶ 2.7 (emphasis added).]

In contrast, SRSA's "AEO" documents instead fall under broad categories, such as:

- Copies of form letters or emails sent or mailed to shareholders for authentication or verification purposes on a particular deal, or templates of the same (See Exhibit 1). [3]

- Various agreements entered into between SRSA and deal parties regarding common escrow deal matters, such as pre-solicitation and tender administration (See Exhibit 2).

- Copies of slides and presentation notes from publicly given presentations regarding the functionality of SRSA's technology and/or demonstrations of the same (See Exhibit 3).

- Screenshots of Plaintiffs' online products (See Exhibit 4).

- Defendants' public documents (See Exhibit 5).

- Outdated business, financial, and marketing plans (See Exhibit 6)[4].

- White papers or presentations authored and publicly distributed by SRSA (See Exhibit 7) or by third parties (See Exhibit 8).

- Internal SRSA communications discussing general business matters (See Exhibit 9).

The common theme of the listed categories is that the documents are public in nature, which, by definition, cannot be "extremely sensitive". *See Shell v. Am. Family Rights Ass'n*, Civil Action No. 09-cv-00309-MSK-KMT, 2012 U.S. Dist. LEXIS 115465, at *6 (D. Colo. Aug. 16, 2012) ("Generally, a producing party should not designate **as even Confidential** 'any material that constitutes information that is publicly available at the time of disclosure.'" (emphasis

---

[3] All Exhibits have been sent via email to Chambers.

[4] *See Applied Indus. Materials Corp. v. Brantjes*, 891 F. Supp. 432, 438-39 (N.D. Ill. 1994) (net-profit figures three or more years old not protected as trade secret); *In re Agent Orange Product Liability Litigation*, 104 F.R.D. 559, 575 (E.D.N.Y. 1985) (important factor in determining whether disclosure will cause competitive harm is whether the information that the party seeks to protect is current or stale), *aff'd,* 821 F.2d 139 (2d Cir. 1987).

5

added)). Moreover, SRSA cannot provide an explanation for how Defendants could misuse a document as innocuous as a form authentication letter already sent and disclosed to shareholders.

Likewise, SRSA's internal communications cannot be broadly defined as AEO merely on the basis of them being internal communications. *Suture Express, Inc. v. Cardinal Health 200, LLC,* No. 12-2760-DDC, 2015 U.S. Dist. LEXIS 111610, at *10 (D. Kan. Aug. 24, 2015) ("The fact that the e-mails were sent among [the designating party's] employees and management team members, does not make them protected without a showing that they contain information covered by the protective order."). In this instance, rather than containing proprietary information (most contain general, outdated business information), many of the internal SRSA communications directly relate to issues in this case¸ which do not meet the definition of AEO.

### C. SRSA's Gross Over-Designation Prejudices Defendants

While there is no requirement of prejudice in order for this Court to order a re-designation (to the contrary, the burden is on SRSA to prove proper designation), Defendants will suffer harm if SRSA is not ordered to re-designate their AEO documents. First, one of the main issues in this case is whether certain documents and information are widely known in the industry. PNC acquired Fortis Advisors, whose principals are subject matter experts in the M&A industry.  One of those principals will be deposed and others will likely testify at the preliminary injunction hearing. PNC, however, is unable to show those principals 93% of SRSA's produced documents in order to get these M&A experts' input regarding the allegations made against them, nor can counsel properly advise them on legal strategies and possible risk. *Paradigm,* 248 F.R.D. at 605 n.20 ("The AEO designation hinders outside counsel's ability to communicate with the client and imposes additional administrative burdens on the management of documents.").

In response, SRSA argues that PNC should rely on inside counsel and the Individual Defendants. This displays a fundamental misunderstanding of PNC's business. PNC is the ninth largest bank in the country, has 2,459 branches, and many different divisions. As a result, inside counsel are not subject matter experts on every facet of the business. The Individual Defendants, while knowledgeable about the M&A industry, are not in management and are not in a position to be directing PNC's legal strategy. Moreover, PNC is also unable to prepare the Individual Defendants for their depositions. For instance, SRSA questioned Alex Tsarnas about specific AEO documents (SRSAvPKT00089446 and SRSAvPKT00089458) during his deposition. This questioning occurred in spite of the fact that Defendants' counsel were prohibited from showing Mr. Tsarnas these documents during his preparation based on the restrictions of the Protective Order.[5][6]

SRSA chose to bring the present litigation, and cannot now hide behind procedural shenanigans in an attempt to hamstring Defendants from defending against their allegations. Accordingly, Defendants respectfully request the Court:

1. Order SRSA to re-review its own documents and justify in writing each document it still chooses to designate as AEO; and

2. Order SRSA to provide replacement copies of all documents after the review is completed with current confidentiality designations.

---

[5] Though paragraph 7.3(k) of the Protective Order allows for the Individual Defendants review of AEO documents in certain instances, these documents did not meet the necessary qualifications.

[6] Over-designation is going to come to a head at the preliminary injunction hearing, where ostensibly SRSA is going to take the position that PNC principals cannot attend the hearing, which runs counter to the principle of public access to the courts. *See M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) ("secret court proceedings are anathema to a free society").

Dated:  October 28, 2019        By:   */s/ Sarah B. Wallace*_____
                                        Andrew J. Petrie
                                        Sarah B. Wallace
                                        **BALLARD SPAHR LLP**
                                        1225 Seventeenth Street, Suite 2300
                                        Denver, Colorado 80202-5596
                                        Telephone: 303-292-2400
                                        Facsimile: 303-296-3956
                                        petriea@ballardspahr.com
                                        wallaces@ballardspahr.com

                                        Hara K. Jacobs
                                        Noah S. Robbins
                                        **BALLARD SPAHR LLP**
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA 19103-7599
                                        Telephone: 215-668-8500
                                        Facsimile: 215-864-8999
                                        jacobsh@ballardspahr.com
                                        robbinsn@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2019, a true and correct copy of the foregoing **DEFENDANTS' BRIEF REGARDING IMPROPER CONFIDENTIALITY DESIGNATIONS** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Maya Karwande
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company*

　　　　　　　　　　　　　　　　　　　　　*/s/ Brian S.S. Auerbach*
　　　　　　　　　　　　　　　　　　　　　Brian S.S. Auerbach