IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND REQUEST FOR EXPEDITED RULING

Based on newly discovered evidence and pursuant to Federal Rule of Civil Procedure 15(a)'s liberal amendment standard, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") hereby move for leave to file a Second Amended Complaint on an expedited basis ("Motion"). The parties have engaged in extensive expedited discovery leading up to SRSA's impending deadline to file its Motion for Preliminary Injunction. Through this discovery, SRSA has learned previously unknowable facts related to efforts of Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (together, "PNC"), Heather Kelly ("Kelly"), and Alex Tsarnas ("Tsarnas") (collectively, "Defendants") to solicit SRSA's employees and customers. Based on this recently discovered information, SRSA requests leave to file a Second Amended Complaint ("SAC"), which is attached hereto in both

1355500

redlined and clean formats as required by D.C.COLO.LCivR 15.1(b).  (*See* Exhibits 1 and 2, respectively.)

The new allegations not only support SRSA's current claims, but also support additional causes of action.  SRSA intends to use these new facts and causes of action as support for its Motion for Preliminary Injunction, which is due on November 25, 2019. SRSA therefore requests this Motion be heard on an expedited basis prior to November 25.  Given that these facts were only recently discovered and the strong policy in favor of freely granting leave to amend under Rule 15(a), SRSA's Motion should be granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

SRSA filed a Complaint on July 11, 2019 (ECF No. 1), and a Verified First Amended Complaint ("FAC") the next day on July 12, 2019 (ECF No. 12).  The original complaint was never served and the FAC only corrected non-substantive clerical errors.  The FAC has been the only operative complaint in this matter to date.

SRSA's FAC alleges that Defendants Kelly and Tsarnas—former-employees of SRSA— misappropriated trade secret information related to SRSA's suite of online mergers and acquisition products and brought them to Defendant PNC Bank to design and build a competing system. (FAC ¶¶ 61-75, 86-87.)  The FAC also alleges Defendants misappropriated and improperly used confidential customer lists and information, pricing information, product roadmaps, and business strategies.  (FAC, ¶¶ 61-75, 88-89.)  The FAC further alleges Defendants Tsarnas and Kelly breached their contractual confidentiality obligations to SRSA, and that Defendant Tsarnas improperly solicited Defendant Kelly from SRSA to PNC in violation of his contractual non-solicitation obligations.  These factual allegations form the basis for SRSA's

2

seven causes of action in the FAC, including claims for violation of the Colorado Uniform Trade Secrets Act and the federal Defend Trade Secrets Act, breach of contract, violation of the Computer Fraud and Abuse Act, and various common law torts.

SRSA's factual allegations were limited to the sources it had at the time of filing this action, namely forensic analyses of Defendant Kelly's SRSA-issued devices (which revealed that Kelly had kept an SRSA-issued laptop after her resignation and had downloaded and emailed herself SRSA Confidential and Trade Secret files) (e.g. FAC, ¶¶ 61-68); text messages between Defendants Tsarnas and Kelly and SRSA employees regarding Defendants' work at PNC (e.g. FAC, ¶ 72);  correspondence between Tsarnas and Kelly predating Kelly's departure from SRSA regarding their plans to leave and develop a competing product (FAC, ¶¶ 52-60); PNC's public marketing materials, which show substantial similarities between SRSA's products and services and those that PNC purports to provide, and which palm off SRSA-created documents as screen shots of PNC's product (FAC, ¶ 75); and the unrealistically rapid development of PNC's competing products following PNC's hiring of Kelly and Tsarnas (e.g. FAC, ¶¶ 70-71).

On July 26, 2019, the Court entered the Scheduling and Expedited Discovery Order, setting the scope and timing of expedited discovery and a briefing schedule for SRSA's Motion for Preliminary Injunction. (ECF No. 26, amended by ECF Nos. 46 and 60.)  Thereafter, the parties engaged in extensive expedited discovery, including document production and depositions.  SRSA deposed, among others, Defendants Kelly and Tsarnas (on October 23 and October 17, respectively), and another former SRSA employee who left for PNC, Luda Semenova (on November 5).  These depositions, along with the production of the Defendants' internal documents and emails, have revealed that Kelly and PNC engaged in a coordinated

effort to identify and solicit SRSA customers using SRSA's confidential customer lists and information. Just before leaving SRSA, Kelly created a detailed list of contacts that included SRSA clients and attorneys she had worked with during her time at SRSA. (SAC, ¶ 114.) Kelly used this list over the course of the following several months to contact some of SRSA's most coveted customers, soliciting them to bring their business to PNC in violation of her non-solicit obligations. (SAC, ¶¶ 114-120.) After Kelly's non-solicit obligations expired, she and PNC used Semenova (who is still under non-solicit obligations) to contact additional SRSA customers. (*Id.*) These ongoing efforts, known by PNC to be in violation of Kelly's and Semenova's obligations to SRSA, have caused SRSA to lose customers to PNC and continue to pose a threat to SRSA's business. (*Id.*) These newly discovered facts show that Kelly breached her non-solicitation obligation to SRSA, that she and PNC intentionally interfered with SRSA's contract with Semenova, and that she and PNC interfered with SRSA's prospective economic advantage. (SAC, ¶¶ 105, 114-121.)

SRSA's recent discovery has also revealed that Tsarnas and Kelly improperly solicited three SRSA employees, including Semenova, during the period of Tsarnas's and Kelly's non-solicitation obligation, and with PNC's knowledge and assistance. (SAC, ¶¶ 106-113.) Defendant Kelly also facilitated Semenova's indirect and successful efforts to solicit SRSA employee Lisa Kremers to join PNC, in violation of Semenova's non-solicit obligations, and again with PNC's knowledge and support. (*Id.*) These actions constitute additional breaches of Tsarnas's and Kelly's contracts with SRSA, and additional acts of intentional interference with Semenova's contractual obligations.

These newly-discovered facts support additional claims against Defendants and expand the factual support for SRSA's existing claims. SRSA requests leave to file an amended complaint that relies upon them.

## II.     LEGAL STANDARD

Because no scheduling order has been entered in this case, SRSA's motion for leave to amend is governed by the "lenient standard" in Federal Rule of Civil Procedure 15(a). *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a).") (internal quotation omitted); *Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (the movant need not demonstrate good cause under Rule 16(b) when no scheduling order controls). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, Rule 15(a)'s "purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotes omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to allow an amendment is within the discretion of the trial court. *Id.*

The Court may refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (finding no abuse of discretion by trial court in denying leave to

5

1355500

amend when party knew of basis for amendment long before deadline to amend but failed to seek leave until well after).  Defendants, as the non-moving parties, bear the burden of showing that the proposed amendments are sought in bad faith, are futile, or they would cause substantial prejudice, undue delay or injustice.  *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc*., 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citation omitted).  Defendants can make no such showing here.

### III. ARGUMENT

#### A. Justice Requires SRSA be Granted Leave to File a Second Amended Complaint.

Based on the newly-discovered evidence revealed during expedited discovery, SRSA seeks leave to amend its complaint to add allegations and causes of action.  SRSA's proposed amendments in its requested Second Amended Complaint are summarized as follows:

- Add Defendant Kelly to SRSA's Fourth Cause of Action for Breach of Contract - Non-Solicitation Obligation Under EIAC Agreement based on newly-discovered evidence that Kelly breached her non-solicitation obligations by attempting to recruit SRSA employees to PNC;

- Add factual allegations to support SRSA's Fourth Cause of Action for Breach of Contract - Non-Solicitation Obligation Under EIAC Agreement based on newly discovered evidence of Tsarnas's efforts to solicit SRSA employees;

- Add factual allegations regarding Kelly's and Tsarnas's intentional spoliation of evidence;

- Add factual allegations to support SRSA's Fifth Cause of Action for Intentional Interference with Contractual Relations, including newly-discovered facts that PNC knew or should have known of Defendants Tsarnas's and Kelly's

contractual duties (as well as Semenova's) to refrain from soliciting SRSA's employees, but worked with them nonetheless to solicit employees away from SRSA;

- Add an Eighth Cause of Action for Intentional Interference with Prospective Economic Business Advantage against Defendants PNC and Kelly based on facts that those parties improperly solicited and won business away from SRSA;

- Add a Ninth Cause of Action against Defendant Kelly for Breach of the Duty of Loyalty based on facts she competed against SRSA while still employed there by assisting Tsarnas in the development of a presentation detailing "how to" build a product to compete with SRSA.

SRSA has only recently learned of the facts giving rise to this Motion through its expedited discovery efforts, including, but not limited to, Defendants' recent Court-ordered document production on November 8, 2019 of their communications with SRSA's customers and Tsarnas's, Kelly's and Semenova's depositions taken on October 17, 2019, October 23, 2019, and November 5, 2019, respectively.  SRSA has acted diligently in response to learning this new information and filed this Motion one week after Ms. Semenova's deposition and just a few days after Defendants' document production.  In these circumstances, leave to should be "freely granted" under Rule 15(a) (and there would even be "good cause" to amend under the Rule 16(b) standard).  *See e.g. Pumpco,* 204 F.R.D. at 668-69 ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim" constitutes good cause for leave to amend under Rule 16(b)).

Moreover, there is no reason to deny SRSA leave to amend. *See Foman*, 371 U.S. at 178 (leave to amend should be granted "in the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). SRSA has acted diligently in pursuing its amendment and bringing these newly-discovered factual allegations to the Court's attention. SRSA's amendments are not brought in bad faith and there is no undue prejudice to Defendants. No new defendants are included in the proposed Second Amended Complaint, and the facts underlying the new allegations and causes of action have already been subject to extensive discovery by both parties during the expedited discovery period (since they arise out of the same subject matter addressed in the Verified First Amended Complaint). Additionally, this matter is relatively early in the overall discovery process of the case, and there remains abundant time for Defendants to develop their defenses (to the extent they have not done so already during the expedited discovery period). Finally, SRSA's requested amendments would not be futile, as SRSA has pleaded its proposed new allegations and causes of action with great specificity and has more than adequately alleged the elements of its two new requested causes of action. As such, SRSA's Motion should be granted.

**B.     Given the upcoming Preliminary Injunction Deadline, SRSA's Motion Should be Heard on an Expedited Basis.**

SRSA is currently being harmed by Defendants' ongoing unlawful conduct and intends to seek injunctive relief based on recently-discovered evidence of the same. In the interest of justice, SRSA should be allowed to raise these new allegations as part of its Preliminary Injunction Motion, which is due on November 25th. A traditional briefing schedule will not

provide an opportunity for SRSA to include these new allegations as part of the upcoming preliminary injunction proceedings. Accordingly, SRSA requests that the Court set an expedited briefing schedule that will enable the motion to be heard prior to November 25, 2019.

Permitting the requested amendments prior to the preliminary injunction motion deadline will not prejudice to Defendants. SRSA appended to its previous complaint two out of the three contracts forming the basis for SRSA's proposed new allegations and causes of action—Tsarnas's and Kelly's Employee Invention Assignment and Confidentiality Agreements with SRSA. Semenova's agreement with SRSA, which Defendants have had in their possession since Semenova was hired by PNC in March 2019, contains identical language. Additionally, Defendants have been on notice since Tsarnas and Kelly joined PNC that their efforts to recruit SRSA employees and solicit SRSA's customers were relevant. Defendants have likewise been aware during the expedited discovery period that Defendants' efforts to solicit recruit SRSA employees and solicit SRSA's customers were relevant to SRSA's forthcoming motion for a preliminary injunction and have proceeded accordingly. Defendants therefore cannot claim to be prejudiced by SRSA's proposed amendments before the preliminary injunction motion deadline.

## IV.     CONCLUSION

For the reasons set forth above, SRSA requests this Court hear this Motion on an expedited basis, grant SRSA's Motion, and accept as filed the proposed Second Amended Complaint and incorporated exhibits attached hereto as Exhibit 2.

## V.     D.C.COLO.LCIVR 7.1(A) CERTIFICATE OF CONFERRAL

Counsel for SRSA sent Defendants' counsel a copy of the proposed Second Amended Complaint on November 11, 2019 and requested a telephonic meet and confer. Before filing on

November 13th, counsel for SRSA called Defendants' counsel to confer regarding the relief requested in this Motion. Defendants' counsel stated that he had not yet had an opportunity to confer with Defendants and that therefore the Motion should be filed as contested.

Respectfully submitted,

Dated:  November 13, 2019

By: *s/ Michelle S. Ybarra*
Warren A. Braunig
  *wbraunig@keker.com*
Michelle S. Ybarra
  *mybarra@keker.com*
Benjamin D. Rothstein
  *brothstein@keker.com*
Maya Karwande
  *mkarwande@keker.com*
Victor H. Yu
  *vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile:  415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
  *sbialecki@sheridanross.com*
Matthew C. Miller
  *mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700
Facsimile:  303-863-0223
Email:     *litigation@sheridanross.com*

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

1355500