IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware Corporation, and,
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, AN INDIVIDUAL, and,
ALEX TSARNAS, an individual,

      Defendants.

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#61]

---

This Order addresses Plaintiffs', SRS Acquiom Inc. and Shareholder Representative Services LLC's (collectively, "SRSA"), Motion for Leave to File a Second Amended Complaint and Request for Expedited Ruling [#61] ("Motion") filed on November 13 ,2019.[1] District Judge Daniel D. Domenico referred the Motion to this Court on November 14, 2019. [#62.] The Court reviewed the Motion, applicable case law, and the entire docket. Oral argument will not materially assist the Court's decision. For the following reasons, the Court GRANTS the Motion.

---

[1] The Court uses "[#__ ]" to refer to specific docket entries in CM/ECF.

1

## A. DISCUSSION

This matter arises out of Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A.'s (collectively, "PNC") hiring of two former SRSA employees, Defendants Heather Kelly ("Kelly") and Alex Tsarnas ("Tsarnas"). According to SRSA, Defendants misappropriated confidential information about SRSA's online clearinghouse product. This information concerned the product's proprietary technology, pricing information, future product strategies and product roadmaps, and confidential customer lists. Defendants used this information to develop PNC's own clearninghouse product, PNC Paid, and directly compete with SRSA. As a result of these actions, SRSA brings misappropriation of trade secrets and intentional interference with contractual relations claims against all Defendants, breach of contract and computer fraud claims against Kelly and Tsarnas, and an unfair competition claim against PNC. [#12 at ¶¶107-164.]

Now, SRSA seeks leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a). [*See* #61.] Rule 15(a) states that "a party may amend its pleading only with the opposing party' s written consent or the court' s leave." Fed. R. Civ. P. 15(a)(2).The Rule instructs courts to "freely give leave [to amend] when justice so requires." *Id.* Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) (noting that undue prejudice to the nonmoving party as the most important factor). As a general rule, the Court retains the discretion to permit such amendments. *Minter*, 451 F.3d at 1204.

The parties are currently in the midst of expedited discovery in anticipation of

SRSA's forthcoming motion for preliminary injunction. Through this process, SRSA learned of new information that supports additional claims from facts that were previously unknown to it. SRSA wants to amend its complaint to assert additional claims against all Defendants and "expand the factual support for SRSA's existing claims." [#61 at p.5.] SRSA summarizes its amendments as follows:

- Add Defendant Kelly to SRSA's Fourth Cause of Action for Breach of Contract - Non-Solicitation Obligation Under EIAC Agreement based on newly-discovered evidence that Kelly breached her non-solicitation obligations by attempting to recruit SRSA employees to PNC;
- Add factual allegations to support SRSA's Fourth Cause of Action for Breach of Contract - Non-Solicitation Obligation Under EIAC Agreement based on newly discovered evidence of Tsarnas's efforts to solicit SRSA employees;
- Add factual allegations regarding Kelly's and Tsarnas's intentional spoliation of evidence;
- Add factual allegations to support SRSA's Fifth Cause of Action for Intentional Interference with Contractual Relations, including newly-discovered facts that PNC knew or should have known of Defendants Tsarnas's and Kelly's contractual duties (as well as Semenova's) to refrain from soliciting SRSA's employees, but worked with them nonetheless to solicit employees away from SRSA;
- Add an Eighth Cause of Action for Intentional Interference with Prospective Economic Business Advantage against Defendants PNC and Kelly based on facts that those parties improperly solicited and won business away from SRSA;
- Add a Ninth Cause of Action against Defendant Kelly for Breach of the Duty of Loyalty based on facts she competed against SRSA while still employed there by assisting Tsarnas in the development of a presentation detailing "how to" build a product to compete with SRSA.

[#61 at pp. 6-7.]

The Court does not believe this amendment was unduly delayed because SRSA discovered the facts giving rise to amendments through the ongoing expedited discovery process (between October 17 – November 8, 2019) and filed the Motion expeditiously. [*See id.* at p. 7.] Further, the Court's concerns about the potential for undue prejudice are

allayed because the proposed amendments do not assert claims against new defendants, and the new claims arise out of information produced by and originally in the control or knowledge of Defendants. Finally, the Court's finds no reason to believe that these amendments are futile or brought in bad faith.[2]

### B. CONCLUSION

Having reviewed the *Foman* factors, the Court finds no justification to deny SRSA leave to amend. Therefore, leave shall be freely granted. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, IT IS ORDERED that the Court GRANTS Plaintiffs' Motion for Leave to File a Second Amended Complaint and Request for Expedited Ruling [#61]. IT IS FURTHER ORDERED that Plaintiffs shall docket a clean copy of their Second Amended Complaint [#61-2] by no later than Friday, November 22, 2019.

DATED: November 22, 2019.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

---

[2] Defendants deadline to file response to the Motion is December 4, 2019. Although no response has been filed as of the date of this Order, the Court may issue a "ruling on a motion at any time after it is filed[,]" and need not wait for a motion to be fully briefed. *See* D.C.COLO.LCivR 7.1(d). While the Court does not make it a habit to consider motions before giving the opposing party an opportunity to be heard, the circumstances surrounding the relief requested necessitate a swift ruling. Therefore, the Court finds it necessary to issue an order on the Motion to avoid future delays in this litigation surrounding the forthcoming motion for preliminary injunction. *See* Fed. R. Civ. P. 1.