IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and,
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

  Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and,
ALEX TSARNAS, an individual,

  Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF. #67]**

---

  This Order addresses Defendants', PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas (collectively, with PNC, "Defendants"), Motion Requesting the Court Reconsider its Order on Plaintiffs' Motion for Leave to File Second Amended Complaint and Consider Defendants' Opposition [#67] (the "Motion").[1] The Court has reviewed the Motion and its Order Granting Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF. #65] (the "Order"). Plaintiffs have not filed a

---

[1] The Court uses "[# __ ]" to refer to documents in CM/ECF.

response.[2] Oral argument will not assist the Court in this matter. For the following reasons, the Court DENIES the Motion.

### A.     DISCUSSION

Defendants request that the Court reconsider its Order on Plaintiffs' Motion for Leave to File a Second Amended Complaint [#61] ("Motion to Amend") and take into consideration their Opposition to Plaintiff's Motion [#67-1]. "The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Spring Creek Expl. & Prod. Co., LLC v. Hess Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). Instead, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.* Judges in this district generally "have imposed limits on their broad discretion to revisit interlocutory orders." *Id.* Accordingly, courts generally "consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, Defendants do not assert that the Court has misapprehended the facts or the controlling law. [*See generally* #67.] Instead, Defendants argue for reconsideration on the basis that "the Court did not consider Defendants' arguments against" the Motion.

---

[2] A Court need not wait until a motion is fully briefed and may rule on a motion "at any time after it is filed." *See* D.C.COLO.LCivR 7.1(d).

2

[#67 at p.2.] The Court construes this as Defendants' assertion that it has misapprehended their position. While the Court did not consider direct argument from Defendants, it was aware of Defendants' contested the Motion to Amend. [*See* #61 at pp. 9-10 (noting that Defendants contested the Motion to Amend).] Indeed, the Court took Defendants' opposition into account when it considered the factors that justify denying leave to amend a complaint. [*See* #65 at pp. 3-4 (considering the factors set forth in the United States Supreme Court's opinion in *Foman v. Davis*, 371 U.S. 178 (1962)).] Even still, the Court decided to exercise its discretion and grant the Motion to Amend. [*Id.* at pp. 2-4 (noting that Court's must exercise its discretion and freely give leave to amend when justice requires).] Therefore, the Court did not misapprehend Defendants' position on the Motion to Amend. Because the Court has not "misapprehended the facts, a party's position, or the controlling law[,]" reconsideration is not appropriate. *See Servants of the Paraclete*, 204 F.3d at 1012.

## B. CONCLUSION

For the foregoing reasons, the Court will not exercise its discretion to reconsider the Order. *Phelps*, 122 F.3d at 1324. Accordingly, IT IS ORDERED THAT the Motion [#67] is DENIED.

DATED: November 25, 2019.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

3