**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC's ("Plaintiffs'") Motion for Preliminary Injunction came on for hearing before this Court on _____, 2020. After review of the papers on file and the arguments of counsel, and good cause appearing, the Court GRANTS the Motion for Preliminary Injunction. Defendants PNC Financial Services Group, Inc., PNC Bank, N.A. (together, "PNC") Heather Kelly, and Alex Tsarnas (collectively, "Defendants") are ordered as follows:

1. Defendants and their agents, servants, employees, officers, attorneys, and those in active concert or participation with them are preliminarily enjoined from using, communicating, disclosing, reviewing, accessing (directly or indirectly), or in any way sharing with any person or business SRSA's trade secret and confidential information[1] including, but not limited to, any of the following:

   a) SRSA's customer lists and sources of referrals;

   b) SRSA's confidential customer information, including business preferences, key contacts, prior deal terms, and sources of referral;

   c) SRSA's Payments Spreadsheet;

   d) SRSA's product-development strategies;

   e) SRSA's pricing strategies; and

   f) SRSA's operational processes, including information in SRSA's "Payment Product Specifications vol.2.docx" and "Imports process and procedures.docx" documents.

---

[1] For the purposes of this Order, Plaintiffs' confidential information includes data and information relating to Plaintiffs' business that was disclosed to any employee or former employee as a consequence of that person's employment and which is not disclosed to the public at large.

Defendants are further ordered to delete their ability to access any electronic information containing any of the information described in categories (a) – (f).

2. Defendants and their agents, servants, employees, officers, attorneys, and those in active concert or participation with them are ordered to cease, through the conclusion of the trial in this matter, solicitation and sales of both (a) PNC PAID, and (b) any other online payment-and-escrow products and services, to SRSA's customers whose information appears on customer lists misappropriated from SRSA by Defendant Kelly, including all versions of "HK Contacts.xlsx" created, edited, or modified on or about March 7-8, 2018, other than entities expressly and specifically exempted from Defendant Kelly's' non-solicitation obligation under the terms of her employment agreement with SRSA.

3. Defendants are ordered to return to SRSA all copies of the document entitled "SRSA Payments Spreadsheet 1.25.18.xlsx" (the "SRSA Payments Spreadsheet") in their possession or in the possession of their agents, servants, employees, officers, attorneys, and those in active concert or participation with them. Defendants are further ordered to immediately cease using the SRSA Payments Spreadsheet and all versions of a payment spreadsheet that are based upon, derived from, substantially similar to, or otherwise iterated upon the SRSA Payments Spreadsheet, including but not limited to all versions of the document entitled "Closing Payment Spreadsheet 2019.xlsm" that reflects "SRS Acquiom" in the "Company" metadata field, "David Schanzer" in the "Author" metadata field, and/or "May 10, 2016" in the "date created" metadata field. Defendants are further ordered to delete their ability to access any electronic information containing any of the documents identified in this paragraph.

4. Defendants are ordered to return to SRSA the following information and shall delete their ability to access any electronic information containing:

a) all other copies of non-public, confidential, proprietary, and/or trade secret information and property belonging to or originating with SRSA that are not identified in paragraph (1), in any electronic or paper files, documents, notes, records, reports and other papers in Defendants' possession, custody, or control, including all iterations, versions, and derivatives in possession of Defendants or their agents, servants, employees, officers, attorneys, and those in active concert or participation with them.

b) all hardware, phones or electronic devices that were provided by SRSA to Kelly and Tsarnas, including but not limited to the computer provided to Kelly by SRSA, with serial number C02MP2B5FLCG.

5. Defendants are ordered to immediately cease and are preliminarily enjoined through the conclusion of the trial in this matter, from marketing, selling, and/or providing:

a) The "Buyer Portal" or "Deal Dashboard" feature of PNC PAID;

b) PNC's "Compensation Payments" product; and

c) PNC's "Pre-Closing Solicitation" product.

6. Because of their prior disclosure and use of SRSA trade secrets and confidential information, and in order to avoid any future anticipated disclosure and use of SRSA trade secrets and confidential information, Kelly and Tsarnas shall be prohibited from taking any further action with respect to the marketing, development, sale, use, or support of PNC's online payments-and-escrow products that compete with SRSA's online payments-and-escrow products through the pendency of the trial in this matter.

7. Defendants and their agents, servants, employees, officers, attorneys, and those in active concert or participation with them are ordered to continue to preserve evidence relevant to this dispute, including, but not limited to, relevant electronic communications such as emails and text messages.

8. Defendants shall certify to the Court, in writing and under oath on or before \_\_\_\_, 2020, the steps taken to comply with this Order.

9. SRSA shall not be required to post a bond.

**IT IS SO ORDERED.**


Dated: _____ By: _____
United States District Judge