**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

## DEFENDANTS' MOTION TO EXTEND DEADLINE TO FILE RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

On November 25, SRSA filed its preliminary injunction motion in this case. Continuing its pattern of abusing the agreed upon and Court-approved process for designating as attorneys' eyes only ("AEO") certain discovery materials, SRSA designated **its entire preliminary injunction motion** as an AEO document. SRSA did so despite the fact that the motion largely parrots the allegations that SRSA publicly filed in its Complaint [ECF No. 1] and Second Amended Complaint [ECF No. 66]. SRSA's improper conduct substantially impairs PNC's and the individual defendants' ability to defend themselves because they cannot share AEO designated materials with the PNC business team that SRSA alleges misappropriated its trade secrets and whose business SRSA seeks through its motion to shut down in its entirety.

Defendants challenged that overly-broad and improper designation under both the provisions of Section 5.1 of the Stipulated Protective Order this Court entered [ECF No. 40] requiring that SRSA make these designations in good faith and carefully tailor them to provide the protection only where necessary, and Section 6.2 of that Stipulated Protective Order and its associated challenge procedures.  On receiving that challenge, SRSA retreated and provided a redacted version with only minimal redactions. [Ex. A – Redacted version of Motion currently filed with Court as AEO – **with approximately 18 lines redacted out of SRSA's 29-page brief**].[1]

Because they have been unable to review any meaningful part of the SRSA Motion for Preliminary Injunction [ECF No. 88] until Wednesday of this week, the PNC and individual defendants respectfully move the court to extend the deadline for their response to that motion for ten days – from December 13 to December 23, 2019.

1. Plaintiffs filed this lawsuit on July 12, 2019.  [ECF No. 1].

2. On July 25, 2019, the Parties agreed to and the Court ordered on July 26 an expedited discovery order with document production to conclude on September 11, depositions to be completed on October 11, and SRSA filing a preliminary injunction motion on October 18. [ECF No. 24].

3. On August 29, counsel for SRSA advised undersigned counsel that SRSA would not meet the document production deadline and requested a two-week extension

---

[1] Defendants object to the 18 lines of redactions – none of which contain AEO information – and many of which cite to and quote from documents that have not been marked as AEO.

on the document production as well as pushing back all related dates. [Ex. B, 8/30/19 email from S. Wallace to W. Braunig confirming proposed extensions].

4. At SRSA's request, the parties filed a motion to amend the scheduling order on September 4, 2019. Under the amended scheduling order, all documents needed to be produced by September 25, 2019, all depositions were to be completed by October 30, 2019, and SRSA was to file its preliminary injunction motion by November 5. [ECF No. 38].

5. On the evening of October 14, 2019, after undersigned counsel had traveled to San Diego for depositions, SRSA advised Defendants that they needed to reschedule a number of depositions due to the illness of a family member of one of Plaintiffs' counsel. The following depositions needed to be rescheduled: (1) Luda Semenova; (2) PNC's Rule 30(b)(6) deposition; and (3) Paul Koenig. [Ex. C. 10/14/19 W. Braunig email to S. Wallace].

6. Plaintiffs also asked for "a couple of weeks" to complete depositions and to push out the briefing schedule. [Ex. C].

7. Defendants agreed, but, because SRSA was proposing to file their PI Motion immediately before Thanksgiving, when counsel for Defendants had a three-day preliminary injunction hearing in New Hampshire as well as other professional and personal obligations, Defendants advised SRSA that Thanksgiving week was a dead week and not one that could "count" against Defendants' response time. [Ex. D. 10/25/19 email from S. Wallace to W. Braunig].

3

8. At SRSA's request, on October 29, the parties filed a motion asking the Court to amend the scheduling order so that depositions would end November 15 and Plaintiffs PI Motion would be due November 25. [ECF No. 57].

9. SRSA filed its preliminary injunction motion with approximately 5,000 pages of declarations and exhibits starting late in the evening on Monday, November 25, and continuing for hours into the early morning of Tuesday, November 26. ECF Nos. 70-99. Defendants' counsel then undertook to download and review these voluminous materials to determine SRSA's positions and what, if anything, they could properly share with their clients and the PNC representatives working on the defense of SRSA's claims. This was, of course, on the eve of the Thanksgiving holiday weekend.

10. Defendants completed their review of these materials and discussed them among counsel over the long holiday weekend. On Monday, December 2, Defendants pointed out to SRSA that its designation of the entire PI Motion was overly broad, not made in good faith and improper, and asked when SRSA's counsel would be available for a meet and confer conversation to discuss de-designating the motion, suggesting that the parties add this topic to a Tuesday afternoon meet-and-confer they had previously scheduled. (Defendants' request applied only to the motion; SRSA's designations of the declarations and attached documents and deposition testimony are an entirely separate matter.)

11. Following that meet-and-confer, SRSA provided a redacted version of the motion at 10:49 p.m. (MST) on Tuesday, December 3. Defendants asked SRSA for its

4

position on this proposed extension on December 4 (together with their challenges to the remaining redactions).

### SRSA's False and Erroneous Reasons for Opposing SRSA's Request

In attempting to justify why it would not agree to this reasonable and necessary extension when PNC approached it to meet and confer about its request for an additional ten days, SRSA has advanced reasons that are, simply put, either demonstrably false or erroneous, or both.

12. SRSA's first reason for opposing this request is a contention that a ten-day extension prejudices SRSA. As the history of this case demonstrates, there is no prejudice to plaintiff. SRSA has sought multiple extensions of the deadlines it requested because it could not meet its own deadlines. The current schedule exists because SRSA could not timely produce its documents or timely complete depositions in this case.

13. Defendants agreed to every request SRSA made for extensions, including the briefing schedule for the preliminary injunction motion [*i.e.*, ECF Nos. 38, 57]. Having repeatedly extended the schedule in this case to suit SRSA's needs – where the Court has not yet scheduled preliminary injunction hearing – SRSA's claim of prejudice from a ten-day extension is unfounded.

14. SRSA's second reason for opposing this request argues about the timing of the availability of Defendants' Rule 30(b)(6) designee on the topic of the PNC Paid technology and the timing of SRSA's Rule 30(b)(6) designee's deposition on topic 8. Those complaints are simply false. Defendants rescheduled the deposition of their

5

Rule 30(b)(6) designee at the express request of SRSA's counsel because of the death of one of the attorney's parents (where, as it turned out, that attorney did not take the deposition). The Keker firm asked to cancel that deposition and Defendants accommodated that request to delay it. With respect to the deposition of SRSA's designee on topic 8, SRSA refused to produce a designee for months causing Defendants to waste substantial time in countless emails to finally schedule that deposition. Defendants ultimately took the deposition on November 21 because SRSA refused to produce a witness any earlier and would only produce that witness after the deposition cutoff date.

15. SRSA's third reason asserts that it properly designated its entire motion as AEO. As Defendants noted above, there is nothing in that document that would merit that designation. SRSA's ultimate and minuscule redactions confirm that almost no part of that motion was properly designated AEO.

16. The inability of Defendants[2] and their witnesses, and PNC's senior business team,[3] to review the document containing the ultimate arguments for SRSA's

---

[2] While SRSA argues that the individual defendants could have reviewed the AEO document under the existing provisions of the Stipulated Protective Order, SRSA's designation of the motion as AEO is not one of the permitted areas under Section 7.3(k) of that Order which they would have been allowed to review. [ECF No. 40 § 7.3(k)].

The motion is not (1) something these individuals authored or received, (2) something for which they were the author, sender, recipient, or custodian, (3) something the individuals possessed or accessed as established by reference to the results of forensic analysis of their individual devices, or (4) a document as to which SRSA has expressly alleged that the individual possessed or accessed the specific document containing the information.

[3] SRSA's argument that it is enough that PNC's in-house counsel and the individual defendants can review AEO materials displays a fundamental misunderstanding of PNC's business. PNC is the ninth largest bank in the country, has 2,459 branches, and many different divisions. As a result, inside counsel are not subject matter experts on every facet of the

request for injunctive relief is per se prejudicial.  SRSA's misconduct in labeling the entire brief AEO is consistent with its misconduct in labeling nearly everything in this case AEO, which has and continues to substantially impede defense counsel's ability to communicate with our business team about the case.  [*See generally* ECF No. 56].

17.     SRSA's fourth and last reason for opposing this request is an argument that this one-week extension would squeeze SRSA and its counsel over the holidays. Consistent with the fact that Defendants have accommodated every SRSA request for an extension as a professional courtesy, Defendants told SRSA that they in no way seek to prevent any party or counsel from enjoying the holidays with their families and asked SRSA to tell how much time it would like for its reply.  Again, where the Court has not yet scheduled a preliminary injunction hearing, accommodating the year-end holidays does not impose any material burden on the parties.

18.     In this instance, where SRSA's improper designations have directly impacted the defense's ability to prepare a response, an extension is not a simply courtesy – it is required to remediate wrongful conduct.

### Certificate of Compliance with D.C.COLO.LCivR 6.1

The undersigned counsel certify, as D.C.COLO.LCivR 6.1 requires that: (a) this is the third request for an extension of the briefing schedule – where the first two were at SRSA's request with Defendants' consent; and (b) they have served their four clients with copies of this motion.

---

business. The individual defendants, while knowledgeable about the M&A industry, are not in management and are not in a position to be directing PNC's legal strategy.

## **D.C.COLO.LCivR 7.1(a) CERTIFICATE OF CONFERRAL**

Counsel for Defendants has conferred with counsel for Plaintiffs both in writing and telephonically.  Counsel for Plaintiffs oppose this motion.

Dated:  December 6, 2019

Respectfully submitted,

By:  */s/ Sarah B. Wallace*
      Andrew J. Petrie
      Sarah Block Wallace
      **BALLARD SPAHR LLP**
      1225 Seventeenth Street, Suite 2300
      Denver, Colorado 80202-5596
      Telephone: 303-292-2400
      Facsimile: 303-296-3956
      petriea@ballardspahr.com
      wallaces@ballardspahr.com

      Hara K. Jacobs
      Noah Robbins
      **BALLARD SPAHR LLP**
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103-7599
      Telephone: 215-668-8500
      Facsimile: 215-864-8999
      jacobsh@ballardspahr.com
      robbinsn@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2019, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO EXTEND DEADLINE TO FILE RESPONSE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Maya Karwande
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

***Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company***

*/s/ Darlene D. Dethlefs*
Darlene D. Dethlefs

9