**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**DEFENDANTS' MOTION TO DIMISS NEW CLAIMS ASSERTED IN SECOND
AMENDED COMPLAINT [ECF NO. 66]**

## I. INTRODUCTION

Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively "PNC") as well as Defendants Heather Kelly and Alex Tsarnas (the "Individual Defendants" and, collectively with PNC, the "Defendants") move to dismiss with prejudice the newly asserted claims by Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") in the Second Amended Complaint ("SAC") (ECF No. 66). Specifically, Defendants move to dismiss SRSA's claims for breach of contract – a non-solicitation obligation against Ms. Kelly, intentional interference with prospective economic business advantage against PNC and Ms. Kelly, and breach of the duty of loyalty against Ms. Kelly. These new claims are simply SRSA's latest anti-competitive effort to stifle rigorous, lawful competition. After spending months and hundreds of thousands of dollars in expedited discovery fruitlessly seeking

a factual basis for its claims of trade secret misappropriation, SRSA now purports to embark on a new futile adventure in search of a judicially created monopoly to which it is not entitled. SRSA's latest attempt to conjure a legally viable cause of action fares no better.  SRSA fails to state a cognizable claim on any of the additional causes of action it has asserted following expedited discovery.

## II.   BACKGROUND

The following allegations are assumed to be true for purposes of this Motion to Dismiss.[1] In early 2018, PNC acquired Fortis Advisors, a shareholder representation firm.  SAC ¶ 43. Together PNC and Fortis set out to expand the newly-combined Mergers and Acquisitions ("M&A") escrow and paying agent businesses, eventually releasing a suite of paying agent products known as PNC PAID.  *Id.*  In March 2018, PNC hired Alex Tsarnas and Heather Kelly, two former SRSA employees with significant experience in the banking and paying agent fields obtained over the course of decades in the industry at multiple financial institutions.  *Id.* at ¶ 2. Sixteen months later, in July 2019, SRSA filed this suit against PNC, Mr. Tsarnas, and Ms. Kelly alleging misappropriation of SRSA's supposed "trade secrets" and breach of the Individual Defendants' agreements with SRSA.  (ECF No. 1).

On November 13, 2019, following the close of expedited discovery, SRSA filed its Motion to Amend its Complaint and on November 22, 2019 SRSA filed the SAC.  (ECF Nos. 61, 66).  PNC opposed that Motion but the Magistrate Judge granted the Motion prior to PNC's response date.  (ECF Nos. 65, 67).  The SAC purports to state three additional causes of action.

---

[1] As Rule 12(b)(6) requires they must, Defendants accept as true the well-pleaded factual allegation of SRSA's SAC solely for the purposes of this Motion.  *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

First, SRSA asserts a cause of action for breach of contract – a non-solicitation obligation against Ms. Kelly.  In addition, SRSA alleges two entirely new claims: intentional interference with prospective economic business advantage against PNC and Ms. Kelly and breach of the duty of loyalty against Ms. Kelly.  For the reasons set forth below, SRSA's new claims fail as a matter of law.

## III.   LEGAL STANDARD

Defendants move to dismiss the new claims SRSA asserts in the SAC under Federal Rule of Civil Procedure 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotation marks omitted).  The Supreme Court has explained that two principles underlie this standard.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim.  *Twombly*, 550 U.S. at 555.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  Here, Plaintiffs' claims fall short of these standards.  Plaintiffs have failed to plead sufficient facts that, if proven true, would establish the elements of any of these additional claims asserted against Ms. Kelly and PNC in the SAC.

IV. **ARGUMENT**

    A. **SRSA Cannot State a Claim Against Heather Kelly for Breach of Her Non-Solicitation Obligation.**

In order to prove breach of contract under Colorado law, SRSA must allege: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *DigitalGlobe, Inc. v. Paladino*, 269 F. Supp. 3d 1112, 1125 (D. Colo. 2017). SRSA alleges that Ms. Kelly breached her non-solicitation agreement with SRSA by soliciting four SRSA employees. SAC ¶¶ 109-113. For the first two employees, Bryson and Jackson, SRSA fails to allege resulting damages. For the second two employees, Semenova and Kremers, SRSA fails to allege breach of a then-current agreement not to actively solicit SRSA employees.

Under Colorado law, claims for breach of contract, including non-solicitation contracts, require a showing of damages to the plaintiff resulting from defendant's breach. *DigitalGlobe*, 269 F. Supp. 3d at 1125 (finding plaintiff failed to show a likelihood of proving damages resulting from defendant's breach where the customer independently decided to move that work away from plaintiff). In support of its breach of contract claim against Ms. Kelly, SRSA alleges that in March 2018 she "encourage[d] Ali Bryson and Amanda Jackson to leave SRSA." SAC ¶ 108. SRSA does not allege that either Ms. Bryson or Ms. Jackson left SRSA as a result or otherwise caused SRSA any legally cognizable damages. Therefore, this alleged solicitation did not cause any damages and cannot support a claim for breach of contract.

SRSA also alleges that Ms. Kelly "began talking with Luda Semenova, a relationship manager at SRSA, about possible employment with PNC" and that "Tsarnas and Kelly's efforts were successful, and PNC hired Semenova on March 8, 2019." *Id.* at ¶¶ 109-112. But, SRSA

4

does not allege that it was Ms. Kelly who reached out to Ms. Semenova and in fact, expedited discovery has shown that it was Ms. Semenova who reached out to Ms. Kelly about possible employment at PNC.  Colorado courts have found a non-solicitation provision is enforceable if it "is limited to prohibiting *only* initiating contacts or '*active*' solicitation of the employer's employees. *Phx. Capital, Inc. v. Dowell*, 176 P.3d 835, 844 (Colo. App. 2007) (emphasis added).  Courts have held that violation of a non-solicitation provision requires proactive initiating steps.  *See SliceX, Inc. v. Aeroflex Colo. Springs, Inc.*, No. 2:04-cv-615, 2006 U.S. Dist. LEXIS 51000, at *19 (D. Utah July 25, 2006) (rejecting claim for violation of non-solicitation agreement where "each of these individuals testified … that it was they who made first contact with [Defendant], not the other way around " so that "Plaintiff has failed to produce any evidence which shows that Defendant took any proactive step to obtain former SliceX employees"); *Enhanced Network Sols. Grp., Inc. v. Hypersonic Techs. Corp.*, 951 N.E.2d 265, 269 (Ind. Ct. App. 2011) ("all major steps were initiated and taken by [the former employee]… Therefore, we conclude that [defendant] did not breach the non-solicitation clause of the Agreement.").  Because SRSA does not, because it cannot, allege that Ms. Kelly actively solicited Ms. Semenova, it cannot sustain a breach of contract claim for violation of Ms. Kelly's non-solicitation obligation on this basis.

Finally, SRSA relies on Ms. Kelly's alleged participation in the solicitation of Ms. Lisa Kremers, another SRSA employee, as a basis for asserting a breach of contract claim against Kelly.  SAC ¶ 113.  Ms. Kelly's non-solicitation obligation to SRSA, however, expired one year following her resignation from SRSA – on March 9, 2019.  *See* SAC Exhibit A ¶ 17 (setting forth a non-solicitation obligation "[d]uring, and for a period of one year after termination of

[Ms. Kelly's] employment with [SRSA]"); SAC ¶ 60 ("Kelly resigned from SRSA on March 8, 2018"). SRSA acknowledges that PNC did not hire Ms. Kremers until June 2019, months after Ms. Kelly's contractual non-solicitation obligation expired. SAC ¶ 113. SRSA does not, because it cannot, allege that any solicitation of Mr. Kremers occurred before the expiration of Ms. Kelly's non-solicitation obligation in March 2019. None of these various attempts at making out a claim against Ms. Kelly for breach of her non-solicitation obligation to SRSA successfully state the required elements of such a claim. Thus, SRSA's claim for breach of contract is futile and should dismissed with prejudice.

### B. SRSA Cannot State a Claim for Intentional Interference with Prospective Economic Business Advantage.

To state a claim for intentional interference with prospective economic business advantage under Colorado law, SRSA must allege: "(1) that defendant either induced a third person not to enter into or continue a contractual relationship with plaintiff, or prevented plaintiff from acquiring or continuing the prospective relation; (2) that defendant did so intentionally; and (3) that defendant used improper means to do so." *Wells Fargo Ins. Servs. USA v. McQuate*, 276 F. Supp. 3d 1089, 1118 (D. Colo. 2016). SRSA alleges that PNC and Ms. Kelly bid on a deal for which SRSA had also submitted a bid, with the assistance of Ms. Semenova who had a non-solicitation obligation to SRSA. SAC ¶ 117. SRSA fails to allege that PNC and Ms. Kelly, as their competitors, used any improper means when winning this business because Ms. Semenova's non-solicitation agreement is void as a matter of law.

Because the law favors competition, generally, "a plaintiff cannot sue one of its competitors for intentional interference in prospective economic advantage." *Occusafe, Inc. v. EG&G Rocky Flats*, 54 F.3d 618, 622-23 (10th Cir. 1995). "A legitimate business activity

6

intended to achieve an advantage over competitors, but which does not rely on improper methods, cannot provide a basis for liability." *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1123 (10th Cir. 2008). To state a claim for intentional interference with prospective economic business advantage, a plaintiff must show improper methods and when a competitor is involved, the plaintiff must show "particularly severe conduct[.]" *SGS Acquisition Co. v. Linsley*, 352 F. Supp. 3d 1109, 1118 (D. Colo. 2018). Here, SRSA cannot allege that PNC or Ms. Kelly used any improper means, let alone severe conduct, when submitting their bid. As of June 2019, Ms. Kelly did not have a non-solicitation obligation to SRSA – she, together with PNC, is a legitimate competitor of SRSA.

SRSA attempts to impute improper means to PNC and Ms. Kelly because they allegedly relied on assistance from Ms. Semenova, knowing her assistance would violate her EIAC Agreement with SRSA. SAC ¶ 190. Assuming, *arguendo*, that these allegations would state a claim in the abstract, the claim fails because Ms. Semenova's non-solicitation agreement is unenforceable as a matter of law. Ms. Semenova's EIAC Agreement with SRSA includes a non-solicitation provision with a period of one year following termination of employment. Semenova EIAC ¶ 17, attached to the SAC as Exhibit D. But, the EIAC Agreement is governed by the laws of the State of California. *Id.* at ¶ 19. Colorado courts apply California law when the parties have agreed that California law should govern disputes arising from the contract via a choice of law provision. *See Arrow Elecs. v. Deco Lighting*, No. 18-cv-01100-RM-KLM, 2019 U.S. Dist. LEXIS 179988, at *8 (D. Colo Aug. 9, 2019) (applying California law to claims arising from a contract with a California choice of law provision "as originally agreed by the parties"). Under California law, non-solicitation agreements are invalid. Section 16600 of the California Business

7

and Professions Code states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void[.]"  This provision, applicable to non-solicitation agreements, "expresses California's strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice."  *AMN Healthcare, Inc. v. Aya Healthcare Servs.*, *Inc.*, 28 Cal. App. 5th 923, 935 (Cal. App. 4th Dist. 2018).  This policy protects Ms. Semenova's rights as a citizen of California,.

Courts applying California law have consistently refused to enforce non-solicitation clauses, finding them to be void as a matter of law in violation of Section 16600.  *Id.* (holding a provision prohibiting defendants from soliciting or recruiting employees of the former employer for at least one year was void under Section 16600 because it restrained defendants from practicing their profession); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (Cal. App. 2d Dist. 2009) (rejecting non-solicitation clause which prevented employees from soliciting any business from clients of their former employer for 18 months); *The Retirement Grp. v. Galante,* 176 Cal. App. 4th 1226, 1240 (Cal. App. 4th Dist. 2009) (holding non-solicitation of customers clause violated Section 16600).  Ms. Semenova and SRSA negotiated an employment agreement and collectively agreed that California law would control its terms – and California law is unambiguous in holding that the non-solicitation restriction cannot stand.  As a result, assistance by Ms. Semenova could not constitute improper means because she had no obligation to SRSA.  Because SRSA alleges nothing more than competition in the market, the tortious interference claim should be dismissed.

8

C.  **SRSA Cannot State a Claim for Breach of the Duty of Loyalty Against Heather Kelly.**

In order to prove a breach of the duty of loyalty under Colorado law, SRSA must allege: "1) that the defendant was acting as a fiduciary of the plaintiff; 2) that the defendant breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages." *SGS Acquisition Co.*, 352 F. Supp. 3d at 1118.  SRSA's sole allegation in support of this claim is that Ms. Kelly assisted Mr. Tsarnas with a presentation she knew he would send to a competitor of SRSA while she was a current SRSA employee.[2]  SAC ¶ 58.

SRSA expressly relies upon Ms. Kelly's alleged contractual "Duty Not to Compete" in support of its breach of the duty of loyalty claim, and, as such, its breach of the duty of loyalty claim is barred by the economic loss doctrine.  The economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Great Am. Opportunities, Inc. v. Kent*, 352 F. Supp. 3d 1126, 1138 (D. Colo. 2018).  Though employees have a common law duty of loyalty, if the duty is also imposed by the contract, a tort claim based on that duty is barred. *23 Ltd. v. Jayson Lessing & Talent Factory LLC*, No. 2015CV31187, 2016 Colo. Dist. LEXIS 370, at *6 (Colo. Dist. Ct. Jan. 21, 2016).  Courts in Colorado have found the economic loss rule bars breach of the duty of loyalty claims. *Id.* at *7;

---

[2] The fruitless nature of this claim is made clear by SRSA's delay in asserting it.  SRSA was aware of, and indeed asserted, the allegations underlying this claim when the Complaint was filed in July 2019.  *See* First Amended Complaint (ECF No. 12) ¶ 58.

*Amec Env't & Infrastructure v. Newfields Cos.*, No. 14CV30669, 2015 Colo. Dist. LEXIS 268, at *8 (Colo. Dist. Ct. Jan. 22, 2015).

In addition, SRSA's breach of the duty of loyalty claim against Ms. Kelly fails for the additional reason that SRSA has not alleged any damages as a result. Under Colorado law, a claim for a breach of fiduciary duty requires a showing that the plaintiff incurred damages caused by defendant's breach of fiduciary duty. *SGS Acquisition Co.*, 352 F. Supp. 3d at 1119. In support of this claim, SRSA alleges Ms. Kelly commented on Mr. Tsarnas's presentation she knew he would send to a competitor of SRSA. SAC ¶ 58. SRSA fails to allege that it suffered any injury or damage as a result of Ms. Kelly's supposed assistance with this presentation, or that this entity ever even became a competitor. In the absence of any conceivable damages resulting from the alleged breach, this claim fails.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss with prejudice SRSA's claims for breach of contract – a non-solicitation obligation against Ms. Kelly, intentional interference with prospective economic business advantage against PNC and Ms. Kelly, and breach of the duty of loyalty against Ms. Kelly.

## **CERTIFICATE OF COMPLIANCE**

I certify this pleading complies with the type-volume limitation set forth in Judge Domenico's Civil Practice standard III.A.2

Respectfully submitted,

Dated:  December 6, 2019

By:  */s/ Sarah B. Wallace*
Andrew J. Petrie
Sarah B. Wallace
**BALLARD SPAHR LLP**
1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202-5596
Telephone: 303-292-2400
Facsimile: 303-296-3956
petriea@ballardspahr.com
wallaces@ballardspahr.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2019, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS NEW CLAIMS ASSERTED IN SECOND AMENDED COMPLAINT [ECF No. 66]** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Maya Karwande
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company*

*/s/ Darlene D. Dethlefs*
Darlene D. Dethlefs