**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION**

---

**I.     INTRODUCTION**

With each passing week that Defendants are permitted to use SRSA's[1] trade secrets to target and sell misappropriated products to SRSA's customers, the irreparable harm to SRSA compounds. Defendants continue to erode SRSA's reputation as leader in technology and innovation in the online payments-and-escrow market, and SRSA is on the verge of losing yet another deal to Defendants that—absent their misappropriation—Defendants would not have been a contender for. Despite the forgoing, Defendants seek to upend the carefully-negotiated preliminary injunction briefing schedule that the parties agreed to in October and further delay

---

[1] "SRSA" refers collectively to Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC. "Defendants" refers collectively to Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas.

1

SRSA's access to relief. Defendants fail to offer a cogent reason for doing so, much less the good cause required to amend the schedule. Their request should be denied.

## II. BACKGROUND

### A. SRSA brings this action; parties set current briefing schedule

Since 2012, SRSA has been a leader in the payments-and-escrow business. SRSA spent years developing a sophisticated online payments-and-escrow platform to assist parties to M&A deals in streamlining their transactions, making them faster, smoother, and more efficient.[2] In April 2019, PNC, aided by the two individual defendants—two former high-level SRSA employees armed with a trove of SRSA trade secrets—began publicly marketing an online payments-and-escrow platform with offerings nearly identical to SRSA's, but developed in a fraction of the time. Defendants' apparent use of SRSA information was so brazen that PNC's marketing materials included a screenshot of an internal SRSA document.

SRSA promptly investigated and filed this action on July 11, 2019. Following extensive negotiations with Defendants, on July 25, 2019, SRSA agreed to forgo moving for a temporary restraining order on the condition that the parties stipulate to expedited discovery and a briefing schedule for this motion. ECF No. 24. The Court adopted the stipulation and ordered limited document discovery and seven depositions per side. ECF No. 26.

On September 4, 2019, in light of the complexity of the matter, the voluminous document productions, and numerous depositions anticipated by the parties, the parties jointly requested the Court extend the expedited discovery deadlines by approximately two weeks. ECF No. 38. On

---

[2] *See generally* ECF No. 86. The background of this dispute is set forth in more detail in SRSA's preliminary injunction motion and supporting declarations, which SRSA incorporates by reference here rather than burden the Court with more paper.

1358483

October 29, 2019, the parties again requested a short extension of the discovery deadlines due to a death in the family of one of SRSA's lead counsel. ECF No. 57. The Court granted the joint request and entered the operative scheduling order on October 30, setting the following deadlines:

| Event | Deadline |
| --- | --- |
| SRSA motion for preliminary injunction | November 25, 2019 |
| Defendants' response to motion for preliminary injunction | December 13, 2019 |
| SRSA reply in support of motion for preliminary injunction | December 23, 2019 |

In the span of less than three months, the parties produced over 25,000 documents and deposed 17 witnesses—including SRSA taking two depositions and defending three within the last ten business days before its November 25 deadline to file the preliminary injunction ("PI") motion. Rothstein Decl. at ¶¶ 2-3. SRSA and its counsel worked tirelessly to timely complete discovery and comply with all Court-ordered deadlines. *Id.*

### B.  SRSA's Motion for Preliminary Injunction

On November 25, 2019, SRSA filed its preliminary injunction motion and supporting papers. Because SRSA's motion cites materials designated "Highly-Confidential Attorneys' Eyes Only" ("HC-AEO") by both parties, SRSA designated the brief HC-AEO under the Protective Order, and filed it under Restriction Level 2 in accordance with D.C.COLO.LCivR 7.2(e). At the time of filing, SRSA served fully-unredacted copies of the motion and all supporting papers on defense counsel. Rothstein Decl. ¶ 5.

Under the Protective Order, defense counsel is permitted to share HC-AEO material with three PNC designated in-house counsel, as well as the individual defendants. (*See* ECF No. 40 at

3

§§ 7.3(h) & (k).)[3] Accordingly, defense counsel could have immediately shared unredacted copies of the brief with PNC's designated in-house counsel and the individual defendants.

On December 2, 2019—one week after SRSA filed its PI motion—defense counsel complained for the first time regarding SRSA's designation of its brief, and claimed that "[o]ur inability to share the document with our <u>clients</u> and <u>client reps</u> materially impairs defendants' ability to respond to the motion." Rothstein Decl. Ex. 1 at 3 (emphasis added). SRSA responded that afternoon, noting that "[defense counsel] can show the [unredacted] document to your designated in-house counsel as well as the individual defendants." *Id.* at 2.

The next day (December 3), Defendants claimed for the first time that the HC-AEO designation of the brief prejudiced them because they "have not been able to share the document with any of the PNC <u>business personnel</u>." *Id.* at 1 (emphasis added). SRSA provided a copy of the brief with redactions over SRSA's HC-AEO material (not Defendants' HC-AEO material) later that day. Rothstein Decl. Ex. 2.

On December 4, at 10:06 p.m. MT, Defendants demanded that SRSA agree to extend the deadline for Defendants' response to the PI motion from December 13 until December 23, arguing for the first time that, "[b]ecause SRSA has blocked PNC's ability to discuss the motion with any of its <u>business personnel</u>, we will require an additional week in which to respond to the motion[.]" Rothstein Decl. Ex. 3 (emphasis added).

---

[3] Section 7.3(k) of the Protective Order expressly permits the individual defendants to review HC-AEO information that the individual defendant authored or received, or which SRSA alleges the individual defendants possessed or accessed. *See id.* at § 7.3(k). All of the HC-AEO information described in the brief meets this standard.

SRSA responded the next day (December 5), explaining the prejudice that the extension would cause and noting the absence of any good cause to move the deadlines. *Id*. Late that evening, defense counsel accused SRSA of "bad faith conduct," threatened that "[y]our conduct is sanctionable[,]" and argued that the requested extension "is required to remediate wrongful conduct." *Id*.

On a meet-and-confer call the following morning (December 6), defense counsel continued to escalate their rhetoric, but refused to offer any explanation as to why Defendants waited so long to raise an issue they now claim requires urgent relief. Rothstein Decl. at ¶ 9. This motion followed.

## III.   ARGUMENT

To receive an extension of a scheduling order deadline, a moving party must show "good cause." *See* Fed. R. Civ. P. 16(b)(4). In this context, "good cause" means that, despite the moving party's diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *see also* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Defendants have failed to show "good cause" for at least the following reasons.

***First***, Defendants have failed to make the threshold showing of diligence required under Rule 16(b). They waited a full week into their three-week response period before raising any issue with SRSA's designation, and still fail to provide any justification for the delay in their

5

moving papers.[4] Nor could they, as the only plausible explanations appear to be either that (a) Defendants felt no need to seek input from "business personnel" on the PI motion in the first week after receiving it and therefore made no effort to do so, or (b) that Defendants tried and were prevented from doing so by the HC-AEO designation but then inexplicably waited eight days to raise the issue with SRSA's counsel. Defendants' unexplained and inexcusable delay alone is reason to deny the motion. *See, e.g.*, *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("good cause" under Rule 16 "obligates the moving party to provide an adequate explanation for any delay") (citations omitted); *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *4 (D. Colo. July 8, 2013) (no "good cause" where party failed to provide any explanation for delay in seeking leave to amend).

*Second*, Defendants have failed to even allege—much less establish—that they cannot meet the current schedule despite their "diligent efforts." *See Pumpco*, 204 F.R.D. at 668. SRSA served a fully-unredacted copy of its motion papers on opposing counsel at the time of filing, and defense counsel was permitted to immediately share the unredacted brief with three designated PNC in-house counsel as well as Defendants Tsarnas and Kelly—the two witnesses who Defendants contend are "most, and in some respects uniquely, able to disprove each of SRSA's allegations against them . . . ." (ECF No. 36 at 10.)[5] And SRSA provided an HC-AEO-redacted

---

[4] On a December 6, 2019 meet-and-confer call, SRSA's counsel requested an explanation for Defendants' delay in complaining about an inability to share SRSA's PI brief with Defendants' "business personnel." Defense counsel refused to answer the question. Rothstein Decl. ¶ 9.

[5] In seeking a provision in the Protective Order permitting the individual defendants to review HC-AEO material outside the presence of counsel, Defendants explained they were the most important witnesses for evaluating and rebutting SRSA's claims. *See* ECF No. 36 at 10-11 (arguing Kelly and Tsarnas "have a combined four decades of experience in this industry[,]" are "uniquely positioned to explain and demonstrate that SRSA's solutions to common issues are

copy of their brief to Defendants immediately upon request on December 3—nearly *two weeks* ahead of Defendants' response deadline, which is the total amount of response time Defendants had under earlier versions of the schedule.[6] Defendants' motion complains generally about prejudice, but Defendants make no claim that they cannot "reasonably meet" their current deadline. Their motion should be denied on this ground as well.

***Third***, Defendants' claim that the extension is necessary to remedy "prejudicial" and "improper conduct" is demonstrably false. SRSA acted entirely appropriately in initially designating the brief as HC-AEO because the brief contains material so designated by *both sides*, and therefore requires provisional "Level 2" treatment under the Protective Order. *See* ECF No. 40 at 18. It is the undersigned's routine practice in trade secrets cases to provisionally designate entire briefs when they contain both parties' HC-AEO material, so that the other side has an opportunity to review the filing before any of it is disclosed outside the strictures of the protective order. This practice is consistent with Local Rule 7.2, which gives Defendants fourteen days after the filing to move to seal any part of it. *See* D.C.COLO.LCivR 7.2(e). In short, there is no prejudice here because SRSA did nothing improper.

---

'readily ascertainable' and otherwise 'generally known[,]'" and are "also uniquely positioned to compare SRSA's alleged trade secrets to the way in which PNC accomplishes similar functionality").

[6] *See* ECF No. 104 at 3; ECF No. 104-4. Defendants originally had only two weeks to oppose the PI motion—from 11/5/19 to 11/19/19. *See* ECF No. 38. When the parties jointly requested a modification to the scheduling order in October, and the new schedule shifted back so that Defendants' opposition period straddled the Thanksgiving holiday, Defendants requested, and SRSA granted, an extra "dead week" for Defendants' opposition. ECF No. 104-4. Ironically, Defendants now complain that they were prejudiced because their "business personnel" were unable to work on the response during the "dead week."

*Fourth*, the requested extension would cause substantially prejudice SRSA by further delaying SRSA's access to relief while Defendants continue to use SRSA's trade secrets to target SRSA's customers, underbid SRSA on competitive deals, and sell a product built on SRSA's trade secret technology. *See* ECF No. 86 at 13-24. As detailed in SRSA's PI motion, SRSA has already suffered irreparable harm from Defendants' unlawful conduct, including numerous lost deals and erosion of customer goodwill and reputation. *See id.* at 26-28. Defendants' requested extension would unjustifiably delay the relief SRSA needs to stop this ongoing irreparable harm. *See, e.g., Briggs & Stratton Corp. v. Chongquing Rato Power Co.*, No. 5:13-cv-0316-LEK-ATB, 2013 WL 12134085, at *2 (N.D.N.Y. Apr. 25, 2013) (denying request for extension of time to respond to PI motion where timely adjudication was necessary to prevent irreparable harm).

Moreover, the requested extension would give Defendants an unfair and undeserved advantage in its briefing. SRSA worked diligently meet the November 25 deadline for its moving papers. Rothstein Decl. ¶¶ 2-4. If the Court grants Defendants' motion (which it should not), Defendants will receive a full four weeks for their response (from November 25 to December 23). That is not what the parties negotiated when they stipulated to the current schedule—under which SRSA *already* accommodated Defendants' request for an extra week to prepare their response.[7] Nor is the additional time Defendants now seek commensurate with the scheduling constraints under which SRSA was forced to prepare its opening papers.

*Finally*, Defendants' contention that any prejudice to SRSA is marginal because the requested extension is relatively short is inaccurate. SRSA's client representatives and counsel

---

[7] *See* Footnote 6, *supra*.

are then largely unavailable during the holiday period to work on the reply, which is why the parties carefully negotiated a schedule to ensure that briefing was completed beforehand. In practical terms, SRSA's reply period could not begin until January 2, and SRSA would therefore need until at least January 17 for its reply. A January 17, 2020 reply deadline—the earliest workable deadline if the Court grants Defendants request—would extend the total PI briefing schedule by nearly a month.

**IV.     CONCLUSION**

Defendants have failed to show any "good cause" supporting their request for an extension, and the request would cause significant prejudice to SRSA. Accordingly, Defendants' motion should be denied.

Respectfully submitted,

Dated: December 9, 2019

By:  */s/ Benjamin D. Rothstein*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Maya Karwande
*mkarwande@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:      415-397-7188

        SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:	303 863 9700
Facsimile:	303 863 0223
Email:	*litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

## Compliance With Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the applicable type-volume limitation set forth in Civil Practice Standard III.A.1.

    */s/ Benjamin D. Rothstein*
    Benjamin D. Rothstein

10

1358483