# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## DECLARATION OF BENJAMIN D. ROTHSTEIN IN SUPPORT OF
## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO
## RESPOND TO MOTION FOR PRELIMINARY INJUNCTION

I, BEN ROTHSTEIN, declare as follows:

1.  I am licensed to practice law in the State of California and am an attorney with the law firm of Keker, Van Nest & Peters LLP, counsel for Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC ("SRSA" collectively hereafter). I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Extend Deadline to File Response in Opposition to Motion for Preliminary Injunction. I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.  In July 2019, SRSA sought three depositions per side during the expedited discovery period. Defendants took the initial position that all ten depositions per side should occur during expedited discovery. During negotiations over the expedited discovery schedule, Defendants refused to go any lower than seven depositions per side during expedited discovery (including a Rule 30(b)(6) deponent, which could be as many individual witnesses as necessary based on the topics). The Scheduling and Expedited Discovery Order ultimately entered by the Court (ECF No. 26) permits the parties to take seven depositions per side, with one of those depositions comprising up to twelve hours of Rule 30(b)(6) testimony.

3.  The parties worked very hard in the three months leading up to SRSA's Monday, November 25 preliminary injunction motion deadline to complete their document and deposition discovery obligations under the Scheduling and Expedited Discovery Order. From September to November 2019, the parties produced over 25,000 documents and deposed 17 witnesses. I personally traveled from San Francisco to either Boston, Denver, Los Angeles, or New York on

1

six consecutive weeks for depositions in this case, beginning the week of October 14-18 and ending the week of November 18-22.

4. Five out of those 17 total depositions—two defense witnesses and three SRSA witnesses—took place within ten business days of SRSA's Monday, November 25, 2019 PI motion deadline. These include:

- November 11, 2019: Amanda Jackson (SRSA fact witness) in Boston, MA;

- November 13, 2019: Shahidhar Bandanatham (PNC Rule 30(b)(6) witness) in Pittsburgh, PA;

- November 14, 2019: Salvatore Corrado (PNC Rule 30(b)(6) witness) in Pittsburgh, PA;

- November 15, 2019: Paul Koenig (SRSA fact witness) in Denver, CO; and

- November 21, 2019: Michael Perry (SRSA Rule 30(b)(6) witness) in Denver, CO.

5. Immediately upon completing the filing of its preliminary injunction motion, SRSA served defense counsel an unredacted copy of the complete filing.

6. Attached hereto as **Exhibit 1** is a true and correct copy of E-mail correspondence between Andrew Petrie of Ballard Spahr and Ben Rothstein, dated December 2-3, 2019.

7. Attached hereto as **Exhibit 2** is a true and correct copy of an E-mail from Ben Rothstein to Drew Petrie and Sarah B. Wallace regarding redactions of the Preliminary Junction Motion, dated December 3, 2019.

8. Attached hereto as **Exhibit 3** is a true and correct copy of E-mail correspondence between Andrew Petrie, Hara Jacobs of Ballard Spahr, and Ben Rothstein, dated December 4-6, 2019.

9. I met and conferred by telephone with counsel for Defendants at 10:33 a.m. PST on Friday, December 6, 2019, regarding the issues raised in Defendants' motion for an extension. On that call, I asked defense counsel to explain why Defendants waited until eight days after SRSA's filing to complain about the inability to share the HC-AEO-designated brief with their "business personnel." Defense counsel refused to answer. Instead, defense counsel repeated the accusations of "bad faith" misconduct made in previous emails and stated that, consequently, "[y]ou don't get to ask questions."

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed this 9th day of December, 2019, at San Francisco, California.

By: /s/ *Benjamin D. Rothstein*
Benjamin D. Rothstein
brothstein@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:    415-397-7188