# EXHIBIT 1

| | |
|---|---|
| **From:** | Petrie, Andrew J. <petriea@ballardspahr.com> |
| **Sent:** | Tuesday, December 3, 2019 6:34 AM |
| **To:** | Ben D. Rothstein |
| **Cc:** | ACQUIOM-KVP |
| **Subject:** | RE: SRSA v PNC |

**[EXTERNAL]**

Ben –

You have never addressed the fact that this document was improperly designated as AEO under Section 5.1 of the stipulated protective order.

This document does not fall within the categories of Section 7.3(k) of the stipulated protective order that would permit us to show it to Ms. Kelly and Mr. Tsarnas.

But, if you are nonetheless authorizing us to disclose the unredacted motion to the two individual defendants, please do so expressly so that we do not later have some basis for disagreement.

Although, even if permitted to show the document to the two individual defendants, that still would not address the fact that we have not been able to share the document with any of the PNC business personnel.

- Drew

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Monday, December 2, 2019 9:56 PM
**To:** Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com
**Subject:** RE: SRSA v PNC

⚠ **EXTERNAL**
Drew,

You initiated this thread by claiming prejudice based on the "inability to share the document with our clients and client reps." I pointed out this afternoon that you *can* share the document with your clients (Tsarnas and Kelly) and client reps (in-house counsel designated under the PO). You did not respond to that point, and we still do not understand the basis for your claim that there is any prejudice or exigency here.

Nevertheless, we will provide a copy of the brief tomorrow with redactions covering the portion of the text that Plaintiffs will seek to have sealed under Restriction Level 2. Defendants may treat the AEO-redacted copy as "Confidential" under the PO. Whether you regard this as a "courtesy" is up to you; clearly we have a different understanding than you do about Plaintiffs' actual obligations under the circumstances (which include the fact that the brief contains material designated AEO by Defendants), but I don't see a point in pursuing the argument further.

We are available to discuss the other issues tomorrow from 11am-12pm PST. We can use the following dial in:

877 699 4804

254 426

Regards,
Ben

---

**From:** Petrie, Andrew J. [mailto:petriea@ballardspahr.com]
**Sent:** Monday, December 02, 2019 5:46 PM
**To:** Ben D. Rothstein
**Cc:** ACQUIOM-KVP
**Subject:** RE: SRSA v PNC

**[EXTERNAL]**

---

Ben –

This is not a matter of so-called "courtesy".

These designations are not consistent with your firm's requirements for designating materials under Section 5.1 of the stipulated protective order, separate and apart from ensuring that materials are sealed in the Court's files.

We can discuss tomorrow morning. What time are you available to speak about the pending topics?

- Drew

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Monday, December 2, 2019 5:52 PM
**To:** Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com
**Subject:** RE: SRSA v PNC

⚠ **EXTERNAL**

Hi Drew,

Thanks for your email. Our designation of the brief as "AEO" was necessary under the Court's rules for both parties to request sealing of specific portions of the brief. As I'm sure you know, Plaintiffs have until December 9, 2019, to move to seal specific portions.

Additionally, we don't understand how our designation of the brief as AEO is prejudicing your preparation of a response, since you can show the document to your designated in-house counsel as well as the individual defendants.

Nevertheless, as a courtesy, we will prepare a redacted version of the brief that redacts portions as to which we will request "Level 2" treatment by the Court. We will send you that version as soon as practicable, and in advance of Plaintiff's December 9, 2019 deadline to move to seal.

Best,
Ben

---

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street

San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com

---

**From:** Petrie, Andrew J. <petriea@ballardspahr.com>
**Sent:** Monday, December 2, 2019 12:53 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** SRSA v PNC

**[EXTERNAL]**

---

Ben –

I am unable to find anything in the SRSA motion for preliminary injunction that would be properly designated a AEO, and/or that provides any more detail than what SRSA has already disclosed in its publicly-available complaint.

Please advise whether SRSA will agree to de-designate this pleading, or provide a reasonable revised designation.

At this time, I am referring solely to the motion and not to the accompanying affidavits and attached exhibits that we understand may present different issues.

If SRSA elects not to agree, we should add this to the list of items for tomorrow's meet-and-confer and those potentially to raise with the court. Our inability to share the document with our clients and client reps materially impairs defendants' ability to respond to the motion.

Thanks.

    - Drew

**Andrew J. Petrie**



1225 17th Street, Suite 2300
Denver, CO 80202-5596
303.299.7339 D RECT
303.296.3956 FAX

petriea@ballardspahr.com
VCARD

www.ballardspahr.com