# EXHIBIT 3

| | |
|---|---|
| **From:** | Ben D. Rothstein |
| **Sent:** | Friday, December 6, 2019 1:37 PM |
| **To:** | 'Jacobs, Hara K.' |
| **Cc:** | petriea@ballardspahr.com; ACQUIOM-KVP; robbinsn@ballardspahr.com; weisserte@ballardspahr.com; auerbachb@ballardspahr.com; wallaces@ballardspahr.com |
| **Subject:** | RE: SRSA v. PNC |

Hi Hara,

Thanks for the call earlier.  We've considered your additional comments but we will not agree to the requested extension.

Best,
Ben

-----Original Message-----
From: Ben D. Rothstein
Sent: Friday, December 6, 2019 10:01 AM
To: 'Jacobs, Hara K.' <jacobsh@ballardspahr.com>
Cc: petriea@ballardspahr.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; robbinsn@ballardspahr.com; weisserte@ballardspahr.com; auerbachb@ballardspahr.com; wallaces@ballardspahr.com
Subject: RE: SRSA v. PNC

Hi Hara,

Your accusations of bad faith are unproductive, and your email is largely non-responsive to the points raised in mine. Most notably, you offer no explanation for why Defendants waited a full week before raising any claim of prejudice due to our designation of the brief; you offer no explanation for how, in Defendants view, we were supposed to have initially designated a brief that contains information and cites documents designated HC-AEO by both parties; and you offer no solution for the prejudice that the extension you demand would cause Plaintiffs. I will endeavor to respond to each point below in the extremely short timeframe your email demands, but this response is by no means exhaustive of the arguments we intend to raise in opposition to any motion for an extension.

1. The previous extensions of the schedule benefited both parties and have nothing to do with the prejudice that the extension you now request--which would unilaterally benefit Defendants--would have on Plaintiffs. We requested one short extension so that we could complete a document collection in response to Defendants' extremely broad, multipart RFPs (rather than litigating the scope of your RFPs), and we requested a second because our team member had a death in the family. The current schedule has been on the books since October. And the suggestion that extending your opposition deadline by a week (which, as you acknowledge, would require more than a one-week extension of our reply deadline) would not delay our relief defies the common sense. The sooner the briefing is in, the sooner the Court can address the merits of the motion.

2. This is not an accurate or complete description of events, and it misses the point. The discovery schedule required us to brief our PI motion under extreme scheduling constraints, which exacerbates the unfair advantage to Defendants from a one-week extension based on an unfounded claim of prejudice.

3. Your accusations of bad faith are baseless and non-responsive to my email. The brief has material designated HC-AEO by both parties. We designated it provisionally Level 2/HC-AEO, pending discussion about what both parties want to seal

and a motion to seal. That isn't "bad faith," it's not "misconduct," and it's not "sanctionable"; it's prudent and necessary under the Court's rules. Additionally, we provided a fully unredacted copy to counsel at the time of filing. As I've said before, Defendants were free to share that document with their clients and client reps immediately upon receipt, and could (and should have) contacted us immediately to resolve any uncertainty on that point. We also provided a copy of the brief that redacted our HC-AEO material, so that you could share it with "business personnel," on the same day that you first flagged the issue. On these facts--none of which you addressed in your email--Defendants have no plausible claim of prejudice.

4. We appreciate your offer to accommodate our holiday schedules, but that doesn't resolve any of the foregoing issues. We also appreciate that you have granted our requests for extensions in the past, but again those were all extensions of mutual deadlines that did not benefit Plaintiffs at the expense of Defendants.

I am available to discuss these issues by phone at any time until our 12:30 pm PST court call with Drew and Sarah. I can be reached on my cell phone if I'm not at my desk. 617 470 2331.

Best,
Ben

-----Original Message-----
From: Jacobs, Hara K. [mailto:jacobsh@ballardspahr.com]
Sent: Thursday, December 05, 2019 8:38 PM
To: Ben D. Rothstein
Cc: petriea@ballardspahr.com; ACQUIOM-KVP; robbinsn@ballardspahr.com; weisserte@ballardspahr.com; auerbachb@ballardspahr.com; wallaces@ballardspahr.com
Subject: Re: SRSA v. PNC

[EXTERNAL]

Ben,

We are giving you one chance to make this right by granting the modest extension necessitated by your firm's bad faith conduct. If you persist with the litany of false statements below, we will seek immediate relief from the court.

1. There is no prejudice to plaintiff. Your firm has sought multiple extensions of your self-imposed schedule because you could not meet your own deadlines. We are where we are today because Keker could not timely produce its documents or timely complete depositions in this case. We agreed to every request you made for extensions (all of which are contained in written communications with our firm). Having repeatedly extended the schedule in this case to suit plaintiff's needs, your claim of prejudice for a one week extension smacks of bad faith. We additionally note that a one week extension cannot possibly prejudice plaintiff because the PI hearing is not even scheduled.

2. Your contentions about the timing of our technical expert's deposition and the timing of your designee on topic 8 are blatantly false. We rescheduled our technical expert at your firm's express request because of the death in your colleague's family. Simply put, Keker canceled that deposition and we accommodated your request to delay it. As for the deposition of your designee on topic 8, you refused to produce a designee for literally months causing us to waste substantial time in motion practice and countless emails to finally schedule that deposition. We ultimately took the deposition on November 21 because your firm steadfastly refused to produce a witness any earlier.

3. Your designation of your PI brief as Attorney's Eyes Only was in bad faith. There is nothing in that document meriting that designation and your ultimate minuscule redaction of it speaks volumes. The inability of our witnesses and senior business team to review the document containing the ultimate arguments for your client's request for injunctive relief is manifest prejudice. Your misconduct in labeling the brief AEO is consistent with your misconduct in labeling nearly

2

everything in this case AEO, which substantially impedes our ability to communicate with our business team about the case. Your conduct is sanctionable.

4. We have no intention of squeezing you or your colleagues over the holidays. We have all worked incredibly hard on this expedited matter and hope everyone will enjoy the holidays with their families. Tell us how much time you would like for your reply and we will be accommodating. I again note that every single time your firm has requested an extension, we have granted it as a professional courtesy. In this instance, where your firm has directly impacted our ability to prepare a response, an extension is not a simply courtesy — it is required to remediate wrongful conduct.

We will seek immediate relief from the court if we do not hear from you by 10 am Pacific<x-apple-data-detectors://2>.

If you would like to discuss this evening, you can call my cell (215-882-2215<tel:215-882-2215>) at 9:30 PM Pacific/12:30 AM Eastern when my plane lands.

I look forward to hearing from you.

Regards,

Hara

Hara Jacobs
Ballard Spahr LLP

Sent from my iPhone

On Dec 5, 2019, at 8:19 PM, Ben D. Rothstein <BRothstein@keker.com> wrote:


⚠ EXTERNAL
Hi Drew,

We do not agree to Defendants' demand for additional time to respond to the PI motion.

First, the extension would prejudice Plaintiffs by delaying injunctive relief against the irreparable harm Defendants continue to cause. As we detail in the PI motion, the harm to SRSA from Defendants' misconduct is ongoing, and we cannot agree to further delay. Moreover, your requested extension would upend a carefully-negotiated schedule that the parties agreed to in October, and would push Plaintiffs' reply into the Christmas and New Year holidays when the availability of our clients' and counsel will be limited.

Second, the requested extension would give Defendants nearly a month to draft their opposition, even though Defendants' failure to offer a 30b6 witness on technical product development until November 13 and Defendants' noticing of a deposition for November 21 forced Plaintiffs to complete their opening brief under extreme scheduling constraints. The requested extension would provide Defendants a substantial unfair and undeserved advantage.

Third, Defendants' claim of prejudice is without merit, and the delay of which you complain is of your own making. Defendants didn't raise any issue with our designation of the brief until 12/2—one week after we filed our motion. In your Monday afternoon email, Defendants claimed only that the purported "inability to share the document with our clients and client reps materially impairs defendants' ability to respond to the motion" (no mention of any need to share the document with any other "business personnel"). We responded the same afternoon by clarifying that "you can show the document to your designated in-house counsel as well as the individual defendants," which we subsequently re-confirmed in writing the following day. To be clear, you could have shared the as-served brief with your clients and client reps at the time of service, but to the extent there was any doubt, you waited a week to raise the issue, and we

responded within hours. It was not until 12/3 that you complained the first time that Defendants also "have not been able to share the document any of the PNC business personnel." We met and conferred about the issue that morning, and I sent you a redacted copy of the brief that evening.

Finally, to respond briefly to your assertion that our initial designation of the brief was improper: The brief contains material that has been AEO-designated by both parties. Designating the brief provisionally Level 2/AEO, pending a meet-and-confer and/or a motion to seal, was necessary to protect both parties' interests in their HC-AEO information and appropriate under the Court's rules. The material we redacted from the copy we sent on Tuesday night redacts only material that we (Plaintiffs) have designated. The scope of these redactions are not reflective of the full scope of AEO material in the brief, nor are they reflective of the propriety of designating the brief AEO at the time of filing. And again, if Defendants felt that the initial designation impaired their ability to prepare an opposition, they could and should have raised the issue promptly—not more than a week after receiving the motion.

For at least all of the foregoing reasons—and this is not intended as a complete recitation to the claims in your email last night—we will oppose any motion for an extension of the briefing schedule.

Best,
Ben



Ben D. Rothstein
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com<mailto:brothstein@keker.com> | vcard<https://protect-us.mimecast.com/s/F1sfC9rpg8uzADLLfo97jS> | https://protect-us.mimecast.com/s/yZQ5C0R2LgFkQpqquDbDqA<https://protect-us.mimecast.com/s/Ub9tCgJx25hqKDOOs2CExc>



From: Petrie, Andrew J. <petriea@ballardspahr.com>
Sent: Wednesday, December 4, 2019 9:06 PM
To: Ben D. Rothstein <BRothstein@keker.com>
Cc: ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; jacobsh@ballardspahr.com; robbinsn@ballardspahr.com; weisserte@ballardspahr.com; auerbachb@ballardspahr.com; wallaces@ballardspahr.com
Subject: SRSA v. PNC

[EXTERNAL]
_____
Ben –

Thank you for providing the redacted version of the SRSA Motion for Preliminary Injunction, and for the courtesy of the highlighted version showing the redactions.

Pursuant to Sections 5.1 and 6.2 of the Stipulated Protective Order [ECF no. 40], I attach defendants' challenge to those designations.

Regardless of the dispute over the propriety of those redactions, what the limited redactions you have provided demonstrate is that there was not a good faith basis on which to designate the entire Motion for Preliminary Injunction

4

as AEO.  Because SRSA has blocked PNC's ability to discuss the motion with any of its business personnel, we will require an additional week in which to respond to the motion – that one week to accommodate the delay between the Wednesday filing and the late Tuesday evening disclosure of the proposed redactions.

Please advise by no later than 5:00 pm EST on Thursday whether SRSA will agree to this request for an extension of time to respond to the pending motion.  Absent your agreement, PNC and the other defendants will be moving for an extension of the time in which to respond to the Motion for Preliminary Injunction to Friday, December 23.

Thank you.

-       Drew


Andrew J. Petrie

[https://protect-us.mimecast.com/s/ko1nCjRv82FYDVKKc7S19E]<https://protect-us.mimecast.com/s/yJhCCkRw75FkAP88uJMLMc>




1225 17th Street, Suite 2300
Denver, CO 80202-5596<https://protect-us.mimecast.com/s/LQS0ClYv7Ou1mj00cYflDp>
303.299.7339<tel:303.299.7339> direct
303.296.3956<tel:303.296.3956> fax



<https://protect-us.mimecast.com/s/GeShCmZ2ywup89BBtNkRsG,,,,>



petriea@ballardspahr.com<mailto:petriea@ballardspahr.com>
vcard<https://protect-us.mimecast.com/s/m20QCn5YOZiXgkAAC01jZR>



https://protect-us.mimecast.com/s/kKwKCo2vyYsD5Qjju2jYYm<https://protect-us.mimecast.com/s/yJhCCkRw75FkAP88uJMLMc>

5