**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**PLAINTIFFS' MOTION TO FILE MATERIALS UNDER RESTRICTION LEVELS 1
AND 2 UNDER D.C. COLO. L CIV. R 7.2**

---

1358346

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................... 3

   A.     Description of documents and restriction level sought. .................................... 3

      1.   SRSA's Preliminary Injunction Motion. ................................................. 3

      2.   Exhibits to the Ybarra Declaration. ......................................................... 4

      3.   Crain Declaration and Exhibits................................................................. 8

      4.   Exhibits to Lee Declaration. ...................................................................... 9

      5.   Sisk Declaration and Exhibits................................................................... 9

      6.   Lane Declaration and Exhibits. .............................................................. 10

      7.   Colthup Declaration and Exhibits........................................................... 10

      8.   Koenig Declaration and Exhibits............................................................ 11

   B.     SRSA's interest in the protection of its confidential and HC-AEO information

   outweighs the presumption of public access............................................................ 12

   C.     There is no practicable alternative to restriction. ......................................... 14

III.  CONCLUSION....................................................................................................... 15

Under D.C.COLO.LCivR 7.2, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") respectfully request that the Court order Level 2 restriction over the Plaintiffs' Motion for Preliminary Injunction (ECF 86) and Level 2 or Level 1 restriction over certain supporting declarations and exhibits as detailed in this motion.

## I.     INTRODUCTION

SRSA brings this action against Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas (collectively "Defendants") for their misappropriation of SRSA's trade secrets, breach of contract, and other tortious conduct that has caused and continues to cause immediate and irreparable damage to SRSA.

To govern the production of confidential and trade-secret information during this litigation, the Court entered the parties' Stipulated Protective Order ("PO"). (ECF 40.) The PO sets out two tiers of information: "Confidential" and "Highly Confidential- Attorneys' Eyes Only" (HC-AEO). Documents designated "Confidential . . . contain or otherwise reference confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made." (*Id.* ¶2.2.) Documents designated HC-AEO are "extremely sensitive" and "contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id.* ¶2.7.) Pursuant to the PO, "A document containing "Confidential" Information shall be filed

1

under Level 1 restriction. A document containing "HC-AEO" Information shall be filed under Level 2 restriction." (*Id.* ¶10.)   SRSA seeks to restrict public access to three categories of documents related to its Preliminary Injunction Motion.

*First*, as detailed in its Preliminary Injunction Motion, SRSA alleges that Defendants misappropriated SRSA's trade secrets.   In order to demonstrate the necessity for issuing a Preliminary Injunction, SRSA has filed documents containing or describing it trade secrets and other highly confidential, proprietary information that was designated as "HC-AEO" under the PO.   Pursuant to the PO and in order to maintain the confidentiality of this valuable information, SRSA seeks Level 2 restriction for such information, limiting ECF access to SRSA as the filing party and the Court.   SRSA has separately served Defendants' counsel with copies of all Level 2 restriction filings, which can be shared with designated PNC in-house counsel and the individual defendants pursuant to the PO.

*Second*, in support of its Motion, SRSA has also filed documents it designated as "Confidential" under the PO because they relate to non-public and confidential internal SRSA personnel information, policies and procedures, and competitive information.   Pursuant to the PO and in order to maintain the confidentiality of these documents, SRSA seeks Level 1 protection of such information.

*Third*, in support of its Motion, SRSA has filed PNC documents—designated as "HC-AEO" and "Confidential"—that demonstrate Defendants' misappropriation of SRSA's trade secrets. Pursuant to the PO, SRSA seeks Level 2 restriction for documents PNC designated "HC-AEO" and Level 1 restriction for documents PNC designated as "Confidential."

2

SRSA has narrowly tailored its request to restrict access only to the specific portion of SRSA-produced documents containing SRSA's trade secrets and confidential information and requests that many documents be redacted rather than sealed entirely.  Upon request and to aid in the Court's review of this motion, SRSA can provide the Court with highlighted versions of SRSA's Preliminary Injunction Motion and supporting declarations that identify the precise words it seeks to redact. To ensure public access to the court proceedings, SRSA will file public redacted versions pursuant to the Court's order on this motion.[1]

## II.    ARGUMENT

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

> (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

### A.    Description of documents and restriction level sought.

#### 1.    SRSA's Preliminary Injunction Motion.

| Document(s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
|  |  |
| [ECF 86] SRSA's Preliminary Injunction Motion | Because SRSA's Preliminary Injunction Motion contains a combination of SRSA Confidential and HC-AEO materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials. |

---

[1] Pursuant to D.C.COLO.LCivR 7.1, on December 6, 2019, SRSA sent a description of the specific portions of the documents SRSA seeks to restrict to Defendants' counsel.  Defendants' counsel stated he did not have adequate time to review the portions identified but opposed sealing SRSA's Preliminary Injunction Motion for the reasons identified in Defendants' motion for an extension (ECF 104).

| | |
|---|---|
| | HC-AEO<br>P.21[2] ¶3, lines 19-20; P.22 ¶1, lines 1-3: portions reflecting SRSA trade secret customer information incorporated into PNC's customer list.<br>P.26 ¶2, lines 10-12: portions reflecting SRSA's trade secret pricing strategy.<br>P.28 ¶2, lines 7-10, 17-18; P.29 ¶¶1-2, lines 2-3, 5, 10, 14, 17, 19-20: portions reflecting SRSA's trade secret Deal Dashboard, ACP, and Pre-Closing Solicitation product development strategy.<br><br>Confidential<br>P.9 ¶3, lines 16-17: portions discussing confidential information regarding Clearinghouse product development.<br>P.12 ¶¶1-2, lines 2-4; 14-15: portions discussing confidential information regarding SRSA's internal policies and customer lists.<br>P.14 ¶2, line 11: portions discussing confidential information regarding Kelly's SRSA compensation.<br>P.21 ¶ 2, lines 10-11: portions regarding confidential customer list.<br>P.29 ¶2, line 22: non-public evaluation of product success. |

## 2.    Exhibits to the Ybarra Declaration.

| Document(s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
| | **Level 2 Restriction** |
| [ECF 100] Ex. 1 | Because Ex. 1 contains a combination of SRSA Confidential and HC-AEO materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials.<br><br>HC-AEO: Discusses customer feedback that informed SRSA's trade secret product development strategy:<br>129:6-132:24<br>136:13-25<br><br>Confidential: non-public information regarding prior deposition testimony and SRSA's competitive intelligence:<br>8:19-20<br>133:17-134:22 |

---

[2] Except for references to deposition transcripts, all page numbers in the motion refer to the ECF page number of the document.

1358346

| [ECF 100-1] Ex. 5 | Discusses SRSA's trade secret Deal Dashboard product development strategy: 142:13-144:8. |
|---|---|
| [ECF 100-2] Ex. 6 | SRSA's trade secret customer list: p.4-22. |
| [ECF 100-3] Ex. 7 | Discusses SRSA's trade secret product development, pricing strategies, and customer information: 107:3-19; 109:5-14, 109:19-110:2; 149:25-153:7; 184:4-186:24; 190:20-194:2; 230:8-233:1.<br><br>PNC designated HC-AEO: 182:11-184:3, 194:19-25, 195:4-6. |
| [ECF 100-5] Ex. 10 | Extremely sensitive correspondence regarding Tsarnas's termination: entirety. |
| [ECF 100-6] Ex. 11 | PowerPoint explaining how to build competing product that Kelly/Tsarnas drafted using SRSA trade secrets: p.4-7. |
| [ECF 94-4] Ex. 12 | PowerPoint explaining how to build competing product that Kelly/Tsarnas drafted using SRSA trade secrets: p.4-24.<br><br>PNC designated this document "Confidential" under the PO, but this designation does not adequately protect SRSA's trade secrets. |
| [ECF 100-7] Ex. 14 | SRSA's trade secret Payments Spreadsheet: p.4-22. |
| [ECF 100-8] Ex. 15 | SRSA's trade secret "Tender Admin Agreement": p.3-11. |
| [ECF 100-14] Ex. 51 | SRSA's fee schedule for a specific customer: entirety. |
| [ECF 100-15] Ex. 53 | Discusses SRSA's trade secret payment spreadsheet and imports process and procedures: 45:1-7; 47:6-48:18, 48:25-50:6, 52:2-56:25, and 74:13-88:25. |
| [ECF 101] Ex. 54 | Discusses customer preferences that informed SRSA's trade secret product development strategies and Payments Spreadsheet: entirety. |
| [ECF 101-1] Ex. 59 | Correspondence regarding SRSA's pricing strategy: entirety. |
| [ECF 101-2-101-3] Ex. 62 | SRSA's trade secret "Payments Product Specifications": entirety. |
| [ECF 101-4] Ex. 67 | PowerPoint detailing SRSA's trade secret business strategy: p.3-22. |
| [ECF 101-5] Ex. 68 | Correspondence regarding development of SRSA's Deal Dashboard: entirety. |
| [ECF 101-6] Ex. 69 | PNC template for its Deal Dashboard product incorporating SRSA's trade secret product development strategy: entirety<br><br>PNC designated this document "Confidential" under the PO, but this designation does not adequately protect SRSA's trade secrets. |

1358346

| [ECF 101-7] Ex. 73 | Because Ex. 73 contains a combination of SRSA Confidential and HC-AEO materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies Confidential versus HC-AEO information.<br><br>HC-AEO: Portions of the identified pages revealing names of SRSA's customers and trade secret customer information: p.265-297.<br><br>Confidential: Portions of the identified pages discussing confidential, personal, non-public information about SRSA's customers and contacts: p.214-264. |
|---|---|
| [ECF 101-8] Ex. 82 | SRSA's Deal Dashboard template: entirety. |
| [ECF 101-9] Ex. 84 | Product use case reflecting SRSA's trade secret product development strategy: entirety. |
| [ECF 101-11] Ex. 89 | PNC customer list incorporating SRSA's trade secret customer information: p.6-98<br><br>PNC designated this document "Confidential" under the PO, but this designation does not adequately protect SRSA's trade secrets. |
| [ECF 101-12] Ex. 99 | PNC customer list incorporating SRSA's trade secret customer information: p.4-96.<br><br>PNC designated this document "Confidential" under the PO, but this designation does not adequately protect SRSA's trade secrets. |
| [ECF 101-13] Ex. 102 | Discusses SRSA's trade secret customer information: p.4-9. |
| [ECF 101-14] Ex. 105 | SRSA's trade secret "Payments Product Specifications": entirety. |
| [ECF 101-15] Ex. 106 | SRSA's trade secret import procedures: entirety. |
| [ECF 101-16] Ex. 113 | List of confidential/proprietary SRSA documents Kelly wrongly retained: entirety. |
| [ECF 101-17] Ex. 114 | Because Ex. 114 contains a combination of PNC Confidential and SRSA HC-AEO materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the PNC Confidential versus SRSA HC-AEO information.<br><br>SRSA HC-AEO: SRSA's trade secret Letter of Transmittal: p.5-14.<br><br>PNC designated this portion of the document "Confidential" under the PO, but this designation does not adequately protect |

6

| | SRSA's trade secrets. |
| | PNC Confidential: p.2-4. |
| **Level 1 Restriction** | |
| [ECF 94-2] Ex. 4 | Discusses SRSA's internal policies and risk analysis: 9:19-10:2, 17:1-16, 17:22-18:15, 20:13-21:15, 21:25-24:25, 33:19-52:25. |
| [ECF 100-4] Ex. 8 | Non-public correspondence between Kelly and SRSA competitor: entirety. |
| [ECF 98-6] Ex. 103 | Non-public text messages between Kelly and an SRSA employee: entirety. |

Pursuant to the PO (ECF 40 ¶10), SRSA seeks Level 2 restriction over the following

Ybarra Declaration exhibits that PNC designated as "HC-AEO": [ECF 100-9] Ex. 20; [ECF 100-10] Ex. 21; [ECF 100-11] Ex. 24; [ECF 100-12] Ex. 40; [ECF 100-13] Ex. 48; [ECF 101-10] Ex. 88; [ECF 101-11] Ex. 89.

Likewise, SRSA seeks Level 1 restriction over the following documents that PNC designated "Confidential": [ECF 94] Ex. 2; [ECF 94-3] Ex. 9; [ECF 94-5] Ex. 13; [ECF 94-6] Ex. 16; [ECF 94-7] Ex. 22; [ECF 94-8] Ex. 23; [ECF 94-9] Ex. 25; [ECF 94-10] Ex. 26; [ECF 94-11] Ex. 27; [ECF 94-12] Ex. 28; [ECF 94-13] Ex. 29; [ECF 94-14] Ex. 30; [ECF 94-15] Ex. 31; [ECF 103-1] Ex. 32; [ECF 95-1] Ex. 33; [ECF 95-2] Ex. 34; [ECF 95-3] Ex. 35; [ECF 95-4] Ex. 36; [ECF 95-5] Ex. 37; [ECF 95-6] Ex. 38; [ECF 95-7] Ex. 39; [ECF 95-8] Ex. 41; [ECF 95-9] Ex. 42; [ECF 95-10] Ex. 43; [ECF 95-11] Ex. 45; [ECF 95-12] Ex. 46; [ECF 95-13] Ex. 47; [ECF 95-14] Ex. 49; [ECF 95-15] Ex. 50; [ECF 96] Ex. 52; [ECF 96-1- 96-3] Ex. 55 (Parts 1-3); [ECF 96-4] Ex. 56; [ECF 96-5] Ex. 57; [ECF 96-6- 96-7] Ex. 58 (Parts 1-2); [ECF 96-8] Ex. 60; [ECF 96-9] Ex. 61; [ECF 96-10] Ex. 63; [ECF 96-11] Ex. 64; [ECF 96-12] Ex. 65; [ECF 96-13] Ex. 66; [ECF 96-14] Ex. 70; [ECF 96-15] Ex. 71; [ECF 97] Ex. 72; [ECF 97-1] Ex. 74; [ECF 97-2] Ex. 75; [ECF 97-3] Ex. 76; [ECF 97-4] Ex. 77; [ECF 97-5] Ex. 78; [ECF 97-6] Ex. 80; [ECF 97-7] Ex. 81; [ECF 97-8] Ex. 85; [ECF 97-9] Ex. 86; [ECF 97-10] Ex. 87; [ECF 97-11] Ex. 90;

7

[ECF 97-12] Ex. 91; [ECF 97-13] Ex. 92; [ECF 97-14] Ex. 93; [ECF 97-15] Ex. 94; [ECF 97-13]

Ex. 92; [ECF 98] Ex. 95; [ECF 98-1] Ex.96; [ECF 98-2] Ex.97; [ECF 98-3] Ex.98; [ECF 98-4]

Ex.100; [ECF 98-5] Ex.101; [ECF 98-6] Ex.103; [ECF 98-7] Ex.104; [ECF 98-8] Ex.107; [ECF

99] Ex.108; [ECF 99-1] Ex.109; [ECF 99-2] Ex.110; [ECF 99-3] Ex.111; [ECF 99-4] Ex.112.

### 3.    Crain Declaration and Exhibits.

| Document(s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
| **Level 2 Restriction** | |
| [ECF 73] Crain Declaration | ¶17: quoting PowerPoint explaining how to build competing product that Kelly/Tsarnas drafted using SRSA trade secrets.<br><br>P.13: portion of image revealing SRSA customer names and project information.<br><br>¶¶33-36: portions revealing SRSA customer information, names, and projects.<br><br>¶41: excerpts of "HK contacts" containing trade secret SRSA customer information.<br><br>P.29-30: excerpts of SRSA's trade secret Payments Spreadsheet. |
| [ECF 73-2] Ex. K | PowerPoint explaining how to build competing product that Kelly/Tsarnas drafted using SRSA trade secrets: p.3-20. |
| [ECF 73-3] Ex. T | SRSA's trade secret "Payments Product Specifications": entirety. |
| [ECF 73-4] Ex. U | SRSA's trade secret "Imports Process and Procedures": entirety. |
| [ECF 73-5] Ex V and [ECF 73-6] Ex W | Excerpts of "HK contacts" containing trade secret SRSA customer information: entirety. |
| [ECF 73-7] Ex. X | Discusses SRSA customer information: entirety. |
| [ECF 73-8, 9, 10, 13] Exs. Y, Z, AA, AD | Reveals SRSA's trade secret customer information and third-party confidential information: entirety. |
| [ECF 73-11] Ex. AB and [ECF 73-12] Ex. AC | Versions of "HK contacts" containing trade secret SRSA customer information: entirety. |
| [ECF 73-14] Ex. AE | Trade secret SRSA template agreement: entirety. |
| [ECF 73-15] Ex. AF | SRSA's trade secret Payments Spreadsheet: entirety. |
| [ECF 73-16] Ex. AG | Trade secret memorandum regarding SRSA's Clearinghouse product: entirety. |
| [ECF 73-17] Ex. AH | Internal SRSA forms: p.1-4. |
| [ECF 73-18] Ex. AJ | Internal SRSA pricing/earnings calculator: entirety. |

8

| [ECF 73-19] Ex. AK | Trade secret template agreement: entirety. |
| --- | --- |
| [ECF 73-22] Ex. AV | File names revealing SRSA client information, product development strategy, or confidential employee information: rows 23, 24, 26, 32 57, 82, 83, 87, 92, 94, 110, 111, 119, 94, 119, 156. |
| **Level 1 Restriction** | |
| [ECF 72-2, 3, 4, 5, 7, 8, 11, 12, 13, 14, 15] Exs. C, D, E, F, H, I, N, O, P, Q, R | Correspondence between Kelly, Tsarnas, and various potential employers: entirety. |
| [ECF 72-1, 6] Exs. B, G | Discusses non-public SRSA competitive intelligence: entirety. |
| [ECF 72-9] Ex. J | Discusses Tsarnas's SRSA compensation: entirety. |
| [ECF 73-1] Ex. L | Confidential comparisons between SRSA and competitors: p.4. |
| [ECF 72-16] Ex. S | Discusses Kelly's PNC employment and salary information: entirety. |
| [ECF 72-17] Ex. AI | Reveals third-party confidential information: entirety. |
| [ECF 72-18] Ex. AL | Reveals non-public information about Kelly's use of Wi-Fi areas to access SRSA materials: entirety. |
| [ECF 72-19, 20, 21, 22, 23, 24, 25 ] Exs. AM, AN, AO, AP, AQ, AR, AS | PNC designated these documents "Confidential" under the PO. These PNC documents also incorporate SRSA's confidential payments information: entirety. |

### 4.   Exhibits to Lee Declaration.

| Document | Portion SRSA Seeks to Seal and Restriction Level Sought |
| --- | --- |
| **Level 1 Restriction** | |
| [ECF 75-1] Ex. 1 | Discusses Kelly's SRSA compensation: p.3-4, ¶1. |
| [ECF 75-2] Ex. 4 | Discusses Tsarnas's SRSA compensation: p.2, ¶1. |
| [ECF 75-3] Ex. 5 | Discusses non-public details of SRSA's investigation of Tsarnas's embezzlement: entirety. |
| [ECF 75-4] Ex. 7 | Discusses non-public information regarding Tsarnas's termination: entirety. |

### 5.   Sisk Declaration and Exhibits.

| Document(s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
| --- | --- |
| **Level 1 Restriction** | |
| [ECF 78] Sisk Declaration | Portions of the identified paragraphs discussing SRSA's confidential internal policies: ¶¶13-14, 19-20, 22. |
| [ECF 78-1] Ex. 1 | SRSA's non-public Employee Handbook: entire document except P.29 paragraph at "Non-disclosure of . . ."; P.33 paragraph at "Upon termination . . . " |
| [ECF 78-2] Ex. 2 | SRSA's non-public Corporate Information Security Policy: P.5, |

9

| | paragraph at "Identification/ Authentication" and P.6-9. |
|---|---|
| [ECF 78-3] Ex. 3 | Internal SRSA communication regarding compliance with training: P.3. |
| [ECF 78-5] Ex. 5 | SRSA's non-public Acceptable Use Policy: entirety. |
| [ECF 78-6] Ex. 6 | SRSA's non-public Compliance and Supervisory Procedures Manual: entirety except for P.21, paragraph H at "Confidential Information . . ." |
| [ECF 78-7] Ex. 7 | Internal IT department communication regarding Kelly's SRSA MacBook: entirety. |

### 6.      Lane Declaration and Exhibits.

| Document(s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
| **Level 2 Restriction** ||
| [ECF 82] Lane Declaration | Because the Lane Declaration contains a combination of SRSA Confidential and HC-AEO materials, SRSA seeks Restriction Level 2. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials.<br><br>HC-AEO:<br>Portions of the following paragraphs that:<br>¶¶3-4: reveal information about SRSA's trade secret customer lists.<br>¶¶9-16, 18-24: reveal SRSA's trade secret customer information, and third-party confidential information.<br>¶¶25, 27-28: reveal SRSA's customer relationships and business development strategy.<br><br>Confidential<br>¶¶26, 28: portions revealing SRSA's non-public competitive intelligence and profitability forecasts. |
| [ECF 82-1] Ex. 1 | SRSA's trade secret customer list: entirety. |
| [ECF 82-2] Ex. 2 | Internal communications discussing competitive intelligence: P.2. |
| [ECF 82-3 – 82-12] Exs. 3-12 | Correspondence and records revealing SRSA's trade secret customer information and third-party confidential information: entirety. |

### 7.      Colthup Declaration and Exhibits.

| Document (s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
| **Restriction Level 2** ||
| [ECF 84] Colthup Declaration | Portions of the following paragraphs that:<br>¶¶8, 11, 13-14: discuss product development strategies. |

10

| | |
|---|---|
| | ¶19: discuss preparation of SRSA's trade secret LOT document.<br>¶¶25-33, 37: discuss SRSA's trade secret Payments Spreadsheet and SRSA's development of the spreadsheet.<br>¶¶42-43, 44: describe trade secret legal and financial structure of ACP.<br>¶¶47, 48, 50-54, 56, 57, 59: describe SRSA's trade secret Deal Dashboard product strategy and development.<br>¶¶60, 62-63: describe SRSA's trade secret payment processing methods.<br>¶¶64-65: describe SRSA's trade secret back-end data systems. |
| [ECF 84-1] Ex. 3 | SRSA's trade secret LOT form: entirety. |
| [ECF 84-2] Ex. 6 | SRSA's trade secret Payment Spreadsheet: p.4-22 |
| [ECF 84-3] Ex. 7 | Because Ex. 7 contains a combination of PNC Confidential and SRSA HC-AEO materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the PNC Confidential versus SRSA HC-AEO information.<br><br>HC-AEO: SRSA's trade secret Payment Spreadsheet: p.5-16.<br>PNC designated this document "Confidential" under the PO, but this designation does not adequately protect SRSA's trade secrets.<br><br>PNC Confidential: p.2. |
| [ECF 84-4] Ex. 8 | Internal SRSA training presentation revealing trade secret ACP product development information: entirety. |
| [ECF 84-5] Ex. 9 | SRSA's Deal Dashboard product template: entirety. |
| [ECF 84-6, 7] Ex. 10 (Parts 1 & 2) | SRSA's trade secret Payments Product Specification: entirety. |
| [ECF 84-8, 10] Ex. 11 (Parts 1-3) | SRSA's trade secret Imports Process and Procedures document: entirety. |

## 8.    Koenig Declaration and Exhibits.

| Document (s) | Portion SRSA Seeks to Seal and Restriction Level Sought |
|---|---|
| | **Level 2 Restriction** |
| [ECF 80] Koenig Declaration | Because the Koenig Declaration contains a combination of SRSA HC-AEO and Confidential materials, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials.<br><br>HC-AEO:<br>Portions of the following paragraphs that:<br>¶6: reveal SRSA's confidential product development strategies |

11

| | |
|---|---|
| | ¶¶13-16, 18-20: reveal SRSA's trade secret pricing strategy.<br>¶¶23-26: reveal SRSA's trade secret customer information.<br>¶¶39-41: reveal SRSA's trade secret business strategy for Deal Dashboard.<br><br>Confidential:<br>Portions of the following paragraphs that:<br>¶6: discuss SRSA's non-public evaluation of product success.<br>¶9: discuss SRSA's non-public competitive intelligence.<br>¶¶14, 18: reveal non-public information about SRSA's bidding strategy.<br>¶17: reveal confidential information about SRSA's customer relationships and pricing.<br>¶28: reveal non-public discussion topics at SRSA's executive team meetings. |
| [ECF 80-1] Ex. 1 | SRSA's trade secret pricing matrix: entirety. |
| [ECF 80-2] Ex. 2 | SRSA's trade secret customer list: entirety. |

**B.    SRSA's interest in the protection of its confidential and HC-AEO information outweighs the presumption of public access.**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). However, in a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of an action.").

Here, SRSA seeks Level 2 restriction over documents that discuss SRSA's trade secrets, including its pricing strategies, product development strategies, technical templates and

specifications, and customer information. The public disclosure of SRSA's trade secrets would allow other competitors to replicate SRSA's technology, which SRSA spent substantial resources to develop and provides it a competitive marketplace advantage. In such cases, restriction is appropriate lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (the public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor."). Since Defendants in this case are competitors that have already misappropriated SRSA's trade secrets, Restriction Level 2 is critical to ensure PNC is not given (further) access to SRSA's trade secrets.

In addition, Courts have recognized that disclosure of trade secret information such pricing information and strategies, customer lists, institutional customer information, and business strategies causes significant competitive harm. *See, e.g.*, *GoPro Hong Kong v. 2b Trading, Inc.*, 2017 U.S. Dist. LEXIS 27380, at *2 (N.D. Cal. Feb. 27, 2017) ("[P]ricing terms, royalty rates, and guaranteed minimum payment terms in a license agreement . . . are trade secrets used in the party's business, conferring an opportunity to obtain advantage over competitors who do not know or use them." (citations omitted)); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers").

SRSA seeks Level 1 restriction over numerous other documents that contain non-public and confidential information relating to SRSA's internal policies, templates, procedures and risk assessments, employment agreements, compensation, and termination, and competitive intelligence. SRSA keeps this information confidential and does not disclose it publicly. If disclosed, such information would grant SRSA's competitors a competitive advantage. *See e.g., Benedict v. Hewlett-Packard Co.*, 2016 WL 3568922, at *3 (N.D. Cal. July 1, 2016) (granting sealing request to seal documents related to employee salaries); *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 2017 WL 870400, at *4 (D.N.J. Mar. 3, 2017) (granting request to seal non-standard contractual forms and terms).

### C.   There is no practicable alternative to restriction.

SRSA has narrowly tailored its requests to seal. No practical alternative to Level 1 and Level 2 restriction exists because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). However, in recognizing the public value of access this Court's records, SRSA will file publicly available, redacted, versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

14

Moreover, the early stage of this action weighs in favor of restricting access to the documents. *See, e.g., GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 1248114, at *24 (E.D. Va. Apr. 30, 2009) ("[T]he [c]ourt finds that at this early stage of the litigation it is appropriate to seal the entire [agreement].").

**III.**      **CONCLUSION**

For the reasons stated above, SRSA respectfully requests the Court order the above-referenced documents be maintained as Level 2 and Level 1 restriction. SRSA submits, along with its motion, a proposed Order.

Respectfully submitted,

Dated: December 9, 2019

By:   *s/ Maya Karwande*
        Warren A. Braunig
        *wbraunig@keker.com*
        Michelle S. Ybarra
        *mybarra@keker.com*
        Benjamin D. Rothstein
        *brothstein@keker.com*
        Maya Karwande
        *mkarwande@keker.com*
        Victor H. Yu
        *vyu@keker.com*
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone:       415-391-5400
        Facsimile:       415-397-7188

15

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:        303 863 9700
Facsimile:        303 863 0223
Email:     litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

## Compliance With Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set

forth in Judge Domenico's Practice Standard III.A.2.

1358346