# Exhibit 7

JONATHAN A. PATCHEN
ATTORNEY
jpatchen@taylorpatchen.com

TAYLOR & PATCHEN, LLP

March 9, 2018

**VIA E-MAIL and FEDEX**

Gregory B. Jordan
General Counsel & Chief Admin. Officer
The PNC Financial Services Group
The Tower at PNC Plaza
300 Fifth Avenue
Pittsburgh, PA 15222-2401
Email: greg.jordan@pnc.com

Re:   **SRS Acquiom, Inc. Employment Agreements with Heather Kelly and Alex Tsarnas**

Dear Mr. Jordan:

We write on behalf of SRS Acquiom, Inc. ("SRS"). It has come to SRS's attention that PNC recently hired, or intends to hire, one of its current employees, Heather Kelly (aka Heather VanderLinden), and one if its former employees, Alex Tsarnas. We are writing to advise you of SRS's concerns in this regard.

First, both Ms. Kelly and Mr. Tsarnas are subject to employment agreements that, among other things, require them not to solicit employees or customers of SRS for a period of one year following their respective terminations of employment. SRS intends to vigorously monitor their behavior over the coming year and will aggressively pursue legal remedies available to us should there be any violation of these terms. In this regard, SRS has reason to believe that Mr. Tsarnas has already breached his employee non-solicitation obligations in the recruiting of Ms. Kelly. While SRS does not currently believe that PNC was involved in such a breach, SRS now expects that PNC Bank, being aware of these terms, will take no action to be complicit in causing any breach by such individuals of their contractual obligations.

Second, as a result of their employment at SRS, Mr. Tsarnas and Ms. Kelly had access to substantial amounts of SRS's confidential and trade secret information. In SRS's view, it is extremely difficult, if not impossible, for either Mr. Tsarnas or Ms. Kelly to perform their new jobs without inevitably disclosing such information given the level of knowledge of trade secrets and proprietary information each possesses about SRS and its clients. To this end, SRS would like to discuss with you what steps PNC has implemented, or plans to implement, to eliminate these risks.

Taylor & Patchen, LLP

March 9, 2018
Page 2

In this regard, SRS's concern regarding inevitable disclosure is heightened not only because of Mr. Tsarnas's breach of his non-solicitation clause, but because of the facts surrounding Mr. Tsarnas's termination. In particular, you should be aware that Mr. Tsarnas was terminated for cause by SRS. The cause for his termination was his incorrect submission of numerous expense reports over a period of years that resulted in him being paid tens of thousands of dollars to which he was not entitled. Mr. Tsarnas used company credit cards to pay for expenses and then submitted those same expenses for reimbursement and kept the cash. A report stating the reason for this termination was filed with FINRA and is publicly available. We believe Mr. Tsarnas took these actions knowingly, and while SRS intends to vigorously pursue its rights in this regard, we are confident you can understand why these facts give SRS concern regarding whether Mr. Tsarnas will comply with his continuing obligations to SRS.

Please contact me promptly so that we may discuss these matters further.

Very truly yours,

Jonathan A. Patchen

cc:   Paul Koenig, CEO
      Sean Arend, General Counsel