**EXHIBIT 1**

**Archived:** Thursday, December 12, 2019 3:45:43 PM
**From:** Robbins, Noah (Phila)
**Sent:** Tuesday, November 5, 2019 2:52:21 PM
**To:** Ben D. Rothstein
**Cc:** Wallace, Sarah B (Denver); Petrie, Andrew J. (Denver); Jacobs, Hara K. (Phila); Auerbach, Brian (Phila); ACQUIOM-KVP; sbialecki@sheridanross.com; 'Matt Miller'
**Subject:** RE: SRSA v. PNC
**Sensitivity:** Normal

---

Ben,

As I explained last week, we are amenable to permitting the requested searches in a reciprocal manner.  To that end, I understood that you would be investigating whether SRS even collected text and other IM-type methods of communication as part of its search given SRS's failure to produce any such documents notwithstanding the testimony of its witnesses.  We look forward to the receipt of this information.

As to Topic 8, we prefer neither option and instead insist on an option where SRS complies with its discovery obligations.  I asked you to provide dates during the week of November 18 so that we could ascertain whether a member of the Ballard team was available on specifically proposed dates.  You have instead offered to make a witness available during the week of December 2.  This is unacceptable.  We will not allow our briefing time to be disrupted due to SRS's failure to timely present a witness within the discovery period (which has already been extended multiple times at SRS's request).  Should we not receive proposed dates from you for the week of November 18, SRS will have left us with no choice but to unilaterally choose a date.

Moreover, we do not understand your suggestion that the witness designated on this topic will likely be an expert witness.  We have not received any expert witness disclosures from SRS, including the required report.  To the extent SRS intends to have an expert witness designated on this topic, and given that the deposition must occur no later than the week of November 18, please provide the required disclosure and report by close of business on Friday.

Noah

**Noah S. Robbins**

**Ballard Spahr**
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 direct
215.864.8999 fax

robbinsn@ballardspahr.com
vcard

--------------------------------
www.ballardspahr.com

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Saturday, November 2, 2019 2:48 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Auerbach, Brian (Phila) <AuerbachB@ballardspahr.com>; ACQUIOM-KVP

<ACQUIOM-KVP@keker.com>; sbialecki@sheridanross.com; 'Matt Miller' <mmiller@sheridanross.com>
**Subject:** SRSA v. PNC

\u9888 ? **EXTERNAL**

Hi Noah,

I wanted to follow up regarding two items from our meet and confer call yesterday.

First, regarding our request for forensic analysis of Tsarnas and Kelly text messages, we explicitly sought "communications, including but not limited to text messages," between Kelly and Tsarnas, dated between October 1, 2017 and March 31, 2018, as well as "communications, including but not limited to text messages, between [each of them] and any then-current SRSA employee." Defendants agreed to produce responsive communications. Ms. Kelly testified that she had engaged in text message communications with Mr. Tsarnas during that period. Mr. Tsarnas also testified that he often engaged in text message conversations with Ms. Kelly and that the two often discussed "emotional" topics. But we have not seen in Defendants' productions, any text communications in and around the period when Mr. Tsarnas was terminated and Ms. Kelly was contemplating leaving SRSA, though they initiated a What's App text thread in early March 2018 in part because Ms. Kelly was worried about someone ultimately reading her text messages. Ms. Kelly also testified that she may have deleted text messages between her and Mr. Tsarnas at some point. She further testified that she had engaged in text messages with Luda Semenova but may have deleted those as well. Nor have Defendants produced any text messages between Tsarnas or Kelly and Ms. Semenova from the period when Ms. Semenova was still employed at SRSA. If any other responsive text messages exist between Kelly, Tsarnas, and/or Semenova, please produce them at once and explain why they were not previously produced. If they do not exist, please explain the circumstances by which they were deleted and agree that Forensic Pursuit may conduct the searches we requested in order to determine if any information relating to such text messages exists on the relevant devices in FP's custody.

Second, regarding Defendants' Topic 8: This topic—the "factual basis for SRSA's allegation that PNC Paid incorporates or otherwise misappropriates SRSA's alleged trade secrets"—calls for testimony about how SRSA information was incorporated into PNC's competing software platform. Other than the factual allegations described in the First Amended Complaint, Topic 8 calls for information that is not known to any SRSA employee. Any information about which an SRSA employee would testify would be information learned from counsel or as a result of expert analysis. Accordingly, we continue to believe that putting up an SRSA employee on this topic is nonsensical and a waste of time for both parties. We have offered to provide the equivalent of an interrogatory response that identifies the factual basis you seek, and are prepared do so by November 25. Alternatively, we are prepared to designate a witness (likely an expert witness) to testify as SRSA's 30b6 deponent on this topic and make the witness available for deposition the week of December 2. Please let us know which option Defendants prefer.

Please respond to both of these issues by COB on Tuesday, November 5.

Regards,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com