**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**SUPPLEMENTAL DECLARATION OF ANDY CRAIN IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

I, Andy Crain, declare and state as follows:

1.      The following facts are true and of my own personal knowledge, except where stated on information and belief.  If called as a witness, I could and would testify competently to the facts set forth herein.

2.      On November 25, 2019, I previously submitted a declaration in support of Plaintiffs' Motion for Preliminary Injunction in this matter ("the November 25 Declaration").

3.      I understand that Defendants have claimed that SRSA was required to disclose me as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2). I also understand that counsel for SRSA has reminded Defendants that Rule 26(a)(2) does not require a disclosure of expert testimony at this stage of the litigation. Nonetheless, in case the Court should consider the November 25 Declaration as an event that requires a Rule 26 disclosure, counsel for SRSA have asked me to provide this supplemental declaration identifying where the requisite Rule 26 disclosures were made in the November 25 Declaration or providing them herein.

4.      As summarized in section IV of my November 25 declaration and reflected throughout my declaration, the November 25 Declaration provided a complete statement of all opinions I will express for purposes of SRSA's preliminary-injunction motion with respect to the documents produced in discovery to that point. As stated in paragraph 4 of the November 25 Declaration, however, my analysis in this matter is ongoing and I reserve the right to amend, alter, or supplement my findings based on new evidence that may be uncovered.

5.      Section III of the November 25 Declaration, titled "Assumptions and Materials Considered," identified the facts and data I considered. In addition, the November 25 Declaration described and attached the exhibits I relied on.

1

6.     Section II of the November 25 Declaration, titled "Qualifications," and Exhibit A to that declaration, my curriculum vitae ("CV"), described my qualifications. As stated in paragraph 5 of the November 25 Declaration, my CV listed publications I have authored. I have authored no publications in the past ten years, and thus none were referenced in my CV.

7.     My CV also identified other matters I have been retained for, including matters for which I have provided testimony as an expert at trial or in deposition since 2002.  More specifically, as already stated at pages 5 and 6 of my CV, I have testified as an expert at trial or in a deposition in the following matters during the previous four years:

- *CTC Global Corp. v. Jason Huang, et al.*, Case No. 8:17-cv-022002-AG-KES (C.D. Cal.);

- *Waymo LLC v. Uber Techs., Inc., et al.*, Case No. 3:17-cv-00939-WHA (N.D. Cal.);

- *A.H. Lundberg Assoc., Inc. v. TSI, Inc.*, Case No. 14-CV-01160-JLR, (W.D. Wash.); and

- *Move, Inc. et al. v. Zillow, Inc., et al.*, Case No. 14-2-07669-0 SEA (Wash. Super. Ct.).

8.     Finally, the November 25 declaration inadvertently did not recite my hourly rate. For my study of the materials in the case as well as any testimony I may provide, my billable rate is $550 per hour. My compensation is in no way contingent on the outcome of this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed December 19, 2019 in Lake Oswego, OR.

*s/ Andy Crain*
ANDY CRAIN