**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**DEFENDANTS' MOTION TO STRIKE THE DECLARATION AND EXHIBITS OF
ANDY CRAIN [ECF NOS. 70-71]**

---

Defendants PNC Financial Services Group, Inc. and PNC Bank N.A. (collectively

"PNC") as well as Defendants Heather Kelly and Alex Tsarnas (the "Individual Defendants"

and, collectively with PNC, the "Defendants") submit this motion to strike the improperly

proffered declaration of Andy Crain [ECF No. 70] submitted by plaintiffs SRS Acquiom Inc. and

Shareholder Representative Services LLC (collectively "SRSA") as an expert opinion in support

of their motion for preliminary injunction [ECF No. 88].

**I.**      **INTRODUCTION**

Despite numerous opportunities to disclose its intent to rely upon expert testimony at the

Preliminary Injunction Hearing, SRSA simply failed to do so. "Discovery is not supposed to be

a shell game, where the hidden ball is moved round and round and only revealed after so many

false guesses are made and so much money squandered." *Lee v. Max, Int'l*, 638 F.3d 1318, 1322

(10th Cir. 2011).  To the contrary, the "central purpose of pretrial discovery is to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible.'"  *Bautista v. MVT Servs.*, 2017 U.S. Dist. LEXIS 79752, at *11 (D. Colo. Mar. 20, 2017) (quoting in part *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)).  Clearly, SRSA could have disclosed its intention to retain a testifying expert during the lengthy negotiations between Defendants and SRSA concerning the timing and scope of expedited discovery.  Alternatively, SRSA could have disclosed its testifying expert when Defendants' counsel directly asked if SRSA intended to rely on an expert in this case.  SRSA, however, failed to disclose its expert at any time prior to filing its brief in support of its preliminary injunction motion – well after the close of expedited discovery in this case.

SRSA did not take advantage of these or numerous other opportunities to fulfill its affirmative disclosure obligations.  Instead, it waited until the filing of its motion for a preliminary injunction, which relies in large part on the undisclosed and untested opinions of Mr. Crain.  Mr. Crain, in turn, bases his opinions on information and documents that SRSA withheld from Defendants during discovery.  "Discovery of expert opinion must not be allowed to denigrate into a game of evasion."  *Tenbarge v. Ames Taping Tool Sys.*, 190 F.3d 862, 865 (8th Cir. 1999) (holding that failure to provide meaningful opportunity to challenge expert testimony "resulted in a fundamental unfairness that requires us to order that he be granted a new trial").  SRSA's flagrant discovery violation is precisely the sort of gamesmanship that the Federal Rules of Civil Procedure were enacted to end.  SRSA failed to disclose a testifying expert, despite retaining him at least *four months* ago, and failed to produce the materials in discovery that he is relying upon, thus preventing Defendants from taking his deposition and having the ability to

properly rebut him.  SRSA's misconduct is unjustifiable and materially prejudices Defendants. Accordingly, this Court should strike Mr. Crain's declaration and preclude Mr. Crain's testimony in its entirety.

## II.     RELEVANT FACTUAL BACKGROUND

As SRSA oft repeats in its motions, upon initiation of the instant litigation, SRSA chose to forego filing a temporary restraining order on the condition that the parties commit to expedited discovery and briefing for the preliminary injunction motion.  [ECF No. 88 at 12; ECF No. 108 at 2].  The expedited scheduling order was highly negotiated, was submitted to this Court on July 25, 2019 [ECF No. 24], and was granted the next day. [ECF No. 26].  The scheduling order, in addition to setting a general briefing timeline, contained detailed instructions for: (1) returning SRSA documents; (2) drafting of a Forensic Protocol for certain party devices [ECF No. 43]; (3) scheduling of trade secret disclosures, discovery requests/objections, and initial witness disclosures under the Federal Rules, and (4) limiting the number and total time of depositions. [ECF No. 24-1].

Absent from the expedited scheduling order, as well as the surrounding negotiations, was any mention or discussion of the use of expert testimony.  While the scheduling order required initial disclosures to occur by August 9, 2019, the scheduling order did not contain any similar provision for the disclosure of experts or expert testimony. [*Id.*].  In SRSA's initial Rule 26(a)(1)(A) disclosures, SRSA stated: "**To the extent that SRSA intends to rely on expert witnesses, those individuals will be identified at a later date in accordance with Rule 26(a)(2) and any schedule set by the Court**." [Exhibit A at 2].  Yet, SRSA has made no such disclosures.  To date, neither SRSA nor Defendants have made any disclosure of experts under

Federal Rule 26(a)(2), no expert reports have been exchanged, no expert materials produced, and no expert depositions have been taken.

In fact, the **only** mention of a testifying expert was in a November 2, 2019 e-mail from Benjamin D. Rothstein, one of SRSA's counsel.  Mr. Rothstein, as part of SRSA's continued refusal to designate a witness in response to Topic 8 of Defendants' Rule 30(b)(6) notice despite Judge Crews' direction to do so, stated:  "Alternatively, we are prepared to designate a witness (likely an expert witness) to testify as SRSA's 30b6 [sic] deponent on this topic and make the witness available for deposition the week of December 2."  [Exhibit B].  Given that the expedited discovery order did not contemplate expert testimony and that SRSA had never disclosed expert testimony, Defendants' counsel sought to immediately clarify whether SRSA intended to offer expert testimony:

> Moreover, we do not understand your suggestion that the witness designated on this topic will likely be an expert witness.  We have not received any expert witness disclosures from SRS, including the required report.  To the extent SRS intends to have an expert witness designated on this topic, and given that the deposition must occur no later than the week of November 18, please provide the required disclosure and report by close of business on Friday.

[Exhibit C].  SRSA did not provide an expert disclosure and report by that Friday or anytime thereafter.  SRSA likewise never designated an expert to testify on its behalf in response to Defendants' Rule 30(b)(6) notice.

Nevertheless, included within Plaintiffs' voluminous preliminary injunction filing is a declaration from Andy Crain, a forensic expert [ECF No. 70], along with 47 supporting exhibits. [ECF Nos. 70-71].  Mr. Crain's declaration contains his expert opinion on a variety of topics, including forensic analysis of various laptops imaged as part of the Forensic Protocol, Ms.

4

Kelly's activities on her computing devices while at SRSA and PNC, Mr. Tsarnas's activities on his devices during the same time period, and analysis of several files Ms. Kelly allegedly took upon her departure from SRSA. [ECF No. 70]. Notably, Mr. Crain's declaration contains screenshots from SRSA's CrashPlan Account Interface, to which SRSA has not provided Defendants access, as well as conclusions made from other materials Mr. Crain "considered" but which SRSA has not produced to Defendants, namely two computer images and access to several of SRSA's online accounts. [*Id.* at 3, 11-12].

In attempting to ascertain whether the prejudice caused by SRSA's gross misconduct could be remedied, Defendants requested immediate access to the information relied upon by Mr. Crain and which SRSA has never produced. SRSA and its counsel apparently believed that the submission of an undisclosed expert's declaration, without an expert report, and without producing the underlying information had not imposed *enough* prejudice on Defendants. Without any justification, SRSA's counsel responded that Defendants' only option was to have Defendants' analysts fly to San Francisco, sit in a room without internet, and allow SRSA's attorneys to monitor their "compliance." [Exhibit B]. These draconian strictures were demanded even though the SRSA online accounts in question are cloud-based, can be accessed from any computer anywhere in the world, and the Parties already have a protective order in place which specifically provides for expert review of such documents. [ECF No. 40].

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure require early disclosure of expert testimony. "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  Unless otherwise ordered or stipulated, the

expert disclosure must be accompanied by a report containing certain proscribed information

(Fed. R. Civ. P. 26(a)(2)(B)).  "'The purpose of the expert disclosure rule is to 'provide opposing

parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for

expert testimony from other witnesses.'" *Rembrandt Vision Technologies, L.P. v. Johnson &*

*Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (quoting *Reese v. Herbert*, 527

F.3d 1253, 1265 (11th Cir. 2008)).

 Under Federal Rule 37(c), "[i]f a party fails to provide information or identify a witness

as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless."  "The determination of whether a Rule 26(a) violation is justified or

harmless is entrusted to the broad discretion of the district court."  *Woodworker's Supply, Inc. v.*

*Principal Mutual Life Insurance Company*, 170 F.3d 985, 993 (10th Cir. 1999). In

*Woodworker's*, the Tenth Circuit identified four factors the court should consider: (1) the

prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the

trial; and (4) the moving party's bad faith or willfulness. *Id.*

## IV.      THE DEFENDANTS WILL BE HARMED BY THE INCLUSION OF THE CRAIN DECLARATION

The Federal Rules' requirement for expert disclosures fully applies at the preliminary injunction stage.  See *Spurlock v. Fox*, No. 3:09-cv-0756, 2010 U.S. Dist. LEXIS 100366, at *16-17 (M.D. Tenn. Sep. 23, 2010) ("the compressed timeline for preliminary injunction proceedings does not permit parties to deviate indiscriminately from Rule 26(b)(2)(B) [now Rule 26(a)(2)]"); *see also S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv*., 257 F.R.D. 607, 611 (E.D. Cal. 2009) (applying expert disclosure requirements at preliminary injunction stage); *In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016, 2019 U.S. Dist. LEXIS 145490, at *23-33 (S.D. Ohio Aug. 27, 2019) (excluding expert declaration from preliminary injunction hearing where Rule 26(a)(2) requirements not met).  Here, the declaration of Mr. Crain should be stricken because SRSA provided the declaration with no warning or disclosure to Defendants (even when directly asked), the parties could have negotiated for disclosures, production of expert materials, rebuttal experts, and expert discovery had SRSA so chosen, and SRSA is further prejudicing Defendants (as opposed to attempting to mitigate the extant prejudice) by refusing to provide them reasonable access to the materials Mr. Crain relied upon but that were not materials SRSA had previously disclosed.  Moreover, SRSA had ample time to disclose Mr. Crain because it retained him not less than four months ago.[1]  All of these facts evidence that

---

[1]      SRSA's counsel requested that Mr. Crain be added to distributions from the parties' third-party forensic neutral, Forensic Pursuit, in August 2019.  [Exhibit E].  The fact that SRSA requested he receive that forensic information does not distinguish him from a consulting expert (as to which there are no disclosure or reporting requirements), and is a far cry from the requirement of timely and fulsome disclosures under Rule 26(b)(2) that are absent here.

SRSA's inclusion of Mr. Crain's declaration was neither justified nor harmless, requiring its exclusion under Rule 37.

### A. Mr. Crain's Declaration Contains Expert Testimony

While Mr. Crain's declaration and SRSA's preliminary injunction motion conspicuously fail to identify Mr. Crain as an expert, opinion testimony by any other name is still expert testimony. The Tenth Circuit has held that testimony provided by a witness is expert testimony if the testimony is "based on technical or specialized knowledge," regardless of whether the witness is designated as an expert or fact witness. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)). "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" *Id.* (*quoting Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)).

Mr. Crain dedicates an entire exhibit and several paragraphs in his declaration to a description of his years of experience as a forensic analyst and providing expert testimony. [ECF No. 70, ¶¶ 5-9 and Crain Exhibit A]. Experience in forensics is precisely the type of specialized knowledge that qualifies one as an expert. *See Gen. Steel Domestic Sales, Ltd. Liab. Co. v. Chumley*, Civil Action No. 10-cv-01398-PAB-KLM, 2012 U.S. Dist. LEXIS 55678, at *8 (D. Colo. Apr. 20, 2012) (witness held to be an expert when testimony depended upon "specialization in search engine marketing and forensic information technology analysis"); *United States v. Ganier*, 468 F.3d 920, 926-926 (6th Cir. 2006) (testimony that would "require [the witness] to apply knowledge and familiarity with computers and the particular forensic software well beyond that of the average layperson" fell within the scope of Rule 702); *Hanger*

*Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, No. 2:06-cv-2879-GEB-KJM, 2008 U.S. Dist. LEXIS 91373, at *8 (E.D. Cal. June 13, 2008) (testimony regarding reviewing recovered files and fragments previously deleted from devices was expert in nature); *McSweeney v. Kahn*, No. 4:05-CV-0132-HLM, 2008 U.S. Dist. LEXIS 111678, at *16 (N.D. Ga. Aug. 6, 2008) (testimony was expert in nature regardless of the fact that analyst was opining on common email program, as an average user of the program would not have the expertise necessary to undertake investigation opined on); *United States v. Yu*, 411 Fed.Appx. 559, 566-567 (4th Cir. 2010) (designating forensic analyst as an expert).  Mr. Crain's testimony falls well outside the realm of what an average computer user would be able to provide lay testimony on, and therefore, Mr. Crain is an expert for the purposes of the disclosure requirements under the Federal Rules.

### B.    Plaintiffs Willfully Failed to Disclose Andy Crain as an Expert

SRSA had multiple opportunities to disclose Mr. Crain as a testifying expert but willfully chose to keep Defendants in the dark.  Rule 26 is specifically designed to prevent one party from "sandbagging" an opposing party with new evidence in hopes of gaining a tactical advantage. *Rehberg v. City of Pueblo*, 281 F.R.D. 620, 627 (D. Colo. 2012).  In this case, Plaintiffs have engaged in the precise conduct the rule is intended to prevent.  Even though SRSA told Defendants in its initial disclosures that it would timely identify its experts in accordance with the Federal Rules, the first time Defendants learned Mr. Crain was proffering expert testimony was on November 26, 2019, upon receipt of SRS's preliminary injunction motion.  This is in spite of the fact that Defendants had previously inquired into SRSA's plans to use an expert, to which SRSA failed to respond.

Specifically, during negotiations concerning the designation of SRSA's Rule 30(b)(6) witness on the topic of SRSA's factual basis for asserting PNC PAID misappropriated trade secrets, SRSA's counsel raised the possibility that it would use an expert witness as SRSA's Rule 30(b)(6) deponent.  [Exhibit C at 4].  As set forth above, Defendants requested clarification because no expert witness had been disclosed and the required disclosures under Rule 26 (including a report) had not been made.  [*Id.* at 3].  Other than stating that SRSA was considering Defendants' position [*id.* at 2], SRSA made no further statements regarding its plans to use an expert and instead used Michael Perry, an SRSA executive, as its Rule 30(b)(6) deponent.

### C.       SRSA Could Have Agreed to Expert Discovery, But Declined

Every aspect of this litigation's expedited discovery has been carefully crafted and negotiated by the parties, down to the specific number of depositions to be taken, the time allowed for those depositions, as well as an extremely detailed Forensic Protocol that dictates the metes and bounds of acceptable discovery regarding forensic images in this cases.  SRSA, however, never sought to include experts within expedited discovery and never raised the prospect that expert discovery would be necessary during the expedited briefing process. Presumably, SRSA did not wish to subject itself to the additional burden of expert reports and depositions necessary to fulfill the requirements of Rule 26(a)(2).  Having eschewed that option, it cannot now backdoor in expert testimony through an unsanctioned declaration, when its inclusion clearly is meant to both surprise and preclude Defendants from the ability to defend against SRSA's allegations as expressly provided by the Federal Rules.

**D.     Defendants Have No Reasonable Opportunity to Cure the Prejudice Based on Mr. Crain's Surprise Expert Declaration and His Use of Unproduced Technical Evidence**

Courts have routinely struck improperly disclosed expert declarations in surprise situations such as these.  *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 958 (C.D. Cal. 2015) (striking expert declaration where opposing party given no notice as to expert identity and thus no opportunity to depose him "or otherwise test the veracity of his statements and opinions"); *Spurlock*, 2010 U.S. Dist. LEXIS 100366, at *17 (striking expert testimony where expert was disclosed but testified at preliminary injunction hearing to opinions not set forth in his report).

The prejudice in this case is especially manifest because SRSA's expert relies on evidence that Defendants do not have the ability to review, and which SRSA has not produced in this litigation.  "Before an attorney can even hope to deal on cross-examination with unfavorable expert opinion he must have some idea of the basis of that opinion and the data relied upon.  If the attorney is required to await examination at trial to get this information, he often will have too little time to recognize and expose vulnerable spots in the testimony."  *Smith v. Ford Motor Co.*, 626 F.2d 784, 799 (10th Cir. 1980) (quoting Friedenthal, Discovery and Use of an Adverse Party's Expert Information, 14 STAN. L. REV. 455, 486 (1962)).

Here, in addition to including undisclosed expert testimony in their motion, SRSA also allowed their undisclosed expert to use, consider, and opine on materials that were not disclosed or produced to Defendants.  In particular, Mr. Crain references the following "considered" materials in Paragraph 11 of his declaration:

1.      Access to a forensic image of Mr. Tsarnas' SRSA-issued MacBook (MD5 hash value 134248EAE1522511B2259A050D00C1A3);

2.      Access to Ms. Kelly's SRSA-issued GSuite account; and

3.      Access to Ms. Kelly's SRSA-issued CrashPlan cloud backup account (including access to the front-end of the CrashPlan interface).

Some of the items listed above were not merely "considered" by Mr. Crain, they were actively used as supporting evidence in his declaration.  For instance, Tables 3 and 4 in the Crain Declaration are screenshots taken by Mr. Crain of SRSA's CrashPlan Account Interface. [ECF No. 70 at 12-13].  Defendants have not been allowed access to the CrashPlan Account Interface, yet Mr. Crain had the ability to search it and take screenshots at his complete discretion.  Also troubling is the fact that Mr. Crain considered a forensic image in his declaration to which neither Defendants nor Forensic Pursuit—the parties' neutral forensic examiner—had access. Specifically, the unique MD5 hash value of the image of Mr. Tsarnas's laptop considered by Mr. Crain ends in "C1A3." [*Id.* at 3, nt. 2].  However, the forensic image provided to Forensic Pursuit was generated on April 4, 2016 (over three years before SRSA filed this litigation), and ends in a hash value "825F."  [Exhibit D at 2].  The different hash values, which are uniquely assigned to a particular image, evidence that Mr. Crain has considered evidence which Defendants have never been allowed to see and did not know existed.

Defendants are entitled to the same level of access to these materials to perform their own independent investigations.  *See Chevron Corp. v. Stratus Consulting, Inc.*, Civil Action No. 10-cv-00047-MSK-MEH, 2010 U.S. Dist. LEXIS 110023, at *26 (D. Colo. Oct. 1, 2010) (requiring production of all information provided to testifying experts).  However, rather than providing

access to these materials upon Defendants' timely request, SRSA instead chose to offer protocols

not usually seen except for inspections of the most sensitive source code in patent cases.

Specifically, Defendants' analysts would be required to travel from Washington D.C. to San

Francisco, and to agree to the following limitations:

>1. The analysts will not connect the review computer to the internet during the review;

>2. The analysts may not download any files from the devices containing the images and accounts either to the review computer or to any other electronic storage device;

>3. The analysts may not in any other way save copies of any files from the images and accounts on the devices;

>4. The analysts are permitted only to generate logs/reports and gather forensic artifacts, all of which must be produced to Plaintiffs within two business days of the completion of the analysis; and

>5. [SRSA's counsel] retain the right to observe the analysts during the review to ensure compliance with the above.

[Exhibit A].  These strictures and travel were imposed even though CrashPlan and GSuite access

is cloud-based and accessible from any location, and even in spite of Defendants' analysts

having signed the same acknowledgement and undertaking of the Court's Protective Order that

all parties viewing confidential information have signed in this litigation.  SRSA's requirement

that counsel and its analysts travel across the country in the middle of its preliminary injunction

briefing evidences SRSA's intent to prohibit Defendants from their rightful opportunity to

provide a full examination and rebuttal of the points raised in Mr. Crain's declaration.  Fairness

demands that SRSA's scheme to orchestrate an unfair advantage over Defendants in violation of

the Federal Rules of Civil Procedure be quashed.  *See TrueNorth Cos. v. TrueNorth Warranty*

*Plans of N. Am.*, 353 F. Supp. 3d 788, 809 (N.D. Iowa 2018) ("There is no doubt that TN

Warranty violated the expert disclosure requirements of Rule 26(a)(2) by failing to produce the []

information its own expert must rely upon to form opinions").

For the reasons set forth herein, the willful inclusion of Mr. Crain's expert declaration in

Plaintiffs' motion without his prior disclosure is in violation of the Federal Rules, prejudices

Defendants in a manner that cannot be remedied before the preliminary injunction motion is

heard, and thus is improper.  Accordingly, Defendants respectfully request the Court strike the

declaration and exhibits of Andy Crain [ECF No. 70-71], and preclude Plaintiffs from allowing

any further testimony from Mr. Crain, either through additional declarations or at trial.

Alternatively, Defendants respectfully request that the Court delay the preliminary injunction

hearing, enter an expert discovery schedule, including deadlines for full disclosures, reports, and

depositions to mitigate the prejudice resulting from SRSA's misconduct.


### Compliance With Type-Volume Limitation

Undersigned counsel certifies that the foregoing pleading complies with the type-volume

limitation set forth in Judge Domenico's Practice Standard III(A)(1).


### Compliance With Meet and Confer Requirement

Undersigned counsel certifies that the parties held a telephonic meet and confer in

compliance with D.C.COLO.LCivR 7.1 and the Plaintiffs oppose this motion.

Dated:  December 23, 2019

By: */s/ Andrew J. Petrie*
    Andrew J. Petrie
    Sarah B. Wallace
    **BALLARD SPAHR LLP**
    1225 Seventeenth Street, Suite 2300
    Denver, Colorado 80202-5596
    Telephone: 303-292-2400
    Facsimile: 303-296-3956
    petriea@ballardspahr.com
    wallaces@ballardspahr.com

    Hara K. Jacobs
    Noah S. Robbins
    **BALLARD SPAHR LLP**
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215-668-8500
    Facsimile: 215-864-8999
    jacobsh@ballardspahr.com
    robbinsn@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2019, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STRIKE THE DECLARATION AND EXHIBITS OF ANDY CRAIN [ECF NOS. 70-71]** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Maya Karwande
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company*

*/s/ Brian S.S. Auerbach*
Brian S.S. Auerbach