# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation; and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation;
PNC BANK, N.A., a national association;
HEATHER KELLY, an individual; and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFFS' INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A)(1)(A)(i)**

1338900

Pursuant to this Court's July 26, 2019 Scheduling and Expedited Discovery Order (ECF No. 26), Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC ("SRSA") make the following initial disclosures consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(i).  SRSA makes these disclosures based on information that is reasonably available to it at this time, following a good faith inquiry in accordance with Federal Rule of Civil Procedure 26.  However, because discovery and further investigation and analysis may yield additional information, SRSA reserves the right to amend and/or supplement these disclosures as further information becomes available to it.

These disclosures are made without waiver of, and without prejudice to, any objections SRSA may have regarding the subject matter of these disclosures or any documents or individuals identified herein.  SRSA expressly reserves all objections, including but not limited to relevance, attorney-client privilege, work-product protection, any other applicable privilege or protection against discovery under federal or state law, undue burden, materiality, overbreadth, proportionality, and admissibility.

I.      **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

In accordance with Rule 26(a)(1)(A)(i), SRSA identifies the following individuals that it presently has reason to believe are likely to have discoverable information.  To the extent that SRSA intends to rely on expert witnesses, those individuals will be identified at a later date in accordance with Rule 26(a)(2) and any schedule set by the Court.

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Paul Koenig | Contact through SRSA's counsel | SRSA's origin and history; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; SRSA's product development process; SRSA's finances; Kelly and Tsarnas's knowledge |

2

1338900

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | of trade secret and confidential information; Tsarnas's termination from SRSA; Kelly's resignation from SRSA and failure to return equipment; irreparable harm and injury from Defendants' conduct |
| Michael Perry | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas's knowledge of trade secret and confidential information |
| Austen Lovelace | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas's knowledge of trade secret and confidential information |
| Glen Colthup | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas's knowledge of trade secret and confidential information |
| Glenn Kramer | Former employee; Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; communications with Tsarnas after |

1338900

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | Tsarnas's termination from SRSA |
| Mark Vogel | Contact through SRSA's counsel | SRSA's origin and history; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas's knowledge of trade secret and confidential information; Kelly's resignation from SRSA and failure to return equipment; irreparable harm and injury from Defendants' conduct |
| Eric Martin | Contact through SRSA's counsel | The value of SRSA's trade secrets, products and solutions; irreparable harm and injury from Defendants' conduct |
| Christa Fancher | Contact through SRSA's counsel | The value of SRSA's trade secrets, products and solutions; irreparable harm and injury from Defendants' conduct; communications with Heather Kelly after Kelly's resignation from SRSA |
| Ben Lane | Contact through SRSA's counsel | Irreparable harm and injury from Defendants' conduct |
| Debbie Wapensky | Contact through SRSA's counsel | SRSA's financial information; the value of SRSA trade secrets and confidential information |
| Hannah Lee | Contact through SRSA's counsel | Tsarnas and Kelly's employment and confidentiality agreements with SRSA; Tsarnas's termination from SRSA; Kelly's resignation from SRSA and failure to return equipment; SRSA's Human Resources policies and procedures |
| Jordan Sisk | Contact through SRSA's counsel | Efforts to preserve the secrecy of SRSA's trades secrets and confidential information; SRSA's Information Technology policies and procedures |

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Radha Subramanian | Contact through SRSA's counsel | Communications with Kelly after her resignation from SRSA |
| Employees or representatives of PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC"). | PNC Bank, N.A. The Tower at PNC Plaza 300 Fifth Avenue Pittsburgh, PA 15222-2401 | PNC's conduct as it relates to the allegations in SRSA's Verified First Amended Complaint ("VFAC") (ECF No. 12); the business strategy that led to the development of PNC Paid; the development of PNC Paid and other PNC payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees, including Tsarnas and Kelly; and the misappropriation of confidential information and trade secrets from SRSA |
| Alex Tsarnas | Contact information known to Defendants | Tsarnas's conduct as it relates to the allegations in the VFAC; the development of PNC Paid and other PNC payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; and the misappropriation of confidential information and trade secrets from SRSA |
| Heather Kelly | Contact information known to Defendants | Kelly's conduct as it relates to the allegations in the VFAC; the development of PNC Paid and other PNC payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; the attempted deletion of SRSA materials and evidence from various SRSA computers; and the misappropriation of confidential information and trade secrets from SRSA |

1338900

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Luda Semenova | Contact information known to Defendants | Communications with Kelly and Tsarnas after the termination of their employment from SRSA; the pricing and sales strategy of PNC's payments-and-escrow products |
| Walter DeForest | Koppers Building, 30th Floor<br>436 Seventh Avenue<br>Pittsburgh, PA 15219<br>412-227-3101 | Kelly's retention of SRSA documents after Kelly's resignation from SRSA; Kelly's attempted deletion and spoliation of evidence from various SRSA computers; representations to SRSA that Ms. Kelly did not misappropriate SRSA information |

SRSA may also rely on any individuals identified in the initial disclosures of any other party to this lawsuit.

6

1338900

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated August 9, 2019 | By: /s/ *Warren A. Braunig*<br>Warren A. Braunig<br>    wbraunig@keker.com<br>Benjamin D. Rothstein<br>    brothstein@keker.com<br>Maya Karwande<br>    mkarwande@keker.com<br>Victor H. Yu<br>    vyu@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415-391-5400<br>Facsimile:  415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>    sbialecki@sheridanross.com<br>Matthew C. Miller<br>    mmiller@sheridanross.com<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone: 303-863-9700<br>Facsimile:  303-863-0223<br>Email:    litigation@sheridanross.com<br><br>ATTORNEYS FOR PLAINTIFFS<br>SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC |

1338900

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On August 9, 2019, I served the following document(s):

**PLAINTIFFS' INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A)(1)(A)(i)**

☑  by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sarah B. Wallace<br>Andrew J. Petrie<br>Matthew A. Morr<br>Hara K. Jacobs<br>Noah A. Robbins<br>BALLARD SPAHR LLP<br>1225 17th Street, Suite 2300<br>Denver, CO  80202<br>Telephone:     303.292.2400<br>Facsimile:       303.296.3956<br>wallaces@ballardspahr.com<br>petriea@ballardspahr.com<br>morrm@ballardspahr.com<br>jacobsh@ballardspahr.com<br>robbinsn@ballardspahr.com | Attorneys for Defendants |

Executed on August 9, 2019, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Shelby L. Brock

1335310