# EXHIBIT C

**Archived:** Monday, December 9, 2019 9:06:43 AM
**From:** Robbins, Noah (Phila)
**Sent:** Thursday, November 7, 2019 5:44:15 PM
**To:** Ben D. Rothstein
**Cc:** Wallace, Sarah B (Denver); Petrie, Andrew J. (Denver); Jacobs, Hara K. (Phila); Auerbach, Brian (Phila); ACQUIOM-KVP; sbialecki@sheridanross.com; mmiller@sheridanross.com
**Subject:** RE: SRSA v. PNC
**Sensitivity:** Normal
**Attachments:**
30(b)(6) Notice of SRS - 191121.pdf;

---

Ben,

During our call, I asked that you refrain from continuing to assert factually unfounded and baseless allegations. I specifically did so in reference to your use of the word "spoliation" in reference to our clients' pre-existing and routine practice of deleting text messages – a practice that ceased immediately upon notice of this litigation. Your accusations are unfounded, unnecessary, and Keker has vexatiously increased the cost of this litigation by forcing Defendants to *disprove* allegations that had no factual basis to begin with. Indeed, it is precisely because Defendants take their discovery obligations seriously that forensic images of these devices exist in the first place. Therefore, we will allow you to obtain the information as to the existence of the requested communications without waiver to our objection as to the production of the content of same.

Conversely, SRS continues to refuse to provide clear and basic answers as to its own discovery efforts. Your email fails to explicitly indicate whether SRS bothered to even search text and other IM-type communications before determining that no responsive information exists. For example, it is highly likely that such communication methods would include responsive documents to, at the very least, the following RFPs:

6. For each alleged Trade Secret, produce: (a) all Documents Concerning whether Tsarnas and Kelly participated in the development of the alleged Trade Secret; (b) all Documents Concerning whether Tsarnas and Kelly had access to the alleged Trade Secret; and (c) all Documents Concerning whether Tsarnas or Kelly used, disclosed or otherwise misappropriated the alleged Trade Secret following their departure from SRS.

9. All Documents Concerning any alleged breach of the non-solicitation restraint by Kelly or Tsarnas.

12. All Documents Concerning Kelly's transition from the Old MacBook to the New MacBook, including, but not limited to, all Documents Concerning SRS's knowledge of, and attempt to retrieve, Kelly's Old MacBook, and all Documents supporting or refuting the allegation that she accessed or retrieved any SRS document following her departure.

13. All Communications Concerning Kelly and Tsarnas following their resignation or termination from SRS.

If we do not receive the unqualified statement that SRS conducted reasonable searches of these communication methods but did not locate any responsive documents, then we will be calling the Court at 2pm MT on Tuesday.

Finally, though relatedly, I previously advised that SRS's continued refusal to propose deposition dates for Topic 8 would leave Defendants with no choice but to unilaterally schedule the deposition. As a result, attached please find a deposition notice directed to that topic. We will not agree to reschedule the deposition absent Court Order.

Noah

**Noah S. Robbins**

Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 direct
215.864.8999 fax

robbinsn@ballardspahr.com
vcard

_____
w w w .ballardspahr.com

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Wednesday, November 6, 2019 11:59 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Auerbach, Brian (Phila) <AuerbachB@ballardspahr.com>; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sbialecki@sheridanross.com; mmiller@sheridanross.com
**Subject:** RE: SRSA v. PNC

\u9888 ? **EXTERNAL**

Hi Noah,

Your attempt to conflate the spoliation of text messages by your clients with our search protocols in responding to your requests is a transparent attempt to deflect attention from your clients' conduct.  As we spelled out below, SRSA explicitly asked for communications, including text messages, between Kelly and Tsarnas, and between each of them and any then-current SRSA employee.  Those communications are central to SRSA's claims.  Yet text messages between Kelly and Tsarnas (particularly in the January – April 2018 time frame) and between each of them and Semenova, were not produced, and Ms. Kelly testified she may have deleted them.  We are asking you to investigate and confirm that the messages are missing.  And, if indeed the messages cannot be accounted for by the defendants, it's in everyone's interest to see if they can be located on the devices held by Forensic Pursuit.

With respect to PNC's requests, we conducted a reasonable and diligent search for responsive documents.  Due to the nature of defendants' requests (which are far different and broader than SRSA's), and based on our investigation, SRSA's employees' text messages were not a likely source of documents responsive to PNC's requests, particularly during an expedited discovery process.  Indeed, we specifically objected to your definition of "all Communications" as overbroad.

If you will not investigate what happened to these text messages and, if they cannot be located by Defendants, authorize Forensic Pursuit to determine if they can be retrieved, we will have no choice but to move to compel.  Please let us know your position by end of day tomorrow, and if you do not agree, a time when you are free to call the Court on Friday.

As to Topic 8, we are considering your position and will get back to you.

Regards,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main

brothstein@keker.com | vcard | keker.com

---

**From:** Robbins, Noah [mailto:robbinsn@ballardspahr.com]
**Sent:** Tuesday, November 05, 2019 11:51 AM
**To:** Ben D. Rothstein
**Cc:** wallaces@ballardspahr.com; petriea@ballardspahr.com; jacobsh@ballardspahr.com; auerbachb@ballardspahr.com; ACQUIOM-KVP; sbialecki@sheridanross.com; mmiller@sheridanross.com
**Subject:** RE: SRSA v. PNC

**[EXTERNAL]**

---

Ben,

As I explained last week, we are amenable to permitting the requested searches in a reciprocal manner. To that end, I understood that you would be investigating whether SRS even collected text and other IM-type methods of communication as part of its search given SRS's failure to produce any such documents notwithstanding the testimony of its witnesses. We look forward to the receipt of this information.

As to Topic 8, we prefer neither option and instead insist on an option where SRS complies with its discovery obligations. I asked you to provide dates during the week of November 18 so that we could ascertain whether a member of the Ballard team was available on specifically proposed dates. You have instead offered to make a witness available during the week of December 2. This is unacceptable. We will not allow our briefing time to be disrupted due to SRS's failure to timely present a witness within the discovery period (which has already been extended multiple times at SRS's request). Should we not receive proposed dates from you for the week of November 18, SRS will have left us with no choice but to unilaterally choose a date.

Moreover, we do not understand your suggestion that the witness designated on this topic will likely be an expert witness. We have not received any expert witness disclosures from SRS, including the required report. To the extent SRS intends to have an expert witness designated on this topic, and given that the deposition must occur no later than the week of November 18, please provide the required disclosure and report by close of business on Friday.

Noah

**Noah S. Robbins**

---

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 direct
215.864.8999 fax

robbinsn@ballardspahr.com
vcard

www.ballardspahr.com

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Saturday, November 2, 2019 2:48 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>;

Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Auerbach, Brian (Phila) <AuerbachB@ballardspahr.com>; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sbialecki@sheridanross.com; 'Matt Miller' <mmiller@sheridanross.com>
**Subject:** SRSA v. PNC

# \u9888 ? EXTERNAL

Hi Noah,

I wanted to follow up regarding two items from our meet and confer call yesterday.

First, regarding our request for forensic analysis of Tsarnas and Kelly text messages, we explicitly sought "communications, including but not limited to text messages," between Kelly and Tsarnas, dated between October 1, 2017 and March 31, 2018, as well as "communications, including but not limited to text messages, between [each of them] and any then-current SRSA employee." Defendants agreed to produce responsive communications. Ms. Kelly testified that she had engaged in text message communications with Mr. Tsarnas during that period. Mr. Tsarnas also testified that he often engaged in text message conversations with Ms. Kelly and that the two often discussed "emotional" topics. But we have not seen in Defendants' productions, any text communications in and around the period when Mr. Tsarnas was terminated and Ms. Kelly was contemplating leaving SRSA, though they initiated a What's App text thread in early March 2018 in part because Ms. Kelly was worried about someone ultimately reading her text messages. Ms. Kelly also testified that she may have deleted text messages between her and Mr. Tsarnas at some point. She further testified that she had engaged in text messages with Luda Semenova but may have deleted those as well. Nor have Defendants produced any text messages between Tsarnas or Kelly and Ms. Semenova from the period when Ms. Semenova was still employed at SRSA. If any other responsive text messages exist between Kelly, Tsarnas, and/or Semenova, please produce them at once and explain why they were not previously produced. If they do not exist, please explain the circumstances by which they were deleted and agree that Forensic Pursuit may conduct the searches we requested in order to determine if any information relating to such text messages exists on the relevant devices in FP's custody.

Second, regarding Defendants' Topic 8: This topic—the "factual basis for SRSA's allegation that PNC Paid incorporates or otherwise misappropriates SRSA's alleged trade secrets"—calls for testimony about how SRSA information was incorporated into PNC's competing software platform. Other than the factual allegations described in the First Amended Complaint, Topic 8 calls for information that is not known to any SRSA employee. Any information about which an SRSA employee would testify would be information learned from counsel or as a result of expert analysis. Accordingly, we continue to believe that putting up an SRSA employee on this topic is nonsensical and a waste of time for both parties. We have offered to provide the equivalent of an interrogatory response that identifies the factual basis you seek, and are prepared do so by November 25. Alternatively, we are prepared to designate a witness (likely an expert witness) to testify as SRSA's 30b6 deponent on this topic and make the witness available for deposition the week of December 2. Please let us know which option Defendants prefer.

Please respond to both of these issues by COB on Tuesday, November 5.

Regards,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com