# EXHIBIT K
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

| | |
|---|---|
| **From:** | Petrie, Andrew J. <petriea@ballardspahr.com> |
| **Sent:** | Saturday, November 30, 2019 12:58 PM |
| **To:** | Ben D. Rothstein; Michelle Ybarra; wallaces@ballardspahr.com; Warren Braunig |
| **Cc:** | ACQUIOM-KVP; ballardpnclitteam@ballardspahr.com |
| **Subject:** | RE: PNC Meet and Confer |

**[EXTERNAL]**

Ben –

In response to your comments:

1. Given how interested you all have been in text and related communications involving the PNC parties, that interest presents a striking contrast to the fact that Keker did not make any reasonable effort to obtain its client representatives' responsive texts and related communications via apps.  The very recent testimony of the SRSA representatives revealed not only the fact that the SRSA personnel used text communications for their business, but also that SRSA and Keker did not even speak to them about investigating their text communications.

2. The answer to your first bullet is no.  The documents are not what you say they are and they are not otherwise responsive.

3. In response to your second bullet, as PNC has previously advised, PNC has already produced all of the versions of the referenced document.

4. As to your third bullet, Sarah has previously advised that there was a miscommunication between our vendor and Ballard Spahr.  We discovered it only very recently, and promptly remedied the issue by producing the inadvertently omitted field.  This was a one-time miscommunication on the one document, and does not require or warrant any further investigation.

Given that SRSA will be making additional confidentiality designations on Monday, and PNC's previously expressed concerns with the manner in which SRSA is making those designations and doing so over broadly, I think it makes the most sense to wait until Tuesday to see if there are additional issues on this front that we should also address.

- Drew

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Wednesday, November 27, 2019 1:34 PM
**To:** Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; mybarra@keker.com; Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; wbraunig@keker.com
**Cc:** acquiom-kvp@keker.com; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

 **EXTERNAL**

Hi Drew,

1

Thanks for your email.  As we've said before, we conducted a reasonable and diligent search for documents in response to Defendants' very broad RFPs, As part of this process, we did not do a broad text message collection, which would have been unwarranted and not appropriate in light of our custodial interviews, the expedited discovery timeframe, the fact that Defendants' very broad RFPs did not specifically call for text messages (as our much narrower requests did), and the fact that our production was ultimately many thousands more pages than Defendants'. And it bears repeating that Defendants never complained about the fact that we produced fewer text messages than Defendants until we began pursuing suspicious gaps in Kelly and Tsarnas's responsive text message production.  (Noah, please note my avoidance of the "S" word.)

We are available for a Court call on Monday afternoon or Tuesday morning.  There are also a few outstanding issues on our end that on which we'd appreciate a reply, and which we will potentially need discuss with the Court on the upcoming call.  These are:
- Whether Defendants will produce the user files identified in the "Trash" folder of Kelly's PNC laptop that, on their face, appear to be versions of Ms. Kelly's customer list that have already been produced;
- Whether Defendants will agree to produce all versions of Ms. Kelly's "high/low priorities" customer spreadsheet (PNC_00056508) and all emails attaching them;
- Whether Defendants will explain how they came to remove the "strategic buyers" tab—which has notes from Ms. Kelly regarding efforts to contact SRSA's customers—from the previously-produced versions of the customer list that we used as an exhibit with Alex Tsarnas (PNC_000040474, Tsarns Ex. 27), when PNC discovered this error, and what steps PNC has taken to confirm that no other similar errors have occurred.

Please let us know your availability for a call next week.  In the meantime, I hope you have a relaxing and restful Thanksgiving holiday (and to the rest of the Ballard Spahr team as well).

Best,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com

**From:** Petrie, Andrew J. <petriea@ballardspahr.com>
**Sent:** Tuesday, November 26, 2019 4:42 AM
**To:** Michelle Ybarra <MYbarra@keker.com>; wallaces@ballardspahr.com; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; ballardpnclitteam@ballardspahr.com
**Subject:** RE: PNC Meet and Confer

[EXTERNAL]

> Michelle –
>
> Now that SRSA has completed its Monday filing, please advise as to the status of this open item?
>
> Thank you.

- Drew

**From:** Michelle Ybarra <mybarra@keker.com>
**Sent:** Friday, November 22, 2019 10:38 AM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; wbraunig@keker.com
**Cc:** acquiom-kvp@keker.com; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

⚠️ **EXTERNAL**

Sarah, we are speaking with our client about this issue and will get back to you on your request, but cannot do so before Monday.

Michelle S. Ybarra
Keker, Van Nest & Peters LLP

**From:** Wallace, Sarah B <wallaces@ballardspahr.com>
**Sent:** Friday, November 22, 2019 7:35 AM
**To:** Michelle Ybarra <MYbarra@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; ballardpnclitteam@ballardspahr.com
**Subject:** RE: PNC Meet and Confer

**[EXTERNAL]**

Michelle/Warren

Please advise me if you intend to respond to my email and whether you will be either providing information as to which custodians you actually searched or searching text messages now.  If you do not intend to provide the requested information or search text messages, we'd like to schedule a time to call the Court today.

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

**From:** Wallace, Sarah B (Denver)
**Sent:** Wednesday, November 20, 2019 3:41 PM
**To:** 'Michelle Ybarra' <MYbarra@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

Michelle

As a follow up to yesterday's call:

- I have confirmed that we did not review deleted text messages.

3

- I have confirmed there are no additional Kelly text messages saved somewhere else.

- I will review the documents Forensic Pursuit provided yesterday and produce any responsive documents per the ESI Protocol.

- We are looking for other versions of PNC 56508.

- After our conversation, I have asked Heather for her linked in contacts to see if perhaps her first contacts were via linked in. We will produce any responsive linked in communications.

As to our meet and confer subjects, you repeatedly stated that Kivu report was listed on the privilege log by name. The privilege log you provided us does not contain the word "Kivu" which makes me think we have an outdated privilege log. Please provide the log you referred to that lists the Kivu report by name.

It is my understanding that SRSA has produced exactly three texts. One has a custodian of SRSA and the other two have Christa Fancher as the custodian and are texts between Christa and Heather. There are absolutely no texts produced between SRSA employees.

Given the testimony from LeClair, Vogel, Jackson, Nelson and Koenig that they all used text messaging as a way to communicate about work, please advise me which SRSA custodians you searched their text messages for responsive documents. As far as we can tell, the only witness whose text messages were reviewed was Christa Fancher.

As you know, Request No. 6 requires production of all documents concerning whether Tsarnas or Kelly used, disclosed or otherwise misappropriated the alleged Trade Secrets following their departure from SRS. No 9 requests any documents regarding any alleged breach of the non-solicitation covenants. No. 13 asks for all communications concerning Kelly or Tsarnas post SRS termination. PNC knows there are responsive documents in possession of SRSA custodians because PNC produced communications with SRSA custodians that would be responsive to PNC's requests. As a result, to the extent that SRSA custodians claimed to not have responsive communications they were mistaken. In addition, it is no more appropriate to ask a witness whether they texted about certain subjects than it would be to ask whether they emailed about a certain subjects and then rely on that representation as a basis to not search emails. While I agree with the general premise that a lawyer can conduct a custodian interview to determine what to search that does not obviate the need to supplement the production when it is obvious that the search was inadequate.

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

---

**From:** Michelle Ybarra <MYbarra@keker.com>
**Sent:** Tuesday, November 19, 2019 4:02 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

⚠ **EXTERNAL**
Sure. Attached here. Specifically regarding our 10/25 request for artifacts and information from Tsarnas/Kelly devices that would show the existence of deleted text messages, and Forensic Pursuit's production of that info last Thursday.

Michelle S. Ybarra
Keker, Van Nest & Peters LLP

---

**From:** Wallace, Sarah B <WallaceS@ballardspahr.com>
**Sent:** Tuesday, November 19, 2019 2:54 PM
**To:** Michelle Ybarra <MYbarra@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; BallardPNCLitTeam@ballardspahr.com
**Subject:** RE: PNC Meet and Confer

**[EXTERNAL]**

---

Can you please send me the relevant email chain?

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

---

**From:** Michelle Ybarra <MYbarra@keker.com>
**Sent:** Tuesday, November 19, 2019 3:54 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

⚠️ **EXTERNAL**

Sarah, one more item for our list: Defendants' production of Tsarnas/Kelly texts and WhatsApp messages identified on the logs produced by Forensic Pursuit.

Thanks,
Michelle S. Ybarra
Keker, Van Nest & Peters LLP

---

**From:** Wallace, Sarah B <WallaceS@ballardspahr.com>
**Sent:** Tuesday, November 19, 2019 9:50 AM
**To:** Michelle Ybarra <MYbarra@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; BallardPNCLitTeam@ballardspahr.com
**Subject:** RE: PNC Meet and Confer

**[EXTERNAL]**

---

Michelle

Please add to our list the failure to provide the terms of the contingent consideration.

**Sarah B. Wallace**
Ballard Spahr LLP

5

1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

---

**From:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>
**Sent:** Tuesday, November 19, 2019 10:46 AM
**To:** Michelle Ybarra <MYbarra@keker.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

I can do 5 pm pacific.


**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

---

**From:** Michelle Ybarra <MYbarra@keker.com>
**Sent:** Monday, November 18, 2019 9:29 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: PNC Meet and Confer

⚠ **EXTERNAL**
Sarah,

Warren is unavailable tomorrow but I am free between 2pm and 5pm Pacific. We will be prepared to discuss the items in your email below.

Please be prepared to discuss the following points regarding Defendants' production tomorrow:

1. Defendants' compliance with the Court's 10/17/19 discovery order, including production of all versions of PNC_00056508 and emails transmitting the same, as detailed in my November 14 email;

2. Production of customer lists from PNC008, some of which the laptop owner appears to have attempted to delete, including the following:

   - "Copy of HK Contacts.xlsx" – this file has an MD5 hash value of: a31445990ff232e957a084c14a5b018c
   - "Copy of HK Contacts (version 1).xlsb" – this file has an MD5 hash value of: 9f9d110a8adb00b1cc986b9aa9ffd9d8
   - "HK BUYERS.xlsx" – this file has an MD5 hash value of: 4c7a2b2825385ec2e98d4bd2ee4b22cd
   - "HK Buyers_Target List.xlsx" – this file has an MD5 hash value of: 53857d6d11ac141b606420eb12dfa9ed

3. The dates on which Kelly, Tsarnas, and other PNC employees with relevant info received a litigation hold.

Please let me know what time works.

Thank you,

Michelle S. Ybarra
Keker, Van Nest & Peters LLP

---

**From:** Wallace, Sarah B <WallaceS@ballardspahr.com>
**Sent:** Monday, November 18, 2019 11:54 AM
**To:** Warren Braunig <WBraunig@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; BallardPNCLitTeam@ballardspahr.com
**Subject:** PNC Meet and Confer

**[EXTERNAL]**

---

Warren

Are you available to discuss some outstanding issues today or tomorrow?  We plan on bringing the following issues to the Court this week and what to make sure we have fully met and conferred.

On our end, we have the following issues that need to be resolved:

(1) SRSA's failure to collect text messages from its employees despite the unequivocal testimony that SRS witnesses text for business purposes.  See Vogel at 20:13-21; LeClair 10:19; Jackson 22:3-24:7; Koenig 24:22-25:13.  Ben represented to us that your team determined they would not have responsive information but according to Ms. Jackson she was never asked to provide her phone.
(2) SRSA's failure to produce the forensic report generated in March 2018 by Kivu Consulting regarding Ms. Kelly's new MacBook as referenced by Mr. Koenig in his deposition.  208:19-209:25.  This was previously requested during the Vogel and Koenig depositions.  If SRSA is claiming privilege, then please explain why there is no privilege log entry and on what basis it would be privileged.
(3) SRSA's failure to produce the attachment to the April 19, 2018 email Paul Koenig authored on April 7 2019 at SRSAvPKT00054404.

Based on Ms. Ybarra's email of Thursday, I believe that SRSA may have issues with our production as it relates to PNC targeting SRSA "customers."  Having personally directed that search and document production, I can tell that the search was extensive and expensive.  PNC also made significant concessions in the "customers" it was willing to search given that a few dozen on Ms. Kelly's contact list involved entities that SRSA has never provided paying agent services to and/or are customers that were specifically carved out of her agreement.  In addition, two additional lists were not customer lists but rather lists of PE firms and lists of attendees at some CLE.  While I am willing to listen to any additional proposals, I do not think there is much room for negotiation on that front.

Regarding the customer list that Heather Kelly and Adam Lezack testified about, I provided that information to you last week.

Finally, I am following up on PNC 25192 with Mike Houlihan, but I am quite positive that the storyboards referenced (but not attached) are screen shots of the Epiq and Second Market paying agent platforms and that they were not produced because they were not responsive to any document request.

**Sarah B. Wallace**



1225 17th Street, Suite 2300
Denver, CO 80202-5596
303.299.7334
303.296.3956

wallaces@ballardspahr.com
VCARD

www.ballardspahr.com