# EXHIBIT R
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

**From:** Ben D. Rothstein
**Sent:** Thursday, January 9, 2020 6:52 PM
**To:** Robbins, Noah; ballardpnclitteam@ballardspahr.com
**Cc:** ACQUIOM-KVP; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

Hi Noah,

This is not an accurate summary of our call yesterday afternoon.

On the call, I pointed out the numerous ways in which Defendants' January 8 counterproposal fell far short of the bare minimum necessary to cure prejudice. On the call, you were unprepared to offer anything else without talking to your team and/or your client. In particular, you said you would consider a small amount of additional time, beyond 30 minutes, for Kelly, but said that there is no way you would consider a full two hours. You were non-committal about permitting any deposition time for Tsarnas and about expanding the scope of the questioning you would permit for Kelly beyond the one document mentioned in your January 8 email.

Even now, Defendants remain non-committal on these issues. Additionally, as I mentioned last night, expanding the scope of the depo to the other documents produced on November 22, as your email states Defendants "would consider," is insufficient because Defendants continued producing previously-altered spreadsheets and attached cover emails until December 5. And taking the deposition on January 14 is not helpful to SRSA without an extension of our motion deadline, which your email does not even mention. We also continue to be at an impasse regarding the cost issue. As I mentioned yesterday, Defendants did not make incorrect "redactions" to these documents—they altered them. To this date, Defendants have provided no explanation for systematically deleting tabs from spreadsheets in their production with no notice to SRSA, in a manner that concealed direct evidence of misappropriation during the expedited discovery period, and they refuse to acknowledge the self-evident impropriety of doing do. SRSA should not bear the cost of correcting the factual record after Defendants altered it in this manner.

Lastly, the suggestion that I was only "trying to check the box" is offensive. We bent over backwards to come up with an alternative to filing our motion that would remedy enough of the prejudice Defendants have caused to avoid filing our motion. By comparison, Defendants have approached numerous meet and confers with a "take it or leave it" attitude, including most recently the conversation I had with Hara Jacobs and Brian Auerbach regarding Defendants' motion to strike the Crain Declaration, in which the meet and confer consisted of Defendants threatening to file the motion if we didn't agree to withdraw the entire declaration, followed by Ms. Jacobs literally yelling at me and accusing SRSA of bad faith when I asked why Defendants didn't pursue any other avenues to remedy the prejudice they claimed they suffered.

At this stage, we have been trying to meet and confer with Defendants for over one month. With our reply deadline eight days away, we can't keep going back and forth with you when it is clear that Defendants are not serious about accepting responsibility for and remedying the prejudice they caused, and they will not ultimately agree to relief that restores fairness to the proceedings. Defendants leave us no choice but to move forward with filing our motion.

Regards,
Ben

---

**From:** Robbins, Noah <robbinsn@ballardspahr.com>
**Sent:** Thursday, January 9, 2020 11:48 AM
**To:** Ben D. Rothstein <BRothstein@keker.com>; ballardpnclitteam@ballardspahr.com

1

**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

[EXTERNAL]

Ben,

As you know, SRS raised the prospect of seeking sanctions concerning Defendants' mistaken redaction of a single tab of a spreadsheet immediately prior to a call with Magistrate Judge Crews on December 6, 2019.  At no time prior to the call with Judge Crews did SRS seek to substantively resolve the dispute over the single tab of a spreadsheet.  Nevertheless, SRS requested, and received, from Judge Crews permission to file a motion for "evidentiary sanctions."  On January 2, 2020, you wrote to us stating that SRS intended to "file our sanctions motion tomorrow afternoon."  SRS did not file a motion on January 3, 2020.  Instead, on January 7, 2020, SRS raised the possibility of re-deposing Mr. Tsarnas and Ms. Kelly for the very first time, in lieu of seeking "evidentiary sanctions" for the erroneously omitted tab of the spreadsheet.  SRS demanded that Defendants present these witnesses across the country in San Francisco during the week of January 13 or on January 21 or 22.  You further requested an extension of time to file SRS's reply brief in support of its motion for a preliminary injunction with the stated basis being SRS's anticipated inclusion of this deposition testimony.  Later that same day, you revoked the deposition dates of January 21 and 22, and demanded the production of these witnesses during the week of January 13, *i.e.*, six days later.

Notwithstanding SRS's failure to raise the prospect of additional depositions over the preceding two months, we offered the very next day to produce Ms. Kelly for deposition in San Francisco on Tuesday, January 14, to testify about the tab of the spreadsheet, as SRS demanded.  In addition, we offered to produce Ms. Kelly for thirty minutes notwithstanding that SRS used, and indeed exceeded, all of the deposition time allotted to it under the Federal Rules, including the cumulative 30(b)(6) time set forth in the Court's expedited discovery scheduling order.

After being informed that you were "disappointed" in Defendants' proposal, I then participated in a meet and confer with you last evening.  During the meet and confer, you inquired as to whether there was "flexibility" in Defendants' proposal.  I stated that there was.  Specifically, Defendants would consider:
1. Agreeing to more than thirty minutes for Ms. Kelly's deposition;
2. Expanding the permissible scope of the deposition to include the entirety of the November 22, 2019 production; and
3. Proposing that if the Parties' could agree on the limitations for Ms. Kelly's deposition, we could reach that agreement conditional on both Parties agreeing to a subsequent deposition of Mr. Tsarnas.

With respect to Mr. Tsarnas, I explained that the request to re-depose Mr. Tsarnas on the "strategic buyer" spreadsheet was qualitatively different than SRS's request as to Ms. Kelly as SRS does not allege that Mr. Tsarnas has solicited any SRS customers or improperly possessed any SRS customer list.  Nevertheless, I indicated that I had not yet had an opportunity to even ascertain Mr. Tsarnas's availability in light of the timeframe imposed by SRS and thus was not able to commit to the production of Mr. Tsarnas.  For that reason, I suggested that we attempt to reach a compromise on Ms. Kelly during the call.  In response, you indicated that you did not think we would reach agreement on the parameters of Ms. Kelly's deposition.  To be clear, Defendants offered to produce Ms. Kelly in San Francisco with virtually no advance notice as SRS demanded.  Defendants further indicated that they were willing to continue negotiating the parameters of that deposition.  SRS did not, during the call or at any other time, offer a counter to Defendants' proposal.  This is especially concerning given that the only issues remaining with respect to Ms. Kelly's deposition (*i.e.*, the only issues on which Defendants did not merely accept SRS's proposal) were: (1) the difference between SRS's demanded two hours of depositions of Plaintiff's "flexible" proposal of thirty minutes; and (2) SRS's demand that Defendants reimburse SRS for the costs of preparing to ask questions about a document that SRS would have always been required to expend.  Given the above, it appears that SRS approached last evening's meet and confer with the sole intention of "checking the box" and without any sincere desire to avoid unnecessarily burdening the Court with SRS's manufactured dispute.

Given that I and Ms. Kelly have blocked out our schedules to be able to accommodate SRS's demand to appear in San Francisco next week without any notice, you promised to advise me last evening as to whether SRS believed additional conferral would be productive or if I may release the dates on the calendar for both myself and Ms. Kelly. I still have not heard from you. Please advise me by 1:30 p.m. Pacific of SRS's decision in this matter so we can immediately book the necessary travel arrangements to be in San Francisco on Tuesday or release these dates on our calendars.

Noah


**Noah S. Robbins**



1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 D RECT
215.864.8999 FAX

robbinsn@ballardspahr.com
VCARD

www.ballardspahr.com


**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Wednesday, January 8, 2020 5:19 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

⚠️ **EXTERNAL**
Okay, let's use the following:

Dial-in: 1-877-699-4804
Passcode: 597-004

**From:** Robbins, Noah <robbinsn@ballardspahr.com>
**Sent:** Wednesday, January 8, 2020 2:05 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; ballardpnclitteam@ballardspahr.com
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

[EXTERNAL]

Ben,

We agreed to your request to re-depose a witness on six days notice across the country from where the witness and her counsel reside. We are frankly surprised that you could be disappointed in a proposal that goes so far above and beyond remedying the alleged harm. I will speak to you at 3:30pm today. Please circulate a dial-in number.

Noah

**Noah S. Robbins**



1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 D RECT
215.864.8999 FAX

robbinsn@ballardspahr.com
VCARD

www.ballardspahr.com

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Wednesday, January 8, 2020 4:14 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

⚠️ **EXTERNAL**
Hi Noah,

We disagree with the factual predicates of your email and are disappointed by Defendants' response. Please provide a time after 3:30pm PST today, or between 9am and 12pm PST tomorrow that defense counsel is available to meet and confer telephonically.

Regards,
Ben

**From:** Robbins, Noah <robbinsn@ballardspahr.com>
**Sent:** Wednesday, January 8, 2020 12:13 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; ballardpnclitteam@ballardspahr.com
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

[EXTERNAL]

Ben,

We respond to your proposal as follows:

1. We continue to believe that SRS's threatened motion for sanctions is entirely baseless and without merit.  Defendants promptly supplemented their production after discovering the inadvertent error of an outside vendor.  Even now, the only prejudice that SRS alleges is the inability to have asked questions about one tab of this document.  This is no different than Defendants inability to, for example, fully examine Mr. Vogel regarding SRS's discussions with Wilmington Trust because of SRS's unexcused failure to produce all responsive documents prior to his deposition.
2. We do not believe there is any basis to depose Mr. Tsarnas on this document. SRS did not ask Mr. Tsarnas any questions regarding this document at his deposition despite marking it as an exhibit.  SRS likewise does not allege that Mr. Tsarnas misappropriated SRS's customer list or that he solicited any customers on behalf of PNC.

4

3. While we do not agree that SRS has suffered any prejudice whatsoever, it failed to take any action to remedy the prejudice it allegedly suffered for over three months until your email yesterday. As such, it is patently unfair for SRS to demand depositions on less than a week's notice.
4. The request for the depositions to occur in San Francisco and at Defendants' expense are likewise unreasonable. Indeed, when my colleague flew to Boston for Ms. Jackson's deposition, he was required to fly back at a later date merely because SRS was unable to accurately enter dates on a calendar. Nevertheless, we proceeded with Ms. Jackson's deposition in Boston at a later date without (yet) seeking an award of costs.
5. The request for two hours of additional deposition time is improper. SRS's sole claim of prejudice was the inability to ask Ms. Kelly questions about one tab of a document. During her deposition, SRS introduced 56 exhibits upon which Ms. Kelly was questioned. The notion that SRS would have otherwise devoted two of its seven hours to questioning Ms. Kelly on this single tab is absurd.

With that in mind, Defendants are willing to agree to the following in an effort to fully resolve this issue in its entirety:
1. Defendants will make Ms. Kelly available for deposition during the early afternoon of January 14, 2020;
2. We will agree to the deposition taking place in San Francisco;
3. The deposition is limited to thirty minutes;
4. The deposition is limited to questions solely regarding the "buyers tab" of the spreadsheet.

Given the need to make travel arrangements, please let us know by close of business today whether the proposal is acceptable to SRS.

Noah

**Noah S. Robbins**



1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 D RECT
215.864.8999 FAX

robbinsn@ballardspahr.com
VCARD


www.ballardspahr.com

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Tuesday, January 7, 2020 2:36 PM
**To:** Robbins, Noah (Phila) <robbinsn@ballardspahr.com>; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

⚠️ **EXTERNAL**
Hi Noah,

We have further considered Defendants' request that we consider alternatives to a motion seeking preclusion of testimony as a remedy for Defendants' systematic and undisclosed alteration of documents produced during the expedited discovery period, followed by the untimely production of unaltered originals on the eve of (or after) the PI motion was filed. The prejudice we have incurred is plain: because of Defendants' actions, we did not have the opportunity to depose Kelly and Tsarnas on critical documents demonstrating misappropriation of SRSA's confidential

information and trade secrets.  As a compromise proposal, SRSA will withhold the filing of our motion if Defendants agree to (a) make Kelly and Tsarnas available for short depositions (maximum two hours each) in San Francisco either next week or on 1/21 or 1/22 on the subject of the late-produced documents, and (b) extend Defendants' deadline for filing our reply brief from January 17 until January 24.

This proposal does not fully remedy the prejudice caused by Defendants' discovery misconduct and improper alteration of documents, as it requires an additional extension of the briefing schedule, which further delays SRSA's provisional relief. However, it is the bare minimum necessary to restore fairness to the PI proceedings in light of Defendants' efforts to submit testimony regarding the late-produced documents through Kelly's declaration.

If Defendants will not agree to this relief, please provide a time this afternoon or tomorrow morning to meet and confer telephonically. We are available this afternoon any time other than 1-2 pm PST, and we are generally available tomorrow morning.

Regards,
Ben

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Friday, January 3, 2020 11:05 AM
**To:** 'Robbins, Noah' <robbinsn@ballardspahr.com>; ballardpnclitteam@ballardspahr.com
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

Hi Noah,

As Michelle and I discussed with Drew and Sarah when we met and conferred regarding this issue telephonically in December, the only way to obviate the need for this motion would be for Defendants to agree not to offer new evidence regarding the late-produced (and previously-altered) documents in their production. Since Drew and Sarah refused to agree to that relief on the previous meet and confer, and you now refuse to withdraw paragraph 26 of Ms. Kelly's declaration (which falls within the scope of the relief Drew and Sarah already refused), we are at an impasse and our meet and confer is concluded.

Best,
Ben

---

**From:** Robbins, Noah [mailto:robbinsn@ballardspahr.com]
**Sent:** Friday, January 03, 2020 6:12 AM
**To:** Ben D. Rothstein; ballardpnclitteam@ballardspahr.com
**Cc:** ACQUIOM-KVP; sheridan-srs@sheridanross.com
**Subject:** RE: SRSA v. PNC -- Sanctions motion

**[EXTERNAL]**

Ben,

SRS's proposed motion is entirely baseless and will only serve as additional evidence in our eventual motion for fees and costs against SRS and its attorneys.  Unless SRS intends to meet and confer to obviate the need for this meritless motion, we do not believe a conferral is useful.

Noah

**Noah S. Robbins**



1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8745 D RECT
215.864.8999 FAX

robbinsn@ballardspahr.com
VCARD


www.ballardspahr.com

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Thursday, January 2, 2020 5:01 PM
**To:** Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Cc:** acquiom-kvp@keker.com; sheridan-srs@sheridanross.com
**Subject:** SRSA v. PNC -- Sanctions motion

⚠️ **EXTERNAL**
Counsel,

Last month, we met and conferred telephonically regarding our request that Defendants be precluded from offering evidence in opposition to our PI motion regarding the "high priority" customer lists that Defendants altered in their productions during the expedited discovery period. Defendants refused to agree to that relief, and the parties informed Judge Crews that SRSA would file a sanctions motion seeking that relief.

We intend to file our sanctions motion tomorrow afternoon. We will also ask the Court to strike paragraph 26 of Defendant Kelly's declaration in response to the PI motion, which seeks to address the same evidence, on the same grounds. We assume based on our earlier meet and confer that Defendants will refuse this relief as well, since it is encompassed within the relief Defendants have already refused. However, if this is incorrect or if Defendants believe a further meet and confer on this motion would be productive, please provide a time tomorrow between 10-12 am PST that you are available.

Regards,
Ben

---

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com