# EXHIBIT A
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

| | |
|---|---|
| **From:** | Wallace, Sarah B <wallaces@ballardspahr.com> |
| **Sent:** | Friday, August 2, 2019 12:16 PM |
| **To:** | Ben D. Rothstein; jacobsh@ballardspahr.com; petriea@ballardspahr.com; robbinsn@ballardspahr.com |
| **Cc:** | ACQUIOM-KVP |
| **Subject:** | RE: Forensic Inspection Protocol |

Counsel,

We are in receipt of your draft forensic review protocol. It is unacceptable. This draft protocol does not comport with the agreement of the parties as memorialized in the Court's July 26, 2019 Scheduling and Expedited Discovery Order or otherwise reflect our discussions surrounding the negotiation of that agreement. The obligation to search for, review, and produce responsive non-privileged documents is the responsibility of each party. We will professionally and ethically search each of these devices to ensure that any non-privileged responsive documents are produced to you – just as we expect you will do with respect to devices within SRS's possession, custody and control.

First, PNC has already undergone the expense of imaging the devices identified in the Order and, as contemplated by the Order which is why it agreed to provide those images to an independent third-party for inspection and forensic analysis. We are willing to provide a verification from Ernst & Young regarding the fact that they took possession of the devices and imaged them in their entirety.

Second, the purpose of the independent third party forensic analysis is to address your concern that forensic analysis of these devices may be needed to determine whether SRSA information was deleted, exported, or otherwise altered. Thus, we discussed providing a list of applications, deleted files and information as to whether external hard drives or storage devices were connected to the computer to address your concern that a review of documents currently on these devices would not reveal information that was previously on the devices but is no longer. We have never and will not agree to allow your paid consultant to search freely through the complete images of these devices, which contain personal and PNC confidential information. Rather, we discussed engaging an independent third party forensic analyst to provide the information discussed above.

Please send a revised forensic review protocol in line with the Court's Order and consistent with our prior discussions.

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.com
www.ballardspahr.com

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Thursday, August 1, 2019 1:13 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** Forensic Inspection Protocol

 **EXTERNAL**

Counsel,

Please find attached a draft Stipulated Forensic Inspection Protocol. Is there a time tomorrow (Friday) afternoon that you are available to discuss?

Best,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com

2