# EXHIBIT G
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**DEFENDANTS' AMENDED NOTICE OF CONTINUED DEPOSITION OF SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

---

Please take notice that, beginning at 11:00 a.m. on November 21, 2019 at the offices of Ballard Spahr LLP, 1225 Seventeenth Street, Suite 2300, Denver, Colorado 80202, Defendants PNC Financial Services Group, Inc., PNC bank, N.A., Heather Kelly, and Alex Tsarnas (collectively "Defendants"), by their counsel, will take the oral deposition of SRS Acquiom Inc. and Shareholder Representatives Services LLC (collectively "SRSA') by stenographic and videotape means, pursuant to Rule 30(b)(6) and other applicable provisions of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6), SRSA is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf and who have knowledge of and are adequately prepared to testify concerning the topics listed in the attached schedule

1

designated as Exhibit A to this notice. Defendants request that prior to the commencement of the deposition, SRSA supply a written designation of the person(s) who will testify on its behalf and identify the topic(s) for which each such person is designated.

Dated: November 14, 2019

        By:   */s/ Andrew J. Petrie*
            Andrew J. Petrie
            Sarah Block Wallace
            **BALLARD SPAHR LLP**
            1225 Seventeenth Street, Suite 2300
            Denver, Colorado 80202-5596
            Telephone: 303-292-2400
            Facsimile: 303-296-3956
            petriea@ballardspahr.com
            wallaces@ballardspahr.com

            Hara K. Jacobs
            Noah Robbins
            **BALLARD SPAHR LLP**
            1735 Market Street, 51st Floor
            Philadelphia, PA 19103-7599
            Telephone: 215-668-8500
            Facsimile: 215-864-8999
            jacobsh@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day of November 14, 2019, a true and correct copy of the foregoing **DEFENDANTS' AMENDED NOTICE OF CONTINUED DEPOSITION OF SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** was served via email to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Maya Karwande
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company*

                        *s/ Sherri L. Clark*
                        Sherri L. Clark

3

## EXHIBIT A

## DEFINITIONS

1. As used herein, "Kelly" shall be defined as Defendant Heather Kelly.

2. As used herein, "PNC" shall be defined as Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. collectively with any parent, subsidiary, or affiliate entity and any owners, officers, directors, agents, fiduciaries, and employees.

3. As used herein, "SRSA" shall be defined as Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC collectively with any parent, subsidiary, or affiliate entity and any owners, officers, directors, agents, fiduciaries, and employees.

4. As used herein, "Tsarnas" shall be defined as Defendant Alex Tsarnas.

## TOPICS FOR RULE 30(b)(6) DEPOSITION

1. The facts that SRSA contends demonstrate that it will suffer irreparable harm absent an injunction.

2. For each alleged SRSA trade secret, the facts on which SRSA bases its claim that it is a trade secret, including the process and manner by which SRSA developed it, the measures that SRSA employs to ensure its secrecy, the bases on which SRSA believes it is not generally known, and the bases on which the trade secret possesses independent economic value from not being generally known.

3. The facts relating to each customer or transaction that SRSA contends was lost as a result of Defendants' alleged conduct.

4. The manner in which SRSA's alleged trade secrets are customized to configure with NetSuite.

5. For each alleged SRSA trade secret, all facts that SRSA contends demonstrate that Kelly and/or Tsarnas had knowledge of such trade secret

6. The factual basis for SRSA's allegation Ms. Kelly stole or failed to return an SRSA computer or otherwise failed to return documents containing or reflecting SRSA's alleged confidential or trade secret information, including all communications and facts relating to SRSA's efforts to seek the return of any computer or other documents from Ms. Kelly.

7. SRSA's knowledge of PNC Paid and its development.

8. The factual basis for SRSA's allegation that PNC Paid incorporates or otherwise misappropriates SRSA's alleged trade secrets.

9. SRSA's hiring of Kelly and Tsarnas, including the facts known to SRSA that led it to pursue Kelly and Tsarnas and ultimately to hire Kelly and Tsarnas, as well as facts relating to the negotiation of Kelly's restrictive covenants and non-solicit obligations.