# EXHIBIT H
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

**From:**           Ben D. Rothstein
**Sent:**           Thursday, December 5, 2019 10:08 AM
**To:**             'AuerbachB@ballardspahr.com'; ACQUIOM-KVP
**Cc:**             ballardpnclittteam@ballardspahr.com
**Subject:**        RE: SRS v PNC - Crain Declaration Item Production/Access

Hi Brian,

I'm writing to follow up on my email from yesterday morning, responding to your request for forensic analysis.  Please let us know if Defendants agree to this proposal so that we can make the necessary arrangements.

Best,
Ben

---

**From:** Ben D. Rothstein
**Sent:** Wednesday, December 4, 2019 11:06 AM
**To:** 'AuerbachB@ballardspahr.com' <auerbachb@ballardspahr.com>; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Cc:** ballardpnclittteam@ballardspahr.com
**Subject:** RE: SRS v PNC - Crain Declaration Item Production/Access

Hi Brian,

In an effort to accommodate Defendants' request for "unfettered" access to the SRSA-issued computers returned to the company by Kelly and Tsarnas and the Google Suite and Crashplan accounts issued to Ms. Kelly, while still ensuring protection over the numerous highly confidential documents on those devices and in those accounts having nothing to do with this case, we propose the following:

We will make devices containing complete images of the two laptops, and complete static copies of the two accounts, available at our offices in San Francisco starting Friday, 11/6.  Your analysts may come to our office to review these devices, and they may use computer equipment that they bring with them to conduct their analysis.  Defendants must agree to the following:

1.  The analysts will not connect the review computer to the internet during the review;
2.  The analysts may not download any files from the devices containing the images and accounts either to the review computer or to any other electronic storage device;
3.  The analysts may not in any other way save copies of any files from the images and accounts on the devices;
4.  The analysts are permitted only to generate logs/reports and gather forensic artifacts, all of which must be produced to Plaintiffs within two business days of the completion of the analysis;
5.  We retain the right to observe the analysts during the review to ensure compliance with the above.

If the analysts plan to use tools on the computer images that require significant time to run, we recommend running those tools on the images in Forensic Pursuit's possession prior to the this review.  We will respond to any request you make for additional artifacts from the two computers at issue under the Forensic Protocol on an expedited basis.

Also, please confirm that your forensic analysts have not in any way accessed the devices made available by Defendants outside the strictures of the Forensic Protocol.  If they have, then this offer is contingent on Defendants providing our analysts with commensurate access to any devices that your analysts have accessed in that manner.

Regards,

1

Ben

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Monday, December 2, 2019 9:30 PM
**To:** 'AuerbachB@ballardspahr.com' <auerbachb@ballardspahr.com>; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Cc:** ballardpnclitteam@ballardspahr.com
**Subject:** RE: SRS v PNC - Crain Declaration Item Production/Access

Hi Brian,

The Forensic Protocol exists—by Defendants' own insistence—for this exact purpose: to provide counsel and their forensic analysts with access to forensic artifacts, logs, and reports from devices possessed by the other side, without providing access to sensitive user files that may exist on those devices. Nowhere in this email thread have you offered any explanation for why "unfettered" access to the images (as opposed to the forensic analysis you've already conducted and the access you continue to have via the Forensic Protocol) is necessary or even marginally beneficial to "to examine the claims made by Mr. Crain in his declaration." We note that Defendants received Mr. Crain's declaration a full week ago, and still have not made a single additional forensic request pursuant to the Protocol regarding the devices at issue here (beyond the significant forensic data Defendants have already received from those devices).

Nevertheless, we are working with our client to determine what options, if any, exist for providing the "unfettered" access you have requested in a matter that addresses our concerns regarding the sensitivity of the user files contained in the images and accounts at issue, and will respond tomorrow.

Apologies for the name mix-up.

Best,
Ben

---

**From:** AuerbachB@ballardspahr.com [mailto:auerbachb@ballardspahr.com]
**Sent:** Monday, December 02, 2019 6:56 AM
**To:** Ben D. Rothstein; ACQUIOM-KVP
**Cc:** ballardpnclitteam@ballardspahr.com
**Subject:** RE: SRS v PNC - Crain Declaration Item Production/Access

[EXTERNAL]

---

Ben,

Defendants themselves are not asking for access to the items listed below, but Defendants' counsel and consultants are entitled to access. This access is independent of the Forensic Protocol due to Mr. Crain specifically listing these items as "considered" in his declaration (which, as a whole, Defendants object to as improperly disclosed expert testimony under FRCP 26(a)(2)). Mr. Crain, according to his declaration, has had the benefit of full and unfettered access to the hard drive images and cloud accounts "considered" outside the strictures of the Forensic Protocol, and Defendants are entitled to the same level of access in order to perform their own investigation and to examine the claims made by Mr. Crain in his declaration. See, for instance, *Chevron Corp. v. Stratus Consulting, Inc.*, Civil Action No. 10-cv-00047-MSK-MEH, 2010 U.S. Dist. LEXIS 110023, at *26 (D. Colo. Oct. 1, 2010) (requiring production of all information provided to testifying experts).

Defendants' analyst is located in Washington DC. Please let us know today how Plaintiffs will provide him access both to the cloud accounts as well as the forensic images requested.

Regards,
**BRIAN**

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Monday, December 2, 2019 1:05 AM
**To:** Auerbach, Brian (Phila) <AuerbachB@ballardspahr.com>; acquiom-kvp@keker.com
**Cc:** Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: SRS v PNC - Crain Declaration Item Production/Access

⚠️ **EXTERNAL**

Hi Brad,

Thank you for your email. As you know, Defendants already have access to the two images you've identified in bullets (1) and (2) in your email. We provided them to Forensic Pursuit several weeks ago in response to your October 21, 2019 request to inspect them, and they have since been available for Defendants' inspection pursuant to he Forensic Protocol. We cannot provide the images directly to Defendants because they have a significant amount of confidential and proprietary information on them with no relation to the issues in this case. We note that Defendants were adamant, during the Forensic Protocol negotiations, that SRSA would not be permitted to take possession of complete images of any of the Defendants' devices subject to inspection.  The conditions under which the two images in your email are already available for Defendants' inspection are the same conditions that Defendants have required for SRSA's forensic discovery of their devices.

Regarding the Crashplan and Google accounts, we cannot provide Defendants with unrestricted access to those accounts because, again, there are numerous user files accessible through those accounts that have trade secret information and that are not necessarily responsive to any issue in this case. Please let us know your forensic analyst's location and availability this week asap, and I will investigate options for facilitating a secure review.

Regards,
Ben

---

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com

---

**From:** AuerbachB@ballardspahr.com [mailto:auerbachb@ballardspahr.com]
**Sent:** Friday, November 29, 2019 1:43 PM
**To:** ACQUIOM-KVP
**Cc:** ballardpnclittteam@ballardspahr.com
**Subject:** SRS v PNC - Crain Declaration Item Production/Access

[EXTERNAL]

---

Counsel,

Hope all had happy holidays.  Andy Crain, in paragraph 11 of his declaration in support of plaintiffs' motion for preliminary injunction, references several items he considered that have not been made available to the defendants:

1.  The forensic image of Ms. Kelly's New SRSA MacBook that was created after Ms. Kelly returned that computer to SRSA (MD5 hash value b09081e1ca83db2b6ce02dff40b8b69a)
2.  The forensic image of Mr. Tsarnas' SRSA-issued MacBook (MD5 hash value 134248EAE1522511B2259A050D00C1A3)
3.  Access to Ms. Kelly's SRSA-issued GSuite account
4.  Access to Ms. Kelly's SRSA-issued CrashPlan cloud backup account (including access to the front-end of the CrashPlan interface)

Please produce to us the forensic images associated with the above-referenced hash values no later than 5pm EST on Monday.  Additionally, please let us know by no later than Monday the logistics by which SRS will provide access to items 3 and 4 for immediate inspection by defendants' forensic analysts.

Regards,
Brian

**Brian S.S. Auerbach**

1735 Market Street
51st Floor
Philadelphia, PA
19103-7599
215.864.8839 DIRECT
215.864.8999 FAX

919 N. Market Street
11th Floor
Wilmington, DE
19801-3034
302.252.4463  DIRECT

auerbachb@ballardspahr.com
VCARD

www.ballardspahr.com