# EXHIBIT J
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

Case No. 1:19-cv-02005-DDD-SKC   Document 154-10   filed 01/13/20   USDC Colorado   pg 2
of 5
Case: 2:11-cv-01016-EAS-MRM Doc #: 746 Filed: 11/29/16 Page: 1 of 4  PAGEID #: 23298

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

In re: OHIO EXECUTION
 PROTOCOL LITIGATION,

:     Case No. 2:11-cv-1016

    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

This Order relates to Plaintiffs Phillips,
 Tibbetts, and Otte.

## SCHEDULING ORDER

This case came on for scheduling and status conference by telephone at 9:30 A.M. on Monday, November 28, 2016. Appearances of counsel are shown in the Minute Entry for the conference.

1. The hearing on Plaintiffs' Motions for Preliminary Injunction will be held on January 4-5, 2017, in Courtroom No. 4, Fifth Floor, 200 West Second Street, Dayton, Ohio. Plaintiffs will be limited to presenting evidence on January 4 and Defendants on January 5, 2017. The issues raised in the Sealed Supplemental Complaints and what Defendants have characterized as the *Baze/Glossip* issues will **not** be bifurcated, but Plaintiffs Tibbetts and Otte will not be expected to present evidence on the issues raised by their Motions which do not overlap with in Plaintiff Phillips' Motion.

1

2.   In preparation for the hearing, the parties will file lists identifying their expected lay witnesses not later than December 14, 2016.  These lists will identify witnesses by providing contact information and a synopsis of each witness' expected testimony.  Witnesses may be added after the lists are filed only on motion and for good cause shown, including why the identity of the witness could not have been provided on December 14, 2016.

3.   The Plaintiffs requested that expert witness disclosure and reports be made simultaneously; Defendants strenuously insisted that they need to see the Plaintiffs' expert report before identifying a testifying expert.  The Court invited counsel to submit memoranda showing past practice in this case while it was being managed by Judge Frost and they have done so (ECF Nos. 743, 745).  Having reviewed the past practice, the Court finds that it does not speak unequivocally, but that Defendants' argument against simultaneity is persuasive.  Accordingly, ==Plaintiffs must identify expert witnesses and provide reports from those experts not later than December 16, 2016.  Defendants must identify expert witnesses and furnish their reports not later than December 21, 2016.  The reports shall be filed with the Court.==

4.   Counsel confirmed that no new discovery requests have been propounded since October 3, 2016.  Any new requests for discovery, including notices of deposition, shall be filed with the Court, Fed. R. Civ. P. 5 to the contrary notwithstanding.  Any party propounding discovery may accompany the request with a motion to set an expedited response date.

5,   Motions in limine directed at evidence intended to be presented at the hearing must be filed not later than December 27, 2016; the parties are encouraged to file such motions as soon as possible.

6. The parties will file with the Court and exchange documentary exhibits intended to be introduced at the hearing not later than 4:00 P.M. on December 29, 2016. Exhibits shall be prepared in the form required by the Dayton location of court General Order No. Day 12-01 (available on the Court's internet website, www.ohsd.uscourts.gov.)

7. Fed. R. Civ. P. 52(a)(2) provides: "In granting or refusing an interlocutory injunction, the court must similarly [i.e. as provided for bench trials in Fed. R. Civ. P. 52(a)] state the findings and conclusions that support its action." It is a recommended best judicial practice to require parties to propose findings of fact and conclusions of law in cases where the Court is required to file them. See Manual for Complex Litigation (Fourth) at § 12.52; Civil Litigation Management Manual 2d at 60, 101, 114. This Court's General Order on Pretrial and Trial Procedures (General Order Day 12-01[1]) provides for each judge in his or her discretion to order proposed findings and conclusions..

   The parties are accordingly ordered to file proposed findings of fact and conclusions of law not later than 5:00 p.m. on Thursday, December 29, 2016.

8. The case is set for an additional scheduling conference by telephone at 9:30 A.M. on December 6, 2016. Parties are encouraged to submit issues for the agenda prior to the conference, which may be done by email.

The preliminary injunction hearing set herein is set as late as possible to permit a decision by the Court in time to permit appellate review. The Court had suggested in the November 17, 2016, that the executions of the three above-named Plaintiffs be stayed *pendente lite* to permit a more orderly consideration of the issues that will be presented in the preliminary injunction hearing. Defendants' counsel advised the Court on November 23 and reiterated during the conference the difficulties with such a stay from his clients' perspective. He nevertheless

---

[1] Available on the web at www.ohsd.uscourts.gov.

3

4

evinced a willingness to discuss a short (not indefinite) stay with Plaintiffs' counsel. The Court encouraged that discussion and reminded counsel that *Fears v. Kasich* has not yet been decided by the Sixth Circuit and the decision may have important consequences regarding Defendants' desire to protect the confidentiality of certain information regarding the execution process.

The Court and counsel discussed other confidentiality issues which are not elaborated on here so that this Scheduling Order does not have to be sealed.

November 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
