# EXHIBIT L
# TO DECLARATION OF BENJAMIN D. ROTHSTEIN

**From:** Ben D. Rothstein
**Sent:** Wednesday, December 18, 2019 9:20 PM
**To:** AuerbachB@ballardspahr.com
**Cc:** sheridan-srs@sheridanross.com; ballardpnclitteam@ballardspahr.com; ACQUIOM-KVP
**Subject:** RE: SRSA v PNC - Crain Declaration

Hi Hara and Brian,

I write to follow up on our call yesterday regarding Defendants' forthcoming motion to strike the declaration of Andy Crain. Suffice it to say, we disagree that Mr. Crain's declaration was improper. Despite our multiple requests, Defendants refuse to explain their position or identify any authority in support. Mr. Crain's declaration sets forth all of the opinions that he will offer in support of our PI motion. We served his declaration on November 25, four weeks before your opposition is due. To date, Defendants have declined to respond to our December 4 proposal to review certain materials they claimed their analyst needs, and have never requested Mr. Crain's deposition. Defendants have not been prejudiced in any way.

You noted on the call that Mr. Crain's declaration does not state his hourly rate. It is $550/hour. Although Rule 26's disclosure requirements do not apply in this situation, in light of your objection that we failed to comply with Rule 26 because Mr. Crain's declaration did not include his hourly rate, we will file a supplemental declaration that discloses that rate.

As I said on the call, Defendants' refusal to explain their positions or identify any authority in support does not satisfy the meet and confer requirement set forth in Local Rule 7.1(a). Absent further efforts by Defendants to remedy this failure, we will so inform the Court in our opposition papers.

Regards,
Ben

---

**From:** Ben D. Rothstein
**Sent:** Tuesday, December 17, 2019 11:12 AM
**To:** AuerbachB@ballardspahr.com
**Cc:** sheridan-srs@sheridanross.com; ballardpnclitteam@ballardspahr.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** RE: SRSA v PNC - Crain Declaration

Hi Brian,

Rule 26(a)(2) requires expert disclosures for "any witness it may use <u>at trial</u> to present evidence under Federal Rules of Evidence 702, 703, or 704."  Fed. R. Civ. P. 26, sub. (a)(2)(A) (emphasis added). A preliminary injunction motion is not a trial.

We are available to meet and confer at 3:30 pm PST. Please be prepared on that call to provide legal authority (if any) supporting Defendants' assertion that a party may not offer expert testimony in connection with a preliminary injunction motion unless it fully complies with the requirements of Rule 26(a)(2). Please also be prepared to discuss the specific questions I asked yesterday, which you have thus far declined to answer and which can be restated, by reference to your most recent email, as follows: Even assuming Rule 26(a)(2) applies in this context, what are the *specific* "timing and disclosure requirements" under Rule 26(a)(2) that you claim we have not "fulfilled"?

Please send around a dial in for the call.

Regards,
Ben

---

**From:** AuerbachB@ballardspahr.com <auerbachb@ballardspahr.com>
**Sent:** Tuesday, December 17, 2019 4:51 AM
**To:** Ben D. Rothstein <BRothstein@keker.com>
**Cc:** sheridan-srs@sheridanross.com; ballardpnclitteam@ballardspahr.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** RE: SRSA v PNC - Crain Declaration

**[EXTERNAL]**

Ben,

We are not sure why you are confused about the basic rules of civil procedure.  Federal Rule 26(a)(2) governs the necessary timing and disclosure requirements related to experts, none of which SRSA have fulfilled.  It is disingenuous to suggest that your disclosure of the fact that Mr. Crain would review forensic materials in your August 28, 2019 email is equivalent to a proper disclosure of Mr. Crain as an expert under the Federal Rules.  Mr. Crain has not proffered the necessary report, PNC has not had the required opportunity to depose him and explore the veracity of his expert opinion, and as such the inclusion of his declaration in SRSA's preliminary injunction motion was improper.

If Mr. Crain's declaration will not be withdrawn, please let us know your availability today for the telephonic meet and confer required prior to PNC filing a motion to strike.

Best,
Brian

---

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Monday, December 16, 2019 4:45 PM
**To:** Auerbach, Brian (Phila) <AuerbachB@ballardspahr.com>; acquiom-kvp@keker.com
**Cc:** sheridan-srs@sheridanross.com; Ballard PNC Litigation Team <BallardPNCLitTeam@ballardspahr.com>
**Subject:** RE: SRSA v PNC - Crain Declaration

 **EXTERNAL**

Hi Brian,

We are confused by Defendants' objection to Mr. Crain's declaration.

It is common for parties to support preliminary injunction motions with expert testimony.  Here, the parties negotiated and executed the Forensic Inspection Protocol specifically for the purpose of gathering forensic evidence, and Mr. Crain has been our Identified Representative pursuant to that agreement since we disclosed him to Defendants on August 28, 2019 (three months prior to filing our PI). Defendants have also had forensic analysts on hand (you disclosed Michael Huber on August 23, and you informed us several weeks ago that you have an additional investigator based in Washington D.C.).  In addition, Defendants have had three weeks (and counting) to request any additional information they think they may need with respect to Mr. Crain.  Relatedly, we would note that the ball has been in your court since December 4 regarding our offer in response to your request to analyze complete images of Mr. Tsarnas's and Ms. Kelly's SRSA-issued MacBooks and Ms. Kelly's SRSA-issued Google and Crashplan accounts. We never heard back from Defendants regarding our proposal, despite my sending a follow-up email on December 5. That was almost two weeks ago.

We are happy to meet and confer, but under the circumstances described above, your email does not provide enough information for us to even understand what we're meeting and conferring about. Before the meet and confer, please let us know the following:

- What is the deadline by which Defendants contend we were obligated to "disclose" Mr. Crain, what is the basis for that deadline, and how did the disclosures we have made fail to comply with it?
- What specific provision(s) within the "Federal Rules" do Defendants contend we failed to comply with?
- What is the legal basis for your assertion that the Expedited Discovery Order forecloses Mr. Crain's declaration or renders it "improper"? If you have any authority supporting this assertion, please provide it to us so that we may review it in connection with the meet and confer.

Regards,
Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com


**From:** AuerbachB@ballardspahr.com <auerbachb@ballardspahr.com>
**Sent:** Monday, December 16, 2019 8:35 AM
**To:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Cc:** sheridan-srs@sheridanross.com; ballardpnclitteam@ballardspahr.com
**Subject:** SRSA v PNC - Crain Declaration

[EXTERNAL]

Counsel:

Included with SRSA's motion for preliminary injunction was an expert declaration from Mr. Andy Crain, along with 47 exhibits (ECF 70-71). This was improper: SRSA did not timely disclose the existence of Mr. Crain as an expert as it was required to under the Federal Rules (even when directly asked), nor did the parties agree to expert discovery when the expedited discovery schedule was being negotiated. Accordingly, Mr. Crain's expert declaration and its exhibits must be immediately withdrawn.

Please let us know by close of business today whether Mr. Crain's declaration will be withdrawn. Otherwise, please provide your availability tomorrow for a telephonic meet and confer regarding this issue.

Regards,

**Brian S.S. Auerbach**

1735 Market Street
51st Floor
Philadelphia, PA
19103-7599
215.864.8839 DIRECT
215.864.8999 FAX

919 N. Market Street
11th Floor
Wilmington, DE
19801-3034
302.252.4463  DIRECT

auerbachb@ballardspahr.com
VCARD

www.ballardspahr.com

4