**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**DECLARATION OF ERIC MARTIN IN SUPPORT OF PLAINTIFFS' REPLY IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Eric Martin, declares as follows:

1.      I am over 18 years of age, and I submit this declaration on behalf of Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA"), in connection with SRSA's Reply in Support of Motion for Preliminary Injunction.  Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge.  If called upon as a witness, I would testify to these facts competently under oath.

2.      I serve as a Managing Director at SRSA, where I have worked for eight years.  In March 2018, my responsibilities included overseeing SRSA's sales and relationship management functions.  Heather Kelly reported directly to me.

3.      On March 7 or 8, 2018, I had a phone call with Ms. Kelly in which she told me she would soon be leaving SRSA.  We discussed a potential transition plan in which she would stay on for two additional weeks to assist with transitioning her active deals to her replacement.  That was documented in an email I sent to Ms. Kelly on March 8, which is Exhibit 3 to Ms. Kelly's declaration filed by Defendants in connection with this motion.  At no point did I authorize Ms. Kelly to retain any SRSA documents or information for her role in the proposed transition.

4.      By March 9, however, SRSA had decided that it did not want Ms. Kelly to play a transitional role, because she was leaving to join a potential long-term competitor.  She resigned from SRSA, effective immediately, and I understood that her access to corporate email and all other SRSA systems was disabled.  Ms. Kelly's client accounts were immediately transitioned to her colleague Ali Bryson or other relationship managers.  As far as I am aware, after March 8, no one asked Ms. Kelly to play any transitional role for SRSA, and she never played such a role.

1

1366846

5. I have been made aware that, on or about February 23, 2018, two weeks before her resignation, Ms. Kelly printed out two technical and procedural documents related to SRSA's paying-agent business, entitled "Payment Product Specifications v2" and "Import Process and Procedures," which are exhibits 10 and 11 to the declaration of Glen Colthup filed in connection with this motion.

6. Those documents provide non-public details about how SRSA's Clearinghouse product works. They were not documents Ms. Kelly would have needed in order to transition her in-progress transactions, as we had discussed on March 8. I never authorized Ms. Kelly to download, print or take with her the "Payment Product Specifications v2" or "Import Process and Procedures" documents. She did not inform me that she possessed copies of them, nor did she disclose to me her intent to keep a copy of them, for any purpose.

7. I have also been made aware that, on or about March 13, 2018, Ms. Kelly used personal email accounts to send herself various SRSA form agreements, as well as the Payments Spreadsheet that SRSA uses in connection with its paying-agent deals. A version of the Payments Spreadsheet is Exhibit 7 to Mr. Colthup's declaration. I cannot imagine why Ms. Kelly thought it appropriate to email these documents, particularly the Payments Spreadsheet, to herself after her resignation, and after it was clear she would not be playing any role in account transition. To be clear, I never authorized Ms. Kelly to email herself the Payments Spreadsheet or any other SRSA documents. Nor did Ms. Kelly inform me that she had done so.

///

///

///

2

1366846

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed this 16th day of January, 2020, at Chicago, Illinois.

By: */s Eric Martin*
ERIC MARTIN

3

1366846