IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO FILE
MATERIALS UNDER RESTRICTION LEVELS 1 & 2**

Pursuant to the Court's December 6, 2019 Order, ECF 107, on January 9, 2020, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") filed a Motion for Sanctions and exhibits thereto. *See* ECF 145-148. Now, under D.C.COLO.LCivR 7.2(c), SRSA respectfully requests the Court to order restriction over the following documents:

| Document | Portions SRSA Seeks to Restrict | Restriction Level | Party Asserting Interest in Restriction |
|---|---|---|---|
| [ECF 145] SRSA's Motion for Sanctions | • On page 3, in the second paragraph, the portion after "'Firms by Segment')" and before "During expedited discovery"; <br>• On page 4, in the first paragraph, the last four lines after "authored the" to the end of the paragraph; <br>• On page 5, in the middle paragraph, the sentence after "Rothstein ¶8; Ex. F." and before "*Id.* Defendants"; | Level 2 | SRSA and PNC |

1368558

| | | | |
|---|---|---|---|
| | • On page 6, in the first paragraph, the portion after "(Section II.B, *supra*)" and before "*Id.* Defendants had";<br>• On page 7, the sentence in the first full paragraph beginning after "Ex N (emphasis added)" and ending before "Ex. O.";<br>• On page 7, the last sentence of the first full paragraph;<br>• On pages 7-8, from the second sentence on the last paragraph of page 7 after "Ex. N." to the end of the paragraph on page 8;<br>• On page 8 in the middle paragraph, the portion beginning after "contradicts her testimony." to the end of the paragraph;<br>• On page 8, in the last paragraph, the clause that begins after "(Ex. P) and" and ends before "The image on";<br>• On page 9, the portion starting from "that Kelly created" and ending before "The non-alphabetical";<br>• On page 9, the entire image under the first full paragraph. | | |
| [ECF 145] SRSA's Motion for Sanctions | • On page 4 in the first full paragraph in the middle of the page, the portion after "customer list that" and before the semicolon;<br>• On page 4, the first and second bullet points in the first full paragraph;<br>• On page 4, in the first full paragraph, the clause that begins after "reflects an" and before "Ex. C.";<br>• On page 4, in the first full paragraph, the portion after the words "*any* documents" and before "Rothstein ¶5.";<br>• On page 7, in the middle paragraph, the sentence after "PNC colleagues," and before "Ex. N";<br>• On page 7, in the middle paragraph, the sentence after "Ex. O." and before "*See* Ex. A.";<br>• On page 7, in the last paragraph, the quote after "explanation that she" and before "Ex. N." | Level 1 | PNC |

| | | | |
|---|---|---|---|
| [ECF 146] Declaration of Benjamin D. Rothstein ("Rothstein Declaration")[1] | <ul><li>¶4, last two sentences;</li><li>¶5, portion beginning after "Strategic Buyers," to end;</li><li>¶8, two sentences in between "Excel application." and "Defendants produced";</li><li>¶9, last two sentences;</li><li>¶10, last three sentences;</li><li>¶11, second sentence;</li><li>¶18, last sentence;</li><li>¶19, last two sentences;</li><li>¶¶20-21, entirety;</li><li>¶ 22, last sentence.</li></ul> | Level 2 | PNC |
| | <ul><li>¶3, third line, words in between "Lang et al.' and "dated."</li></ul> | Level 1 | |
| [ECF 146-1] Ex. B | Entirety | Level 1 | PNC |
| [ECF 146-2] Ex. C | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-3] Ex. F | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-4] Ex. G | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-5] Ex. H | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-6] Ex. J | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-7] Ex. O | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-8] Ex. P | Entirety | Level 2 | SRSA and PNC |
| [ECF 146-9] Ex. Q | Entirety | Level 2 | SRSA and PNC |
| [ECF 147] Ex. A | Entirety | Level 1 | PNC |
| [ECF 147-1] Ex. N | Entirety | Level 1 | PNC |

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

---

[1] All exhibits referenced in this Motion are Exhibits to the Rothstein Declaration.

3

(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

SRSA moves to restrict two categories of documents: (1) documents that contain or reference highly confidential, trade-secret information about SRSA's customer base and its customers' preferences; and (2) documents that PNC has designated "Confidential" under the Protective Order.[2]

## I. SRSA SEEKS LEVEL 2 RESTRICTION OVER CONFIDENTIAL SRSA CUSTOMER INFORMATION

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of an action.").

Here, SRSA seeks Level 2 restriction over Exhibits C, F, G, H, J, O, P, and Q to the Rothstein Declaration, and portions of its Motion to Restrict and Rothstein Declaration that

reference those exhibits. These documents are excerpts from customer lists that reveal confidential SRSA customer information, including information about customer preferences (including experiences with SRSA) in the payments-and-escrow marketplace. *See* SRSA Motion for Sanctions, ECF 145 at 3-9.

As discussed in SRSA's Motion for Preliminary Injunction, such customer information is regularly afforded trade-secret status, and its public disclosure would cause competitive harm to SRSA. *See* ECF 86 at 14; *Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding [] customers' [] specialties, business preferences, and contact people" are trade secrets.). Indeed, PNC has designated the documents that these exhibits excerpt from as "Highly Confidential – Attorneys' Eyes Only" (HC-AEO) under the Stipulated Protective Order,[3] and such information must be filed under Level 2 restriction. ECF 40 at 18.

Accordingly, restriction is appropriate lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships").

Finally, there is no practicable alternative to restriction. SRSA has narrowly tailored its requests to seal, and public disclosure of the specific, narrowly tailored information SRSA seeks to

---

[2] Under D.C.COLO.LCivR 7.1, on January 22, 2020, the parties met and conferred regarding this Motion. PNC consented to SRSA filing its Motion as "unopposed."

[3] "HC-AEO" information is defined to contain or reference "non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non-

seal would destroy their value and cause significant competitive harm to SRSA. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). In addition, should the Court grant SRSA's Motion to Restrict, SRSA will file publicly available, redacted, versions of its Motion for Sanctions and the Rothstein Declaration thereto. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-CV-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

## II. SRSA SEEKS RESTRICTION OVER DOCUMENTS PNC HAS DESIGNATED CONFIDENTIAL

As documented in the above chart, SRSA seeks Level 1 restriction over Exhibits A, B and N to the Rothstein Declaration, as well as portions of its Motion for Sanctions and Rothstein Declaration that reference those exhibits, because PNC has designated that information "Confidential" under the Stipulated Protective Order. Accordingly, SRSA takes no position on whether the substance of these documents warrants restriction. Under section 10 of the Protective Order, "a document containing 'Confidential' Information shall be filed under Level 1 restriction." ECF 40 at 18. "Confidential" information is defined to include "confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for

---

Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means." ECF 40 at 3-4.

protection from disclosure can be made . . . ." *Id.* at 2. PNC thus believes that these documents contain information justifying sealing, and SRSA has treated them as such.

Accordingly, SRSA respectfully requests that the Court order Level 2 and Level 1 restriction over the above-referenced documents. Along with this motion, SRSA submits a Proposed Order.

Respectfully submitted,

Dated: January 23, 2020

By: *s/ Victor H. Yu*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Maya Karwande
*mkarwande@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:      415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303 863 9700
Facsimile:      303 863 0223
Email:     litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

7

1368558

## Compliance With Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.