# EXHIBIT F

Andrew J. Petrie
Sarah B. Wallace
Hara K. Jacobs
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202-5596
Telephone: 303.292.2400
Facsimile: 303.296.3956
-and-
1735 Market Street, 51st floor
Philadelphia, PA 19103-7599
Telephone: 215.864.8745
Facsimile: 215.864.8999

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas*

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

---------------------------------------------------------------X
                                                               :
SRS ACQUIOM, INC., and,                                        :   Civil Action No. 1:19-cv-02005
SHAREHOLDER REPRESENTATIVE                                     :
SERVICES, LLC,                                                 :   **DEFENDANTS' FIRST SET OF**
                                                               :   **REQUESTS FOR PRODUCTION TO**
          Plaintiffs,                                         :   **PLAINTIFFS**
                                                               :
    vs.                                                      :
                                                               :
PNC FINANCIAL SERVICES GROUP, INC.,                            :
PNC BANK, N.A.,                                                :
HEATHER KELLY, and                                             :
ALEX TSARNAS                                                   :

          Defendants.

---------------------------------------------------------------X

      Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Court's Scheduling and

Expedited Discovery Order, Defendants PNC Financial Services Group, Inc., PNC Bank, N.A.,

Heather Kelly, and Alex Tsarnas (collectively "Defendants"), by and through undersigned

counsel, hereby requests that Plaintiffs SRS Acquiom, Inc., and Shareholder Representative Services, LLC respond to the following requests for production by August 16, 2019.

## INSTRUCTIONS AND DEFINITIONS

### INSTRUCTIONS

1. You shall produce all documents electronically in a form that renders the documents susceptible to copying.  You shall produce all documents as they are kept in the usual course of business or organized and labeled to correspond to the following requests.

2. If you are unable to comply fully with any request herein, you shall comply to the extent possible and provide an explanation as to why full compliance is not possible.

3. If any document within the scope of this Request is unavailable because it has been destroyed, identify the document (by date, author, addressee, signatory, subject, and length); state when the document was destroyed and why; and identify the person who ordered the document destroyed;

4. If any of the information or documents requested below are claimed to be privileged or are otherwise withheld, you are requested to provide a privilege log which identifies:

   (a) the basis for asserting the claim of privilege, and the precise ground on which the document is withheld;

   (b) the type of document;

   (c) the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof;

   (d) the relationship of its author(s) and its addressee(s);

   (e) the title and other identifying data of the document;

   (f) the date of the document;

   (g) the subject matter of the document;

   (h) any attachment(s) to the document;

   (i) the number of page(s) comprising the document; and

   (j) whether the document is typewritten or handwritten.

  5. All Requests herein are directed to those documents within your possession, custody, or control, or within the possession, custody, or control of your agents, servants, employees, related companies, and your attorneys. These Requests are also directed to those firms, corporations, partnerships, or trusts that you control, and to documents in the possession, custody, or control of employees, agents, next friends, trustees, guardians, and representatives of such entities.

  6. When an individual, partnership or other non-corporate entity is referred to herein, such reference shall be construed to include that individual, partnership, or other non-corporate entity in any capacity and all and any agents, employees, representatives, attorneys, members, family members, predecessors and successors in interest, affiliates, departments or divisions, and all other persons or entities acting on his/her/its behalf or under his/her/its control, whether in the past or the present.

  7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  8. If any responsive document has been lost, destroyed, or discarded, or is no longer in existence, that document is to be identified by stating: (i) the information called for in paragraph 4 above; (ii) its date of destruction or discard; and (iii) the manner and reason for its destruction or discard.

9. Whenever necessary to bring within the scope of a request any information, document, or subject matter which might otherwise be deemed non-responsive, the singular form shall be interpreted as including the plural.

10. These Requests are continuing to the extent provided by Rule 26(e) of the Federal Rules of Civil Procedure. Applicant is requested to provide by way of supplementary compliance herewith such additional information as Applicant, its agents, representatives, or attorneys may obtain between the time answers are first provided pursuant to these Requests and the time of trial of this matter. Such additional information is to be produced at the offices of Ballard Spahr LLP promptly after receipt thereof.

## **DEFINITIONS**

1. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

3. As used herein, "Documents" "shall be defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. "Identify," "state the identity of," or any other similar phrase:

   (a) When used with reference to a natural person, means to state in each instance that person's (i) full name, (ii) present or last known home address, and (iii) present employer and position (occupation or business if self-employed).

   (b) When used with reference to a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, means to state in

       (c)    When used in connection with a document or writing, means to state in each instance the full name and address of that entity.

       (c)    When used in connection with a document or writing, means to state in each instance: (i) the date of the document, (ii) the type of document (*e.g.*, letter, memorandum, computer printout, estimate, etc.), (iii) the author and addressee, (iv) any filing or identifying number associated with the document, and (v) the present or last known location or custodian of the document.

       (d)    When used in connection with an oral communication, means to state in each instance: (i) the date, time, and place where the communication was made, (ii) the person(s) communicating, (iii) the recipient(s) and intended recipient(s) of the communication, (iv) the identity of any document that embodies, contains, describes, refers to, discusses, or relates in any way to the communication, and (v) the substance of the communication.

5.     As used herein, "Kelly" shall be defined as Defendant Heather Kelly.

6.     As used herein, "New MacBook" shall be defined consistent with the definition of such phrase set forth in Paragraph 61 of the Amended Complaint.

7.     As used herein, "Old MacBook" shall be defined consistent with the definition of such phrase set forth in Paragraph 61 of the Amended Complaint.

8.     As used herein, "PNC" shall be defined as Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. collectively with any parent, subsidiary, or affiliate entity and any owners, officers, directors, agents, fiduciaries, and employees.

9. As used herein, "SRS" shall be defined as Plaintiffs SRS Acquiom, Inc. and Shareholder Representative Services, LLC collectively with any parent, subsidiary, or affiliate entity and any owners, officers, directors, agents, fiduciaries, and employees.

10. As used herein, "Tsarnas" shall be defined as Defendant Alex Tsarnas.

11. As used herein, "Trade Secret" shall be defined as any scientific or technical information, design, procedure, improvement, confidential business or financial information, formula, pattern, compilation, program, device, method, technique, process, or listing of names, addresses, or telephone numbers that SRS contends satisfies the definition of a trade secret set forth in either the Defend Trade Secrets Act or the Colorado Uniform Trade Secrets Act and which SRS contends was disclosed, use, or otherwise misappropriated by any or all Defendants.

## REQUESTS FOR PRODUCTION

1. For each Trade Secret that SRS contends was misappropriated, produce all Documents Concerning the existence of such Trade Secret, including, but not limited to: (a) Documents sufficient to Identify which Plaintiff is the owner of each alleged Trade Secret; (b) Documents sufficient to Identify each individual or entity involved in the development of each alleged Trade Secret; (c) Documents sufficient to Identify the individual contribution of each individual or entity involved in the development of each alleged Trade Secret; (d) Documents sufficient to Identify any third party product that is incorporated within any alleged Trade Secret; (e) all memorandum, meeting notes or other Documents Concerning the development of each alleged Trade Secret; (f) all Documents Concerning the costs of development for each alleged Trade Secret; and (g) a copy of any assignment or work for hire agreement with any individual identified in response to (b) above.

2. Produce all Documents supporting or refuting SRS's contention that it employs reasonable measures to protect the secrecy of each alleged Trade Secret, including, but not limited to: (a) contractual restrictions Concerning any employee's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (b) contractual restrictions Concerning any customer's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (c) contractual restrictions Concerning any other third party's access to, or use or disclosure of, any alleged Trade Secret or product or service that embodies or practices any alleged Trade Secret; (d) a copy of any non-disclosure or confidentiality agreement with any individual identified in response to (1)(b) above; and (e) any lawsuits, demand letters, cease and desist letters, or other correspondence sent by, or on behalf of SRS, regarding, Concerning any of the alleged Trade Secrets.

3. Produce all Documents Concerning any analysis or evaluation of any alleged Trade Secret, including, but not limited to: (a) analysis as to the patentability of any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret; (b) analysis as to whether any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret is copyrightable; (c) the monetary value of each alleged Trade Secret, including, but not limited to, in conjunction with an evaluation for insurance or investment purposes; and (d) any S.W.O.T. or other comparative analysis between any product or service offered by any third-party and any alleged Trade Secret, component or aspect of any alleged Trade Secret, or product or service that embodies or practices any alleged Trade Secret.

4. Produce a copy of all Documents, including, but not limited to, PowerPoint presentations, demonstrations, webinars, marketing, advertising, or promotional materials, or other materials distributed, provided or available to third-parties, customers, potential customers, investors, or potential investors Concerning any product or service that SRS contends is a Trade Secret, practices a Trade Secret, or otherwise embodies a Trade Secret.

5. Produce all Documents supporting or refuting the contention that the alleged Trade Secrets possess independent economic value, including, but not limited to: (a) all Documents Concerning any licenses, requests to license, or offers to license any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; (b) all Documents reflecting that any customer selected SRS because of any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret; and (c) any reviews, comments, criticisms, or other feedback Concerning any alleged Trade Secret or any product or service that embodies or practices any alleged Trade Secret.

6. For each alleged Trade Secret, produce: (a) all Documents Concerning whether Tsarnas and Kelly participated in the development of the alleged Trade Secret; (b) all Documents Concerning whether Tsarnas and Kelly had access to the alleged Trade Secret; and (c) all Documents Concerning whether Tsarnas or Kelly used, disclosed or otherwise misappropriated the alleged Trade Secret following their departure from SRS.

7. For each customer or project referenced in Paragraphs 79-84 of the Amended Complaint, produce: (a) Documents sufficient to Identify each such customer; (b) Documents sufficient to Identify any existing contractual relationship with these customers, including, but not limited to, all prior contracts with such customers; (c) all Communications Concerning

SRS's attempt to obtain the business that it contends was lost to PNC; (d) all Communications or other Documents reflecting or discussing the loss of these customers to PNC; (e) all Documents Concerning, demonstrating, or otherwise reflecting that SRS would have obtained the business but for Defendants' alleged tortious conduct; and (f) all Documents calculating or otherwise reflecting the revenue lost by SRS as a result.

8. All Documents Concerning PNC's alleged use, disclosure or other form of misappropriation of any alleged Trade Secret.

9. All Documents Concerning any alleged breach of the non-solicitation restraint by Kelly or Tsarnas.

10. All Documents or Communications Concerning any lawsuit, claim, or allegation that SRS acquired, possessed, used, disclosed, or misappropriated a trade secret or confidential information of any third-party, tortiously interfered with a contract, or otherwise induced a party to breach a contract.

11. All Documents supporting or refuting the contention that any documents or information allegedly in Tsarnas or Kelly's possession are confidential.

12. All Documents Concerning Kelly's transition from the Old MacBook to the New MacBook, including, but not limited to, all Documents Concerning SRS's knowledge of, and attempt to retrieve, Kelly's Old MacBook, and all Documents supporting or refuting the allegation that she accessed or retrieved any SRS document following her departure.

13. All Communications Concerning Kelly and Tsarnas following their resignation or termination from SRS.

14. All Documents supporting or refuting SRS's claim that it will suffer irreparable harm absent an injunction.

15. All Documents Concerning PNC Paid.

Dated: Denver, Colorado    Ballard Spahr LLP

August 2, 2019

By:   *s/ Sarah B. Wallace*
         Sarah B. Wallace

Andrew J. Petrie
Sarah B. Wallace
1225 17th Street, Suite 2300
Denver, CO  80202-5596
Telephone: 303.292.2400
Facsimile: 303.296.3956

-and

Hara K. Jacobs
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.864.8745
Facsimile: 215.864.8999

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2019 a true and correct copy of the foregoing **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS** was served via e-mail to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Maya Karwande
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiff*
SRS Acquiom Inc., a Delaware corporation and
Shareholder Representative Services LLC,
a Colorado limited liability company

*s/ Ellen J. Phillipson*
Ellen J. Phillipson