# EXHIBIT I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08688-GW (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Goodness Films, LLC, et al. v. TV One, LLC, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT EDWIN B. WEINBERGER'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS (Docket No. 129)**

     Before the Court is Defendant Edwin B. Weinberger's Motion to Compel Production of Documents ("Motion" or "MTC") from Plaintiff Goodness Films, LLC ("Plaintiff" or "Goodness") in this copyright infringement case involving misappropriation of the idea for a television program based on Roscoe's House of Chicken and Waffles ("Roscoe's"). Plaintiff presented as part of a motion for preliminary injunction the expert declaration of Richard Walter purporting to find substantial similarities between "Roscoe's" and "Belle's," a show developed by Weinberger who also had been involved in developing "Roscoe's." Weinberger seeks drafts of Walter's expert declaration, and all communications with Walter about Roscoe's and about this lawsuit, including attorney communications (Requests 71, 72 and 73.) Goodness claims it has provided all non-privileged documents responsive to Weinberger's Requests except for attorney communications with Walter. Weinberger's Motion is DENIED.

     Weinberger relies heavily on the decision in South Yuba River Citizens League v. National Marine Fisheries Service, 257 F.R.D. 607 (E.D. Cal. 2009) which provides an excellent summary of the law regarding the discoverability of materials reviewed and/or considered by retained experts such as Mr. Walter, including drafts of reports and attorney communications, under Fed. R. Civ. P. Rule 26(a)(2). Essentially, South Yuba holds that any material, including attorney opinion, considered by a testifying expert in the formation of his testimony is not protected by the work product doctrine set forth in Rule 26(b)(3). Id. at 610-15. Were South Yuba still good law, Weinberger's Motion would have to be granted in its entirety as to all the materials he has requested.

     As Goodness observes, however, Rule 26 was amended in 2010 to provide work product protection against discovery of draft reports and some attorney communications. See generally In Re Application of Republic of Ecuador, 280 F.R.D. 506, 510-16 (N.D. Cal. 2012). More specifically, Rules 26(b)(4)(B) and (C) provide as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08688-GW (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Goodness Films, LLC, et al. v. TV One, LLC, et al. | | |

    (B)    *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

    (C)    *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
        (i)    relate to compensation for the expert's study or testimony;
        (ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
        (iii)    identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

    Quite plainly, Rule 26(b)(4)(B) protects the drafts of any expert report required under Rule 26(a)(2) "regardless of the form in which the draft is recorded." Similarly, Rule 26(b)(4)(C)(ii) and (iii) continue to require disclosure of facts and data and assumptions provided by the attorney to the expert but protect attorney-expert communications regarding Rule 26(a)(2)(B) "regardless of the form of the communications." Despite these rule changes, work product may be discovered under Rule 26(b)(3)(A)(ii) if a party shows that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26(b)(3)(B), however, states that required disclosure of work product materials "must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney."

    Preliminarily, new Rule 26(b)(4)(C) only concerns attorney-expert communications. Facts and data, and assumptions, provided to the expert by the attorney continue to be discoverable as before. Goodness repeatedly states that it has produced all non-privileged materials, and the Court takes from those statements that Goodness has produced all non-attorney communications with Walter and all facts, data and assumptions counsel provided to Walter. That is to say, the only matter in dispute is the discoverability of attorney communications other than facts data and assumptions, such as attorney opinions, legal theories and mental impressions. If this is not the case, Weinberger is free to pursue those omissions further.

    Weinberger, however, argues that the Walter Declaration is not a required expert report under Rule 26(a)(2)(B) and thus is not subject to 26(b)(4) protections. The Court disagrees. Goodness plainly has designated Walter as a retained expert and presented him as such in the preliminary injunction motion [Docket No. 20] where Walter declared (¶ 4) "I have been engaged to testify as an expert witness . . . and I hereby submit this Expert Report in connection with such engagement." Rule 26(a)(2) requires a party to disclose the identity of expert witnesses and provide a written report containing certain required information. Judge Karlton observed that Rule 26(a) requirements have been applied to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08688-GW (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Goodness Films, LLC, et al. v. TV One, LLC, et al. | | |

expert reports submitted with summary judgment motions because the expert has "entered the judicial arena." South Yuba, 257 F.R.D. at 611 (internal citation and quotation marks omitted). Judge Karlton further assumed without deciding the issue that Rule 26(a)(2) requirements also apply to preliminary injunctions, noting sparse and conflicting authority. Supporting Judge Karlton's observation is new Rule 26(b)(4)(B) protecting draft reports from disclosure "regardless of the form in which the draft is recorded." It seems clear to the Court that Goodness retained Walter as a testifying expert on the similarity of "Roscoe" and "Belle's" and that Goodness produced the report earlier than required for a different purpose, i.e., to establish probability of success on the merits. It is in effect a draft that can be modified further before the required disclosure date for its use at trial. The form in which it appeared does not detract from its Rule 26(a)(2) character as a draft or its intended, ultimate use as a Rule 26(a)(2) report.

      Weinberger nonetheless argues that Walter's Declaration is not a valid Rule 26(a)(2) report because it does not contain a statement of the compensation paid as required by Rule 26(a)(2)(B)(vi). Yet the Court assumes that many draft expert reports are incomplete in the early stages before becoming fully compliant by the time of the required disclosure date for trial. In Midwest Guaranty Bank v. Guaranty Bank, 270 F.Supp.2d 900, 908 n.2 (E.D. Mich. 2003), cited in Judge Karlton's South Yuba case, a deficient expert report submitted in support of a preliminary injunction motion was permitted for the limited purpose of deciding that motion but required to be fully compliant before trial. The Court is of the same view. Cases cited by Weinberger where deficient expert reports were precluded at trial plainly are inapposite.

      Weinberger argues in his Supplemental Brief that he is entitled to the drafts to determine to what extent Goodness' attorneys drafted the declaration which goes directly to Walter's credibility. If this generalized discovery desire were credited, however, the very point of the amendments to Rule 26(b)(4)(B) and (C) would be annulled because parties would make the same argument in every case. Weinberger cites in support of his position the case of Gerke v. Travelers Gas. Ins. Co. of America, 289 F.R.D. 316, 328-330 (D. Or. 2013) which ordered production of draft expert reports. In Gerke, however, there was evidence in the record of excessive counsel involvement in the preparation of an expert report, some of what was ordered produced already is discoverable under 26(b)(4)(C)(ii), and the discussion of why Rule 26(b)(4)(B) and (C) is inapplicable is unconvincing and inconsistent with In Re Application of Republic of Ecuador. The Court declines to follow Gerke, which obviously is not binding here.

      Weinberger also argues that Goodness' privilege log is inadequate but this contention was raised for the first time in the Joint Stipulation without complying with the meet and confer requirement of Local Rule 37. The Court therefore cannot consider this argument at this time.

      Finally, the Court will not award monetary sanctions because amended Rule 26(b)(4) is of recent origin, the proper interpretation of it is still evolving, and the case authority is sparse, conflicting and all at the District Court level. Rule 37(a)(5)(B); In Re Application of Republic of Ecuador, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-08688-GW (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Goodness Films, LLC, et al. v. TV One, LLC, et al. | | |

5519611*5 (N.D. Fla.).  Weinberger's position results from a genuine dispute and was substantially justified.

cc: Parties

Initials of Preparer   sa