**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**DECLARATION OF NOAH ROBBINS IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR SANCTIONS**

---

I, Noah Robbins, declare and state the facts I set forth in this declaration are based on my personal knowledge. If called upon as a witness, I would testify to these facts competently under oath.

1.      I am licensed to practice law in the state of Pennsylvania and am of counsel at Ballard Spahr, LLP.  I am counsel for PNC Financial Services Group, PNC Bank N.A., Heather Kelly, and Alex Tsarnas ("Defendants") in this matter.

2.      On December 6, 2019, SRSA obtained permission from Magistrate Judge Crews to file a motion for evidentiary sanctions based on the inadvertent redaction of the Strategic Buyers tab of the Firms by Segment spreadsheet.  ECF No. 107.

3.      On January 7, 2020, Benjamin Rothstein, demanded that Defendants produce Ms. Kelly and Mr. Tsarnas in San Francisco the following week to be deposed on the document at

issue in SRSA's still unfiled sanctions motion and agree to extend SRSA's deadline to file its reply in support of its motion for a preliminary injunction from January 17, 2020 until January 24, 2020.  Rothstein Decl. Ex. R, at January 7, 2020 Email from B. Rothstein to N. Robbins (ECF No. 148-6).

4.      I informed Mr. Rothstein that I was out of the office due to illness but that I would respond to his proposal the following day. Exhibit 1 January 7, 2020 Email from B. Rothstein to N. Robbins.  While I was out of the office due to illness, and before I could substantively respond to Mr. Rothstein's proposal, Mr. Rothstein sent another email to additionally demand that Defendants bear the cost of the depositions.  *Id.*

5.      On January 8, 2020, I informed Mr. Rothstein that Defendants were willing to produce Ms. Kelly, who lives in Wisconsin, at the office of SRSA's counsel in San Francisco the following week as demanded.  Rothstein Decl. Ex. R, at Jan. 8, 2020 Email from N. Robbins to B. Rothstein (ECF No. 148-6). I explained, however, that SRSA's request to depose Ms. Kelly for an additional two hours about a single tab of a spreadsheet was not reasonable given that SRSA questioned Ms. Kelly about more than 50 documents at her prior seven-hour long deposition.  *Id.*  As a result, I explained to Mr. Rothstein that we would produce Ms. Kelly for a 30 minute deposition to be limited to the Strategic Buyers tab of the Firms by Segment spreadsheet.  *Id.*

6.      Mr. Rothstein informed me that Defendants' proposal was unacceptable and demanded to meet and confer at 6:30 that night.  *Id.* at Jan. 8, 2020 Email from B. Rothstein to N. Robbins.  I conducted the meet and confer with Mr. Rothstein that evening telephonically.

7.      Mr. Rothstein began by stating that the only explanation provided by Defendants for the omission of the Strategic Buyers tab was that it was a "miscommunication."  I reiterated

to Mr. Rothstein that it was, in fact, an innocent miscommunication between Defendants and their e-discovery vendor.

8.      I further reminded Mr. Rothstein that during the deposition of SRSA's co-founder, Mark Vogel, it became apparent that relevant communications between SRSA and Wilmington Trust existed but were not produced.  Following that deposition, I asked Mr. Rothstein to explain SRSA's failure to produce these documents.  Mr. Rothstein stated that Keker Van Nest had possessed the relevant documents but had no explanation for its failure to produce the responsive documents.  Mr. Rothstein represented that Keker Van Nest did not intentionally withhold the documents but it was simply an error on their part.  I reminded Mr. Rothstein that we accepted his explanation in good faith.  I then asked Mr. Rothstein why Defendants' explanation was not similarly sufficient in light of Defendants' acceptance of Mr. Rothstein's explanation regarding SRSA's discovery violation.

9.      Mr. Rothstein stated that he would not accept Defendants' statement that it was an innocent miscommunication.  I, therefore, asked Mr. Rothstein what additional information he would require in order to believe that the redaction of the Strategic Buyers tab was inadvertent.  Mr. Rothstein indicated that he would consider what additional information would be necessary.  However, when I asked Mr. Rothstein if there was any amount of information or declarations that could be provided to avoid bothering the Court with this issue, Mr. Rothstein indicated that he did not believe so.

10.     Mr. Rothstein explained that Defendants' proposal did not respond to SRSA's demand to extend the deadline for it to file its reply in support of its motion for a preliminary injunction.  I informed Mr. Rothstein that Defendants would consent to the extension in the event that an agreement was reached regarding the depositions.

11.     Mr. Rothstein also stated that Defendants did not agree to reimburse SRSA for the costs of the deposition.  I explained that Defendants had agreed to bring Ms. Kelly to the offices of SRSA's counsel so I did not understand what costs he was referring to.  Mr. Rothstein stated that SRSA demanded that Defendants pay the costs of their attorney preparation time.  I explained that I did not understand why that would be appropriate given that SRSA's attorneys would have otherwise expended time preparing questions regarding this document in advance of the prior deposition.

12.     Mr. Rothstein asked whether there was flexibility in Defendants' proposal on limiting Ms. Kelly's deposition to thirty minutes instead of the two hours as SRSA requested.  I stated that there was.

13.     Mr. Rothstein further indicated that SRSA believed that it should be entitled to depose Mr. Tsarnas as well.  I explained that I did not agree with that position given that SRSA had not questioned Mr. Tsarnas regarding any aspect of the document at his deposition despite marking it as an exhibit.  However, I suggested to Mr. Rothstein that we should attempt to reach an agreement regarding Ms. Kelly's deposition and that we could condition that agreement on both Parties agreeing that a re-deposition of Mr. Tsarnas would proceed according to the same terms that we negotiated for Ms. Kelly.

14.     Mr. Rothstein stated that he "did not think we would reach agreement" regarding deposition of Ms. Kelly.  At no point during the meet and confer did Mr. Rothstein ever deviate from SRSA's original demand, make specific additional requests from Defendants, or attempt to negotiate a resolution in any way.

15.     At the conclusion of the call on January 8, 2020, Mr. Rothstein stated that he would have to speak with his colleagues.  I reminded him that Ms. Kelly and I had made

ourselves available on extremely short notice and that we needed to know as soon as possible whether the deposition was proceeding the next week.  Mr. Rothstein informed me that he would confirm to me that evening whether the deposition was proceeding.

16.     Mr. Rothstein did not inform me the evening of January 8, 2020 whether SRSA wished to proceed with Ms. Kelly's deposition as it had demanded the prior day.

17.     On January 9, 2020, having still not heard from Mr. Rothstein, I wrote to him to reiterate our offer and asked, again, that Mr. Rothstein inform Defendants whether SRSA wished to proceed with the deposition of Ms. Kelly the next week.  Rothstein Decl. Ex. R, at Jan. 9, 2020 Email from N. Robbins to B. Rothstein (ECF No. 148-6).

18.     SRSA filed its Motion for Sanctions that evening.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 30, 2020

By: */s/* Noah S. Robbins
      Noah S. Robbins
      **BALLARD SPAHR LLP**
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103-7599
      Telephone: 215-668-8500
      Facsimile: 215-864-8999
      robbinsn@ballardspahr.com