EXHIBIT 1

| From: | Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com> |
|---|---|
| Sent: | Sunday, October 13, 2019 4:06 PM |
| To: | Warren Braunig; Petrie, Andrew J. (Denver); Jacobs, Hara K.  (Phila); Robbins, Noah (Phila); Weissert, Elizabeth (Phila); Auerbach, Brian (Phila) |
| Cc: | mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; ACQUIOM-KVP |
| Subject: | RE: SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions |

Warren

When you sent us replacement images for documents you claimed privilege, we did the professional thing and removed them both  from our production and from the documents we planned to use a the deposition the very next day.  We did not review them to see if we agreed with your privilege designation—we did not even look to see what documents were being removed from the documents to use with the witnesses because we appreciated that you had inadvertently produced the documents and trusted that if you said they were privileged that you had a good faith basis to do so.

As you are well aware, PNC has taken the position from the beginning of discovery that SRSA is not entitled to customer lists and information regarding its revenues.  We could have withheld documents in their entirety that included this information but instead decided to produce redacted versions.  This was with the intent of giving SRSA all responsive information.  When our vendor realized it had inadvertently produced documents where it had been instructed to redact, we immediately provided replacements.  Now instead of respecting the fact that these documents are the subject of a pending motion before the Court, you are taking the position that you will not respect the redactions.  This lack of professionalism is incredibly disappointing given the efforts both parties have made thus far to work together towards SRSA's goal for a preliminary injunction hearing in 2019.

Regarding your specific requests, PNC is unable to simply turn all redacted documents into AEO documents. As I said on the phone, we are willing to review any specific documents you have concerns with and will do so expeditiously. I will note that I turned around the 8 documents you referenced on the same day.  In other words, we will process these documents in the same manner the AEO documents are being processed—if there is an issue, the other side will expeditiously provide its position.  However, unlike SRSA's  AEO documents we have not redacted 90% of the production.

PNC will not, however, allow our witnesses to be questioned on redactions where you simply and unilaterally decided to ignore them.  To that end, Adam Lezack and Alex Tsarnas will not answer any questions regarding the unreacted versions of PNC 52833-53138.   Similarly, PNC is not in a position to provide you a privilege log for all redactions in a matter of days as you request.  What I can tell you is that the instruction to the document review team was to redact information regarding the clients name and information specific to the deal such as the number of shareholders, size of the escrow, and the value of the deal.  As you are aware, many of the deals are non-public and all of them are subject to non-disclosure agreements.  PNC has produced all documents relating to its pricing strategy.

Further, from my review of your documents, it is my understanding that your client has also redacted information that is not PII information.  In  short, your clients have done exactly that which it accuses PNC of doing.

Finally, I will note that in our first batch of 175 AEO documents that were inappropriately designated,  you de-designated 125 or 71%, proving that SRSA's designations were overbroad and did not comply with the Protective Order's requirement to limit the AEO documents, and appear to be an effort to waste PNC's counsel's time and interfere with

1

PNC's ability to defend this lawsuit.  Please let me know if SRSA is willing to remove the AEO designation on all documents other than those that actually meet the definition of AEO. If not, PNC will send you a list of the current documents to which it plans to ask the Court to de-designate.

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.comvcard
www.ballardspahr.com

**From:** Warren Braunig <WBraunig@keker.com>
**Sent:** Friday, October 11, 2019 7:09 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** RE: SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions

⚠ **EXTERNAL**

Sarah,

SRSA objects to your October 11, 2019 request – made by simply having your production vendor send replacement images – to redact select pages within Bates-ranges PNC_00052833 to 53138 of Defendants' production.  These documents appear to be internal Fortis/PNC presentations, and Defendants wish to redact pages that discuss PNC's customers and its financial information – we know this because they are key documents and we have previously reviewed these pages.  As stated on our call, Defendants intend to effectively claw back the unredacted documents not on the grounds of privilege, but because Defendants believe they are irrelevant to this phase of the litigation.

We are under no obligation to use your newly redacted versions of these documents.  The Stipulated Protective Order allows for the clawback of inadvertently-produced documents in only one instance: when a document contains "Privileged Information," *i.e.*, information protected by the attorney-client privilege, attorney work product doctrine, or other applicable protection from disclosure.  *See* Stipulated Protective Order at 19.  Although the relevance of this information is subject to a pending discovery dispute before Judge Crews, nothing in the Protective Order allows a party to claw back documents on the grounds and provide redacted versions on the ground that they contain irrelevant information.  Indeed, almost every document produced in this case will contain pages of irrelevant information.  Accordingly, SRSA is not obligated to honor such a request under the Protective Order.  It is doubtful whether, in the first instance, Defendants would even be able to produce documents with redactions on the grounds that they contain supposedly irrelevant information. *See Evon v. Law Offices of Sidney Mickell*, No. CIVS090760JAMGGH, 2010 WL 455476, at *2 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, *see* Fed.R.Civ.P. 5.2.  Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.").

Furthermore, we previously said that while PNC was required to provide a privilege redaction log, we would not require a log of non-privileged documents that were redacted because they included third-party confidential information, such as specific deal terms or shareholders' personal information.  Now it appears PNC has a third category of documents that have been redacted based on your objection that the information is not relevant during the PI proceeding.  We think that is inappropriate, especially given that, even if you win the present issue before Judge Crews, such information will certainly be relevant at later stages of the case.  But, in any event, for every document PNC has redacted because it

2

includes customer information or PNC financial information subject to your objections (as opposed to *third party confidential information*), we need you to provide a log that identifies each such redacted document and the basis for the redaction.  We shouldn't be left to guess why information was redacted.   Please confirm that you will do so by next Tuesday, before our depositions begin .

In the meantime, if there are documents you previously redacted for which you instead wish to unredact them and re-designate them as AEO, please provide replacement documents ASAP and an overlay table that identifies which documents are being replaced and the new metadata for them.

Warren

---

**From:** Wallace, Sarah B <wallaces@ballardspahr.com>
**Sent:** Friday, October 11, 2019 4:57 PM
**To:** Warren Braunig <WBraunig@keker.com>; petriea@ballardspahr.com; jacobsh@ballardspahr.com; robbinsn@ballardspahr.com
**Cc:** mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** RE: SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions

**[EXTERNAL]**

---

You don' need to send me an email regarding this morning's documents.

Those were  4 versions of the same document—where we had produced other versions redacted and this was an error on the part of our vendor.  We are not un-redacting those documents  per our conversation today that the redacted portions are the subject of the motions pending in front of the court.

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.comvcard
www.ballardspahr.com

---

**From:** Warren Braunig <WBraunig@keker.com>
**Sent:** Friday, October 11, 2019 5:49 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; ACQUIOM-KVP <ACQUIOM-KVP@keker.com>
**Subject:** RE: SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions

⚠ **EXTERNAL**
Sarah,

Some, if not all, of the documents you attempted to redact this morning are already AEO.  If you think information is competitively sensitive, you should be marking it AEO under the Protective Order, rather than redacting information that is neither privileged nor "customer confidential" in otherwise responsive documents.  As you requested, we will be sending a separate email challenging the propriety of this morning's redactions.

What I suggest is that we cut through this, you withdraw the redactions from this morning, and the redactions we flagged in my letter last night, and re-designate as AEO any documents from those lists that you contend are competitively sensitive and are not already AEO.   If you choose to do that, please provide replacement documents ASAP and an overlay that identifies which documents are being replaced and the new metadata for them.

Warren

---

**From:** Wallace, Sarah B <wallaces@ballardspahr.com>
**Sent:** Friday, October 11, 2019 4:34 PM
**To:** Elizabeth S. Myrddin <EMyrddin@keker.com>; petriea@ballardspahr.com; jacobsh@ballardspahr.com; robbinsn@ballardspahr.com
**Cc:** mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; Warren Braunig <WBraunig@keker.com>
**Subject:** RE: SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions

[EXTERNAL]

---

Warren

Per our conversation today, you said it was very difficult to deal with changes to the documents.

In some cases, I can provide you un-redacted versions of the documents, but I'd need to re-designate the confidentiality on them.

How would you like me to proceed?

**Sarah B. Wallace**
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.299.7334
Fax 303.296.3956
wallaces@ballardspahr.comvcard
www.ballardspahr.com

---

**From:** Elizabeth S. Myrddin <EMyrddin@keker.com>
**Sent:** Thursday, October 10, 2019 7:30 PM
**To:** Wallace, Sarah B (Denver) <WallaceS@ballardspahr.com>; Petrie, Andrew J. (Denver) <PetrieA@ballardspahr.com>; Jacobs, Hara K. (Phila) <JacobsH@ballardspahr.com>; Robbins, Noah (Phila) <robbinsn@ballardspahr.com>
**Cc:** mmiller@sheridanross.com; sbialecki@sheridanross.com; sheridan-srs@sheridanross.com; Warren Braunig <WBraunig@keker.com>
**Subject:** SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al. / PNC's Improper "Customer Confidential" Redactions

⚠ **EXTERNAL**
Attached please find a letter of today's date from Warren Braunig with regard to the above subject.

---

**Elizabeth S. Myrddin**
Legal Secretary
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 773 6655 direct | 415 391 5400 main
emyrddin@keker.com | keker.com