IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO FILE
MATERIALS UNDER RESTRICTION LEVELS 1 & 2**

---

Pursuant to the Court's December 6, 2019 Order, ECF 107, on January 17, 2020, Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") filed its Reply in Support of its Motion for Preliminary Injunction. *See* ECF 163-168. Now, under D.C.COLO.LCivR 7.2(c), SRSA respectfully requests the Court to order restriction over the following documents:

| Documents | Portions SRSA Seeks to Restrict | Restriction Level | Party Asserting Interest in Restriction |
|---|---|---|---|
| [ECF 163] SRSA's Reply in Support of its Motion for Preliminary Injunction | • On Page 4, the entirety of the first sentence and the second sentence, ending before "(Ybarra-40 at 39; Rothstein-2 at 25)."<br>• On Page 4, in the last paragraph, the portion after "trial-and-error" ending before "Colthup ¶¶26-27, 30-33 . . . ."<br>• On Page 6, the first sentence under Part C, | Level 2 | SRSA and PNC |

1369389

| | | | |
|---|---|---|---|
| | ending before "Koenig ¶¶13-17."<br>• On Page 9, the portion of footnote 8 ending before "(Opp. Exs. 58-73, at ECF 120-43 through 120-57, and 121-4)."<br>• On Page 10, the second paragraph under Part III, beginning after "28" and ending before "29."<br>• On Page 11, first paragraph under Part IV, beginning after "Koenig ¶ 36" and ending before "Supp. Koenig ¶10."<br>• On Page 13, footnote 16, beginning after "minimal because SRSA" and ending before "on technology."<br>• On Page 13, footnote 16, beginning after "Not so. SRSA" and ending before "in research-and-development."<br>• On Page 13, footnote 16, beginning after "indeed" and ending before "Supp. Koenig ¶¶7-8."<br>• On Page 14, the second paragraph under Section VI, after "Defendants request" until "presumably commensurate . . . ." | | |
| [ECF 163] SRSA's Reply in Support of its Motion for Preliminary Injunction | • On Page 4, the last sentence, beginning after "capturing" and continuing on Page 5, ending before "in digital transactions . . . ."<br>• On Page 5, the first line, beginning after "digital transactions that" and ending before "Ybarra-20[.]"<br>• On Page 5, the third line from the top, beginning after "The Payments Spreadsheet is" and ending before "tool" and the fourth line from the top, beginning after "tool" and ending before "*Id.*"<br>• On Page 5, the seventh line from the top, beginning after "testifying" and ending before "(Ybarra-29 (at 173:11-15); Lezack ¶¶59-61) . . . ."<br>• On Page 5, the eighth line form the top, beginning after "and concedes" until "Ybarra-20 (at 182:11-183:6)."<br>• On Page 7, the last paragraph, beginning after "documents show it" and ending before "SRSA. Ybarra-41." | Level 1 | SRSA and PNC |

| | | | |
|---|---|---|---|
| | <ul><li>On Page 7, the last paragraph, beginning after "Ybarra-41" and ending before "42 at 50502-03"</li><li>On Page 7, beginning after "42 at 50502-03" until "Lane ¶¶14, 18-22; Mot at 11, 20; *see also* Ybarra-50, 52."</li><li>On Page 8, the second line under Section D, beginning after "why," and ending before "Mot. at 21; Ybarra-34 . . . ."</li><li>On Page 8, footnote 7, beginning after "customers" and ending before "Ybarra-81 . . . ."</li><li>On Page 9, the first sentence beginning after "SRSA's strategies" and ending before "ECF 124 at 4 . . . ."</li><li>On Page 9, the third line from the top, beginning after "Ybarra-34 at 1824" and ending before "Rothstein-14, 15."</li><li>On Page 9, in the first paragraph, beginning after "PNC bragged" until "when it launched . . . ."</li><li>On Page 10, in the second paragraph under Part III, beginning after "Rothstein-27" and ending before "28."</li><li>On Page 10, beginning after "29" and ending before "30," then after "30" and ending before "Ybarra-41," and after "Ybarra-41" ending before "*see also*".</li><li>On Page 10, the second paragraph, beginning after "testified that" and ending before "awarded PNC business . . . ."</li><li>On Page 10, the second paragraph, beginning after "PNC documents show" and ending before "i.e., with a product PNC. . . ."</li><li>On Page 10, footnote 10 in its entirety except for "Ybarra-111."</li></ul> | | |
| [ECF 164] Supplemental Koenig Declaration | Because the Supplement Koenig Declaration contains a combination of public and SRSA HC-AEO information, SRSA seeks Level 2 restriction. To provide specificity, SRSA identifies the HC-AEO information:<br><br>HC-AEO | Level 2 | SRSA |

3

1369389

| | | | |
|---|---|---|---|
| | • ¶ 7: portions reveal SRSA's business and financial strategy to develop SRSA's trade secret products<br>• ¶ 8: portions reveal SRSA's confidential business dealings<br>• ¶ 9: portions reveal SRSA's discussions with its customers and SRSA's non-public business dealings<br>• ¶ 10: portions reveal SRSA's non-public competitive intelligence | | |
| Exhibits to the Rothstein Declaration<br><br>[ECF 167][1] | Because ECF 167 (Ex. 1 to the Rothstein Declaration) contains a combination of SRSA Confidential and HC-AEO information, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials.<br><br>Confidential<br>32:4-32:20: Discusses confidential SRSA's trade secret pricing strategy<br><br>HC-AEO<br>17:11-18:8: portion reflecting non-public information regarding SRSA's legal strategy<br>30:4-32:10: portion reflecting SRSA's trade secret pricing strategy<br>34:25-35:7: portion reflecting internal SRSA business strategy | Level 2 | SRSA |
| [ECF 167-1] | Entirety | Level 2 | PNC |
| [ECF 167-2] | Because ECF 167-2 (Ex. 10 to the Rothstein Declaration) contains a combination of PNC Confidential and HC-AEO information, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the Confidential versus HC-AEO materials:<br><br>Confidential: entirety<br><br>HC-AEO: 190:1-11 | Level 2 | PNC |
| [ECF 167-3] | Because ECF 167-3 (Ex. 16 to the Rothstein Declaration) contains a combination of public and | Level 2 | SRSA |

---

[1] All exhibits referenced in this Motion are Exhibits to the Rothstein Declaration [ECF 166].

4

| | | | |
|---|---|---|---|
| | SRSA HC-AEO information, SRSA seeks Level 2 Restriction. To provide specificity, SRSA identifies the HC-AEO information:<br><br>HC-AEO<br>69:1-71:19: Discusses SRSA's legal strategy and trade secret pre-closing solicitation<br>72:9-74:3: Discusses SRSA's trade secret compensation payment platform<br>74:19-75:3: Discusses SRSA's trade secret compensation payments structure<br>75:20-76:17: Discusses SRSA trade secret deal dashboard platform<br>77:6-23: Discusses internal SRSA marketing decisions | | |
| [ECF 167-4] | Entirety: Discloses SRSA's trade secret dashboard portal | Level 2 | SRSA |
| [ECF 167-5] | Entirety | Level 2 | PNC |
| [ECF 167-6] | Entirety | Level 2 | PNC |
| [ECF 167-7] | Entirety | Level 2 | PNC |
| [ECF 168] | Entirety | Level 1 | PNC |
| [ECF 168-1] | Entirety | Level 1 | PNC |
| [ECF 168-2] | Entirety | Level 1 | PNC |
| [ECF 168-3] | Entirety | Level 1 | PNC |
| [ECF 168-4] | Entirety | Level 1 | PNC |
| [ECF 168-5] | Entirety | Level 1 | PNC |
| [ECF 168-6] | Entirety | Level 1 | PNC |
| [ECF 168-7] | Entirety | Level 1 | PNC |
| [ECF 168-8] | Entirety | Level 1 | PNC |
| [ECF 168-9] | Entirety | Level 1 | PNC |
| [ECF 168-10] | Entirety | Level 1 | PNC |
| [ECF 168-11] | Entirety | Level 1 | PNC |
| [ECF 168-12] | Entirety | Level 1 | PNC |
| [ECF 168-13] | Entirety | Level 1 | PNC |
| [ECF 168-14] | Entirety | Level 1 | PNC |
| [ECF 168-15] | Entirety | Level 1 | PNC |
| [ECF 168-16] | Entirety | Level 1 | PNC |
| [ECF 168-17] | Entirety | Level 1 | PNC |
| [ECF 168-18] | Entirety | Level 1 | PNC |

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

5

1369389

(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.[2]

## I. SRSA'S INTEREST IN THE PROTECTION OF ITS CONFIDENTIAL AND HC-AEO INFORMATION OUTWEIGHS THE PRESUMPTION OF PUBLIC ACCESS AND THERE IS NO PRACTICABLE ALTERNATIVE TO RESTRICTION

**"**[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of an action.").

Here, SRSA seeks Level 2 restriction over certain Exhibits to the Rothstein Declaration, portions of SRSA's Reply in Support of its Motion for Preliminary Injunction, and portions of the Supplemental Koenig Declaration, because they discuss or reference SRSA's trade secrets, including its pricing strategies; product development strategies; financial, legal, and business strategies; competitive intelligence; and confidential customer information and communication.

---

[2] Under D.C.COLO.LCivR 7.1, on January 31, 2020, the parties met and conferred regarding this

As discussed in SRSA's Preliminary Injunction briefing, public disclosure of SRSA's trade secrets would allow other competitors to replicate SRSA's technology, which SRSA spent substantial resources to develop and provides it a competitive marketplace advantage. Accordingly, restriction is appropriate lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships"). Since Defendants in this case are competitors that have already misappropriated SRSA's trade secrets, Restriction Level 2 is critical to ensure PNC is not given (further) access to SRSA's trade secrets.

In addition, courts have recognized that disclosure of trade secret information such pricing information and strategies, customer lists, institutional customer information, and business strategies causes significant competitive harm. *See, e.g.*, *Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding [] customers' [] specialties, business preferences, and contact people" are trade secrets.); *GoPro Hong Kong v. 2b Trading, Inc.*, 2017 U.S. Dist. LEXIS 27380, at *2 (N.D. Cal. Feb. 27, 2017) ("[P]ricing terms, royalty rates, and guaranteed minimum payment terms in a license agreement . . . are trade secrets used in the party's business, conferring an opportunity to obtain advantage over competitors who do not know or use them." (citations omitted)).

---

Motion. PNC consented to SRSA filing this Motion as "unopposed."

SRSA seeks Level 1 restriction over portions of its Reply in Support of its Motion for Preliminary Injunction that disclose non-public and confidential information relating to SRSA's internal policies and strategies, customer information, templates, procedures and risk assessments, and competitive intelligence. SRSA keeps this information confidential and does not disclose it publicly. If disclosed, such information would grant SRSA's competitors a competitive advantage. *See e.g.*, *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers").

Finally, there is no practicable alternative to restriction. SRSA has narrowly tailored its requests to seal, and public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). In addition, should the Court grant SRSA's Motion to Restrict, SRSA will file publicly available, redacted, versions of its Reply in Support of Preliminary Injunction. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-CV-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

## II. SRSA SEEKS RESTRICTION OVER DOCUMENTS PNC HAS DESIGNATED HC-AEO AND CONFIDENTIAL

As documented in the above chart, SRSA seeks Level 1 and 2 restriction over portions of SRSA's Reply in Support of its Motion for Preliminary Injunction and Exhibits to the Rothstein Declaration because PNC has designated that information as "HC-AEO" and/or "Confidential" under the Stipulated Protective Order. Accordingly, SRSA takes no position on whether the substance of these documents warrants restriction. Under section 10 of the Protective Order, "[a] document containing 'Confidential' Information shall be filed under Level 1 restriction. A document containing 'Highly Confidential—Attorneys' Eyes Only' Information shall be filed under Level 2 restriction[.]" ECF 40 at 18. "Confidential" information is defined to include "confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made . . . ." *Id.* at 2. HC-AEO information is defined to include "extremely sensitive 'Confidential Information or Items' . . . that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclose of which . . . could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* at 3-4. PNC thus believes that these documents contain information justifying sealing, and SRSA has treated them as such.

### III.     CONCLUSION

Accordingly, SRSA respectfully requests that the Court order Level 2 and Level 1 restriction over the above-referenced documents. Along with this motion, SRSA submits a Proposed Order.

Respectfully submitted,

Dated: January 31, 2020

By: s/ Benjamin Rothstein
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:      415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303 863 9700
Facsimile:      303 863 0223
Email:     litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

### Compliance With Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

10

1369389