**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO FILE MATERIALS
UNDER RESTRICTION LEVELS 1 & 2**

On February 13, 2020, Plaintiff SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") filed its Reply in Support of its Motion for Sanctions. *See* ECF 183-185. Now, under D.C.COLO.LCivR 7.2(c), SRSA respectfully requests the Court to order restriction over the following documents:

| Documents | Portions SRSA Seeks to Restrict | Restriction Level | Party Asserting Interest in Restriction |
|---|---|---|---|
| [ECF 183] SRSA's Reply in Support of its Motion for Sanctions | <ul><li>On page 5, the last paragraph, beginning after "potential customer" and before "that PNC created"</li><li>On page 5, the last line, beginning after "Kelly copied" and before "she added from"</li><li>On page 6, the first paragraph, starting from "PNC:" before "*Id.* at 8-9"</li><li>On page 6, the first paragraph, starting from "e.g.," until the end of that paragraph</li></ul> | Level 2 | SRSA and PNC |

1

1373128

|  |  |  |  |
|---|---|---|---|
|  | • On page 7, the first paragraph, starting from "show that PNC" until "ECF 167-1, 167-5 . . ." |  |  |
| [ECF 183] SRSA's Reply in Support of its Motion for Sanctions | • On page 6, in the first paragraph, beginning after "*Id.* at 8-9" until "e.g." | Level 1 | PNC |
| [ECF 184] Rothstein Supplemental Declaration[1] | • ¶2, beginning after "highlighted in yellow" and ending before "A full copy of PNC_00056590."<br>• Page 2 – Entirety<br>• Page 3 – Entire screenshot image<br>• ¶5, beginning after "SRSA's PI Motion" and ending before "in PNC_00056592."<br>• ¶5, beginning after PNC_00056592" through the end of the paragraph<br>• ¶7, beginning after "Kelly's additions to the" through the end of the sentence | Level 2 | SRSA and PNC |
| [ECF 185] | Entirety | Level 1 | PNC |
| [ECF 185-1] | Entirety | Level 1 | PNC |

Under D.C.COLO.RCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

> (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

SRSA moves to restrict two categories of documents: (1) documents that contain or reference highly confidential, trade-secret information about SRSA's customer base and its customers' preferences; and (2) documents that PNC has designated "Confidential" under the Protective Order.

---

[1] All exhibits referenced in this Motion are Exhibits to the Rothstein Supplemental Declaration.

1373128

Under D.C.COLO.RCivR 7.21, on February 27, 2020, the parties met and conferred regarding this Motion. PNC consented to SRSA filing its Motion as "unopposed."

**I.   SRSA SEEKS LEVEL 2 RESTRICTION OVER CONFIDENTIAL SRSA CUSTOMER INFORMATION**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of an action.").

Here, SRSA seeks Level 2 restriction over portions of its Reply in Support of its Motion for Sanctions and Rothstein Supplemental Declaration because these portions reveal or reference SRSA's trade secrets, including its confidential customer and business information. As discussed in SRSA's Motion for Preliminary Injunction, such customer information is regularly afforded trade-secret status, and its public disclosure would cause competitive harm to SRSA. *See* ECF 86 at 14; *Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding [] customers' [] specialties, business preferences, and contact people" are trade secrets). Indeed, the documents that the Motion and Supplemental Declaration excerpt from have been designated as

3

1373128

"Highly Confidential – Attorneys' Eyes Only" (HC-AEO)[2] under the Stipulated Protective Order, and such information must be filed under Level 2 restriction. ECF 40 at 18.

Accordingly, restriction is appropriate lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships").

Finally, there is no practicable alternative to restriction. SRSA has narrowly tailored its requests to seal, and public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-CV-03229-REB-MJW, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). In addition, should the Court grant SRSA's Motion to Restrict, SRSA will file publicly available, redacted, versions of its Reply in Support of Motion for Sanctions and the Rothstein Supplemental Declaration thereto. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-CV-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

---

[2] HC-AEO" information is defined to contain or reference "non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non- Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means." ECF 40 at 3-4.

## II. SRSA SEEKS RESTRICTION OVER DOCUMENTS PNC HAS DESIGNATED AS CONFIDENTIAL

As documented in the above chart, SRSA seeks Level 1 restriction over both exhibits to the Rothstein Supplemental Declaration, as well as a portion of its Reply in Support of its Motion for Sanctions, because PNC has designated that information "Confidential" under the Stipulated Protective Order. Accordingly, SRSA takes no position on whether the substance of these documents warrants restriction. Under section 10 of the Protective Order, "a document containing 'Confidential' Information shall be filed under Level 1 restriction."[3] ECF 40 at 18. PNC thus believes that these documents contain information justifying sealing, and SRSA has treated them as such.

## III. CONCLUSION

Accordingly, SRSA respectfully requests that the Court order Level 2 and Level 1 restriction over the above-referenced documents. Along with this Motion, SRSA submits a Proposed Order.

Respectfully submitted,

Dated: February 27, 2020

By: s/ Benjamin D. Rothstein
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:     415-397-7188

---

[3] "Confidential" information is defined to include "confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made . . . ." ECF 40 at 2.

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:	303 863 9700
Facsimile:	303 863 0223
Email:	*litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

6

1373128