# Exhibit 1

| | |
|---|---|
| **From:** | Jim Bennett <jbennett@dowdbennett.com> |
| **Sent:** | Tuesday, March 3, 2020 7:44 PM |
| **To:** | Ben D. Rothstein |
| **Cc:** | ACQUIOM-KVP; jacobsh@ballardspahr.com; mjohnson@dowdbennett.com; robbinsn@ballardspahr.com; sheridan-srs@sheridanross.com |
| **Subject:** | Re: Motion to Seal Courtroom |

**[EXTERNAL]**

Ben – thank you for your further email on this subject.  It is unclear if you are actually suggesting that PNC might engage in "gamesmanship," although one might read your email to be saying that.  You should have no worries on that front.  As to the rest, I can foresee a multitude of situations.  One might be that a person handling projection who has no knowledge of the case accidently puts something on a screen.  Another is that a SRSA witness who has been instructed by you to avoid disclosing proprietary information states a fact that I consider to be obvious and known to everyone in the industry, but that you think is a trade secret and that you move to strike.  The result, it seems to me, could be different.  It's hard to address this in the abstract.   I've done plenty of hearings involving allegedly secret information with claimed tremendous value without incident and without closing a courtroom.  I am not sure what more to tell you except that PNC and its counsel will act in good faith and as officers of court and with a willingness to discuss specific testimony in advance of it being offered.  Jim.

On Tue, Mar 3, 2020 at 9:26 PM Ben D. Rothstein <brothstein@keker.com> wrote:

Jim,

On the first issue, and as I mentioned in my initial email, one of our concerns with the ad hoc sealing approach you are proposing is that SRSA's trade secret information could be disclosed in open court before we have the opportunity to request closure. Examples I mentioned in my initial email include an exhibit that is accidentally publicized to the entire courtroom rather than in the closed-circuit manner we proposed, or a witness that unexpectedly states trade secret information in response to a question that does not necessarily call for it. We want to avoid a situation that invites gamesmanship, or that could require us to interrupt defense counsel's questioning and closure of the courtroom because we don't know how a witness might respond.

If Defendants are preserving the argument that the disclosure of our trade secret information at the PI hearing could itself form the basis of a subsequent challenge to the trade secret status of that information, that is something that both SRSA and the Court should know in addressing our request to close the courtroom. Could you please provide a clear answer?

Thanks,

Ben

**From:** Jim Bennett <jbennett@dowdbennett.com>
**Sent:** Tuesday, March 3, 2020 4:52 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; jacobsh@ballardspahr.com; mjohnson@dowdbennett.com; robbinsn@ballardspahr.com; sheridan-srs@sheridanross.com
**Subject:** Re: Motion to Seal Courtroom

**[EXTERNAL]**

If you ask for sealing and are overruled we will not contend you waived something.  Beyond that, I am having difficulty understanding context. Perhaps you could make a proffer for your witnesses to me and we could discuss.  On our materials, we will raise any issue we have at the time, but I confirm we do not expect to object to anything we rely on in our PI papers or that you rely on in your PI papers being presented in court.

On Tue, Mar 3, 2020 at 6:40 PM Ben D. Rothstein <brothstein@keker.com> wrote:

Hi Jim,

Thanks for your response. Could you please let us know Defendants' position regarding the two issues at the bottom of my email from this morning (highlighted below)? I raised those issues on our call yesterday and you said you'd discuss with your team and let us know.

Best,

Ben

**From:** Jim Bennett <jbennett@dowdbennett.com>
**Sent:** Tuesday, March 3, 2020 3:43 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; jacobsh@ballardspahr.com; mjohnson@dowdbennett.com; robbinsn@ballardspahr.com; sheridan-srs@sheridanross.com
**Subject:** Re: Motion to Seal Courtroom

**[EXTERNAL]**

Ben - thanks for the detailed proposal below. We have conferred with PNC and considered the rules and case law regarding the closing of court rooms. We remain of the view that the circumstances warranting closing of a court room would be rare and when it does arise it needs to be resolved in a specific context regarding specific items for either side, as discussed in the cases. That said, we remain committed to a fast briefing schedule if you wish to raise this before the hearing. Hope all is well. Jim.

On Tue, Mar 3, 2020 at 12:10 PM Ben D. Rothstein <brothstein@keker.com> wrote:

Hi Jim,

Thanks for the productive meet and confer yesterday afternoon.

We've further considered your request that we identify in advance each specific document for which we would seek to close the courtroom. I have reviewed the authority you mentioned on the call—Local Rule 7.2(c), *Dumas* (2016 WL 10879217), *Union Oil* (220 F3d 563), and *Avandia* (924 F3d 662)—and none of these authorities require that level of specificity in a request to close the courtroom for a hearing in a trade secrets case. We also don't see any realistic way we *could* identify each specific document in this manner, given the volume of exhibits (over 500 total, including over 200 unique documents from Defendants) and the inherent uncertainty regarding which parts of which documents will be discussed during live testimony (especially testimony elicited by defense counsel).

However, we agree that, in many instances, it will be possible to discuss and question witnesses regarding documents containing trade secret information without necessarily disclosing the trade secrets themselves. We are also sensitive to your requests that we provide greater specificity regarding what evidence will require closing the courtroom, and that we limit those requests to trade secret (as opposed to merely confidential) information. Accordingly, we propose the following:

1. We will limit our requests to close the courtroom to situations in which counsel's statements/questions or witnesses' testimony will require disclosing the alleged trade secret information at issue in our PI motion, or any third-party confidential information. Examples we anticipate include the following:

    a. Presenting evidence that the customer lists at the core of our misappropriation claims were misappropriated, which may require comparing the contents of different versions of those lists;
    b. Discussing our product development strategy trade secrets, which may require explaining the strategies themselves, why SRSA chose to pursue them, and what the individual defendants said and did at PNC to promote the adoption of the same strategies;
    c. Discussing evidence that PNC misappropriated our pricing strategies, since this evidence could disclose the pricing strategies themselves;
    d. Presenting evidence of specific lost deals, which could disclose trade-secret customer information or third-party confidential information, even if we are careful not to identify the deal parties by name.

2. We will not seek closure of the courtroom for the parties' confidential business information that does not contain any alleged trade secrets.

3. In furtherance of these efforts, we propose that *all* documents designated HC-AEO by *either* party should presumptively be shown only to the Court, the witness, and at counsel table, and not publicized to the entire courtroom (similar to a trial exhibit before it is admitted into evidence).

   a. If a party wishes to publicize an HC-AEO document to the entire courtroom, the parties should meet and confer in advance regarding that exhibit.
   b. There are a limited number of documents designated "confidential" by Defendants that we will also seek to limit in this manner, on the ground that they contain information we have alleged as a trade secret. These include at least the modified versions of SRSA's payment spreadsheet circulated within PNC and PNC internal emails in which the individual defendants disclose our trade secret product development strategies.

4. We will use best efforts to minimize the number of requests to close the courtroom and the length of those closures.

   a. Per your suggestion, and to the extent possible, we will present misappropriation evidence *without* orally disclosing the trade secret information itself (by, for example, explaining why our payment spreadsheet is trade secret and showing how it was misappropriated—including showing the Court and certain witnesses different versions of it—without disclosing its complete contents to the entire courtroom).

5. We also propose that all exhibits introduced during the hearing retain the Restriction Level (1 or 2), if any, that they received when previously filed as exhibits to briefs or declarations. If the exhibit has not previously been filed (i.e., if it has no associated ECF number) and the Court receives it into evidence, the exhibit should *preliminarily* be restricted as Level 1 or Level 2 based on whether the producing party designated it either "Confidential" or "HC-AEO" respectively, subject to either party filing a motion to seal within 14 days of the hearing pursuant to LR 7.2.

Please let us know if you will agree to jointly file a motion requesting limited closure as described above. If not, please let us know what points of contention remain and provide a time this afternoon or evening to meet and confer.

We also request confirmation/clarification today on two follow-up points from yesterday's call:

1. As I mentioned on the call, we request that Defendants agree to waive any argument they might make later in the case that the disclosure of SRSA's alleged trade secret information during the PI hearing *itself* destroys their secrecy. We seek this waiver is a necessary corollary to the risk that our efforts to minimize closing the courtroom, as described above, could result in the unintentional disclosure of SRSA's alleged trade secret information (e.g., by a witness or by accidentally publicizing a trade secret document to the entire courtroom). (Note that this waiver is limited to relying on the fact of unintentional disclosure during the presentation of evidence, and would not involve waiving future reliance on the Court's ruling on, or observations regarding, the trade secret status of the alleged trade secrets discussed at the hearing.)
2. I asked yesterday whether it is Defendants' position that any document on the exhibit list designated confidential or HC-AEO by Defendants can be shown in open court at the PI hearing. You stated that you believed that was the case, but you would double check. Please confirm.

Best,

Ben

**From:** Jim Bennett <jbennett@dowdbennett.com>
**Sent:** Sunday, March 1, 2020 5:35 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>
**Cc:** ACQUIOM-KVP <ACQUIOM-KVP@keker.com>; jacobsh@ballardspahr.com; mjohnson@dowdbennett.com; robbinsn@ballardspahr.com; sheridan-srs@sheridanross.com
**Subject:** Re: Motion to Seal Courtroom

**[EXTERNAL]**

No problem. I can do a call before 9 pacific (11 central) and between 12 and 2 pacific (2-4). As I mentioned on the call, among some other issues we are considering, this is difficult to decide in the abstract and this motion identifies no specific exhibits or specific numbers or words within exhibits that would require closing a public court room.  You do have some procedures mentioned for display that could make some sense if a foundation for trade secret status is present that would not require a closed courtroom. (I've referred in some cases the court to words or numbers in documents without publicly reading them or displaying them.). I also did did not notice if it was mentioned in the call that SRSA believed closing a courtroom would be proper for non trade secrets that SRSA considers business confidential.  Happy to discuss though.  As I mentioned on the call, in my experience once a party asks a court to rule and confidential documents form the basis of a ruling, sealing is far more difficult. Regardless, happy to discuss.  Jim.

On Sun, Mar 1, 2020 at 6:55 PM Ben D. Rothstein <brothstein@keker.com> wrote:

Hi Jim,

If this is going to be a contested motion—which was not my impression from our phone call this past Tuesday—we'd like to meet and confer in advance, so that we can understand the points of contention and either resolve them or crystallize the dispute for the Court. Could you please provide a time tomorrow before 2 pm PST that you are available?

Thanks,

Ben

**From:** Jim Bennett [mailto:jbennett@dowdbennett.com]
**Sent:** Sunday, March 01, 2020 6:56 AM
**To:** Ben D. Rothstein; jacobsh@ballardspahr.com; mjohnson@dowdbennett.com; robbinsn@ballardspahr.com
**Cc:** ACQUIOM-KVP; sheridan-srs@sheridanross.com
**Subject:** RE: Motion to Seal Courtroom

**[EXTERNAL]**

Ben – thanks for this.  Go ahead and file your own motion when you're ready.  We'll get an opposition/response on file promptly, likely Wednesday.  I appreciate you sending this and while we are considering exactly what we will say in response, we will have some differences on the matter and so it seems best to me to get the issue before the court and briefed as soon as possible.  Jim.

**From:** Ben D. Rothstein <brothstein@keker.com>
**Sent:** Saturday, February 29, 2020 5:21 PM
**To:** jbennett@dowdbennett.com
**Cc:** acquiom-kvp@keker.com; sheridan-srs@sheridanross.com
**Subject:** Motion to Seal Courtroom

Hi Jim,

We've attached a draft joint motion to seal the courtroom for portions of the hearing. This draft includes our proposal for how to restrict the courtroom using the least restrictive means necessary. Please let us know if you have any questions, or if you'd like to set up a time on Monday to discuss. We'd like to get this on file as far in advance of the hearing as possible. (We are hoping to file Monday evening but could push back until Tuesday if we need more time to address Defendants' substantive comments/edits.)

Thanks, and I hope you enjoy the rest of your weekend.

Best,

Ben

**Ben D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com

--

**James F. Bennett**

Dowd Bennett LLP

314.889.7302 (o)

314.712.3866 (m)

jbennett@dowdbennett.com

--

**James F. Bennett**

Dowd Bennett LLP

314.889.7302 (o)

314.712.3866 (m)

jbennett@dowdbennett.com

--

**James F. Bennett**

Dowd Bennett LLP

314.889.7302 (o)

314.712.3866 (m)

jbennett@dowdbennett.com