# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. No. 10-CV-00385 WJM-BNB

SBM SITE SERVICES, LLC, an Oregon Limited Liability Company

    Plaintiff,

v.

JOHN GARRETT, an individual, *et al.*

    Defendants

---

**PLAINTIFF'S MOTION TO CLOSE COURTROOM PROCEEDINGS FOR MARCH 25, 2011, HEARING ON SBM'S MOTIONS FOR PRELIMINARY INJUNCTION**

---

Plaintiff SBM Site Services, LLC ("SBM") hereby submits this motion to close the court proceedings for the hearing on SBM's Motions for Preliminary Injunction, scheduled for hearing on March 25, 2010, before Magistrate Judge Boland.

### I. INTRODUCTION

The hearing on SBM's motion for preliminary injunction will require SBM to introduce into evidence and question witnesses regarding documents and information SBM claims are its trade secrets. Many if not all the documents SBM intends to utilize at the hearing have been marked confidential pursuant to the Protective Order entered by the Court. (Docket No. 39.) Because SBM has an obligation under Colorado and California law to take reasonable measures to protect the secrecy of its trade secrets, and because the applicable law states that the Court "shall preserve the secrecy of an

1148348.1
    1

alleged trade secret by reasonable means," SBM now moves to close the court proceedings for the hearing on March 25, 2011.

## II.   CERTIFICATION

In accordance with Local Rule 7.1, by and through counsel, SBM certifies that it met and conferred with Able and Garrett prior to filing this motion. (Declaration of Cassandra Ferrannini, ¶ 2, Ex. 1.) Neither Garrett nor Able consent to this motion. (*Id.*)

## III.   ARGUMENT

SBM is well aware that judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D.Colo.1996). This general policy in favor of open court proceedings, however, must be weighed against a party's need to protect against public disclosure of its trade secrets where such trade secrets are at issue in the dispute. In such circumstances, courts have an affirmative obligation to preserve the secrecy of an alleged trade secret by "reasonable means." Colorado's Uniform Trade Secrets Act provides:

> In an action under this article, a court *shall* preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

C.R.S. § 7-74-106. California's version of the UTSA gives the Court the same instruction and latitude.[1]  *See* California Civil Code § 3426.5.

Similarly, both Colorado and California law require the owner of trade secrets to take reasonable steps to protect their secrecy. C.R.S. § 7-74-102(4); Cal. Civil Code § 3426.1(d)(2). Where, as here, evidence that one party claims is a trade secret will be

---

[1] Able may argue that California and not Colorado law applies to SBM's claims against it. Whether California or Colorado law applies, however, is not relevant to this motion because, under either law, SBM has a duty to protect the secrecy of the information it claims is a trade secret.

introduced at an injunction hearing, reasonable steps to protect the secrecy of the information includes seeking to close the courtroom and having the hearing record placed under seal. *See Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 849 (10th Cir. 1993). While failure to take such steps in a timely manner may not always lead to loss of trade secret protection, at a minimum they can lead to time-consuming and expensive arguments about whether a party waived the right to claim a document introduced into evidence is a trade secret. *See id.; see also Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 418-19 (4th Cir. 1999) (rejecting claim that mere presence of the trade secret in the district court's files did not make the information "generally known" such that it was no longer a trade secret or otherwise rendered it "readily ascertainable by proper means"); *Religious Technology Ctr. v. Netcom On-Line Comm. Servs., Inc.*, 923 F. Supp. 1231, 1255 (N.D. Cal. 1995) (where trade secret information has been made "temporarily open to the public, the court will not assume that their contents have been generally disclosed," and that such an inadvertent disclosure "without evidence that the secrets have become generally known" does not result in the loss of trade secret protection).

Because the entire focus of the March 25, 2011, hearing on SBM's motions for preliminary injunction will be on whether Garrett and Able misappropriated SBM's trade secrets, and numerous exhibits that SBM claims contain its trade secrets will be offered into evidence, SBM wishes to eliminate any doubt as to whether it has taken the reasonable steps to protect the secrecy of its trade secrets. While all parties anticipate that witnesses will be sequestered prior to their testimony (*see* Ferrannini Decl. Ex. 1), sequestering witnesses does not solve the issue of having members of the public present in the courtroom. Nor does it solve the problem of having other employees of Able who have not been identified as witnesses present in the courtroom. An order closing the courtroom proceedings is therefore appropriate.

1148348.1

3

Closing the courtroom proceedings also is entirely consistent with the Court and the parties' past practices in this case. Recognizing the sensitivity of the information and potential evidence at issue in this case, the parties agreed to a Stipulated Protective Order ("SPO") governing the discovery of "Confidential" and "Attorney's Eyes Only" information. The Court approved the SPO on June 14, 2010. (*See* Docket No. 39). The SPO provides that "[t]he filing of any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, materials, and/or information shall be made under seal, in compliance with D.C.COLO.LCivR 7.2." (*Id.* at ¶ 11.)

Consistent with the SPO, SBM filed motions to seal certain exhibits submitted in conjunction with its motions for preliminary injunction both against Garrett and Able, and in opposition to Garrett's motion for summary judgment. Neither Able nor Garrett opposed such motions. (Docket Nos. 141, 257.) The Court granted SBM's motion to seal the exhibits submitted in opposition to Garrett's motion for summary judgment, which SBM also relied on in its motion for preliminary injunction against Garrett. (Docket No. 178.) The Court referred SBM's second motion to seal to Magistrate Judge Boland, but it appears that the Court has yet to rule on that motion. (*See* Docket No. 266.)

Because the exhibits SBM intends to utilize at the hearing on its motions for preliminary injunction include exhibits which have been sealed by this Court consistent with the SPO, over no objection of any party, and the testimony SBM intends to elicit at the hearing will focus on what SBM believes is its trade secret information, closing the courtroom proceedings constitutes reasonable means to maintain the secrecy of SBM's undeniably sensitive information. *See* C.R.S. § 7-74-106; Cal. Civil Code § 3426.5.

## IV. CONCLUSION

Where alleged trade secrets are at issue, the Court is directed to take reasonable means to protect the secrecy of such information. The primary focus of the hearing scheduled for March 25, 2011, will be on SBM's trade secrets, and Garrett and Able's

1148348.1

4

theft thereof. The parties and Court have already agreed that many of the documents SBM intends to offer at the hearing can be submitted under seal due to the alleged secrecy of the information. Consistent with SBM's allegations and the Court's prior treatment of this information, and to protect against public disclosure of SBM's trade secrets, SBM respectfully requests that this Court close the courtroom proceedings for the March 25, 2011, hearing pursuant to D.C.COLO.LCivR 7.2(A)(2).

Respectfully submitted this 21st day of March, 2011.

/s/ Tory E. Griffin
William R. Warne
Tory E. Griffin
Cassandra M. Ferrannini
DOWNEY BRAND, LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
(916) 444-1000
ATTORNEYS FOR PLAINTIFF