**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO RESTRICT ACCESS ON A LIMITED BASIS AT PRELIMINARY INJUNCTION HEARING**

THIS MATTER coming before the Court upon Plaintiffs SRS Acquiom Inc.'s and Shareholder Representative Services LLC's (collectively "SRSA") Motion to Restrict Access on a Limited Basis at the Preliminary Injunction Hearing ("Motion"), and being fully advised in the premises, IT IS HEREBY ORDERED that there is good cause and SRSA's Motion is GRANTED.

Pursuant to D.C.COLO.LCivR 7.2, IT IS HEREBY ORDERED THAT:

1. The courtroom will be closed to the public only during portions of oral argument and witness testimony that disclose information SRSA has alleged is a trade secret.

2. The parties must use best efforts to provide argument and evidence without disclosing SRSA's alleged trade-secret information, and to minimize both the number of times, and the duration of time that the hearing will be closed.

1

1373737

3. In particular, for each opening statement, closing statement, and witness examination, the parties must use best efforts to group together all portions of the statement or examination (if any) that will disclose, or threaten disclosure of, SRSA's alleged trade secret information, with the goal of closing the courtroom, at most, only once per statement or examination. For SRSA's presentation, the courtroom will be closed for the following limited periods:

   a. A portion of Paul Koenig's direct examination, which will explain the trade secrets at issue and their value to SRSA;

   b. A portion of Benjamin Lane's direct examination, which will discuss deals that SRSA has lost as a result of the alleged misappropriation;

   c. A portion of the cross-examination of Heather Kelly, which will address the specific information that Ms. Kelly misappropriated;

   d. A portion of SRSA's closing statement, which will summarize key evidence showing that SRSA's alleged trade secrets qualify as such, and that Defendants misappropriated them.

4. All exhibits that have been previously filed under "Level 1" or "Level 2" restriction, or that were designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 40), should initially be publicized only to court personnel, the parties' counsel, the parties' corporate representatives, and the witness (by, for example, limiting publication to only those monitors as would display an exhibit offered at trial before it is admitted into evidence), so that SRSA has the opportunity to object prior to their publication in open court.

5. All parties, witnesses, and corporate representatives must maintain the confidentiality of information that is disclosed in (a) exhibits not publicized in open court, and/or (b) testimony presented during closed portions of the proceedings.

6. All exhibits introduced during the hearing that have previously been filed with the Court shall tentatively be designated with the same Restriction Level (1 or 2), if any, as when previously filed, and such designations shall be subject to the Court's ruling on the pending motions to seal. For any exhibit introduced at the preliminary injunction hearing not previously filed, the exhibit should preliminarily be restricted as Level 1 or Level 2 based on whether the producing party designated it either "Confidential" or "HC-AEO" respectively, and such preliminary designation shall be subject to either party filing a motion to seal within 14 days of the hearing pursuant to Local Civil Rule 7.2(c).

DONE AND ORDERED this ____ day of _____, 2020.

                                          BY THE COURT:

                                          By: _____
                                                Hon. Daniel D. Domenico
                                                United States District Judge