## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## PLAINTIFFS' MOTION TO RESTRICT

Pursuant to the Court's January 31, 2020 Minute Order, *see* ECF No. 180, and the Court's Practice Standards, on March 9, 2020, Plaintiffs SRS Acquiom Inc. and Shareholder Representatives Services LLC (collectively, "SRSA") filed the parties' Joint Exhibit List.[1] *See* ECF No. 197. Now, under D.C.COLO.LCivR 7.2(c), SRSA respectfully requests the Court to order restriction over the following portions of the Joint Exhibit List's "Brief Description" section:

| Exhibit Line Number | Portions in the "Brief Description" Section SRSA Seeks to Restrict | Restriction Level |
|---|---|---|
| EX0369 | The words following "Payments Spreadsheet to" | Level 2 |
| EX0373 | The word in between "presentation to" and "showing" | Level 2 |

---

[1] Under D.C.COLO.LCivR 7.1, on March 20, 2020, the parties met and conferred regarding this Motion. Defendants stated that they oppose the motion and requested SRSA to include the following language: "Defendants oppose the motion on the grounds that the information in the exhibit list does not meet the standard for Restricted Access under applicable law and Local Rule 7.2, and for the reasons argued in the Preliminary Inunction Hearing [sic] on March 11, 2020. Defendants oppose the motion, but do not plan to burden the Court further with an opposition brief."

1376193

| EX0376 | The word in between "presentation to" and "showing" | Level 2 |
| EX0377 | The word in between "presentation to" and "showing" | Level 2 |
| EX0378 | The word in between "presentation to" and "showing" | Level 2 |
| EX0382 | The words in between "A. Tsarnas" and "Buyer" and the two words after "Portal and" | Level 2 |
| EX0396 | The words after "A. Tsarnas re" and before "LOST Payments" | Level 1 |
| EX0398 | The words after "A. Jackson" | Level 2 |
| EX0402 | The word in between "C. Fancher to" and "representative about" | Level 2 |
| EX0409 | The word after "Demonstration for" | Level 2 |
| EX0419 | The words after "Payments Spreadsheet" | Level 2 |
| EX0426 | The word in between "Presentation to" and "showing" | Level 2 |
| EX0435 | The words in between "Signature Request" and "(Updated signature" | Level 1 |
| EX0501 | The word in between "C. Fancher re" and "Ancillary" | Level 1 |
| EX0509 | The word in between "C. Fancher re" and "Funds Flow" | Level 1 |
| EX0578 | The word in between "J. Tanner re" and "SRS" | Level 1 |

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

> (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

As reflected in the above chart, SRSA moves to restrict three categories of information in the Joint Exhibit List: (1) references to SRSA clients; (2) a reference to SRSA's trade secret product strategies; and (3) references to project names SRSA used for M&A transactions it serviced.

I.      **SRSA'S INTEREST IN THE PROTECTION OF SENSITIVE INFORMATION OUTWEIGHS THE PRESUMPTION OF PUBLIC ACCESS**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted). In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of an action.").

Here, SRSA seeks Level 2 restriction over portions of the "Brief Description" section of Exhibits EX0369, EX0373, EX0376, EX0377, EX0378, EX0398, EX0402, EX0409, EX0419 and EX0426. These portions reveal the identity and contact information of SRSA's customers. Such customer information is regularly afforded trade-secret status, and its public disclosure would cause competitive harm to SRSA. *See* ECF No. 86 (SRSA's Motion for Preliminary Injunction) at 14; *Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding [] customers' [] specialties, business preferences, and contact people" is a trade secret.). SRSA has designated such customer information as "Highly Confidential – Attorneys' Eyes Only"

3

1376193

(HC-AEO) under the Stipulated Protective Order,[2] now seeks Level 2 restriction over such information.

Additionally, SRSA also seeks restriction over portions of the "Brief Description" section of EX0382. This section of the Joint Exhibit List reveals information about SRSA's product strategy and marketing plans for one of its products. Such information should be shielded from public view, and the disclosure of sensitive information regarding SRSA's product development "could cause harm to [SRSA] if the information were to become known to a competitor." *Delphix Corp. v. Actifio,* Inc., 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2017 WL 6043303, at *2 (N.D. Cal. Nov. 28, 2017) (granting request to seal information related to "strategies for marketing [defendant's] products" as disclosure would "give competitors [a] 'roadmap' to [defendant's] marketing strategies").

Finally, SRSA also seeks restriction over portions of the "Brief Description" section of EX0396, EX0435, EX0501, EX0509, and EX0578, which reveal project names for M&A transactions SRSA serviced. If these names are publicly revealed, a competitor may be able to determine the identity of a SRSA customer or nonpublic information regarding a SRSA transaction, for example by referencing documents that share the same name. SRSA is frequently entrusted to maintain confidence over information regarding its clients and their M&A transactions, and the project names of the transactions SRSA services are "Confidential"

---

[2] HC-AEO information is defined to contain or reference "non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means." ECF No. 40 at 3-4.

information worthy of restriction.[3] *Accord Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting request to seal Apple's internal project names).

Accordingly, restriction is appropriate lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships").

## II.     THERE IS NO PRACTICABLE ALTERNATIVE TO RESTRICTION

Finally, there is no practicable alternative to restriction. SRSA has narrowly tailored its requests to seal, and public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). In addition, should the Court grant SRSA's Motion to Restrict, SRSA will file publicly available, redacted, versions of the Joint Exhibit List. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *4 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's narrowly tailored proposed redactions).

---

[3] "Confidential" information is defined to contain or reference "non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made . . . ." ECF No. 40 at 2-3.

Respectfully submitted,

Dated: March 23, 2020

By:   *s/ Victor H. Yu*
    Warren A. Braunig
    *wbraunig@keker.com*
    Michelle S. Ybarra
    *mybarra@keker.com*
    Benjamin D. Rothstein
    *brothstein@keker.com*
    Maya Karwande
    *mkarwande@keker.com*
    Victor H. Yu
    *vyu@keker.com*
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone:    415-391-5400
    Facsimile:    415-397-7188

    SHERIDAN ROSS P.C.
    Scott R. Bialecki
    *sbialecki@sheridanross.com*
    Matthew C. Miller
    *mmiller@sheridanross.com*
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone:    303 863 9700
    Facsimile:    303 863 0223
    Email:    litigation@sheridanross.com

    Attorneys for Plaintiffs
    SRS ACQUIOM INC. AND
    SHAREHOLDER REPRESENTATIVE
    SERVICES LLC

**<u>Compliance With Type-Volume Limitation</u>**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

1376193