## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability
company,

       Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

---

### DEFENDANTS PNC FINANCIAL SERVICES GROUP, INC.,  PNC BANK, N.A., HEATHER KELLY AND ALEX TSARNAS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants PNC Financial Services Group, Inc., PNC Bank, N.A. (collectively "PNC"), Heather Kelly and Alex Tsarnas (collectively with PNC, "Defendants"), answer the correspondingly-numbered allegations in SRS Acquiom Inc. and Shareholder Representative Services LLC, (collectively, "SRSA") Second Amended Complaint.

## I.    __INTRODUCTION__

1.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Second Amended Complaint and, therefore, deny them.

2.    Defendants deny each and every allegation in Paragraph 2 of the Second Amended Complaint, except to admit only that:  (a) PNC acquired Fortis Advisors; (b) PNC hired Kelly and Tsarnas, both of whom were previously SRSA employees; and (c) Tsarnas and Kelly were signatories to agreements that purport to impose confidentiality and non-solicitation provisions.

3.      Defendants deny each and every allegation in Paragraph 3 of the Second Amended Complaint, except to admit only that: (a) Kelly created an updated list of her contacts on March 7 and 8, 2018; (b) Kelly retained an older SRSA computer with SRSA's express permission; (c) Kelly retained a small number of documents in order to assist SRSA service the deals she was working on at the time she departed; and (d) Kelly attempted to wipe her computer for shipment back to SRSA.

4.      Defendants deny each and every allegation in Paragraph 4 of the Second Amended Complaint except to admit only that: (a) Kelly and Tsarnas joined PNC in March 2018; and (b) PNC Paid did not exist in March of 2018.

5.      Defendants deny each and every allegation in Paragraph 5 of the Second Amended Complaint except to admit only that former SRSA employee Semenova joined PNC in March 2019.

6.      Defendants deny each and every allegation in Paragraph 6 of the Second Amended Complaint.

## II.      **PARTIES**

7.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Second Amended Complaint and, therefore, deny them.

8.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Second Amended Complaint and, therefore, deny them.

9.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Second Amended Complaint and, therefore, deny them.

10.      Defendants admit the allegations in Paragraph 10 of the Second Amended Complaint.

11.      Defendants deny each and every allegation in Paragraph 11 of the Second Amended Complaint, except to admit only that:  (a) PNC Bank, N.A., is a national banking association organized under 28 U.S.C. § 1348; and (b) PNC Bank, N.A. is a wholly-owned subsidiary of PNC Financial Services Group, Inc.

12.      Paragraph 12 of the Second Amended Complaint does not allege any facts and, therefore, Defendants do not respond other than to assert that Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. are separate corporate entities under the law.

13.      Defendants deny each and every allegation in Paragraph 13 of the Second Amended Complaint except to admit only that Heather Kelly:  (a) previously worked for SRSA; (b) currently works for PNC; (c), lives in Wisconsin; (d) previously worked in Wisconsin; and (e) currently works in Minneapolis, Minnesota.

14.      Defendants deny each and every allegation in Paragraph 14 of the Second Amended Complaint except to admit only that Alex Tsarnas: (a) previously worked for SRSA; (b) currently works for PNC; and (c) works and lives in New Jersey.

### III.      JURISDICTION AND VENUE

15.      Paragraph 15 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  If and to the extent Paragraph 15 states any facts to which Defendants would be required to respond, Defendants deny them.

16.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Second Amended Complaint and, therefore, deny them.

17.     Defendants deny each and every allegation in Paragraph 17 of the Second Amended Complaint, except to admit only that:  (a) Tsarnas and Kelly signed the referenced agreements; (b) that the terms of the agreements speak for themselves; and (c) Tsarnas and Kelly received compensation from SRSA.

18.     Defendants deny each and every allegation in Paragraph 18 of the Second Amended Complaint.

19.     Defendants deny each and every allegation in Paragraph 19 of the Second Amended Complaint.

20.     Defendants deny each and every allegation in Paragraph 20 of the Second Amended Complaint.

21.     Paragraph 21 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.

22.     The first sentence of Paragraph 22 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond. The Defendants deny the remaining allegations in Paragraph 22 of the Second Amended Complaint, except that they are without knowledge or information sufficient to admit or deny the allegation regarding where SRSA executed the referenced agreements and therefore denies it.

## IV.     <u>FACTUAL ALLEGATIONS</u>

23.     Defendants deny each and every allegation in Paragraph 23 of the Second Amended Complaint, except to admit only the second sentence.

24.     Defendants deny each and every allegation in Paragraph 24 of the Second Amended Complaint, except to admit only that an M&A process often includes both escrows and payments.

**A.     Paying Shareholders of an Acquired Company Was Traditionally a Cumbersome and Difficult Process.**

25.     Defendants admit the allegations in Paragraph 25 of the Second Amended Complaint.

26.     Defendants admit the allegations in Paragraph 26 of the Second Amended Complaint to the extent it is offered merely as an example of issues that may arise in any given M&A transaction except that they specifically deny that a buyer sends out shareholder consents.

27.     Defendants admit the allegations in Paragraph 27 of the Second Amended Complaint to the extent it is offered merely as an example of issues that may arise in any given M&A transaction.

28.     Defendants admit the allegations in Paragraph 28 of the Second Amended Complaint to the extent it is offered merely as an example of issues that may arise in any given M&A transaction.

29.     Defendants admit the allegations in Paragraph 29 of the Second Amended Complaint to the extent it is offered merely as an example of issues that may arise in any given M&A transaction.

30.     Defendants admit the allegations in Paragraph 30 of the Second Amended Complaint to the extent it is offered merely as an example of issues that may arise in any given M&A transaction.  Defendants, however, specifically deny that SRSA was able to provide service that was superior to the traditional model.

**B.      To Address Inefficiencies in the M&A Payments Market, SRSA Spent Several Years Developing an Industry-Leading Online-Payments Platform.**

31.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Complaint and, therefore, deny them.

32.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Second Amended Complaint and, therefore, deny them.

33.     Defendants deny the second sentence of Paragraph 33 of the Second Amended Complaint. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 33 of the Second Amended Complaint and, therefore, deny them on that basis.

34.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Second Amended Complaint and, therefore, deny them.

35.     Defendants deny there is anything complex or a trade secret about the payment process.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 35 of the Second Amended Complaint and, therefore, deny them on that basis.

36.     Defendants deny making payments treated as compensation to employee option-holders of the target company is a "unique problem." Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Second Amended Complaint and, therefore, deny them.

37.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Second Amended Complaint and, therefore, deny them.

38.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Second Amended Complaint and, therefore, deny them on that basis.

39.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Second Amended Complaint and, therefore, deny them, except to admit only that SRSA launched the Pre-Closing product in November 2017.

40.     Defendants deny that SRSA has "built the industry-leading products for M&A payments processing: an integrated and seamless set of tools that allow shareholders to be paid in hours, instead of weeks, and allow acquirers access to wide-ranging data and analytics about their transactions." Defendants are without knowledge or information sufficient to form a belief about the truth the remainder of the allegations in Paragraph 40 of the Second Amended Complaint and, therefore, deny them on that basis.

41.     Defendants deny each and every allegation in Paragraph 41 of the Second Amended Complaint.

### C.     Alex Tsarnas and Heather Kelly Stole SRSA's Trade Secrets and Confidential Information and Used them to Help PNC Develop a Competing Product.

42.     Defendants deny each and every allegation in Paragraph 42, except to admit only that:  (a) SRSA terminated Tsarnas on January 23, 2018; (b) Kelly quit SRSA in March of 2018 and (c) both Tsarnas and Kelly started to work at PNC later that month.

43.     Defendants deny each and every allegation in Paragraph 43 of the Second Amended Complaint, except to admit only that:  (a) PNC Bank acquired Fortis on February 1, 2018; and (b) PNC Bank hired a third party to develop PNC PAID which development has continued from January 2018 through the present.

44. Defendants deny each and every allegation in Paragraph 44 of the Second Amended Complaint.

      1.    <u>2014 – 2017</u>: **Tsarnas and Kelly Take Positions of Trust and Responsibility at SRSA.**

45. Defendants deny that Tsarnas represented he graduated from Fordham University in 1993 and acted confused and pleaded it was an honest mistake when confronted.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 45 of the Second Amended Complaint and, therefore, deny them.

46. Defendants deny each and every allegation in Paragraph 46 of the Second Amended Complaint, except to admit only that: (a) Tsarnas signed the referenced agreement; and (b) the terms of the agreement speak for themselves.

47. Defendants deny each and every allegation in Paragraph 47 of the Second Amended Complaint except to admit that Tsarnas was a senior member of management.

48. Defendants deny each and every allegation in Paragraph 48 of the Second Amended Complaint, and admit only that:  (a) Kelly signed the SRSA General Employment Terms & Conditions; (b)  Kelly signed the EIAC Agreement; and (c) the terms of the SRSA General Employment Terms & Conditions and of the EIAC Agreement speak for themselves.

49. Defendants deny each and every allegation in Paragraph 49 of the Second Amended Complaint.

      2.    <u>January 2018</u>: **SRSA Fires Tsarnas Following Discovery of Tsarnas Embezzling More than $35,000 from the Company.**

50. Defendants deny each and every allegation in Paragraph 50 of the Second Amended Complaint.

51. Defendants deny each and every allegation in Paragraph 51 of the Second Amended Complaint, except to admit only that SRSA terminated Tsarnas on January 23, 2018.

> **3.    January – March 2018: Tsarnas and Kelly Plot To Start a Competing Payments Business and Join PNC.**

52.    Defendants deny the allegations in the first sentence of Paragraph 52 of the Second Amended Complaint. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 51 of the Second Amended Complaint and, therefore, deny them.

53.    Defendants deny each and every allegation in Paragraph 53 of the Second Amended Complaint.

54.    Defendants deny each and every allegation in Paragraph 54 of the Second Amended Complaint, except to admit only that Tsarnas received the referenced email and forwarded it to Kelly.

55.    Defendants admit the allegations in Paragraph 55 of the Second Amended Complaint.

56.    Defendants admit the allegations in Paragraph 56 of the Second Amended Complaint.

57.    Defendants deny that any request for legal indemnification "shows a consciousness of their coordinated and corrupt intent to compete unfairly against SRSA." Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 57 of the Second Amended Complaint and, therefore, deny them, except to admit only that Tsarnas sent Kelly the referenced email.

58.    Defendants: (a) deny that Tsarnas and Kelly knew how SRSA had built its Payment product; and (b) deny that they ever considered using SRSA confidential information and documents to teach PNC how to build a copycat product. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in

Paragraph 58 of the Second Amended Complaint and, therefore, deny them, except to admit only that Tsarnas sent the referenced email and PowerPoint presentation to Kelly.

59.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Second Amended Complaint and, therefore, deny them, except to admit only that:  (a) Kelly had hard copies of two documents that may be the referenced documents; (b) Kelly provided those documents to Walter DeForest, Esq. in late March 2018; (c) nothing about those documents are trade secrets; and (d) Walter DeForest advised SRSA that they were in his possession on April 2, 2018.

60.     Defendants deny each and every allegation in Paragraph 60 of the Second Amended Complaint, except to admit only that Kelly began employment at PNC on March 19, 2018 and Tsarnas began employment at PNC on March 21, 2018.

4.     <u>March 8, 2018 – March 16, 2018</u>: **Kelly Downloads and Emails Herself Thousands of SRSA Confidential and Trade Secret Files and Attempts to Cover Her Tracks.**

61.     Defendants deny each and every allegation in Paragraph 61 of the Second Amended Complaint, except to admit only that SRSA replaced her old MacBook with a new MacBook and advised her that she could keep the old MacBook for personal use.

62.     Defendants: (a) deny that Kelly downloaded thousands of SRSA confidential documents from her Google Drive account; and (b) deny that she "surreptitiously kept them in her possession after joining PNC."  Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 62 of the Second Amended Complaint and, therefore, deny them, except to admit only that Kelly did not send the new MacBook back to SRSA until March 16, 2018 because SRSA was refusing to respond to inquiries from Kelly regarding her final pay.

63.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Second Amended Complaint and, therefore, deny them.

64.     Defendants deny that Kelly had access to the old MacBook between late March 2018 and April 2019. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 64 of the Second Amended Complaint and, therefore, deny them.

65.     Defendants deny each and every allegation in Paragraph 65 of the Second Amended Complaint except to admit only that: (1) Kelly was using the old MacBook as her personal computer until she turned it over to Walter Deforest in late March 2018; and (2) the old MacBook was returned to her in April 2019 and she turned it on for personal use in May 2019.

66.     Defendants deny each and every allegation in Paragraph 66 of the Second Amended Complaint, except to admit that SRSA has accurately but selectively quoted from a portion of Kelly's employment agreement.

67.     Defendants deny each and every allegation in Paragraph 67 of the Second Amended Complaint except to admit that Ms. Lee conducted an exit interview.

68.     Defendants deny each and every allegation in Paragraph 68 of the Second Amended Complaint, except to admit only that Kelly emailed SRSA documents to herself in order to assist SRSA, as she and SRSA had agreed, with ongoing deals for clients for whom she had been relationship manager.

     5.     **March 2018 – Present: Tsarnas and Kelly Use SRSA's Trade Secret Information to Build, Launch, and Sell PNC's Competing Products.**

69.     Defendants deny each and every allegation in Paragraph 69 of the Second Amended Complaint, except to admit only that:  (a) PNC released a product in 2019 called PNC PAID; and

(b) PNC PAID provides some of the same services that SRSA provides customers - none of which are trade secrets.

70.     Defendants deny each and every allegation in Paragraph 70 of the Second Amended Complaint, except to admit only that, at great expense and substantial effort on the part of a third party developer and PNC employees, PNC released PNC PAID in 2019.

71.     Defendants deny each and every allegation in Paragraph 71 of the Second Amended Complaint.

72.     Defendants deny each and every allegation in Paragraph 72 of the Second Amended Complaint, except to admit only that Kelly sent the referenced text message.

73.     Defendants deny each and every allegation in Paragraph 73 of the Second Amended Complaint, except to admit only that Tsarnas sent a text message to a former colleague on March 6, 2018.

74.     Defendants deny each and every allegation in Paragraph 74 of the Second Amended Complaint.

75.     Defendants deny each and every allegation in Paragraph 75 of the Second Amended Complaint, except to admit only that the image in Paragraph 75 is an accurate image of a PNC Paid brochure and to specifically deny that the LOT constitutes "confidential" SRSA information.

**D.     PNC's Use of Trade Secrets Gives It an Unfair and Illegal Advantage in the Marketplace.**

76.     Defendants deny each and every allegation in Paragraph 76 of the Second Amended Complaint.

77.     Defendants deny each and every allegation in Paragraph 77 of the Second Amended Complaint.

78.     Defendants deny each and every allegation in Paragraph 78 of the Second Amended Complaint, except to admit only that:  (a) Tsarnas was the head of SRSA's sales organization; and (b) as a result, he had an understanding of SRSA's prices and pricing strategies.

79.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Second Amended Complaint and, therefore, deny them.

80.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Second Amended Complaint and, therefore, deny them.

81.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Second Amended Complaint and, therefore, deny them except to specifically deny that customer information is secret or that Tsarnas and Kelly convinced any customer to work with PNC based on SRSA confidential information and trade secrets.

82.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Second Amended Complaint and, therefore, deny them except to specifically deny that customer information is secret or that Tsarnas and Kelly convinced any customer to work with PNC based on SRSA confidential information and trade secrets.

83.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Second Amended Complaint and, therefore, deny them.

84.     Defendants deny each and every allegation in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny each and every allegation in Paragraph 85 of the Second Amended Complaint, except to admit only that Luda Semenova and Lisa Kremers have come to work for PNC.

**E.      The Trade Secrets at Issue.**

86.     Defendants deny each and every allegation in Paragraph 86 of the Second Amended Complaint.

87.     Defendants deny each and every allegation in Paragraph 87 of the Second Amended Complaint.

88.     Defendants deny each and every allegation in Paragraph 88 of the Second Amended Complaint.

89.     Defendants deny each and every allegation in Paragraph 89 of the Second Amended Complaint.

**F.      SRSA Protects the Secrecy of Its Confidential Information and Trade Secrets.**

90.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Second Amended Complaint and, therefore, deny them.

**1.      SRSA Employees, Including Heather Kelly and Alex Tsarnas, Are Bound by Confidentiality Agreements.**

91.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Second Amended Complaint and, therefore, deny them.

92.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Second Amended Complaint and, therefore, deny them, except to admit only that these provisions are contained in the agreements Kelly and Tsarnas signed with SRSA.

93.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Second Amended Complaint and, therefore, deny them.

94.     Defendants admit only that Kelly and Tsarnas signed the referenced documents.

2.      **SRSA's Internal Policies Prohibit the Unauthorized Sharing of Confidential Information.**

95.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Second Amended Complaint and, therefore, deny them, except to admit only that Exhibit C contains the referenced quote.

96.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Second Amended Complaint and, therefore, deny them.

97.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Second Amended Complaint and, therefore, deny them.

3.      **Within the Company, SRSA Restricts Access to Confidential Documents.**

98.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Second Amended Complaint and, therefore, deny them.

99.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Second Amended Complaint and, therefore, deny them and specifically deny that the google drive where SRSA has alleged it kept confidential information had any restrictions.

100.    Defendants deny that Tsarnas and Kelly were in positions that would have given them access to substantial sensitive and confidential information regarding SRSA's technology. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 100 of the Second Amended Complaint and, therefore, deny them.

**4.      SRSA Does Not Reveal Confidential Information to Its Shareholder Users.**

101.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Second Amended Complaint and, therefore, deny them except to admit that the user experience is limited to the user interface through their web browser and to specifically deny that a user would not know how SRSA authenticates its shareholders or that SRSA does not walk potential customers and referral sources through its back end processes during the sales process.

102.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Second Amended Complaint and, therefore, deny them.

103.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Second Amended Complaint and, therefore, deny them.

**5.      SRSA Does Not Reveal Confidential Information to Its Customers and Partners.**

104.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Second Amended Complaint and, therefore, deny them, except to admit only that deal-specific prices are shared with specific customers in the sales process and that general pricing discussions are provided during the sales process.

**G.     With the Knowledge and Encouragement of PNC, Kelly and Tsarnas (and, More Recently Semenova) Have Recruited SRSA Employees and Solicited SRSA Customers in Violation of Their Contractual Obligations–and Will Continue to Do So if Not Enjoined.**

105.     Defendants deny each and every allegation in Paragraph 105 of the Second Amended Complaint, except to admit only that Tsarnas and Kelly signed the referenced agreements and the terms of those agreements speak for themselves.

106.     Defendants deny each and every allegation in Paragraph 106 of the Second Amended Complaint, except to admit only that in March 2018 outside counsel for SRSA sent letters to Tsarnas and to PNC regarding Tsarnas and Kelly's purported contractual obligations to SRSA.

**1.     Recruiting SRSA Employees.**

107.     Defendants deny each and every allegation in Paragraph 107 of the Second Amended Complaint, except to admit only that: (a) in March 2019, Semenova joined PNC; and (b) in June 2019, Kremers joined PNC.  Defendants specifically deny that Semenova was subject to a valid or enforceable non-solicitation agreement with SRSA.

108.     Defendants deny each and every allegation in Paragraph 108 of the Second Amended Complaint, except to admit only that Kelly and Tsarnas discussed (a) encouraging Bryson and Jackson to leave SRSA; and (b) giving Bryson's name to recruiters and a bank. Defendants specifically deny that Tsarnas and Kelly recruited Jackson to work at PNC.

109.   Defendants deny each and every allegation in Paragraph 109 of the Second Amended Complaint, except to admit only that Kelly and Tsarnas kept in contact with their former SRSA colleague Semenova who expressed a desire to leave SRSA.

110.   Defendants deny each and every allegation in Paragraph 110 of the Second Amended Complaint, except to admit only that: (a) in response to Semenova's inquiries about potential employment at PNC, Kelly suggested to Semenova that she discuss potential employment at PNC with other PNC employees; and (b) Kelly discussed Semenova with other employees at PNC.

111.   Defendants deny each and every allegation in Paragraph 111 of the Second Amended Complaint, except to admit only that: (a) in response to Semenova's inquiries about potential employment at PNC, Kelly suggested to Semenova that she discuss potential employment at PNC with other PNC employees and (b) Kelly and Tsarnas discussed Semenova with other employees at PNC.

112.   Defendants deny each and every allegation in Paragraph 112 of the Second Amended Complaint, except to admit only that: (a) PNC hired Semenova on March 8, 2019; and (b) Semenova signed the referenced agreement.   Defendants specifically deny that the non-solicitation provisions of Semenova's EIAC Agreement with SRSA were valid or enforceable.

113.   Defendants deny each and every allegation in Paragraph 113 of the Second Amended Complaint, except to admit only that: (a) Semenova sent the referenced communications; (b) Kelly reviewed the referenced email; (c) other PNC employees were involved in the decision to hire Kremers; and (d) PNC hired Kremers in June 2019.

### 2.   Soliciting SRSA Customers

114.   Defendants deny each and every allegation in Paragraph 114 of the Second Amended Complaint, except to admit only that: (a) on March 7 and 8, 2018, Kelly created an

updated list of her contacts, including customers and attorneys; and (b) in 2018, Kelly communicated with a variety of her contacts about her move to PNC.

115.    Defendants deny each and every allegation in Paragraph 115 of the Second Amended Complaint, except to admit only that in January 2019 Kelly communicated with some of her contacts, including contacts at customers who did business with SRSA, about PNC's M&A Payments business.  The last sentence of Paragraph 115 contains a legal conclusion to which Defendants are not required to respond.

116.    Defendants deny each and every allegation in Paragraph 116 of the Second Amended Complaint, except to admit only that: (a) a customer who had done business with SRSA and was listed on Schedule 1 to Kelly's agreement with SRSA and therefore carved out of any non-solicitation obligation Kelly had to SRSA was one of the customers for PNC Paid in 2019; (b) the referenced customer communicated with Kelly about the transaction; and (c) PNC disclosed the fact that the referenced customer had selected PNC Paid for M&A payments to other prospective customers.

117.    Defendants deny each and every allegation in Paragraph 117 of the Second Amended Complaint, except to admit only that: (a) Semenova attended a meeting and communicated with the referenced customer in 2019; (b) PNC won a deal with the referenced customer; and (c) Kelly sent the referenced correspondence. Defendants specifically deny that Semenova was subject to a valid or enforceable non-solicitation agreement with SRSA.

118.    Defendants admit that Semenova has attended dinners with the referenced customer.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 118 of the Second Amended Complaint and, therefore, deny them.

119.    Defendants deny each and every allegation in Paragraph 119 of the Second Amended Complaint, except to admit only that: (a) Tsarnas, Kelly, and Semenova signed the referenced agreements; (b) Semenova provided a copy of the referenced agreement to PNC, (c) SRSA's general counsel sent Semenova the referenced correspondence; and (d) numerous individuals at PNC were aware of customers having done business with SRSA as this knowledge is publicly available.  Defendants specifically deny that Semenova has any valid or enforceable non-solicitation obligation to SRSA.

120.    Defendants deny each and every allegation in Paragraph 120 of the Second Amended Complaint.  Defendants specifically deny that Semenova has any valid and/or enforceable non-solicitation obligation to SRSA.

121.    Defendants deny each and every allegation in Paragraph 121 of the Second Amended Complaint.

### H.    Defendants Acted with Oppression and Malice in a Willful Attempt to Harm SRSA.

122.    Defendants deny each and every allegation in the Paragraph 122 of the Second Amended Complaint.

123.    Defendants deny each and every allegation in the Paragraph 123 of the Second Amended Complaint

### FIRST CAUSE OF ACTION
### Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act
### (18 U.S.C. § 1836, *et seq.*)
### (Against All Defendants)

124.    There are no factual allegations in Paragraph 124 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 123 of the Second Amended Complaint.

125.     Defendants deny each and every allegation in Paragraph 125 of the Second Amended Complaint.

126.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 of the Second Amended Complaint and, therefore deny them.

127.     Defendants deny each and every allegation in Paragraph 127 of the Second Amended Complaint.

128.     Defendants deny each and every allegation in Paragraph 128 of the Second Amended Complaint.

129.     Defendants deny each and every allegation in Paragraph 129 of the Second Amended Complaint.

130.     Defendants deny each and every allegation in Paragraph 130 of the Second Amended Complaint.

131.     Defendants deny each and every allegation in Paragraph 131 of the Second Amended Complaint.

132.     Defendants deny each and every allegation in Paragraph 132 of the Second Amended Complaint.

133.     Defendants deny each and every allegation in Paragraph 133 of the Second Amended Complaint.

134.     Defendants deny each and every allegation in Paragraph 134 of the Second Amended Complaint.

135.     Defendants deny each and every allegation in Paragraph 135 of the Second Amended Complaint.

<u>**SECOND CAUSE OF ACTION**</u>
**Misappropriation of Trade Secrets in Violation of the Colorado Uniform Trade Secrets Act
(C.R.S. § 7–74–101, *et seq.*)
(Against All Defendants)**

136.    There are no factual allegations in Paragraph 136 of the Second Amended Complaint to which Defendants must respond.

137.    Defendants deny each and every allegation in Paragraph 137 of the Second Amended Complaint.

138.    Defendants deny each and every allegation in Paragraph 138 of the Second Amended Complaint.

139.    Defendants deny each and every allegation in Paragraph 139 of the Second Amended Complaint.

140.    Defendants deny each and every allegation in Paragraph 140 of the Second Amended Complaint.

141.    Defendants deny each and every allegation in Paragraph 141 of the Second Amended Complaint.

142.    Defendants deny each and every allegation in Paragraph 142 of the Second Amended Complaint.

143.    Defendants deny each and every allegation in Paragraph 143 of the Second Amended Complaint.

144.    Defendants deny each and every allegation in Paragraph 144 of the Second Amended Complaint.

145.    Defendants deny each and every allegation in Paragraph 145 of the Second Amended Complaint.

146.    Defendants deny each and every allegation in Paragraph 146 of the Second Amended Complaint.

**THIRD CAUSE OF ACTION**
**Breach of Contract – Confidentiality Obligation under EIAC Agreement**
**(Against Defendants Heather Kelly and Alex Tsarnas)**

147.    There are no factual allegations in Paragraph 147 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 146 of the Second Amended Complaint.

148.    Defendants admit the allegations in Paragraph 148 of the Second Amended Complaint.

149.    Defendants admit the allegations in Paragraph 149 of the Second Amended Complaint.

150.    Paragraph 150 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 150 of the Second Amended Complaint.

151.    Paragraph 151 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  If and to the extent Paragraph 151 contains factual allegations to which Defendants would be required to respond, Defendant are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

152.    Defendants deny each and every allegation in Paragraph 152 of the Second Amended Complaint.

153.    Defendants deny each and every allegation in Paragraph 153 of the Second Amended Complaint.

154.    Defendants deny each and every allegation in Paragraph 154 of the Second Amended Complaint.

155.    Defendants deny each and every allegation in Paragraph 155 of the Second Amended Complaint.

156.    Defendants deny each and every allegation in Paragraph 156 of the Second Amended Complaint

<div style="text-align:center">

**<u>FOURTH CAUSE OF ACTION</u>**
**Breach of Contract – Non-Solicitation Obligation Under EIAC Agreement**
**(Against Defendants Alex Tsarnas and Heather Kelly)**

</div>

157.    There are no factual allegations in Paragraph 157 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 156 of the Second Amended Complaint.

158.    Defendants admit the allegations in Paragraph 158 of the Second Amended Complaint.

159.    Defendants admit the allegations in Paragraph 159 of the Second Amended Complaint.

160.    Paragraph 160 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 160 of the Second Amended Complaint.

161.    Paragraph 161 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  If and to the extent Paragraph 161 contains factual allegations to which Defendants would be required to respond, Defendant are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

162.    Defendants deny each and every allegation in Paragraph 162 of the Second Amended Complaint.

163.    Paragraph 163 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 163 of the Second Amended Complaint.

164.    Defendants deny each and every allegation in Paragraph 164 of the Second Amended Complaint.

165.    Defendants deny each and every allegation in Paragraph 165 of the Second Amended Complaint.

## FIFTH CAUSE OF ACTION
### Intentional Interference with Contractual Relations
### (Against All Defendants)

166.    There are no factual allegations in Paragraph 166 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 165 of the Second Amended Complaint.

167.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 of the Second Amended Complaint and, therefore, deny them.

168.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 of the Second Amended Complaint and, therefore, deny them.

169.    Defendants deny each and every allegation in Paragraph 169 of the Second Amended Complaint.

170.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 of the Second Amended Complaint and, therefore, deny them.

171.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 of the Second Amended Complaint and, therefore, deny them.

172.     Defendants deny each and every allegation in Paragraph 172 of the Second Amended Complaint.

173.     Defendants deny each and every allegation in Paragraph 173 of the Second Amended Complaint, except to admit only that PNC was aware of the referenced agreements.

174.     Defendants deny each and every allegation in Paragraph 174 of the Second Amended Complaint, except to admit only that PNC was aware of the referenced agreement.

175.     Defendants deny each and every allegation in Paragraph 175 of the Second Amended Complaint.

176.     Defendants deny each and every allegation in Paragraph 176 of the Second Amended Complaint.

177.     Defendants deny each and every allegation in Paragraph 177 of the Second Amended Complaint.

178.     Paragraph 178 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 178 of the Second Amended Complaint.

## SIXTH CAUSE OF ACTION
**Colorado Unfair Competition**
**(Against Defendant PNC)**

179.     There are no factual allegations in Paragraph 179 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 178 of the Second Amended Complaint.

180.     Defendants deny each and every allegation in Paragraph 180 of the Second Amended Complaint.

181.     Defendants deny each and every allegation in Paragraph 181 of the Second Amended Complaint.

## SEVENTH CAUSE OF ACTION
**Violation of Computer Fraud and Abuse Act**
**(Against Defendants Kelly and PNC)**

182.     There are no factual allegations in Paragraph 182 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 181 of the Second Amended Complaint.

183.     Defendants deny each and every allegation in Paragraph 183 of the Second Amended Complaint.

184.     Defendants deny each and every allegation in Paragraph 184 of the Second Amended Complaint.

185.     Defendants deny each and every allegation in Paragraph 185 of the Second Amended Complaint.

186.     Defendants deny each and every allegation in Paragraph 186 of the Second Amended Complaint.

## EIGHTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
### (Against Defendants Kelly and PNC)

187.     There is no factual allegation in Paragraph 187 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 186 of the Second Amended Complaint.

188.     Defendants deny each and every allegation in Paragraph 188 of the Second Amended Complaint.

189.     Defendants deny each and every allegation in Paragraph 189 of the Second Amended Complaint.

190.     Defendants deny each and every allegation in Paragraph 190 of the Second Amended Complaint.

191.     Defendants deny each and every allegation in Paragraph 191 of the Second Amended Complaint.

192.     Defendants deny each and every allegation in Paragraph 192 of the Second Amended Complaint.

193.     Defendants deny each and every allegation in Paragraph 193 of the Second Amended Complaint.

194.     Paragraph 194 of the Second Amended Complaint states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 194.

**NINTH CAUSE OF ACTION**
**Breach of Duty of Loyalty**
**(Against Defendant Kelly)**

195.    There is no factual allegation in Paragraph 195 of the Second Amended Complaint to which Defendants must respond.  Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 194 of the Second Amended Complaint.

196.    Defendants admit that Kelly had a high level of responsibility at SRSA but are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 196 of the Second Amended Complaint and, therefore, deny them.

197.    Defendants admit the allegations in Paragraph 197 of the Second Amended Complaint.

198.    Defendants deny each and every allegation in Paragraph 198 of the Second Amended Complaint.

199.    Defendants deny each and every allegation in Paragraph 199 of the Second Amended Complaint.

**PRAYER FOR RELIEF**

Defendants deny SRSA's entitlement to any relief it asserts in the Second Amended Complaint.

Defendants further generally deny each and every allegation in the Second Amended Complaint that they have not specifically admitted above.

**DEFENSES**

**First Defense**

SRSA fails to state a claim for relief for which this Court can grant relief.

**Second Defense**

SRSA's claims, and each of them, are preempted, in whole or in part, by the Copyright Act.

**Third Defense**

SRSA's tort claims are pre-empted, in whole or in part, by the Colorado Uniform Trade Secrets Act.

**Fourth Defense**

SRSA's claims, and each of them, fail, in whole or in part, because the information comprising the alleged trade secrets is readily ascertainable from information available to the public and/or to persons knowledgeable in the industry.

**Fifth Defense**

SRSA's claims, and each of them, fail, in whole or in part, because the information comprising the alleged trade secrets is generally known to persons knowledgeable in the industry.

**Sixth Defense**

SRSA's claims, and each of them, fail, in whole or in part, because SRSA did not take reasonable measures to protect its alleged trade secrets.

**Seventh Defense**

SRSA's claims, and each of them, fail, in whole or in part, because it is not the owner of the alleged trade secrets.

**Eighth Defense**

SRSA's claims, and each of them, fail, in whole or in part, because it disclosed the information comprising the alleged trade secret to individuals and entities were not under any obligation to maintain its alleged secrecy.

**Ninth Defense**

SRSA's claims, and each of them, fail, in whole or in part, due to its failure to mitigate its alleged damages, if any.

**Tenth Defense**

SRSA's request for injunctive relief is precluded, in whole or in part, by its delay.

**Eleventh Defense**

SRSA's claims, and each of them, are barred, in whole or in part, by the doctrine of laches.

**Twelfth Defense**

SRSA's claims, and each of them, are barred or reduced in whole or in part by the doctrine of waiver, estoppel and/or estoppel to claim damages.

**Thirteenth Defense**

SRSA's contract claims fail, in whole or in part, because the contracts are void and unenforceable as illegal restraints on trade.

**Fourteenth Defense**

SRSA's claims, and each of them, are barred by SRSA's unclean hands and inequitable conduct.

**Fifteenth Defense**

This Court does not have personal jurisdiction over Defendants.

**Sixteenth Defense**

Venue is improper in this Court.

**Seventeenth Defense**

SRSA's claims, and each of them, are barred in whole or in part by SRSA's abuse of process in bringing these claims.

WHEREFORE, Defendants pray for the following relief:

1.    Judgment in their favor and against SRSA as to all claims;

2.    Judgment that SRSA take nothing against Defendant;

3.    The award to Defendants of their costs, expenses and reasonable attorneys' fees incurred in defending SRSA's trade secret claims;

4.    The award to Defendants of their costs, expenses and reasonable attorneys' fees incurred in defendants SRSA's remaining claims.

Dated: April 9, 2020

<div style="margin-left:40%">

By: */s/ James F. Bennett*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank N.A., Heather Kelly, and Alex Tsarnas*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on 9th day of April, 2020, a true and correct copy of the foregoing **DEFENDANTS PNC FINANCIAL SERVICES GROUP, INC., PNC BANK, N.A., HEATHER KELLY AND ALEX TSARNAS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative*
*Services LLC, a Colorado limited liability company*

/s/ Matthew E. Johnson
Matthew E. Johnson