# APPENDIX A

**APPENDIX A**

**REQUESTS RELATED TO PI ORDER**

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 13 RFP to PNC Bank | All documents related to the development or use of any version of the "HK Contacts" document and any documents derived therefrom, including but not limited to all versions of "HK Contacts" and any documents containing substantially the same information, all communications and calendar invites/entries related to any meetings at which any such document was circulated, presented, or discussed, and all documents referring to any version of "HK Contacts," documents derived therefrom, or information contained therein. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt.207), which held that the contact list is not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection. |

A-1

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 15 RFP to PNC Bank | All documents constituting or reflecting internal PNC communications relating to setting the Financial Terms for any potential or actual engagement to provide PNC's Payments & Escrow Services. | PNC Bank objects that this Request is not relevant to any claim or defense in this action and is not proportional to the needs of the case because, as explained during the preliminary injunction hearing, PNC has a completely different approach to setting "Financial Terms" for its engagements to provide PNC's Payments & Escrow services as recognized in the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207). Moreover, PNC Bank objects that this Request is not relevant to any claim or defense in this action and not proportional to the needs of the case because the Court held that "neither [SRSA's] prices nor its general pricing strategies can be considered trade secrets." Dkt. 207 at 21. PNC Bank is withholding documents on the basis of these objections. |
| 16 RFP to PNC Bank | All documents from March 1, 2018 to the present relating to the operational rules, workflows, specifications, business logic, or functionality of PNC's M&A Payments and Escrow Products, such as guidelines, instructions, wikis, memoranda, handbooks, emails, or manuals. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection. |
| 17 RFP to PNC Bank | All documents from March 1, 2018 to the present relating to efforts to determine the functionality of PNC's M&A Payments and Escrow Products, including but not limited to communications, notes, meeting minutes, photographs, diagrams, calendar invites, or calendar entries regarding the same. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. Moreover, to the extent such documents reflect or relate to the involvement of Ms. Kelly or Mr. Tsarnas, such documents have already been produced. PNC Bank is withholding documents on the basis of this objection. |

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 18 RFP to PNC Bank | All documents reflecting Defendants' efforts to identify customers or potential customers, sources of business, sources of referral, and/or market segments relating to PNC's sale and marketing of PNC's Payments & Escrow Services, including documents reflecting PNC's efforts to prioritize potential customers for its sales and marketing efforts. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the contact list is not a protectable, confidential trade secret. PNC Bank further objects that this Request is overbroad and disproportionate to the needs of the case to the extent it includes all documents regarding any employee of any Defendant attempting to identify customers or potential referral sources without regard for the involvement, or lack of involvement, of Ms. Kelly or Mr. Tsarnas. PNC Bank further objects to the Request as overbroad and disproportionate to the needs of the case as SRSA has not contended that the identity of referral sources, *i.e.*, attorneys at law firms, are protectable and has asserted the opposite under oath to a federal court in Minnesota. PNC Bank is withholding documents on the basis of these objections. |
| 21 RFP to PNC Bank | All documents, from March 1, 2018 to the present, relating to the development, modification, enhancement, or re-development of any payment spreadsheet in connection with PNC's provision of PNC's Payments & Escrow Services. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payment spreadsheet is not a protectable, confidential trade secret. PNC Bank is withholding documents based on this objection. |

A-3

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 24 RFP to PNC Bank | All documents relating to, discussing or describing efforts to by PNC to sell, or convince to utilize, PNC's Payments & Escrow Services to any individual or company listed on any version of "HK Contacts" or the "Strategic Buyers" page of "Firms by Segement." | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the contact list is not a protectable, confidential trade secret. PNC Bank is withholding documents on the basis of this objection.<br><br>PNC Bank further objects that this Request is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents relating to "any" individual company or company listed on any version of "HK Contacts" or the "Strategic Buyers" page of "Firms by Segement." PNC Bank is withholding documents on the basis of this objection. |
| 25 RFP to PNC Bank | All documents relating to PNC's decision to include the following products within PNC's M&A Payments and Escrow Products: Optionholder Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection. |
| 3 RFA to Kelly | Admit that no one at SRSA gave you permission to review the Acquiom Intake Dashboard in connection with creating a list of contacts in March 2018. | Kelly objects that this Request seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the contact list is not a protectable, confidential trade secret. Kelly further objects that this Request is not relevant to any claim or defense in this action and is not proportional to the needs of the case because she was not required to seek permission to review the Acquiom Intake Dashboard while she was employed by SRSA. |

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 4 RFA to Kelly | Admit that you never sought permission from SRSA to use any version of the SRSA payments spreadsheet in the course of your employment at PNC. | Kelly objects that this Request seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret. |
| 5 RFA to Kelly | Admit that no one at SRSA gave you permission to use any version of the SRSA payments spreadsheet in the course of your employment at PNC. | Kelly objects that this Request seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret, and because SRSA routinely shared its payment spreadsheet with third parties on a non-confidential basis as the Court found in its March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207). |
| 12 RFA to Kelly | Admit that prior to the filing of this lawsuit, you did not disclose to anyone at PNC that the payments spreadsheet you shared with PNC on May 4, 2018 had originated at SRSA. | Kelly objects that this Request seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret, and because SRSA routinely shared its payment spreadsheet with third parties on a non-confidential basis as the Court found in its March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207). |

A-5

1389357

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 6 Rog to PNC Bank | For each customer engagement for PNC's Payments & Escrow Services in which you provided a customer with a payments spreadsheet, identify the payments spreadsheet and the communication by which it was provided. For the purposes of this interrogatory, "identify" means state the name of the file, the date of transmission, the name of the PNC representative who transmitted the payments spreadsheet, the recipient of the transmission, and Bates number of the payments spreadsheet and communications transmitting the same. | PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret. In addition, PNC Bank objects to the broad scope of this Interrogatory because Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC Bank did something wrong. To date in this case, Plaintiffs have been unable to do so. |

A-6

1389357

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 12 Rog to PNC Bank | For each item of information identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure that PNC contends is not confidential SRSA information or does not qualify for trade secret protection, state all facts that form the basis for its contention and identify the bates numbers of all documents in support. | PNC Bank objects that this Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. With respect to the information that was the subject of Plaintiffs' Motion for Preliminary Injunction, the Court denied that motion and held that the information at issue is not protectable, confidential trade secrets. With respect to the remaining information identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure, SRSA has waived any claim that such information constitutes a protectable, confidential trade secret in light of its failure to include it in Plaintiffs' Motion for Preliminary Injunction. PNC Bank further objects that this Interrogatory is vague, overbroad, and unduly burdensome, and because Interrogatories of this type are not permitted in the District of Colorado. *See Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"); *see also Felix v. City & Cty. of Denver*, 2009 WL 3838587, at *1 (D. Colo. Nov. 13, 2009) (denying overbroad "blockbuster type interrogatory," which requested the defendant set forth "the arguments that he will use to counter the Plaintiff's seven claims"); *Dakota Station II Condominium Ass'n, Inc. v. Owners Ins. Co.*, 2016 WL 9735773, at *6 (D. Colo. May 16, 2016) (holding interrogatory requesting identification of "all documents and things in your possession which you believe support your claims … amounts to an 'impermissible blockbuster interrogatory of a nature repeatedly condemned by trial courts'"). |

**DAMAGES-RELATED REQUESTS**

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 9 RFP to PNC | Documents sufficient to show the monthly, quarterly and annual revenues, expenses and profits for | PNC objects to the request as premature. SRSA's Request for information relating to profits that it may ultimately seek to disgorge is irrelevant to, and indeed inconsistent with, SRSA's request for preliminary injunctive relief. |

A-7

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| | PNC's M&A Payments and Escrow Products, from January 1, 2018 to the present. | Given its lack of relevance to the preliminary injunction hearing, the request imposes an undue burden on PNC. PNC will not produce documents responsive to this request at this time based on this objection. PNC will produce non-privileged documents responsive to this Request, to the extent they exist during non-expedited discovery. |
| 11 RFP to PNC Financial | All documents comprising, constituting, reflecting or containing any lists of potential customers or sources of business or referrals for PNC's Payments & Escrow Services. | PNC Financial objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Financial is withholding documents on the basis of this objection. |
| 16 RFP to PNC Financial | All documents reflecting revenue, profit, or other financial projections created by PNC for PNC's Payments & Escrow Services from 2017 until the present. | PNC Financial objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Financial is withholding documents on the basis of this objection. |
| 17 RFP to PNC Financial | Documents relating to any efforts by PNC, whether successful or not, to purchase or obtain a license to technology or intellectual property relating to making, processing or tracking payments, from January 1, 2012 to the present. | PNC Financial objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Financial is withholding documents on the basis of this objection. |
| 18 RFP to PNC Financial | Documents relating to any efforts by PNC, whether successful or not, to purchase, sell or license any technology, property, or rights relating to the provision of PNC's Payments & Escrow Services, from January 1, 2012 to the present. | PNC Financial objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Financial is withholding documents on the basis of this objection. |

| # | SRSA's Request | Defendants' Response |
|---|---|---|
| 14 RFP to PNC Bank | All documents from January 1, 2018 to the present constituting or reflecting communications between PNC and any potential or actual customer for PNC's Payments & Escrow Services, including but not limited to individuals or entities listed on any version of "HK Contacts" or the Strategic Buyers page of "Firms by Segement," about PNC's Payments & Escrow Services.[1] | PNC Bank objects that this Request is overbroad, not proportional to the needs of the case, and seeks documents that are not relevant to any claim or defense in this action, to the extent it seeks all communications with any potential or actual customer for PNC's Payments & Escrow Services. PNC Bank is withholding documents on the basis of this objection. <br> Subject to and without waiving the foregoing objections, PNC Bank will produce responsive, non-privileged, communications with potential or actual customers for PNC's Payments & Escrow Services that have not been produced if Plaintiffs narrow this Request to identify the specific third parties that they claim are the subject of, or related to, the claims asserted in this lawsuit. |
| 2 ROG to PNC Bank | Describe each customer engagement from January 1, 2018 through present pursuant to which PNC provided PNC's Payments & Escrow Services. For the purposes of this interrogatory, "Describe" means identify the customer, the deal parties, the specific payments and/or escrow service that PNC contracted to provide, the date and Financial Terms of PNC's engagement, the escrow amount (if any), number of payees, PNC's total revenues and profits from the engagement (including escrow interest), and any code name used for the engagement or project. | PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action, that is not proportional to the needs of the case**,** and is overbroad to the extent it seeks information regarding all customer engagements since January 1, 2018, regardless of their relevance, or lack thereof, to this action. *See, e.g., Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"). In addition, Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC did something wrong. To date in this case, Plaintiffs have been unable to do so. |

---

[1] As part of the meet and confer process, SRSA agreed to narrow this request to pre-contract communications that were part of the sales process (in other words, before the customer agreed to work with PNC on the particular deal in question).

1389357