# APPENDIX B

# APPENDIX B

**Quotes from PI Order That Provide Framing for All Rulings re Five Trade Secrets**

"Plaintiffs claim that Defendants misappropriated five separate trade secrets—SRSA's customer list, payments spreadsheet, pricing strategies, product-development strategies, and several of SRSA's internal procedure documents—and they seek to enjoin Defendants from using these trade secrets. After careful consideration of the record, and with the benefit of oral argument, the Court concludes that Plaintiffs have failed to establish that an injunction is necessary *at this time*. *While there are certainly issues on which Plaintiffs could prevail at trial,* they have failed to make the difficult showing that they are clearly and unequivocally entitled to such a drastic remedy rather than an award of damages." ECF 207 at 8 (emphasis added).

"Nevertheless, *even though it is possible that SRSA could prevail on some of its claims at trial,* that is not enough to justify a preliminary injunction unless, as explained above, Plaintiffs have made such a "strong showing" that they are likely to succeed that the Court is convinced they are clearly and unequivocally entitled to this extraordinary remedy. *See* Part I, *supra*. For the reasons explained below, *and based on the evidence before the Court at this time,* SRSA has failed to make the necessary showing." *Id.* at 11 (emphasis added).

**Quotes from PI Order Relating to First Trade Secret: Customer List**

"*At trial, SRSA may well be able to prove as much to a jury. But given the elevated standards for the extraordinary relief sought here, the Court is unable to say that the record before it* establishes with particularity which, if any, of the entries that were transported from the HK Contacts list to the PNC target list would qualify as trade secrets rather than information Ms. Kelly previously knew, was publicly available, or that PNC learned from other sources." *Id.* at 14 (footnote omitted and emphasis added).

Ms. Kelly's own characterization of her relationship with a customer, by itself, isn't a trade secret. *Other comments contain information that could, in theory, be a trade secret. But the Court lacks a basis to conclude as much.* Was it, for example, publicly known that the SRSA client referenced above had "just started doing deals" when Ms. Kelly left SRSA? *SRSA failed to answer this question in its motion papers and hearing evidence.* Without a more particularized showing, the Court cannot enjoin the use of Ms. Kelly's contacts. *Id.* at 16.

**Quote from PI Order Relating to Second Trade Secret: Payment Spreadsheet**

"Plaintiffs seek to enjoin the use of the SRSA payments spreadsheet that Ms. Kelly took from SRSA before her departure. *Because the evidence adduced at this stage of the proceedings* shows that the spreadsheet wasn't confidential, the

B-1

Court concludes that SRSA has not shown a likelihood of success on the merits." *Id.* at 18.

**Quotes from PI Order Relating to Third Trade Secret: Pricing Information**

"They instead argue that Mr. Tsarnas must be enjoined from using his "ready recollection" of SRSA's pricing strategies. According to Plaintiffs, Mr. Tsarnas' misappropriation of the pricing strategies is apparent from the fact that PNC has undercut SRSA on price several times. The Court cannot enjoin the alleged use of SRSA's pricing strategies *on this basis*." ECF 207 at 21 (citations omitted and emphasis added).

"In any event, ***Plaintiffs' requested injunction is overbroad***: it would effectively prevent Mr. Tsarnas, a pricing specialist, from working in the payments-and-escrow industry because he would always be able to recollect SRSA's pricing strategies." *Id.* at 22 (emphasis added).

**Quote from PI Order Relating to Fourth Trade Secret: Product Development Strategies**

"***To the extent SRSA can prove information about it was misappropriated at trial, that may justify damages,*** but it does not justify a preliminary injunction." *Id.* at 25 (emphasis added).

**Quote from PI Order Relating to Fifth Trade Secret: Procedure Documents**

"***And again, to the extent they were misappropriated, SRSA can obtain damages to compensate for the harm that misappropriation caused***; an injunction at this point seems intended more to punish than to prevent harm prior to trial." ECF 207 at 26.