# APPENDIX C

APPENDIX C

# DOWD BENNETT LLP

Matthew E. Johnson                    Mobile:  (303) 725-5771                    Email:  mjohnson@dowdbennett.com

July 29, 2020

*Via Email*

Victor H. Yu
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
vyu@keker.com

**Re:  SRS Acquiom, Inc., et al. v. PNC Financial Services Group, Inc., et al., No. 19-cv-2005**

Dear Victor:

    I write in response to your July 1, 2020 letter regarding Defendants' document productions in the above-captioned action.

    As an initial matter, Defendants are aware of their duty to supplement their discovery responses and document productions in accordance with the Federal Rules of Civil Procedure, and they will do as necessary.  We assume Plaintiffs will do the same.

    With respect to the specific discovery requests referenced in your letter, they are both overbroad and irrelevant, especially in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction.  Dkt. 207.  For example, your request for documents "regarding the development of PNC's payments-and-escrow products" ignores the Court's holding that "the copying of a product design, already on the market, cannot give rise to a claim of misappropriation of a trade secret," and that "product strategies are embodied in the products themselves."  *Id.* at 24.  Likewise, your request that PNC un-redact "its fees and fee-schedules" because they are "relevant to our claim that Defendants misappropriated SRSA pricing strategies" ignores that the Court held that "neither [SRSA's] prices nor its general pricing strategies can be considered trade secrets."  *Id.* at 21.  With respect to fees generated for transactions involving customers SRSA contends were improperly solicited, as discussed below, Defendants are unable to respond to this request until SRSA identifies such customers.

    Your request that Defendants produce a "full set of customer information" is also overbroad and seeks irrelevant information.  SRSA has largely failed to identify any specific customers and transactions that are purportedly relevant to SRSA's claims, including its claims for tortious interference.  This is necessary because, under applicable law, to prove its claim for tortious interference with an existing contractual relationship, SRSA must show, among other things, "a contract existed."  *Dawson v. Goldman Sachs & Co.*, 2014 WL 5465127, at *4 (D. Colo. Oct. 27, 2014) (citing *Westfield Dev. Co. v. Rifle Inv. Assoc.*, 786 P.2d 1112, 1117 (Colo.

Victor H. Yu
Keker, Van Next & Peters LLP
July 29, 2020
Page **2** of **2**

1990)).  With respect to any claim for tortious interference with a prospective business relationship, SRSA must prove "the existence of a prospective business relationship," which "exists only if there is a *reasonable likelihood or probability that a contract would have resulted; there must be something beyond a mere hope*."  *Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, 2016 WL 8609397, at *18-19 (D. Colo. Sept. 9, 2016) (emphasis added).  As SRSA has not identified specific contractual engagements or prospective business relationships in accordance with this well-established authority, SRSA's request is an overbroad and unduly burdensome fishing expedition.  If SRSA is able to identify specific third parties and specific transactions that they claim are the subject of, or related to, the claims asserted in this lawsuit, Defendants would then be better positioned to analyze whether any responsive, non-privileged documents exist in response to the requests at issue in your letter.

       We are looking forward to our meet and confer telephone call this afternoon regarding your requests to determine if an agreement can be reached regarding the scope of documents Defendants may consider producing.

                                                    Very truly yours,

                                                    Matthew E. Johnson

cc:     Jim Bennett
          Jeff Hoops
          Hara Jacobs
          Noah Robbins