# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## JOINT STATUS REPORT
## AUGUST 17, 2020

Pursuant to the Court's Scheduling Order (ECF No. 215 at 12), Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") and Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas (collectively, "Defendants") submit the following Joint Status Report.

**I.    CASE AND DISCOVERY STATUS**

    **A.    Joint Statement**

SRSA brought this action for trade secret misappropriation, breach of contract, and related claims on July 11, 2019. On July 26, 2019, the Court granted SRSA's Unopposed Motion for Entry of Scheduling and Expedited Discovery Order, pursuant to which the parties agreed to complete limited document discovery and depositions in advance of SRSA's motion for preliminary injunction. *See* ECF No. 26.

The parties conducted expedited discovery from July 31 to November 15, 2019. *See, e.g.* ECF Nos. 38, 46. Both sides served 15 requests for production ("RFPs") and took seven

1

depositions, including depositions pursuant to Rule 30(b)(6) with each side permitted to conduct twelve cumulative hours of 30(b)(6) depositions. Neither side was permitted to serve interrogatories or requests for admission ("RFAs"). Following submission of briefing, exhibits, and a one-day evidentiary hearing on SRSA's motion for preliminary injunction, the Court denied SRSA's request for preliminary injunctive relief on March 26, 2020. ECF 207.

On April 15, 2020, the Court issued an order resetting the Rule 16(b) Scheduling Conference and requiring the parties to file proposed scheduling orders by May 27. *See* ECF No. 209. On May 29, 2020, the Court issued a Scheduling Order setting discovery limits and case deadlines as follows:

- The parties will not serve new discovery requests until on or after June 15, 2020.
- Each side may collectively serve 45 RFPs, 45 interrogatories, and 45 RFAs.
- Each side may take 5 party depositions, as well as a Rule 30(b)(6) deposition.
- Each side may depose three non-party fact witnesses.
- Each side is limited to four retained experts.
- Expert disclosures are due September 25, 2020.
- Rebuttal expert disclosures are due October 26, 2020.
- Discovery closes on November 30, 2020.
- Dispositive motions are due December 30, 2020.

*See* ECF No. 215 at 11-13, 16-18.

SRSA and Defendants served new discovery requests on June 22 and June 26, 2020, respectively. On August 10, 2020, Defendants filed three motions for partial summary judgment, addressing nearly all of SRSA's claims. SRSA's responses to Defendants' motions are currently due August 31, 2020.

2

1389387

**B.     SRSA's Statement**

In the fall of 2019, the parties spent less than three months conducting expedited discovery targeted at the issues to be raised in SRSA's motion for preliminary injunction, including discovery on a subset of the trade secrets alleged to have been misappropriated by Defendants, but excluding other trades secrets and damages, among other things. In that short time, and subject to the discovery limits in the Court's initial scheduling order (*see* ECF No. 26), the parties collectively produced thousands of documents and deposed 17 witnesses. But following completion of expedited discovery, discovery has been at a standstill. For nearly eight months between November 2019 and June 2020, neither party was permitted to serve discovery requests, take depositions, or pursue third-party discovery. As reflected in the Court's May 29, 2020 Scheduling Order (*see* ECF No. 215), new discovery between the parties was only permitted as of June 15, 2020.

Cognizant of the short timeframe in which the parties must complete expert reports, ***which are currently due September 25, 2020***, SRSA diligently pursued written and document discovery from Defendants and third parties. But as of the filing of this status report, Defendants have yet to produce a single document in response to SRSA's June 2020 requests, and have effectively precluded SRSA from even beginning fact discovery on issues that were not covered during the expedited discovery period and that were not relevant to SRSA's preliminary-injunction motion. Additionally, SRSA promptly pursued discovery from third parties who submitted declarations in support of Defendants' preliminary-injunction briefing, but those third parties have either required additional time to respond to SRSA's requests, or have effectively evaded service of SRSA's subpoena altogether. As a result, and despite its best efforts to the contrary, SRSA has been almost completely thwarted in its efforts to obtain additional information in discovery. SRSA's specific discovery activities are detailed further below.

### 1.     Written Discovery

On June 22, 2020, SRSA served RFPs, interrogatories, and RFAs on Defendants. SRSA's discovery focuses on categories of information not obtained during expedited discovery, including: (1) damages-related discovery; (2) Defendants' use or disclosure of confidential or trade-secret information not addressed during the preliminary-injunction proceedings;[1] (3) information regarding PNC's customers and communications with customers that was excluded from expedited discovery; (4) information regarding certain processes, technical specifications, or product roadmaps that was not produced in expedited discovery; and (5) information about Kelly and Tsarnas's activities at PNC, including their communications with third-parties, compensation, and performance.

On July 22, 2020, Defendants served responses and objections to SRSA's requests. For the vast majority of SRSA's RFPs and interrogatories, Defendants refused to produce any responsive documents or information, imposed significant limitations on SRSA's requests, or provided deficient responses. For example, PNC refuses to produce *any* information relating to its revenues and profits, information about the details of its payment-and-escrow transactions with customers, or information relating to its attempts to license its products. Even though this requested information is critical to SRSA's damages claim, PNC objects to these requests on the basis of relevance and non-proportionality. For more than a dozen other requests, Defendants object to producing any responsive information on the equally specious ground that, because the Court decided not to issue a preliminary injunction with respect to the five trade secrets on which

---

[1] For example, after the close of expedited discovery and one business day before SRSA's preliminary-injunction motion was due, Defendants for the first time produced several customer lists directly probative of Defendants' misappropriation of SRSA's customer information. Due to Defendants' untimely productions, SRSA was deprived of the opportunity to develop this evidence during the expedited discovery period. *See* ECF No. 145 (SRSA's pending Motion for Sanctions) at 5-8, 10.

SRSA moved, the preliminary-injunction order forecloses all trade secret discovery.[2] Indeed, Defendants rely on improper objections to refuse to respond to almost all of SRSA's June 2020 discovery.

On July 28, 2020, SRSA provided Defendants a meet-and-confer letter detailing the deficiencies in Defendants' discovery responses and requesting that Defendants withdraw improper objections and amend their responses. For certain requests regarding SRSA's trade secrets and damages discovery, Defendants outright refused. SRSA was forced to seek relief from the Court. *See* ECF No. 226 (August 9 Order Setting Discovery Briefing); ECF No. 234 (SRSA's Discovery Brief).

SRSA has made repeated attempts to elicit Defendants' positions on the other issues raised in SRSA's July 28 letter that are not the subject of SRSA's pending discovery brief, but Defendants' delays have unilaterally stalled that process. On August 13, 2020, Defendants indicated that they would respond to SRSA's letter "early next week" (*i.e.*, three weeks after receiving SRSA's letter), but still have not done so. Nor have Defendants produced any documents in response to SRSA's June 2020 requests.[3]

Defendants' claim that SRSA has refused to tailor or limit its requests is simply not true. The July 28 letter, to which Defendants have never responded, included a number of compromise

---

[2] SRSA initially pursued damages discovery in August 2019 during the expedited-discovery period. PNC refused to produce responsive information on the grounds that it was irrelevant to the Court's determination on the preliminary-injunction motion, but conceded that the information may be relevant "to a future claim for damages if the case were to move forward following a decision on SRSA's request for injunctive relief." *See* ECF No. 49 at 11. On July 1, 2020, SRSA requested that PNC supplement its document production to include financial and customer information withheld during expedited discovery. Defendants did not respond until July 29, nearly a month later, and refused to produce the requested information.

[3] Save for a handful of documents produced on the eve of SRSA's preliminary-injunction motion deadline (*see* n.1, *supra*), Defendants have not produced any documents since October 2019.

5

1389387

proposals—and SRSA made clear both in that letter and in telephonic meet-and-confer calls that it was willing to work with Defendants to address concerns about burden and scope. But Defendants refused to produce *any* information on dozens of topics, which has already forced SRSA to bring issues to this Court.

On August 3, SRSA served responses and objections to Defendants' July 26, 2020 discovery requests. SRSA's responses included an initial document production, as well as 67 pages of substantive interrogatory responses. Subject to appropriate limitations for scope and burden, SRSA agreed to provide Defendants most of the information sought in their requests and will make additional document productions to Defendants on a rolling basis.

### 2. Party Depositions

Because Defendants have refused to produce needed documents and information, SRSA has been unable to identify all of the additional party depositions it will take. Notwithstanding, on August 14, 2020, SRSA noticed the depositions of two PNC employees who have relevant knowledge about the events underlying SRSA's claims. While SRSA has noticed those depositions for September 30 and October 7, 2020, SRSA will be unable to proceed with those depositions—or any others—unless Defendants comply with their discovery obligations and produce documents responsive to SRSA's June 2020 requests.

On June 26, 2020 Defendants noticed the deposition of SRSA pursuant to Rule 30(b)(6). Defendants' notice included numerous improper contention topics, that either seek premature expert discovery or are so broad and sweeping that they are not susceptible to a corporate deposition.[4] On July 17, 2020, SRSA served objections to Defendants' Rule 30(b)(6) notice and

---

[4] For example, Topic 10 seeks a witness to testify regarding: "The damages SRSA contends it suffered as a result of any alleged interference with prospective economic advantage, including, but not limited to, a description of the prospective economic advantage that was allegedly interfered with, the identity of the individuals with the most personal knowledge regarding the

6

1389387

offered to meet and confer in an effort to narrow them or make them suitable for a 30(b)(6) deposition. Defendants have not responded in any way to SRSA's objections or requests to meet and confer.

### 3. Expert Discovery

SRSA currently anticipates disclosing experts on the following topics: (1) forensic analysis of Defendants' conduct; (2) the independent economic value of SRSA's trade secrets and confidential information, including the benefit to a competitor from having access to that information; (3) how PNC benefited from use of SRSA's confidential and trade-secret information; and (4) SRSA's computation of damages.

The deadline for expert disclosures is currently September 25, 2020. However, Defendants' refusal to provide relevant discovery has made meeting that deadline untenable. For example, as of the date of this filing, just over a month before expert reports are due, Defendants have refused entirely to produce financial and customer information necessary for SRSA's computation of lost profits and unjust enrichment damages. Nor can SRSA calculate damages it may be entitled to pursuant to other remedies, such as disgorgement or reasonable royalty. Similarly, Defendants' refusal to produce information about the technical processes, product specifications, and other product-development documents concerning the PNC products at issue is precluding SRSA from preparing an expert analysis regarding how PNC benefited from use of SRSA information, including the head start PNC enjoyed as a result of Defendants' conduct.

---

alleged prospective economic advantage, the factual basis supporting the claim of interference, the amount of the alleged damage, the factual basis for the existence and quantification of the damage, and the identity of the individuals with the most personal knowledge regarding each element of SRSA's claimed damages." Topic 1, meanwhile, seeks "the factual basis for the contention that [trade secret] misappropriation occurred," among four other categories of information.

7

1389387

### 4. Third-Party Discovery

SRSA has pursued discovery from two third-parties: (1) Alex Kingsley, a San Francisco-based attorney who submitted a declaration in support to PNC's opposition to the motion for preliminary injunction, and made statements under oath about Kelly's professional performance and SRSA's products; and (2) Blackberry Corporation, a former client of SRSA whom Kelly improperly solicited after she joined PNC.[5]

Since July 1, SRSA has attempted to personally serve Kingsley more than 12 times, but he has evaded service and continues to do so. Despite submitting a declaration from Kingsley in support of both Defendants' preliminary-injunction opposition and Defendants' motions for partial summary judgment filed last week, Defendants refused to cooperate with SRSA by providing Kingsley's location or contact information, or by accepting service on his behalf. Despite that, SRSA has been in contact with Kingsley since August 3, but has yet been able to effect service on him.[6] Kingsley's and Defendants' refusal to cooperate with SRSA to effect service of the subpoena has been costly, obstructionist, and resulted in substantial delay—particularly in light of the imminent case deadlines.

SRSA served a subpoena on Blackberry on July 1. Blackberry requested two extensions of time to respond to SRSA's subpoena. In order to avoid unduly burdening Blackberry, a third-party to this action, SRSA granted the extension requests. On August 12, 2020, Blackberry served objections and responses to SRSA's subpoena and made a modest production of

---

[5] Blackberry's Director (Legal) for Acquisitions and Investments, Dennis Miller, also submitted a declaration as part of the preliminary-injunction briefing.

[6] During SRSA's first contact with Kingsley by phone, Kingsley outright refused to cooperate with accepting service of process of the subpoena. More recently, he has indicated that he is working to retain counsel. SRSA has not heard from Kingsley's attorney.

8

documents. SRSA is currently meeting and conferring with Blackberry over the need for additional information.

To SRSA's knowledge, Defendants have not conducted any third-party discovery.

### 5. Modification of the Case Schedule

Within the next day or so, SRSA will file a motion to amend the current case schedule to continue all case deadlines by 90 days, as set forth in the table below. Given the parties' inability to conduct any discovery between November 2019 and June 2020, Defendants' subsequent refusal to provide information responsive to SRSA's requests (particularly information necessary for the preparation of expert reports), delays by third parties, and the need for SRSA to devote substantial attention to Defendants' recently-filed dispositive motions,[7] maintaining the current schedule would be highly prejudicial to SRSA. In particular, the expert disclosure deadline (five weeks from now) is unworkable given Defendants' refusal to produce documents or substantive interrogatory responses.  As will be detailed in SRSA's motion, ample good cause exists to amend the scheduling order. A 90-day extension of current case deadlines will allow sufficient time for the parties to resolve outstanding discovery disputes, prepare expert reports, and conduct

---

[7] On the night of August 10, 2020, Defendants filed three motions for partial summary judgment, totaling 60 pages of briefing and seeking summary judgment on all but two of SRSA's causes of action. Defendants seek summary judgment on causes of action that were not at issue in SRSA's preliminary-injunction motion and on which SRSA has not yet been allowed to take any further discovery. SRSA had no notice of Defendants' summary-judgment motions, and SRSA's deadline to oppose all three motions is currently August 31, 2020. *See* D.C. COLO. LCivR 7.1(d). The parties have agreed to an extension of SRSA's deadline to respond to Defendants' motions, to September 16, 2020, and SRSA will file a motion for the Court's approval of that extension.

9

1389387

depositions in a timely manner. SRSA's requested extension would amend the remaining deadlines as follows:

| Event | Current Schedule | Proposed Amendment |
|---|---|---|
| Expert Disclosure Deadline | September 25, 2020 | December 22, 2020[8] |
| Rebuttal Expert Deadline | October 26, 2020 | February 1, 2021 |
| Discovery Cutoff | November 30, 2020 | March 1, 2021 |
| Dispositive Motion Deadline | December 30, 2020 | March 30, 2021 |

In connection with that motion, SRSA requests that the Court convene a telephonic status conference. SRSA believes that a hearing would be productive in allowing the Court and the parties to address the current status of discovery, the case schedule, the pending motions and any other issues the Court may wish to discuss.

## C.     Defendants' Statement

The Federal Rules of Civil Procedure make clear that discovery should be tailored to the needs of the case and should not be a free-wheeling, never ending review of every document the other side has ever created.  For that reason, the Federal Rules provide presumptive limits on the number of discovery requests a party can issue and the Court further advances the fundamental proportionality principle underlying the Federal Rules by, among other things, imposing a cutoff for discovery and further limitations.  *See, e.g.,* ECF 215.  The practical implication of these limitations is that parties in a federal litigation must make choices to best utilize the time and discovery limits afforded to it by the Federal Rules and the Court.  The practical limitations and

---

[8] To the extent any of the proposed deadlines are not exactly 90 days later than the original deadline, SRSA has made those adjustments to account for holidays.

proportionality requirements also mean that a party seeking to prove claims must tailor its discovery efforts to the claims in the case. SRSA has not done so.[9]

Last week, SRSA requested that Defendants consent to a three-month extension of all deadlines in this case despite the fact that three months of discovery still remain. SRSA's only justification for this facially unreasonable request is Defendants' alleged refusal to produce documents to SRSA. Defendants' objections to SRSA's discovery requests is a consequence of SRSA's own making. By propounding overbroad and unreasonable discovery requests, such as all communications with every PNC customer and potential customer, SRSA chose to squander the requests for production permitted by this Court's prior Order and the time allotted for fact discovery. Asserting limited objections in response to limitless discovery requests is not stonewalling. SRSA could have served requests narrowly tailored to its allegations that complied with the proportionality standard set forth in Federal Rule of Civil Procedure 26. Its failure to do so and subsequent refusal to voluntarily narrow its requests to conform to the proportionality and relevance standards at the heart of the Federal Rules is the cause of the delay about which SRSA now complains.

SRSA has additionally wasted the time afforded for fact discovery by seeking to prevent it rather than working expeditiously to advance discovery. For example, Defendants served a 30(b)(6) notice on SRSA in June 2020, identifying thirteen deposition topics that principally

---

[9] SRSA mischaracterizes the significant discovery that has already occurred by stating that "[i]n the fall of 2019, the parties spent less than three months conducting expedited discovery targeted at the issues to be raised in SRSA's motion for preliminary injunction". SRSA did not file its motion for a preliminary injunction until *after* expedited discovery was completed. As a result, during the expedited discovery period, the entirety of SRSA's then-operative Complaint was at issue. As such, the expedited discovery was not "targeted" as SRSA suggests. The fact that SRSA later ultimately moved on a narrower set of issues does not erase the larger set of topics on which discovery was conducted.

11

sought a witness to identify the individuals with knowledge of SRSA's allegations and alleged damages.  In other words, Defendants merely sought the identity of the proper individuals and facts at issue to permit the Parties to efficiently conduct the necessary discovery remaining in this case.  Rather than expend time preparing and presenting a witness to substantiate its claims, SRSA instead and incredibly, drafted **43** pages of objections to this 30(b)(6) notice while unilaterally refusing to produce a witness.[10]  SRSA is attempting to forestall discovery on the one hand while simultaneously seeking an excessive extension of time with the other.

SRSA's extension request to continue discovery through March 2021 is unreasonable for a completely independent and compelling reason – it makes no sense in light of the limited permitted discovery that remains.  On August 14, 2020, SRSA served deposition notices for two PNC employees.  Following the completion of these depositions, SRSA will only be permitted to take three more party fact depositions, one additional 30(b)(6), and, to the extent it desires, three non-party fact depositions.  Likewise, given the written discovery SRSA has served to date, SRSA is only entitled to serve 12 additional requests for production, 21 additional interrogatories, and 25 requests for admission.  SRSA's request for a ninety-day extension would provide SRSA with nearly *seven* months for SRSA to conduct 6 depositions and serve an additional 12 requests for production, 21 interrogatories, and 25 requests for admission.  The Parties absolutely do not need seven months for this amount of discovery and that is especially

---

[10] In footnote 4, *supra*, SRSA submits as evidence of Defendants' allegedly overbroad 30(b)(6) deposition notice that it sought the factual basis for SRSA's claim that Defendants' tortiously interfered with SRSA's prospective economic advantage.  As SRSA states, the topic in Defendants' 30(b)(6) notice merely sought the factual basis for the claim.  A 30(b)(6) notice seeking the factual basis for a plaintiff's allegation is neither overbroad nor improper.  Indeed, this is the precise issue underlying the most recent discovery dispute submitted to the Court.  SRSA will not identify the prospective transactions that form the basis of its claim and instead demands that PNC produce every communication with every customer and potential customer since the inception of the business.

true because Defendants believe the claims in this action will be almost entirely resolved by the Court's resolution of Defendants' pending motions for summary judgment given the Court's prior ruling in Defendants' favor on SRSA's motion for a preliminary injunction.

## II. PENDING DISCOVERY DISPUTES

There are four pending discovery disputes, on which the parties met and conferred unsuccessfully, that have yet to be resolved: 1) SRSA's motion for sanctions based on the individual Defendants' alleged spoliation of text messages (ECF No. 113); 2) SRSA's motion to compel production of certain customer list spreadsheets (ECF No. 113); 3) Defendants' motion to compel production of text messages from certain SRSA custodians (ECF No. 115); 4) Defendants' motion seeking an Order requiring SRSA to redesignate its production under the Protective Order (ECF No. 56); and 5) SRSA's motion to compel discovery (ECF No. 234).

## III. SETTLEMENT

While the parties remain open to resolving this matter via settlement, no resolution appears to be imminent. Defendants inquired as to the possibility of settlement following the Court's denial of SRSA's Motion for a Preliminary Injunction. SRSA's representative stated that it was not interested in settlement on the terms PNC offered. The parties have agreed to conduct mediation in this litigation following the exchange of expert reports, and will continue to discuss potential settlement possibilities when appropriate.

Respectfully submitted,

Dated: August 17, 2020

By: _s/ Warren A. Braunig_
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

1389387

|  |  |
|---|---|
|  | KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415-391-5400<br>Facsimile:  415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:  303 863 9700<br>Facsimile:  303 863 0223<br>Email:   *litigation@sheridanross.com*<br><br>Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC |
| Dated: August 17, 2020 | By: *s/ James Forrest Bennett*<br>James Forrest Bennett<br>*jbennett@dowdbennett.com*<br><br>DOWD BENNETT LLP<br>7733 Forsyth Boulevard, Suite 1410<br>St. Louis, MO  63105<br>Telephone:  314-889-7300<br>Facsimile:  314-863-2111<br><br>DOWD BENNETT LLP<br>Matthew E. Johnson<br>*mjohnson@dowdbennett.com*<br>1775 Sherman Street, Suite 2010<br>Denver, CO  80203<br>Telephone:  303-353-4361<br>Facsimile:  314-863-2111<br><br>BALLARD SPAHR LLP<br>Hara K. Jacobs<br>*jacobsh@ballardspahr.com*<br>Noah S. Robbins<br>*robbinsn@ballardspahr.com*<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103-7599<br>Telephone:  215-665-8500<br>Facsimile:  314-863-2111<br><br>Attorneys for Defendants |

1389387