IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

     Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

     Defendants.

**DEFENDANTS' UNOPPOSED MOTION TO
MAINTAIN CERTAIN DOCUMENTS UNDER RESTRICTION LEVEL 1 AND
OPPOSED MOTION REGARDING WHICH PARTY SHOULD FILE MOTIONS TO
RESTRICT THE PUBLIC'S ACCESS TO DOCUMENTS**

Defendants PNC Financial Services Group and PNC Bank N.A. (collectively "PNC") and Heather Kelly and Alex Tsarnas (the "Individual Defendants") respectfully submit this Motion to Maintain Certain Documents Under Restriction Level 1, with respect to the following documents:

| Document | Restriction Level | Party Asserting Interest in Restriction |
|---|---|---|
| ECF No. 227 | Level 1 | PNC and SRSA |
| ECF No. 228 | Level 1 | PNC and SRSA |
| ECF No. 229 | Level 1 | PNC and SRSA |
| ECF No. 227-10 | Level 1 | PNC |
| ECF No. 228-18 | Level 1 | PNC |

| ECF No. 229-10 | Level 1 | PNC |
| --- | --- | --- |
| ECF No. 227-1 | Level 1 | SRSA |
| ECF No. 227-2 | Level 1 | SRSA |
| ECF No. 227-3 | Level 1 | SRSA |
| ECF No. 227-6 | Level 1 | SRSA |
| ECF No. 227-7 | Level 1 | SRSA |
| ECF No. 227-12 | Level 1 | SRSA |
| ECF No. 227-14 | Level 1 | SRSA |
| ECF No. 227-15 | Level 1 | SRSA |
| ECF No. 227-19 | Level 1 | SRSA |
| ECF No. 228-1 | Level 1 | SRSA |
| ECF No. 228-3 | Level 1 | SRSA |
| ECF No. 228-4 | Level 1 | SRSA |
| ECF No. 228-6 | Level 1 | SRSA |
| ECF No. 228-7 | Level 1 | SRSA |
| ECF No. 228-8 | Level 1 | SRSA |
| ECF No. 228-9 | Level 1 | SRSA |
| ECF No. 228-10 | Level 1 | SRSA |
| ECF No. 228-11 | Level 1 | SRSA |
| ECF No. 228-12 | Level 1 | SRSA |
| ECF No. 228-13 | Level 1 | SRSA |

| ECF No. 229-10 | Level 1 | PNC |
| --- | --- | --- |
| ECF No. 227-1 | Level 1 | SRSA |
| ECF No. 227-2 | Level 1 | SRSA |
| ECF No. 227-3 | Level 1 | SRSA |
| ECF No. 227-6 | Level 1 | SRSA |
| ECF No. 227-7 | Level 1 | SRSA |
| ECF No. 227-12 | Level 1 | SRSA |
| ECF No. 227-14 | Level 1 | SRSA |
| ECF No. 227-15 | Level 1 | SRSA |
| ECF No. 227-19 | Level 1 | SRSA |
| ECF No. 228-1 | Level 1 | SRSA |
| ECF No. 228-3 | Level 1 | SRSA |
| ECF No. 228-4 | Level 1 | SRSA |
| ECF No. 228-6 | Level 1 | SRSA |
| ECF No. 228-7 | Level 1 | SRSA |
| ECF No. 228-8 | Level 1 | SRSA |
| ECF No. 228-9 | Level 1 | SRSA |
| ECF No. 228-10 | Level 1 | SRSA |
| ECF No. 228-11 | Level 1 | SRSA |
| ECF No. 228-12 | Level 1 | SRSA |
| ECF No. 228-13 | Level 1 | SRSA |

| ECF No. 228-14 | Level 1 | SRSA |
| --- | --- | --- |
| ECF No. 228-15 | Level 1 | SRSA |
| ECF No. 228-16 | Level 1 | SRSA |
| ECF No. 228-17 | Level 1 | SRSA |
| ECF No. 228-19 | Level 1 | SRSA |
| ECF No. 228-20 | Level 1 | SRSA |
| ECF No. 228-21 | Level 1 | SRSA |
| ECF No. 228-22 | Level 1 | SRSA |
| ECF No. 228-23 | Level 1 | SRSA |
| ECF No. 228-24 | Level 1 | SRSA |
| ECF No. 228-25 | Level 1 | SRSA |
| ECF No. 228-26 | Level 1 | SRSA |
| ECF No. 228-27 | Level 1 | SRSA |
| ECF No. 228-28 | Level 1 | SRSA |
| ECF No. 228-29 | Level 1 | SRSA |
| ECF No. 228-30 | Level 1 | SRSA |
| ECF No. 228-31 | Level 1 | SRSA |
| ECF No. 228-32 | Level 1 | SRSA |
| ECF No. 228-33 | Level 1 | SRSA |
| ECF No. 228-34 | Level 1 | SRSA |
| ECF No. 228-35 | Level 1 | SRSA |

Case No. 1:19-cv-02005-DDD-SKC   Document 246   filed 08/31/20   USDC Colorado   pg 3 of 14

| ECF No. 228-36 | Level 1 | SRSA |
|---|---|---|
| ECF No. 228-37 | Level 1 | SRSA |
| ECF No. 229-3 | Level 1 | SRSA |
| ECF No. 229-5 | Level 1 | SRSA |
| ECF No. 229-6 | Level 1 | SRSA |
| ECF No. 229-7 | Level 1 | SRSA |
| ECF No. 229-8 | Level 1 | SRSA |
| ECF No. 229-9 | Level 1 | SRSA |
| ECF No. 229-11 | Level 1 | SRSA |
| ECF No. 229-12 | Level 1 | SRSA |
| ECF No. 229-13 | Level 1 | SRSA |
| ECF No. 229-14 | Level 1 | SRSA |
| ECF No. 229-16 | Level 1 | SRSA |
| ECF No. 229-17 | Level 1 | SRSA |
| ECF No. 229-18 | Level 1 | SRSA |
| ECF No. 227-18 | Level 1 | Non-Party Alex Kingsley |
| ECF No. 229-20 | Level 1 | Non-Party Alex Kingsley |

Plaintiffs SSRS Acquiom, Inc. and Shareholder Representative Services LLC (collectively, "Plaintiffs") are unopposed to that part of the relief sought in this Motion.  This Motion is brought pursuant to D.C.COLO.LCivR 7.2(c).

PNC and the Individual Defendants also request that the Court Order that, going forward, the party designating a particular document as "Confidential" or "Attorneys Eyes Only" under the Protective Order be required to seek restriction of that document. Plaintiffs are opposed to that part of the relief sought in this Motion.

I. INTRODUCTION

The Court is familiar with the details of the case and previously issued a detailed and thorough Preliminary Injunction Order that Defendants contend is case dispositive on a large part of the case. *See* ECF No. 207. For that reason, Defendants moved for summary judgment on various claims in three summary judgment motions. *See* ECF Nos. 227, 228, and 229. As part of their motions for summary judgment, Defendants attached as exhibits six documents they had designated as "Confidential" under the Protective Order. In this Motion, Defendants seek to keep three of the six documents under Level 1 Restriction. Defendants do not seek to keep the remaining three exhibits under Level 1 Restriction, although Plaintiffs have requested that one of these three documents (ECF No. 229-14) remain under Level 1 Restriction. Defendants also request that the three motions themselves, ECF Nos. 227, 228, and 229, remain under Level 1 Restriction while the parties continue to confer about certain parts of the motions that would need to be redacted as containing Confidential information under the Protective Order.

As part of their motions for summary judgment, Defendants also attached 55 exhibits produced by Plaintiffs that were designated by Plaintiffs either "Confidential" or "Attorneys' Eyes Only." As the Court is aware, Defendants challenge the purported "Confidential" or "Attorneys' Eyes Only" nature of the vast majority of the documents Plaintiffs have produced in this case. That issue has been briefed to the Court. *See* ECF Nos. 55 and 56. Relatedly, Defendants contend

on the merits in this case that none of Plaintiffs' purported trade secrets at issue in this case are, in fact, valid trade secrets.  As to the trade secrets Plaintiffs asserted in their Motion for a Preliminary Injunction, the Court ruled in Defendants' favor.  ECF No. 207.  Despite the parties' significantly differing views about what constitutes a "Confidential" document, an "Attorneys' Eyes Only" document, and, relatedly, a trade secret under the law, Plaintiffs were steadfast during the meet and confer process that Defendants, as the filing party of the motions for summary judgment, had a duty to file this Motion to Restrict even as to Plaintiffs' designated documents.  The Protective Order does not require the filing party to move to restrict the other side's designated documents.  *See* Protective Order, ECF No. 40 at 18.  Rather, it is silent on any party's duty to file a motion to restrict the other party's confidentially designated documents.   Therefore, while Defendants reluctantly seek continued restriction at Level 1 over Plaintiffs' confidentially designated documents, Defendants also seek a Court order that, going forward in this case, the designating party has the duty to file a motion to seek restriction over any document it believes should not be available for public viewing.  Such an order will end the incongruent situation where Plaintiffs are routinely requesting that Defendants seek restriction over Plaintiffs' supposedly confidential documents, many of which are not confidential at all and, on the merits, are not trade secrets either.  Further, such an order will ensure that the party with the vested interest in maintaining the confidentiality of the documents has the burden of seeking to restrict them.

### *District of Colorado Local Rule 7.1(a) Meet and Confer Certification*

The Parties conferred over the course of two weeks on this motion, which includes various emails, and the motion was addressed in at least three phone calls among counsel.  Plaintiffs do not oppose the continued restriction under Level 1 of the documents discussed herein, but they do

believe that the filing party of a motion or brief should continue to file the motion to restrict on all future filings in the case, which is opposite of the relief that Defendants also seek in the second part of this Motion.

## II.     LEGAL STANDARD

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

> (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

*See also Peterson v. Nelnet Diversified Sols.*, 2020 WL 3978756, at *10 (D. Colo. May 20, 2020) (articulating standard to restrict access under Local Rule 7.2(c)).  To overcome the presumption of public access, the party seeking must make "a sufficient showing," such as "where the records contain trade secrets; contain 'business information that might harm a litigant's competitive standing,'; or contain information which 'could harm the competitive interests of third parties.'" *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, 2020 WL 2747702, at *2 (D. Colo. May 27, 2020).

Defendants move to restrict three categories of documents: (1) documents relating to *Defendants'* competitively sensitive employee compensation and business information; (2) documents that *Plaintiffs* have designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order; and (3) documents that non-party Alex Kingsley has designated as "Confidential" under the Protective Order.

7

### III. DEFENDANTS SEEK TO MAINTAIN RESTRICTION OVER THREE EXHIBITS RELATING TO COMPETITIVE COMPENSATION AND BUSINESS INFORMATION.

Defendants' motions for summary judgment attached as exhibits six documents that were designated as "Confidential" by Defendants pursuant to the protective order. *See* ECF Nos. 227-8, 227-9, 227-10, 228-18, 229-10, and 229-14.

Defendants only seek to maintain <u>three</u> of the foregoing documents under Level 1 Restriction: ECF Nos. 227-10, 228-18, and 229-10.[1] Two of these documents relate to the compensation and terms of employment for Defendant Kelly, and the third (ECF No. 228-18) is a detailed explanation of how PNC developed PNC Paid from one of its executives, Adam Lezack. This compensation and business strategy information is confidential and competitively sensitive for PNC, such that filing under restriction from public access is appropriate. *See Meeker v. Life Care Centers of Am., Inc.*, 2015 WL 1880205, at *3 (D. Colo. Apr. 23, 2015) (recognizing "that non-public salary and benefit information … may be competitively sensitive" and therefore subject to filing under seal); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal with respect to "confidential information regarding [d]efendants' compensation and recruiting strategies, policies, and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"). Accordingly, restriction is appropriate for these documents lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v.*

---

[1] Although Defendants are willing to waive restriction over ECF No. 229-14, Plaintiffs have requested that ECF No. 229-14 be maintained as "Confidential" under the Protective Order, and thus that document is included in this Motion to Restrict in Section IV below.

*Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019) (party had valid "interest in maintaining its business information private"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships").

Finally, there is no practicable alternative to restriction for these documents. Defendants have narrowly tailored its requests to seal to only these *three* documents, and public disclosure of the specific, narrowly-tailored information Defendants seek to seal could cause significant competitive harm to PNC.

## IV. DEFENDANTS SEEK RESTRICTION OVER DOCUMENTS PLAINTIFFS HAVE DESIGNATED CONFIDENTIAL.

Defendants also seek Level 1 restriction over exhibits designated as Confidential by SRSA,[2] as well as the three Motions for Summary Judgment that reference those exhibits, because Plaintiffs has designated that information "Confidential" or "Attorneys' Eyes Only" under the Stipulated Protective Order. Although certain of these documents may in fact be confidential such that they should be subject to restriction under applicable law and Local Rule 7.2, Defendants contend that many of the documents likely do not meet that standard for the reasons argued in the Preliminary Injunction Hearing on March 11, 2020, as well as the reasons set forth in Defendants'

---

[2] These exhibits are ECF Nos. 227-1, 227-2, 227-3, 227-6, 227-7, 227-12, 227-14, 227-15, 227-19, 228-1, 228-3, 228-4, 228-6, 228-7, 228-8, 228-9, 228-10, 228-11, 228-12, 228-13, 228-14, 228-15, 228-16, 228-17, 228-19, 228-20, 228-21, 228-22, 228-23, 228-24, 228-25, 228-26, 228-27, 228-28, 228-29, 228-30, 228-31, 228-32, 228-33, 228-34, 228-35, 228-36, 228-37, 229-3, 229-5, 229-6, 229-7, 229-8, 229-9, 229-11, 229-12, 229-13, 229-14, 229-16, 229-17, and 229-18.

motions for summary judgment. Nevertheless, for narrow purposes of this motion to restrict only, Defendants take no position on whether the substance of these documents warrants restriction.[3] Under section 10 of the Protective Order, "a document containing 'Confidential' Information shall be filed under Level 1 restriction." ECF No. 40 at 18. "Confidential" information is defined to include "confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made . . . ." *Id.* at 2. Plaintiffs have stated that they believe that these documents contain information justifying a restriction from public access, and Defendants have treated them as such despite Defendants' contentions on the merits in this case that the majority of Plaintiffs' documents are not Confidential or Attorneys' Eyes Only, and certainly are not trade secrets under the law.

Accordingly, Defendants respectfully request that the Court order Level 1 restriction over the above-referenced documents in footnote two that were designated by Plaintiffs.

### V. DEFENDANTS SEEK RESTRICTION OVER DOCUMENTS NON-PARTY ALEX KINGSLEY HAS DESIGNATED CONFIDENTIAL.

Defendants also seek Level 1 restriction over ECF Nos. 227-18 and 229-20, which are exhibits showing text messages between Defendant Kelly and non-party Alex Kingsley, and which were produced by Mr. Kingsley to SRSA under a "Confidential" designation. As set forth above, under section 10 of the Protective Order, "a document containing 'Confidential'

---

[3] Defendants do not waive any substantive defense related to any of the documents at issue, and do not waive the right to contest the confidentiality of the materials Plaintiffs seek to restrict, as well as the designation of any such materials, in any future pleading or proceeding, including at summary judgment and at trial.

Information shall be filed under Level 1 restriction." ECF No. 40 at 18. "Confidential" information is defined to include, among other things, "confidential and non-public … personal information." *Id.* at 2. The private text messages contained in ECF Nos. 227-18 and 229-20 consist entirely of non-public, personal information. As such, Defendants respectfully request that the Court order Level 1 restriction over ECF Nos. 227-18 and 229-20 that were designated by non-party Alex Kingsley.

## VI. DEFENDANTS SEEK AN ORDER REQUIRING THE DESIGNATING PARTY TO FILE ANY MOTION TO RESTRICT PUBLIC ACCESS.

Finally, Defendants respectfully request a Court order that, going forward in this case, the designating party shall have the duty to file a motion to seek restriction over any document it believes should not be publicly-available on the Court's docket. Such an order would be consistent with the Protective Order, which is silent on who must file such a motion. Specifically, the Protective Order provides only that "[i]f no motion to restrict is filed within the Court-ordered deadline, the restriction shall expire and the document shall be open to public inspection, until such time that the Court orders otherwise." ECF No. 40 at 18.

Requiring the *designating party* to move to restrict access to documents filed with the Court is eminently logical, as it puts the burden (including the related and sometimes extensive costs) of making such a motion on the party who has a vested interest in keeping purportedly confidential documents under seal and out of the public view. Currently, Defendants, in what is a compromise approach that has been overcome by events (*see e.g.,* ECF No. 207) are in the position of moving to restrict public access to dozens and dozens of documents that they do not believe are in fact confidential such that the public should be denied access to these filings. This counter-intuitive situation can be resolved by a simple Order from the Court that dictates that the

party that has designated a document "Confidential" should be the party to bear the burden and expense of convincing the Court that such a document, or dozens of documents, should be kept from the public view.  This is the most efficient approach, and it also permits each side the opportunity to seek restriction over whichever documents it believes are "Confidential" rather than having a party disputing such a designation filing a motion to keep a file or files under Level 1 Restriction.

Therefore, Defendants respectfully submit that the party seeking to maintain any restriction over any document or information filed in this case should be the party who is required to file a motion to restrict as to that document(s).  That way, each side can evaluate the other side's confidentiality contentions, and each side has the burden and expense of keeping its own documents restricted from public view as that party sees fit.

### VII.   CONCLUSION

Defendants respectfully request that the Court order the documents identified herein as Restricted under Level 1.  Defendants further request that the Court order that, for the duration of this case, the party seeking to maintain restriction from public view over a document or filing, or part of a filing, be required to file the necessary motion to restrict in accordance with the District of Colorado's Local Rules.

Dated: August 31, 2020

Respectfully Submitted,

By: */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111

12

        Email: jbennett@dowdbennett.com
             mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
Email: jacobsh@ballardspahr.com
       robbinsn@ballardspahr.com

*Attorneys for Defendants*

As required by this Court's Practice Standard III(A)(4), above-signed counsel hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

***Attorneys for Plaintiffs***

*/s/ Matthew E. Johnson*