# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO MAINTAIN CERTAIN DOCUMENTS UNDER RESTRICTION LEVEL 1 AND OPPOSED MOTION REGARDING WHICH PARTY SHOULD FILE MOTIONS TO RESTRICT THE PUBLIC'S ACCESS TO DOCUMENTS (ECF NO. 246)

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") respectfully submit this Response in opposition to Defendants' Unopposed Motion to Maintain Certain Documents Under Restriction Level 1 and Opposed Motion Regarding Which Party Should File Motions to Restrict the Public's Access to Documents (ECF No. 246) ("Defendants' Motion").[1]  Defendants' request to modify the Motion to Restrict procedure outlined in the operative Protective Order is premature for failing to adequately meet and confer,

---

[1] Defendants have unnecessarily combined two motions, which creates confusion. SRSA does not oppose the relief requested in the portion of Defendants' Motion pertaining to the continued restriction of documents filed in connection with Defendants' Motions for Partial Summary Judgment. However, SRSA does oppose the remaining requested relief in Defendants' Motion.

and should be stricken on that basis alone. Defendants' request to alter the *status quo* appears to be designed to impose an unnecessary burden on Plaintiffs during a critical phase of this case. The "Opposed" portion of Defendants' Motion should be denied.

## I.   RESPONSE TO DEFENDANTS' CERTIFICATION UNDER D.C.COLO.LCivR 7.1(a).

SRSA does not dispute that the Parties met and conferred, and agreed on whether the requested materials in Defendants' Motion should maintain their Restriction as Level 1.[2]  Indeed, it was SRSA that prompted that discussion.

SRSA disagrees, however, that Defendants met their conferral obligations with regard to their request to alter the procedure for seeking continued restriction of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" documents. While it is true that Defendants' counsel questioned the process during several discussions with SRSA's counsel, and argued that this has not been their "experience" in our District, Defendants' counsel eventually conceded the issue and agreed to draft the Motion to Restrict.  Then, on Friday, August 28th, just one business day before the extended deadline to file the requisite Motion, Defendants' counsel first noted that Defendants would also request that the restriction procedure be modified in the same pleading as their Motion to Restrict.  SRSA's counsel suggested that this request was premature, given that this implicated the Protective Order (ECF No. 40, the "PO") and there were other amendments to the PO that the Parties had been discussing. Defendants refused SRSA's request to address the

---

[2] SRSA wishes only to add that most of the exhibits subject to Defendants' Motion to Restrict have previously been restricted by the Court (ECF Nos. 227-2, 227-3, 227-6, 227-7, 227-14, 228-1, 228-3, 228-4, 228-6 through -17, 228-22 through -37, 229-5, 229-8, and 229-11 through -15.)

issues together in a separate request, and insisted on pursuing a modification of the PO in the context of the Motion to Restrict.

## II.   BACKGROUND

This lawsuit was filed nearly 14 months ago.  The contents of a stipulated protective order were vigorously negotiated over the course of six weeks beginning late July 2019.  On September 4, 2019, the Court entered the Stipulated Protective Order (ECF No. 40), which has been unaltered and has served as the operative Protective Order for the past year.

As it pertains to the filing and restriction of documents designated either Confidential or Highly Confidential – Attorneys' Eyes Only, the PO states:

10. FILING OF PROTECTED MATERIAL

**In the event a Party wishes to use any Protected Material** or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in the Action, **such pleading or document and any appended Protected Material shall be filed under seal** pursuant to the Local Rules for the District of Colorado Rule 7.2 until such time as the Court orders otherwise or denies permission to file under seal. … **If no motion to restrict is filed within the Court-ordered deadline**, the restriction shall expire and the document shall be open to public inspection, until such time that the Court orders otherwise.

(PO, at ¶10 (emphasis added).)  The last sentence of Paragraph 10, which relates to Motions to Restrict, mimics the language of Local Rule 7.2(e).

Since the entry of the PO and until the Defendants filed their Motions for Partial Summary Judgment on August 10, 2020, the Parties have collectively filed eight Motions to Restrict materials attached to filings and designated as sensitive under the PO.  (*See* ECF Nos. 102, 110, 119, 139, 143, 171, 181, and 186.)  In *every* case, it has been the filing party that has filed the Motion to Restrict, regardless of which Party designated the material. In fact, in two

cases (ECF Nos. 102 (filed by Defendants) and 139 (filed by SRSA)), the filing Party did not seek to maintain restriction over any of its own materials. Rather, per the PO, it sought restriction over materials designated by the opposing party. Further, in five cases (ECF Nos. 110, 143, 171, 181, and 186), the filing party sought restriction over materials designated by both Parties (four of which were filed by SRSA, and one by Defendants). In the course of filing the five Motions to Restrict that sought protection over Defendants' materials, SRSA never questioned or disputed its obligation to do so under the PO. Nor had Defendants when filing their three Motions to Restrict, until now.[3] Thus, the clearly established practice and accepted interpretation of Paragraph 10 by all Parties has been that the PO places the burden of seeking permanent restriction on the party filing the materials in support of its pleading.[4]

However, after nine days had passed since Defendants had filed their Motions for Partial Summary Judgment, SRSA's counsel contacted Defendants' counsel to inquire about the status of Defendants' Motion to Restrict, as the Parties had routinely exchanged tables of those materials to be restricted. The following day and two (2) business days before a Motion to Restrict was due, Defendants' counsel (who had not been involved with the prior Motions to Restrict or the negotiation of the PO) disputed -- for the first time -- that Defendants had any obligation to seek restriction over documents designated by SRSA.

---

[3] Defendants' statement that SRSA has "routinely request[ed] Defendants seek restriction over Plaintiffs' supposedly confidential documents" is simply untrue. (ECF No. 246, at 6.) Prior to Defendants' Motion, the last Motion to Restrict filed by Defendants, which included SRSA-designated material, occurred on January 7, 2020, and there was no dispute over who would file the motion. (*See* ECF No. 143.)

[4] This makes perfect sense, as it is illogical to force a party to file a motion to restrict in connection with an opposing party's motion that is presumably seeking adverse relief.

Defendants now, and in the incorrect context of a Motion to Restrict, seek to alter the process established under the PO that has been universally accepted by the Parties for almost a year.  Defendants are incorrect that such a process will increase efficiency; Defendants' process will instead use more party and Court resources.  Moreover, Defendants should have no concern with seeking restriction over materials designated by SRSA, since doing so is no admission of their confidential nature and there is a separate process for challenging those designations under the PO.

## III.   ARGUMENT

### A.   The Process Used By The Parties Should Be Maintained And Is Most Efficient.

Defendants should not be allowed to rewrite the PO by improperly bootstrapping the issue with a simple Motion to Restrict. As set forth above, the Parties negotiated and abided by the clear language of the PO for almost a year. Although the PO does not explicitly state that the filing party must also file a Motion to Restrict, Paragraph 10 states that "[i]n the event a Party **wishes to use** any Protected Material," that party must file it as restricted. (*See* PO, ¶10 (emphasis added).)  Therefore, the clear implication of the PO is that the filing party – the party that is using the material in support of a legal argument or factual position – must ensure that the previously designated materials remain protected.  In other words, it is only reasonable that the party relying on and using the material for their purpose also carry the burden of filing the Motion to Restrict.  It is indeed counterintuitive to place additional burden on the non-moving party who does not rely on the materials.

Defendants appear to justify their change of course based on an argument that the case landscape was changed by the Court's Order on SRSA's Motion for Preliminary Injunction.

However, that Order has changed nothing as it relates to the handling of designated materials, which are governed by the PO.

Moreover, Defendants' argument that altering the process will increase efficiency is counterfactual.  Up until now, only a single motion to restrict has been required for each filing containing designated materials.  Under Defendants' proposal, if a filing contains materials from both sides (which is most common), both sides will have to file separate motions, and the Court will have to rule on two motions instead of one.  As exemplified by the Motions to Restrict filed to date in this matter, under Defendants' proposal, those eight motions would have ballooned to 13, not to mention the additional filings that will be required moving forward.  Such a scenario is clearly not more efficient.

### B.   Defendants' Stated Concern With Seeking Restriction Over Documents They Dispute Are Confidential Is Unfounded.

In support of its new approach, Defendants suggest that they should not be required to file a motion to restrict a "Confidential" document which they dispute is "Confidential."  (ECF No. 246, at 12.)  Defendants ignore, however, that the obligation to file documents as restricted – and move to restrict them permanently – is based on whether a party has designated the material as Protected Material.  Whether or not any Party agrees or disagrees with that designation has no bearing on that obligation.  Certainly, there is a separate procedure under the PO for contesting designations and using a Motion to Restrict for that purpose would improperly turn every such motion into a dispute over the confidential nature of the materials at issue. (*See* PO, ¶¶6.1-6.3.) Parties have a continued obligation to treat materials as designated by the disclosing party and seek appropriate restriction as set forth in the PO so long as they remain designated.

## IV.    CONCLUSION

Defendants have failed to show any "good cause" supporting their request for an order changing the process for handling motions to restrict. Defendants seek to impose undue burden on SRSA and ignore the procedure set forth in the PO, which the Parties negotiated and abided by for almost a year.  Defendants' Motion should be denied.


Respectfully submitted,


Dated:  September 4, 2020                    By:   s/ Matthew C. Miller
                                             SHERIDAN ROSS P.C.
                                             Scott R. Bialecki
                                                  *sbialecki@sheridanross.com*
                                             Matthew C. Miller
                                                  *mmiller@sheridanross.com*
                                             1560 Broadway, Suite 1200
                                             Denver, Colorado 80202
                                             Telephone:  303-863-9700
                                             Facsimile:   303-863-0223
                                             Email:      *litigation@sheridanross.com*

                                             KEKER, VAN NEST & PETERS LLP
                                             Warren A. Braunig
                                                  *wbraunig@keker.com*
                                             Michelle S. Ybarra
                                                  *mybarra@keker.com*
                                             Benjamin D. Rothstein
                                                  *brothstein@keker.com*
                                             Katie Lynn Joyce
                                                  *kjoyce@keker.com*
                                             Victor H. Yu
                                                  *vyu@keker.com*
                                             Puja V. Parikh
                                                  *pparikh@keker.com*
                                             633 Battery Street
                                             San Francisco, CA 94111-1809
                                             Telephone:  415-391-5400

Facsimile:  415-397-7188

ATTORNEYS FOR PLAINTIFFS
SRS ACQUIOM INC. AND SHAREHOLDER
REPRESENTATIVE SERVICES LLC

     As required by this Court's Practice Standard III(A)(4), above-signed counsel hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).