**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability
company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION TO
MAINTAIN DOCUMENTS UNDER RESTRICTION LEVEL 1**

---

Defendants PNC Financial Services Group and PNC Bank N.A. (collectively "PNC") and

Heather Kelly and Alex Tsarnas (the "Individual Defendants") respectfully submit this Motion to

Maintain Documents Under Restriction Level 1, with respect to Plaintiffs SRS Acquiom, Inc. and

Shareholder Representative Services LLC's (collectively, "Plaintiffs") Objections and Responses

to Defendant PNC Financial Services Group, Inc.'s First Set of Interrogatories, ECF No. 241-7,

which were attached to Defendants' Brief in Opposition to Plaintiffs' "Emergency" Motion to

Amend Scheduling Order.[1]   This Motion is brought pursuant to D.C.COLO.LCivR 7.2(c).

---

[1] Under D.C.COLO.LCivR. 7.1, on September 4, 2020, the parties met and conferred regarding
this Motion.  Plaintiffs do not oppose the relief sought in this Motion.

For the narrow purposes of this motion to restrict only, and although Defendants do not believe ECF No. 241-7 contains the type of information that is appropriate for designation as Attorneys' Eyes Only, Defendants take no position on whether the substance of ECF No. 241-7 warrants restriction.[2]   Under section 10 of the Protective Order, "a document containing 'Highly Confidential – Attorneys' Eyes Only' Information shall be filed under Level 2 restriction."  ECF No. 40 at 18.  "Highly Confidential – Attorneys' Eyes Only" information is defined to include "extremely sensitive 'Confidential Information or Items' … or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, the disclosure of which to a Party or Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means."  *Id.* at 3-4.  Plaintiffs have stated that they believe that these documents contain information justifying a restriction from public access, and Defendants have treated them as such despite Defendants' contentions that the information in ECF No. 241-7 does not rise to the level of "Highly Confidential – Attorneys' Eyes Only" restricted information.

However, as the Court is aware, Defendants recently requested that the Court enter an order providing that, going forward, the party designating a document as confidential or attorneys' eyes only should have the burden of moving to restrict that document.  *See* ECF No. 246 at 11-12.  Such an order would address the incongruent situation here, where Defendants are moving to restrict a

---

[2] Defendants do not waive any substantive defense related to this document, and do not waive the right to contest the confidentiality of the materials Plaintiffs seek to restrict, as well as the designation of any such materials, in any future pleading or proceeding, including at summary judgment and at trial.

document that they do not believe is in fact "Highly Confidential – Attorneys' Eyes Only."[3]

Indeed, Defendants have notified Plaintiffs that they intend to challenge that designation under

section 6 of the protective order.  *See* ECF No. 40 at 8-9.  In addition, during a recent meet and

confer telephone call, Plaintiffs represented that they are examining ways to only designate part of

their Interrogatory Responses as "Highly Confidential – Attorneys' Eyes Only."

Nevertheless, for the purposes of this motion, Defendants respectfully request that the

Court order ECF No. 241-7 be Restricted under Level 1.

Dated: September 4, 2020                    Respectfully Submitted,

By:  */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
Email:  jbennett@dowdbennett.com
        mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
Email:  jacobsh@ballardspahr.com
        robbinsn@ballardspahr.com

*Attorneys for Defendants*

---

[3] Arguably, it does not meet the criteria for the "Confidential" designation either.

        As required by this Court's Practice Standard III(A)(4), above-signed counsel hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on 4th day of September, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Katie Lynn Joyce
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs*

/s/ Matthew E. Johnson

5