# PX21 – 2019.07.12 Letter



```
                                            Keker, Van Nest & Peters LLP
                                            633 Battery Street
                                            San Francisco, CA 94111-1809
                                            415 391 5400
                                            keker.com
```

**Warren A. Braunig**
(415) 773-6642
wbraunig@keker.com

July 12, 2019

PNC BANK, N.A.                          PNC FINANCIAL SERVICES GROUP, INC.
The Tower at PNC Plaza                  The Tower at PNC Plaza
300 Fifth Avenue                        300 Fifth Avenue
Pittsburgh, PA 15222-2401               Pittsburgh, PA 15222-2401

Re:   *SRS Acquiom Inc. v. PNC Fin. Servs. Grp., Inc., et al.*

To whom it may concern:

Our firm represents Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (together "SRSA") in the above-referenced lawsuit filed against you, Heather Kelly, and Alex Tsarnas in United States District Court for the District of Colorado. The Verified First Amended Complaint included herewith details allegations relating to your (and your employees') improper taking and use of SRSA's confidential, proprietary, and trade secret information, along with other contractual, statutory, and common law violations. SRSA is suffering immediate and irreparable harm due to your actions. We are contacting you to try to avoid the need to file a motion for temporary restraining order ("TRO Motion") in accordance with D. Colo. L. Civ. R. 7.1 of the District of Colorado's Local Rules. We demand that you immediately take the following steps:

- Immediately return to SRSA all confidential, proprietary, and/or trade secret information and property belonging to SRSA, including all computer files, documents, notes, records, reports, and other papers (and all copies thereof) relating to SRSA's business and all associated property that you may possess or have under your control.

- Immediately cease using, communicating, disclosing, or in any way sharing with any person or business SRSA's confidential, proprietary, or trade secret information and agree that you are prohibited from doing so in the future.

- Immediately make available for inspection and third-party forensic analysis all computer devices used by Heather Kelly and Alex Tsarnas in connection with their employment at PNC or on behalf of PNC.

1335215

PNC BANK, N.A.
PNC FINANCIAL SERVICES GROUP, INC.
July 12, 2019
Page 2

- Immediately stop making, testing, using, promoting, offering to sell, marketing, commercializing, or selling any product or service that utilizes, embodies or was developed, in whole or in part, with the benefit or use of any SRSA confidential, proprietary, or trade secret information, including but not limited to PNC Paid, Optionholder Compensation Payments, Deal Dashboard, and Pre-Closing Solicitation (collectively "PNC M&A Products").

- Immediately remove Kelly and Tsarnas from any role in the marketing, development, sale or support of PNC M&A Products.

- Preserve in their original state, all documents and information in your possession, custody, or control, or otherwise available to Kelly, Tsarnas, and PNC, related to the issues set forth in SRSA's Verified First Amended Complaint, including, without limitation, hard copy or electronic files of documents, computer files, files or data stored in any cloud storage service (e.g., Google Drive), files or data stored on any external storage device, hard drive data, ambient data, electronic mail messages, voice messages, instant messages, correspondence, and phone logs.

- Refrain from destroying, deleting, or modifying any record concerning the development of the PNC M&A Products; the role of Kelly and Tsarnas in such product development; the recruiting and hiring of SRSA employees, including but not limited to Kelly and Tsarnas; how you came to possess any SRSA documents or information; or any other records related to the issues set forth in SRSA's Verified First Amended Complaint.

- Agree to a schedule for expedited discovery in support of a preliminary injunction, and a schedule for briefing a motion for preliminary injunction, as set forth in Exhibit A.

**Please respond with your position on SRSA's requested relief by no later than 3:00 pm Mountain Daylight Time on Monday, July 15th.**

Should you not agree to the demands above, SRSA will be forced to file a motion for a temporary restraining order, preliminary injunction, and expedited discovery.  In connection with its TRO Motion, SRSA intends to file documents and evidence that disclose and reveal SRSA confidential information and trade secrets.  This information will need to remain non-public.  However, we are amenable to having your counsel review it on an "Attorneys' Eyes Only" basis. To accomplish this, we recommend the following.  SRSA would file a request to maintain these documents under a Level 2 restriction pursuant to D. Colo. L. Civ. R. 7.2(b), which would limit access to the filing party (i.e., SRSA) and the Court.  After a suitable Protective Order with an "Attorneys' Eyes Only" level of designation is entered, we would request that these documents be de-designated to Level 1, thereby allowing access by all parties and the Court.  At that point, however, only your attorneys would have access to these documents and you would not. If you don't agree to SRSA's above-referenced demands, please also include your position on this additional request in your response by 3:00 pm on July 15.

1335215

PNC BANK, N.A.
PNC FINANCIAL SERVICES GROUP, INC.
July 12, 2019
Page 3

SRSA views this as a serious matter.  If you are represented by counsel, please forward this correspondence and its attachments to them and have them contact me.  If you are not represented, you should consider retaining counsel.

Thank you for your immediate attention.

Sincerely,

KEKER, VAN NEST & PETERS LLP

WARREN A. BRAUNIG

1335215



**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

## Exhibit A

| **July 19** | SRSA serves up to 10 Requests for Production and 5 Interrogatories on PNC; SRSA serves up to 7 Requests for Production and 5 Interrogatories on each of Kelly and Tsarnas.<br><br>Defendants collectively serve up to 10 Requests for Production and 5 Interrogatories on SRSA.<br><br>Kelly returns SRSA laptop to SRSA. |
|---|---|
| **August 2** | Parties respond to Requests for Production and Interrogatories, and provide images of other devices for forensic analysis.<br><br>SRSA to serve a 30(b)(6) deposition notice covering no more than ten 30(b)(6) topics on PNC; Defendants collectively to serve a 30(b)(6) deposition notice covering no more than ten 30(b)(6) topics on SRSA. |
| **August 16** | Parties complete production of documents, forensic imaging requests, and any 30(b)(6) objections. |
| **August 26 – September 6** | SRSA takes deposition of Kelly, Tsarnas, and 30(b)(6) deposition of PNC; Defendants may take 30(b)(6) deposition of SRSA. |
| **September 18** | SRSA files supplemental preliminary injunction brief. |
| **September 27** | Defendants file opposition to preliminary injunction brief. |
| **October 2** | SRSA files reply brief. |
| **October 9 or as soon thereafter as available on the Court's calendar** | Preliminary Injunction Hearing. |

1335215