IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## SECOND WRITTEN DISCOVERY ORDER

This Discovery Order addresses the Parties' dispute over Defendants' objections to numerous written discovery requests. Counsel for the Parties contacted chambers (consistent with this Court's civil practice standards) to alert the Court to their discovery dispute. At the Court's direction, they subsequently filed simultaneous briefs to address the issues. [#233 (Defendants' Brief); #234 (Plaintiffs' Brief).][1] The Court has considered

---

[1] Plaintiffs' style their brief, *Plaintiffs' Discovery Brief Regarding Plaintiffs' Motion to Compel Defendants' Discovery Response* [#234.] But Plaintiffs have not been authorized to file a Motion to Compel, nor is one pending. Nevertheless, for purposes of analyzing this discovery dispute, the Court construes the matter as an oral Motion to Compel by Plaintiffs under Fed. R. Civ. P. 37. That Motion is granted in part and denied in part, as discussed in the body of this Order.

1

the briefs, applicable case law, and the entire court file. No hearing is necessary. The Court makes the following rulings to resolve the discovery dispute.

## A. BACKGROUND

Among other claims, SRSA alleges Defendants misappropriated SRSA's trade secrets in violation of the Colorado Uniform Trade Secrets Act and the Federal Defense of Trade Secrets Act. It also brings claims for: breach of contract (confidentiality and non-solicitation obligations); intentional interference with contractual relations; Colorado unfair competition; violation of the Computer Fraud and Abuse Act; intentional interference with prospective economic advantage; and breach of the duty of loyalty.

SRSA alleges Defendants' misappropriation of five trade secrets: (1) Ms. Kelly's contact list; (2) an Excel spreadsheet known as the "payments spreadsheet;" (3) SRSA's pricing strategies; (4) SRSA's product-development strategies; and (5) two procedural documents taken by Ms. Kelly. [#207.] The burden to establish whether any of these things are trade secrets is on SRSA, considering the following factors, among others: (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, *i.e.*, by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information. *Colorado Supply Co. v. Stewart*, 797 P.2d 1303, 1306 (Colo. App. 1990); *see also* 18 U.S.C. § 1839(3).

It should be expected the holder of the claimed trade secrets is in the best position to possess the information necessary to establish these factors for any of its claimed trade secrets. In this regard, and after an evidentiary hearing, in denying Plaintiffs' request for a preliminary injunction, District Judge Domenico determined: (1) "SRSA has not convinced the Court that Ms. Kelly's full contact list is a trade secret;" (2) SRSA "freely shared the spreadsheet with parties to mergers and acquisitions," and therefore, "the Court cannot agree that the spreadsheet is a trade secret;" (3) neither SRSA's "prices nor its general pricing strategies can be considered trade secrets" and "evidence supports PNC's argument that it sets prices on an entirely different basis than SRSA;" (4) SRSA failed to show a likelihood of success on the merits that knowledge of two of the products is a trade secret, and the third is publicly available and thus not a secret; and (5) SRSA failed to show Ms. Kelly took its procedure documents by improper means. Further, from the hearing it appears it is undisputed Ms. Kelly took the procedure documents; she developed her contact list in part using contacts she developed while employed by SRSA; and she emailed herself a copy of the SRSA payments spreadsheet and PNC used it as the foundation to create its own spreadsheet for PNC Paid.

### B. LEGAL PRINCIPLES

While it is true Judge Domenico's findings from the injunction hearing do not constitute rulings on the merits, from a practical view, certain <u>evidence</u> adduced at the hearing can aid in determining and shaping the relevant and proportional scope of discovery. The scope of discovery in federal court is broad. Federal Rule of Civil Procedure 26 permits discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense, while the proportional needs of the case serve as guardrails for further reasonably tailoring the scope of discovery. Fed. R. Civ. P. 26(b)(1). When evaluating proportionality, courts consider: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Nothing in Rule 26(b)(1) requires the court to address all five proportionality factors. *See GSL Grp., Inc. v. Travelers Indem. Co.*, Civil Action No. 18-CV-00746-MSK-SKC, 2020 WL 4282291, at *11 n.5 (D. Colo. July 24, 2020) ("If the movant is not required to address all the factors, surely the Court is not required to either."). Information within the proper scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

### C. ANALYSES AND RULINGS

Numerous written discovery requests are in dispute – twenty-one to be exact. The Court has reviewed each request and rules as follows:

1. Request for Production No. 13 PNC Bank:[2]

Defendants' objections to this request are overruled because the order denying Plaintiffs' request for injunctive relief was not a ruling on the merits. However, this request is too broad and thus exceeds the bounds of relevance and proportionality. The Court narrows the request to: all versions or variations of the HK Contacts document, if any,

---

[2] The Court has attached Appendix A from Plaintiffs' Brief identifying the specific requests at issue.

4

that were created between March 1, 2018 and April 2019 (specifically, the date PNC Paid was launched) and which lists contacts Ms. Kelly developed while employed by SRSA. PNC Bank is ordered to supplement or respond to this request as modified by the Court.

   2. <u>Request for Production Nos. 14 -18, 21, 24-25, to PNC Bank and Nos. 11, 17-18 to PNC Financial</u>:

These requests are too broad and unduly burdensome on their face. *Lipari v. U.S. Bancorp, N.A*, Civil Action No. 07-2146-CM-DJW, 2008 WL 4642618, at *2 (D. Kan. Oct. 16, 2008) ("This Court has held on numerous occasions that a discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' <u>to modify a general category or broad range of documents or information</u>.") (emphasis added). They seek documents "relating to," "reflecting," or "constituting" broad or amorphous categories of information thus requiring Defendants "either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Id.* (internal quotations and citation omitted). The Court will not compel responses to these requests.

Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them. *See Finkelstein v. Guardian Life Ins. Co. of Am.*, No. C07–1130 CRB (BZ), 2008 WL 2095786, at *2 (N.D. Cal. May 14, 2008) ("Rule 26 does not require the Court to rewrite discovery requests for the parties.") (quoting *Robin Singh Educ. Serv.s., Inc. v. Excel Test Prep*, 2004 WL 2554454, *1 (N.D. Cal. Nov. 9, 2004)). *See also Haensel v. Chrysler Corp.*, No. CIV. A. 96–1103, 1997 WL 537687, at

*2 (E.D. La., Aug. 22, 1997) ("The Court refuses to rewrite these [overbroad] requests for the plaintiffs in order to transform them into narrow, specific inquiries.").

    3. <u>Requests for Admission Nos. 1, 4, 5, and 12 to Ms. Kelly</u>:

The Court overrules Ms. Kelly's objections to these requests because they seek information relevant and proportional to SRSA's claims regardless of District Judge Domenico's findings from the preliminary injunction hearing. *See, e.g., Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[F]indings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."); *Pictet Overseas, Inc. v. Helvetia Tr.*, Civil No. 13-81088-CIV, 2014 WL 5034725, at *5 (S.D. Fla. Sept. 8, 2014) (permitting discovery into topics that re-visit the legal findings made in the court's preliminary injunction decision). Ms. Kelly is ordered to supplement or respond to these requests.

    4. <u>Interrogatory No. 12 to PNC Bank</u>:

The Court agrees with Defendants that Interrogatory No 12 is the type routinely frowned upon in this district. *See Bat v. A.G. Edwards & Sons, Inc.,* 2005 WL 6776838, ay *2-3 (D. Colo. Nov. 18, 2005). This Court subscribes to the view that:

> Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. . . . Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.
>
> The nature of the federal discovery rules themselves suggests they are intended to facilitate reasonable discovery, not unduly burdensome, but selected by each party to fit the needs of the particular case. The discovery

> rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know. . . .This requires counsel in any given case to exercise professional judgment and determine the priorities of discovery.

*Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997).

The Court notes the burden of proof is on Plaintiffs to establish whether any claimed trade secret is indeed SRSA's confidential information. Interrogatory No. 12 goes too far in seeking, for each item Defendants contend is not confidential SRSA information, "all facts that form the basis" of their contention, and further requests identification of "all documents in support." The Court sustains the objections to this interrogatory which are not based on the injunction hearing.

        5.   <u>Request for Production Nos. 9 and 16 to PNC Financial</u>:

This request is also too broad. The Court agrees the request has some relevance to the damages Plaintiffs claim. But as noted above, discovery does not entitle a party to discern "every conceivable detail and fact which may relate to a case." *Id.* This request shall be limited to documents showing PNC's quarterly profits from the referenced product(s) for the years 2018, 2019, and 2020. PNC Financial is ordered to supplement or respond to this request as modified by the Court.

Request for Production No. 16 presents a different issue. It seeks documents "reflecting revenue, profit, or other financial <u>projections</u> . . .." (Emphasis added.) The Court sees no relevance to PNC Financials "projected" profits or "other financial projections." The Court will not compel a response to this request.

### 6. Interrogatory Nos. 2 and 6 to PNC Bank

These interrogatories require responses encompassing Defendants' customer base. In this regard, the Court finds the relevant and proportional customer base for discovery purposes to include only those overlapping customers between the HK Contacts List and the PNC Target customer list ("Overlapping Customers"), excluding those customers excepted by Schedule 1 of Ms. Kelly's employment agreement.

The Court limits Interrogatory No. 2, as follows:  PNC Bank shall identify any Overlapping Customers from January 1, 2018 to the present to whom it provided the referenced services. The Court also limits Interrogatory No. 6, as follows: PNC Bank shall identify any Overlapping Customers to whom it sent a payments spreadsheet, and identify the date it was sent, who sent it, and the recipient of the transmission. PNC Bank is ordered to supplement or respond to these requests as modified by the Court.

\*     \*     \*

IT IS ORDERED that Plaintiffs' oral Motion to Compel is GRANTED in part and DENIED in part, as explained above. Defendants' are ORDERED to respond or supplement their responses by no later than October 2, 2020. All other requested relief is DENIED.

DATED:  September 24, 2020

BY THE COURT:

_____

S. Kato Crews
U.S. Magistrate Judge