**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**JOINT MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO RESTRICT**

    Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") and Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly and Alex Tsarnas (collectively, "Defendants") hereby jointly move for an extension of time to file Motions to Restrict regarding Defendants' motions for summary judgment and related briefs, and Defendants' Opposition to the Emergency Motion until October 14, 2020.

    1.    Defendants filed three separate Motions for Partial Summary Judgment on August 10, 2020, including within them and attaching numerous exhibits that had been designated Confidential or Attorneys' Eyes Only under the Protective Order by both sides. (*See* ECF Nos. 227, 228, 229, and exhibits thereto). The motions and designated attachments were therefore filed restriction Level 1.

2. After the Court granted a one-week extension, Defendants filed a motion to restrict their summary judgment motions and the designated material referenced therein on August 31, 2020. (ECF No. 246.) Defendants also moved the Court for an order requiring that from then on, it was the designating party's responsibility, not the filing party's, to file motions to restrict. (*Id.*) On September 4, SRSA opposed that aspect of Defendants' motion. (ECF No. 248.) The same day, Defendants filed a separate motion to restrict (ECF No. 249) SRSA-designated material attached to Defendants' Opposition to SRSA's Emergency Motion to Amend Scheduling Order (ECF No. 241).

3. On September 14, the Court granted Defendants' request requiring the designating party to file motions to restrict, and denied the pending Motions to Restrict as they related to SRSA's designated material. (ECF Nos. 253 and 254.) The Court's denial was, however, without prejudice, thus allowing SRSA to seek permanent restriction via further Motions to Restrict. (*See* ECF No. 253.) In response to informal requests for clarifications made by SRSA, the Court indicated that it will retain the Level 1 restriction over these materials until SRSA files Motions to Restrict. (*See* ECF No. 275 and September 23 email from Court chambers.)

4. On September 16, SRSA filed its Oppositions to Defendants' Motions for Partial Summary Judgment, attaching and filing certain material under restriction Level 1 over documents designated by both sides. (*See* ECF Nos. 261, 262, 263, and associated filings.) Thus, the current due date for each side to file a Motion to Restrict these filings is September 30.

5. Defendants' Reply Briefs in Support of their Motions for Partial Summary Judgment are also due September 30. To the extent that Defendants reference any material designated as Confidential or Attorneys' Eyes Only in their Replies, and file those documents as

restricted Level 1, the designating party will need to file a motion to restrict within 14 days per D.C.COLO.LCivR 7.2(e), *i.e.*, October 14.

6. Given this backdrop, the Parties agree that it will be a more efficient process for the Parties to file omnibus motions to restrict, which address all designated materials referenced in the foregoing pleadings, versus resolving the issues in piecemeal fashion. Otherwise, the Court will have to entertain motions that potentially address overlapping subject matter. As such, in the interest of judicial economy, there is good cause to grant this Joint Motion.

7. Pursuant to D.C.COLO.LCivR 6.1(c), this Motion is being served contemporaneously on the Parties.

In light of the foregoing, the Parties respectfully request that all currently restricted material filed in connection with the Parties' above-referenced filings, and any restricted material filed in connection with Defendants' summary judgment reply briefs, be maintained as restricted Level 1 until October 14, 2020, which would provide the designating party time to file the requisite Motion to Restrict for its materials.

Dated:  September 25, 2020

By:  s/  Matthew C. Miller
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:      415-397-7188

Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303-863-9700
Facsimile:      303-863-0223
Email:  *litigation@sheridanross.com*

ATTORNEYS FOR PLAINTIFFS
SRS ACQUIOM INC. AND SHAREHOLDER
REPRESENTATIVE SERVICES LLC

Respectfully submitted,

By: s/ Matthew E. Johnson
James F. Bennet
*jbennet@dowdbennett.com*
Matthew E. Johnson
*mjohnson@dowdbennett.com*
Jeffrey R. Hoops
*jhoops@dowdbennett.com*
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-2353-4361
Facsimile: 314-863-2111

Hara K. Jacobs
*jacobsh@ballardspahr.com*
Noah S. Robbins
*robbinsn@ballardspahr.com*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

ATTORNEYS FOR DEFENDANTS
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and
ALEX TSARNAS