# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 56(d) MOTION

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. RELEVANT FACTUAL BACKGROUND.........................................................................2

III. ARGUMENT..............................................................................................................5

    A. SRSA Offers Only Speculation Regarding Categories of Information But Does Not Identify a Single Probable Fact It Seeks to Discover. .............................6

    B. The Remaining Factors Cannot Even Be Considered in Light of SRSA's Failure to Identify Probable Facts................................................................................9

    C. The Discovery Identified By SRSA Would Not Impact the Court's Disposition of Defendants' Summary Judgment Motion. .......................................9

        1. Trade Secret Claims....................................................................................10

        2. Tortious Interference Claims ....................................................................11

        3. CFAA Claim ................................................................................................12

        4. Unfair Competition Claim .........................................................................13

IV. CONCLUSION.........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*W.K. ex rel. A.K. v. Howie*,
   2016 U.S. Dist. LEXIS 52138 (D.N.M. Apr. 18, 2016) ............................................................7

*All Am. Tel. Co. v. AT&T Corp.*,
   328 F. Supp. 3d 342 (S.D.N.Y. 2018)......................................................................................8

*Bagoue v. Developmental Pathways, Inc.*,
   2019 WL 4597869 (D. Colo. Sept. 23, 2019).................................................................7, 10, 12

*Bliss v. Franco¸*
   446 F.3d 1036 (10th Cir. 2006) ...............................................................................................7

*Carbajal v. St. Anthony Cent. Hosp.*,
   2014 WL 7146185 (D. Colo. Dec. 15, 2014)...........................................................................9

*Cerveny v. Aventis, Inc.*,
   855 F.3d 1091 (10th Cir. 2017) ...........................................................................................5, 9

*Curtis v. Marquez*,
   2018 U.S. Dist. LEXIS 181689 (D. Az. Oct. 23, 2018) ........................................................12

*FDIC v. Arciero*,
   741 F.3d 1111 (10th Cir. 2013) .........................................................................................5, 11

*FDIC v. Global Indus. Mgmt., LLC*,
   2012 WL 4098930 (W.D. Okla. Sept. 17, 2012) .....................................................................6

*JAH IP Holdings, LLC v. Mascio*,
   2014 WL 6477923 (D. Colo. Nov. 18, 2014) .....................................................................8, 10

*Lewis v. Ft. Collins*,
   903 F.2d 752 (10th Cir. 1990) .................................................................................................8

*Lilak v. Takeda Pharm. N. Am., Inc.*,
   2015 WL 94233 (D. Colo. Jan. 5, 2015)..................................................................................7

*McLaughlin v. Experian Info. Solutions*,
   2017 WL 8294271 (D. Colo. Dec. 28, 2017)...........................................................................9

*Moody v. FMS, Inc.*,
    2014 WL 334801 (D. Colo. Jan. 30, 2014) ................................................................................. 9

*Paddington Partners v. Bouchard*,
    34 F.3d 1132 (2d Cir. 1994) ....................................................................................................... 8

*Snyder Ins. Servs. v. Sohn*,
    2017 WL 2839775 (D. Kan. July 3, 2017) ........................................................................... 8, 12

*Wagner v. LTF Club Operations Co.*,
    2019 WL 427733 (D. Colo. Feb. 4, 2019) .............................................................................. 6, 8

*Wright v. Eastman Kodak Co.*,
    550 F. Supp. 2d 371 (W.D.N.Y. 2008) ....................................................................................... 6

Defendants PNC Financial Services Group, Inc. and PNC Bank N.A. (collectively "PNC") as well as Defendants Heather Kelly and Alex Tsarnas (the "Individual Defendants" and, collectively with PNC, the "Defendants") submit this opposition to the Federal Rule of Civil Procedure 56(d) Motion (the "Motion") of Plaintiffs SRS Acquiom, Inc. and Shareholder Representative Services LLC (collectively, "SRSA").

## I.   INTRODUCTION

The purpose of Rule 56(d) is to allow a party to obtain evidence that exists, but does not currently possess, that would rebut the arguments made in a pending motion for summary judgment against it.  It requires the movant to specifically identify the "probable facts" that exist rebutting the other party's summary judgment argument, its efforts to obtain evidence of *those facts*, and why additional time would permit it to present *those facts*.  SRSA concedes that it does not possess facts to rebut the arguments set forth in Defendants' pending motions for summary judgment:

> The Parties filed their discovery briefs on August 10, and that dispute is pending with the Court.  As discussed in more detail below, the information-at-issue in SRSA's briefing is the same information Defendants argue SRSA is unable to present.

ECF 267 at 4 (internal citation omitted).

SRSA is not entitled to relief under Rule 56(d) because it did not identify a single "probable fact" that would rebut Defendants' motions for summary judgment.  Its Motion should be denied on this basis alone.  Instead of setting forth "probable facts" as the law requires, SRSA improperly identified broad categories of discovery that it claims may turn up facts to rebut Defendants' motions.  Even SRSA's broad categories of discovery – SRSA's claimed

"information-at-issue" – cannot rebut Defendants' summary judgment arguments. First, Judge Crews held that SRSA has no right to obtain this discovery because it is overly broad and irrelevant to the claims in the case. ECF 277. Second, in several instances, SRSA already obtained the discovery from Defendants and it is foreclosed from re-deposing Heather Kelly and Alex Tsarnas, who it claims possess it. Third, any "information-at-issue" to rebut Defendants' summary judgment arguments is in the exclusive possession of SRSA – not Defendants – because it is SRSA's burden to: (1) establish the existence of trade secrets; (2) identify contracts and relationships that Defendants tortuously interfered with; (3) prove it suffered the required "loss" under the Computer Fraud and Abuse Act ("CFAA"); and (4) establish that its generic product names have secondary meaning for its unfair competition claim. Because SRSA failed to meet any of the elements required for relief under Rule 56(d), its Motion should be denied and the Court should respectfully proceed to consider, and thereafter grant, Defendants' motions for summary judgment.

## II.     RELEVANT FACTUAL BACKGROUND

During the expedited discovery period in 2019, Defendants produced 11,715 documents totaling 57,628 pages. Declaration of Noah Robbins ("Robbins Decl.") at ¶ 2. This production included technical documents relating to the design and development of PNC's online M&A payments platform (PNC Paid), communications between PNC and its software development vendor CGI, and all communications with PNC customers or potential customers that mentioned SRSA or SRSA's products. *Id*. at ¶ 3. PNC also produced documents sufficient to show the identities of customers whose names appeared on allegedly misappropriated SRSA

2

customer lists and who were solicited by PNC for PNC's M&A payments and escrow services as well as the first dates such customers were contacted by PNC.  ECF 51.

Seventeen witnesses were deposed, including the Individual Defendants, multiple senior PNC employees involved in the development of PNC's M&A payments and escrow services, and the project leader of the CGI software development team.  Robbins Decl. at ¶ 5.  Each side was permitted to conduct twelve cumulative hours of 30(b)(6) deposition.  *Id.* at ¶ 6.  The parties thereafter submitted thousands of pages of briefs, affidavits, and exhibits relating to SRSA's motion for a preliminary injunction.  These submissions culminated in a full day evidentiary hearing before the Court, including live sworn testimony by several of PNC's witnesses.  ECF 213.

Following the complete denial of SRSA's request for injunctive relief (ECF 207), on June 22, 2020, Plaintiffs served *nine* separate sets of discovery on the various Defendants.  Defendants responded to the requests on July 22, 2020.  Following a series of meet and confers on Defendants' objections to these overbroad requests, Plaintiffs demanded the parties call the Court on August 3, 2020.  In SRSA's resulting discovery brief, SRSA brought 21 disputed discovery requests before the Court.  ECF 234.  On September 24, 2020, Judge Crews issued a discovery order finding "from a practical view, certain <u>evidence</u> adduced at the [preliminary injunction] hearing can aid in determining and shaping the relevant and proportional scope of discovery."  ECF 277 at 3.  The Court found 11 of the discovery requests to be "too broad and unduly burdensome on their face" and did not compel responses to these and two other requests, and sharply narrowed four.  *Id.* at 5.  Separately, on Friday September 11, 2020, prior to SRSA's

3

response to Defendants' motions for summary judgment, Defendants produced over 500 documents consisting of PNC's communications with its customers.  Robbins Decl. at ¶ 7.

SRSA received complete discovery regarding the arguments raised in Defendants' motions for summary judgment, which predominantly relate to SRSA's inability to meet the *prima facie* elements of its claims based on SRSA's own lack of evidence.  ECF 277 at 3 (noting it is "expected" that the owner of the alleged trade secret would "possess the information necessary" to show that the information qualifies as a trade secret).  In response to SRSA's trade secret claims and during the expedited discovery period, PNC produced thousands of documents relating to the development of its M&A payments and escrow services and online platform, including meeting notes, the vision book CGI produced outlining the product design, software manuals, and products demos.  Robbins Decl. at ¶ 3.  PNC's software vendor CGI independently produced thousands of documents.  *Id*. at ¶ 8.  Additionally, SRSA deposed the individuals involved in the design and development of PNC Paid, including Fortis co-founder Adam Lezack, PNC executive Tom Lang, Defendants Heather Kelly and Alex Tsarnas, and the lead CGI software developer, Shashidhar Bandanatham.  *Id.* at ¶ 5.

On SRSA's unfair competition and intentional interference claims, PNC produced all communications with customers or prospective customers mentioning SRSA or its products, and PNC produced its communications with customers relating to the specific transactions that SRSA identified as the basis of its tortious interference claims.  *Id.* at ¶¶ 3 and 7.  Because nothing in those documents supported SRSA's claims, SRSA requested to conduct a new fishing expedition into every single communication between PNC and its actual and potential customers.

But Judge Crews denied that request and thus the type of evidence at issue in the Rule 56(d) Motion for this claim is now moot as the Court has ruled that it is irrelevant.  ECF 277.

Finally, in response to SRSA's CFAA claim alleging that Kelly improperly accessed SRSA's computer systems, SRSA had access to forensic images of all the electronic devices it identified dating back to August 2019 (mobile phones and laptops).  ECF 43; Robbins Decl. at ¶ 4.  And, SRSA has had physical possession of Kelly's New MacBook dating back to March 2018.  ECF 66 at ¶62 (describing the forensic examination that SRSA performed on the New MacBook).  Thus, SRSA has had for a long time everything it needs to determine precisely what Kelly "accessed," and its inability to prove its CFAA claim is not grounds for seeking more discovery under Rule 56(d).

## III. ARGUMENT

"To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."  *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).  A properly supported Rule 56(d) motion requires the movant to identify ***with specificity*** not only the discovery that it requires but what that discovery will show.  *See FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (affirming denial of Rule 56(d) motion where the "brief does not go on to explain what the evidence might be or how the evidence would create a defense").  "While a Rule 56(f)[1] discovery request may be granted to allow a plaintiff to fill material evidentiary

---

[1] The procedure to delay summary judgment resolution was previously set forth in Fed.R.Civ.P.

5

gaps, it may not be premised solely on speculation as to evidence which *might* be discovered: it does not permit a plaintiff to engage in a fishing expedition." *Wright v. Eastman Kodak Co.*, 550 F. Supp. 2d 371, 382 (W.D.N.Y. 2008) (internal quotations omitted). Because SRSA failed to meet its burden to identify specific facts that exist and are material to the summary judgment motions, it is impossible to apply these unstated facts to the remainder of the Rule 56(d) factors. SRSA's Motion should be denied on the basis alone.

      A.      **SRSA Offers Only Speculation Regarding Categories of Information But Does Not Identify a Single Probable Fact It Seeks to Discover.**

SRSA's Motion fails because neither it nor the Yu Declaration identify any specific "probable facts" that discovery would reveal rebutting Defendants' summary judgment motions. *See, e.g.,* ECF 267 at 11 (asserting that "[t]hese customer communications are likely to contain evidence that would justify SRSA's opposition to PNC Bank's summary judgment motion" without articulating what the evidence, *i.e.*, "probable facts" would be). Merely identifying topics of additional discovery does not satisfy the requirements of Rule 56(d) because a "request for relief under 56(d) requires an accompanying affidavit that outlines 'probable facts' with some degree of specificity." *Wagner v. LTF Club Operations Co.*, 2019 WL 427733, at *4 (D. Colo. Feb. 4, 2019) (denying Rule 56(d) motion where movant failed to specifically identify "probable facts" or "draw a link between undiscovered facts and [summary judgment movant's] claim of no genuine issue of fact"); *FDIC v. Global Indus. Mgmt., LLC*, 2012 WL 4098930, *3 (W.D. Okla. Sept. 17, 2012) ("While both Smith and Dodson state that they believe certain

---

56(f). This provision was moved to subdivision (d), which "carries forward without substantial change the provisions of former subdivision (f)" as part of the 2010 Amendments. *See* Advisory Comm. Notes to 2010 Amendments to Federal Rule of Civil Procedure 56.

individuals have information regarding the transactions, neither Smith nor Dodson state what specific information these individuals would have."); Moore's Federal Practice—Civil, § 56.102[2] (3d ed. 2013) ("Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice.").

For example, in *Lilak v. Takeda Pharm. N. Am., Inc.*, 2015 WL 94233, at *3 (D. Colo. Jan. 5, 2015), the court denied a Rule 56(d) motion where "Plaintiff states that defendant's production of documents 'will show and prove the casual effect to heart defects by use of ACTOS,' but provides no suggestion as to what probable facts are contained in such documents." Here, SRSA similarly identifies the types of documents it seeks but fails to articulate a single "probable fact" that would be contained in any document. *W.K. ex rel. A.K. v. Howie,* 2016 U.S. Dist. LEXIS 52138, *5-6 (D.N.M. Apr. 18, 2016) ("Plaintiff has simply listed topics into which he would like to investigate. This approach is precisely the type of fishing expedition not permitted under Rule 56(d)."). SRSA does not identify a single "probable fact" that additional discovery would reveal and which is material to the resolution of the summary judgment motions, which alone requires denial of its motion. *Burke*, 462 F.3d at 1264 (affirming denial of Rule 56(d) motion because "[w]hile appellants' affidavit briefly lists the additional discovery they believe necessary, it fails to do so with any specificity, and with any hint of what facts such discovery is expected to unearth."); *Bliss v. Franco¸* 446 F.3d 1036, 1042 (10th Cir. 2006) (affirming denial of 56(d) motion where the affidavit did not "identif[y] any probable facts not available"); *Bagoue v. Developmental Pathways, Inc.*, 2019 WL 4597869, at *7 (D. Colo. Sept. 23, 2019) (denying relief under Rule 56(d) where "[t]he affidavit submitted by plaintiff's counsel fails to identify what, if any, facts plaintiff would expect to find during

additional discovery"); *JAH IP Holdings, LLC v. Mascio*, 2014 WL 6477923, at *3-4 (D. Colo. Nov. 18, 2014).

SRSA argues it needs discovery – not to obtain probable facts supporting its existing claims – but to determine if it has a claim at all. For example, to support its tortious interference claims, SRSA does not identify specific customers and the "probable facts" that would support its claim for intentional interference with that customer. *See generally* ECF 267. Instead, it seeks to discover the identity of PNC's customers and the terms of PNC's relationship with them. ECF 267 at 13 ("Discovery in this area will reveal: Current SRSA customers that PNC has solicited, and the contracts with those customers."). In other words, SRSA's "argument is that it should be allowed to find out if it has a claim rather than that it has a claim for which it needs additional discovery. Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (affirming denial of 56(d) motion); *All Am. Tel. Co. v. AT&T Corp.*, 328 F. Supp. 3d 342, 358, (S.D.N.Y. 2018) ("a party cannot weaponize 56(d) to fish for evidence in hopes of finding out whether it has a claim."); *cf. Snyder Ins. Servs. v. Sohn*, 2017 WL 2839775, at *4 (D. Kan. July 3, 2017) ("A plaintiff who hales a defendant into court for interfering with a contract ought to know – and plead – the contract it lost by the defendant's actionable interference.").

An attempt to find a claim, as opposed to finding specific facts necessary to support one, is not a proper use of Rule 56(d) because "[i]n the Tenth Circuit, courts will not allow one party's 'fishing expedition' to delay judgment on another party's valid motion." *Wagner*, 2019 WL 427733, at *4; *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990) ("Rule

8

56(f) is not a license for a fishing expedition"); *McLaughlin v. Experian Info. Solutions*, 2017 WL 8294271, at *2 (D. Colo. Dec. 28, 2017) ("Rule 56(d) is not a license for a fishing expedition, and mere speculation cannot support a 56(d) motion.") (internal quotations and citations omitted); *Carbajal v. St. Anthony Cent. Hosp.*, 2014 WL 7146185, at *2 (D. Colo. Dec. 15, 2014). Because SRSA failed to identify specific "probable facts," its Rule 56(d) motion must be denied. *Moody v. FMS, Inc.*, 2014 WL 334801, at *2 (D. Colo. Jan. 30, 2014) (denying 56(d) motion where the "affidavit gives no indication of 'the probable facts' that she expected to obtain the anticipated deposition, nor how those facts would rebut the facts alleged in FMS' motion.").

### B. The Remaining Factors Cannot Even Be Considered in Light of SRSA's Failure to Identify Probable Facts.

SRSA must also demonstrate "why these facts cannot be presented without additional time, the "past steps to obtain evidence of these facts," and that "additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny*, 855 F.3d at 1110. Each of the remaining factors requires SRSA to have identified "probable facts" against which the Court could assess, for example, what SRSA did to try to "obtain evidence of these facts" and the extent to which they would rebut Defendants' summary judgment arguments. Because SRSA has not presented any "probable facts" that would rebut Defendants' motions, SRSA fails to satisfy all of these remaining factors that are required for it to prevail on its Rule 56(d) Motion.

### C. The Discovery Identified By SRSA Would Not Impact the Court's Disposition of Defendants' Summary Judgment Motion.

SRSA's motion independently fails because every category of information it identifies is irrelevant to Defendants' arguments on summary judgment, was expressly denied by

Judge Crews, or was previously made available by Defendants during the extensive discovery that has already taken place. *See* Exhibit A (chart mapping SRSA's identified discovery requests to Judge Crews' Order and the lack of relevance of SRSA's discovery requests to rebutting Defendants' summary judgment arguments). As such, SRSA's attempted invocation of Rule 56(d) fails. *See JAH IP Holdings*, 2014 WL 6477923, at *2-3 (denying Rule 56(d) relief in part because plaintiffs already had a fulsome opportunity to conduct discovery); *Bagoue*, 2019 WL 4597869, at *3 (same).

### 1. Trade Secret Claims

Additional discovery will not impact the Court's disposition of SRSA's trade secret claims because the sole issue on Defendants' motion – the existence of any trade secret – is in the exclusive possession, custody, and control of SRSA. ECF 277 at 3. For this reason, SRSA's argument that it needs discovery of all communications with or about *PNC's* actual or potential customers to prove whether *SRSA*'s customer identity and related observations are valuable or generally known is baseless. ECF 267 at 15. Moreover, Judge Crews held these discovery requests are "too broad and unduly burdensome on their face." ECF 277 at 5. In any event, Defendants have already demonstrated that the information is generally known. ECF 283 at 8.[2]

---

[2] SRSA also asserts that it requires information regarding Defendants' Pre-Solicitation product because, according to SRSA, "it appears to copy SRSA's corresponding product feature." ECF 267 at 8. But Defendants' summary judgment argument is that SRSA possesses no evidence that its publicly-advertised Pre-Closing Solicitation product or the strategy behind its development (to make money) is a trade secret, not about the similarities between the products. ECF 283 at 11-12. Moreover, as "SRSA seeks to protect not *its products* or their *publicly-displayed features*," ECF 262 at 21, these documents have no bearing on SRSA's alleged trade secret.

Relatedly, SRSA's stated need for additional documents related to the design and development of PNC Paid to determine whether Defendants misappropriated information from the "procedure documents" is groundless. ECF 267 at 6-9. PNC made a fulsome production of such documents in expedited discovery including the product demo (PNC_00056231) and software architecture manuals (PNC_00041467). Additionally, CGI, the third-party software developer PNC engaged for this project produced over 2,000 documents, including meeting minutes and notes. Thereafter, SRSA deposed Kelly, Tsarnas, Lezack, Lang, Sandt, and Bandanatham (the lead CGI developer). Robbins Decl. at ¶ 5.[3]

Nevertheless, SRSA asserts that it requires a "supplemental production of PNC developments since the end of the expedited-discovery period." ECF 267 at 8. Not so. In response to Defendants' summary judgment motion, SRSA speculated that Kelly may have used the "procedure documents" for the two week period prior to providing them to counsel. ECF 262 at 27. But SRSA already has the documents from that time period and deposed the witnesses involved in the development, which produced no evidence of use. SRSA's mere speculation, without identifying any probable facts, that additional discovery would alter this undisputed documentary and testamentary evidence is insufficient to support a Rule 56(d) motion. *Arciero*, 741 F.3d at 1116 ("Speculation cannot support a Rule 56(d) motion.").

### 2. Tortious Interference Claims

SRSA likewise fails to articulate the "probable facts" that would prevent judgment on its claims for tortious interference. SRSA identifies no existing facts demonstrating

---

[3] SRSA is also precluded from re-deposing Kelly, Tsarnas, Lang, Lezack and Tsarnas regarding PNC's development of PNC Paid. *See* ECF 215 at 11 (prohibiting the re-deposition of any individual on any topic on which they were previously deposed).

11

it possessed a reasonable expectation that it would have otherwise obtained the business or that defendants used improper means in connection with the transactions that SRSA has identified. *See generally* ECF 276.  Rather, SRSA asserts that the Court should defer granting summary judgment in order for SRSA to find *different* customers and *different* transactions on which to base its deficient claim.  *Id.* at 15.  But as Judge Crews held, SRSA is not entitled to conduct what would amount to a fishing expedition by reviewing every communication between PNC and every actual or potential customer.  ECF 277 at 5.  Nothing in the Federal Rules (and certainly not Rule 56(d)) permits SRSA to maintain a "placeholder" claim for tortious interference with the speculative hope that further discovery will permit it to backfill a good faith basis for it.  *Curtis v. Marquez*, 2018 U.S. Dist. LEXIS 181689, at *5 (D. Az. Oct. 23, 2018) ("Plaintiff cannot file a claim in federal court as a placeholder for claims he may discover in the future."); *Sohn*, 2017 WL 2839775, at *4 ("But the era where vague generalizations can serve as placeholder for a claim that may or may not exist has passed.").

### 3. CFAA Claim

SRSA seeks a fishing expedition in a speculative hope of finding a new basis for its claim by obtaining every single document in PNC's possession (not just Kelly's) that identifies SRSA or one of its employees as the author without regard for how it was obtained. *See* ECF 276 at 10.  The CFAA does not impose liability for possession.  To state a claim under the CFAA, SRSA must show that Kelly obtained "unauthorized access" to an SRSA computer or computer system.  ECF 229 at 6-14.  But SRSA was provided access to images of all of Kelly's devices, including her husband's computer, and has physically possessed the New MacBook since Kelly's resignation.  Robbins Decl. at ¶ 4.  Thus, SRSA already knows precisely what

access Kelly had – authorized or unauthorized.  Most fundamentally, no amount of new documents or theories would rebut Defendants' summary judgment argument that SRSA cannot demonstrate loss under the CFAA.  ECF 284 at 4-6.

### 4. Unfair Competition Claim

SRSA asserts that it requires all of PNC's marketing materials and communications with customers regarding PNC's products to rebut Defendants' arguments. ECF 267 at 11.  But Defendants have already produced the former, Robbins Decl. at ¶3, and, as stated above, Judge Crews denied SRSA's motion to compel the latter.  Regardless, none of the information SRSA seeks would rebut Defendants' summary judgment argument because SRSA did not even attempt to satisfy its *prima facie* burden demonstrating that SRSA's generic product names have acquired secondary meaning (*i.e.*, consumers associate the product names with SRSA resulting from SRSA's prolonged, continuous use of them).  ECF 282 at 2-3.  And that information is within the exclusive possession of SRSA.

## IV. CONCLUSION

For the foregoing reasons, SRSA's motion under Fed.R.Civ.P. 56(d) should be denied.

Dated: October 7, 2020

By: */s/ Noah S. Robbins*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank N.A., Heather Kelly, and Alex Tsarnas*

**Compliance With Type-Volume Limitation**

Undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2020, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO SRSA's 56(d) MOTION** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs*

  */s/ Noah S. Robbins*
  Noah S. Robbins