**APPENDIX A**

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 2 Rog to PNC Bank | Describe each customer engagement from January 1, 2018 through present pursuant to which PNC provided PNC's Payments & Escrow Services. For the purposes of this interrogatory, "Describe" means identify the customer, the deal parties, the specific payments and/or escrow service that PNC contracted to provide, the date and Financial Terms of PNC's engagement, the escrow amount (if any), number of payees, PNC's total revenues and profits from the engagement (including escrow interest), and any code name used for the engagement or project. | PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action, that is not proportional to the needs of the case, and is overbroad to the extent it seeks information regarding all customer engagements since January 1, 2018, regardless of their relevance, or lack thereof, to this action. *See, e.g., Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"). In addition, Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC did something wrong. To date in this case, Plaintiffs have been unable to do so. | The Court limits Interrogatory No. 2, as follows: PNC Bank shall identify any Overlapping Customers from January 1, 2018 to the present to whom it provided the referenced services. ECF No. 277 at 8. | No narrowing proposed. |

A-1

1389357

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 6 Rog to PNC Bank | For each customer engagement for PNC's Payments & Escrow Services in which you provided a customer with a payments spreadsheet, identify the payments spreadsheet and the communication by which it was provided. For the purposes of this interrogatory, "identify" means state the name of the file, the date of transmission, the name of the PNC representative who transmitted the payments spreadsheet, the recipient of the transmission, and Bates number of the payments spreadsheet and communications transmitting the same. | PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret. In addition, PNC Bank objects to the broad scope of this Interrogatory because Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC Bank did something wrong. To date in this case, Plaintiffs have been unable to do so. | The Court also limits Interrogatory No. 6, as follows: PNC Bank shall identify any Overlapping Customers to whom it sent a payments spreadsheet, and identify the date it was sent, who sent it, and the recipient of the transmission. ECF No. 277 at 8. | For each PNC's Payments & Escrow Services customer to whom you provided a payments spreadsheet, identify by Bates number the payments spreadsheet and the communication by which it was provided. |

A-2

1389357

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 16 RFP to PNC Fin. | All documents reflecting revenue, profit, or other financial projections created by PNC for PNC's Payments & Escrow Services from 2017 until the present. | PNC Financial objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Financial is withholding documents on the basis of this objection. | The Court sees no relevance to PNC Financials "projected" profits or "other financial projections." The Court will not compel a response to this request. ECF No. 277 at 7. | All final, centrally-maintained documents reflecting financial projections created by PNC between October 1, 2017 and July 31, 2019 for PNC's Payments & Escrow Services. |

A-3

1389357

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 14 RFP to PNC Bank | All documents from January 1, 2018 to the present constituting or reflecting communications between PNC and any potential or actual customer for PNC's Payments & Escrow Services, including but not limited to individuals or entities listed on any version of "HK Contacts" or the Strategic Buyers page of "Firms by Segement," about PNC's Payments & Escrow Services.[1] | PNC Bank objects that this Request is overbroad, not proportional to the needs of the case, and seeks documents that are not relevant to any claim or defense in this action, to the extent it seeks all communications with any potential or actual customer for PNC's Payments & Escrow Services. PNC Bank is withholding documents on the basis of this objection. Subject to and without waiving the foregoing objections, PNC Bank will produce responsive, non-privileged, communications with potential or actual customers for PNC's Payments & Escrow Services that have not been produced if Plaintiffs narrow this Request to identify the specific third parties that they claim are the subject of, or related to, the claims asserted in this lawsuit. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them.  ECF No. 277 at 5. | All documents from January 1, 2018 to the present constituting or reflecting pre-contract solicitation communications between PNC and any potential or actual customer listed in "HK Contacts," the Strategic Buyers page of "Firms by Segement," and/or SRSA's interrogatory responses, and about PNC's Payments & Escrow Services. |

---

[1] As part of the initial meet and confer process, SRSA agreed to narrow this request to pre-contract communications that were part of the sales process (in other words, before the customer agreed to work with PNC on the particular deal in question).

A-4

1389357

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 15 RFP to PNC Bank | All documents constituting or reflecting internal PNC communications relating to setting the Financial Terms for any potential or actual engagement to provide PNC's Payments & Escrow Services. | PNC Bank objects that this Request is not relevant to any claim or defense in this action and is not proportional to the needs of the case because, as explained during the preliminary injunction hearing, PNC has a completely different approach to setting "Financial Terms" for its engagements to provide PNC's Payments & Escrow services as recognized in the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207). Moreover, PNC Bank objects that this Request is not relevant to any claim or defense in this action and not proportional to the needs of the case because the Court held that "neither [SRSA's] prices nor its general pricing strategies can be considered trade secrets." Dkt. 207 at 21. PNC Bank is withholding documents on the basis of these objections. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them.  ECF No. 277 at 5. | All internal PNC communications involving setting prices or financial terms relative to those being offered by any named or unnamed competitor, for PNC's Payments & Escrow Services. |

A-5

1389357

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 16 RFP to PNC Bank | All documents from March 1, 2018 to the present relating to the operational rules, workflows, specifications, business logic, or functionality of PNC's M&A Payments and Escrow Products, such as guidelines, instructions, wikis, memoranda, handbooks, emails, or manuals. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them. ECF No. 277 at 5. | All draft and final versions of specification documents for PNC PAID, Compensation Payments, and Pre-Closing Solicitation, as well the contents of any internal wikis or updated user manuals for these products, and any documents containing or describing Kelly or Tsarnas's contributions to the aforementioned documents. |
| 17 RFP to PNC Bank | All documents from March 1, 2018 to the present relating to efforts to determine the functionality of PNC's M&A Payments and Escrow Products, including but not limited to communications, notes, meeting minutes, photographs, diagrams, calendar invites, or calendar entries regarding the same. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. Moreover, to the extent such documents reflect or relate to the involvement of Ms. Kelly or Mr. Tsarnas, such documents have already been produced. PNC Bank is withholding documents on the basis of this objection. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them. ECF No. 277 at 5. | Documents dated between March 1, 2018 and June 30, 2019 constituting or reflecting, (a) wireframes or mockups for PNC PAID, including those created using the InVision application; (b) JIRA tickets created in connection with the development of PNC's M&A Payments and Escrow Products, and (c) the contributions of Kelly and Tsarnas to determining the functionality of PNC's Deal Dashboard. |

A-6

| # | SRSA's Original Request (see Joyce Decl. Exs. 4, 6, 8) | Defendants' Response (see Joyce Exs. 5, 7, 9) | Magistrate's Ruling (ECF No. 277) | SRSA's Narrowed Request |
|---|---|---|---|---|
| 21 RFP to PNC Bank | All documents, from March 1, 2018 to the present, relating to the development, modification, enhancement, or re-development of any payment spreadsheet in connection with PNC's provision of PNC's Payments & Escrow Services. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payment spreadsheet is not a protectable, confidential trade secret. PNC Bank is withholding documents based on this objection. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them.  ECF No. 277 at 5. | Documents to or from Kelly or Tsarnas regarding the development of PNC's payment spreadsheet and/or documents reflecting Kelly's and Tsarnas's input regarding the development or re-development of PNC's payment spreadsheet. |
| 25 RFP to PNC Bank | All documents relating to PNC's decision to include the following products within PNC's M&A Payments and Escrow Products: Optionholder Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard. | PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection. | These requests are too broad and unduly burdensome on their face…The Court will not compel responses to these requests. Further, given their numerosity and the sheer breadth of each request, the Court will not endeavor to narrow them.  ECF No. 277 at 5. | Documents reflecting contributions by Kelly and/or Tsarnas to PNC's decision to include Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard in its suite of products. |