# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES LLC'S REQUESTS FOR PRODUCTION TO DEFENDANT PNC BANK, N.A.

---

1

1385593

Pursuant to the Court's May 29, 2020 Scheduling Order and Rule 34 of the Federal Rules of Civil Procedure, Defendant PNC Financial Services Group, Inc. shall serve written objections and responses to Plaintiff Shareholder Representative Services LLC's Requests for Production no later than July 22, 2020.  Defendants shall complete their document production in accordance with the Definitions and Instructions herein, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111.  If, after producing the requested documents and materials, Defendants obtain or become aware of any further responsive documents or materials, Defendants must promptly produce to Plaintiffs such additional documents and materials.

## **DEFINITIONS**

1.      The term "you" or "your" or "PNC" shall refer to PNC Bank, N.A., PNC Financial Services Group, Inc. (collectively, "PNC") as well as any of PNC's parents, subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, employees, agents, shareholders, representatives, attorneys, advisors, and any individual or entity acting on behalf or at the direction of PNC.

2.      The term "Defendants" shall refer to PNC, Heather Kelly, and Alex Tsarnas.

3.      The term "Tsarnas" shall refer to Defendant Alex Tsarnas, and any other persons or entities acting or purporting to act on his behalf.

4.      The term "Kelly" shall refer to Defendant Heather Kelly, and any other persons or entities acting or purporting to act on her behalf.

5.      The term "this Action" shall mean *SRS Acquiom, Inc. v. PNC Financial Services Group, Inc., et. al.,* No.1:19-cv-02005-DDD-SKC, currently pending in the United States District Court for Colorado.

1

6.      The term "SRSA" shall refer to Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC, collectively, and their employees, affiliates, divisions, representatives, and all other persons or entities acting or purporting to act on their behalves.

7.      The term "SRSA's M&A Payments and Escrow Products" refers to the suite of online merger and acquisition payments products released by SRSA, including but not limited to Acquiom Clearinghouse, Acquiom Compensation Payments ("ACP") aka Acquiom Employee Solutions ("AES"), Deal Dashboard aka "Buyer Portal", and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

8.      The terms "PNC's M&A Payments and Escrow Products" refers to any one of the suite of online merger and acquisition payments products released by PNC, including but not limited to PNC Paid, Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

9.      The terms "PNC's Payments & Escrow Services" refers to PNC's provision of paying-agent and escrow agent services in connection with mergers-and-acquisitions transactions and customer engagements, including through the provision of any or all of PNC's M&A Payments and Escrow Products.

10.     The term "Financial Terms" refers to all financial terms for providing PNC's Payments & Escrow Services, including but not limited to all fees or costs charged by PNC to a potential or actual customer for PNC's Payments & Escrow Services, the waiver of any such fees or costs in exchange for other services, and the terms of any arrangement for PNC to manage an

2

escrow in connection with a deal for PNC's Payments & Escrow Services, including any term providing how to allocate amounts or percentages of interest earned on the escrow.

11. The term "HK Contacts" refers to any and all versions or derivations of the document created by Heather Kelly on or around March 7, 2018 titled "HK Contacts.xlsx," one example of which is **SRSAvPKT00089461.**

12. The term "Firms by Segement" (sic) refers to any and all versions or derivations of the PNC spreadsheet titled "Firms by segement," one example of which is **PNC_00037886.**

13. The term "Strategic Buyers" refers to a tab on certain versions of the "Firms by Segement" (sic) spreadsheet bearing that name, and any and all versions or derivations of that particular tab.

14. The term "version" refers to all iterations, copies, variations, derivations, or derivatives.

15. The terms "document" or "documents" shall mean and include all things within the meaning and scope of those terms as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. Documents includes but is not limited to communications, papers, agreements, contracts, notes, drafts, memoranda, meeting minutes, presentations, presentation materials, letters, telegrams, statements, invoices, personal diaries, records, reports, summaries, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, flash drives, iCloud files, JIRA tickets, message boards, databases, Salesforce/SAP/CRM (Customer Relationship Management) records,

3

1385593

spreadsheets, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, photographs, and manuals, including metadata for any such material, of which the responding party has knowledge or information, either in the responding party's possession or under the responding party's custody or control, and regardless of who has maintained custody of such documents, and includes all original, copies, versions, and drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists.

16.     The terms "communication" or "communications" shall mean every manner or method of disclosing, transferring, transmitting, printing, photocopying, photographing, or exchanging information, whether in writing, electronically or on paper, and whether by mail, facsimile, email, internet communication, text, iMessage, Skype, social media (Facebook, LinkedIn, Instagram) face-to-face, telephone including but not limited to voicemail, other records of telephone calls, oral communications or otherwise.

17.     The terms "referring," "relating," "regarding," or "concerning" (and all variations on these words) shall be construed in their most inclusive sense, and shall mean reflecting, pertaining to, consisting of, evidencing, describing, identifying, comprising, mentioning, or in any way logically or factually connecting with the matter discussed.  A document "referring to" or "relating to" a given subject is any document that reflects, constitutes, contains, embodies, pertains to, mentions, consists of, comprises, shows, comments on, evidences, describes, or in any other way references that subject.

1385593

18.     The term "each" shall include "every" and vice versa; and the term "any" shall include "all" and vice versa, as necessary to bring within the scope of the answer that which might otherwise be construed to be outside the scope of the request.

19.     Use of the singular also includes the plural and vice-versa, even for the above defined terms.

20.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

## INSTRUCTIONS

1.     You are required to take immediate steps to preserve and maintain all potentially responsive documents and computing devices, including electronic data, if you have not already done so.

2.     In responding to these Requests, you are required to furnish all responsive documents in your possession, custody, or control.  A document is in your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.     If a responsive document was in your possession, custody, or control at one time, but is no longer available for production, identify the document and state the following information with respect to each such document: (a) whether the document is missing or lost; (b) whether the document has been destroyed, and if so, at whose direction or in accordance with what policy; (c) whether the document has been transferred, sent, or delivered to another person, and if so, at whose request; (d) whether the document has been otherwise disposed of; and (e) a

5

precise statement describing the circumstances surrounding the disposition of the document and the date of its disposition.

4.      The documents requested shall be produced as they are kept in the usual course of business and in compliance with the ESI Order entered by the court on September 5, 2019.  *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information).  *See also*, Fed. R. Civ. P 34(b)(2)(E)(i).

5.      You shall produce all non-identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of handwritten notes thereon.

6.      If you cannot fully respond to the following Requests after exercising due diligence to secure the information requested, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what knowledge, information or belief you have concerning the unanswered portion of any such Requests.

7.      These requests are specifically intended to encompass all documents and communications, whether stored electronically or in hard copy/paper form, including but not limited to emails sent from personal email accounts.

8.      When searching for documents related to or concerning SRSA or SRSA's M&A Payments and Escrow Products, Defendants should use at least the following search terms:  SRS, Acquiom, SRSA, SRS, Clearinghouse, ACP, Acquiom Compensation Payments, Acquiom Employee Services, AES, Deal Dashboard, Deals Dashboard, Buyer Portal, Enhanced Document Collection, ECP, Pre-Closing Solicitation, PCS, and any internal PNC name or code for SRSA or

SRSA products. This list is not all-inclusive and does not relieve PNC of its obligations to produce documents PNC knows or reasonably should know would be considered relevant to the below requests for production as defined in Fed. R. Civ. P. 26(b)(1) even if those documents fall outside of the limited set of terms provided.

9.      Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary. For example, tabs, file folders with labels, or directories of files, or copies thereof, identifying documents must be produced intact with such documents.

10.     Documents attached to each other (i.e. a document "family") shall not be separated for purposes of production.

11.     If any requested document or information is withheld under a claim of privilege, please provide all documents or information falling within the scope of the Request which is not privileged, produce documents with designated and identifiable privilege redactions to the extent possible, and for each document or item of information to which a claim of privilege is made, furnish privilege or redaction logs. The privilege logs must comply with and contain the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pp. 14 – 16.

12.     If you produce a document in an incomplete or redacted format, you should provide an accompanying redaction log that complies with and contains the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pg. 16.

13.     If you object to any portion of any request, respond to the portions to which your objection does not apply.

14.     If in answering these requests you claim any ambiguity in either the request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used to respond.

15.     Your obligation to respond to these Document Requests is continuing, and you should supplement your responses and production in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any SRSA potential, actual, or former customer for SRSA's M&A Payments and Escrow Products, including but not limited to documents reflecting discussion of SRSA's relationships, contracts, negotiations or business dealings with any such potential, actual, or former customer.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to the development or use of any version of the "Firms by Segement" document and any documents derived therefrom, including but not limited to all versions of "Firms by Segement" and any documents containing substantially the same information, all communications and calendar invites/entries related to any meetings at which any such document was circulated, presented, or discussed, and all documents referring to any version of "Firms by Segement," documents derived therefrom, or information contained therein.

1385593

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to the development or use of any version of the "HK Contacts" document and any documents derived therefrom, including but not limited to all versions of "HK Contacts" and any documents containing substantially the same information, all communications and calendar invites/entries related to any meetings at which any such document was circulated, presented, or discussed, and all documents referring to any version of "HK Contacts," documents derived therefrom, or information contained therein.

**REQUEST FOR PRODUCTION NO. 14:**

All documents from January 1, 2018 to the present constituting or reflecting communications between PNC and any potential or actual customer for PNC's Payments & Escrow Services, including but not limited to individuals or entities listed on any version of "HK Contacts" or the Strategic Buyers page of "Firms by Segement," about PNC's Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 15:**

All documents constituting or reflecting internal PNC communications relating to setting the Financial Terms for any potential or actual engagement to provide PNC's Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 16:**

All documents from March 1, 2018 to the present relating to the operational rules, workflows, specifications, business logic, or functionality of PNC's M&A Payments and Escrow Products, such as guidelines, instructions, wikis, memoranda, handbooks, emails, or manuals.

1385593

**REQUEST FOR PRODUCTION NO. 17:**

All documents from March 1, 2018 to the present relating to efforts to determine the functionality of PNC's M&A Payments and Escrow Products, including but not limited to communications, notes, meeting minutes, photographs, diagrams, calendar invites, or calendar entries regarding the same.

**REQUEST FOR PRODUCTION NO. 18:**

All documents reflecting Defendants' efforts to identify customers or potential customers, sources of business, sources of referral, and/or market segments relating to PNC's sale and marketing of PNC's Payments & Escrow Services, including documents reflecting PNC's efforts to prioritize potential customers for its sales and marketing efforts.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting or discussing PNC's analyses of any products that compete with PNC's Payments & Escrow Services, including but not limited to any study, focus group, comparison, or market research between PNC's M&A Payments & Escrow Products and one or more of its competitors' products.

**REQUEST FOR PRODUCTION NO. 20:**

All documents discussing or referring to Fortis's FORECAST or FORSITE products in connection with PNC's efforts to develop, market, or sell PNC Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, from March 1, 2018 to the present, relating to the development, modification, enhancement, or re-development of any payment spreadsheet in connection with PNC's provision of PNC's Payments & Escrow Services.

1385593

**REQUEST FOR PRODUCTION NO. 22:**

All documents constituting or reflecting the contributions of any former SRSA employee to the development, modification or planning for PNC's Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the allocation of credit to any former SRSA employee for bringing in, working on, or managing the escrow for any customer engagement for PNC's Payments & Escrow Services, in connection with calculating that former SRSA employee's incentive compensation under their employment agreement with PNC or any other commission and/or bonus payments.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to, discussing or describing efforts to by PNC to sell, or convince to utilize, PNC's Payments & Escrow Services to any individual or company listed on any version of "HK Contacts" or the "Strategic Buyers" page of "Firms by Segement."

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to PNC's decision to include the following products within PNC's M&A Payments and Escrow Products: Optionholder Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard.

**REQUEST FOR PRODUCTION NO. 26:**

All documents identified in your responses to SRSA's First Set of Interrogatories to PNC.

1385593

Respectfully submitted,

Dated:  June 22, 2020

By:   /s/ Warren A. Braunig
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:        415-391-5400
Facsimile:        415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:        303 863 9700
Facsimile:        303 863 0223
Email:       litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

12

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On June 22, 2020, I served the following document(s):

**PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES LLC'S REQUESTS FOR PRODUCTION TO DEFENDANT PNC BANK, N.A.**

☑ by **E-MAIL VIA PDF FILE**, per the parties electronic service agreement, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

James Forrest Bennett                    Attorneys for Defendants
Dowd Bennett LLP St. Louis
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO  63105
Telephone:  314.889.7300
Facsimile:  314.863.2111
Jbennett@dowdbennett.com

Matthew E. Johnson                      Attorneys for Defendants
Dowd Bennett LLP Denver
1775 Sherman Street, Suite 2010
Denver, CO  80203
Telephone:  303.353.4361
Facsimile:  314.863.2111
mjohnson@dowdbennett.com

Hara K. Jacobs                          Attorneys for Defendants
Noah A. Robbins
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel 215.665.8500
Fax 215.864.8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

1

Matthew C. Miller                                    Attorneys for Plaintiffs
Scott R. Bialecki
SHERIDAN ROSS, P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
sheridan-srs@sheridanross.com

Executed on June 22, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Laresa Brown

1335310