# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

Plaintiffs,
v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation, PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and ALEX TSARNAS, an individual,

Defendants.

**PNC BANK N.A.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Court's Scheduling Order (Dkt. 215), Defendant PNC Bank, N.A., ("PNC Bank"), by and through undersigned counsel, objects and responds to the Second Set of Requests for Production of Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") as follows:

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any SRSA potential, actual, or former customer for SRSA's M&A Payments and Escrow Products, including but not limited to documents reflecting discussion of SRSA's relationships, contracts, negotiations or business dealings with any such potential, actual, or former customer.

**RESPONSE:** PNC Bank objects to the Request as vague and overbroad to the extent it seeks the production of all documents relating to any SRSA potential, actual, or former customer

1

for SRSA's M&A Payments and Escrow Products regardless of the relevance, or lack thereof, of any particular document. PNC Bank does not know who SRSA's customers are, and therefore it cannot adequately or sufficiently respond to this Request. PNC Bank previously produced documents involving its customers that mentioned SRSA, and PNC Bank refers Defendants to that earlier production.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to the development or use of any version of the "Firms by Segement" document and any documents derived therefrom, including but not limited to all versions of "Firms by Segement" and any documents containing substantially the same information, all communications and calendar invites/entries related to any meetings at which any such document was circulated, presented, or discussed, and all documents referring to any version of "Firms by Segement," documents derived therefrom, or information contained therein.

**RESPONSE:** PNC Bank will produce non-privileged documents responsive to this Request, to the extent they exist and have not already been produced in this action.

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to the development or use of any version of the "HK Contacts" document and any documents derived therefrom, including but not limited to all versions of "HK Contacts" and any documents containing substantially the same information, all communications and calendar invites/entries related to any meetings at which any such document was circulated, presented, or discussed, and all documents referring to any version of "HK Contacts," documents derived therefrom, or information contained therein.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt.

2

207), which held that the contact list is not a protectable, confidential trade secret.  PNC is withholding documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 14:**

All documents from January 1, 2018 to the present constituting or reflecting communications between PNC and any potential or actual customer for PNC's Payments & Escrow Services, including but not limited to individuals or entities listed on any version of "HK Contacts" or the Strategic Buyers page of "Firms by Segement," about PNC's Payments & Escrow Services.

**RESPONSE:**  PNC Bank objects that this Request is overbroad, not proportional to the needs of the case, and seeks documents that are not relevant to any claim or defense in this action, to the extent it seeks all communications with any potential or actual customer for PNC's Payments & Escrow Services.  PNC Bank is withholding documents on the basis of this objection.

Subject to and without waiving the foregoing objections, PNC Bank will produce responsive, non-privileged, communications with potential or actual customers for PNC's Payments & Escrow Services that have not been produced if Plaintiffs narrow this Request to identify the specific third parties that they claim are the subject of, or related to, the claims asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**

All documents constituting or reflecting internal PNC communications relating to setting the Financial Terms for any potential or actual engagement to provide PNC's Payments & Escrow Services.

**RESPONSE:**  PNC Bank objects that this Request is not relevant to any claim or defense in this action and is not proportional to the needs of the case because, as explained during the

3

preliminary injunction hearing, PNC has a completely different approach to setting "Financial Terms" for its engagements to provide PNC's Payments & Escrow services as recognized in the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207). Moreover, PNC Bank objects that this Request is not relevant to any claim or defense in this action and not proportional to the needs of the case because the Court held that "neither [SRSA's] prices nor its general pricing strategies can be considered trade secrets."  Dkt. 207 at 21.  PNC Bank is withholding documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 16:**

All documents from March 1, 2018 to the present relating to the operational rules, workflows, specifications, business logic, or functionality of PNC's M&A Payments and Escrow Products, such as guidelines, instructions, wikis, memoranda, handbooks, emails, or manuals.

**RESPONSE:**  PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case.  This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret.  PNC is withholding documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 17:**

All documents from March 1, 2018 to the present relating to efforts to determine the functionality of PNC's M&A Payments and Escrow Products, including but not limited to communications, notes, meeting minutes, photographs, diagrams, calendar invites, or calendar entries regarding the same.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case.  This is

4

particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. Moreover, to the extent such documents reflect or relate to the involvement of Ms. Kelly or Mr. Tsarnas, such documents have already been produced. PNC Bank is withholding documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 18:**

All documents reflecting Defendants' efforts to identify customers or potential customers, sources of business, sources of referral, and/or market segments relating to PNC's sale and marketing of PNC's Payments & Escrow Services, including documents reflecting PNC's efforts to prioritize potential customers for its sales and marketing efforts.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the contact list is not a protectable, confidential trade secret. PNC Bank further objects that this Request is overbroad and disproportionate to the needs of the case to the extent it includes all documents regarding any employee of any Defendant attempting to identify customers or potential referral sources without regard for the involvement, or lack of involvement, of Ms. Kelly or Mr. Tsarnas. PNC Bank further objects to the Request as overbroad and disproportionate to the needs of the case as SRSA has not contended that the identity of referral sources, *i.e.*, attorneys at law firms, are protectable and has asserted the opposite under oath to a federal court in Minnesota. PNC Bank is withholding documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting or discussing PNC's analyses of any products that compete with

5

PNC's Payments & Escrow Services, including but not limited to any study, focus group, comparison, or market research between PNC's M&A Payments & Escrow Products and one or more of its competitors' products.

**RESPONSE:** PNC Bank has already produced any documents that would be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents discussing or referring to Fortis's FORECAST or FORSITE products in connection with PNC's efforts to develop, market, or sell PNC Payments & Escrow Services.

**RESPONSE:** PNC Bank has no responsive, non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, from March 1, 2018 to the present, relating to the development, modification, enhancement, or re-development of any payment spreadsheet in connection with PNC's provision of PNC's Payments & Escrow Services.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payment spreadsheet is not a protectable, confidential trade secret. PNC Bank is withholding documents based on this objection.

**REQUEST FOR PRODUCTION NO. 22:**

All documents constituting or reflecting the contributions of any former SRSA employee to the development, modification or planning for PNC's Payments & Escrow Services.

**RESPONSE:** PNC Bank will produce non-privileged documents responsive to this Request, to the extent they exist and have not already been produced.

6

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the allocation of credit to any former SRSA employee for bringing in, working on, or managing the escrow for any customer engagement for PNC's Payments & Escrow Services, in connection with calculating that former SRSA employee's incentive compensation under their employment agreement with PNC or any other commission and/or bonus payments.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. PNC Bank is withholding documents based on this objection.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to, discussing or describing efforts to by PNC to sell, or convince to utilize, PNC's Payments & Escrow Services to any individual or company listed on any version of "HK Contacts" or the "Strategic Buyers" page of "Firms by Segement."

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the contact list is not a protectable, confidential trade secret. PNC Bank is withholding documents on the basis of this objection.

PNC Bank further objects that this Request is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents relating to "any" individual company or company listed on any version of "HK Contacts" or the "Strategic Buyers" page of "Firms by Segement." PNC Bank is withholding documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to PNC's decision to include the following products within PNC's

7

M&A Payments and Escrow Products: Optionholder Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard.

**RESPONSE:** PNC Bank objects that this Request seeks documents that are not relevant to any claim or defense in this action and is not proportional to the needs of the case. This is particularly true in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that SRSA's product development strategies are not a protectable, confidential trade secret. PNC is withholding documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 26:**

All documents identified in your responses to SRSA's First Set of Interrogatories to PNC.

**RESPONSE:** PNC Bank will produce non-privileged documents responsive to this Request, to the extent they exist.

Dated: July 22, 2020

By: */s/ James F. Bennett*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

8

                                          Hara K. Jacobs
                                          Noah S. Robbins
                                          **BALLARD SPAHR LLP**
                                          1735 Market Street, 51st Floor
                                          Philadelphia, PA 19103-7599
                                          Telephone: 215-668-8500
                                          Facsimile: 215-864-8999
                                          jacobsh@ballardspahr.com
                                          robbinsn@ballardspahr.com

                                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2020, a true and correct copy of the foregoing document was served on the following attorneys of record by electronic mail:

Warren A. Braunig
Benjamin D. Rothstein
Maya Karwande
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiff*
SRS Acquiom Inc., a Delaware corporation and
Shareholder Representative Services LLC,
a Colorado limited liability company

*/s/ Matthew E. Johnson*
Matthew E. Johnson