# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES, LLC'S REQUESTS
FOR PRODUCTION TO DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.**

1

Pursuant to the Court's May 29, 2020 Scheduling Order and Rule 34 of the Federal Rules of Civil Procedure, Defendant PNC Financial Services Group, Inc. shall serve written objections and responses to Plaintiff Shareholder Representative Services LLC's Requests for Production no later than July 22, 2020. Defendants shall complete their document production in accordance with the Definitions and Instructions herein, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111. If, after producing the requested documents and materials, Defendants obtain or become aware of any further responsive documents or materials, Defendants must promptly produce to Plaintiffs such additional documents and materials.

## DEFINITIONS

1. The term "you" or "your" or "PNC" shall refer to PNC Financial Services Group, Inc., and PNC Bank, N.A. (collectively, "PNC") as well as any of PNC's parents, subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, employees, agents, shareholders, representatives, attorneys, advisors, and any individual or entity acting on behalf or at the direction of PNC.

2. The term "Defendants" shall refer to PNC, Heather Kelly, and Alex Tsarnas.

3. The term "Tsarnas" shall refer to Defendant Alex Tsarnas, and any other persons or entities acting or purporting to act on his behalf.

4. The term "Kelly" shall refer to Defendant Heather Kelly, and any other persons or entities acting or purporting to act on her behalf.

5. The term "this Action" shall mean *SRS Acquiom, Inc. v. PNC Financial Services Group, Inc., et. al.,* No.1:19-cv-02005-DDD-SKC, currently pending in the United States District Court for Colorado.

1

6. The term "SRSA" shall refer to Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC, collectively, and their employees, affiliates, divisions, representatives, and all other persons or entities acting or purporting to act on their behalves.

7. The term "SRSA's M&A Payments and Escrow Products" refers to the suite of online merger and acquisition payments products released by SRSA, including but not limited to Acquiom Clearinghouse, Acquiom Compensation Payments ("ACP") aka Acquiom Employee Solutions ("AES"), Deal Dashboard aka "Buyer Portal", and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

8. The terms "PNC's M&A Payments and Escrow Products" refers to any one of the suite of online merger and acquisition payments products released by PNC, including but not limited to PNC Paid, Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

9. The terms "PNC's Payments & Escrow Services" refers to PNC's provision of paying-agent and escrow agent services in connection with mergers-and-acquisitions transactions and customer engagements, including through the provision of any or all of PNC's M&A Payments and Escrow Products.

10. The term "Financial Terms" refers to all financial terms for providing PNC's Payments & Escrow Services, including but not limited to all fees or costs charged by PNC to a potential or actual customer for PNC's Payments & Escrow Services, the waiver of any such fees or costs in exchange for other services, and the terms of any arrangement for PNC to manage an

escrow in connection with a deal for PNC's Payments & Escrow Services, including any term providing how to allocate amounts or percentages of interest earned on the escrow.

11. The term "HK Contacts" refers to any and all versions of the document created by Heather Kelly on or around March 7, 2018 titled "HK Contacts.xlsx," one example of which is **SRSAvPKT00089461.**

12. The term "Firms by Segement" (sic) refer to any and all versions of the PNC spreadsheet titled "Firms by segement," one example of which is **PNC_00037886.**

13. The term "version" refers to all iterations, copies, variations, derivations, or derivatives.

14. The terms "document" or "documents" shall mean and include all things within the meaning and scope of those terms as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. Documents includes but is not limited to communications, papers, agreements, contracts, notes, drafts, memoranda, meeting minutes, presentations, presentation materials, letters, telegrams, statements, invoices, personal diaries, records, reports, summaries, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, flash drives, iCloud files, JIRA tickets, message boards, databases, Salesforce/SAP/CRM (Customer Relationship Management) records, spreadsheets, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, photographs, and manuals, including metadata for any such material, of which the responding party has knowledge or

information, either in the responding party's possession or under the responding party's custody or control, and regardless of who has maintained custody of such documents, and includes all original, copies, versions, and drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists.

15. The terms "communication" or "communications" shall mean every manner or method of disclosing, transferring, transmitting, printing, photocopying, photographing, or exchanging information, whether in writing, electronically or on paper, and whether by mail, facsimile, email, internet communication, text, SMS, WhatsApp, SnapChat, Slack, Signal, iMessage, Skype, social media (Facebook, LinkedIn, Instagram) face-to-face, telephone including but not limited to voicemail, other records of telephone calls, oral communications or otherwise.

16. The terms "referring," "relating," "regarding," or "concerning" (and all variations on these words) shall be construed in their most inclusive sense, and shall mean reflecting, pertaining to, consisting of, evidencing, describing, identifying, comprising, mentioning, or in any way logically or factually connecting with the matter discussed. A document "referring to" or "relating to" a given subject is any document that reflects, constitutes, contains, embodies, pertains to, mentions, consists of, comprises, shows, comments on, evidences, describes, or in any other way references that subject.

17. The term "each" shall include "every" and vice versa; and the term "any" shall include "all" and vice versa, as necessary to bring within the scope of the answer that which might otherwise be construed to be outside the scope of the request.

18. Use of the singular also includes the plural and vice-versa, even for the above defined terms.

19. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

## INSTRUCTIONS

1. You are required to take immediate steps to preserve and maintain all potentially responsive documents and computing devices, including electronic data, if you have not already done so.

2. In responding to these Requests, you are required to furnish all responsive documents in your possession, custody, or control. A document is in your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. If a responsive document was in your possession, custody, or control at one time, but is no longer available for production, identify the document and state the following information with respect to each such document: (a) whether the document is missing or lost; (b) whether the document has been destroyed, and if so, at whose direction or in accordance with what policy; (c) whether the document has been transferred, sent, or delivered to another person, and if so, at whose request; (d) whether the document has been otherwise disposed of; and (e) a precise statement describing the circumstances surrounding the disposition of the document and the date of its disposition.

1386271

4. The documents requested shall be produced as they are kept in the usual course of business and in compliance with the ESI Order entered by the court on September 5, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information). *See also*, Fed. R. Civ. P 34(b)(2)(E)(i).

5. You shall produce all non-identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of handwritten notes thereon.

6. If you cannot fully respond to the following Requests after exercising due diligence to secure the information requested, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what knowledge, information or belief you have concerning the unanswered portion of any such Requests.

7. These requests are specifically intended to encompass all documents and communications, whether stored electronically or in hard copy/paper form, including but not limited to emails sent from personal email accounts.

8. When searching for documents related to or concerning SRSA or SRSA's M&A Payments and Escrow Products, Defendants should use at least the following search terms: SRS, Acquiom, SRSA, SRS, Clearinghouse, ACP, Acquiom Compensation Payments, Acquiom Employee Services, AES, Deal Dashboard, Deals Dashboard, Buyer Portal, Enhanced Document Collection, ECP, Pre-Closing Solicitation, PCS, and any internal PNC name or code for SRSA or SRSA products. This list is not all-inclusive and does not relieve PNC of its obligations to produce documents PNC knows or reasonably should know would be considered relevant to the

below requests for production as defined in Fed. R. Civ. P. 26(b)(1) even if those documents fall outside of the limited set of terms provided.

9. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary. For example, tabs, file folders with labels, or directories of files, or copies thereof, identifying documents must be produced intact with such documents.

10. Documents attached to each other (i.e. a document "family") shall not be separated for purposes of production.

11. If any requested document or information is withheld under a claim of privilege, please provide all documents or information falling within the scope of the Request which is not privileged, produce documents with designated and identifiable privilege redactions to the extent possible, and for each document or item of information to which a claim of privilege is made, furnish privilege or redaction logs. The privilege logs must comply with and contain the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pp. 14 – 16.

12. If you produce a document in an incomplete or redacted format, you should provide an accompanying redaction log that complies with and contains the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pg. 16.

13. If you object to any portion of any request, respond to the portions to which your objection does not apply.

14. If in answering these requests you claim any ambiguity in either the request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used to respond.

15. Your obligation to respond to these Document Requests is continuing, and you should supplement your responses and production in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 11:**

All documents comprising, constituting, reflecting or containing any lists of potential customers or sources of business or referrals for PNC's Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show each piece of marketing or sales collateral used by PNC in its efforts to market and sell PNC Payments & Escrow Services.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the job performance, evaluation, or reason(s) for hiring Heather Kelly and Alex Tsarnas, including but not limited to quarterly or annual performance appraisals, bonus determinations, or recommendations for promotion, demotion, or termination.

**REQUEST FOR PRODUCTION NO. 14:**

All documents discussing or related to Tsarnas's departure from PNC.

**REQUEST FOR PRODUCTION NO. 15:**

All demand letters, draft complaints, notices, or any other document PNC sent to third parties regarding any legal action for trade secret misappropriation, unfair competition, or to

enforce non-competition and non-solicit agreements by PNC relating to any of PNC's products or services.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting revenue, profit, or other financial projections created by PNC for PNC's Payments & Escrow Services from 2017 until the present.

**REQUEST FOR PRODUCTION NO. 17:**

Documents relating to any efforts by PNC, whether successful or not, to purchase or obtain a license to technology or intellectual property relating to making, processing or tracking payments, from January 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

Documents relating to any efforts by PNC, whether successful or not, to purchase, sell or license any technology, property, or rights relating to the provision of PNC's Payments & Escrow Services, from January 1, 2012 to the present.

                                    Respectfully submitted,

Dated:  June 22, 2020                By:   /s/ Warren A. Braunig
                                    Warren A. Braunig
                                    *wbraunig@keker.com*
                                    Michelle S. Ybarra
                                    *mybarra@keker.com*
                                    Benjamin D. Rothstein
                                    *brothstein@keker.com*
                                    Victor H. Yu
                                    *vyu@keker.com*
                                    KEKER, VAN NEST & PETERS LLP
                                    633 Battery Street
                                    San Francisco, CA 94111-1809
                                    Telephone:     415-391-5400
                                    Facsimile:      415-397-7188

                                    SHERIDAN ROSS P.C.
                                    Scott R. Bialecki
                                    *sbialecki@sheridanross.com*
                                    Matthew C. Miller
                                    *mmiller@sheridanross.com*
                                    1560 Broadway, Suite 1200
                                    Denver, Colorado 80202
                                    Telephone:     303 863 9700
                                    Facsimile:      303 863 0223
                                    Email:     litigation@sheridanross.com

                                    Attorneys for Plaintiffs
                                    SRS ACQUIOM INC. AND
                                    SHAREHOLDER REPRESENTATIVE
                                    SERVICES LLC

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On June 22, 2020, I served the following document(s):

**PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES, LLC'S REQUESTS FOR PRODUCTION TO DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.**

☑ by **E-MAIL VIA PDF FILE**, per the parties electronic service agreement, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| James Forrest Bennett<br>Dowd Bennett LLP St. Louis<br>7733 Forsyth Boulevard, Suite 1410<br>St. Louis, MO  63105<br>Telephone:  314.889.7300<br>Facsimile:   314.863.2111<br>Jbennett@dowdbennett.com | Attorneys for Defendants |
| Matthew E. Johnson<br>Dowd Bennett LLP Denver<br>1775 Sherman Street, Suite 2010<br>Denver, CO  80203<br>Telephone:  303.353.4361<br>Facsimile:   314.863.2111<br>mjohnson@dowdbennett.com | Attorneys for Defendants |
| Hara K. Jacobs<br>Noah A. Robbins<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Tel 215.665.8500<br>Fax 215.864.8999<br>jacobsh@ballardspahr.com<br>robbinsn@ballardspahr.com | Attorneys for Defendants |

1

1335310

| | |
|---|---|
| Matthew C. Miller<br>Scott R. Bialecki<br>SHERIDAN ROSS, P.C.<br>1560 Broadway, Suite 1200<br>Denver, CO 80202-5141<br>sheridan-srs@sheridanross.com | Attorneys for Plaintiffs |

Executed on June 22, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Laresa Brown

2

1335310