# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT PNC BANK, N.A.**

1

1383677

Pursuant to Pursuant to the Court's May 29, 2020 Scheduling Order and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Shareholder Representative Services, LLC requests that Defendant PNC Bank, N.A. provide sworn answers to the following written interrogatories within thirty (30) days of service in accordance with the definitions and instructions herein.

## DEFINITIONS

1. The term "you" or "your" or "PNC" shall refer to PNC Financial Services Group, Inc., and PNC Bank, N.A. (collectively, "PNC") as well as any of PNC's parents, subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, employees, agents, shareholders, representatives, attorneys, advisors, and any individual or entity acting on behalf or at the direction of PNC.

2. The term "Defendants" shall refer to PNC, Heather Kelly, and Alex Tsarnas.

3. The term "Tsarnas" shall refer to Defendant Alex Tsarnas, and any other persons or entities acting or purporting to act on his behalf.

4. The term "Kelly" shall refer to Defendant Heather Kelly, and any other persons or entities acting or purporting to act on her behalf.

5. The term "this Action" shall mean *SRS Acquiom, Inc. v. PNC Financial Services Group, Inc., et. al.,* No.1:19-cv-02005-DDD-SKC, currently pending in the United States District Court for Colorado.

6. The term "SRSA" shall refer to Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC, collectively, and their employees, affiliates, divisions, representatives, and all other persons or entities acting or purporting to act on their behalves.

1

1383677

7. The term "SRSA's M&A Payments and Escrow Products" refers to the suite of online merger and acquisition payments products released by SRSA, including but not limited to Acquiom Clearinghouse, Acquiom Compensation Payments ("ACP") aka Acquiom Employee Services ("AES"), Deal Dashboard aka "Buyer Portal", and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

8. The terms "PNC's M&A Payments and Escrow Products" refers to any one of the suite of online merger and acquisition payments products released by PNC, including but not limited to PNC Paid, Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

9. The terms "PNC's Payments & Escrow Services" refers to PNC's provision of paying-agent and escrow agent services in connection with mergers-and-acquisitions transactions and customer engagements, including through the provision of any or all of PNC's M&A Payments and Escrow Products.

10. The term "Financial Terms" refers to all financial terms for providing PNC's Payments & Escrow Services, including but not limited to all fees or costs charged by PNC to a potential or actual customer for PNC's Payments & Escrow Services, the waiver of any such fees or costs in exchange for other services, and the terms of any arrangement for PNC to manage an escrow in connection with a deal for PNC's Payments & Escrow Services, including any term providing how to allocate amounts or percentages of interest earned on the escrow.

1383677

11. The term "version" refers to original information, including but not limited to a document's iterations, copies, variations, derivations, modifications, amendments, edits, or derivatives.

12. The terms "document" or "documents" shall mean and include all things within the meaning and scope of those terms as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. Documents includes but is not limited to communications, papers, agreements, contracts, notes, drafts, memoranda, meeting minutes, presentations, presentation materials, letters, telegrams, statements, invoices, personal diaries, records, reports, summaries, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, flash drives, iCloud files, JIRA tickets, message boards, databases, Salesforce/SAP/CRM (Customer Relationship Management) records, spreadsheets, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, photographs, and manuals, including metadata for any such material, of which the responding party has knowledge or information, either in the responding party's possession or under the responding party's custody or control, and regardless of who has maintained custody of such documents, and includes all original, copies, versions, and drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists.

13. The terms "communication" or "communications" shall mean every manner or method of disclosing, transferring, transmitting, printing, photocopying, photographing, or

exchanging information, whether in writing, electronically or on paper, and whether by mail, facsimile, email, internet communication, text, SMS, WhatsApp, SnapChat, Signal, Slack, iMessage, Skype, social media (Facebook, LinkedIn, Instagram) face-to-face, telephone including but not limited to voicemail, other records of telephone calls, oral communications or otherwise.

14. The terms "referring," "relating," "regarding," or "concerning" (and all variations on these words) shall be construed in their most inclusive sense, and shall mean reflecting, pertaining to, consisting of, evidencing, describing, identifying, comprising, mentioning, or in any way logically or factually connecting with the matter discussed. A document "referring to" or "relating to" a given subject is any document that reflects, constitutes, contains, embodies, pertains to, mentions, consists of, comprises, shows, comments on, evidences, describes, or in any other way references that subject.

15. The term "each" shall include "every" and vice versa; and the term "any" shall include "all" and vice versa, as necessary to bring within the scope of the answer that which might otherwise be construed to be outside the scope of the request.

16. The term "Identify Each Document" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), address(s) and recipient(s) and (v) the Bates number. In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

17. The term "person" means any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity.

18. The term "employees" shall refer to current, former, and future employees.

19. Use of the singular also includes the plural and vice-versa, even for the above defined terms.

20. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these interrogatories.

## INSTRUCTIONS

The following instructions shall apply to each of the interrogatories herein:

1. In answering the following interrogatories, furnish all available information, including information in your possession, custody, or control. Information is in your possession, custody, or control if you are aware of information even though it may be outside of your own personal knowledge, become aware of information, or should have known of information upon exercising due diligence.

2. If you cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatories cannot be answered fully and completely; and state what knowledge, information or belief you have concerning the unanswered portion of any such interrogatories.

3. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the interrogatory which is not privileged, and for each item of information to which a claim of privilege is made, identify

5

1383677

such information with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

      i)        The basis on which the privilege is claimed;

      ii)       The names and positions of the author of the information if this information is contained in a document;

      i)       The name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed.

4.     If you respond to a particular interrogatory with a statement that you lack the ability to comply with that interrogatory, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, has never been or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

5.     Your obligation to respond to these interrogatories is continuing, and you should supplement your responses to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all contributions made by any former SRSA employee to Defendants' efforts to identify customers or potential customers, sources of business or referral, and/or market segments relating to PNC's sale and marketing of PNC's Payments & Escrow Services.

6

**INTERROGATORY NO. 2:**

Describe each customer engagement from January 1, 2018 through present pursuant to which PNC provided PNC's Payments & Escrow Services. For the purposes of this interrogatory, "Describe" means identify the customer, the deal parties, the specific payments and/or escrow service that PNC contracted to provide, the date and Financial Terms of PNC's engagement, the escrow amount (if any), number of payees, PNC's total revenues and profits from the engagement (including escrow interest), and any code name used for the engagement or project.

**INTERROGATORY NO. 3:**

Describe each meeting or telephone conference in which Tsarnas or Kelly participated regarding the development of PNC's Payments & Escrow Products. For the purposes of this interrogatory, "Describe" means state the date, location, participants, subject of discussion, Kelly and/or Tsarnas's contributions, and the Bates numbers of any documents presented, discussed, or memorializing the meeting or conference.

**INTERROGATORY NO. 4:**

If you contend that any of PNC M&A Payments & Escrow Products are based upon or derived from Fortis's FORECAST or FORESITE products, describe in detail the basis for your contention and identify all documents in support. For the purposes of this interrogatory, "Describe" means identify the PNC product at issue, the specific features or elements that you contend are based on or derived from FORECAST or FORESITE, the corresponding features or elements of FORECAST or FORESITE relevant to your contention, and the bates numbers of all documents supporting your contention.

**INTERROGATORY NO. 5:**

Describe all market research you conducted in connection with developing PNC's M&A Payments & Escrow Products, including but not limited to any market analysis, focus groups, customer surveys, customer interviews, and/or competitive intelligence analysis regarding which features PNC should offer, how to prioritize the development of those features, and what the user experience should look and feel like. For the purposes of this interrogatory, "Describe" means state the date(s) upon which you conducted any such research, the individuals or entities involved (including but not limited to any PNC employees or representatives), and the Bates numbers of all documents supporting your contention.

**INTERROGATORY NO. 6:**

For each customer engagement for PNC's Payments & Escrow Services in which you provided a customer with a payments spreadsheet, identify the payments spreadsheet and the communication by which it was provided. For the purposes of this interrogatory, "identify" means state the name of the file, the date of transmission, the name of the PNC representative who transmitted the payments spreadsheet, the recipient of the transmission, and Bates number of the payments spreadsheet and communications transmitting the same.

**INTERROGATORY NO. 7:**

Identify Each Document in your possession, custody or control from March 15, 2018 to present that originated with SRSA or any SRSA employee, including but not limited to documents reflecting SRSA or any SRSA employee in the document's "Author" "Company" "Manager" "To" "From" "Cc" or "Bcc" metadata fields.

8

1383677

**INTERROGATORY NO. 8:**

For each year from 2018 to 2020, identify every form of financial remuneration or compensation provided by PNC to Kelly, including but not limited to salary, bonuses, incentives, benefits, stock grants or stock options, and the amount of each such form of remuneration or compensation.

**INTERROGATORY NO. 9:**

For each year from 2018 to 2020, identify every form of financial remuneration or compensation provided by PNC to Tsarnas, including but not limited to salary, bonuses, incentives, benefits, stock grants or stock options, and the amount of each such form of remuneration or compensation.

**INTERROGATORY NO. 10:**

Identify the earliest date on which you represented PNC was capable of providing each of the listed products or services in connection with PNC's Payments and Escrow Services, including but not limited to, online paying agent services (PNC PAID), Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation.

**INTERROGATORY NO. 11:**

Describe the first instance on which you provided a customer each of the listed products or services in connection with PNC's M&A Payments and Escrow Products: online paying agent services (PNC PAID), Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation. For the purposes of this interrogatory, "Describe" means state the name of the customer, the service provided, the date on which you contracted to provide

9

such service, the date the service was actually provided, and the bates numbers of all documents reflecting the same.

**INTERROGATORY NO. 12:**

For each item of information identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure that PNC contends is not confidential SRSA information or does not qualify for trade secret protection, state all facts that form the basis for its contention and identify the bates numbers of all documents in support.

**INTERROGATORY NO. 13:**

For each affirmative defense that PNC asserts in this litigation, state the complete factual and legal basis for that defense.

**INTERROGATORY NO. 14:**

Identify each person who assisted in the preparation of PNC's answers or responses to SRSA's Interrogatories, Requests for Production, or Requests for Admission to PNC. For the purpose of this interrogatory, "identify" means state the person's name, title, and the specific response or answer the person assisted in the preparation of; and "assisted in the preparation of" means provided information in connection with or was consulted in formulating the answer or response.

Respectfully submitted,

Dated:  June 22, 2020

By: /s/ Warren A. Braunig
Warren A. Braunig
*wbraunig@keker.com*
Michelle Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:     415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:    303 863 9700
Facsimile:     303 863 0223
Email:      litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On June 22, 2020, I served the following document(s):

**PLAINTIFF SHAREHOLDER REPRESENTATIVE SERVICES, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT PNC BANK, N.A.**

☑ by **E-MAIL VIA PDF FILE**, per the parties electronic service agreement, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| James Forrest Bennett<br>Dowd Bennett LLP St. Louis<br>7733 Forsyth Boulevard, Suite 1410<br>St. Louis, MO  63105<br>Telephone:  314.889.7300<br>Facsimile:   314.863.2111<br>Jbennett@dowdbennett.com | Attorneys for Defendants |
| Matthew E. Johnson<br>Dowd Bennett LLP Denver<br>1775 Sherman Street, Suite 2010<br>Denver, CO  80203<br>Telephone:  303.353.4361<br>Facsimile:   314.863.2111<br>mjohnson@dowdbennett.com | Attorneys for Defendants |
| Hara K. Jacobs<br>Noah A. Robbins<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Tel 215.665.8500<br>Fax 215.864.8999<br>jacobsh@ballardspahr.com<br>robbinsn@ballardspahr.com | Attorneys for Defendants |

1

1335310

| | |
|---|---|
| Matthew C. Miller<br>Scott R. Bialecki<br>SHERIDAN ROSS, P.C.<br>1560 Broadway, Suite 1200<br>Denver, CO 80202-5141<br>sheridan-srs@sheridanross.com | Attorneys for Plaintiffs |

Executed on June 22, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*[signature]*

Laresa Brown

2

1335310