# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

Plaintiffs,
v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation, PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and ALEX TSARNAS, an individual,

Defendants.

---

**PNC BANK, N.A.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Court's Scheduling Order (Dkt. 215), Defendant PNC Bank, N.A. ("PNC Bank"), by and through undersigned counsel, objects and responds to the First Set of Interrogatories of Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") as follows:

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe all contributions made by any former SRSA employee to Defendants' efforts to identify customers or potential customers, sources of business or referral, and/or market segments relating to PNC's sale and marketing of PNC's Payments & Escrow Services.

**RESPONSE:** PNC Bank objects that this Interrogatory is vague, seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, and is overbroad to the extent it seeks information regarding any "customers or potential customers, sources of business or referral, and/or market segments relating to PNC's sale and

1

marketing of PNC's Payments & Escrow Services" regardless of its relevance, or lack thereof, to this action.

Subject to and without waiving the foregoing objections, PNC Bank responds by referring to the October 18, 2019 deposition testimony of Robert Sandt at 387:9-17; the October 28, 2019 deposition of Adam Lezack at 216:3-219:2 and 274:12-314:10; the October 23, 2019 deposition testimony of Heather Kelly at 251:14-24, 252:25-253:3, 257:22-259:13, 260:5-269:8, and 273:23-292:11; the October 17, 2019 deposition testimony of Alex Tsarnas at 100:13-101:10, 343:22-344:9 and 352:3-364:24; and the testimony of Heather Kelly and Alex Tsarnas at the March 11, 2020 hearing on Plaintiffs' Motion for Preliminary Injunction.

**INTERROGATORY NO. 2:**

Describe each customer engagement from January 1, 2018 through present pursuant to which PNC provided PNC's Payments & Escrow Services. For the purposes of this interrogatory, "Describe" means identify the customer, the deal parties, the specific payments and/or escrow service that PNC contracted to provide, the date and Financial Terms of PNC's engagement, the escrow amount (if any), number of payees, PNC's total revenues and profits from the engagement (including escrow interest), and any code name used for the engagement or project.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action, that is not proportional to the needs of the case, and is overbroad to the extent it seeks information regarding all customer engagements since January 1, 2018, regardless of their relevance, or lack thereof, to this action. *See, e.g., Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at \*2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"). In addition, Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC did

2

something wrong.  To date in this case, Plaintiffs have been unable to do so.

**INTERROGATORY NO. 3:**

Describe each meeting or telephone conference in which Tsarnas or Kelly participated regarding the development of PNC's Payments & Escrow Products. For the purposes of this interrogatory, "Describe" means state the date, location, participants, subject of discussion, Kelly and/or Tsarnas's contributions, and the Bates numbers of any documents presented, discussed, or memorializing the meeting or conference.

**RESPONSE:** PNC Bank responds by referring to the November 13, 2019 deposition testimony of Shashidhar Bandanatham at 86:18-89:17, 91:8-93:10, 96:18-111:12, 114:17-129:4, 155:21-157:14, 174:8-175:5, 178:3-179:4, and 211:24-216:24; the October 23, 2019 deposition testimony of Heather Kelly at 175:23-205:10; the October 17, 2019 deposition testimony of Alex Tsarnas at 101:3-10, 301:24-304:14, 307:19-309:25, 311:10-319:14, and 339:3-340:12; and documents previously produced in this action, including the documents Bates numbered PNC_00040438 – PNC_00040449, PNC_00040747 – PNC_00040748, PNC_00008410 – PNC_00008496, PNC_00040471 – PNC_00040473, PNC_00008943 – PNC_00008964, PNC_00049042 – PNC_00049044, PNC_00008499 – PNC_00008503, PNC_00008071 – PNC_00008072, CGI_SRS_00001754 – CGI_SRS_00001757, CGI_SRS_00001993 – CGI_SRS_00001996, CGI_SRS_00002107 – CGI_SRS_00002108, and CGI_SRS_00000108 – CGI_SRS_00000194.

**INTERROGATORY NO. 4:**

If you contend that any of PNC M&A Payments & Escrow Products are based upon or derived from Fortis's FORECAST or FORESITE products, describe in detail the basis for your contention and identify all documents in support. For the purposes of this interrogatory, "Describe" means identify the PNC product at issue, the specific features or elements that you contend are

3

based on or derived from FORECAST or FORESITE, the corresponding features or elements of FORECAST or FORESITE relevant to your contention, and the bates numbers of all documents supporting your contention.

**RESPONSE:** PNC Bank does not contend that any of PNC M&A Payments & Escrow Products are based upon or derived from Fortis's FORECAST or FORESITE products.

**INTERROGATORY NO. 5:**

Describe all market research you conducted in connection with developing PNC's M&A Payments & Escrow Products, including but not limited to any market analysis, focus groups, customer surveys, customer interviews, and/or competitive intelligence analysis regarding which features PNC should offer, how to prioritize the development of those features, and what the user experience should look and feel like. For the purposes of this interrogatory, "Describe" means state the date(s) upon which you conducted any such research, the individuals or entities involved (including but not limited to any PNC employees or representatives), and the Bates numbers of all documents supporting your contention.

**RESPONSE:** PNC Bank did not conduct any market research, as that term is defined in the Interrogatory, and did not retain any market research company in connection with developing PNC's M&A Payments & Escrow Products.

**INTERROGATORY NO. 6:**

For each customer engagement for PNC's Payments & Escrow Services in which you provided a customer with a payments spreadsheet, identify the payments spreadsheet and the communication by which it was provided. For the purposes of this interrogatory, "identify" means state the name of the file, the date of transmission, the name of the PNC representative who transmitted the payments spreadsheet, the recipient of the transmission, and Bates number of the payments spreadsheet and communications transmitting the same.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, in light of the Court's March 26, 2020 Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 207), which held that the payments spreadsheet is not a protectable, confidential trade secret.  In addition, PNC Bank objects to the broad scope of this Interrogatory because Plaintiffs have the burden of proof and it is their duty to identify "customer engagements" whereby they claim PNC Bank did something wrong.  To date in this case, Plaintiffs have been unable to do so.

**INTERROGATORY NO. 7:**

Identify Each Document in your possession, custody or control from March 15, 2018 to present that originated with SRSA or any SRSA employee, including but not limited to documents reflecting SRSA or any SRSA employee in the document's "Author" "Company" "Manager" "To" "From" "Cc" or "Bcc" metadata fields.

**RESPONSE:**  PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, and is overbroad and unduly burdensome to the extent it seeks information regarding "[e]ach Document in your possession, custody, or control from March 15, 2018 to present that originated with SRSA or any SRSA employee," regardless of their relevance, or lack thereof, to this action, including email communications from SRSA and SRSA employees unrelated to any issue in this action, SRSA documents that SRSA has publicly released, or documents unrelated to the offering or provision of M&A Escrow and Payments Services.  PNC Bank further objects to the Interrogatory as imposing an undue burden disproportionate to the needs of the case to the extent that PNC Bank does not know the identity of every SRSA employee.

Subject to and without waiving the foregoing objections, PNC Bank responds by referring

5

to the correspondence from Walter DeForest, Bates numbered SRSAvPKT00074635 – SRSAvPKT00074636, SRSAvPKT00074632 – SRSAvPKT00074634, and the document index and forensic data provided to you by Forensic Pursuit pursuant to the Stipulated Forensic Inspection Protocol.

**INTERROGATORY NO. 8:**

For each year from 2018 to 2020, identify every form of financial remuneration or compensation provided by PNC to Kelly, including but not limited to salary, bonuses, incentives, benefits, stock grants or stock options, and the amount of each such form of remuneration or compensation.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, PNC Bank responds by referring to the testimony of Heather Kelly at the March 11, 2020 hearing on Plaintiffs' Motion for Preliminary Injunction and documents previously produced in this action, including the document Bates numbered PNC_00050874 – PNC_00050881.

**INTERROGATORY NO. 9:**

For each year from 2018 to 2020, identify every form of financial remuneration or compensation provided by PNC to Tsarnas, including but not limited to salary, bonuses, incentives, benefits, stock grants or stock options, and the amount of each such form of remuneration or compensation.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, PNC Bank responds by referring to documents previously produced in this action, including the document Bates numbered

6

PNC_00049491 – PNC_00049495.

**INTERROGATORY NO. 10:**

Identify the earliest date on which you represented PNC was capable of providing each of the listed products or services in connection with PNC's Payments and Escrow Services, including but not limited to, online paying agent services (PNC PAID), Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation.

**RESPONSE:** PNC Bank responds that it represented it was capable of providing online paying agent services through PNC PAID no later than December 2018, optionholder compensation payments no later than November 2018, Deal Dashboard no later than January 2019, and pre-closing solicitation services no later than January 2019.

**INTERROGATORY NO. 11:**

Describe the first instance on which you provided a customer each of the listed products or services in connection with PNC's M&A Payments and Escrow Products: online paying agent services (PNC PAID), Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation. For the purposes of this interrogatory, "Describe" means state the name of the customer, the service provided, the date on which you contracted to provide such service, the date the service was actually provided, and the bates numbers of all documents reflecting the same.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is not relevant to any claim or defense in this action and that is not proportional to the needs of the case, insofar as it seeks PNC Bank's customer information.

Subject to and without waiving the foregoing objections, PNC Bank responds that it provided online paying agent services through PNC PAID no later than December 2018, optionholder compensation payments services no later than February/March 2019, and Deal

7

Dashboard availability no later than June 2019. PNC Bank continues to investigate and will supplement this response in accordance with the Federal Rules of Civil Procedure, as necessary.

**INTERROGATORY NO. 12:**

For each item of information identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure that PNC contends is not confidential SRSA information or does not qualify for trade secret protection, state all facts that form the basis for its contention and identify the bates numbers of all documents in support.

**RESPONSE:** PNC Bank objects that this Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. With respect to the information that was the subject of Plaintiffs' Motion for Preliminary Injunction, the Court denied that motion and held that the information at issue is not protectable, confidential trade secrets. With respect to the remaining information identified in SRSA's July 31, 2019 Initial Trade Secret Disclosure, SRSA has waived any claim that such information constitutes a protectable, confidential trade secret in light of its failure to include it in Plaintiffs' Motion for Preliminary Injunction. PNC Bank further objects that this Interrogatory is vague, overbroad, and unduly burdensome, and because Interrogatories of this type are not permitted in the District of Colorado *See Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"); *see also Felix v. City & Cty. of Denver*, 2009 WL 3838587, at *1 (D. Colo. Nov. 13, 2009) (denying overbroad "blockbuster type interrogatory," which requested the defendant set forth "the arguments that he will use to counter the Plaintiff's seven claims"); *Dakota Station II Condominium Ass'n, Inc. v. Owners Ins. Co.*, 2016 WL 9735773, at *6 (D. Colo. May 16, 2016) (holding interrogatory requesting identification of "all documents and things in your possession which you believe support your claims … amounts to an

'impermissible blockbuster interrogatory of a nature repeatedly condemned by trial courts'").

**INTERROGATORY NO. 13:**

For each affirmative defense that PNC asserts in this litigation, state the complete factual and legal basis for that defense.

**RESPONSE:** PNC Bank objects that this Interrogatory is vague, overbroad, and unduly burdensome, and because Interrogatories of this type are not permitted in the District of Colorado. *See Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (denying "overbroad and unduly burdensome" "blockbuster" interrogatory requesting that defendant "'[i]dentify all facts and documents you contend support' its affirmative defenses"); *see also Felix v. City & Cty. of Denver*, 2009 WL 3838587, at *1 (D. Colo. Nov. 13, 2009) (denying overbroad "blockbuster type interrogatory," which requested the defendant set forth "the arguments that he will use to counter the Plaintiff's seven claims"); *Dakota Station II Condominium Ass'n, Inc. v. Owners Ins. Co.*, 2016 WL 9735773, at *6 (D. Colo. May 16, 2016) (holding interrogatory requesting identification of "all documents and things in your possession which you believe support your claims … amounts to an 'impermissible blockbuster interrogatory of a nature repeatedly condemned by trial courts'").

**INTERROGATORY NO. 14:**

Identify each person who assisted in the preparation of PNC's answers or responses to SRSA's Interrogatories, Requests for Production, or Requests for Admission to PNC. For the purpose of this interrogatory, "identify" means state the person's name, title, and the specific response or answer the person assisted in the preparation of; and "assisted in the preparation of" means provided information in connection with or was consulted in formulating the answer or response.

**RESPONSE:** PNC Bank objects to this Interrogatory to the extent it seeks information

9

protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege protecting such information from disclosure. PNC Bank will not provide privileged information.

Subject to and without waiving the foregoing objection, PNC Bank states that Adam Lezack assisted in the preparation of PNC's responses to SRSA's discovery requests to PNC.

Dated: July 22, 2020

By: */s/ James F. Bennett*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on July 22, 2020, a true and correct copy of the foregoing document was served on the following attorneys of record by electronic mail:

Warren A. Braunig
Benjamin D. Rothstein
Maya Karwande
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiff*
SRS Acquiom Inc., a Delaware corporation and
Shareholder Representative Services LLC,
a Colorado limited liability company

                                             */s/ Matthew E. Johnson*
                                             Matthew E. Johnson

## VERIFICATION

I, Adam Lezack, state under penalty of perjury that I am a Managing Director of PNC Bank, N.A., and in this capacity I am authorized to make this verification on behalf of PNC Bank, N.A. I have read the foregoing responses to Plaintiffs' First Set of Interrogatories to Defendant PNC Bank, N.A., and I state that all of the information contained therein is true and correct to the best of my recollection, knowledge, and belief.

Dated: July 21, 2020

_____
Adam Lezack