**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO MAINTAIN CERTAIN DOCUMENTS UNDER RESTRICTION LEVEL 1

Pursuant to D.C.COLO.LCivR 7.2(c), Defendants PNC Financial Services Group and PNC Bank N.A. (collectively "PNC") and Heather Kelly and Alex Tsarnas (the "Individual Defendants") respectfully submit this Unopposed Motion to Maintain Certain Documents Under Restriction Level 1, with respect to ECF Nos. 257-7, 257-8, 258-12, 258-19, 260-15, and 260-22.

### CERTIFICATE OF CONFERRAL

As required by D.C.COLO.LCivR 7.1(a), undersigned counsel for Defendants certifies that he conferred with counsel for Plaintiffs SSRS Acquiom, Inc. and Shareholder Representative Services LLC (collectively, "Plaintiffs") regarding the relief requested in this Motion, and Plaintiffs are unopposed to the relief sought in the Motion.

## INTRODUCTION

The Court is familiar with the details of the case and previously issued a detailed and thorough Preliminary Injunction Order that Defendants contend is case dispositive on a large part of the case. *See* ECF No. 207. As part of their oppositions to Defendants' motions for summary judgment, Plaintiffs attached as exhibits six documents Defendants had designated as "Confidential" or "Attorney's Eyes Only" under the Protective Order. *See* ECF Nos. 257-7, 257-8, 258-12, 258-19, 260-15, and 260-22. In this Motion, Defendants seek leave to keep only those six documents under Level 1 Restriction, out of a grand total of over 150 documents that were attached to the parties' opposition and reply briefs in connection with Defendants' motions for summary judgment.

## LEGAL STANDARD

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must:

> (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question . . .; and (5) identify the level of restriction sought.

*See also Peterson v. Nelnet Diversified Sols.*, 2020 WL 3978756, at *10 (D. Colo. May 20, 2020) (articulating standard to restrict access under Local Rule 7.2(c)). To overcome the presumption of public access, the party seeking restriction must make "a sufficient showing," such as "where the records contain trade secrets; contain 'business information that might harm a litigant's competitive standing,'; or contain information which 'could harm the competitive interests of third

2

parties.'"  *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, 2020 WL 2747702, at *2 (D. Colo. May 27, 2020).

## **ARGUMENT**

Defendants move to restrict six documents relating to Defendants' competitively sensitive employee compensation and business information as well as non-parties' personal information.

Five of the six documents that are the subject of this Motion were designated as "Confidential" by Defendants pursuant to the protective order.  *See* ECF Nos. 257-7, 257-8, 258-12, 260-15, & 260-22.  The other (sixth) document, ECF No. 258-19, has been designated as "Highly Confidential – Attorney's Eyes Only."  Under section 10 of the Protective Order, "a document containing 'Confidential' Information shall be filed under Level 1 restriction."  ECF No. 40 at 18.  "Confidential" information is defined to include "confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection from disclosure can be made . . . ."  *Id.* at 2.

Defendants seek to maintain the following documents under Level 1 Restriction and explain their rationale for seeking restriction in the chart below.

| **Document** | **Rationale for Filing Under Restriction** |
| --- | --- |
| ECF No. 257-7 | Includes personal information regarding employment compensation and terms of employment for non-party PNC employees. |
| ECF No. 257-8 | Internal PNC email exchange that includes competitively sensitive information regarding PNC clients, including specific dollar amounts on deposit.  No third parties on the email chain. |
| ECF No. 258-12 | Internal PNC email exchange that includes competitively sensitive information regarding |

3

| | |
|---|---|
| | PNC clients, including specific dollar amounts on deposit. No third parties on the email chain. |
| ECF No. 258-19 | Internal PNC email exchange that includes customer information and describes back-end PNC product operational information. No third parties on the email chain. |
| ECF No. 260-12 | Internal PNC email exchange that includes detailed description of operational processes as well as employment compensation information. No third parties on the email chain. |
| ECF No. 260-22 | Internal PNC email exchange that includes competitively sensitive information regarding PNC clients, including specific dollar amounts on deposit. No third parties on the email chain. |

This employment, compensation, product, client, and business strategy information is confidential and competitively sensitive for PNC, such that filing under restriction from public access is appropriate. *See Meeker v. Life Care Centers of Am., Inc.*, 2015 WL 1880205, at *3 (D. Colo. Apr. 23, 2015) (recognizing "that non-public salary and benefit information … may be competitively sensitive" and therefore subject to filing under seal); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal with respect to "confidential information regarding [d]efendants' compensation and recruiting strategies, policies, and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"). Accordingly, restriction is appropriate for these documents lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019) (party had valid "interest in maintaining its business information

4

private"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices" and "discussions regarding potential partnerships").  Importantly, these six documents are internal PNC-only communications that do not involve any third parties, have not otherwise been shared with the public or any thir -parties, and are marked as Confidential or Highly Confidential – Attorney's Eyes Only under the Protective Order in the case.  PNC has otherwise kept these six communications private and confidential except for producing them in this lawsuit—prior to the case, no third party had access to these specific communications.

Finally, in accordance with the standard in Local Rule 7.2(c), there is no practicable alternative to restriction for these documents.  Defendants have narrowly tailored its requests to seal to only these *six* documents out of over 150 total documents filed in connection with the opposition and reply briefs to Defendants' motions for summary judgment, and public disclosure of the specific, narrowly tailored information Defendants seek to seal could cause significant competitive harm to PNC.

## **CONCLUSION**

For all these reasons, Defendants respectfully request that the Court order the documents identified herein (ECF Nos. 257-7, 257-8, 258-12, 258-19, 260-15, and 260-22) as Restricted under Level 1.

Dated:  October 14, 2020     By:  */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
Jeffrey R. Hoops
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, CO 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
Email:  jbennett@dowdbennett.com
      mjohnson@dowdbennett.com
      jhoops@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
Email:  jacobsh@ballardspahr.com
      robbinsn@ballardspahr.com

*Attorneys for Defendants*

As required by this Court's Practice Standard III(A)(4), above-signed counsel hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2020, a true and correct copy of **DEFENDANTS' UNOPPOSED MOTION TO MAINTAIN CERTAIN DOCUMENTS UNDER RESTRICTION LEVEL 1** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
wbraunig@keker.com
mybarra@keker.com
brothstein@keker.com
kjoyce@keker.com
vyu@keker.com

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Sheridan-srs@sheridanross.com

*Attorneys for Plaintiffs*

By: */s/ Matthew E. Johnson*