**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 228)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA"), through their attorneys, respectfully request leave to file the proposed Surreply (submitted concurrently, including supporting exhibits) in order to respond to new arguments made by Defendant PNC Financial Services Group, Inc. ("PNC") for the first time in its Reply to Plaintiffs' Response in Opposition to PNC's Motion for Partial Summary Judgment ("PNC's Reply") (ECF No. 283). These arguments were not advanced in PNC's Motion (ECF No. 228), and thus SRSA did not have an opportunity to respond to them in its Opposition brief (ECF No. 262). Alternatively, the Court should disregard PNC's new arguments.

1. **Certificate of Conferral**: Under Local Rule 7.1, the undersigned conferred with PNC's counsel regarding the subject of this motion. PNC opposes the relief sought herein.

2. "When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply." *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007); *see also Ulibarri v. City & Cnty. of Denver*, 742 F. Supp. 2d 1192, 1218 (D. Colo. 2010) ("Arguments raised for the first time in a reply may be disregarded."); *United States v. Murray,* 82 F.3d 361, 363 n.3 (10th Cir. 1996) (accord). If the Court relies on arguments or materials that were first raised in a reply brief, the Court must permit an opportunity for the nonmovant to respond to those new arguments or new materials. *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006).

3. SRSA's request for leave to file its Surreply falls squarely within this standard because PNC's Reply includes two new arguments to which SRSA has not had an opportunity to

1

1517726

respond. The Court should therefore disregard the new arguments or permit SRSA to file its Surreply.

4. In its Motion for Partial Summary Judgment (ECF No. 228), PNC sought summary judgment on five of SRSA's trade secrets—the five addressed by the parties in connection with SRSA's motion for preliminary injunction. (During discovery, SRSA has identified thirteen categories of trade secrets, many of which include distinct subparts. PNC did not dispute that SRSA's identification was thorough and complete.) SRSA's Response (ECF No. 262) demonstrates the existence of numerous genuine disputes of material fact that preclude summary judgment on each of the five trade secrets addressed in PNC's Motion.

5. In the face of these disputed facts, PNC's Reply (ECF No. 283) raised two new arguments. *First*, PNC argues for the first time that it was actually seeking summary judgment on *all* of SRSA's asserted trade secrets, despite addressing only five of SRSA's trade secrets in its Motion. *Second*, PNC argues for the first time that any trade secrets not included by SRSA in its preliminary-injunction motion were waived for the remainder of the case. As discussed in the Surreply attached hereto, both of PNC's new arguments are baseless.

6. **With respect to the first new argument**, in its Motion, PNC did not even *acknowledge* the other trade secrets that SRSA disclosed in discovery, let alone identify portions of the record showing PNC's entitlement to judgment on them, as is required to move for summary judgment on those trade secrets. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Fed. R. Civ. P. 56); *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 115-16 (2d Cir. 2017) ("Unless the moving defendant cites portions of the record that show its entitlement to judgment, an assertion by the defendant that the plaintiff 'has not produced any evidence,' without more, does not show that the plaintiff has insufficient evidence.").

7. Likewise, while this Court's practice standards require a moving party to put the other side on notice by identifying undisputed issues of fact and referring to evidence in support thereof, *see* Judge Daniel D. Domenico's Practice Standards (Civil Cases) III.E.1.a-b, PNC did not identify any such issues of fact, or any evidentiary support, in its Motion with respect to trade secrets other than those addressed at the preliminary-injunction stage.  PNC's failure to do so precludes summary judgment on the entirety of SRSA's trade secret claim.

8. ***With respect to the second new argument***, PNC argues, without legal support, that SRSA waived its right to relief on any trade secrets that it did not include in its preliminary-injunction motion, and that therefore summary judgment must be granted on the remainder of SRSA's trade secrets.  As discussed in the Surreply, that is not the law (and would lead to the absurd result in which every trade-secrets plaintiff would feel obligated to move for a preliminary injunction, and to include in that motion, each and every one of its trade secrets). SRSA was under no obligation to move on any of its trade secrets claims, and waiver is therefore inapplicable.

9. For these reasons and in the interest of justice, SRSA respectfully requests leave to file its proposed Surreply, submitted concurrently.  The Surreply addresses only these new legal arguments and does not attempt to re-argue issues previously addressed in its Response.

3

Should the Court, however, decide that SRSA was obligated to make a showing of disputed facts concerning one or more *additional* trade secrets, SRSA has included, with its proposed Surreply, a fact declaration from its Executive Director of Operations, Sue Milberger, and an attorney declaration authenticating related exhibits, concerning SRSA payment-method trade secrets that were not raised in PNC's Motion but have been at issue between the parties in discovery. Even if the Court found that there were no disputed issues of material fact on the other five trade secrets (and there certainly are), Ms. Milberger's declaration asserts facts adequately supporting trade-secret misappropriation on additional trade secrets in dispute.

10. SRSA respectfully requests that it be given leave to file its proposed Surreply in opposition to PNC's Motion.

A proposed Order is submitted herewith for the Court's convenience.

Respectfully submitted,

Dated: October 15, 2020

By: *s/ Warren A. Braunig*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:     415-397-7188

4

1517726

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:       303 863 9700
Facsimile:        303 863 0223
Email:     *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

## COMPLIANCE WITH TYPE-VOLUME LIMITATION

The undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

5

1517726