# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON DEFENDANTS' PENDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF NOS. 227, 228 AND 229) AND PLAINTIFFS' RULE 56(d) MOTION (ECF NO. 267)**

---

In accordance with D.C.COLO.LCivR 7.1(h), Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") submit this Request for Oral Argument on Defendants' Pending Motions for Partial Summary Judgment (ECF Nos. 227, 228 and 229, collectively "MPSJ Motions") and SRSA's related Rule 56(d) Motion to Deny or Defer Consideration of Defendants' Motions for Partial Summary Judgment (ECF No. 267, the "Rule 56(d) Motion"). Due to the complexity of the issues raised by the MPSJ Motions and the Rule 56(d) Motion, good cause exists to grant SRSA's request for oral argument.

## I.   CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned herby certifies that counsel for SRSA has conferred with counsel for Defendants, who expressed their belief that oral argument was unnecessary.

## II.   BACKGROUND

SRSA filed this action on July 11, 2019, alleging trade secret misappropriation, breach of contract, and related claims. ECF No. 1. Following a period of limited and expedited discovery, SRSA moved for a preliminary injunction on November 25, 2019 based on a subset of the allegedly misappropriated trade secrets. ECF No. 88. A hearing on SRSA's Motion for Preliminary Injunction was held on March 11, 2020. The Court denied SRSA's Motion for Preliminary Injunction on March 26, 2020, but acknowledged that "[w]hile there are certainly issues on which Plaintiffs could prevail at trial, they have failed to make the difficult showing that they are clearly and unequivocally entitled to such a drastic remedy rather than an award of damages." ECF No. 207, at 2.

Less than two months after discovery re-commenced, more than three-and-a-half months before close of discovery, and while a discovery dispute was pending before the Court, Defendants filed three separate MPSJ Motions on August 10, 2020. In an attempt to circumvent this Court's word limits for motions for summary judgment prescribed in its Practice Standards Section III(A)(2), Defendants split up their Motions by targeted claims, with each party "joining" the other parties' Motions. *See* ECF Nos. 227, 228, 229. This effectively tripled the briefing volume contemplated by the Court's practice standards. Moreover, Defendants' three MPSJ

2

Motions collectively attached 85 exhibits.  In combination the MPSJ Motions challenge seven of the nine causes of action in SRSA's Second Amended Complaint.

On September 16, 2020, SRSA filed its three Responses in Opposition to the MPSJ Motions. ECF Nos. 261, 262, 263. SRSA filed 110 exhibits in support of its opposition and to establish that there are genuine issues of material fact in dispute.

Defendants filed their Reply briefs, with additional exhibits, on September 30, 2020. ECF No. 282, 283, 284. Because PNC Financial's Reply brief raised new arguments concerning the scope of its motion as to SRSA's trade secrets, SRSA filed a Motion for Leave to File a Surreply, with a proposed Surreply submitted concurrently therewith.  ECF Nos. 294, 295.  PNC opposed. ECF No. 297.  Upon the Court's ruling on SRSA's Motion for Leave to File a Surreply, Defendants' three Motions for Partial Summary Judgment will be fully briefed.

 SRSA also filed a motion pursuant to Fed. R. Civ. P. 56(d) asking the Court to deny or defer consideration of Defendants' Motions until after SRSA could obtain additional discovery. ECF No. 267. That motion will be fully briefed as of October 21.

The total briefing on these motions consists of more than 160 pages of argument and more than 200 distinct exhibits, including numerous fact declarations and voluminous presentations and spreadsheets.

### III.   ARGUMENT

This Court's local rules provide that the Court may, at its discretion, set oral argument for motions. *See* D.C.COLO.LCivR 7.1(h) (placing the decision to hold oral argument "at the Court's discretion").

Good cause exists for SRSA's request for oral argument. Collectively, Defendants' MPSJ Motions target seven causes of action asserted by SRSA. Given the volume of material and complexity of the factual and legal issues presented by the MPSJ Motions, oral argument would materially assist the Court in ruling on the Motions. For example, with oral argument, SRSA's counsel will be able to further clarify the customer and technical trade secrets at issue and elucidate the materiality of any disputed issues of fact. SRSA's counsel will also be able to address disputes of law, such as whether "breach" is required for an intentional interference with contract claim in the Colorado. In sum, oral argument is appropriate because it will allow the parties to synthesize the evidentiary record submitted in support of and in opposition to the three Motions, and to answer any questions the Court may have about the facts or law underlying the Motions.

Moreover, the MPSJ Motions target the majority of SRSA's legal theories. These Motions are therefore of utmost importance. Obviously, if the Court has decided to deny PNC's motions in full (as SRSA believes would be appropriate), SRSA will withdraw its request for oral argument. But if the Court is at all inclined to grant any portion of PNC's motions, SRSA would appreciate the opportunity to be heard on such issues.

WHEREFORE, SRSA respectfully requests that the Court set oral argument regarding Defendants' Motions for Partial Summary Judgment and Plaintiffs' Rule 56(d) Motion.

Respectfully submitted,

Dated:  October 19, 2020	By:  s/ Matthew C. Miller
Warren A. Braunig
   *wbraunig@keker.com*
Michelle S. Ybarra
   *mybarra@keker.com*
Benjamin D. Rothstein
   *brothstein@keker.com*
Katie Lynn Joyce
   *kjoyce@keker.com*
Victor H. Yu
   *vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415-391-5400
Facsimile:   415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
   *sbialecki@sheridanross.com*
Matthew C. Miller
   *mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:  303-863-9700
Facsimile:   303-863-0223
Email:        *litigation@sheridanross.com*

ATTORNEYS FOR PLAINTIFFS
SRS ACQUIOM INC. AND SHAREHOLDER
REPRESENTATIVE SERVICES LLC

COMPLIANCE WITH TYPE-VOLUME LIMITATION

The undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

5