**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

       Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF RULE 56(D) MOTION (ECF NO. 267)**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT ..........................................................................................................2

    A.    SRSA sufficiently identified probable facts that are unavailable and would further justify its oppositions to Defendants' early summary judgment motions. ........................................................................................................2

        1.    Additional discovery will uncover probable facts further supporting SRSA's technical trade secrets claims. ......................................4

        2.    Additional discovery will uncover probable facts further supporting SRSA's customer information trade secrets claims. ...................5

        3.    Additional discovery will uncover probable facts further supporting SRSA's intentional interference claims. ...................................6

        4.    Additional discovery will uncover probable facts further supporting SRSA's CFAA claim. .................................................................7

        5.    Additional discovery will uncover probable facts further supporting SRSA's unfair competition claim. .............................................8

    B.    The Second Discovery Order does not impact the Rule 56(d) analysis. .................9

III. CONCLUSION.......................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*W.K. ex rel. A.K. v. Howie*,
    2016 U.S. Dist. LEXIS 52138 (D.N.M. Apr. 18, 2016) ............................................................2

*Burke v. Utah Transit Auth. & Local 382*,
    462 F.3d 1253 (10th Cir. 2006) ..........................................................................................2, 4

*Cerveny v. Aventis, Inc.*,
    855 F.3d 1091 (10th Cir. 2017) ..........................................................................................1, 2

*Crews v. Sch. Dist. No. 1*,
    2015 WL 13873913 (D. Colo. May 26, 2015)....................................................................3, 9

*Curtis v. Marquez*,
    2018 U.S. Dist. LEXIS 181689 (D. Ariz. Oct. 23, 2018)..........................................................7

*Davidson-Seidel v. Denver Athletic Club*,
    2016 WL 1046277 (D. Colo. Mar. 16, 2016) ..........................................................................3

*FDIC v. Global Indus. Mgmt., LLC*,
    2012 WL 4098930 (W.D. Okla. Sept. 17, 2012) .....................................................................3

*HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*,
    805 F. Supp. 2d 1115 (D. Colo. 2011).....................................................................................9

*Lilak v. Takeda Pharm. N. Am., Inc.*,
    2015 WL 94233 (D. Colo. Jan. 5, 2015)..................................................................................2

*NetQuote, Inc. v. MostChoice.com*,
    504 F.Supp.2d 1126 (D. Colo. 2007).......................................................................................9

*Signature Transp. Grp., LLC. v. Jacobs*,
    2020 WL 1663124 (N.D. Ill. April 3, 2020).............................................................................7

*Snyder Ins. Servs. v. Sohn*,
    2017 WL 2839775 (D. Kan. July 3, 2017) ..............................................................................7

*Ulibarri v. City & Cnty. of Denver*,
    742 F. Supp. 2d 1192 (D. Colo. 2010).....................................................................................8

*Wagner v. LTF Club Operations Co.*,
    2019 WL 427733 (D. Colo. Feb. 4, 2019) ................................................................................. 2

*Xantrex Tech. Inc. v. Advanced Energy Indus., Inc.*,
    2008 WL 2185882 (D. Colo. May 23, 2008) ............................................................................ 5

iii

**I.    INTRODUCTION**

Rule 56(d) motions "should ordinarily be treated liberally." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Relief under Rule 56(d) is particularly appropriate in this case, because the Defendants filed premature and partial summary judgment motions that recycle the same arguments and evidence they presented at the preliminary injunction hearing, while ***refusing*** to produce known and specifically-identified documents that would provide evidence further supporting SRSA's claims. SRSA's Rule 56(d) Motion requests, as an alternative to denying Defendants' motions outright, that SRSA be permitted to complete fact discovery so that it can uncover additional evidence that will show probable facts justifying SRSA's opposition.

Defendants' opposition to SRSA's Rule 56(d) Motion makes only two arguments: (1) Defendants claim SRSA has not identified, with sufficient specificity, the material facts that additional discovery will reveal, and (2) Defendants argue that SRSA should not be permitted to take the discovery necessary to uncover those additional facts, either because SRSA's discovery is a "fishing expedition" (a phrase repeated some eight times in Defendants' brief) or because SRSA is already in possession of the evidence it needs to establish them. As explained below, Defendants' arguments mischaracterize the contents of SRSA's Rule 56(d) Motion and the supporting Yu Declaration, mischaracterize the nature of their own premature summary judgment motions, and distort the nature of the discovery SRSA seeks and the documents produced by Defendants to date. Finally, Defendants misconstrue and mischaracterize a recent discovery order issued by Judge Crews, which is the subject of a pending Objection.

To be clear, the evidence already presented with SRSA's summary-judgment oppositions was more than sufficient to defeat Defendants' motions. However, if the Court disagrees, SRSA

1

should be entitled to complete discovery on the issues raised by Defendants' motions, with an opportunity to supplement the summary-judgment record.

## II.  ARGUMENT

Relief under Rule 56(d) should be awarded where the movant supports its papers with a declaration "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny*, 855 F.3d at 1110 (citing *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006)) (hereinafter, the "*Burke* factors"). Defendants' opposition focuses only on the first *Burke* factor and ignores the other three. *See* ECF 288 at 9.

### A.   SRSA sufficiently identified probable facts that are unavailable and would further justify its oppositions to Defendants' early summary judgment motions.

The bulk of the "Argument" section of Defendants' opposition attacks a straw-man: that SRSA's Rule 56(d) Motion "merely identif[ied] topics of additional discovery" and not any "'probable fact' that would be contained in any document." *See* ECF 288 at 5-9. Defendants then cite a string of inapposite cases denying Rule 56(d) motions where the movant's papers were conclusory and actually *did* fail to explain how additional discovery would uncover evidence that would support opposing summary judgment. *See id.* at 6-8 (*citing*, *e.g.*, *Wagner v. LTF Club Operations Co.*, 2019 WL 427733, at *3-4 (D. Colo. Feb. 4, 2019) (movant stated only that it wanted to "search for witnesses to corroborate [its] claim"); *W.K. ex rel. A.K. v. Howie*, 2016 U.S. Dist. LEXIS 52138, *5-6 (D.N.M. Apr. 18, 2016) ("Plaintiff has simply listed topics into which he would like to investigate."); *Lilak v. Takeda Pharm. N. Am., Inc.*, 2015 WL 94233, at

2

\*3 (D. Colo. Jan. 5, 2015) (movant alleged only that "production of documents" will show causation, but did not "describe[] in any detail the information he sought but did not receive during discovery"); *FDIC v. Global Indus. Mgmt., LLC*, 2012 WL 4098930, \*3 (W.D. Okla. Sept. 17, 2012) (movants stated "they believe certain individuals have information regarding the transactions, [but they did not] state what specific information these individuals have").

None of the cases cited by Defendants have any bearing here, because SRSA has described with specificity the discovery that SRSA is still seeking and the evidence contained in that discovery that will refute Defendants' summary judgment arguments. *See* Yu ¶¶24-27. These descriptions are not "mere speculation" as Defendants suggest (ECF 288 at 11); rather, they refer to specific documents that Defendants' own witnesses or counsel have identified, or that PNC's already-produced documents themselves describe. *See, e.g.*, Yu Ex. 6 (ECF 267-7) at 5324 (referencing unproduced comments made in PNC's "Invision" development database); ECF 276-1 at 288:17-289:8; 303:21-305:18 (PNC's product manager testifying that final product specifications for its compensation payments and preclosing-solicitation products were a "work in progress"). Moreover, to the extent SRSA describes categories of documents and information not yet produced, it explained why those specific categories of discovery are necessary to address precise issues in Defendants' summary judgment motions, and what specific evidence and facts they will reveal, satisfying Rule 56(d). Yu ¶27; *see, e.g.*, *Davidson-Seidel v. Denver Athletic Club*, 2016 WL 1046277, at \*3 (D. Colo. Mar. 16, 2016) (granting Rule 56(d) motion so movant could take discovery on "the extent to which and manner that the entity is controlled or owned by membership" and "to what extent and manner, the entity publicly advertises to solicit members or to promote the use of its facilities or services to the general public"); *Crews v. Sch.*

1508744

*Dist. No. 1*, 2015 WL 13873913, at *2 (D. Colo. May 26, 2015) (granting Rule 56(d) motion so plaintiff could uncover "documents concerning the employer's investigation").

SRSA easily satisfies its burden under the *Burke* factors with respect to each cause of action discussed in its moving papers.

> 1. **Additional discovery will uncover probable facts further supporting SRSA's technical trade secrets claims.**

PNC Financial Services Group, Inc.'s ("PNC FSG") summary judgment motion argues that Kelly's improper retention of two SRSA documents setting forth SRSA's trade-secret payment methods is not misappropriation—*not* because those documents aren't trade secrets, as Defendants' opposition misleadingly suggests—but because SRSA purportedly lacks evidence of use by PNC. ECF 228 at 17-18. As pointed out in the Yu Declaration supporting SRSA's Rule 56(d) Motion, however, Defendants have withheld the specific documents that set forth their own final adopted payment methods—including final versions of PNC's own "Payment Product Specifications" document and the associated "Online Appendix" showing PNC's payment methods for its online paying agent product. *See* ¶27. Furthermore, existing emails reference numerous, unproduced communications by Kelly that she prepared or sent while advising PNC's development team. *See, e.g.*, ECF 267-9 at 8870-71 (referencing Kelly and Tsarnas' review of PNC's business process flows); 1997 (referencing Kelly's posting of "collective comments"). It is improper for PNC to seek summary judgment on the ground that it never used the SRSA payment-methods documents Kelly stole, while refusing to produce its own payment methods or documents showing Kelly's complete contributions to their development.

Defendants concede that they still have not produced these documents but argue that they have made *other* documents available instead. ECF 288 at 11. This ignores the core point that

4

Defendants continue to withhold documents that would justify SRSA's opposition to PNC FSG's early summary judgment motion. *See* Yu ¶30.[1]

Defendants also assert that further discovery of PNC's payment methods is unnecessary because Kelly claims to have divested herself of the stolen SRSA payment method documents two weeks after joining PNC. *See* Opp. at 11. But, again, the documents Defendants continue to withhold are the very documents that would likely show that Kelly retained and used *information* from the SRSA payment method documents she stole—either from her "ready recollection," separately retained notes, or other means. *See Xantrex Tech. Inc. v. Advanced Energy Indus., Inc*., 2008 WL 2185882, at *19 (D. Colo. May 23, 2008).

    **2.**    **Additional discovery will uncover probable facts further supporting SRSA's customer information trade secrets claims.**

PNC FSG argues at summary judgment that the SRSA customer information Kelly shared with PNC is commonly known. *See* ECF 283 at 5-8. But Defendants have withheld internal PNC communications discussing the "Firms by segement" [sic] spreadsheet that contains the information Kelly disclosed. Yu ¶¶42-45. This correspondence is the most likely source of evidence that (a) others at PNC regarded the SRSA customer information disclosed by Kelly as uniquely valuable, and (b) Kelly disclosed additional, related customer information in connection with PNC's customer targeting efforts. *Id.* ¶45. And since SRSA's Rule 56(d) motion, Defendants subsequently confirmed they will also withhold all customer

---

[1] Defendants improperly suggested that they deserve summary judgment on *all* SRSA trade secrets, including ones not even mentioned in their opening summary-judgment motion. *See* ECF 283 at 13-14. There is no basis to grant summary judgment to those trade secrets, *see* ECF 294, but in the alternative, the existence of so many unproduced PNC development documents would be grounds to defer adjudication of Defendants' newly raised theory until discovery has completed.

5

communications, *see* ECF 289 at 11, preventing SRSA from determining the value of the customer information Defendants misappropriated. *See id.* ¶¶42,45. While SRSA has already presented ample evidence to justify denial of PNC's summary-judgment motion concerning SRSA's customer information trade secrets, if the Court is not already persuaded, the Court should defer resolution of Defendants' motion until Defendants complete their production of internal and customer-facing correspondence discussing the very SRSA customer information that forms the basis of SRSA's claim.

### 3. Additional discovery will uncover probable facts further supporting SRSA's intentional interference claims.

PNC Bank, N.A.'s summary-judgment motion on SRSA's interference-with-contract and interference-with-prospective-economic-advantage claims asserts that SRSA has failed to identify lost deals where it (1) had a reasonable expectation of winning such business; (2) and suffered from improper means by PNC. ECF 227 at 10-16. The existing record already gives rise to a material dispute for both claims. *See* ECF 261 at 7-16. But in the alternative, Defendants' motion on these grounds should be deferred until Defendants produce the outstanding customer communications SRSA still seeks. SRSA has outstanding discovery requests for documents that describe:(1) the customers and deals Defendants targeted, and (2) Defendants' communications with those customers. Yu ¶¶ 33-37; 39-41. As identified by SRSA, such information would identify two specific areas where wrongful means could have occurred: communications discussing the breach of non-solicitation provisions in an SRSA employment agreement, or communications where PNC discussed SRSA confidential information. *Id.* ¶41.

It is not speculation for SRSA to believe that this outstanding discovery will yield further evidence of intentional interference, as PNC suggests (ECF 288 at 11-12), because there ***already***

6

exists evidence in the record of Defendants' improper solicitation, and SRSA simply seeks the balance of that evidence. *See* ECF 271 at 12.[2] Furthermore, Rule 56(d)'s very purpose is to prevent premature adjudication of claims when further discovery is ongoing. *See Signature Transp. Grp., LLC. v. Jacobs*, 2020 WL 1663124, at *3 (N.D. Ill. April 3, 2020) ("At this point, Plaintiffs have a legal theory and Defendants have a legal theory; it will take some discovery to see which side's legal theory will prevail once all the relevant facts are adduced.").

### 4. Additional discovery will uncover probable facts further supporting SRSA's CFAA claim.

The central thrust of Kelly's opposition regarding the additional documents SRSA seeks to support its CFAA claim is that any evidence of Kelly's improper access to SRSA servers would be contained in the forensic discovery already provided during expedited discovery. ECF 288 at 12-13. The problem with this argument is that Kelly wiped the computer she used to exfiltrate SRSA documents—a SRSA-issued laptop—in March 2018, and the forensic record of her computer activities is therefore incomplete. *See* ECF 229-11 ¶12(v). To fill this gap in the record of Kelly's access to SRSA computers, SRSA has requested that PNC produce documents in its possession whose metadata reflects that they originated at SRSA. Documents responsive to

---

[2] Defendants make the related argument that Rule 56(d) does not permit "SRSA to maintain a 'placeholder' claim for tortious interference with the speculative hope that further discovery will permit it to backfill a good faith basis for it." ECF 288 at 12. This is another strawman, as SRSA has already disclosed facts showing the good faith basis for its tortious interference claims. ECF 261 at 7-11, 12-17. Moreover, the cases Defendants rely on—*Snyder Ins. Servs. v. Sohn*, 2017 WL 2839775 (D. Kan. July 3, 2017), and *Curtis v. Marquez*, 2018 U.S. Dist. LEXIS 181689 (D. Ariz. Oct. 23, 2018)—have nothing whatsoever to do with Rule 56(d). Instead, both cases addressed whether a plaintiff could take discovery that was relevant solely to claims ***not plead in a complaint***.

this request will provide on-point evidence not already detailed in the incomplete forensic record.[3]

### 5. Additional discovery will uncover probable facts further supporting SRSA's unfair competition claim.

PNC Bank N.A.'s summary judgment motion against SRSA's unfair competition claim argues that there is no evidence consumers in the marketplace were deceived in distinguishing SRSA and Defendants' products. ECF 227 at 5. But at least one document in Defendants' productions to date already show customer confusion. *See* ECF 261 at 19 (citing ECF 260-21). SRSA has requested additional customer communications in part to identify additional customer communications expressing similar uncertainty regarding the origin of PNC's online paying agent products. *See* Yu ¶38.[4]

Defendants do not deny they are withholding responsive customer communications. Instead, Defendants assert that further production of communications is unnecessary since SRSA—not Defendants—are obligated to put forth evidence that its own products obtain a "secondary meaning." At the outset, PNC Bank's argument based on "secondary meaning" was raised for the first time in its summary judgment reply and should be disregarded. *Ulibarri v. City & Cnty. of Denver*, 742 F. Supp. 2d 1192, 1218 (D. Colo. 2010). Regardless, SRSA's unfair

---

[3] Defendants also argue that none of SRSA's outstanding discovery requests will yield evidence of SRSA's own loss. But SRSA has already produced evidence showing the losses caused by Kelly's CFAA violation. *See* ECF 263 at 13.

[4] PNC claims that it has already produced customer communications referencing SRSA. But a communication could show customer confusion without expressly identifying SRSA by name. Opp. at 2. Furthermore, even after SRSA's 56(d) motion, PNC has not produced any custodial files from two critical sales representatives—Patrick Murphy and Luda Semenova (the latter a former SRSA employee)—or an SRSA employee who PNC recruited precisely to help with customer integration, Lisa Kremers.

8

competition claim does not hinge on proving "secondary meaning," which is required only when a plaintiff asserts an unfair-competition claim *based on trade names*. *See HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1123 (D. Colo. 2011) (recognizing a general unfair competition test and a separate test for claims involving misuse of a trade name). For a general-purpose unfair-competition claim, a plaintiff need only show that the (1) "the defendant copied the plaintiff's products or services or misappropriated the plaintiff's name or operations" and (2) the defendant's conduct "is likely to deceive or confuse the public because of the difficulties in distinguishing between the plaintiff's and defendant's products and services." *Id.*; *see NetQuote, Inc. v. MostChoice.com*, 504 F. Supp. 2d 1126, 1131 (D. Colo. 2007). SRSA's claim is not tied to trade names, and thus Defendants cannot use that as an excuse to avoid production of information.

  **B.**  **The Second Discovery Order does not impact the Rule 56(d) analysis.**

Defendants' Opposition relies heavily on Judge Crews' denial of SRSA's motion to compel certain categories of discovery. *See* ECF 227. But SRSA has filed Objections to Judge Crews' order, which was clearly erroneous. ECF 289. The fact that a document is withheld pending resolution of a party's objection still establishes facts that are unavailable for Rule 56(d) purposes. *See Crews*, 2015 WL 13873913, at *2. SRSA is also pursuing relevant discovery by other means, including depositions and newly-served document requests targeting issues related to Defendants' summary-judgment motions. *See, e.g.*, Ex. A to Plaintiff's Reply i/s/o Rule 56(d) Motion (SRSA's October 19 Requests for Production of Documents). In any event, Judge Crews denied discovery relevant to the claims in Defendants' summary-judgment motions based on

9

overbreadth, not relevance. *See* ECF 277 at 5-6. Accordingly, Judge Crews' denial of some of SRSA's discovery does not foreclose the Rule 56(d) argument SRSA raises now.

### III. CONCLUSION

For foregoing reasons, if the Court does not deny Defendants' summary-judgment motions on the merits, the Court should grant SRSA's Rule 56(d) Motion and defer resolution of Defendants' motions until SRSA has completed discovery and had the opportunity to supplement the record.

//

//

//

Respectfully submitted,

Dated: October 21, 2020

By: _s/ Warren A. Braunig_
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:	415-391-5400
Facsimile:	415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:	303 863 9700
Facsimile:	303 863 0223
Email:	litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

## COMPLIANCE WITH TYPE-VOLUME LIMITATION

The undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

11

1508744