# Exhibit A - 2020.10.19 SRSA RFPs to PNC Financial

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFF SRS ACQUIOM INC.'S REQUESTS FOR PRODUCTION TO
DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.**

1

Pursuant to the Court's May 29, 2020 Scheduling Order and Rule 34 of the Federal Rules of Civil Procedure, Defendant PNC Financial Services Group, Inc. shall serve written objections and responses to Plaintiff SRS Acquiom Inc.'s Requests for Production no later than November 18, 2020.  Defendants shall complete their document production in accordance with the Definitions and Instructions herein, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111.  If, after producing the requested documents and materials, Defendants obtain or become aware of any further responsive documents or materials, Defendants must promptly produce to Plaintiffs such additional documents and materials.

**DEFINITIONS**

1. The term "you" or "your" or "PNC" shall refer to PNC Financial Services Group, Inc., and PNC Bank, N.A. (collectively, "PNC") as well as any of PNC's parents, subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, employees, agents, shareholders, representatives, attorneys, advisors, and any individual or entity acting on behalf or at the direction of PNC.

2. The term "Defendants" shall refer to PNC, Heather Kelly, and Alex Tsarnas.

3. The term "Tsarnas" shall refer to Defendant Alex Tsarnas, and any other persons or entities acting or purporting to act on his behalf.

4. The term "Kelly" shall refer to Defendant Heather Kelly, and any other persons or entities acting or purporting to act on her behalf.

5. The term "this Action" shall mean *SRS Acquiom, Inc. v. PNC Financial Services Group, Inc., et. al.,* No.1:19-cv-02005-DDD-SKC, currently pending in the United States District Court for Colorado.

6. The term "SRSA" shall refer to Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC, collectively, and their employees, affiliates, divisions, representatives, and all other persons or entities acting or purporting to act on their behalves.

7. The terms "PNC's M&A Payments and Escrow Products" refers to any one of the suite of online merger and acquisition payments products released by PNC, including but not limited to PNC Paid, Optionholder Compensation Payments, Deal Dashboard aka "Buyer Portal," and Pre-Closing Solicitation, as those products are described in the Second Amended Complaint in this Action.

8. The terms "PNC's Payments & Escrow Services" refers to PNC's provision of paying-agent and escrow agent services in connection with mergers-and-acquisitions transactions and customer engagements, including through the provision of any or all of PNC's M&A Payments and Escrow Products.

9. The term "HK Contacts" refers to any and all versions of the document created by Heather Kelly on or around March 7, 2018 titled "HK Contacts.xlsx," one example of which is **PNC_00056587.**

10. The term "Firms by Segement" (sic) refer to any and all versions of the PNC spreadsheet titled "Firms by segement," one example of which is **PNC_00037886.**

11. The term "Strategic Buyers" refers to a tab on certain versions of the "Firms by Segement" (sic) spreadsheet bearing that name, and any and all versions or derivations of that particular tab.

12. The term "Customer Relationship Management Database" refers to any database, spreadsheet or other software program, including but not limited to Salesforce or Netsuite, that stores information about PNC's customers or potential customers.

13. The term "Customers at Issue" refers to all individuals or entities listed in any version of "HK Contacts," any version of the Strategic Buyers page of "Firms by Segement," or in SRSA's August 3, 2020 responses to PNC's interrogatories no. 1, 2, 3 and 9.

14. The term "Tax Reporting Matrix" refers to any and all derivations of the document created on or around April 18, 2018 titled "Tax Reporting Matrix (DRAFT).xslx," one example of which is CGI_SRS_00001996.

15. The term "Fortis" refers to FORTIS Advisors.

16. The term "version" refers to all iterations, copies, variations, derivations, or derivatives.

17. The terms "document" or "documents" shall mean and include all things within the meaning and scope of those terms as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, typewritten, or recorded in any other way, and whether or not claimed to be privileged, confidential or personal. Documents includes but is not limited to communications, papers, agreements, contracts, notes, drafts, memoranda, meeting minutes, presentations, presentation materials, letters, telegrams, statements, invoices, personal diaries, records, reports, summaries, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, flash drives, iCloud files, JIRA tickets, message boards, databases, Salesforce/SAP/CRM (Customer Relationship Management) records,

spreadsheets, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, photographs, and manuals, including metadata for any such material, of which the responding party has knowledge or information, either in the responding party's possession or under the responding party's custody or control, and regardless of who has maintained custody of such documents, and includes all original, copies, versions, and drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists.

18. The terms "communication" or "communications" shall mean every manner or method of disclosing, transferring, transmitting, printing, photocopying, photographing, or exchanging information, whether in writing, electronically or on paper, and whether by mail, facsimile, email, internet communication, text, SMS, WhatsApp, SnapChat, Slack, Signal, iMessage, Skype, social media (Facebook, LinkedIn, Instagram) face-to-face, telephone including but not limited to voicemail, other records of telephone calls, oral communications or otherwise.

19. The terms "referring," "relating," "regarding," or "concerning" (and all variations on these words) shall be construed in their most inclusive sense, and shall mean reflecting, pertaining to, consisting of, evidencing, describing, identifying, comprising, mentioning, or in any way logically or factually connecting with the matter discussed. A document "referring to" or "relating to" a given subject is any document that reflects, constitutes, contains, embodies, pertains to, mentions, consists of, comprises, shows, comments on, evidences, describes, or in any other way references that subject.

4

20. The term "each" shall include "every" and vice versa; and the term "any" shall include "all" and vice versa, as necessary to bring within the scope of the answer that which might otherwise be construed to be outside the scope of the request.

21. Use of the singular also includes the plural and vice-versa, even for the above defined terms.

22. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

### INSTRUCTIONS

1. You are required to take immediate steps to preserve and maintain all potentially responsive documents and computing devices, including electronic data, if you have not already done so.

2. In responding to these Requests, you are required to furnish all responsive documents in your possession, custody, or control. A document is in your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. If a responsive document was in your possession, custody, or control at one time, but is no longer available for production, identify the document and state the following information with respect to each such document: (a) whether the document is missing or lost; (b) whether the document has been destroyed, and if so, at whose direction or in accordance with what policy; (c) whether the document has been transferred, sent, or delivered to another person, and if so, at whose request; (d) whether the document has been otherwise disposed of; and (e) a

precise statement describing the circumstances surrounding the disposition of the document and the date of its disposition.

4. The documents requested shall be produced as they are kept in the usual course of business and in compliance with the ESI Order entered by the court on September 5, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information). *See also*, Fed. R. Civ. P 34(b)(2)(E)(i).

5. You shall produce all non-identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of handwritten notes thereon.

6. If you cannot fully respond to the following Requests after exercising due diligence to secure the information requested, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what knowledge, information or belief you have concerning the unanswered portion of any such Requests.

7. These requests are specifically intended to encompass all documents and communications, whether stored electronically or in hard copy/paper form, including but not limited to emails sent from personal email accounts.

8. When searching for documents related to or concerning SRSA or SRSA's M&A Payments and Escrow Products, Defendants should use at least the following search terms:  SRS, Acquiom, SRSA, SRS, Clearinghouse, ACP, Acquiom Compensation Payments, Acquiom Employee Services, AES, Deal Dashboard, Deals Dashboard, Buyer Portal, Enhanced Document Collection, ECP, Pre-Closing Solicitation, PCS, and any internal PNC name or code for SRSA or

SRSA products. This list is not all-inclusive and does not relieve PNC of its obligations to produce documents PNC knows or reasonably should know would be considered relevant to the below requests for production as defined in Fed. R. Civ. P. 26(b)(1) even if those documents fall outside of the limited set of terms provided.

9. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary. For example, tabs, file folders with labels, or directories of files, or copies thereof, identifying documents must be produced intact with such documents.

10. Documents attached to each other (i.e. a document "family") shall not be separated for purposes of production.

11. If any requested document or information is withheld under a claim of privilege, please provide all documents or information falling within the scope of the Request which is not privileged, produce documents with designated and identifiable privilege redactions to the extent possible, and for each document or item of information to which a claim of privilege is made, furnish privilege or redaction logs. The privilege logs must comply with and contain the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pp. 14 – 16.

12. If you produce a document in an incomplete or redacted format, you should provide an accompanying redaction log that complies with and contains the information required by the ESI Order entered on September 05, 2019. *See*, Dkt. 42 (Stipulated Order Regarding Discovery of Electronically Stored Information) at pg. 16.

13. If you object to any portion of any request, respond to the portions to which your objection does not apply.

14. If in answering these requests you claim any ambiguity in either the request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation of the language you used to respond.

15. Your obligation to respond to these Document Requests is continuing, and you should supplement your responses and production in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION[1]

**REQUEST FOR PRODUCTION NO. 19:**

All records maintained in any Customer Relationship Management Database that describe or detail the sale, marketing or attempted sale or marketing of PNC's M&A Payments & Escrow Products to any Customers at Issue.

**REQUEST FOR PRODUCTION NO. 20:**

All pre-contract communications from January 1, 2018 to the present between PNC and any Customers at Issue comprising efforts to solicit business for PNC's Payments & Escrow Services.

---

[1] During non-expedited discovery, Plaintiff SRS Acquiom Inc. has not served any requests for production on Defendant PNC Financial Services Group, Inc., but to avoid confusion with other requests that have been served in this Action, SRS Acquiom Inc. begins its numbering at 19.

8

1521572

**REQUEST FOR PRODUCTION NO. 21:**

Quarterly profit-and-loss statements, sufficient to show each source of revenue and each category of expense, for PNC's M&A Payments & Escrow Products, as they are kept in the ordinary course of business, from the first quarter of 2018 through present.

**REQUEST FOR PRODUCTION NO. 22:**

All contracts between Fortis and any third-parties, imposing restrictions on the disclosure of confidential information in connection with M&A transactions, including any non-disclosure agreements.

**REQUEST FOR PRODUCTION NO. 23:**

Documents reflecting any economic analysis prepared in connection with PNC's consideration of acquiring, or acquisition of, Fortis, including any valuation of Fortis and any forecasts or projections related to the acquisition or the PNC PAID/Fortis Portal business opportunity.

**REQUEST FOR PRODUCTION NO. 24:**

Draft and final versions of documents setting forth functional specifications for PNC's M&A Payments and Escrow Products, including draft and final versions of PNC's "Paying Agent Procedures" document and its "Online Appendix," any updated versions of PNC's "User Manuals" for PNC PAID, and any web-based product documentation such as intraweb or wiki pages dedicated to PNC PAID.

**REQUEST FOR PRODUCTION NO. 25:**

Non-source-code documents created between March 1, 2018 and the present using third-party software development applications—including wireframing tools like InVision and project

management tools such as Jira, Confluence, and/or VersionOne, but not including source code version-tracking tools such as GIT—as part of PNC's efforts to develop PNC's M&A Payments and Escrow Products.

**REQUEST FOR PRODUCTION NO. 26:**

Documents reflecting any effort by PNC to further develop or re-develop PNC's payments spreadsheet after July 11, 2019.

**REQUEST FOR PRODUCTION NO. 27:**

All internal PNC communications involving setting prices or financial terms relative to those being offered by any named or unnamed competitor, for PNC's M&A Payments and Escrow Products or Services.

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting the contributions of Kelly or Tsarnas to determining the design, features or functionality of PNC's Deal Dashboard.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting the preparation or use of the Tax Reporting Matrix, including all drafts, versions and variations of the Tax Reporting Matrix.

**REQUEST FOR PRODUCTION NO. 30:**

All documents containing or describing Kelly or Tsarnas's contributions or input into the documents responsive to RFP Nos. 24, 25, and 26 above.

Respectfully submitted,

Dated:  October 19, 2020

By:  /s/ Warren A. Braunig
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:	415-391-5400
Facsimile:	415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:	303 863 9700
Facsimile:	303 863 0223
Email:	litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

11

1521572

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **October 19, 2020**, I served the following document(s):

**Plaintiff SRS Acquiom Inc.'s Requests for Production to Defendant PNC Financial Services Group, Inc.**

- ☑ by **E-MAIL VIA PDF FILE**, per the parties' electronic service agreement, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| James Forrest Bennett<br>Jeffrey R. Hoops<br>Dowd Bennett LLP St. Louis<br>7733 Forsyth Boulevard, Suite 1410<br>St. Louis, MO  63105<br>Telephone:  314.889.7300<br>Facsimile:   314.863.2111<br>Jbennett@dowdbennett.com<br>jhoops@dowdbennett.com | Attorneys for Defendants |
| Matthew E. Johnson<br>Dowd Bennett LLP Denver<br>1775 Sherman Street, Suite 2010<br>Denver, CO  80203<br>Telephone:  303.353.4361<br>Facsimile:   314.863.2111<br>mjohnson@dowdbennett.com | Attorneys for Defendants |
| Hara K. Jacobs<br>Noah A. Robbins<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>Tel 215.665.8500<br>Fax 215.864.8999<br>jacobsh@ballardspahr.com<br>robbinsn@ballardspahr.com<br>ballardpnclitteam@ballardspahr.com | Attorneys for Defendants |

| | |
|---|---|
| Matthew C. Miller<br>Scott R. Bialecki<br>SHERIDAN ROSS, P.C.<br>1560 Broadway, Suite 1200<br>Denver, CO 80202-5141<br>sheridan-srs@sheridanross.com | Attorneys for Plaintiffs |

Executed on October 19, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Katie Lynn Joyce*

Katie Lynn Joyce

2

1335310