IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**PLAINTIFFS' MOTION TO RESTRICT (1) PLAINTIFFS' PROPOSED SURREPLY AND EXHIBITS AND (2) DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY AND EXHIBIT B**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in (1) Plaintiffs' Proposed Surreply and certain exhibits thereto, *see* ECF Nos. 295, 295-1, 295-3, 295-4, 295-5, 295-6, 295-7; and (2) Defendants' Opposition to Plaintiffs' Motion for Leave to File a Surreply and Exhibit B thereto, *see* ECF Nos. 297, 297-2.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

1

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A.   Description of Documents and Restriction Level Sought

For the Court's convenience, SRSA attaches as **Exhibit A** to this motion a chart listing its restriction request, and whether Defendants oppose, on a document-by-document basis. SRSA requests Level 1 restriction for all materials.

### B.   SRSA's interest in the protection of its confidential and HC-AEO information outweighs the presumption of public access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive business information found in the Surreply papers and exhibits thereto, concerning SRSA technical information, including policies and procedures for SRSA's proprietary and trade-secret payment methods. Restriction over such information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

More precisely, SRSA seeks to restrict information regarding SRSA's technical processes, operational procedures, and proprietary documents used to run its online payments platform. The information SRSA seeks to restrict consists of:

- SRSA's trade-secret disclosure, as well as a declaration and expert report, describing in detail the operation processes (e.g., particular steps, workflows, strategic maps, and research results) and development history of its trade secret information. *See* ECF Nos. 295-1, 295-3,[1] 295-4.

- PNC payments-processing and operation documents and emails reflecting PNC's use of SRSA payments and operational processes. *See* ECF Nos. 295-5, 295-6, 295-7.

- Pleadings that describe SRSA's payments and operational processes in detail. *See* ECF Nos. 295, 297.

- Deposition testimony that describes steps SRSA took to develop its proprietary platform. *See* ECF No. 297-2.

---

[1] In the expert report of Adam Woodworth, SRSA also seeks to restrict his personal contact information, for privacy purposes. *See* ECF No. 295-3, Exhibit A.

3

The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). And here, such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF Nos. 295, 295-1, 295-3, 295-4. A competitor armed with such information would gain significant insight into how to mimic SRSA's industry-leading products, would "save considerable time and resources," and would cause SRSA competitive harm in the marketplace. *See* ECF Nos. 295-1, ¶ 3; 295-3 ¶¶ 70, 78-81.

C.  There is no practicable alternative to restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access to this Court's records, SRSA will file public redacted versions of the restricted documents (where it can be done) to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370,

4

at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

The Court has already approved Level 1 restriction for the same types of information SRSA now seeks to restrict. In conjunction with its preliminary-injunction briefing and January 2020 Motion for Sanctions, SRSA previously sought, and obtained, restriction over similar confidential technical and business information at issue in its current motion. *See* ECF Nos. 194 & 210 (restricting numerous SRSA and PNC documents containing SRSA confidential and trade-secret information), 222 (redacting reference to SRSA customers, confidential business information, and product-development strategies).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in Exhibit A.

### Certificate of Conferral Under Local Rule 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), on October 29, 2020, SRSA's counsel conferred with counsel for Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly and Alex Tsarnas (collectively "Defendants") on the relief sought herein. Defendants' counsel states that Defendants do not oppose restriction of some of the documents in this motion, but reaffirm and incorporate by reference Defendants' statements in the D.C.COLO.LCivR 7.1(a) certificate of SRSA's Unopposed Motion to Redact Preliminary Injunction Hearing Transcript (the "Motion", ECF No. 220), as if fully set forth herein. Additionally, Defendants reiterated that that they do not waive any substantive defense related to any of the materials discussed herein, and do not waive the right to contest the confidentiality of the materials

1526911

Plaintiffs seek to restrict, as well as the designation of any such materials, in any future pleading or proceeding, including at summary judgment and at trial.

Respectfully submitted,

Dated: October 29, 2020

By: *s/ Katie Lynn Joyce*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:     415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303 863 9700
Facsimile:     303 863 0223
Email:    *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

1526911