**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**DEFENDANTS' RESPONSE TO THE COURT'S NOTICE AND ORDER REGARDING SPECIAL MASTER (ECF NO. 313)**

---

Defendants PNC Financial Services Group, PNC Bank N.A., Heather Kelly, and Alex Tsarnas (collectively, "Defendants") respectfully submit this Response to the Court's Notice and Order Regarding Appointment of Special Master (ECF No. 313).

**I.    INTRODUCTION AND STATUS OF THE CASE**

Defendants are mindful of the Court's extensive case load and the complexities associated with this commercial dispute, including those that arise during the discovery process. Defendants defer to the Court on whether its case load and docket will permit it to address the two pending motions and any upcoming discovery dispute that may be filed.

Defendants do take the opportunity to point out that ECF No. 313 mentioned the discovery dispute at ECF Nos. 233 and 234 is pending, but Magistrate Judge Crews already issued a ruling on that dispute (ECF No. 277), and Judge Domenico recently ruled on Plaintiffs'

1

Objection to ECF No. 277 in his Order dated November 18, 2020.  (*See* ECF No. 315).

Further, Defendants are optimistic that several of Plaintiffs' discovery disputes that were to be the subject of forthcoming briefing can be resolved without Court (or Special Discovery Master) involvement because the Parties must now revisit these disputes in light of the additional guidance as to the proper scope of discovery set forth in Judge Domenico's Order.  Therefore, Defendants respectfully submit that a Special Discovery Master may not be needed inasmuch as only ECF Nos. 55, 56, 113, and 115 are currently pending with the Magistrate Judge.

In addition, the time to serve written discovery in this case has passed as the Scheduling Order requires that written discovery end on November 30, 2020.  (ECF Nos. 215 & 308.)  While Judge Domenico's recent order requires Defendants to supplement two interrogatory responses, there will not, and should not, be a flood of new discovery in the case.  The Parties have completed the majority of SRSA's Rule 30(b)(6) deposition (one topic remains); all four of the Parties' experts have been deposed; and fact depositions and third-party depositions are scheduled for December.  In addition, SRSA already took one of its three third-party depositions earlier in November.

In sum, this case is in the very final stages of discovery, even with the upcoming supplementation that Defendants will make in light of Judge Domenico's recent Order, and thus a Special Discovery Master may not be necessary in the case.

## II.     PROPOSED SPECIAL DISCOVERY MASTER OPTIONS

If the Court opts to appoint a Special Discovery Master, Defendants respectfully submit that the following retired judges are excellent candidates who are well-suited to resolve any disputes in this case.  Defendants' counsel has not contacted any of these retired judges about

this matter (*see* Objection to Plaintiffs' proposals below), and neither Defendants nor their counsel has ongoing matters of any kind with these third-party neutrals.

        **A.**        **Hon. William Downes (Ret.)—JAMS**

After serving as the Chief Judge in the District of Wyoming, Judge Downes has gained extensive experience mediating and serving as a neutral in the District of Colorado, and he would be an excellent fit of for this case. Information about Judge Downes' practice as a third-party neutral can be found at the JAMS website,[1] and his biography is attached as Exhibit 1.

        **B.**        **Hon. Boyd Boland (Ret.)—JAG**

Magistrate Judge Boland retired from his position as a Magistrate Judge in the District of Colorado in 2015 and joined JAG in Denver. He served as a Magistrate Judge in this District for 15 years from 2000–2015, and he was the lead Magistrate from 2011–2015.[2] Additional information about Judge Boland is attached as Exhibit 2. Judge Boland's extensive experience with discovery disputes in this District makes him an ideal candidate for this position.

        **C.**        **Honorable William Meyer (Ret.)—JAG**

Judge Meyer is well-respected in this District, he is highly sought after to serve as a neutral, and his experience as a Denver District Court Judge would suit him well to resolve discovery disputes in this matter. Additional information about Judge Meyer's practice as a third-party neutral can be found at the JAG website, and his biography is attached as Exhibit 3.[3]

---

[1] https://www.jamsadr.com/downes/ (last visited Nov. 20, 2020).

[2] https://jaginc.com/arbiters/boland (last visited Nov. 20, 2020).

[3] https://jaginc.com/arbiters/bmeyer (last visited Nov. 20, 2020).

3

### III. OBJECTION TO PLAINTIFFS' PROPOSED SPECIAL DISCOVERY MASTERS

It is Defendants' understanding that Plaintiffs intend to propose two Special Discovery Masters: Steve Mains from Mains Mediation Firm and Jane Michaels from Holland & Hart LLP. While Mr. Mains and Ms. Michaels may have been qualified candidates for this matter, Defendants' counsel learned on November 19, 2020, during a meet and confer call with Plaintiffs' counsel, that one or more of the attorneys representing Plaintiffs has already contacted Mr. Mains and Ms. Michael to "run conflicts." There is nothing in this Court's order (ECF No. 313) that asked the Parties' counsel to contact their proposed Special Discovery Masters to run conflicts, and instead, the Court directed the Parties to "suggest candidates for appointment." (*Id*. at 2.)

The problem with Plaintiffs' counsel unilaterally contacting Mr. Mains and Ms. Michaels is that, unlike mediation, the Special Discovery Master's decisions are binding, unless overturned by the Court, and therefore, one Party in this lawsuit should not be perceived as hiring or engaging the Special Discovery Master. The Court made clear that it would "select the special master in its discretion," (*id*.), which surely includes confirming that any proposed Special Discovery Master does not have any disqualifying conflicts.

Therefore, Defendants object to any proposed candidate that Plaintiffs suggest who they or their counsel have already contacted *ex parte* regarding serving at the Court's direction in this matter, including, but not limited to, Mr. Mains and Ms. Michaels.

### IV. CONCLUSION

Defendants respectfully submit there are only two discovery issues pending and one could be forthcoming from the Parties. Therefore, a Special Discovery Master may not be

4

needed.  However, if the Court determines that it should appoint a Special Discovery Master, Defendants respectfully request that the Special Discovery Master be Judge Downes, Judge Boland, or Judge Meyer.  Defendants also request that the Court not appoint as Special Discovery Master any third-party who Plaintiffs or Plaintiffs' counsel has already contacted *ex parte* about this lawsuit.

Dated: November 20, 2020

Respectfully Submitted,

By:  */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
Email: jbennett@dowdbennett.com
           mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
Email: jacobsh@ballardspahr.com
           robbinsn@ballardspahr.com

*Attorneys for Defendants*

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

5

# CERTIFICATE OF SERVICE

       I hereby certify that on this 20th day of November, 2020, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO THE COURT'S NOTICE AND ORDER REGARDING SPECIAL MASTER (ECF NO. 313)** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

  Warren A. Braunig
  Benjamin D. Rothstein
  Michelle Ybarra
  Victor H. Yu
  KEKER, VAN NEST & PETERS LLP
  633 Battery Street
  San Francisco, CA 94111-1809

  Scott R. Bialecki
  Matthew C. Miller
  SHERIDAN ROSS P.C.
  1560 Broadway, Suite 1200
  Denver, CO 80202

  *Attorneys for Plaintiffs*

                                                      */s/ Matthew E. Johnson*
                                                      Matthew E. Johnson