IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## ORDER APPOINTING DAVID M. TENNER AS SPECIAL MASTER

This matter is before the Court on its Notice and Order Regarding Appointment of Special Master ("Notice"). [#313.] As required by Fed. R. Civ. P. 53(b)(1), the Court has given the parties notice and an opportunity to respond and suggest candidates, which they have done. [*See* #319 (Defendants' Response); #320 (Plaintiffs' Response).] No party opposes the appointment of a special master—Defendants suggest a special master may not be needed based on the limited remaining discovery in the case, while Plaintiffs suggest they anticipate additional discovery disputes beyond those currently identified by, and pending before, the Court.

Having considered the parties' responses and suggested candidates, the

numerosity of discovery disputes that have already occurred and those on the horizon, and the matters in Fed. R. Civ. 53(a)(3), the Court hereby appoints David M. Tenner of Ridley, McGreevy, & Winocur, P.C., 303 16th Street, Suite 200, Denver, Colorado, 80203, (303) 629-9700, as Special Master.

1. <u>Authority for and Scope of Appointment</u>. The Special Master is appointed pursuant to F.R.C.P. 53(a)(1)(C) to resolve all pending and upcoming discovery disputes between the parties and oversee their remaining discovery, including depositions. The Special Master may also perform any additional duties consented to by the parties. Fed. R. Civ. P. 53(a)(1)(A).

2. <u>Special Master's Duties and Authority</u>. The Special Master shall proceed with all reasonable diligence and shall have the authority provided special masters under Fed. R. Civ. P. 53(c), including the power to sanction. Fed. R. Civ. P. 53(c)(2).

3. *Ex Parte* <u>Communications</u>.

(a) With the Court. The Special Master may have *ex parte* communications with the Court regarding: (1) whether a particular dispute or motion is subject to the scope of the Special Master's duties; (2) assisting the Court with procedural matters, such as apprising the Court of logistics, the nature of the Special Master's activities, and management of the litigation; (3) any matter upon which the parties or their counsel have consented; (4) the application of Fed. R. Civ. P. 53; and (5) any matter, the subject of which is initiated by the Court.

(b) With the Parties and Counsel. The Special Master may have *ex parte* communications with the parties or counsel regarding: (1) purely procedural or

2

scheduling matters; (2) resolution of privilege or similar questions, in connection with *in camera* inspections, upon notice to the other parties; and (3) any matter upon which the parties or their counsel have consented.

4. <u>Material to be Preserved and Filed as the Record of the Special Master's Activities</u>. All orders of the Special Master shall be filed with the Court, unless the parties or their counsel have agreed otherwise. It shall be the duty of the parties and counsel, not the Special Master, to provide for any record of proceedings with the Special Master. The Special Master shall not be responsible for maintaining any records of the Special Master's activities other than billing records. In the event of any hearing where evidence is taken, it shall be the duty of the parties and counsel to preserve any exhibits tendered or rejected at the hearing and to provide the Special Master with a copy of all transcripts.

5. <u>Review of Special Master's Reports, Orders or Recommendations</u>. Subject to the provisions of Fed R. Civ. P. 53(f), any report or order of the Special Master is effective upon its issuance. Any objection to any report, order or recommendation of the Special Master shall be filed within the time period stated in Fed. R. Civ. P. 53(f). **In reviewing the actions of the Special Master, and pursuant to Fed. R. Civ. P 53(f)(3), the parties will be deemed to have stipulated that findings of fact made by the Special Master will be final, unless a party files an objection this portion of this Order within seven days of the date of this Order.**

6. <u>Compensation</u>. The Special Master shall be compensated at his usual and customary hourly rate, currently $450/hour, and shall be reimbursed for all expenses

and costs incurred in the performance of his duties. These fees and costs shall be timely paid, half by Plaintiffs (collectively) and half by Defendants (collectively), although the Special Master has the power to adjust the division of fees and costs in his discretion based on the merits of the matter before him. The parties shall promptly and timely pay the Special Master directly, upon receipt of the Special Master's invoice. The fees and costs may be reallocated by the Court in its discretion at the conclusion of the case. Upon the failure of a party to timely pay the Special Master's fees, the Court may enter judgment in favor of the Special Master and against the non-paying party.

7. <u>Special Master's Affidavit</u>. The Special Master's Affidavit required by Fed. R. Civ. P. 53(b)(3)(A) has been executed and is attached to this filing.

DATED:  November 30, 2020.

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge