IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**STIPULATED ORDER
REGARDING FEBRUARY 2, 2021 HEARING**

On January 22, 2021, the Special Master ordered Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") and Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas (collectively, "Defendants") to meet and confer regarding an order to govern an evidentiary hearing to be held by remote videoconference, set for February 2, 2021.

Following a meet and confer, the parties hereby agree, and the Court hereby ORDERS, that the February 2, 2021 evidentiary hearing shall be conducted as follows:

1. **Agreement to Videoconference:**

   A. The parties and the Special Master agree that the February 2, 2021 evidentiary hearing in this case will be conducted via Zoom videoconference. This confirms

1

1638272

        that the hearing will be deemed to have taken place in Denver, Colorado.

    B.    The parties acknowledge that they have made their own investigation as to the suitability and adequacy of Zoom for its proposed use for the videoconferenced hearing and of any risks of using Zoom, including any risks regarding its security, privacy or confidentiality, and they agree to use Zoom for the hearing.

2.    **Hearing Record and Recording:**

    A.    The parties and Special Master agree that the hearing will be transcribed by a court reporter. The parties and Special Master agree that the court reporter's transcript will be the official record of the hearing. Regardless of physical or remote attendance, the court reporter may interrupt attorneys, witnesses, or the arbitrator/panel as needed to clarify items for the record.

    B.    The parties and counsel agree that they will not record, via audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

3.    **Technical Aspects:**

    A.    <u>Invitations to Access Hearing:</u> The attendees will be invited via email to join the Zoom hearing. In order to facilitate e-mail invitations for the hearing, no later than February 1, 2021, the parties shall circulate to the vendor hosting the proceedings (Veritext) and each other a list of each attendee's name, e-mail address, and phone number (where they will be reachable on the day(s) they

2

1638272

attend the hearing).

B. Advance Testing of System:

    i. Each party will be responsible for testing the videoconferencing system with each of their witnesses, including any third-party witnesses that party has subpoenaed, who will be attending virtually (as opposed to in counsel's offices). Each party also is responsible for ensuring that all logistical requirements of this Order are satisfied.

    ii. The video conference shall be of sufficient quality so as to allow for clear video and audio transmission of all participants.

    iii. Each participant should test their equipment to determine their best audio connection – whether by phone, through their computer speakers/microphone, and with or without a headset.

C. Back-Up Conference Call Line: The parties and Special Master shall reserve an optional dial-in conference call number in case one or more participants has poor quality computer audio (after trying the audio connection through the computer – with and without a headset – and by phone).

D. Hearing Participants:

    i. Each attendee of the virtual hearing shall disclose at the start of each hearing session the identities of any additional people in the room with the attendee. Should an individual join the attendee after the hearing session has begun, that individual should be identified to counsel and the

       Special Master at the earliest opportunity.

   ii.   During the videoconference, the participants or the witness shall always be in view of the camera. If two or more non-attorneys are attending the hearing together in a room, they shall use a single camera, which shall be placed to provide a view of a reasonable part of, if not the entire, room.

   iii.   At the Special Master's request, unknown participants shall identify themselves by showing a piece of identification to the camera or by responding to the Special Master's questions regarding their identity.

E.   <u>Ensuring Good Audio/Video</u>: Hearing participants shall make best efforts to ensure that there will be clear video and audio transmission during the hearing. Participants should:

   i.   consider steps that may be taken to establish a high-speed internet connection *(e.g.,* if possible, a hard-wired internet connection is generally preferable to a wireless internet connection);

   ii.   use the computer microphone, with or without a headset, for audio transmission or use a phone to dial into audio portion of the platform (or if necessary, use the back-up conference call number if the computer and platform audio are of poor quality);

   iii.   eliminate any background noise;

   iv.   consider camera positioning and lighting (e.g., avoid sitting near a window, positioning a light in front of (instead of behind) the

1638272

     participant);

   v. access Zoom via desktop or laptop rather than by smartphone or tablet;

   vi. ensure computing devices are adequately charged and that power cables or back-up batteries are available as may be necessary; and

   vii. not join the hearing from a public setting or using unsecured, public wifi to ensure the privacy and security of the hearing.

 F. All counsel shall endeavor to speak one at a time and not while another is speaking, other than as may be required to interpose an objection to a question asked or to alert other participants of technical difficulties.

 G. All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The Special Master will have the ability to mute and unmute any participant if needed.

 H. For each person participating in the video conference, there shall be sufficient microphones to allow for the amplification of the individual's voice, as well as sufficient microphones to allow for the accurate transcription or recording of the participant's speech as appropriate.

 I. Each participant in the hearing shall have accessible a computer or other device with email.

**4.** **Witnesses and Exhibits:**

 A. With the exception of the parties and expert witnesses, who may attend the

5

      entirety of the hearing, all witnesses are to be sequestered until they testify.

B.    Witnesses should follow the below practices:

    i.    A witness shall give evidence sitting at an empty desk or table, and the witness' face shall be clearly visible in the video.

    ii.    To the extent possible, the webcam should be positioned at face level, relatively close to the witness (e.g., by positioning a laptop on a stack of books).

    iii.    Witnesses may not use a "virtual background." Instead, the remote venue from which they are testifying must be visible.

    iv.    Witnesses should speak directly to the camera while testifying.

    v.    Witnesses should avoid making quick movements.

C.    At any time, the Special Master may ask a witness to orient his or her webcam to provide a 360-degree view of the remote venue in order to confirm that no unauthorized persons are present; any authorized persons (counsel, etc.) in the room with the witness must be identified at the start of the witness' testimony. While witnesses are testifying, witnesses shall have no communication with any other person, including during breaks.

D.    In accordance with the provisions of this Order, the Special Master shall instruct each witness about: (i) what to do in the event of a disconnection or other technical failure; and (ii) the impermissibility of any unauthorized observers or

recordings of the hearing.

E. Hearing exhibits:

    i. Before the hearing, counsel shall provide each witness and the Special Master a binder containing a clean, unannotated hard copy set of exhibits to be referred to during the witness' evidence. Party-affiliated witnesses shall not open any exhibit binders provided by opposing counsel and shall not otherwise attempt to review any exhibits contained therein prior to their being called as witnesses at the hearing. At any time, the Special Master may ask a witness to display the set of exhibits to verify that they have not been accessed or reviewed prior to the witness's testimony and/or that they do not bear any annotations. Witnesses shall not be aided by any notes, unless permitted by the Special Master upon motion for good cause. Any notes reviewed by any witness shall be copied in advance and provided to all counsel and the Special Master prior to the testimony.

    ii. The parties may agree on utilizing a shared virtual document repository *(i.e.,* document server) to be made available via computers at all participants' locations, provided that the parties use best efforts to ensure the security of the documents *(i.e.,* from unlawful interception or retention by third parties). If available, a separate display screen/window (other than the screen/window used to display the video transmission) shall be used to show and display the relevant documents to the witness

      during the course of questioning.

5. **<u>Hearing Schedule & Logistics</u>:**

    A.    The hearing shall commence on February 2, 2021, and it will be begin at 9 a.m. Mountain Standard Time, with recesses at such times as the Special Master determines in his discretion are appropriate. All participants shall access the virtual hearing room at 8:30 a.m. Mountain Standard Time so that their equipment can be tested. The Special Master may take additional recesses and adjust the hearing schedule, in his discretion, to facilitate a smooth and efficient hearing. The hearing will conclude no later than 3:00 p.m. Mountain Standard Time, unless continued by the Special Master.

    B.    The hearing schedule will take into account that extra time may be needed if there are technical problems that cause delays.

    C.    Upon joining the Zoom hearing, participants will be admitted to a virtual Waiting Room. The Special Master will admit all participants to the hearing at the same time. To avoid delay and difficulty reconnecting, hearing attendees should not disconnect from the Zoom meeting during any recess. However, lines may be muted during this time, and the Special Master may move participants to "break-out" and/or the virtual Waiting Room.

    D.    The Special Master will disable the private "chat" function in Zoom. The Special Master may use virtual break-out rooms to facilitate private conversations between other case participants as may be appropriate (e.g., upon request, to allow members of a party's legal team to confer with each other

8

1638272

    directly, outside of the presence of the arbitrator/panel and witnesses).

6. <u>**Technical Failure:**</u>

  A. Should one party's or participant's videoconferencing connection fail, the Special Master will ask the counsel remaining on the videoconference to mute their audio and to turn off their video to avoid concerns regarding potential *ex parte* communications. Once the Special Master sees that the dropped participant has rejoined the videoconference, the remaining counsel should unmute their audio and turn on their video.

  B. If a participant is disconnected from the videoconference or experiences some other technical failure and connection cannot be re-established within a 10-minute interval:

    i. the Special Master may take steps to "pause" the hearing, which may include moving participants into a virtual waiting room or one or more separate break-out rooms, and the parties agree to pause proceedings as needed to accommodate any reconnections or technical issues;

    ii. The disconnected participant may not re-join the hearing by telephone or any other audio-only connection unless all parties agree to it and the Special Master permits it. Absent such agreement and permission, the hearing shall not proceed until the participant's connection to the videoconference is re-established.

  C. If the videoconferencing system fails to work such that the hearing cannot take place as scheduled, or if the Special Master determines that the

9

1638272

videoconferencing system otherwise does not allow the parties to adequately present their case or that it would be unfair to any party to continue the hearing via videoconference, the Special Master may reschedule the hearing or take any other appropriate steps as may be necessary to ensure the fairness and integrity of the proceedings.

7. **Delegation of Special Master's Duties:**

   A. The Special Master may delegate the technical responsibilities set forth in paragraphs 3A, C, E and G, 4A, 5A, C and D, and 6 A and B of this Order to a third-party vendor. For this hearing, the parties stipulate that Veritext shall be the third-party vendor handling the hearing.

Respectfully submitted,

Dated: January 28, 2021

By: *s/ Benjamin D. Rothstein*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:      415-397-7188

1638272

 

        SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:	303 863 9700
Facsimile:	303 863 0223
Email:	*litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC

Dated: January 28, 2021			By: *s/ Matthew E. Johnson*

DOWD BENNETT LLP
James Forrest Bennett
*jbennett@dowdbennett.com*
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO  63105
Telephone:	314-889-7300
Facsimile:	314-863-2111

DOWD BENNETT LLP
Matthew E. Johnson
*mjohnson@dowdbennett.com*
1775 Sherman Street, Suite 2010
Denver, CO  80203
Telephone:	303-353-4361
Facsimile:	314-863-2111

BALLARD SPAHR LLP
Hara K. Jacobs
*jacobsh@ballardspahr.com*
Noah S. Robbins
*robbinsn@ballardspahr.com*
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:	215-665-8500
Facsimile:	314-863-2111

Attorneys for Defendants

11

1638272

DONE AND ORDERED this 29th day of January, 2021.

BY THE SPECIAL MASTER:

By: _____
David M. Tenner

1638272

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **STIPULATED ORDER REGARDING FEBRUARY 2, 2021 HEARING** was electronically filed with the Clerk of the Court using the CM/ECF system on this 29th day of January, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.com
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Matthew C. Miller  mmiller@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant