**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**JOINT WITNESS LIST FOR FEBRUARY 2, 2021 EVIDENTIARY HEARING**

---

Consistent with Special Master Tenner's request during the January 22, 2021 status conference, the parties hereby submit the following joint witness list for the February 2, 2021 evidentiary hearing regarding SRSA's motion for sanctions (ECF No. 113). For each witness, the parties have identified the anticipated amount of time for direct (or "adverse direct") examination.

**SRSA's Witness List**

- Alex Tsarnas (30 minutes)
- Heather Kelly (45 minutes)
- Andrew Crain - expert witness (45 minutes)
- Eric Derk (10 minutes)

SRSA also notes that during a meet and confer on January 28, 2021, Defendants tentatively agreed not to object to admission of Exhibit 54 without a sponsoring witness. Should

1

Defendants change their position, SRSA reserves the right to call an additional witness for purposes of sponsoring that exhibit.

SRSA objects to Defendants' attempts to command the attendance at this hearing of SRSA's CEO, Paul Koenig.  On January 28, Defendants sent an email to SRSA's counsel that attached a subpoena to Mr. Koenig in his personal capacity that purportedly required Mr. Koenig to appear at the February 2 hearing and produce documents.  Defendants' putative subpoena is improper.  **First**, even if properly served (it has not been), Defendants' subpoena would be untimely.  Under Federal Rule of Civil Procedure 45(d)(3)(a)(i), "a court must quash or modify a subpoena that fails to allow a reasonable time to comply."  Separately, Local Rule 45.1 requires that "a subpoena shall be served no later than ***seven days before the date specified in the subpoena***."  The subpoena, sent via email after close of business on Thursday, January 28, would provide Mr. Koenig only two business days' notice—less time than a party would have to serve objections.  Courts routinely reject or quash such last-minute subpoenas *See, e.g.*, *Fox v. Traverse City Area Pub. Schools*, No. 1:07-cv-956, 2009 WL 724001, at 1-2 (W.D. Mich. Mar. 10, 2009); *Sansom v. Milyard*, No. 10-CV-02391-WYD-MJW, 2011 WL 7563815, at *3 (D. Colo. June 13, 2011); *Segura v. Allstate Fire & Cas. Co.*, No. 16-cv-00047-NYW, 2016 WL 8737864, at *6 (D. Colo. Oct. 11, 2016).  **Second**, the subpoena is prejudicial to SRSA and Mr. Koenig.  After the Court ordered a hearing on December 28, *see* ECF No. 338, Defendants refused to timely discuss proposed dates and witnesses.  Instead, Defendants continued to argue that the hearing itself should be called off.  Defendants did not indicate they wished to call Mr. Koenig until less than one week before the hearing.  As SRSA has informed Defendants, Mr. Koenig has a very busy schedule and is not available on February 2.  **Third**, even though SRSA

contends that Mr. Koenig's testimony is irrelevant to this proceeding, SRSA has proposed an approach that would adequately address any supposed prejudice to Defendants. Defendants have taken Mr. Koenig's testimony at deposition and at a preliminary-injunction hearing. The parties could designate prior testimony for inclusion in the evidentiary record.

Finally, SRSA may object to any attempt by Defendants to expand the testimony of Mr. Eric Derk beyond the factual issue of Defendants' efforts to preserve text messages. On January 15, SRSA proposed that, before the February 2 hearing, PNC present its 30(b)(6) witness on the pending topic of Defendants' efforts to "secure, preserve, identify, collect and/or produce any documents or information relating to this litigation," for which PNC had previously identified Mr. Derk as the designee. PNC instead agreed to bring a witness to the hearing with "knowledge regarding the text messages at issue," and later disclosed that witness would be Mr. Derk. Mr. Derk was not listed on Defendants' initial disclosures, nor has he been disclosed as an expert. Therefore, SRSA requested that, if Defendants intend to elicit testimony from Mr. Derk beyond the scope of the 30(b)(6) topic, they provide a proffer of his expected testimony. Defendants have declined to do so—though they did confirm that they will not elicit expert opinions from him. SRSA reserves it right to object to any testimony by Mr. Derk beyond the scope of Defendants' efforts to "secure, preserve, identify, collect and/or produce any documents or information relating to this litigation."

**Defendants' Witness List**

- Alex Tsarnas (30 minutes)
- Heather Kelly (30 minutes)
- Andrew Crain (30 minutes)

- Eric Derk (30 minutes)
- Paul Koenig (20 minutes) (Subject to the ongoing dispute about whether Mr. Koenig will appear at his company's Motion for Sanctions hearing)

Defendants understand that SRSA will call Mr. Tsarnas, Ms. Kelly, Mr. Crain and Mr. Derk in "their case" and it is likely that Defendants will simply complete their questioning of those witnesses then. However, Defendants may also opt to call any of the above witnesses, including Mr. Koenig, in their case once Plaintiffs have finished calling their witnesses.

With respect to Mr. Koenig, Defendants disagree with Plaintiffs that Defendants even need to subpoena Mr. Koenig, the CEO and corporate representative of Plaintiffs in depositions and in Court proceedings in this case, to appear at an evidentiary hearing where he has firsthand knowledge of the facts at issue. It is glaring that Mr. Koenig is refusing to attend the hearing; it underscores that he would provide testimony that would further undermine SRSA's Motion. Further, Defendants attempted to serve Mr. Koenig at his home in Denver on January 29 and 30, 2021, and Mr. Koenig's wife told the process server that Mr. Koenig is in Vail. Defendants will provide to the Special Master the Process Server's Affidavits of Service for the evidentiary record in this matter.

As the Special Master is aware, given the proximity of Vail to Denver, spending the weekend in Vail skiing is not equivalent to Plaintiff's counsel's argument that "Mr. Koenig has a very busy schedule and is not available on February 2." Defendants submit that Plaintiffs and their own CEO, Mr. Koenig, are willfully obstructing the evidentiary process as to the dispute at issue (ECF Nos. 113, 115) by refusing to bring Mr. Koenig to testify on February 2, 2021.

4

Dated: February 1, 2021

Respectfully submitted,

By:  *s/ Warren A. Braunig*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:      415-391-5400
Facsimile:       415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:      303 863 9700
Facsimile:       303 863 0223
Email:    *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

5

1640536

```
```

Dated: February 1, 2021

By: *s/ Matthew E. Johnson*

DOWD BENNETT LLP
James Forrest Bennett
*jbennett@dowdbennett.com*
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO  63105
Telephone:	314-889-7300
Facsimile:	314-863-2111

DOWD BENNETT LLP
Matthew E. Johnson
*mjohnson@dowdbennett.com*
1775 Sherman Street, Suite 2010
Denver, CO  80203
Telephone:	303-353-4361
Facsimile:	314-863-2111

BALLARD SPAHR LLP
Hara K. Jacobs
*jacobsh@ballardspahr.com*
Noah S. Robbins
*robbinsn@ballardspahr.com*
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:	215-665-8500
Facsimile:	314-863-2111

Attorneys for Defendants

1640536