AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| SRS ACQUIOM INC., et al. | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 19-cv-02005-DDD-SKC |
| PNC FINANCIAL SERVICES GROUP, INC., et al. | ) |
| Defendant | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Paul Koenig, CEO of Plaintiff SRS Acquiom Inc.
c/o Warren Braunig, Keker, Van Nest & Peters LLP 633 Battery Street, San Fransisco, CA 94111

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Feb. 2, 2021, Special Master Discovery Hearing re: ECF Nos. 113 & 115; To be conducted via Multi-Platform Video Conference | Courtroom No.: N/A |
|---|---|
| | Date and Time: 02/02/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: See Exhibit A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ~~01/28/2021~~
02/01/2021        *CLERK OF COURT*                                OR        [signature]

        *Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants PNC Fin. Servs. Gr., PNC Bank, H. Kelly & A. Tsarnas , who issues or requests this subpoena, are:

Matthew Johnson, Dowd Bennett LLP, 1775 Sherman St., Ste. 2010, 303-353-4361, mjohnson@dowdbennett.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Plaintiff**

SRS ACQUIOM INC., ET AL

v.

**Defendant**

PNC FINANCIAL SERVICES GROUP, INC., ET AL.

**Affidavit of Non-Service**

Case #:   19-cv-02005-DDD-SKC

Compliance Date:   02-02-2021 09:00 pm

Received on **January 29, 2021 at 12:24 pm.**

I, **Reece E. Cox**, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

I was unable to execute service of a **SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), (E), AND (G) (EFFECTIVE 12/1/13); EXHIBIT A**, on **PAUL KOENIG** at **1738 Jasmine Street, Denver, Denver County, CO 80220**.

| Attempt Date/Time | Status | Location |
|---|---|---|
| 02-01-2021 03:04 pm | Unsuccessful | 1738 Jasmine Street, Denver, Denver County, CO 80220 |

No answer at the door, I can hear a child inside but I don't think an adult is home because they had no issue answering the door for me before.

| 01-31-2021 07:21 pm | Unsuccessful | 1738 Jasmine Street, Denver, Denver County, CO 80220 |

No answer at the door, no movement inside.

| 01-30-2021 08:21 pm | Unsuccessful | 1738 Jasmine Street, Denver, Denver County, CO 80220 |

I talked to the wife again, husband is still up in the mountains.

| 01-29-2021 06:12 pm | Unsuccessful | 1738 Jasmine Street, Denver, Denver County, CO 80220 |

I talked to the wife, she is not involved with the business. She stated he has taken one of their kids up to Vail for online learning and does not know exactly how long they will be up there. I gave my business card for when he gets back to get in contact with me.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Executed on February 2, 2021 at Centennial, Colorado

Reece E. Cox

2/2/2021

STEVEN D GLENN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20034042481
MY COMMISSION EXPIRES DECEMBER 17, 2023

Field Sheet Id: 12520
Client Reference: United States 19-cv-02005-DDD-SKC

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

In accordance with Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas hereby request that You produce the documents and things requested below in accordance with the below definitions and instructions, by the date and time requested in the Subpoena.

## INSTRUCTIONS

1. The relevant time period for the request below is March 2, 2018 to July 11, 2019.

2. You shall produce all documents electronically in a form that renders the documents susceptible to copying. You shall produce all documents as they are kept in the usual course of business or organized and labeled to correspond to the following request.

3. If You are unable to comply fully with any request herein, You shall comply to the extent possible and provide an explanation as to why full compliance is not possible.

4. If any document within the scope of this Subpoena is unavailable because it has been destroyed, identify the document (by date, author, addressee, signatory, subject, and length); state when the document was destroyed and why; and identify the person who ordered the document destroyed.

5. If any of the information or documents requested below are claimed to be privileged or are otherwise withheld, You are requested to provide a privilege log which identifies:

    (a) the basis for asserting the claim of privilege, and the precise ground on which the document is withheld;

    (b) the type of document;

    (c) the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof;

    (d)    the relationship of its author(s) and its addressee(s);

    (e)    the title and other identifying data of the document;

    (f)    the date of the document;

    (g)    the subject matter of the document;

    (h)    any attachment(s) to the document;

    (i)    the number of page(s) comprising the document; and

    (j)    whether the document is typewritten or handwritten.

6. The request herein is directed to those documents within Your possession, custody, or control, or within the possession, custody, or control of Your agents and all other persons or entities acting on Your behalf, whether in the past or the present.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. Whenever necessary to bring within the scope of a request any information, document, or subject matter which might otherwise be deemed non-responsive, the singular form shall be interpreted as including the plural.

9. This request is continuing to the extent provided by Rule 26(e) of the Federal Rules of Civil Procedure. You are requested to provide by way of supplementary compliance herewith such additional information as You, Your agents, Your representatives, or Your attorneys may obtain between the time answers are first provided pursuant to this request and the time of trial of this matter. Such additional information is to be produced at the offices of Ballard Spahr LLP promptly after receipt thereof.

## DEFINITIONS

1. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

2. As used herein, "Documents" "shall be defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). The term "Document" is used in the broadest sense and is intended to include the original and all drafts and non-identical copies of any writings, printed matter, or readable matter of any kind in the possession, custody, or control (actual or constructive) of You or Your agents, including but not limited to, all written material, whether typed, handwritten, printed, photocopied or otherwise, e-mail, Communications, drawings, graphs, charts, photographs, audio or video recordings, voicemail recordings and all transcriptions of such recordings, microfilm, microfiche, tapes, discs, computer readable records or programs, and other data from which information can be obtained. For the sake of clarity, the term "Document(s)" as used herein explicitly includes responsive text messages and instant message communications.

3. The word "Communication" or "Communications" means all forms by which information or Documents can be transmitted or exchanged between or among persons, including, but not limited to, meetings, other face-to-face exchanges, letters, memorandums, policy statements, notes, facsimiles, telephone conversations, voicemail messages, electronic messaging systems (such as Instant Messenger or text messaging), e-mail, notes of any of the foregoing, and the like. For the sake of clarity, the term "Communication(s)" as used herein explicitly includes responsive texts and instant message communications.

4. As used herein, "You" or "Your" shall refer to Paul Koenig, collectively with Your agents and any person or entity acting on Your behalf.

5. As used herein, "Heather Kelly," shall refer to Defendant Heather Kelly, collectively with her agents and any person or entity acting on her behalf.

## REQUEST FOR PRODUCTION

1. All text messages and instant messages exchanged between You and Heather Kelly between March 2, 2018 to July 11, 2019.