IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**SPECIAL MASTER'S ORDER RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' EMPLOYEE'S TEXT MESSAGES [Dkt. 113, item 3]**

Defendants moves for an order compelling Plaintiffs to make inquiry of certain employees to determine if they have text messages that would be responsive to their discovery requests and to produce any responsive texts. [Dkt. 115]. Plaintiffs oppose the Motion, arguing that they have conducted a reasonable search and diligent inquiry for communications, including texts, that are responsive to Defendants' discovery requests. [Dkt. 113] The dispute was set for a hearing on January 27, 2021. Ms. Joyce, Mr. Yu, Mr. Braunig, and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Johnson and Mr. Robbins appeared on behalf of the Defendants. My orders were more fully described at the hearing, which was recorded by a court reporter.

Pursuant to the Parties' briefing, the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

In the briefing, the Parties make a number of arguments that I find unpersuasive. Defendants argue that because they have searched the text messages of Mr. Tsarnas and Ms. Kelly, Plaintiffs should be obligated to do the same for their employees. However, the Parties hardly stand on equal footing. The conduct of Mr. Tsarnas and Ms. Kelly are central to the allegations in the case and Defendants' defenses. This case is about them. The same cannot be said for any particular employee of Plaintiff.

Plaintiffs argue that Defendants have not asked for "texts". They have. Texts are included in the definition of "documents" in Defendants' discovery responses and texts are likewise "documents" as that term is used in F.R.Civ.P. 34(a)(1)(A).

Plaintiffs next argue that the requests for production that might yield texts are improper kitchen sink requests because they request "all documents", citing *Regan-Toughy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008). Plaintiffs' criticism of the use of the words "all documents" misses the mark. A request for production of documents should almost always ask for "all documents". Asking for "some documents" would rarely, if ever, make sense. What makes a request for production either narrowly tailored and proper or overly broad and improper is what follows "all documents".

Finally, Plaintiffs argues that the requests for production that might yield texts would likely produce texts containing information that has already been produced. However, if different people possessed the same information, Defendants are entitled to know that. The argument is further undercut by the simple fact that texts are unlikely to be duplicative of other types of documents (like emails) and the fact that so few texts have been produced by Plaintiffs.

2

In the end, Plaintiffs' counsel represents to the Court that they have made a diligent search for texts, despite their objections to doing so, and Defendants are concerned that they haven't. Having considered the foregoing, I order counsel to meet and confer about Defendants' concerns about the witnesses they believe have discoverable texts responsive to their discovery requests. After that conferral, I will resolve any disputes regarding whether or not Plaintiff should inquire of any particular witness whether they should search their texts.

Dated: February 11, 2021          BY THE COURT

_David M. Tenner_
David M. Tenner, Special Master

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' EMPLOYEE'S TEXT MESSAGES [Dkt. 113, item 3]** was electronically filed with the Clerk of the Court using the CM/ECF system on this 11th day of February, 2021, which will send notification of such filing to the following parties:

    Warren A. Braunig  wbraunig@keker.com
    Michelle S. Ybarra  mybarra@keker.com
    Benjamin D. Rothstein  brothstein@keker.com
    Katie Lynn Joyce  kjoyce@keker.com
    Victor H. Yu  vyu@keker.com
    Puja V. Parikh  pparikh@keker.com
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone: 415-391-5400
    Facsimile: 415-397-7188

    Scott R. Bialecki  sbialecki@sheridanross.com
    Matthew C. Miller  mmiller@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone: 303 863 9700
    Facsimile: 303 863 0223
    Email: litigation@sheridanross.com

    *Attorneys for Plaintiffs*
    SRS ACQUIOM INC. and
    SHAREHOLDER REPRESENTATIVE SERVICES LLC

    James Forrest Bennett  jbennett@dowdbennett.com
    Megan S. Heinz  mheinsz@dowdbennett.com
    Jeffrey R. Hoops  jhoops@dowdbennett.com
    DOWD BENNETT LLP
    7733 Forsyth Boulevard, Suite 1410
    St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111


Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant