IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

## SPECIAL MASTER'S ORDER RE: DISCOVERY DISPUTES RAISED IN DKT. 312

Five discovery disputes were raised in Dkt. 312; four by Plaintiff and one by Defendant. On January 25, 2021, pursuant to the direction of the Special Master, the Parties filed their Joint Hearing Brief regarding the disputes. [Dkt. 340]. The disputes were set for a hearing on January 27, 2021. Ms. Joyce, Mr. Yu, Mr. Braunig, and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Johnson and Mr. Robbins appeared on behalf of the Defendants. My orders were more fully described at the hearing, which was recorded by a court reporter.

Pursuant to the Parties' joint briefing, the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

    1.    <u>Plaintiffs' RFP 8 to Kelly – Communications with Miller and Kingsley</u>

Plaintiffs' Request for Production No. 8 to Ms. Kelly seeks "All communications

with Alex Kingsley and Dennis Miller from January 1, 2016 until the present." Ms. Kelly objected to the Request on relevance grounds. Mr. Kingsley and Mr. Miller provided testimony in support of Ms. Kelly at the preliminary injunction hearing in this matter. Plaintiffs were able to obtain some, but not all, communications between the parties by serving subpoenas on Mr. Miller's employer, Blackberry, and Mr. Kingsley.

Defendants argue that these communications are not relevant (and therefore, not discoverable). However, as to Mr. Kingsley, Plaintiffs made a prima facie case at the hearing that his relationship with Ms. Kelly might affect his credibility. No such case was made for Mr. Miller. Having considered the proportionality factors set forth in F.R.Civ.P. 26(b)(1), I find that the Kingsley communications are relevant and proportional to the needs of the case.

Based on the foregoing, Plaintiffs' Motion to Compel is DENIED with respect to Mr. Miller. With respect to Mr. Kingsley, Plaintiffs' Motion to Compel is GRANTED. However, I will give Defendants an opportunity to review those communications to determine if, in their view, any particular communication is so irrelevant as to not be within the scope of discovery. Defendants shall obtain Ms. Kelly's communications with Mr. Kingsley. If Defendants believe that communications are irrelevant, they may withhold a communication and note it on a relevancy log. The relevancy log should include all of the information that would be included on a privilege log, except for the column that notes what privilege is being asserted. The description of the communication should be sufficient for Plaintiffs to determine if the document is relevant and discoverable. All responsive documents not withheld shall be produced and the relevancy log shall be produced within 14 days of the date of this Order. If Plaintiffs challenge any document

listed on the relevancy log, I will decide that dispute.

2.  <u>Plaintiffs' RFP 15 to PNC Financial – Third-Party Notices Sent by PNC Regarding Legal Action relating to PNC's Products and Services</u>

Plaintiff Shareholder Representative Services' Request for Production No. 15 to Defendant PNC Financial seeks "All demand letters, draft complaints, notices, or any other document PNC sent to third parties regarding any legal action for trade secret misappropriation, unfair competition, or to enforce non-competition and non-solicitation agreements by PNC relating to any of PNC's products or services."  PNC objected, arguing the Request seeks irrelevant documents and is not proportional to the needs of the case.  In response, Plaintiffs agreed to narrow the Request to certain categories of intellectual property rights.

Defendants argue, and I agree, that the Request is overbroad.  It is directed to all PNC, not simply the analogous business of PNC Paid.  I therefore limit the request to responsive documents concerning PNC Paid.

In its response, PNC Financial states that PNC Paid has never tried to enforce any intellectual property rights related to the business of PNC Paid.  This response fully responds the Request.  Therefore, Plaintiff's Motion to Compel any further response is DENIED.

3.  <u>Plaintiffs' Request for Documents Pursuant to the Forensic Inspection Protocol</u>

Plaintiffs requested production of 11 documents from Ms. Kelly and Mr. Tsarnas' laptops pursuant to the provisions of the Forensic Inspection Protocol [Dkt. 43-1].  Defendants object.

3

Plaintiffs argue that 1) the Forensic Inspection Protocol requires production of any non-privileged document upon request, regardless of relevance, and 2) Defendants failed to timely raise any objection to their request within the two-day window required by the Protocol.

I disagree that the Protocol requires production of any non-privileged document, even if irrelevant.  Paragraph 6 of the Protocol provides that, in the event that there is an objection to production of a document and an agreement cannot be reached, "the parties shall follow the Magistrate Judge's procedure for discovery disputes."  In doing so the Magistrate Judge would apply the discovery rules in the Federal Rules of Civil Procedure.  In addition, I do not believe that the intent of the Protocol is to ignore the standards contained in the Rules and apply a standard that requires production of irrelevant documents that would not be produced under the Rules governing this and every other civil action.

I also find the Defendants' objection was timely.  Defendants received the disputed documents from Forensic Pursuit on October 28, 2020 and Defendants' counsel objection to production of the documents at issue on October 30, 2020.

I find that, in the event of a disagreement, documents that would be discoverable under the F.R.Civ.P 26 must be produced under the Protocol.  Based on the description of the documents at the hearing and the fact that all of the documents were accessed or modified by Ms. Kelly or Mr. Tsarnas while they were at SRSA, they are within the scope of numerous requests for production and should be produced.  Having considered the proportionality factors set forth in F.R.Civ.P. 26(b)(1), I find that these documents are relevant and proportional to the needs of the case.

In addition, the Scheduling and Expedited Discovery Order in this matter requires Defendants to return to SRSA, all SRSA documents in the possession of Ms. Kelly or Mr. Tsarnas [Dkt. 26, paragraph 1]. Because all of the documents were accessed or modified by Ms. Kelly or Mr. Tsarnas while they were at SRSA, they are SRSA documents that must be returned pursuant to that Order.

For the foregoing reasons, Plaintiffs' Motion to Compel the documents pursuant to the Forensic Inspection Protocol is GRANTED. Defendants shall produce the 11 disputed documents within 14 days of the date of this Order.

4.     <u>Defendants' Motion for Protective Order re: Topics 9 and 12 of Plaintiff's Rule 30(b)(6) Deposition Notice</u>

The Parties dispute whether Plaintiffs are entitled to Rule 30(b)(6) testimony regarding Topics 9 and 11 of Plaintiffs' deposition notice.

Topic 9 is "PNC's efforts to modify, re-design, or replace its payment spreadsheet after July 11, 2019." Because the Parties' businesses are so similar and because payment spreadsheets remain an alleged trade secret in this case, I find that this topic is not overly broad and is relevant. Having considered the proportionality factors set forth in F.R.Civ.P. 26(b)(1), I find that the information sought for this topic is relevant and proportional to the needs of the case. Defendants Motion for Protective Order with respect to Topic 9 is DENIED.

Topic 11 is "The product requirements, product specifications, business rules and payment workflows for PNC's M&A Payments and Escrow Products, including those set forth in the different versions of its Payment Product Specifications and associated appendices, and the contributions of Kelly and Tsarnas to their creation." I agree with Defendants that the phrase "product requirements, product specifications, business

5

rules" is vague and, as a result, asking Defendant to provide a representative to testify as to this topic would be impossible. As a result, Defendants' Motion for Protective with respect to Topic 12 is GRANTED. Plaintiffs shall not amend this topic without meeting and verbally conferring with counsel for Defendants.

    5.    <u>Kelly's RFP 1 to Plaintiff SRSA – Third-Party Paying Agent Spreadsheets and Related Documents</u>

Kelly's RFP No. 1 to Plaintiff SRSA seeks production of "all paying agent spreadsheets of any company other than SRSA that You possess and all Documents Concerning the manner in which SRSA obtained each copy of the paying agent spreadsheet of any other company." Plaintiff objects that this is an overly broad kitchen sink request and includes confidential, deal-specific information.

With respect to the paying spreadsheets themselves, the spreadsheets are alleged to be trade secrets at issue in the case. How Plaintiffs treated spreadsheets is relevant to their claim that the documents are confidential and deserve trade secret status.

With respect to the transmittal documents that accompany the spreadsheets, I agree that production of these spreadsheets will require a great deal of effort by the Plaintiffs. However, after hearing the arguments of counsel, I cannot determine another less burdensome way of obtaining this information. Having considered the proportionality factors set forth in F.R.Civ.P. 26(b)(1), I find that these documents are relevant and proportional to the needs of the case.

Plaintiffs shall produce the requested documents within 14 days of the date of this Order. Although not addressed at the hearing, to the extent the documents contain information, the production of which would violate any confidentiality obligations

Plaintiffs have to their clients, the documents can be designated as Confidential – Attorneys Eyes Only.  If the documents can be redacted to eliminate any concerns about confidentiality obligations, counsel should meet and verbally confer in an attempt to reach an agreement concerning appropriate redactions.

6. <u>Attendance of Paul Koenig at February 2 hearing</u>

This topic was raised shortly before the hearing and is not addressed in the Parties' Joint Hearing Brief [Dkt. 340].

By email dated January 27, 2021, Plaintiffs' counsel raised an issue concerning whether or not SRSA's CEO, Paul Koenig, could be required to attend the February 2, 2021 Hearing on Plaintiffs' Motion for Sanctions [Dkt. 145].  Plaintiffs' represented that Mr. Koenig would be unavailable for the hearing because of other scheduled commitments.

While I have the power to require a party to attend the February 2 hearing without service of a subpoena, I do not have the power to force a corporate party to designate any particular person to be its client representative.  Therefore, absent a subpoena, I do not have the power to compel Mr. Koenig's attendance at the hearing.

Dated:  February 11, 2021                    BY THE COURT

*David M. Tenner*

David M. Tenner, Special Master

7

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: DISCOVERY DISPUTES RAISED IN DKT. 312** was electronically filed with the Clerk of the Court using the CM/ECF system on this 11th day of February, 2021, which will send notification of such filing to the following parties:

>Warren A. Braunig  wbraunig@keker.com
>Michelle S. Ybarra  mybarra@keker.com
>Benjamin D. Rothstein  brothstein@keker.com
>Katie Lynn Joyce  kjoyce@keker.com
>Victor H. Yu  vyu@keker.com
>Puja V. Parikh  pparikh@keker.com
>KEKER, VAN NEST & PETERS LLP
>633 Battery Street
>San Francisco, CA 94111-1809
>Telephone: 415-391-5400
>Facsimile: 415-397-7188
>
>Scott R. Bialecki  sbialecki@sheridanross.com
>Matthew C. Miller  mmiller@sheridanross.com
>SHERIDAN ROSS P.C.
>1560 Broadway, Suite 1200
>Denver, Colorado 80202
>Telephone: 303 863 9700
>Facsimile: 303 863 0223
>Email: litigation@sheridanross.com
>
>*Attorneys for Plaintiffs*
>SRS ACQUIOM INC. and
>SHAREHOLDER REPRESENTATIVE SERVICES LLC
>
>James Forrest Bennett  jbennett@dowdbennett.com
>Megan S. Heinz  mheinsz@dowdbennett.com
>Jeffrey R. Hoops jhoops@dowdbennett.com
>DOWD BENNETT LLP
>7733 Forsyth Boulevard, Suite 1410
>St. Louis, MO 63105
>
>Matthew E. Johnson  mjohnson@dowdbennett.com
>DOWD BENNETT LLP
>1775 Sherman Street, Suite 2010
>Denver, Colorado 80203
>Telephone: 303-353-4361
>Facsimile: 314-863-2111

8

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant

9