IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## SPECIAL MASTER'S ORDER RE: DISCOVERY DISPUTES RAISED AT JANUARY 22, 2021 STATUS CONFERENCE

Five types of discovery disputes were raised at the January 22, 2021 Status Conference. A sixth dispute (regarding the Kivu subpoena) was raised but not argued at the hearing because of lack of time..

On January 21, 2021, pursuant to the direction of the Special Master, the Parties served their Joint Status Report regarding the disputes. The disputes were heard on January 22, 2021. Ms. Joyce, Mr. Yu, Mr. Braunig, Mr. Rothstein, Ms. Ybarra and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Robbins, Ms. Jacobs and Mr. Hoops appeared on behalf of the Defendants. My orders were more fully described at the hearing, which was recorded by a court reporter.

Pursuant to the Parties' joint status report, the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

1.  Scope of Relevant Customers

This dispute involves RFPs 19 and 20 to PNC Financial, RFP 7 to Kelly, Interrogatory 4 to Kelly and Tsarnas, RFP 6 to Tsarnas and Topic 5 of Plaintiffs' Rule 30(b)(6) deposition notice to PNC Financial.

Pursuant to the stipulation of counsel, customers on the HK Contacts List, customers listed on Schedule 1 of Ms. Kelly's employment contract (customers exempt from her non-solicitation agreement) and customers identified in interrogatories are within the scope of discovery. The remaining dispute concerns customers listed on the Strategic Buyers tab of "Firms by Segement (sic)".

With respect to Interrogatories 19 and 20 to PNC Financial, I find that the Requests are relevant to the trade secret misappropriation claim and the unjust enrichment claim. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), I find that the Requests are proportionate to the needs of the case and the objections to the Requests are OVERRULED.

With respect to RFP 7 to Ms. Kelly, Plaintiff's agreed to limit the request to solicitation communications. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), the objections to the Request is OVERRULED IN PART AND SUSTAINED IN PART. I use my discretion to modify the Request to make the Request within the scope of discovery. The Request is limited to pre-contract solicitation communications that mention or refer to Plaintiff's merger and acquisition payments and escrow products.

With respect to Interrogatory 4 to Kelly and Tsarnas and RFP 6 to Tsarnas, I find that the discovery is relevant to the trade secret misappropriation claim and the unjust

enrichment claim. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), the objections to the discovery are OVERRULED IN PART AND SUSTAINED IN PART. I use my discretion to modify the discovery to make the Requests and Interrogatories within the scope of discovery. The Requests and Interrogatories are limited to pre-contract solicitation communications that mention or refer to Plaintiff's merger and acquisition payments and escrow products.

With respect to RFP 6 to Tsarnas, I find that the discovery is relevant to the trade secret misappropriation claim and the unjust enrichment claim. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), the objections to the discovery are OVERRULED IN PART AND SUSTAINED IN PART. I use my discretion to modify the discovery to make the Requests and Interrogatories within the scope of discovery. The Requests and Interrogatories are limited to pre-contract solicitation communications that mention or refer to Plaintiff's merger and acquisition payments and escrow products.

With respect to Topic 5 of Plaintiffs' Rule 30(b)(6) deposition notice to PNC Financial, with one exception I find that the objections are OVERRULED. I do however find that unsuccessful efforts are irrelevant or the limited relevance would be outweighed based on the proportionality factors in Fed.R.Civ.P. 26(b)(1). Therefore, unsuccessful efforts to solicit customers is removed from this Topic.

2. <u>PNC's Re-Development of Payment Spreadsheet</u>.

This dispute involves RFPs 26 and 30 to PNC Financial. Based on Judge Domenico's previous ruling concerning payment spreadsheets, I find that they are relevant. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), I find that the

3

Requests are proportionate to the needs of the case for the reasons stated at the hearing. The objections are OVERRULED.

3.   <u>PNC's Treatment of Information Comparable to Alleged SRSA Trade Secrets as Confidential</u>.

This dispute concerns RFP 22 to PNC Financial, Interrogatories 9, 10, and 11 to PNC Financial and Requests for Admission 1, 2, and 5 to PNC Financial.

With respect to RFP 22, because this Request concerns Fortis and not the Defendants and no evidence was provided at the hearing to demonstrate that the conduct of Fortis is attributable to any of the Defendants, the Request is irrelevant and the objection is SUSTAINED.

With respect to Interrogatories 9 and 10, because the Parties' businesses are so similar, I find the information sought to be relevant. Having considered the factors set forth in Fed.R.Civ.P. 26(b)(1), I find that the Requests are proportionate to the needs of the case. Therefore, the objections are OVERRULED.

With respect to Interrogatory 11, for the reasons set forth with respect to Interrogatories 9 and 10, the objections are OVERRULED. However, the scope is overly broad. I use my discretion to limit the interrogatory to the documents identified in Interrogatory 10 as confidential.

With respect to Request for Admission 1, the Request asks for information about what customers disclose, not PNC. For that reason, it cannot be answered or denied and is vague and the objection to this Request is SUSTAINED.

4

With respect to Request for Admission 2, the Request asks for PNC's information, not customer information. For the reasons set forth in my order with respect to the other discovery in this section, the objection is OVERRULED.

With respect to Request for Admission 5, PNC's response meets the requirement of Rule 36, so no further response is necessary.

4. <u>Description of Employee Compensation to Rebut Hall Opinion</u>.

This dispute concerns Interrogatory 19 to PNC Financial referencing Document PNC_00059186. The Interrogatory bears directly on whether or not Mr. Hall's opinions are tenable. The Interrogatory is not a "blockbuster" interrogatory but is narrowly tailored to seek relevant information. The objections are OVERRULED.

5. <u>Objections That Information is Generally Known and Readily Ascertainable</u>.

This dispute concerns Interrogatories 13, 14, 15 and 16 to PNC Financial.

With respect to these Interrogatories, the information sought is relevant and proportionate to the needs of the case for the reasons stated at the hearing. The objections are OVERRULED.

All documents ordered produced as a result of this Order shall be produced within 21 days of the date of this Order.

Dated: March 4, 2021

BY THE COURT

_____
David M. Tenner, Special Master

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: DISCOVERY DISPUTES RAISED AT JANUARY 22, 2021 STATUS CONFERENCE** was electronically filed with the Clerk of the Court using the CM/ECF system on this 4th day of March, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.com
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Matthew C. Miller  mmiller@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

6

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111


Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant