IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## JOINT STATUS REPORT FOR MARCH 8, 2021
## SPECIAL DISCOVERY MASTER HEARING

Pursuant to the Special Discovery Master's Order (ECF No. 349), Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") and Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., Heather Kelly, and Alex Tsarnas (collectively, "Defendants") submit the following Joint Status Report.

### I.    DISPUTES TO BE HEARD ON MARCH 8TH

The following disputes, in no particular order, are set to be heard on March 8th:

1. Dispute about third-party subpoena to Kivu Consulting (previously briefed);

2. Dispute about third-party subpoena to Wilmington Trust Company (briefed below);

3. Dispute regarding the categories of documents for Plaintiffs' re-designation under the Protective Order where the Parties were not able to reach agreement (the broader dispute was previously briefed and argued).

## II.     WILMINGTON TRUST SUBPOENA DISPUTE

Defendants' Position:

On November 25, 2020, Defendants served a subpoena *duces tecum* on Wilmington Trust requesting the production of a single document – the settlement agreement that resolved the litigation it filed against former Wilmington Trust employee, and current SRSA employee and Head of Sales, Gregory Nelson.  In that litigation, Mr. Nelson was accused of, among other things, misappropriating Wilmington Trust's alleged confidential information by taking information relating to Wilmington Trust's customers and deals to SRSA.  SRSA does not possess standing to object to the subpoena.  As an initial matter, during the meet and confer SRSA did not even know whether SRSA, which was not a party to the litigation, was a party to the settlement agreement.  As a result, SRSA has no standing to object to the subpoena. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.  A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable.") (internal citation omitted).  SRSA does not, because it cannot, assert that a bilateral agreement with a competitor (to which it may not even be a party) is private or privileged.  Because SRSA cannot substantiate any of the objections that the non-subpoena recipient is permitted to lodge under the Federal Rules, SRSA instead objects that subpoena "seek[s] irrelevant information designed to harass and annoy SRSA."  Regardless of the inaccuracy of this boilerplate objection,

2

it is an objection that SRSA does not have standing to assert. *See, e.g., Curtis v. Progressive N. Ins. Co.*, 2018 U.S. Dist. LEXIS 108339, at *2 (W.D. Okla. June 27, 2018) ("Plaintiff argues that Defendant lacks standing to object to the subpoena on relevance grounds because the subpoena was directed to a third party. This argument is well founded.").

Plaintiffs' Position:

Defendants seek an irrelevant and confidential settlement agreement between Wilmington Trust, SRSA, and SRSA executive Gregory Nelson in an unrelated action (the "*Nelson*" action). Courts recognize "strong public policy and judicial reasons" barring production of settlement agreements absent compelling justification. *FireClean LLC v. Tuohy*, 2018 WL 1811712, at *11 (D. Ariz. Apr. 17, 2018). Here, there is no compelling reason to overturn this presumption against disclosure; the *Nelson* settlement agreement is wholly irrelevant. Wilmington sued Mr. Nelson for trade-secret misappropriation after he left Wilmington to join SRSA. The District of Minnesota found Wilmington's claims were "not supported by any evidence" and denied an injunction against Mr. Nelson. The case settled thereafter. If Defendants wish to draw parallels with *Nelson*, they have already reviewed and cited to the record in *Nelson* in this case. But the *Nelson* settlement agreement, by its nature, reveals little about the merits of the parties' position in that action, and nothing about the parties' positions *here*. SRSA has standing to and thus seeks a protective order or an order quashing Defendants' subpoena. *See Baptiste v. Centers, Inc.*, 2013 WL 3196758, at *2 (M.D. Fla. June 21, 2013) ("The Court, however, need not decide whether Plaintiff has standing under Rule 45 because she clearly has standing under Rule 26 to seek a protective order."); *Price v. Cochran*, 66 Fed. Appx. 781, 786 (10th Cir. 2003) (affirming order quashing third-party subpoena on relevance grounds).

3

III. **THE PARTIES' UPDATE ON PLAINTIFFS' TEXT MESSAGE PRODUCTION**

Following a recent order from the Special Discovery Master for the parties to continue conferring regarding Plaintiffs' production of text messages, the parties have undertaken two meet and confer teleconferences and exchanged various meet and confer emails, and Plaintiffs will soon be producing relevant text messages. Defendants' view is that until Plaintiffs' text messages are produced and reviewed by Defendants, there is no need at this time for further involvement of the Special Discovery Master.

Dated: March 4, 2021                    Respectfully Submitted,

By: */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
Email: jbennett@dowdbennett.com
         mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
Email: jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants*

| | |
|---|---|
| March 4, 2021 | By:  s/ Warren A. Braunig |
| | Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com* |
| | KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415-391-5400<br>Facsimile:   415-397-7188<br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:   303 863 9700<br>Facsimile:   303 863 0223<br>Email:   *litigation@sheridanross.com* |
| | Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND<br>SHAREHOLDER REPRESENTATIVE<br>SERVICES LLC |

As required by this Court's Practice Standard III(A)(4), above-signed counsel hereby certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).