IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**UNOPPOSED MOTION TO RESTRICT <u>EXHIBIT A</u> TO PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-HEARING BRIEF (ECF NO. 365)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Exhibit A to SRSA's March 9, 2021 responsive post-hearing brief regarding Defendants' spoliation of text messages. *See* ECF No. 365. On February 17, 2021, at the conclusion of a two-day evidentiary hearing, the Special Master ordered two rounds of supplemental briefing regarding SRSA's request for spoliation sanctions for Defendants' deletion of text message communications. On March 2, Defendants filed their post-hearing brief (ECF No. 352), to which SRSA filed a response brief on March 9 (ECF 364). On March 9, SRSA filed Exhibit A to its response brief provisionally under Level 1 Restriction, and SRSA now moves to restrict portions of Exhibit A. ECF No. 365.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving

1

the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A. Description of Documents and Restriction Level Sought

SRSA seeks Level 1 restriction over portions of Exhibit A to Plaintiffs' Response to Defendants' Post-Hearing Brief (ECF No. 365). Exhibit A is the September 25, 2020 Expert Report of Andrew Crain. Mr. Crain is SRSA's forensic expert. His expert report details evidence of Defendants' access to and use of SRSA documents and information. His expert report also includes the names of SRSA customers accessed by Defendants and images of documents or drives accessed by them. Specifically, SRSA seeks to restrict:

- Paragraph 17 (ECF 365 – Page 8 of 29)
- Table 2, following Paragraph 26 (which appears on ECF 365 – Pages 10, 11 and 12 of 29)
- Paragraph 27 and Table 3, which follows it (which appears on ECF 365 – Pages 12 and 13 of 29)
- Paragraphs 28, 29, and 30 (ECF 365 – Page 13 of 29)

- Table 4, following Paragraph 31 (ECF 365 – Page 14 of 29)

- Paragraphs 35(a) – 35(h) (ECF 365 – Page 15 of 29)

- Table 6 and Table 7, following Paragraph 55.b (ECF 365 – Page 21 of 29)

- Table 8, following Paragraph 64 (ECF 365 – Page 23 of 29)

**B.     SRSA's interest in the protection of its confidential and HC-AEO information outweighs the presumption of public access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

      **1.     SRSA's Confidential and Trade Secret Customer Information**

Here, SRSA seeks Level 1 restriction over several, narrowly tailored portions of Exhibit A that reveal the identities of SRSA customers that Kelly and Tsarnas unlawfully poached using SRSA confidential information. *See, e.g.*, ECF No. 365 Pages 10-15, 23. Such customer information has routinely been afforded trade secret status worthy of sealing. *See Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) (recognizing that "information regarding [] customers' surgical specialties, business preferences, and contact

3

people" was a trade secret); *Xantrex Tech. Inc. v. Advanced Energy Indus., Inc.*, 2008 WL 2185882, at *18 (D. Colo. May 23, 2008) ("Detailed customer information is a trade secret."); *Johnstech Int'l Corp. v. JF Microtechnology SDN*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers").

Indeed, the disclosure of such information would be highly damaging to SRSA's competitive standing in the marketplace. As articulated in the declaration of SRSA's Director of Business Intelligence, SRSA's compilations of customer names and information are maintained secretly and not disseminated to competitors. *See* ECF No. 266 ¶¶ 1-22; ECF No. 262 at 12-13. Such information would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF No. 266 ¶¶ 6, 10-11, 14, 16, 20-21.

### 2. SRSA's Confidential and Trade Secret Product Strategies and Payments Spreadsheet

SRSA also seeks Level 1 restriction over two narrowly tailored portions of Exhibit A that reveal SRSA's confidential and trade secret product-development strategies (*see* ECF No. 365 Page 8), as well as screen-shots of portions of SRSA's confidential and trade secret "payments spreadsheet," which is a foundational document to SRSA's online platform (*see* ECF No. 365 Page 21). The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). Restriction over such information is warranted here lest the Court's "files

4

might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

Here, the technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF No. 256-10 ¶¶7-14, 21-65; ECF No. 262 at 7-10, 19-26. As attested to in SRSA's employee declaration, a competitor armed with such information would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace. *See* ECF No. 256-10 ¶¶7-14, 21-65.

## C. There is no practicable alternative to restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored and will shield from public view only a few pages, paragraphs and images from the expert report of Andrew Crain, SRSA's forensic expert. Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*,

5

2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

Finally, the Court has already approved Level 1 restriction for the same categories of information SRSA now seeks to restrict. In conjunction with its preliminary-injunction briefing and January 2020 Motion for Sanctions, SRSA previously sought, and obtained, restriction over similar confidential customer information at issue in its current motion. *See* ECF No. 193 (granting motion to restrict SRSA customer names and other customer information found in Defendants' files); ECF No. 194 (granting motion to restrict information regarding SRSA's product-development strategies and payments spreadsheet).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

### Certificate of Conferral Under Local Rule 7.1(a)

On March 18 and March 22, 2021, the parties met and conferred about SRSA's motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

//
//
//
//

1664574

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 23, 2021 | By: *s/ Katie Lynn Joyce*<br>Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com*<br><br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415-391-5400<br>Facsimile:      415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:     303 863 9700<br>Facsimile:      303 863 0223<br>Email:     litigation@sheridanross.com<br><br>Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND<br>SHAREHOLDER REPRESENTATIVE<br>SERVICES LLC |

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

1664574