**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**DEFENDANTS' RESPONSE TO SRSA'S SUPPLEMENTAL SUBMISSION**

---

While SRSA continuously changes the basis on which it wrongly contends Defendants should be sanctioned, the one consistency throughout SRSA's submissions is that each basis is premised on a falsehood. As set forth in Defendants' opening submission, ECF 352, SRSA first filed a motion for spoliation sanctions relating to the alleged "intentional[]" deletion of text messages between Kelly and Tsarnas during the January to June 2018 time period, ECF 113 at 2. Once Defendants exposed this clear falsehood by offering unrebutted evidence that Kelly's and Tsarnas's phones had auto-delete settings that they knew nothing about, SRSA proceeded to flagrantly misrepresent the record to suggest that Ms. Kelly deleted her entire text string with Tsarnas following her friendly February 7, 2019, meeting with the CEO of SRSA, Paul Koenig. ECF 366. After Defendants thoroughly dismantled this falsehood, *id.*, SRSA now shifts to yet another misrepresentation: that Kelly deleted text messages with Luda Semenova after receipt of the litigation hold notice from her employer, PNC. As set forth below, SRSA's latest

misrepresentation is as blatantly false as its predecessors. SRSA alleged four categories of spoliation in its post-hearing submissions, one of which was the Kelly/Semenova text messages. SRSA's supplemental filing reinforces why SRSA cannot meet the elements for spoliation sanctions for any one of the four categories of the spoliation it alleges.

SRSA now alleges four acts of spoliation – none of which are within the scope of the motion it filed in December of 2019 (which solely concerned the alleged deletion of messages between Kelly and Tsarnas from January to June 2018, ECF 113 at 3-4): (1) Kelly's alleged deletion of text messages with Tsarnas from a different time period (February 2019 through June 2019) than was in the original motion; (2) Tsarnas's alleged deletion of text messages from March 2019 and after; (3) Tsarnas's deletion of the WhatsApp application from his phone; and (4) Kelly's deletion of text messages with Semenova. ECF 351 at 1. SRSA's most recent submission, focused solely on messages exchanged between Kelly and Semenova, does not involve Tsarnas or PNC. Indeed, the text messages between Semenova and Kelly further corroborate Kelly's and Tsarnas's unrebutted testimony that neither believed litigation was imminent, and they were shocked upon learning of the Complaint. *See* ECF 377-1 at 4. The unrebutted testimony from Kelly and Tsarnas dictates that SRS's first three alleged bases for spoliation cited above should be summarily denied because no duty to preserve existed. *Ernest v. Lockheed Martin Corp.*, No. 07-cv-02038-WYD-KLM, 2008 WL 2945608, at *3 (D. Colo. July 28, 2008) ("As I find that Plaintiff has failed to establish that Defendant destroyed or failed to preserve evidence it was under a duty to preserve, I decline to address the remainder of Plaintiff's arguments").

SRSA's untimely submission also does not evidence that PNC did anything improper. To the contrary, SRSA's brief highlights PNC's good faith by acknowledging PNC's immediate

2

issuance of a litigation hold upon receipt of the Complaint on July 12, 2019.  ECF 377 at 2.  Indeed, PNC issued its litigation hold even prior to receipt of SRSA's letter in the evening of July 12, 2019, where it *for the first time* requested that Defendants preserve documents.  Hr'g Ex. 50.  SRSA has not demonstrated, and cannot, that PNC was under a duty to preserve prior to receipt of the Complaint, nor can it identify a single document lost as a result of PNC's alleged action or inaction, and it certainly cannot demonstrate that PNC acted in bad faith.

The final category of alleged spoliation – Kelly's text messages with Semenova – cannot support SRS's motion for sanctions because it is indisputable that SRSA must demonstrate actual prejudice to obtain a spoliation sanction.  *Turner v. Public Serv. Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009).  SRSA cannot demonstrate that it was prejudiced by Kelly's deletion of text messages with Semenova because SRSA possesses *all* of the relevant text messages, as shown by its submission here.

Apparently recognizing that it cannot meet the elements for a spoliation sanction for the four alleged acts of spoliation, SRSA attempts to cobble together a patchwork spoliation claim by suggesting that if Kelly deleted text messages with Semenova on July 12, 2019, the Special Master must presume both that she deleted text messages with Tsarnas at an earlier point in time and that it was done in bad faith.  SRSA cites no authority for the proposition that the deletion of irrelevant text messages (that it now possesses in full) entitles it to spoliation sanctions for the alleged deletion of other text messages that SRSA speculates occurred and further speculates would have been relevant, which, if they occurred at all, happened prior to the existence of any duty to preserve.  Tellingly, SRSA's mix and match approach to a spoliation motion finds no support in the law.  *See, e.g.*, *Vigil v. Whirlpool Corp.*, No. 00-1435 RLP/KBM-ACE, 2001 WL

3

36102292, at *1 (D.N.M. Nov. 16, 2001) ("The hallmark of a spoliation claim is that the destroyed evidence must be relevant to the issue for which the party seeks the sanction.").

In any event, Kelly's deletion of the Semenova text messages is entirely irrelevant to the motion before the Special Master. First, in what is now an indisputably persistent pattern, SRSA's submission is premised on a materially false fact. SRSA asserts that Kelly deleted the Semenova text messages after receiving the litigation hold instituted by PNC. ECF 377 at 2. This statement is false. The last (*i.e.* most recent) text message reflected in ECF 377-1, received by Kelly at 4:05 pm EST on July 12, 2019, was preserved on Kelly's phone. *See* Ex. A. Thus, any alleged deletion necessarily occurred prior to receipt of that text message. PNC issued the litigation hold in this Action at 3:55 pm EST on July 12, 2019. *See* ECF 352-1. SRSA has wholly failed to show any evidence that Kelly deleted any text messages with Semenova <u>after</u> the issuance of the litigation hold notice – especially in light of the fact that Kelly preserved the last text message in the string, received ten minutes after PNC issued the litigation hold notice.

Second, Kelly's deletion of the Semenova messages does not evidence bad faith because none of those messages were relevant to the claims asserted in the original Complaint that SRSA filed on July 11, 2019. SRSA highlights only two portions of the exchange that it contends are relevant. First, SRSA states that text messages where "Semenova provided SRSA pricing information to Kelly" were relevant to SRSA's Complaint. ECF 377 at 2. But SRSA's theory in its Complaint (and today) was that Kelly *already knew* SRSA's pricing schedules. ECF 1 at ¶77. Therefore, Semenova's discussion of SRSA pricing is, at worse, irrelevant or, at best, exculpatory given that it directly contradicts the Complaint's theory that Kelly already possessed this (publicly available, as found by Judge Domenico) information. ECF 207 at 21.

4

Second, SRSA references Kelly's expression of her opinion regarding an SRSA employee named Christa Fancher to SRSA's COO Lon LeClair.  Fancher's name is not listed in the Complaint nor does SRSA assert a claim relating to Kelly's opinions regarding the quality of SRSA employees.  The July 2019 Complaint only asserted a claim for alleged solicitation of SRSA employees against Tsarnas, and not Kelly.  *See* ECF 1 at Fourth Cause of Action; *id.* at ¶145 (alleging that "Tsarnas breached the EIAC Agreement by soliciting Heather Kelly" but not alleging that Kelly solicited anyone).

Third, while SRSA falsely states that the original Complaint asserted a claim against Kelly for PNC's hiring of Semenova (H'g Tr. 331:24-332:16) – which it did not – the referenced text messages are actually exculpatory on this point.  *Kelly urged Semenova to remain at SRSA*.  ECF 377-1 ("You don't want to go to [Wilmington Trust] . . . just sit tight for a bit"); *id.* ("Just wait a month . . . if she leaves you could be in the best spot ever . . ."). Far from encouraging Semenova to leave SRSA, Kelly advocated for Semenova to stay because the potential departure of Fancher would create a more manageable and less hostile work environment for Semenova at SRSA.  Moreover, SRSA's assertion that Kelly was attempting to induce Wilmington Trust to hire Fancher, ECF 377 at 4, is yet another demonstrable falsehood.  Kelly advised Semenova that she "heard Christa is meeting with the top guys at Wilmington when I was poking around." ECF 377-1.  There is no indication from these text messages that Kelly played any part in arranging the meeting between Fancher and Wilmington Trust.  Rather, Kelly merely informed SRSA's LeClair of her opinion of Fancher – an expression of opinion prohibited by no contractual provision.  Kelly was not encouraging Fancher to leave SRSA – she was merely providing her opinion to the incoming COO of SRSA on whether SRSA should care *if* Fancher left.  And, all the while, she was encouraging Semenova, an SRSA employee, to remain at SRSA.

5

SRSA has failed to demonstrate that any Defendant deleted relevant information when a duty to preserve existed, and did so in bad faith, causing prejudice to SRSA. Accordingly, its motion for spoliation sanctions should be denied.

Dated: April 9, 2021

By: */s/ James F. Bennett*
James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank N.A., Heather Kelly, and Alex Tsarnas*

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of April, 2021, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO SRSA'S SUPPLEMENTAL SUBMISSION** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

    Warren A. Braunig
    Benjamin D. Rothstein
    Michelle Ybarra
    Victor H. Yu
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809

    Scott R. Bialecki
    Matthew C. Miller
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202

    *Attorneys for Plaintiffs*

                                                        */s/ Jessica Green*