IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**SPECIAL MASTER'S ORDER RE: DISCOVERY ISSUES RAISED AT APRIL 21, 2021 STATUS CONFERENCE**

---

The Parties raised a number of discovery issues at the April 21, 2021 Status Conference. On April 16, 2021, pursuant to the direction of the Special Master, the Parties served their Joint Status Report regarding the issues. [Dkt. 387] This Order addresses items I and II of the Report. The disputes concerning specific written discovery requests contained in items III through XII of the Report will be addressed in a separate order. At the status conference, Mr. Yu, Ms. Joyce, Mr. Rothstein, and Mr. Miller appeared on behalf of the Plaintiffs. Mr. Robbins, Ms. Jacobs, Mr. Johnson and Mr. Hoops appeared on behalf of the Defendants. The status conference was recorded by a court reporter, who will prepare a transcript.

Pursuant to the Parties' Joint Status Report, the arguments of counsel at the status conference, and being otherwise fully advised, the Court finds and orders as follows:

I.     Deposition Scheduling

The current deadline for depositions is May 16, 2021.  After hearing the arguments of counsel and, given the impending deposition deadline, I find that the fact that discovery responses are not complete and discovery disputes remain outstanding is not good cause for failing to schedule depositions.  Notwithstanding the foregoing, the deposition of Alex Kingsley shall not be set until the Court resolves the objection to my Order concerning Mr. Kingsley.  [Dkt. 357]  After the Court rules on that Objection, I may consider, upon the request of counsel, whether or not the deposition of Mr. Kingsley should proceed, even if the deposition occurs after the deposition deadline.

II.    AEO Designation Disputes

The Parties have a raised a number of disputes concerning whether or not documents are properly designated as "Highly Confidential – Attorneys' Eyes Only" pursuant the Court's September 5, 2019 Stipulated Protective Order.  [Dkt. 40]

The Protective Order defines "Confidential" Information quite broadly as information and documents "that contain or otherwise reference confidential and non-public development, financial, sensitive, competitive, or commercial information, non-public personal information, or any other non-public information for which a good faith claim of need for protection can made . . .".  *Id*. at para. 2.2.

The Protective Order defines "Highly Confidential – Attorneys' Eyes Only" Information or Items as information that is extremely sensitive "Confidential Information or Items" and 1) "that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, sensitive, competitive, or financial information, or other highly-sensitive data, 2) "the disclosure of

2

which to a Party or Non-Party could cause either a competitive disadvantage to a Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means. *Id.* at para. 2.7.

With exceptions not relevant here, Confidential Information can be disclosed only to counsel, a party, and a witness or an expert. *Id.* at para. 7.2. Highly Confidential – Attorneys' Eyes Only" Information or Items can only be disclosed to counsel and experts and, under limited circumstances, to Defendants Kelly and/or Tsarnas. *Id.* at para. 7.3.

A Party may challenge an AEO designation at any time. *Id.* at para. 6.1. The burden is on the designating party to establish the propriety of its designation. *Id.* at para. 6.3.

  a. <u>Presentations that SRSA provided to third-parties regarding a potential Enterprise or Master Services Agreement without a written confidentiality agreement.</u>

Enterprise and Master Services Agreements are agreements that are given to loyal SRSA customers or customers that SRSA would like to become loyal customers. Plaintiffs argues that if these agreements are viewed by PNC, the compilation of customers that would be seen is extremely sensitive and would cause it to suffer a competitive disadvantage. However, Defendants argue that this would not be the case. Plaintiff's CEO has already testified that the major M&A firms, M&A attorneys and private equity firms are well-known in the industry and easy to contact with simple internet searches. Declaration of Paul Koenig, Dkt. 122-7, para. 10.

Because these customers are uniquely valued by Plaintiffs, I find that Plaintiffs have met their burden of proving that the information could create a substantial risk of

3

serious harm or could cause a competitive disadvantage. However, in an effort to produce as much discoverable information as possible, I direct that Plaintiffs create a redacted version of the presentations that conceals any information concerning the identity of Plaintiffs' customer or potential customer within 7 days of the date of this Order. This redacted version shall be marked "Confidential" and may be viewed by the Parties.

b. <u>Documents provided by SRSA to deal parties under an implied duty of confidentiality.</u>

Plaintiffs argue that "primarily at issue here is SRSA's payment spreadsheet" which it alleges is a trade secret. It claims that while the spreadsheet is shared without a written confidentiality agreement, there is an implied duty of confidentiality that attaches to it. Defendants argue that there is nothing confidential about the spreadsheets and that Judge Domenico has previously made this finding in his Order denying Plaintiffs' Motion for Summary Judgment [Dkt. 207].

Much of the argument on this issue centered on whether or not the information is, in fact, confidential or subject to an implied duty of confidentiality. I make no finding concerning whether or not there is an implied duty of confidentiality related to these documents. There is simply not enough evidence before me to make such a finding.

However, after reviewing Judge Domenico's Order, the additional evidence subsequently discovered by Plaintiffs after that Order and cited in the Joint Status Report at p. 9, and the arguments of counsel, I find that the SRSA payment spreadsheets do not meet the initial requirement of being "extremely" sensitive. SRSA's

4

payment spreadsheets are simply too widely disseminated and known in the industry to meet this threshold requirement.

For the foregoing reasons, Defendants' objections to the AEO designation of this category of documents is SUSTAINED. This category of documents shall be re-designated as "Confidential" within 7 days of the date of this Order.

c. <u>Documents that include past financial information or information concerning a completed or abandoned transaction, including bid proposals.</u>

Plaintiffs argue that if its transaction information, including bid proposals, were compiled, it would reveal its prices and pricing strategy and is, therefore, information that would cause a competitive disadvantage if it were viewed by PNC. In addition, it argues that it is contractually obligated to keep information about deal parties confidential. Defendants argue that, by definition, AEO designations can only be applied under the Protective Order to "current or prospective" confidential information. In addition, they argue that Judge Domenico has already found that Plaintiff's pricing information is "well known in the industry, shared with customers without confidentiality or other similar agreements, and easily ascertainable by third parties." [Dkt. 207, p. 21.]

This issue has been litigated at the preliminary injunction stage and Judge Domenico's findings in this regard are clear: Plaintiffs' pricing information is well known and easily reversed engineered from public information. While I acknowledge that this is only a preliminary finding, no evidence was presented here that would alter the finding.

I am also less concerned about any confidentiality obligation SRSA might have with respect to deal parties. There was conflicting evidence about whether or not the identity of deal parties has, in fact, been kept confidential. However, to the extent such an obligation exists, it is protected by the provisions of the Protective Order limiting the use of "Confidential" Information. I have no reason to believe that Defendants have any interest or desire to violate the confidentiality provisions of the Order with respect to the identity of deal parties.

For the foregoing reasons, Defendants' objections to the AEO designation of this category of documents is SUSTAINED. This category of documents shall be re-designated as "Confidential" within 7 days of the date of this Order.

Dated: April 22, 2021           BY THE COURT

                                _____
                                David M. Tenner, Special Master

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: DISCOVERY ISSUES RAISED AT APRIL 21, 2021 STATUS CONFERENCE** was electronically filed with the Clerk of the Court using the CM/ECF system on this 22nd day of April, 2021, which will send notification of such filing to the following parties:

   Warren A. Braunig  wbraunig@keker.com
   Michelle S. Ybarra  mybarra@keker.com

6

Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Matthew C. Miller  mmiller@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111


Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999

7

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

<u>*s/ Heather Grant*</u>
Heather Grant