**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**UNOPPOSED MOTION TO RESTRICT EXHIBIT D TO PLAINTIFFS'
SUPPLEMENTAL STATEMENT REGARDING PLAINTIFFS' MOTION
FOR SANCTIONS (ECF NO. 377-1)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Exhibit D to SRSA's April 2, 2021 Supplemental Statement Regarding SRSA's Motion for Sanctions, which was filed under Restricted Level 1. *See* ECF No. 377-1. SRSA now moves to maintain the restricted nature of Exhibit D, ECF No. 377-1. SRSA also filed the Supplemental Statement itself (ECF No. 377) as Restricted Level 1 because it quoted from Exhibit D, ECF No. 377-1, which had been originally designated as Confidential by Defendants.

I. **ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

A. **Description Of Documents And Restriction Level Sought**

SRSA seeks Level 1 restriction over portions of Exhibit D to its Supplemental Statement Regarding SRSA's Motion for Sanctions (ECF No. 377-1). Specifically, SRSA seeks to restrict the entirety of the July 12, 2019 texts between the words "tabulation and daily reports" and "It's the tabulation … it's all manual" on the Bates-labeled page PNC_00070712.

This section of Exhibit D features a text message thread between Defendant Heather Kelly and Luda Semenova divulging SRSA trade-secret pricing strategies. Ms. Semenova is a former SRSA employee whom Ms. Kelly and Defendant Alex Tsarnas had recruited to PNC. In these texts, Ms. Kelly and Ms. Semenova discuss how to price a certain project. To help PNC price a deal competitively in the market, Ms. Semenova used her knowledge of SRSA's proprietary

pricing strategies to divulge how SRSA, and specifically two of its employees, would price in a similar circumstance.

### B. SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

SRSA seeks to restrict one document revealing SRSA's non-public pricing and pricing strategies. This document references how SRSA would price certain products and discusses how different SRSA employees may bid for similar services to help Defendants devise their own pricing so as not to exceed SRSA's price. Pricing information is routinely afforded trade-secret status. *See Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005). And here, SRSA seeks to restrict documents that disclose information about SRSA's pricing strategies that is highly sensitive and worthy of restriction. As SRSA has supported through declarations of its CEO, Paul Koenig, SRSA does not disclose the information making up its pricing strategies, and it would be incredibly difficult for a competitor to reverse engineer the information comprising

3

SRSA's strategies.  *See* ECF No. 268 at ¶¶ 4-11, and ECF No. 257 at ¶¶ 15-20.  SRSA's pricing information is worthy of trade-secret status.  *See* ECF No. 262 at ¶¶ 15-19.  And if known to its competitors, SRSA's pricing strategies would directly harm SRSA by permitting its competitors to predict SRSA's pricing in future deals and to undercut SRSA in the marketplace.  *See id.*; ECF No. 268 ¶¶ 4-11.

### C.     There Is No Practicable Alternative To Restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.  SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request.  *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored and will shield from public view only a few pages of text messages.  Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances.  *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part basedon party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this Motion.

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On April 20 and 22, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 23, 2021 | By:  s/ Matthew C. Miller |

SHERIDAN ROSS P.C.
Scott R. Bialecki
    *sbialecki@sheridanross.com*
Matthew C. Miller
    *mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:  303-863-9700
Facsimile:  303-863-0223
Email:       *litigation@sheridanross.com*

Warren A. Braunig
    *wbraunig@keker.com*
Michelle S. Ybarra
    *mybarra@keker.com*
Benjamin D. Rothstein
    *brothstein@keker.com*
Katie Lynn Joyce
    *kjoyce@keker.com*
Victor H. Yu
    *vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

ATTORNEYS FOR PLAINTIFFS
SRS ACQUIOM INC. AND SHAREHOLDER
REPRESENTATIVE SERVICES LLC

**Compliance With Type-Volume Limitation**

    I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).