IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**UNOPPOSED MOTION FOR LEAVE TO RESTRICT APRIL 16, 2021 JOINT STATUS REPORT AND EXHIBITS B-E THERETO (ECF NO. 387)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in the April 16, 2021 Joint Status Report (ECF 387) and in Exhibit B-E thereto.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not

1

restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A. Description of Documents and Restriction Level Sought

SRSA seeks Level 1 restrictions for the below documents:

| Document | Portions SRSA Seeks Level 1 Restriction |
|---|---|
| April 16, 2021 Joint Status Report (ECF 387) | Page 36, quote after the words "conduct. *Id.*" and before the words "Finally, to the extent" in the last two lines of the page |
| Ex. B (ECF 387-2) | Paragraphs 64 and 66; footnotes 130-132 |
| Ex. C (ECF 387-3) | Entirety |
| Ex. D (ECF 387-4) | Entirety |
| Ex. E (ECF 387-5) | Entirety |

### B. SRSA's interest in the protection of its confidential and trade-secret information outweighs the presumption of public access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the

presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict several categories of sensitive business information: (1) SRSA customer information; (2) SRSA confidential business plans and strategies; and (3) SRSA technical information. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

*First*, SRSA seeks to restrict two documents that contain confidential SRSA customer information: (1) Exhibit D (ECF 387-4), which attached Defendants' "HK Contacts" and "Firms by Segement" excel spreadsheets.  Both HK Contacts and Firms by Segement include highly confidential information about SRSA customers and their preferences.  *See* ECF 262 (SRSA Opp. to Defs.' Partial Mot. for Summ. J. at 12-13) (describing value of confidential SRSA customer information in these documents).[1]   (2) Portions of Exhibit B (ECF 387-2), an excerpt of SRSA's expert damages report that discloses the identities of a lost deal customer and references confidential SRSA business strategies for securing customer loyalty in certain market segments.

---

[1] Notably, Defendant Kelly sent the HK Contacts file "to her personal email and, later, her PNC computer. At PNC, she combined the information from HK Contacts with other confidential information known to her from SRSA sources and experience and generated the 'Firms by Segement' target list. Defendants then used that information to target strategic buyers, including many SRSA customers." ECF 262 at 12-13.

3

Such information is worthy of restriction, as its public disclosure would directly harm SRSA. Information about a customer's "specialties, business preferences, and contact people" is a trade secret. *See Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009); *Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see also Johnstech Int'l Corp. v. JF Microtechnology SDN*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF 266 ¶¶ 1-22, 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

***Second***, SRSA seeks to restrict Exhibit C (ECF 387-3) and a quotation from that document found on the last two lines of page 36 of the Joint Status Report (ECF 387 at 36). This document is a non-public, internal SRSA strategy document summarizing SRSA's strengths and weaknesses in payments-and-escrow businesses and highlighting potential opportunities for growth for the company. The reveal of this information would cause significant competitive harm to SRSA; among other things, it would risk allowing competitors to co-opt or undermine strategic opportunities SRSA identified in this document. Confidential information about a company's strategic planning is routinely restricted from public view. *See Rodman v. Safeway Inc.*, Case No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy, business decisionmaking, and

4

financial records"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers").

***Third***, SRSA seeks to restrict Exhibit E (ECF 387-5) because it reveals confidential SRSA's technical processes, product strategies, and procedures used to run its online payments platform. Notably, Exhibit E attaches numerous internal, nonpublic PNC documents that describe confidential SRSA technical trade secrets Defendants Kelly and Tsarnas are accused of misappropriating. The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). And here, such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF 256-10 ¶¶7-14, 21-65; ECF 262 at 7-10, 19-26. As attested to by SRSA's former Executive Director and Head of Operations, a competitor armed with such information would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace. *See* ECF 256-10 ¶¶7-14, 21-65

**C.    There is no practicable alternative to restriction**

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and

confidential internal business information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access this Court's records, should the Court order it, SRSA is willing to file public redacted versions of the restricted documents where possible to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

## Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On April 29 and April 30, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

1678752

|  |  |
|---|---|
| Dated: April 30, 2021 | Respectfully submitted,<br><br>By: _s/ Victor H. Yu_<br>Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com*<br><br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415-391-5400<br>Facsimile:      415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:     303 863 9700<br>Facsimile:      303 863 0223<br>Email:     *litigation@sheridanross.com*<br><br>Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC |