IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT EXHIBIT D (ECF NO. 410) TO PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S ORDER RE: DISCOVERY ISSUES RAISED AT APRIL 21, 2021 STATUS CONFERENCE**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Exhibit D to SRSA's May 13, 2021 Objection to Special Master's Order Re: Discovery Issues Raised at April 21, 2021 Status Conference, which was filed under Restricted Level 1.  *See* ECF No. 410 (hereinafter "Exhibit D").  SRSA now moves to maintain the restricted nature of Exhibit D.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

1695804

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A. Description of documents and restriction level sought

Exhibit D contains excerpts from the transcript of the April 21, 2021 hearing before the Special Master.  At that hearing, the Special Master heard oral argument on issues that were addressed and ruled on in the Special Master's Order Re: Discovery Issues Raised at April 21, 2021 Status Conference (ECF No. 391), to which Plaintiffs now object (ECF No. 408).  Specifically, SRSA seeks to restrict the following page and line segments within Exhibit D:

- 27:18-28:16
- 28:23-29:3
- 30:17
- 31:1-6
- 31:20-21
- 38:20-21
- 44:7-13
- 44:19-23
- 45:1-6
- 46:20-23
- 47:7-13
- 50:6-13

1695804

SRSA seeks Level 1 restriction over these portions of Exhibit D.

These sections of Exhibit D divulge SRSA trade-secret, proprietary, and non-public customer relations and marketing strategies. This dialogue reveals a specific strategy SRSA employs related to obtaining and maintaining high-value customers that is non-public, and if revealed, would benefit SRSA's competitors to the detriment of SRSA's business.

> **B.  SRSA's interest in the protection of its confidential information outweighs the presumption of public access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

SRSA seeks to restrict portions of one document, Exhibit D, revealing SRSA's non-public customer relations and marketing strategies. This document references the strategies SRSA uses to manage and retain certain high-value customers through various types of agreements. Marketing, pricing, and customer relationship strategies may be subject to and granted trade secret protection. *Power Mktg. Direct, Inc. v. Ball*, No. 2:03-CV-1004, 2004 U.S. Dist. LEXIS 29068, at *18 (S.D. Ohio Apr. 6, 2004).

3

The information that SRSA seeks to restrict is highly sensitive and worthy of restriction. As SRSA has supported through declarations of its CEO, Paul Koenig, SRSA does not disclose the information making up its strategies related to various customers. *See* ECF No. 268 at ¶ 8. If known to its competitors, SRSA's marketing and customer strategies would directly harm SRSA by permitting its competitors to understand how SRSA manages various types of customers and potentially find strategies to better compete against SRSA in the marketplace. *See id.*; *see also* ECF No. 268 ¶¶ 4-11.

### C.     There is no practicable alternative to restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored and will shield from public view only a few pages of text messages. Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the restricted document to narrowly tailor its request as much as practicable under the circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that the above-specified portions of Exhibit D, ECF No. 410, be maintained under Level 1 restriction.

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On May 27, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

//

//

//

1695804

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 27, 2021 | By:  *s/ Warren A. Braunig*  <br>Warren A. Braunig <br>*wbraunig@keker.com* <br>Michelle S. Ybarra <br>*mybarra@keker.com* <br>Benjamin D. Rothstein <br>*brothstein@keker.com* <br>Katie Lynn Joyce <br>*kjoyce@keker.com* <br>Victor H. Yu <br>*vyu@keker.com* <br><br>KEKER, VAN NEST & PETERS LLP <br>633 Battery Street <br>San Francisco, CA 94111-1809 <br>Telephone:      415-391-5400 <br>Facsimile:       415-397-7188 <br><br>SHERIDAN ROSS P.C. <br>Scott R. Bialecki <br>*sbialecki@sheridanross.com* <br>Matthew C. Miller <br>*mmiller@sheridanross.com* <br>1560 Broadway, Suite 1200 <br>Denver, Colorado 80202 <br>Telephone:      303 863 9700 <br>Facsimile:       303 863 0223 <br>Email:     *litigation@sheridanross.com* <br><br>Attorneys for Plaintiffs <br>SRS ACQUIOM INC. AND <br>SHAREHOLDER REPRESENTATIVE <br>SERVICES LLC |

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

6

1695804