**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**JOINT STATUS REPORT IN ADVANCE OF JUNE 1, 2021 STATUS CONFERENCE**

The parties hereby submit the following joint status report to identify additional disputes for which the parties have met and conferred but reached an impasse, along with each party's position on the disputes. The parties will be prepared to discuss these issues at the June 1, 2021 Status Conference.

I.   **DEFENDANTS' INTERROGATORY 22**

***SRSA'S POSITION:*** Defendants' Interrogatory No. 22 asks SRSA to "Identify the date(s) of any litigation hold(s) instituted by SRSA relating the Action, the claims raised therein, Kelly or Tsarnas." Although SRSA objected that the request seeks improper and irrelevant "discovery on discovery," the Special Master overruled SRSA's objections and ordered it to provide a supplemental response. ECF 400 at 2. On May 14, 2021, following a reasonable and diligent investigation, SRSA served a supplemental response identifying the dates of numerous *oral and written* litigation holds that fall within the scope of PNC's request. Specifically, SRSA responded that it "provided instructions to hold and preserve documents in anticipation of litigation . . . on various dates in January 2018, various dates in March 2018, and on May 7, 2019, January 28, 2021, and March 31, 2021."

SRSA's response answers Interrogatory 22 fully and completely, providing all of the information available to SRSA at this time. But Defendants—apparently unhappy with the response they received—complain that SRSA's response does not provide enough information about the nature of the litigation holds (which Interrogatory No. 22 does not request) and seek extraordinary *in camera* review of SRSA's privileged communications so that the Special Master may verify the accuracy of the dates SRSA provided. Defendants are not entitled to any of the relief they seek, and their request must be denied.

1

*First*, Defendants' complaints about the sufficiency of SRSA's response are baseless. Interrogatory No. 22 asks SRSA to "identify the date(s) of any litigation hold(s)," and SRSA did so. Where SRSA could not identify a specific date, SRSA provided its "best estimate or approximation" following and diligent inquiry, consistent with the Instructions for Interrogatory No. 22. *See* Ex. 4 at 3 (excerpts of PNC's Feb. 12, 2021 Second Set of Interrogatories) ("If you cannot supply precise information, state your best estimate or approximation (including your best approximation of date . . .)"). Defendants complain that SRSA's response does not inform them which litigation holds were oral versus written or the scope of the information they directed to be preserved. But Interrogatory No. 22 does not ask for that information, and Defendants are not entitled to it. Interrogatory No. 22 merely says "Identify the date(s)." Defendants should not be permitted to re-write their discovery requests through motion practice. Their request should be denied on this basis alone.

*Second*, the contents of SRSA's litigation holds reflect privileged attorney-client communications and attorney work-product and are not discoverable here. *See, e.g.*, *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123 (N.D. Ga. 2007) (litigation hold letters were "likely to constitute attorney work-product" and their "compelled production could dissuade other businesses from issuing such instructions in the event of litigation"); *Turner v. Resort Condos. Int'l*, 2006 WL 1990379, at *7–8 (S.D. Ind. July 13, 2006) (denying motion to compel litigation hold on privilege grounds). This should not be controversial: at the February 17, 2021 spoliation hearing, PNC claimed that its *own* litigation hold was privileged. *See* Ex. 2, Feb. 17, 2021 Hearing Tr. 355:20-22 ("MS. JACOBS: Mr. Tenner, I object. First of all, I believe that litigation hold notice is privileged."). PNC's litigation hold only became discoverable after SRSA made a

prima facie case that Defendants had spoliated documents. *See, e.g.*, *Major Tours, Inc. v. Colorel*, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009) (The "prevailing view" among federal courts "is that when spoliation occurs [litigation hold letters] are discoverable." (collecting cases)). Defendants have made no such showing here.[1]

***Third***, Defendants' extraordinary request that the Special Master review SRSA's attorney-client privileged communications and work product *in camera* in order to verify the accuracy of SRSA' discovery response has no basis in law or common sense. SRSA's General Counsel verified its response to Interrogatory No. 22 under penalty of perjury. *See* Ex. 1 at 8. The Special Master is not the fact-finder here, nor is it his role to verify the accuracy of SRSA's sworn discovery responses. And courts regularly hold that challenge to a privilege claim "premised primarily upon the distrust and suspicion of the good faith of opposing counsel, is not a motion that warrants *in camera* review." *Apple Inc. v. Corellium, LLC*, 2020 WL 1986942, at *4 (S.D. Fla. Apr. 27, 2020).[2] Moreover, "a court should not conduct an *in camera* review as a

---

[1] Before the February 17, 2021 continued evidentiary hearing, PNC declined to produce its litigation hold. But during that very hearing, PNC witness Eric Derk brought PNC's hold with him during SRSA's examination. Overruling PNC's privilege objections, the Special Master permitted questioning into Defendants' litigation hold. *See* Ex. 2, Feb. 17, 2021 Hearing Tr. 358:7-11 ("[I]f a witness brings to a hearing a document that the witness says he reviewed in preparation for the hearing, then that document gets to be seen."). After that February hearing, SRSA made a request for the hold, and only then did PNC relent and produce it. *See* Ex. 3, Feb. 22, 2021 Joyce Letter. Here, SRSA has never waived privileged over its holds nor is it under any other obligation to produce them—Defendants have never served an RFP asking for the documents.

[2] *Cf. United States v. Zolin*, 491 U.S. 554, 572 (1989) ("Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person." (citation omitted)). *United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) ("*Brady* does not permit a defendant "to conduct an *in camera* fishing expedition through the government's files . . . .").

matter of course, simply on the theory that it can't hurt." *Rifle Remedies, LLC v. Internal Revenue Serv.*, 2021 WL 981317, at *12 (D. Colo. Mar. 16, 2021) (citation omitted). But that is precisely Defendants' position here. Defendants have failed to make any showing that would justify an *in camera* review, other than Defendants' unfounded suspicion about the accuracy of SRSA's verified response to Interrogatory No. 22. That is insufficient; courts consistently decline to conduct an *in camera* review absent a "sufficient evidentiary showing" that such a review is necessary. *See, e.g.*, *Arkansas River Power Auth. v. Babcock & Wilcox Power Co.*, 2016 WL 9734683, at *3 (D. Colo. Oct. 19, 2016) ("[T]oo much judicial inquiry into the claim of privilege would force disclosure of the thing the privilege was meant to protect.").[3] Not only do Defendants lack any evidence justifying *in camera* review, but their attorney argument attempting to characterize SRSA's supplemental response as misleading or disingenuous fails at the outset. Defendants quibble that SRSA's response does not use the phrase "litigation hold" and speculate that the dates provided may include the dates of preservation efforts related to FINRA reporting and other business purposes. Not so. Defendants did not define "litigation hold," and so SRSA's response made explicit that the dates it identified were the dates it "provided instructions to hold and preserve documents *in anticipation of litigation*." Nor is it suspicious, as Defendants suggest, to issue serial litigation holds—particularly as an

---

[3] *U.S. ex rel. Baker v. Community Health Systems*, 2012 WL 12294414, at *1 (D.N.M. Sept. 26, 2012), cited by Defendants, directly supports SRSA's position. There, the district court ordered an *in camera* review only after an initial showing of spoliation was made. *See id.* ("As stated in the Court's July 3, 2012 Memorandum Opinion and Order, litigation hold letters are not per se immune from discovery and if there is evidence of spoliation, the litigation hold documents are discoverable.").

investigation proceeds or litigation unfolds and new facts are brought to light; in fact, it is prudent to do so.

*Finally*, Defendants' demand for *in camera* review of SRSA's privileged and work product communications is impermissible "discovery on discovery" — particularly given Defendants have not made any prima facie case of spoliation that would make such communications relevant. "Non-merit based discovery on preservation efforts is considered improper when the requesting party has not made a threshold showing that spoliation has actually occurred." *Sinclair Wyo. Ref. Co. v. A&B Builders, Ltd*., 2017 WL 10309306, at *5 (D. Wyo. Oct. 31, 2017); *see also Tracy v. NVR, Inc.*, 2012 WL 1067889, at *9 (W.D.N.Y. Mar. 26, 2012) (denying motion to compel production of litigation hold notices and a list of recipients); *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (denying discovery into parties' preservation efforts because the requesting party failed to make a threshold showing of spoliation). Here, though the Special Master found that the *dates* of SRSA's litigation holds are relevant to Defendants' defenses (*see* ECF 400 at 2), the contents of those holds are not. Defendants have not shown otherwise, and their request should be denied.

## II.   DEFENDANTS' INTERROGATORY 22

**DEFENDANTS' POSITION:**  On February 14, 2021, Defendants issued Interrogatory No. 22 to Plaintiffs, which stated: "Identify the date(s) of any litigation hold(s) instituted by SRSA relating to the Action, the claims raised therein, Kelly, or Tsarnas."  In response, SRSA asserted that the information sought was privileged and irrelevant to the Action.  Following oral argument on the issue on April 28, 2021, the Special Master issued the following decision overruling SRSA's objections:

5

> SRSA argues that it did not rely on its litigation holds as a basis for anticipating litigation and that it is instead relying on demand letters sent in 2018 for that purpose. It argues that the litigation hold is irrelevant to laches because the date when it filed the lawsuit is the relevant date. However, Defendants are not required to simply accept these propositions. They are entitled to seek evidence that is relevant to the determination of both issues. While not determinative, when SRSA instituted its litigation hold is certainly relevant to both inquiries.

ECF 400 at 2. In so doing, the Special Master noted that the date on which SRSA issued its litigation hold was relevant to a number of central issues to this litigation:

> Defendants argue that the timing of the litigation hold is relevant to determine when SRSA anticipated litigation; an issue which is central to a number of issues in the case. It also argues that it is relevant to the defense of laches, to determine if Plaintiffs waited too long to bring their claims here. I agree.

*Id.* Consequently, the Special Master ordered SRSA to answer the Interrogatory within fourteen days. *Id.* On May 14, 2021, SRSA served its Amended Answer to Interrogatory No. 22, which states:

> SRSA provided instructions to hold and preserve documents in anticipation of litigation, relating to the Action, the claims raised therein, Kelly or Tsarnas, on various dates in January 2018, various dates in March 2018, and on May 7, 2019, January 28, 2021, and March 31, 2021.

*See* Exhibit 1. As explained below, SRSA's Amended Answer raises significant doubts as to the veracity of this response, especially in light of SRSA's protracted refusal to produce information that the Special Master found was "central to a number of issues in the case." ECF 400 at 2.

As an initial matter, it is telling that SRSA does not use the phrase "litigation hold" in a compelled amended response to an Interrogatory requiring SRSA to identify the dates of its

6

litigation holds.  Instead, SRSA responded that it "provided instructions to hold and preserve documents."  Ex. 1.  While a purported "instruction" to hold and preserve documents may be a litigation hold, it is not necessarily so.  For example, SRSA might have asked one of its employees to preserve documents relating to Mr. Tsarnas's termination not because it reasonably anticipated litigation but because it was necessary in order to complete the legally required U5 form to be filed with FINRA.  https://www.finra.org/registration-exams-ce/broker-dealers/registration-forms/form-u5.  Likewise, SRSA might have instructed employees to preserve documents relating to Ms. Kelly in March of 2018 in order to understand the status of transactions on which she was engaged to allow for an orderly transition.  In other words, the preservation may have been done not because of allegedly anticipated litigation, but because SRSA wanted to preserve Ms. Kelly's documentary knowledge of her ongoing transactions in order to allow Ms. Kelly's replacement to provide better customer service.

Further raising questions regarding the legitimacy of SRSA's compliance with the Special Master's Order is that it does not identify the specific dates of these alleged 2018 "instructions to hold and preserve documents."  SRSA's response states only that instructions were given on "various dates" in January and March 2018.  Issuing a true litigation hold on "various dates" is inconsistent with common practice and procedure.  It would be quite unusual if a party issued a litigation hold on "various dates" as opposed to a specific date.  Indeed, the common practice of issuing a hold on a date certain, which Defendants respectfully suggest is likely consistent with the Special Master's own experience of issuing litigation holds, is reflected in the other portions of SRSA's amended response where it was able to identify a particular, specific date on which the hold was issued.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

1695161

(reiterating that assessing the plausibility of allegations "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Brock v. City Oil Well Service Co.*, 795 F.2d 507, 510 (5th Cir. 1986) ("We do not check our common sense at the courthouse door."); *cf. United States v. Mendez*, 118 F.3d 1426, 1431 (10th Cir. 1997) ("we judge the officer's conduct in light of common sense and ordinary human experience.").

In light of the above, the only method by which to finally obtain a clear and unambiguous answer regarding the actual date SRSA issued a litigation hold over documents relevant to this case is for the documents cited in its response to be provided to the Special Master for *in camera* review. "The Supreme Court 'has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection.'" *Mounger v. Goodyear Tire Rubber Co.*, 2000 WL 33712198, at *1 (D. Kan. Sept. 22, 2000) (quoting in part *United States v. Zolin*, 491 U.S. 554, 569 (1989)). The decision as to whether to conduct an *in camera* inspection is entrusted to the sound discretion of the trial court. Indeed, courts in this Circuit have specifically noted that *in camera* "review may be useful if there is a genuine dispute between the parties as to the accuracy of the withholding's party's description of certain documents." *Id.* at *2 (quoting *Bowne of City of N.Y., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 475 (S.D.N.Y. 1993)). Thus, the proper vehicle to ascertain whether the documents cited by SRSA are truly litigation holds is for SRSA to be ordered to submit those documents for the Special Master's review and determination. *U.S. ex rel. Baker v. Cmty. Health Sys.*, 2012 WL 12294414, at *1 (D.N.M. Sept. 26, 2012) ("On July 3, 2012, the Court ordered the Government to produce the litigation hold documents for in camera review.").

The Special Master should compel SRSA to produce all of the documents reflected in its Amended Answer to Interrogatory No. 22 for *in camera* inspection. Based on the Special Master's review of these documents, the Special Master should then rule which of these documents constitute a litigation hold and compel SRSA to amend its response to Interrogatory No. 22 accordingly.

Dated: May 27, 2021

Respectfully submitted,

By:  *s/ Warren A. Braunig*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:     415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303 863 9700
Facsimile:     303 863 0223
Email:     litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

9

1695161

| | |
|---|---|
| Dated: May 27, 2021 | By: *s/ Matthew E. Johnson* |
| | DOWD BENNETT LLP<br>James Forrest Bennett<br>*jbennett@dowdbennett.com*<br>7733 Forsyth Boulevard, Suite 1900<br>Jeffrey R. Hoops<br>*jhoops@dowdbennett.com*<br>St. Louis, MO  63105<br>Telephone:	314-889-7300<br>Facsimile:	314-863-2111 |
| | DOWD BENNETT LLP<br>Matthew E. Johnson<br>*mjohnson@dowdbennett.com*<br>1775 Sherman Street, Suite 2010<br>Denver, CO  80203<br>Telephone:	303-353-4361<br>Facsimile:	314-863-2111 |
| | BALLARD SPAHR LLP<br>Hara K. Jacobs<br>*jacobsh@ballardspahr.com*<br>Noah S. Robbins<br>*robbinsn@ballardspahr.com*<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103-7599<br>Telephone:	215-665-8500<br>Facsimile:	314-863-2111 |
| | Attorneys for Defendants |

10

1695161