# Plaintiffs' Exhibit 3



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Katie Lynn Joyce**
(415) 962-8806
kjoyce@keker.com

February 22, 2021

Matthew E. Johnson
Dowd Bennett LLP Denver
1775 Sherman Street, Suite 2010
Denver, CO  80203
mjohnson@dowdbennett.com

James Forrest Bennett
Dowd Bennett LLP St. Louis
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO  63105
Jbennett@dowdbennett.com

Re:   *SRS Acquiom Inc., et al. v. PNC Financial Group Inc., et al.*
        USDC D. Colorado (Denver), Case No. 1:19-cv-02005-SKC

Dear Counsel:

In connection with two issues that arose during the February 17, 2021 evidentiary hearing, we write to request Defendants' immediate production of (1) all text messages, from March 8, 2018 to July 14, 2019, between Luda Semenova and Heather Kelly or Alex Tsarnas, and (2) all litigation hold letters or directions that PNC has sent or provided, relating to SRSA and/or its claims, since March 8, 2018.

First, the evidentiary hearing confirmed that Defendants' intentional destruction of evidence extends to their text messages with Ms. Semenova.  As you are aware, Ms. Semenova is a critical witness in this case.  Defendants solicited her in breach of Ms. Kelly's and Mr. Tsarnas's non-solicitation obligations to SRSA, and thereafter relied on Ms. Semenova to target SRSA's key customers.  Defendants' communications with Ms. Semenova are plainly relevant to SRSA's claims.  But both Ms. Kelly and Mr. Tsarnas deleted their text messages with Ms. Semenova before their phones were imaged.  The substance, timing, and volume of these deleted text messages relate directly to the issue of bad faith for purposes of SRSA's spoliation motion (ECF No. 113).  We understand, based on Mr. Bennett's February 16, 2021 email to Mr. Tenner that Defendants will more broadly review Ms. Semenova's text messages for production.  However, in the meantime, SRSA requests immediate production of a more limited set of text messages between Ms. Semenova and Defendants—from March 8, 2018 to July 14, 2019—which relates directly to the spoliation motion that the parties are currently briefing.  Please confirm that you will provide the text messages requested herein by no later than Thursday, February 26, 2021.

1655281

Matthew E. Johnson
James Forrest Bennett
February 22, 2021
Page 2

Second, under the particular circumstances of this case, in which SRSA has made a *prima facie* case of spoliation, SRSA is entitled to a copy of all litigation hold letters or directions that PNC has sent or provided since March 8, 2018.  The "prevailing view" among federal courts "is that when spoliation occurs [litigation hold letters] are discoverable."  *Major Tours, Inc. v. Colorel*, No. CIV 05-3091(JBS/JS), 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009) (collecting cases); *see also Cactus Drilling Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. CIV-12-00191-M, 2014 WL 1338138, at *4 (W.D. Okla. Apr. 2, 2014) ("[A] discovery request on defendants' document retention and litigation hold practices and policies and whether such policies were followed with respect to Ms. Valerio's hard copy Cactus file is relevant and discoverable" upon showing that Valerio's documents were destroyed during pending litigation).  In addition, Mr. Derk brought with him to the evidentiary hearing the hold letter that PNC issued to the individual Defendants after SRSA filed the Complaint, reviewed it while under oath, and testified about its contents.  We are entitled to see the document that he not only testified about—but reviewed—during the hearing.  *See* Fed. R. Evid. 612(b); *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 77 (D. Mass. 2007) (compelling production of documents used to refresh witness's memory).   Please confirm that you will provide the litigation hold letters requested herein by no later than Thursday, February 26, 2021.


Very truly yours,

KEKER, VAN NEST & PETERS LLP

*Katie Lynn Joyce*

Katie Lynn Joyce

KJ:slb

1655281