# Plaintiffs' Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC
SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**DEFENDANTS' SECOND SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively "PNC" and together with Alex Tsarnas and Heather Kelly "Defendants"), by and through undersigned counsel, hereby requests that Plaintiffs SRS Acquiom, Inc., and Shareholder Representative Services, LLC answer the following interrogatories:

**INSTRUCTIONS**

    1.    If any of the information or documents requested below are claimed to be privileged or are otherwise withheld, you are requested to provide a privilege log which identifies:

        (a)    the basis for asserting the claim of privilege, and the precise ground on which the document is withheld;

        (b)    the type of document;

        (c)    the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof;

1

   (d)  the relationship of its author(s) and its addressee(s);

   (e)  the title and other identifying data of the document;

   (f)  the date of the document;

   (g)  the subject matter of the document;

   (h)  any attachment(s) to the document;

   (i)  the number of pages comprising the document; and

   (j)  whether the document is typewritten or handwritten.

  2.  If any responsive document has been lost, destroyed or discarded, or is no longer in existence, that document is to be identified by stating: (i) the information called for in paragraph 1 above; (ii) its date of destruction or discard; and (iii) the manner and reason for its destruction or discard.

  3.  Whenever necessary to bring within the scope of a request any information, document or subject matter which might otherwise be deemed non-responsive, the singular form shall be interpreted as including the plural.

  4.  These Interrogatories are continuing to the extent provided by Rule 26(e) of the Federal Rules of Civil Procedure. Applicant is requested to provide by way of supplementary compliance herewith such additional information as Applicant, its agents, representatives or attorneys may obtain between the time answers are first provided pursuant to these Interrogatories and the time of trial of this matter. Such additional information is to be produced at the offices of Ballard Spahr LLP promptly after receipt thereof.

  5.  These Interrogatories are intended to cover all knowledge, information and documents in Applicant's possession, custody or control, whether located at any of Applicant's

office(s), residence(s), or at the offices of Applicant's accountants, attorneys, agents, or representatives, or at any other place.

6. If you object to any portion of an Interrogatory, explain your objection and answer the remainder.

7. If you cannot supply precise information, state your best estimate or approximation (including your best approximation of date by reference to other events, when necessary), and designate the response as an estimate or approximation.

8. With respect to any conversations or discussions mentioned in the responses hereto, provide the name(s) of the individual(s) with whom such conversations or discussions took place, and the date and location, by state and city, of said conversations or discussions.

9. Each Interrogatory should be answered separately and fully, and should include all information known up to the date of verification.

**DEFINITIONS**

1. "Action" shall mean *SRS Acquiom, Inc., et al. v. PNC Financial Services Group, Inc., et al.*, No. 1:19-cv-02005-DDD-SKC, pending in the United States District Court for the District of Colorado.

2. "Business Development Representative" shall mean the employees of SRSA with such title regardless of any qualification to same such as associate or senior or those employees having duties and responsibilities synonymous to, or overlapping with, the duties and responsibilities of a Business Development Representative.

3. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

3

known to those in experienced in payroll and taxation such as payroll specialists, tax advisors, accountants, or attorneys.

12. "Relationship Manager" shall mean the employees of SRSA having duties and responsibilities synonymous to, or overlapping with, the duties and responsibilities of a Relationship Manager, regardless of the employee's actual title, and the employees of SRSA who supervise a Relationship Manager.

13. As used herein, "SRS" shall be defined as Plaintiffs SRS Acquiom, Inc. and Shareholder Representative Services, LLC collectively with any parent, subsidiary, or affiliate entity and any owners, officers, directors, agents, fiduciaries, and employees.

14. As used herein, "Transaction" shall be defined as any deal or transaction Concerning the purchase, sale, or exchange of any ownership interest, stock, or security.

15. As used herein, "Tsarnas" shall be defined as Defendant Alex Tsarnas.

16. As used herein, "Zuman Product" refers to the product licensed by SRSA and referred to in SRSA's answer to Defendant's Interrogatory No. 13.

## INTERROGATORIES

22. Identify the date(s) of any litigation hold(s) instituted by SRSA relating to the Action, the claims raised therein, Kelly, or Tsarnas.

**ANSWER:**

23. For each item of customer information in the HK Contact List or Strategic Buyers Tab that SRSA contends reflects SRSA confidential or trade secret information, identify how SRSA acquired the information. As used herein, to "identify" requires SRSA, at a minimum, to identify the SRSA employee(s) that learned the information, the date on which he/she learned the information, the means by which he/she learned the information, the efforts

5

44. Identify W. Paul Koenig's financial interest in the outcome of this litigation. As used herein, to "identify" requires SRSA, at a minimum, to describe whether Koenig would stand to personally benefit from the outcome of the litigation, including, but not limited to, additional amounts due under the agreement whereby Lovell Minnick obtained an interest in SRSA, the amount of such compensation, and the correlation between the size of the award SRSA may obtain and the amount of compensation that Koenig would ultimately receive.

**ANSWER:**

45. If SRSA's responses to any of Defendants' Second Set of Requests for Admissions simultaneously served with these Interrogatories was anything other than an unqualified admission, identify all facts supporting each denial.

**ANSWER:**

Dated: February 12, 2021

By: */s/ Noah S. Robbins*

James F. Bennett
Matthew E. Johnson
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2021 a true and correct copy of the foregoing **DEFENDANTS' SECOND SET OF INTERROGATORIES** was served via email to the following attorneys of record:

Warren A. Braunig
wbraunig@keker.com
Benjamin D. Rothstein
brothstein@keker.com
Michelle Ybarra
mybarra@kvn.com
Victor H. Yu
vyu@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
sbialecki@sheridanross.com
Matthew C. Miller
mmiller@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs SRS Acquiom Inc., a Delaware corporation and Shareholder Representative Services LLC, a Colorado limited liability company*

By: */s/ Matthew E. Johnson*

12