IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT THE PARTIES' JOINT STATUS REPORT IN ADVANCE OF MAY 20, 2021 STATUS CONFERENCE, AND EXHIBITS THERETO (ECF NOS. 412, 412-1 TO 412-6, 412-8 TO 412-10)**

    Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in the Parties' Joint Status Report in Advance of May 20, 2021 Status Conference (hereinafter, "Joint Status Report") and Exhibits thereto, filed on May 17, 2021 (ECF Nos. 412, 412-1 to 412-6, and 412-8 to 412-10), which were filed as Restricted Level 1.  SRSA now moves to maintain the restricted nature of those filings.

**I.**     **ARGUMENT**

    "[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving

the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A. Description Of Documents And Restriction Level Sought

SRSA seeks to restrict certain portions of the Joint Status Report and Exhibits thereto (ECF Nos. 412, 412-1 to 412-6, and 412-8 to 412-10).  SRSA identifies the content within the Joint Status Report and its Exhibits to be restricted, as well as the bases for restriction, within the body of this Motion below.  For the Court's convenience, SRSA also attaches as Exhibit A to this Motion a chart listing its restriction request, including the specific text to be restricted, on a document-by-document basis.  SRSA requests Level 1 restriction for all documents.

### B. SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the

secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict several categories of sensitive, non-public information found in the Joint Status Report and Exhibits: (1) SRSA financial, asset, business strategies, operations, and pricing strategies information; (2) SRSA product and technical information; and (3) information regarding an internal, work-product protected investigation. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

### 1. Information Related to Confidential SRSA Financial, Business and Pricing Information

SRSA seeks to restrict confidential, non-public, and sensitive information related to SRSA finances and assets, business strategies and operations, and pricing strategies.

First, SRSA seeks restriction of portions of the Joint Status Report (ECF No. 412)[1] that contain information exchanged between SRSA and an external auditing consultant, as well as characterizations of that information.[2] The sensitive information includes, *inter alia*, discussion of the nature of the report generated by the auditing/valuation consultant; information provided

---

[1] As stated below in Section C, SRSA will file publicly available versions with the identified portions redacted if ordered to do so.
[2] SRSA seeks restriction of further portions of ECF No. 412 under Section B.3, *infra*.

3

by SRSA to the auditing/valuation consultant to generate its report, including non-public terms of a private acquisition; discussion of the analysis that forms the basis for the conclusions within that report, and values assigned to SRSA assets. The specific content SRSA requests to restrict within ECF No. 412 is identified in Exh. A, at rows 1-5. SRSA also seeks full restriction of ECF Nos. 412-1 and 412-2, which relate to the same information. ECF No. 412-2 is the actual report generated by the auditing/valuation consultant. That document is highly sensitive and non-public, as it was generated for SRSA's sole use relating to a private acquisition, and it contains sensitive financial and business information related to SRSA's assets and liabilities. ECF No. 412-3 is a one-page excerpt from the deposition of Paul Koenig, CEO of SRSA, with questioning about the same topics.

SRSA seeks further restriction of portions of ECF No. 412 because it discloses sensitive and non-public SRSA pricing strategies and structures. ECF No. 412 at pages 6-10 reveals components of SRSA's pricing structures and considerations taken into account when pricing a deal. The specific content SRSA requests to restrict within ECF No. 412 related to this topic is identified in Exh. A, at rows 6-10.

SRSA seeks full restriction of ECF No. 412-3. This document is a sales update for SRSA for the second quarter of 2018. This document contains highly confidential information related to deal counts, market analysis, deal values and amounts, business progress, pricing strategy, among other confidential strategic business information.

SRSA seeks full restriction of ECF No. 412-4. This document is an internal SRSA document describing its confidential pricing strategies and structures.

SRSA seeks full restriction of ECF No. 412-5.  This document is entitled "Pricing Strategy" for one of SRSA's core products. The document discusses SRSA's strategic approach to pricing the product, as well as SRSA's analysis of pricing structures, margins, costs, and other highly sensitive information.

SRSA seeks full restriction of ECF No. 412-6.  This document is entitled "Consolidated Fee Calculator" and is a pricing-strategy spreadsheet for SRSA's products and services.  It discloses non-public and proprietary elements and factors to be considered in generating fee structures for SRSA clients.

SRSA seeks full restriction of ECF No. 412-8.  This is a non-public, highly sensitive portion of a private acquisition agreement, summarizing litigation and potential litigation involving SRSA, including SRSA's confidential litigation strategies.

SRSA seeks partial restriction of ECF No. 412-9 for disclosure of sensitive, non-public financial and business information.[3]  This document is a meet-and-confer letter from Defendants' counsel to SRSA's counsel related to discovery disputes, and it discloses highly confidential information produced by SRSA during discovery.  ECF No. 412-9, footnote 2, contains information related to the non-public terms of a private acquisition, including the source of payouts to SRSA's shareholders.  ECF No. 412-9, footnote 3, discusses proprietary aspects of SRSA's products and business operations.  On page 9 of ECF No. 412-9, the letter reproduces deposition testimony from an SRSA employee discussing the inner-workings of one of SRSA's internal and non-public customer-strategy databases.  ECF No. 412-9 at page 12 identifies SRSA business and product strategies that SRSA contends are trade secret.  ECF No. 412-9 at page 12-

---

[3] SRSA seeks restriction of further portions of ECF No. 412-9 under Section B.2, *infra*.

13 further includes discussion of the information related to the audit/valuation consultant report discussed, *supra*. The portions of content described above that SRSA requests to restrict within ECF No. 412-9 are identified in Exh. A, at rows 21-24 and 27-30.

The information related to SRSA finances and assets, business strategies and operations, and pricing strategies—for which SRSA seeks restriction—is confidential, sensitive, and worthy of restriction under federal and Colorado law. Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted). Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see SOLIDFX, LLC*, 2012 U.S. Dist. LEXIS 101075, 2012 WL 2917116, at *2 ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3. Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information … or other information relating to any business or profession which is secret and of value." Section 7-74-102(4), C.R.S.; *SBM Site Servs.,* 2011 WL 1375117, at *3.

This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure. For example, in *Dish Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business

strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014). The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information." *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 James Wm. Moore et al., Moore's Federal Practice - Civil § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial economic harm' to the competitive position of the entity from whom it is obtained.")). The Court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business. *Dish Network*, 2014 WL 1628132, at *4; s*ee also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

Additionally, it has been widely held that product pricing strategies may be a trade secret and should be protected from public disclosure. *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 18-cv-01897-DDD-NYW, 2020 WL 7979022, at *6 (D. Colo. Nov. 3, 2020) (restricting company's pricing memorandum that disclosed details regarding pricing structure); *Complete Fire Prot., Inc. v. Kolman*, No. 19-cv-1134-WJM-STV, 2019 WL 1755280, at *2 (D. Colo. Apr. 19, 2019); *Genscape, Inc.*, 2019 WL 4242669, at, at *3.

Finally, and in the context of whether confidential financial information should even subject to discovery at all, Colorado has recognized a cognizant, protectable interest over

7

confidential financial information, which has been acknowledged and adopted by the federal courts. *See, e.g.*, *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 555 (D. Colo. 2009) (applying Colorado test as a matter of comity for discoverability of financial information); *Bennett v. SSC Palisade Operating Co., LLC*, No. 14-CV-00923-WJM-KLM, 2014 U.S. Dist. LEXIS 105349, 2014 WL 3809768, at *1 (D. Colo. Aug. 1, 2014).

### 2. Information Related to Internal and Confidential SRSA Product and Technical Information

SRSA seeks further partial restriction of ECF No. 412-9 for disclosure of sensitive, non-public product and technical information.  Again, this document is a meet-and-confer letter from Defendants' counsel to SRSA's counsel related to discovery disputes, and it contains highly confidential information disclosed by SRSA during discovery.  Page 12 of ECF No. 412-9 reveals portions of SRSA's trade-secret identification describing operations and processes of its trade secrets.  The specific content SRSA requests to restrict within ECF No. 412-9 related to this topic is identified in Exh. A, at rows 25-26.

The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). And here, such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF 256-10 ¶¶ 7-14, 21-65; 262 at 7-10, 19-26.  A competitor armed with such information would gain

significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace. *See id.* at ¶¶ 7-14, 21-65.

### 3. Sensitive Information Related to Internal Investigation

SRSA seeks further partial restriction of ECF No. 412 and the entirety of ECF No. 412-10 for disclosure of sensitive, non-public information related to an internal investigation that is subject to work product protection. Pages 13 through 20 of ECF No. 412, and all of ECF No. 412-10, discuss a confidential, sensitive, and non-public investigation conducted by SRSA through a third party vendor. The specific content SRSA requests to restrict within ECF No. 412 is identified in Exh. A, at rows 11-13. The issue of whether the contents of that investigation is protected by the work product doctrine has been briefed to the Special Master and is awaiting his ruling. See ECF No. 360 at 1. Until then, the materials should be granted restriction so that the protection is not destroyed—at least in part—before the Special Master addresses the issue. *See, e.g., Richard Best Transfer, Inc. v. Gaab*, No. 1:19-cv-00020-LJO-SAB, 2019 WL 1469193, at *6 (E.D. Cal. Apr. 3, 2019) ("[O]nce privileged matter has been disclosed there is no way to undo the harm which consists in the very disclosure." (citations omitted)).

### C. There Is No Otherwise Practicable Alternative To Restriction That Will Ensure SRSA Does Not Suffer These Injuries

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See*

9

*Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored. Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-03313-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that ECF Nos. 412, 412-1 to 412-6, and 412-8 to 412-10 be maintained under Level 1 restriction, as described herein (*see also* Exh. A hereto).

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On June 3, 7 and 8, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 8, 2021 | By:  s/ Matthew C. Miller |

        SHERIDAN ROSS P.C.
        Scott R. Bialecki
            *sbialecki@sheridanross.com*
        Matthew C. Miller
            *mmiller@sheridanross.com*
        1560 Broadway, Suite 1200
        Denver, Colorado 80202
        Telephone:  303-863-9700
        Facsimile:  303-863-0223
        Email:   *litigation@sheridanross.com*

        Warren A. Braunig
            *wbraunig@keker.com*
        Michelle S. Ybarra
            *mybarra@keker.com*
        Benjamin D. Rothstein
            *brothstein@keker.com*
        Katie Lynn Joyce
            *kjoyce@keker.com*
        Victor H. Yu
            *vyu@keker.com*
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415-391-5400
        Facsimile: 415-397-7188

        ATTORNEYS FOR PLAINTIFFS
        SRS ACQUIOM INC. AND SHAREHOLDER
        REPRESENTATIVE SERVICES LLC

## **Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).