# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT DEFENDANTS' SUPPLEMENT REGARDING KIVU SUBPOENA DISPUTE AND EXHIBITS 1, 2 AND 5 THERETO (ECF NOS. 418, 418-1, 418-2 AND 418-5)**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict Defendants' Supplement Regarding Kivu Subpoena Dispute (hereinafter, "Defendants' Supplement") and Exhibits 1, 2 and 5 thereto (ECF Nos. 418, 418-1, 418-2, and 418-5), filed on May 27, 2021 as Restricted Level 1.

## I.    ARGUMENT

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A.  Description Of Documents And Restriction Level Sought

SRSA seeks to restrict certain portions of Defendants' Supplement and Exhibits 1, 2, and 5 thereto (ECF Nos. 418, 418-1, 418-32, and 418-5).  SRSA identifies the content to be restricted, as well as the bases for restriction, within the body of this Motion below.  SRSA requests Level 1 restriction for all documents.

### B.  SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets."  18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's]

interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive, non-public information found in ECF Nos. 418, 418-1, and 418-2 because those documents contain SRSA and third-party information related to a confidential, highly-sensitive merger agreement and terms of that agreement. Further, ECF No. 418-5 contains sensitive, non-public information about SRSA business strategies and employee salaries. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

First, SRSA seeks restriction of portions of ECF Nos. 418, 418-1 and 418-2. ECF No. 418-1 is a complete copy of a merger agreement between SRSA and third parties, while ECF No. 418-2 is a schedule to that agreement. A portion of Defendants' Supplement discusses and reveals elements of the merger agreement. Specifically, SRSA seeks restriction over the portion of Defendants' Supplement from ECF page 3, after the words "before SRSA filed this action" to ECF page 4, preceding the words "Second, SRSA's belated",[1] and the entirety of ECF Nos. 418-1 and 418-2. The merger agreement and its schedule (ECF Nos. 418-1 and 418-2) Defendants attached to their Supplement is a 98-page document containing highly sensitive, internal information regarding SRSA and third-parties, including their financials, assets, liabilities, business strategies, operations, and structure, as well as confidential terms of the

---

[1] As stated below in Section C, SRSA will file publicly available versions with the identified portions redacted if ordered to do so.

agreement itself.  Defendants' Supplement (ECF No. 418) incorporates and discusses portions of that document.

Second, SRSA seeks restriction over a portion of ECF No. 418-5.  This document contains excerpts from a text exchange between two SRSA executives.  This text string discusses and discloses sensitive, non-public internal operational, business strategy, and employee compensation information, most of which is completely irrelevant to this litigation.  Specifically, SRSA seeks restriction over the portion from the very beginning of ECF Page 2 to ECF Page 7, preceding the words "On another front", and from ECF Page 7, after the words "same bad job for PNC" to the end of the document.[2]

The information related to SRSA and third party internal operations, business strategies, structure, finances, assets, and merger terms—for which SRSA seeks restriction—is confidential, sensitive, and worthy of restriction under federal and Colorado law.  Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'"  *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted).  Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see SOLIDFX, LLC*, 2012 U.S. Dist. LEXIS 101075, 2012 WL 2917116, at *2 ("Privacy and preservation of trade secrets are among the interests which

---

[2] Again, as stated below in Section C, SRSA will file publicly available versions with the identified portions redacted if ordered to do so.

4

have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3. Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information … or other information relating to any business or profession which is secret and of value." Section 7-74-102(4), C.R.S.; *SBM Site Servs.,* 2011 WL 1375117, at *3.

      This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure. For example, in *Dish Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014). The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information." *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc*., No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 James Wm. Moore et al., Moore's Federal Practice - Civil § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial economic harm' to the competitive position of the entity from whom it is obtained.")). The Court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business. *Dish Network*, 2014 WL 1628132, at *4; s*ee*

*also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

Finally, and in the context of whether confidential financial information should even subject to discovery at all, Colorado has recognized a cognizant, protectable interest over confidential financial information, which has been acknowledged and adopted by the federal courts.  *See, e.g.*, *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 555 (D. Colo. 2009) (applying Colorado test as a matter of comity for discoverability of financial information); *Bennett v. SSC Palisade Operating Co., LLC*, No. 14-CV-00923-WJM-KLM, 2014 U.S. Dist. LEXIS 105349, 2014 WL 3809768, at *1 (D. Colo. Aug. 1, 2014).

### C. There Is No Otherwise Practicable Alternative To Restriction That Will Ensure SRSA Does Not Suffer These Injuries

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.  SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure.  In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request.  *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored.  Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the

circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-03313-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that ECF Nos. 418, 418-1, 418-2 and 418-5 be maintained under Level 1 restriction, as described herein.

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On June 9 and 10, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

                                            Respectfully submitted,

Dated: June 10, 2021                By: s/ Matthew C. Miller
                                                SHERIDAN ROSS P.C.
                                                Scott R. Bialecki
                                                    *sbialecki@sheridanross.com*
                                                Matthew C. Miller
                                                    *mmiller@sheridanross.com*
                                                1560 Broadway, Suite 1200
                                                Denver, Colorado 80202
                                                Telephone: 303-863-9700
                                                Facsimile: 303-863-0223
                                                Email:    *litigation@sheridanross.com*

                                                Warren A. Braunig
                                                   *wbraunig@keker.com*
                                                Michelle S. Ybarra
                                                   *mybarra@keker.com*

7

        Benjamin D. Rothstein
          *brothstein@keker.com*
        Katie Lynn Joyce
          *kjoyce@keker.com*
        Victor H. Yu
          *vyu@keker.com*
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415-391-5400
        Facsimile: 415-397-7188

        ATTORNEYS FOR PLAINTIFFS
        SRS ACQUIOM INC. AND SHAREHOLDER
        REPRESENTATIVE SERVICES LLC

## **Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).