**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

       Plaintiffs,

      v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

       Defendants.

---

**UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENT REGARDING KIVU SUBPOENA DISPUTE AND EHIBITS A-C
THERETO (ECF NO. 424)**

---

1701561

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in SRSA's June 3, 2021 Response to Defendants' Supplement Regarding the KIVU Subpoena Dispute (ECF 424) and Exhibits A-C (ECF 424-1 to 424-3) thereto.

## I.      ARGUMENT

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A.      Description of Documents and Restriction Level Sought

SRSA seeks Level 1 restrictions for the below documents:

| Document | Portions SRSA Seeks Level 1 Restriction |
|---|---|
| ECF 424 (SRSA Response Brief) | • Page 1, clause in between the words "draft complaint" and "Exs. A, B" <br> • Page 2, all words in between "post-dates the" and "and sheds no light" |

1

|  | • Page 3, all words in between "litigation at the time" and "*See Collardey*" <br> • Page 3, the first sentence of the first full paragraph. <br> • Page 3, the sentence in between the words "litigation is certain.')" and "And Kelly herself" <br> • Page 5, all words in between "the fact that SRSA" and "at direction of counsel" |
|---|---|
| ECF 424-1 (Ex. A) | • 208:19-211:1 |
| ECF 424-2 (Ex. B) | • 11:15-25, 161:11-17, 162:6-22 |
| ECF 424-3 (Ex. C) | • 53:2-25, 54:1-56:25 |

Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019). Here, SRSA seeks to restrict several categories of sensitive business information:

*First*, the above portions of Exhibit C and the associated sections of SRSA's response brief reveal non-public, confidential SRSA and third-party information regarding due diligence performed in connection with a third-party investment into SRSA. These documents reveal specific discussions between SRSA executives and its investment firm in connection with the transaction, and their public disclosure would reveal confidential information about SRSA's business and its operations. Such information should be restricted from public view. *See Sumotext Corp. v. Zoove, Inc.*, 2020 WL 836737, at *2 (N.D. Cal. Feb. 20, 2020) (granting

motion to seal due diligence information and noting that "[d]ue diligence reports are commonly prepared by companies considering an acquisition and thus typically involve detailed confidential data about the target business.").

*Second*, the above portions of Exhibit A, lines 161:11 to 161:17 of Exhibit B, and the associated sections of SRSA's response brief reference confidential information regarding sensitive, non-public information related to an internal investigation SRSA performed through a third-party vendor that is subject to work product protection.  The issue of whether the contents of that investigation is protected by the work product doctrine has been briefed to the Special Master and is awaiting his ruling. *See* ECF No. 360 at 1. Until then, the materials should be granted restriction so that the protection is not destroyed—at least in part—before the Special Master addresses the issue. *See, e.g., Richard Best Transfer, Inc. v. Gaab*, 2019 WL 1469193, at *6 (E.D. Cal. Apr. 3, 2019) ("[O]nce privileged matter has been disclosed there is no way to undo the harm which consists in the very disclosure." (citations omitted)).

*Third*, lines 11:15 to 11:25 of Exhibit B reveal confidential information about SRSA co-founder's home addresses.  Personal information, including home addresses, is routinely sealed to "protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (collecting cases and granting motion to seal home addresses).

*Fourth*, lines 162:6 to 162:22 of Exhibit B reveal confidential information about SRSA security procedures and its internal reporting structure.  SRSA's internal security procedures are sensitive, non-public information, and their reveal may permit a third party to circumvent SRSA security measures used to protect its corporate information. Further, non-public information about internal corporate procedures is routinely shielded from public disclosure. *See, e.g., In re*

3

*High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal with respect to defendant's "policies[] and procedures" because "the disclosure of this information could cause [d]efendants competitive harm").

### B.     There is no practicable alternative to restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. To avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).  Recognizing the public value of access this Court's records, should the Court order it, SRSA is willing to file public redacted versions of the restricted documents where possible to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

### Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On June 16, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict.  However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so.  The Parties agree

that Defendants' non-opposition to this Motion shall not be used as an admission against

Defendants or for any other purpose.

Respectfully submitted,

Dated: June 17, 2021

By:  s/  *Victor H. Yu*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:       415-391-5400
Facsimile:       415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:       303 863 9700
Facsimile:       303 863 0223
Email:     *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

5

1701561