

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Benjamin D. Rothstein**
(415) 773-6666
brothstein@keker.com

July 12, 2021

**VIA ECF**

David M. Tenner
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
tenner@ridleylaw.com

Re:   *SRS Acquiom Inc., et al. v. PNC Financial Services Group, Inc., et al.*
      Case No. 1:19-cv-02005-DDD-SKC

Dear Mr. Tenner:

Although SRSA is not directly involved in the dispute between Lovell Minnick Partners (a third party) and Defendants, which you will be hearing tomorrow, I write on behalf of SRSA to correct the record on two discrete points.

***First***, Defendants' far-fetched analogy to the redactions at issue in SRSA's motion for sanctions should be rejected. *See* ECF No. 461 at 7–8. As SRSA argued in its motion for sanctions, Defendants' hidden and admittedly improper *deletion* (not redaction) of case-critical information in one of the most important documents in the case, followed by stonewalling and delay when SRSA sought correction of the issue, is sanctionable. *See* ECF Nos. 145, 183. In contrast, Lovell Minnick Partners' minimal redactions to tangential third-party documents were applied properly and are apparent on the face of the documents.

***Second***, Defendants have repeatedly redacted forward-looking business plans in their own document productions. *See, e.g.*, Ex. A (attaching Lyons Depo. Ex. 15) at 51304, Ex. B (Lyons Depo. Ex. 18) at 53118–19, 53128–29. They cannot have it both ways: insisting that a third party produce fully unredacted materials that are sensitive and irrelevant, while getting to make redactions to their own documents on the basis of relevance, responsiveness, and sensitivity.

Very truly yours,

KEKER, VAN NEST & PETERS LLP

*/s/ Benjamin D. Rothstein*

BDR:msc

1715611