IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## SPECIAL MASTER'S ORDER RE: SUBPOENA OBJECTIONS RAISED BY THIRD-PARTY LOVELL MINNICK PARTNERS LLC

Defendants served a Subpoena to Produce Documents on third-party Lovell Minnick Partners LLC ("LMP"), Plaintiff SRSA's private equity buyer. [Dkt. 461-1] LMP timely raised objections to the subpoena. [Dkt. 461-7] LMP subsequently redacted certain information provided in response to the subpoena. This dispute concerns the propriety of those redactions which LMP describes as redactions of 1) confidential and trade secret information, and 2) irrelevant information regarding LMP portfolio companies other than SRSA. [Dkt. 461 at p. 9] The redactions were provided to the Special Master and filed with the Joint Status Report as Exhibits 2, 3, 4 and 5. [Dkt. 461-2 through 5] At the request of the Special Master, unredacted versions of the documents were provided for *in camera* review on July 13, 2021.

The matter was set for hearing, via Zoom meeting, before the Special Master on

1

July 13, 2021. Defendants and LMP filed their Joint Status Report concerning the dispute on July 9, 2021. [Dkt. 461] Plaintiffs responded to the Joint Status Report by letter to the Special Master on July 12, 2021. [Dkt. 466] At the July 13, 2021 hearing, Mr. Rothstein appeared on behalf of the Plaintiffs. Mr. Johnson appeared on behalf of the Defendants. Mr. Painter appeared on behalf of LMP. The hearing was recorded by a court reporter, who will prepare a transcript.

Pursuant to the Parties' Joint Status Report, the arguments of counsel at the hearing, and the Court's *in camera* review of the redactions, and being otherwise fully advised, the Court finds and orders as follows:

## Procedural Analysis

Because LMP raised timely objections, the burden is on Defendants to file a motion to compel pursuant to F.R.Civ.P. 45(d)(2)(B)(i), so I will address that motion at the outset. Here, the responsive documents were provided by LMP, albeit in a redacted manner, so the Court does not view the current objections as an objection to production of the documents, but instead as an objection to providing certain information contained in those documents. F.R.Civ.P. 37(a)(3)(B)(iv) provides that a motion to compel is proper if a party fails to produce documents. Here, the documents were produced, but with the redactions at issue. As a result, Defendants' Motion to Compel is GRANTED IN PART AND DENIED IN PART since the subpoenaed documents were provided by LMP.

Ultimately, the issue of LMP's redactions is properly addressed as a motion for protective order pursuant to F.R.Civ.P. 26(c). ("A party or **any person from whom discovery is sought** may move for a protective order . . ."). (emphasis added) See F.R.Civ.P. 37(a)(5)(C) (if motion to compel is granted in part and denied in part, court may

issue protective order authorized by Rule 26(c)).  Rule 26(c) allows a court, for good cause shown, to issue an order protecting a person from annoyance, oppression, or undue burden, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" and "requiring that a trade secret or other confidential information not be revealed or be revealed only in a specified way." F.R.Civ.P. 26(c)(1)(D) and (G).  This is precisely the relief requested by LMP.

<u>Redaction Analysis</u>

Exhibits 2, 3 and 4 are slides prepared in 2018 that show information from SRSA, presumably collected during LMP's due diligence process, along with LMP's evaluation of that information.  LMP argues that production of this information will reveal how LMP evaluates its potential investments and will therefore provide insight into the way it does business.  However, the unredacted versions of these exhibits already show the categories of information considered.  Only the details have been withheld.  In addition, these documents were prepared in 2018 and, given the passage of time, would only be of limited value in determining the inner thinking of LMP's investment evaluation process today.

In the Joint Status Report, LMP objects to providing information regarding LMP portfolio companies other than SRSA.  However, at the hearing LMP's counsel did not refer to any such information contained in the documents and the Court's *in camera* review did not reveal any such information.  All of the documents at issue concern only SRSA's business.

LMP argues that the redacted information is irrelevant.  However, financial and business information SRSA provided about itself is relevant to host of issues in this case,

including the value of its business and its relationships with its customers.

Finally, LMP argues that the "Highly Confidential – Attorneys' Eyes Only" protection provided in the Protective Order in this case [Dkt. 40, ¶¶ 2.7 and 7.3] is "in actual practice" insufficient to protect its interests. I disagree. In this case, there has been an enormous amount of "HC-AEO" information produced and an equally enormous number of restricted filings, without a hint of a problem concerning keeping HC-AEO information confidential. To the extent I order information unredacted, I am confident that the current Protective Order adequately protects the confidentiality concerns of LMP.

After examining the redactions *in camera* and having considered the proportionality factors set forth in F.R.Civ.P. 26 (b)(1), I conclude that information about SRSA's business provided by SRSA to LMP is relevant, proportional to the needs of the case and is adequately protected by the Protective Order. However, LMP's evaluation of that information and forecasts regarding that information is irrelevant, or has such limited relevance that production of that information would be disproportionate to the needs of the case.

Applying the foregoing to the documents reviewed *in camera*, I find:

<u>Exhibit 2 (SRS Acquiom Transaction Overview – September 2018)</u>

The redactions on pages LMP2126, 2128, and 2122 shall remain redacted. The remaining redactions shall be removed and produced to Defendants.

<u>Exhibit 3 (SRS Acquiom Transaction Overview – July 2018)</u>

The redactions on pages LMP2034, 2036, and 2057 shall remain redacted. The remaining redactions shall be removed and produced to Defendants.

4

<u>Exhibit 4 (Project Seldom Investment Report – as of September 30, 2018)</u>

The redactions on pages LMP1769, 1772, 1774, 1775, and 1814 shall remain redacted. The remaining redactions shall be removed and produced to Defendants.

<u>Exhibit 5 (SRS Acquiom Investor Presentation – December 2018)</u>

This document, copyrighted by SRS Acquiom, Inc., is exclusively information about SRSA's business provided by SRSA. All redactions should be removed and produced to Defendants.

All documents ordered produced by this Order shall be produced to Defendants on or before July 19, 2021.

In the Joint Status Report, Defendants seek an order requiring LMP to produce unredacted all documents related to SRSA. [Dkt. 461 at p. 4] Based on the foregoing, such an order would be overly broad and improper absent a review of content of the information that has been redacted. This Order is limited to the documents produced to the Court for inspection (Exhibits 2, 3, 4 and 5). The Court hopes that the analysis provided in this Order will assist counsel in determining what redactions in other documents are proper and what redactions are improper.

Unless directed otherwise, the Special Master will destroy his copy of the unredacted exhibits on July 19, 2021. Counsel for LMP is directed to retain a copy of the unredacted exhibits in the event they are needed for the record of this case.

Dated: July 13, 2021

BY THE COURT

*/s/ David M. Tenner*

David M. Tenner, Special Master

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: SUBPOENA OBJECTIONS RAISED BY THIRD-PARTY LOVELL MINNICK PARTNERS LLC** was electronically filed with the Clerk of the Court using the CM/ECF system on this 13th day of July, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.co
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Matthew C. Miller  mmiller@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361

Facsimile: 314-863-2111

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
Elizabeth P. Weissert  weisserte@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS


Brett C. Painter Brett.Painter@dgslaw.com
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
*Attorneys for Third-Party*
Lovell Minnick Partners


                *s/ Heather Grant*
                Heather Grant