# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02005-DDD-SKC

SRS ACQUIOM, INC., a Delaware corporation and
SHAREHOLDER REPRESENTATIVE SERVICES, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**DEFENDANTS' SECOND AMENDED INITIAL DISCLOSURES**

---

Pursuant to Rule 26(a)(1)(A) and 26(e) of the Federal Rules of Civil Procedure, Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (together, "PNC"), Heather Kelly and Alex Tsarnas (collectively with PNC, "Defendants") make the following second amended initial disclosures. For the sake of clarity, the information below is designed to supplement Defendants' Initial Disclosures issued on August 9, 2019, and to supplement Defendants' Amended Initial Disclosures issued on May 20, 2020. Defendants prior disclosures pursuant to Rule 26(a)(1)(A) are incorporated herein by this reference.

**A.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Pursuant to Rule 26(a)(1)(A)(i), Defendants believe the following individuals are likely to have discoverable information it may use to support its defenses:

    1.    Richard Fink, PNC Managing Director, M&A (to be contacted solely through undersigned counsel). Mr. Fink is likely to have discoverable information regarding: (1) the

1

allegedly trade secret and/or confidential aspects of Clearinghouse, Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard that are well-known in the M&A Payments and Escrow Services industry or otherwise readily ascertainable; (2) Ms. Kelly's knowledge of the M&A Payments and Escrow Services industry that preceded her employment with SRSA; (3) the development of PNC Paid; (4) Mr. Tsarnas and Ms. Kelly's involvement, if any, in the development of PNC Paid; (5) PNC's past and current clients for M&A Payments and Escrow Services, including how those clients came to be clients of PNC; and (6) PNC's processes for escrow services and income derived from M&A Payments and Escrow Services.

    2.    Heather Kelly, PNC Relationship Manager (to be contacted solely through undersigned counsel). Ms. Kelly is likely to have discoverable information regarding: (1) her knowledge of the M&A Payments and Escrow Services industry that preceded her employment with SRS; (2) payment products offered by SRS and PNC's competitors in the M&A Payments and Escrow Services industry; (3) the circumstances surrounding Ms. Kelly's decision to resign from SRS; (4) her compliance with any obligations owed to SRS during her employment with PNC; (5) her lack of knowledge of, or access to, certain aspects of Clearinghouse, Compensation, Pre-Closing Solicitation, and Deal Dashboard that SRS asserts are trade secrets and/or confidential; (6) the development of PNC Paid; (7) Mr. Tsarnas and her involvement, if any, in the development of PNC Paid; (8) the allegedly trade secret and/or confidential aspects of Clearinghouse, Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard that are generally known in the M&A Payments and Escrow Services industry or otherwise readily ascertainable; (9) the measures that SRS took to protect its allegedly confidential and trade secret information; (10) the lack of independent economic value of Plaintiffs' alleged trade secrets; (11) information relating to Mr. Tsarnas and Ms. Kelly's hiring by PNC; (12) PNC's past and current

2

clients for M&A Payments and Escrow Services, including how those clients came to be clients of PNC; and (13) PNC's processes for escrow services and income derived from M&A Payments and Escrow Services.

3. Thomas Lang, PNC's Chief Operating Officer, Treasury Management (to be contacted solely through undersigned counsel). Mr. Lang is likely to have discoverable information regarding: (1) the circumstances surrounding the hiring of Mr. Tsarnas and Ms. Kelly; (2) the development of PNC Paid; (3) the pricing strategy for PNC PAID services; (4) Mr. Tsarnas and Ms. Kelly's involvement, if any, in the development of PNC Paid; (5) PNC's past and current clients for M&A Payments and Escrow Services, including how certain of those clients came to be clients of PNC; (6) PNC's processes for escrow services and income derived from M&A Payments and Escrow Services; and (7) PNC's profits and losses, including variable expenses incurred, for the PNC PAID business.

4. Adam Lezack, Managing Director, M&A, PNC (to be contacted solely through undersigned counsel). Mr. Lezack is likely to have discoverable information regarding: (1) the development of PNC Paid; (2) Mr. Tsarnas and Ms. Kelly's involvement in the development of PNC Paid; (3) the allegedly trade secret and/or confidential aspects of Clearinghouse, Compensation Payments, Pre-Closing Solicitation, and Deal Dashboard that are generally known in the M&A Payments and Escrow Services industry or otherwise readily ascertainable; (4) PNC's past and current clients for M&A Payments and Escrow Services, including how those clients came to be clients of PNC; and (5) PNC's processes for escrow services and income derived from M&A Payments and Escrow Services.

5. Jim Baughman, Escrow Product Specialist at PNC (to be contacted through undersigned counsel). Mr. Baughman is likely to have discoverable information about PNC's

3

pre-PNC PAID escrow business through its Asset Management Group, including information regarding the circumstances of the escrow transactions conducted by the Asset Management Group such as the Red Hat – Y.G. NooBaa Ltd. transaction and the Parsons Governmental Services – OGS Holdings transaction.

6. Paul Del Presto, Analytics Manager, Treasury Management at PNC (to be contacted through undersigned counsel). Mr. Del Presto is likely to have discoverable information regarding PNC's revenues and expenses in connection with its escrow services.

7. Joe Knittel, Finance Manager, Treasury Management at PNC (to be contacted through undersigned counsel). Mr. Knittel is likely to have discoverable information regarding PNC's profits and losses for the PNC PAID business.

8. Alex Kingsley, Associate General Counsel, Capital G. It is Defendants' understanding that Plaintiffs' counsel are in regular contact with Mr. Kingsley and have his contact information. Mr. Kingsley has knowledge and information related to this case in accordance with the contents of his Declaration in this case dated December 12, 2019.

9. Dennis Miller, Director (Legal) Acquisitions and Investments at Blackberry Limited. It is Defendants' understanding that Plaintiffs' counsel are in contact with Mr. Miller's counsel and have his counsel's contact information. Mr. Miller has knowledge and information related to this case in accordance with the contents of his Declaration in this case dated December 12, 2019.

**RESERVATIONS AND CERTIFICATION**

Pursuant to Rule 26(e), Defendants reserve the right and recognizes its duty to supplement these disclosures as necessary and required. Pursuant to Rule 26(g)(1), the

undersigned certifies to the best of his knowledge, information, and belief, formed after a reasonable inquiry, these disclosures are complete and accurate as of October 26, 2020

Dated: October 26, 2020

> By: */s/ Matthew E. Johnson*
> James F. Bennett
> Matthew E. Johnson
> **DOWD BENNETT LLP**
> 1775 Sherman Street, Suite 2010
> Denver, Colorado 80203
> Telephone: 303-353-4361
> Facsimile: 314-863-2111
> jbennett@dowdbennett.com
> mjohnson@dowdbennett.com
>
> Hara K. Jacobs
> Noah S. Robbins
> **BALLARD SPAHR LLP**
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103-7599
> Telephone: 215-668-8500
> Facsimile: 215-864-8999
> jacobsh@ballardspahr.com
> robbinsn@ballardspahr.com

5

## CERTIFICATE OF SERVICE

  I hereby certify that on this 26th day of October, 2020, a true and correct copy of the foregoing **DEFENDANTS' SECOND AMENDED INITIAL DISCLOSURES** were served by email to the below counsel for Plaintiffs:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs*

                */s/ Matthew E. Johnson*
                Matthew E. Johnson