IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**SPECIAL MASTER'S ORDER RE: PLAINTIFFS' REQUEST FOR ADDITIONAL TIME FOR RULE 30(B)(6) DEPOSITION OF DEFENDANTS**

---

Plaintiffs served their Second Amended Notice of Rule 30(b)(6) Deposition to Defendants on June 11, 2021. At the deposition, a dispute arose concerning whether questions posed to Defendant's representative were within Topic 12 of the Notice. The Parties filed their Joint Statement [Dkt. 475] and Amended Joint Statement [Dkt. 477] regarding the dispute on July 20, 2021. A hearing took place via Zoom meeting on July 21, 2021. Mr. Rothstein appeared on behalf of the Plaintiffs. Mr. Robbins appeared on behalf of the Defendants. The hearing was recorded by a court reporter, who will prepare a transcript.

Pursuant to the Parties' Joint Statements, the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

Defendants produced Adam Lezack to respond to Topic 12 of the 30(b)(6) notice which required Defendants to produce a witness to testify regarding:

> PNC's development and implementation of the following paying agent procedures described in SRSA's response to PNC's Interrogatory No. 15, including the contributions of Kelly and/or Tsarnas to their development:
> a.   Tracking, suspending, updating, an[d] initiating payments in a transaction;
> b.   Paying different classes of shareholders at different stages of a deal;
> c.   Distributing documents to and soliciting documents from shareholders; and
> d.   Importing payee information into PNC's database(s).

Defendants' paying agent procedures are incorporated into a product called PNC Paid. At the deposition, Defendants' counsel objected to questions concerning how PNC Paid when a series of payments or successive payments were required for a single deal and objected to questions concerning how different versions PNC Paid accomplished the different payment functions that are incorporated into the product. Defendants' counsel did not believe these topics were covered by Topic 12 because the were not within SRSA's response to Interrogatory 15 and/or because they did not fall within Topic 12's request for information about "paying agent procedures". It is undisputed that Mr. Lezack was not prepared to answer and did not answer questions about how PNC Paid dealt with successive payments or how the product accomplished aspects of the payment process because Defendants' counsel did not believe those questions were within the scope of Topic 12.

Therefore, I must determine if the unanswered line of questions were within the scope of Topic 12 or were not.

2

"Rule 30(b)(6) creates obligations on both sides: the side being deposed has an obligation to prepare one or more witnesses to testify, and the side taking the deposition has an obligation to "designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."" *Preitauer v. American Family Mutual Insurance Company, S.I.*, 1:20-cv-00845-RM-SKC, 2020 WL 7711325 (D. Colo. 2020), citing *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007).  Here, Topic 12 was extensively negotiated by counsel and is painstakingly specific.

Defendants argue that the term "successive payments" is not contained in either Topic 12 or SRSA's response to Interrogatory 15.  However, Topic 12 includes "initiating payments in a transaction" and "Paying different classes of shareholders **at different stages of the deal**". (emphasis added)  Moreover, SRSA's response to Interrogatory 15 makes reference to its procedures to "track the distribution of funds by each deal event" and to "organize and link each individual payment to a shareholder based on deal event".  It references SRSA's Deal Event Record ("DER"), which allows SRSA to "guide **each stage of a transaction**." (emphasis added)  It goes on to describe how Ms. Kelly directly replicated its payment system that could flag payments that would be "staggered over a period of years".  More precisely, the Interrogatory response describes how "SRSA has developed a payment method to accommodate paying different classes of shareholders at **different stages in a deal**". (emphasis added)

Although the response to the Interrogatory does not use the precise words "successive payments", that phrase is similarly not used in Topic 12, which broadly covers all payments procedures.  The concept of SRSA's procedures dealing with multiple

3

payments made over time (a.k.a. "successive payments") is mentioned throughout Plaintiff's response to the Interrogatory. Therefore, it was squarely within Topic 12 and Defendants should have had a witness prepared to talk about that subject.

Finally, Defendants argue that Topic 12 is directed only at "paying agent procedures" and that there is a distinction between "procedures" and the questions that were asked regarding how the procedures work within the system, which it describes as "architecture". Defendant argues, and I agree, that "procedures" refers to what the payment procedures do, while "architecture" refers to how the payment procedures do what they do.

However, "architecture" or how the payment procedures work is again squarely within the Topic. Topic 12 refers not only to payment procedures themselves but PNC's "development and **implementation**" of the procedures. (emphasis added) How the procedures are "implemented" is synonymous with how the procedures do what they do. Again, the concept of how PNC Paid was developed and how that development was implemented by its very terms covers how the product works, and is squarely within Topic 12. As such, Defendants should have had a witness prepared to talk about that subject.

### Remedy

Plaintiff seeks an additional 90 minutes to ask questions about Topic 12 and asks that the designated witness be the head of PNC's operations group, Jared Brunig. Given that the topic to be covered is very technical in nature, I was inclined to allow an additional 120 minutes. However, the 90 minutes requested by Plaintiff is more than reasonable for the amount of territory that needs to be covered.

I cannot, however, force Defendants to designate any particular person to be the

representative on this topic. Rule 30(b)(6) leaves that decision squarely to Defendants. However, to ensure that the designated representative is adequately prepared to discuss Topic 12, I order:

1. If the witness is somebody other than Mr. Brunig, that person must discuss the Topic with Mr. Brunig and obtain his knowledge regarding the Topic, and

2. Regardless of who is designated as the witness, that person must discuss the Topic with Ms. Kelly prior to the witness' testimony and obtain her knowledge concerning her "contributions . . . to the development and implementation" of PNC's paying agent procedures.

Dated: July 21, 2021

BY THE COURT

_David M. Tenner, Special Master_

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: PLAINTIFFS' REQUEST FOR ADDITIONAL TIME FOR RULE 30(B)(6) DEPOSITION OF DEFENDANTS** was electronically filed with the Clerk of the Court using the CM/ECF system on this 21st day of July, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.co
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Matthew C. Miller  mmiller@sheridanross.com
Brian S. Boerman  bboerman@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361

6

Facsimile: 314-863-2111

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
Elizabeth P. Weissert  weisserte@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS


Brett C. Painter Brett.Painter@dgslaw.com
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
*Attorneys for Third-Party*
Lovell Minnick Partners

                                                 *s/ Heather Grant*
                                               Heather Grant