# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF GREG REGAN, AND EXHIBITS THERETO
## (ECF NOS. 462, 462-2, 462-3, 462-4, 462-7, 462-9)

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Testimony of Greg Regan, and Exhibits 2, 3, 4, 7, and 9 thereto, filed on July 9, 2021 (ECF Nos. 462, 462-2, 462-3, 462-4, 462-7, 462-9), which were filed as Restricted Level 1. SRSA now moves to maintain the restricted nature of those filings.

### I.    ARGUMENT

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving

the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

A.  **Description Of Documents And Restriction Level Sought**

SRSA seeks to restrict certain portions of Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Testimony of Greg Regan (hereinafter "Regan *Daubert* Opposition"), and Exhibits 2, 3, 4, 7, and 9 thereto (ECF Nos. 462, 462-2, 462-3, 462-4, 462-7, 462-9).  SRSA identifies the content within those documents to be restricted, as well as the bases for restriction, within the body of this Motion below.  SRSA requests Level 1 restriction for all documents.

B.  **SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets."  18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the

2

secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict two categories of sensitive, non-public information found in the Regan *Daubert* Opposition and Exhibits: (1) specifics about SRSA's financials, assets, liabilities, and business and operations strategies, and (2) information regarding SRSA customers and customer strategies. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

### 1. Information Related to SRSA's Confidential Business Analyses, Operations and Strategies, and Financials, Assets, and Liabilities

SRSA seeks to restrict confidential, non-public, and sensitive information related to SRSA's business analyses, operations and strategies, and finances, assets, and liabilities. Within this category, SRSA seeks partial restriction of the Regan *Daubert* Opposition and Exhibit 2, and full restriction of Exhibit 9, which contain this type of sensitive, non-public information.

First, SRSA seeks partial restriction of the Regan *Daubert* Opposition (ECF No. 462) because it discloses non-public, sensitive information regarding shareholder payments under the non-public terms of the acquisition of SRSA by a third-party, specific dollar figures for certain

potential incremental liabilities, and SRSA's share of certain markets.  This content is located in ECF No. 462 at:

- ECF Page 2, all text between "inclusion of" and "in Regan's analysis";
- ECF Page 10, all text between "take into account SRSA's market share of" and "Finally, Defendants falsely state that";
- ECF Page 14, all text between "Any dispute over the inclusion of" and "in Regan's analysis is a";
- ECF Page 14, all text between "The dispute over whether" and "should be deducted as";
- ECF Page 15, all text between "Regan and Hall disagree is whether" and "should be considered variable costs that are deducted";
- ECF Page 15, footnote 8, entirety; and
- ECF Page 16, all text from the top of the page until "This is not the first time that Defendants' expert".

SRSA also seeks partial restriction of Exhibit 2, which is excerpts from the Transcript for the Deposition of Greg J. Regan (ECF No. 462-2) that contains sensitive, non-public business strategy, operations, and analyses, as well as financial, asset, and liabilities information.  This document includes information related to shareholder payments under the non-public terms of the acquisition of SRSA by a third-party, internally identified weaknesses and confidential strategies to address them, and SRSA's share of certain markets.  This content is located in ECF No. 462-2 at:

- ECF Page 7 at 104:3-7, 104:15-105:6;
- ECF Page 8 at 108:25, 109:4, 109:12, 109:18;
- ECF Page 9 at 110:12-19 and 113:5-25;
- ECF Page 11 at 169:17-25; and
- ECF Pages 12-13, entirety.

SRSA next seeks the complete restriction of Exhibit 9, which is excerpts from the Transcript for the Deposition of Deborah Lynn Wapensky (ECF No. 462-9).  The testimony

4

discusses information related to shareholder payments under the non-public terms of the acquisition of SRSA by a third-party, and confidential procedures and analyses undertaken for the acquisition.

The information related to SRSA business strategies and operations, and financials, assets, and liabilities—for which SRSA seeks restriction—is confidential, sensitive, and worthy of restriction under federal and Colorado law. Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted). Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC*, 2012 U.S. Dist. LEXIS 101075, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3. Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information … or other information relating to any business or profession which is secret and of value." Section 7-74-102(4), C.R.S.; *SBM Site Servs.,* 2011 WL 1375117, at *3.

This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure. For example, in *Dish

*Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014). The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information." *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 James Wm. Moore et al., Moore's Federal Practice - Civil § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial economic harm' to the competitive position of the entity from whom it is obtained.")). The Court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business. *Dish Network*, 2014 WL 1628132, at *4; s*ee also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

Additionally, and in the context of whether confidential financial information should even be subject to discovery at all, Colorado has recognized a cognizant, protectable interest over confidential financial information, which has been acknowledged and adopted by the federal courts. *See, e.g.*, *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 555 (D. Colo. 2009) (applying Colorado test as a matter of comity for discoverability of financial information); *Bennett v. SSC Palisade Operating Co., LLC*,

6

1717762

No. 14-CV-00923-WJM-KLM, 2014 U.S. Dist. LEXIS 105349, 2014 WL 3809768, at *1 (D. Colo. Aug. 1, 2014).

### 2. Confidential Non-Public Information Related to SRSA's Customers

SRSA seeks to restrict confidential, non-public, and sensitive information related to SRSA customers and customer strategies.  SRSA seeks partial or full restriction of the Regan *Daubert* Opposition and its Exhibits 2, 3, 4, and 7, which contain this type of sensitive, non-public information.  These documents identify numerous SRSA customers by name that are not publicly available, the specific services provided to those customers, amounts paid by or charged to those customers, and lost deals with particular companies.  This content is located in the Regan *Daubert* Opposition, ECF No. 462, for which SRSA seeks partial restriction, at:

- ECF Page 9, footnote 2, entirety;
- ECF Page 9, footnote 3, entirety; and
- ECF Page 12, all text between "with the exception of two" and "deals from 2018".

This content is further located throughout ECF Nos. 462-3 and 462-4, for which SRSA seeks full restriction.  ECF No. 462-4 is also a trade-secret customer list called "HK Contacts," which is a key disputed document in this case.

This content is further located in ECF No. 462-7, for which SRSA seeks partial restriction, at:

- ECF Page 3, all text between "*Fourth*, the" and "are not included in the data provided"; and
- ECF Page 3, all text between "services provided by AMG, such as" and "escrows, are not relevant to this litigation".

The information related to SRSA customers, customer strategies, and lost deals are worthy of restriction, as its public disclosure would directly harm SRSA.  *See Haggard v. Spine*,

2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see Johnstech Int'l Corp. v. JF Microtechnology SDN*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF 266 ¶¶ 1-22, 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

> **C.** **There Is No Otherwise Practicable Alternative To Restriction That Will Ensure SRSA Does Not Suffer These Injuries**

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored. Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the

restricted documents to narrowly tailor its request as much as practicable under the circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-03313-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that ECF Nos. 462, 462-2, 462-3, 462-4, 462-7, 462-9 be maintained under Level 1 restriction, as described herein.

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On July 22, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose. In addition, Defendants believe document Nos. 462, 462-2, 462-5, and 462-8 should remain under restriction from public viewing as they also contain information Defendants have designated as Confidential in the matter.

//
//
//
//
//
//

1717762

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 23, 2021 | By: s/ *Katie Lynn Joyce* |

        Warren A. Braunig
           *wbraunig@keker.com*
        Michelle S. Ybarra
           *mybarra@keker.com*
        Benjamin D. Rothstein
           *brothstein@keker.com*
        Katie Lynn Joyce
           *kjoyce@keker.com*
        Victor H. Yu
           *vyu@keker.com*
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415-391-5400
        Facsimile: 415-397-7188

        SHERIDAN ROSS P.C.
        Scott R. Bialecki
           *sbialecki@sheridanross.com*
        Matthew C. Miller
           *mmiller@sheridanross.com*
        1560 Broadway, Suite 1200
        Denver, Colorado 80202
        Telephone: 303-863-9700
        Facsimile: 303-863-0223
        Email:    *litigation@sheridanross.com*

        ATTORNEYS FOR PLAINTIFFS
        SRS ACQUIOM INC. AND SHAREHOLDER
        REPRESENTATIVE SERVICES LLC

### **Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

1717762