IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

**UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF ADAM WOODWORTH (ECF 463)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in SRSA's Opposition to Defendants' Motion to Exclude the Testimony of Adam Woodworth ("Woodworth Opposition") (ECF 463).

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public

access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A. Description of Document and Restriction Level Sought

SRSA seeks Level 1 restrictions for the below document:

| Document | Portions SRSA Seeks Level 1 Restriction |
|---|---|
| Woodworth Opposition (ECF 463) | Page 5, second full paragraph, the 2 words in between the words "the fact that SRSA took" and "of extensive research, design" |

### B. SRSA's interest in the protection of its confidential and trade-secret information outweighs the presumption of public access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict portions of the Woodworth Opposition that reveal the time it took SRSA to develop an initial, beta version of SRSA's online-payments product. If revealed,

this information would help SRSA competitors without an online-payments product determine the difficulty of developing their own online product to compete against SRSA. The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). The reveal of information about SRSA's non-public development process would cause SRSA competitive harm in the marketplace. *See* ECF 256-10 ¶¶7-14, 21-65

        C.       **There is no practicable alternative to restriction**

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and confidential internal business information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access this Court's records, should the Court order it, SRSA is willing to file public redacted versions of the restricted documents where possible to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On July 23, 2021 the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

1718871

Respectfully submitted,

Dated: July 23, 2021

By: s/ *Victor H. Yu*
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

1718871