**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**UNOPPOSED MOTION TO RESTRICT DEFENDANTS' OPPOSITION TO SRSA'S MOTION TO EXCLUDE EXPERT OPINIONS, REPORT, AND TESTIMONY OF RICHARD HARROCH (ECF 459)**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Defendants' Opposition to SRSA's Motion to Exclude the Expert Opinions, Report, and Testimony of Richard Harroch ("Harroch Opposition") (ECF 459) and exhibits thereto.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2)

1

1718879

address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A.     Description of Documents and Restriction Level Sought

SRSA seeks Level 1 restrictions for the below documents:

| Document | Portions SRSA Seeks Level 1 Restriction |
|---|---|
| Harroch Opposition (ECF 459) | - Page 10, the last sentence of the first full bullet-pointed paragraph beginning with "Ex. D at 42" and ending before "*see also* Ex. C"<br>- Page 10, the last parenthetical of the second full bullet-pointed paragraph beginning after "stating that, e.g.,"<br>- Page 11, footnote 6, the sentence in between "payments spreadsheet." and "*See* Ex. G." |
| Ex. A (Harroch Report) (ECF 459-1) | - ECF Page 9, from the words "paying agent services to" to the words "protecting information from";<br>- ECF Page 11, from the words "served as escrow agent for" to the words "These are two of the deals that";<br>- ECF Page 11, from the words "[it] is unlikely that" to the words "would have moved its business";<br>- ECF Page 11, from the words "Example Transaction –" to the words "47. As an example of"; |

2

| | |
|---|---|
| | - ECF Page 11, from the words "I understand that the" to the words "transaction came to PNC";<br><br>- ECF Page 11, from the words "have been chosen for the" to the words "deal, given its lack";<br><br>- ECF Page 13, from the words "using Google to search for" to the words "in house counsel transactions";<br><br>- ECF Page 13, from the words "the PitchBook profile for" to the words "Exhibit 6.";<br><br>- ECF Page 14, from the words "Buyers (such as" to the words "The date of the M&A event"; and<br><br>- The entirety of Exhibit 6 to the Harroch Report at ECF Pages 45 to 72. |
| Ex. B (Harroch's deposition transcript) (ECF 459-2) | The following lines:<br>- 29:15<br>- 30:9<br>- 49:10-49:24<br>- 150:10-151:16<br>- 152:2-152:25<br>- 148:1-150:3<br>- 199:10-199:10<br>- 214:16-214:16<br>- 215:20-215:23<br>- 217:10-217:11<br>- 218:3-218:8<br>- 222:23-223:1<br>- 223:15-223:15<br>- 223:24-223:25<br>- 224:5-224:6<br>- 224:20-224:20<br>- 225:6-225:8<br>- 225:18-225:18<br>- 226:22-229:18 |

3

|  | • 284:21-284:23 |
|---|---|
| Ex. C (Harroch Supplemental Report) (ECF 459-3) | • ECF Page 10, from the words "acquiring SRSA, including" to the words "6. From LMP0000964" on ECF Page 11;<br><br>• ECF Page 10, between the words "November 8, 2018" and "(SRSAvPKT00075525)";<br><br>• ECF Page 10, between the words "3Q19 Valuation" and "(LMP0000646)".<br><br>• ECF Page 11, between the words "5 above. (LMP0000970)" and "(LMP0000970) o Repeats some";<br><br>• ECF Page 11, between the words "item 7 below and:" and "(LMP0000976)";  ECF Page 11, from the words "its Acquisition of SRSA" to the end of page;<br><br>• ECF Page 12, from the words "to in my deposition):" to the end of page;<br><br>• ECF Page 13, between the words "(SRSAvPKT00054344):" and "Competitors listed were";<br><br>• ECF Page 13, from the words "lose an escrow deal:" to the end of page;<br><br>• ECF Page 14, between the words "Q ( BY MR BENNETT)" and "(P. 43)";<br><br>• ECF Page 14, between the words "Report—September 2018:" and "(LMP0001395)"; |
| Ex. D (ECF 459-4) | Entirety |

4

1718879

| Ex. E (ECF 459-5) | Entirety |
|---|---|
| Ex. G (ECF 459-7) | Entirety |

**B.     SRSA's interest in the protection of its confidential and trade-secret information outweighs the presumption of public access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict several categories of sensitive business information: (1) SRSA customer information; (2) SRSA confidential business plans and strategies; and (3) SRSA technical information. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

*First*, SRSA seeks to restrict the above-referenced portions of the Harroch Report and the Harroch's deposition transcript since they reference confidential information about the identities

5

1718879

of SRSA customers, their preferences, and SRSA's past deals with these customers. These documents also reveal the identities of customers Defendants have poached from SRSA using SRSA trade-secret information. Such information is worthy of restriction, as its public disclosure would directly harm SRSA. Information about a customer's "specialties, business preferences, and contact people" is a trade secret. *See Haggard v. Spine*, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009); *Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see also Johnstech Int'l Corp. v. JF Microtechnology SDN*, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF 266 ¶¶ 1-22, 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

*Second*, SRSA seeks to restrict portions of page 10 of the Harroch Opposition, the above-referenced portions of the Harroch Supplemental Report, and the entirety of exhibit D (ECF 459-4) as these documents reveal confidential SRSA business information. The Harroch Opposition and the Harroch Supplemental Report quote from numerous non-public internal documents revealing key strategic factors associated with the acquisition of SRSA by an investor, the contents of internal SRSA strategic planning meetings, and/or discussions of SRSA's product strategy. Ex. D references highly-confidential, nonpublic strategic information about SRSA's position in payments-and-escrow businesses and its analysis of its major competitors in the

industry. The reveal of this information would cause significant competitive harm to SRSA; among other things, it would risk allowing competitors to co-opt or undermine strategic opportunities SRSA identified in this document. Confidential information about a company's strategic planning is routinely restricted from public view. *See Network, L.L.C. v. WNET*, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014) ("Internal business strategies and commercially sensitive subject matter" meets "the generally-accepted definitions of confidential commercial information."); *Rodman v. Safeway Inc.*, Case No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy, business decisionmaking, and financial records"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers").

***Third***, SRSA seeks to restrict Page 11, footnote 6 of the Harroch Opposition and the entirety of Ex. G (ECF 459-7) because these documents reveal confidential SRSA technical information regarding SRSA's trade-secret payments spreadsheet. The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). And here, such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF 256-10 ¶¶7-14, 21-65; ECF 262 at 7-10, 19-26. As attested to by SRSA's former Executive Director and Head of Operations, a competitor armed with such

information would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace. *See* ECF 256-10 ¶¶7-14, 21-65.

*Fourth*, SRSA seeks to restrict the entirety of Ex. E (ECF 459-5) as it attaches SRSA's July 31, 2019 Initial Trade Secret Disclosure (TSID). SRSA's TSID describes in detail several key SRSA technical and commercial trade secrets that SRSA has developed over the year, including portions of SRSA's proprietary payment methods and SRSA's payments spreadsheet. A competitor armed with such information would gain significant competitive information, and cause SRSA competitive harm in the marketplace. *See* ECF 256-10 ¶¶7-14, 21-65. Such highly confidential technical and commercial information must be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Haggard*, 2009 WL 1655030, at *9.

      **C.**      **There is no practicable alternative to restriction**

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and confidential internal business information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access this Court's records, should the Court order it, SRSA is willing to file public redacted versions of the restricted documents where possible to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration*

8

1718879

*Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

### Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On July 23, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 23, 2021 | By:   s/  *Victor H. Yu*<br>Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com*<br><br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415-391-5400<br>Facsimile:    415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:    303 863 9700<br>Facsimile:    303 863 0223<br>Email:    *litigation@sheridanross.com*<br><br>Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND<br>SHAREHOLDER REPRESENTATIVE<br>SERVICES LLC |

1718879