# EXHIBIT 66

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF COLORADO
 3                    _____
 4
        SRS ACQUIOM, INC., a          )
 5      Delaware corporation, and     )
        SHAREHOLDER REPRESENTATIVE    )
 6      SERVICES LLC, a Colorado      )
        limited liability company,    )Case No.
 7                                    )19-cv-02005-DDD-SKC
                   Plaintiffs,        )
 8                                    )
              vs.                     )
 9                                    )
        PNC FINANCIAL SERVICES        )
10      GROUP, INC., a                )
        Pennsylvania corporation,     )
11      PNC BANK, N.A., a national    )
        association, HEATHER          )
12      KELLY, an individual, and     )
        ALEX TSARNAS, an              )
13      individual,                   )
                                      )
14                 Defendants.        )
15
16
17
18           REMOTE VIDEOTAPED STATUS CONFERENCE
19                Wednesday, April 28, 2021
20                     Denver, Colorado
21
22
23
24
25    Reported by:  B. Suzanne Hull, CSR No. 13495


                                                    Page 1
```

**Page 102**

1 so the Court held that the defendant misappropriated
2 the skill and the labor of the plaintiff.
3   That is similar to the type of claim that we
4 are advancing here where the defendants -- apart --
5 separate from using our trade secrets confidential
6 information, also copy -- also passed off the
7 products as ours when they decided to use the same or
8 very similar names to -- to their products, created
9 an entire suite of products very similar to ours, and
10 also even used our documents to advertise the
11 products, such as our proprietary LLT form.
12   Now, what the dispute is -- the defendants
13 are asserting that to advance an unfair competition
14 claim we have to show a secondary meaning. And it is
15 true that some types of unfair competition claim --
16 if you are a Colorado plaintiff and your unfair
17 competition is based off of use of trade names, then
18 you have to show -- then you have to show secondary
19 meaning.
20   But we are not asserting unfair competition
21 based on the use of trade names. We are not
22 asserting that -- for example, that is not the
23 prem- -- that is not the premise of our -- of our
24 unfair -- unfair competition claim; so therefore, it
25 is not a requirement in our view for us to produce --

**Page 103**

1 because we are not asserting that as -- as -- as the
2 form of our unfair competition claim, we are not
3 required to show a secondary meaning. And that --
4 that is the --
5   SPECIAL MASTER TENNER: Just so I'm clear;
6 so part of your unfair competition claim is not that
7 they have related to the raises preclosing
8 solicitation compensation payments in the deal form?
9   MR. YU: Your Honor, our argument is that
10 the use of those terms in conjunction with all of the
11 other elements, all of the other facts that we
12 alleged -- the fact that they used our proprietary
13 LLT form, for example -- is it forms the basis of our
14 unfair competition claim. Our argument --
15   SPECIAL MASTER TENNER: So the use of
16 training -- so the use of training is a part but not
17 the entirety of your unfair computation claim.
18   Fair or not fair?
19   MR. YU: I think that -- I think that is
20 fair, and I think -- but I think the locus of the
21 argument is this; right?
22   Unfair competition is not the same as
23 Lanham Act trade- -- federal trademark claims. If
24 you look at the cases, the only time in which the
25 plaintiff has been -- has -- in which the plaintiff

**Page 104**

1 is required to assert secondary meaning, it has only
2 been -- the courts have only required it in the
3 context where the entirety of your claim is based on
4 use or misappropriation of a defendants' trade names.
5 That's -- and I think the -- the example we cite is
6 the HealthONE case where the Court recog- -- the
7 District of Colorado recognized a general unfair
8 competition test -- test and separate test for claims
9 involving misuse of trade names. And in that case --
10 in the HealthONE case, the plaintiff specifically
11 alleged that the use of the mark -- the United
12 HealthONE mark was caused and likely to have caused
13 consumers to believe some sort of confusion between
14 plaintiffs' and defendants' products.
15   That is not -- that is not the locus of our
16 claim. And the moment that -- and the reason why
17 I am emphasizing that is that courts, in interpreting
18 that fair competition law, stressed that you
19 shouldn't apply kind of rigid -- rigid kind of
20 pleading requirements or elements requirements to --
21 to this test. That is -- to do so is kind of to skew
22 the purpose of the unfair competition test, which is
23 to -- you know, to generally regulate conduct that is
24 used to create exception between plaintiff and
25 defense marks.

**Page 105**

1   We even cite a case, the American Television
2 case, which had nothing to do with trade names;
3 right?
4   That was a case in which the defendant was
5 syphoning off the plaintiffs' HBO signal, which that
6 constituted a claim of unfair computation.
7   If you look at the Powell Products case, the
8 Court specifically has recognized that Colorado
9 courts typically have held that what constitutes
10 unfair competition is a question of fact, and there
11 is no -- no inflexible rules govern the applicability
12 of the doctrine. That is Powell Products, 948 F.Supp
13 at 1475; so that case -- the moment we are not basing
14 our claim entirely on trade names, we are not -- we
15 are outside the box in which we have to show
16 secondary meaning.
17   And, you know, I think -- so that is kind of
18 the scope of the legal dispute. What I would say on
19 top -- in general, on top of that is, you know, you
20 are right that we believe that this request is
21 incredibly overbroad. There is no reason to us why
22 we should have to produce documents outside of
23 documents showing confusion between PNC and SRSA.
24   But I think what I would also say is, look.
25 Those documents that we have produced -- that we have