# EXHIBIT 75

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation; and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation;
PNC BANK, N.A., a national association;
HEATHER KELLY, an individual; and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES UNDER
FEDERAL R. CIV. P. 26(A)(1)**

1664436

Under Federal Rule of Civil Procedure 26(a)(1), Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively "SRSA") make the following amended initial disclosures. SRSA makes these disclosures based on information that is reasonably available to it at this time, following a good faith inquiry in accordance with Federal Rule of Civil Procedure 26(a)(1). However, because discovery and further investigation and analysis may yield additional information, SRSA reserves the right to amend and/or supplement these disclosures as further information becomes available.

These disclosures are made without waiver of, and without prejudice to, any objections SRSA may have regarding the subject matter of these disclosures or any documents or individuals identified herein. SRSA expressly reserves all objections, including but not limited to relevance, attorney-client privilege, work-product protection, any other applicable privilege or protection against discovery under federal or state law, undue burden, materiality, overbreadth, proportionality, and admissibility. In providing these initial disclosures, SRSA does not waive any objections, defenses, or applicable privileges or immunities. SRSA will supplement these disclosures to the extent required by the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Practice Standards.

I.     **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

SRSA identifies the following individuals that it presently has reason to believe are likely to have discoverable information. To the extent that SRSA intends to rely on expert witnesses, those individuals will be identified at a later date in accordance with Rule 26(a)(2) and any schedule set by the Court.

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Paul Koenig | Contact through SRSA's counsel | SRSA's origin and history; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; |

1664436

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | SRSA's product development process; SRSA's revenues, profits, and costs; Kelly and Tsarnas's knowledge of trade secret and confidential information; Tsarnas' termination from SRSA; Kelly's resignation from SRSA and failure to return equipment; competition in the M&A payments-and-escrow industry; SRSA's loss of business to Defendants; irreparable harm and injury to SRSA due to Defendants' conduct |
| Michael Perry | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |
| Austen Lovelace | Former employee; contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |
| Glen Colthup | Former employee; contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |
| Sue Milberger | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |
| Mindy Yates | Contact through | Research and development of SRSA's products; |

3

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | SRSA's counsel | the function, structure and operation of SRSA's products; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |
| Glenn Kramer | Former employee; contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; communications with Tsarnas after his termination from SRSA |
| Mark Vogel | Contact through SRSA's counsel | SRSA's origin and history; SRSA's trade secrets and efforts to maintain their secrecy; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information; Kelly's resignation from SRSA and failure to return equipment; irreparable harm and injury from Defendants' conduct |
| Eric Martin | Contact through SRSA's counsel | The value of SRSA's trade secrets, products and solutions; Defendants' solicitation of prospective or existing SRSA clients in the payments-and-escrow space; SRSA's loss of business to Defendants; irreparable harm and injury from Defendants' conduct; competition in the M&A payments-and-escrow industry |
| Christa Fancher | Contact through SRSA's counsel | The value of SRSA's trade secrets, products and solutions; irreparable harm and injury from Defendants' conduct; Defendants' solicitation of prospective or existing SRSA clients in the payments-and-escrow space; SRSA's loss of business to Defendants; communications with Kelly after her resignation from SRSA; competition in the M&A payments-and-escrow industry |
| Amanda Jackson | Contact through SRSA's counsel | SRSA's loss of business to Defendants; Defendants' solicitation of prospective or existing SRSA clients in the payments-and-escrow space; |

1664436

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | communications with Kelly after her resignation from SRSA; the targeting, recruiting and hiring of SRSA employees; competition in the M&A payments-and-escrow industry |
| Ben Lane | Contact through SRSA's counsel | Defendants' use of SRSA trade secret and confidential information; Defendants' solicitation of prospective or existing SRSA clients; SRSA's loss of business to Defendants; irreparable harm and injury from Defendants' conduct; competition in the M&A payments-and-escrow industry |
| Debbie Wapensky | Contact through SRSA's counsel | SRSA's revenues, profits, and costs; the value of SRSA trade secrets and confidential information |
| Hannah Lee | Contact through SRSA's counsel | Tsarnas and Kelly's employment and confidentiality agreements with SRSA; Tsarnas' termination from SRSA; Kelly's resignation from SRSA and failure to return equipment; efforts to preserve the secrecy of SRSA's trade secret and confidential information; SRSA's Human Resource policies and procedures |
| Jordan Sisk | Contact through SRSA's counsel | Efforts to preserve the secrecy of SRSA's trade secret and confidential information; SRSA's Information Technology policies and procedures; Kelly's access and deletion of materials in one of her SRSA-issued laptops |
| Ali Arend | Contact through SRSA's counsel | Communications with Kelly after her resignation from SRSA; the targeting, recruiting and hiring of SRSA employees |
| Mitch Eckberg | Contact through SRSA's counsel | Research and development of SRSA's products; the function, structure and operation of SRSA's products; the value of SRSA's trade secrets, products and solutions; Kelly and Tsarnas' knowledge of trade secret and confidential information |

5

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Boris Kogan | Mr. Kogan is represented by outside counsel, of whom Defendants are already aware. | The process for M&A transactions, including the payments process; the confidentiality of payments spreadsheets, pricing information and other information conveyed during M&A transactions; factors that go into picking a paying agent |
| Employees or representatives of PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC"). | PNC Bank, N.A. The Tower at PNC Plaza 300 Fifth Avenue Pittsburgh, PA 15222-2401 | PNC's conduct as it relates to the allegations in SRSA's Second Amended Complaint ("SAC") (ECF No. 66); the business strategy that led to the development of PNC's payments-and-escrow products; the development of PNC's payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees, including Tsarnas and Kelly; the misappropriation of SRSA's confidential information and trade secrets; Defendants' solicitation of existing and prospective SRSA customers; PNC's commercial success in the payments-and-escrow space; Defendants' efforts to preserve information relevant to this litigation or any allegations therein; Defendants' attempted deletion and spoliation of evidence from SRSA computers and personal devices |
| Alex Tsarnas | Contact information known to Defendants | Tsarnas' conduct as it relates to the allegations in the SAC; Tsarnas' retention of SRSA materials after his termination; the development of SRSA's payments-and-escrow products; SRSA's business development strategy, pricing strategy, and customer information; the development of PNC's payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers; the misappropriation of SRSA's confidential information and trade secrets; Defendants' efforts to preserve information relevant to this litigation or any allegations therein; Defendants' attempted |

6

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | deletion and spoliation of evidence from SRSA computers and personal devices; PNC's commercial success in the payments-and-escrow space |
| Heather Kelly | Contact information known to Defendants | Kelly's conduct as it relates to the allegations in the SAC; the deletion of SRSA materials and evidence from SRSA computers; the development of SRSA's payments-and-escrow products; SRSA's business development strategy, pricing strategy, and customer information; the development of PNC's payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA's contracts; the misappropriation of SRSA's confidential information and trade secrets; Defendants' efforts to preserve information relevant to this litigation or any allegations therein; Defendants' attempted deletion and spoliation of evidence from SRSA computers and personal devices; PNC's commercial success in the payments-and-escrow space |
| Lioudmila Semenova | Contact information known to Defendants | Communications with Kelly and Tsarnas after the termination of their employment from SRSA; the development of PNC's payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; Defendants' efforts to preserve information relevant to this litigation or any allegations therein; Defendants' solicitation of customers and interference with SRSA's contracts; Defendants' use of SRSA's confidential and trade secret information |
| Walter DeForest | Koppers Building, 30th Floor | Kelly and Tsarnas' retention of SRSA documents after their departure from SRSA; Kelly's |

7

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | 436 Seventh Avenue Pittsburgh, PA 15219 412-227-3101 | attempted deletion and spoliation of evidence from various SRSA computers; representations to SRSA that Kelly and Tsarnas did not misappropriate SRSA information; Defendants' efforts to preserve information relevant to this litigation or any allegations therein |
| Robert Sandt | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Lisa Kremers | Contact information known to Defendants | The development of SRSA's payments-and-escrow products; SRSA's business development strategy, pricing strategy, and customer information; communications with Kelly and Tsarnas after the termination of their employment from SRSA; the development of PNC's payments-and-escrow products; the marketing, pricing and sales strategy of PNC's payments-and-escrow products; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; Defendants' use of SRSA's confidential and trade secret information |
| Michael Lyons | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; PNC's commercial success in the payments-and-escrow space |
| Adam Lezack | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers |

1664436

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | and interference with SRSA contracts; PNC's commercial success in the payments-and-escrow space |
| Richard Fink | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; PNC's commercial success in the payments-and-escrow space |
| Thomas Lang | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade-secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; PNC's commercial success in the payments-and-escrow space |
| Michael Houlihan | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade-secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; PNC's commercial success in the payments-and-escrow space |
| Ryan Simkin | Contact information known to Defendants | The development of PNC's payments-and-escrow products and PNC's business strategy in connection with the same; Defendants' use of SRSA's confidential and trade-secret information; the targeting, recruiting and hiring of SRSA employees; Defendants' solicitation of customers and interference with SRSA contracts; PNC's |

9

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| | | commercial success in the payments-and-escrow space |
| Melissa Mackin | Contact information known to Defendants | The development and technical capabilities of Fortis' shareholder-representation technology; the development of PNC's payments-and-escrow products. |
| Former, current, or prospective customers that PNC, Kelly, or Tsarnas solicited or attempted to solicit for business | Contact information known to Defendants | Defendants' conduct as it relates to the allegations in the SAC; Defendants' representations to third parties regarding its payments-and-escrow business; SRSA's loss of goodwill and reputation in the marketplace; Defendants' use of SRSA's confidential and trade secret information; Defendants' attempts to solicit SRSA customers or win business from prospective customers |
| Dennis Miller | Contact information known to Defendants | Defendants' representations to third parties regarding its payments-and-escrow business; Defendants' use of SRSA's confidential and trade secret information; Defendants' attempts to solicit SRSA customers or win business from prospective customers |
| Alex Kingsley | Contact information known to Defendants | Defendants' representations to third parties regarding its payments-and-escrow business; Defendants' use of SRSA's confidential and trade secret information; Defendants' attempts to solicit SRSA customers or win business from prospective customers; communications with Kelly during her employment at SRSA and after her departure from SRSA; communications related to the substance and credibility of Mr. Kingsley's December 23, 2019 declaration (ECF 126). |
| Employees, former employees, or representatives of CGI, Inc. ("CGI") | Contact information known to Defendants | Defendants' conduct as it relates to the allegations in the SAC; the development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Shashidhar | Contact information | The development of PNC's payments-and-escrow |

1664436

| NAME | CONTACT INFORMATION | SUBJECTS |
|---|---|---|
| Bandanatham | known to Defendants | products; Defendants' use of SRSA's confidential and trade secret information |
| Richard Kotermanski | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Scott Smith | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Brittany Palac | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Rahul Pamecha | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Emma Patarcity | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Paul Arvind Mehta | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |
| Manoj Mishra | Contact information known to Defendants | The development of PNC's payments-and-escrow products; Defendants' use of SRSA's confidential and trade secret information |

SRSA may also rely on any individuals identified in the initial disclosures of any other party to this lawsuit.

II. **DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS IN SRSA'S POSSESSION, CUSTODY OR CONTROL THAT SRSA MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES**

SRSA may use the following categories of documents, electronically stored information ("ESI") or tangible things to support its claims or defenses:

11

1664436

- Kelly and Tsarnas's employment agreements;
- Documents concerning the circumstances of Kelly and Tsarnas' respective departures from SRSA and the factors leading to their employment at PNC;
- Documents and forensic data concerning Kelly's deletion of files in her second SRSA-issued laptop;
- Documents and forensic data concerning Kelly and Tsarnas' respective retention of SRSA proprietary information;
- Documents and forensic data concerning Kelly's retention and use of her first SRSA-issued laptop;
- Documents and forensic data concerning the systematic deletion of text messages and other evidence by Kelly and Tsarnas;
- Documents concerning the value of SRSA's trade secrets and other confidential information;
- Documents concerning the reasonable measures SRSA takes to preserve confidentiality over its proprietary information and documents;
- Documents concerning SRSA's development of its payments and escrow products;
- Documents reflecting SRSA's investment in recruiting and retaining its personnel;
- Documents concerning Kelly and Tsarnas' roles and responsibilities at SRSA, and their knowledge of SRSA's trade secrets and other confidential information;
- Documents concerning PNC's development of its payments-and-escrow products;
- Documents and communications between Kelly, Tsarnas, PNC and/or CGI discussing SRSA documents, SRSA trade secret and confidential information to

12

develop PNC's payments and escrow products, to solicit PNC customers and deals, or to compete against SRSA in the payments-and-escrow marketplace;

- Documents concerning Defendants' use of SRSA proprietary documents or other materials;
- Documents concerning Defendants' commercial success, sales, profits, and costs to develop, commercialize, and run its payments-and-escrow business;
- Documents concerning Defendants' commercial success, sales and profits regarding its payments-and-escrow business;
- Documents and communications concerning Defendants' solicitation of prospective or current customers, including SRSA customers;
- Defendants' marketing and sales documents, including documents and communications sent to customer contacts in the payments-and-escrow industry;
- Documents and communications regarding Defendants' solicitation of SRSA employees;
- Documents concerning the parties' history of licensing technology;
- Documents concerning SRSA's loss of profits and goodwill due to Defendants' unlawful actions;
- Documents and other ESI concerning SRSA's customer base and its business-development and pricing strategies;
- Documents and other ESI concerning PNC's customer base and its business-development and pricing strategies;
- Documents concerning Defendants' preservation, or failure to preserve, relevant information concerning this dispute; and
- Documents and communications about communications Kelly and Tsarnas had after receiving notice of the complaint in this action.

13

The foregoing documents either are publicly available, located at SRSA, at SRSA's counsel's offices at Keker, Van Nest & Peters, LLP, 633 Battery Street, San Francisco, California 94111, with third-party CGI, or are in Defendants' possession, custody, or control.

This information is based on SRSA's investigation to date, and SRSA reserves the right to supplement and/or amend this information upon further investigation and discovery in this action, and may rely upon additional materials. This disclosure does not include expert materials that may be developed during the course of this litigation. Such expert materials will be disclosed under the Federal Rules of Civil Procedure and the Court's later-issued scheduling order. This disclosure does not constitute an admission as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work-product protection, or other applicable protection or immunity from discovery.

### III.     COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY SRSA

SRSA's initial disclosures are based on the discovery to date and information presently known to SRSA. SRSA reserves all rights to revise this disclosure and to provide additional detail throughout the discovery period in this action.

SRSA intends to seek compensatory and punitive damages as a result of Defendants' acts of trade secret misappropriation, Kelly and Tsarnas' respective breaches of their employment agreements with SRSA, Kelly's violation of the Computer Fraud and Abuse Act (CFAA), *see* 18 U.S. Code § 1030, and Defendants' other tortious conduct against SRSA. SRSA will seek damages based on lost profits; recovery for Defendants' unjust enrichment; disgorgement of Kelly's salary and earnings during her period of disloyalty; recovery of increased costs that arose due to breach of Kelly and Tsarnas's breach of non-solicitation agreements; and any damages it is entitled to under the CFAA, including the costs of responding to Kelly's conduct. SRSA also reserves the right to seek a reasonable royalty and loss of goodwill/reputation damages. SRSA may also seek enhanced or special damages permitted by federal and state law, as a result of

Defendants' wanton, willful and malicious conduct, including treble damages and recovery of reasonable attorneys' fees and costs.

SRSA has conducted discovery that will provide it some of the information necessary to compute damages, but there still remains much damages-related fact and expert discovery left. Defendants have not yet confirmed that they have completed their production of information about its revenues and profits from their payments-and-escrow business, or information about the customers which Defendants have solicited and the products they have sold. There also remains substantial, outstanding discovery about Defendants' use of SRSA's trade secret and confidential information. Much of the open discovery items also overlap with discovery relating to SRSA's tort-based, non-trade-secret claims.

SRSA has designated Greg J. Regan as an expert witness to provide an expert opinion and computation on damages. SRSA has produced and made available for inspection and copying any non-privileged documents or other evidentiary material on which SRSA's computation is based, and will make available any such future materials it may use to compute damages.

IV. **APPLICABLE INSURANCE AGREEMENT**

SRSA is unaware of any agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

//
//
//
//
//
//

15

1664436

                                       Respectfully submitted,

Dated: March 22, 2021                By:  *s/ Warren A. Braunig*
                                       Warren A. Braunig
                                             *wbraunig@keker.com*
                                       Michelle S. Ybarra
                                             *mybarra@keker.com*
                                       Benjamin D. Rothstein
                                             *brothstein@keker.com*
                                       Katie Lynn Joyce
                                             *kjoyce@keker.com*
                                       Victor H. Yu
                                           *vyu@keker.com*
                                       KEKER, VAN NEST & PETERS LLP
                                     633 Battery Street
                                     San Francisco, CA 94111-1809
                                     Telephone: 415-391-5400
                                     Facsimile:  415-397-7188

                                     SHERIDAN ROSS P.C.
                                     Scott R. Bialecki
                                       *sbialecki@sheridanross.com*
                                     Matthew C. Miller
                                       *mmiller@sheridanross.com*
                                     1560 Broadway, Suite 1200
                                     Denver, Colorado 80202
                                     Telephone: 303-863-9700
                                     Facsimile:  303-863-0223
                                     Email:       *litigation@sheridanross.com*

                                     ATTORNEYS FOR PLAINTIFFS
                                     SRS ACQUIOM INC. AND SHAREHOLDER
                                     REPRESENTATIVE SERVICES LLC

1664436