# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION PURSUANT TO FED. R. CIV. P. 72(A) TO PART OF MAGISTRATE JUDGE CREWS' ORDER AT ECF 441, AND EXHIBIT K THERETO (ECF NOS. 469-1, 469-6, AND 473)

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in Plaintiffs' Response to Defendants' Objection Pursuant to Fed. R. Civ. P. 72(a) to Part of Magistrate Judge Crews' Order at ECF 441 ("Plaintiffs' Response to Objection"), and Exhibit K thereto. These documents were filed as attachments to Plaintiffs' Motion for Leave to file Plaintiffs' Response to Objection on July 14, 2021 (ECF Nos. 469-1 and 469-6), and again after the Court granted Plaintiffs' Motion for Leave on July 15, 2021 (ECF No. 473). These documents were filed as Restricted Level 1, and SRSA now moves to maintain the restricted nature of those filings.

## I.   **ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A.   **Description Of Documents And Restriction Level Sought**

SRSA seeks to restrict portions of Plaintiffs' Response to Objection and its Exhibit K (ECF Nos. 469-1, 469-6, and 473).  SRSA identifies the content within those documents to be restricted, as well as the bases for restriction, within the body of this Motion below.  SRSA requests Level 1 restriction for all documents.

### B.   **SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade

secrets."  18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private."  *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict two categories of sensitive, non-public information found in Plaintiffs' Response to Objection and its Exhibit K: (1) specifics about SRSA's business analyses, operations and strategies, and financials; and (2) information regarding SRSA customers.  Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing."  *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

### 1.   Information Related to SRSA's Confidential Business Analyses, Operations and Strategies, and Financials

First, SRSA seeks to restrict information related to SRSA business analyses, operations and strategies.[1]  Plaintiffs' Response to Objection contains private, non-public details about SRSA's financial structure and the value of equity ownership in the business.  This content is located in ECF Nos. 469-1 and 473 (which are the same document separately filed) at:

---

[1] As stated below in Section C, SRSA will file publicly available versions with the identified portions redacted if ordered to do so.

- Page 13, from the words "Special Master erred in adopting," to the words "Consequently, the specific amount".

SRSA also seeks partial restriction of Exhibit K, which are excerpts from the deposition transcript for Steven Pierson.  This transcript contains sensitive, non-public financial information and terms regarding the details of a third-party's investment into SRSA.  This content is located in ECF No. 469-6 at:

- Page 22, lines 11 through 18; and

- Page 27, line 15 to page 28, line 20.

The information related to SRSA business strategies and structure, and the private terms of the third-party's investment into SRSA—for which SRSA seeks restriction—are confidential, sensitive, and worthy of restriction under federal and Colorado law.  Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'"  *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted).  Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3.  Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information . . . or other

4

information relating to any business or profession which is secret and of value."  Section 7-74-102(4), C.R.S.; *SBM Site Servs.,* 2011 WL 1375117, at *3.

This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure.  For example, in *Dish Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014).  The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information."  *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc*., No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 James Wm. Moore et al., Moore's Federal Practice - Civil § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial economic harm' to the competitive position of the entity from whom it is obtained.")).  The court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business.  *Dish Network*, 2014 WL 1628132, at *4; *see also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

Additionally, and in the context of whether confidential financial information should even be subject to discovery at all, Colorado has recognized a cognizant, protectable interest over confidential financial information, which has been acknowledged and adopted by the federal

courts.  *See, e.g.*, *Alcon v. Spicer*, 113 P.3d 735, 742-43 (Colo. 2005); *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 555 (D. Colo. 2009) (applying Colorado test as a matter of comity for discoverability of financial information); *Bennett v. SSC Palisade Operating Co., LLC*, No. 14-CV-00923-WJM-KLM, 2014 WL 3809768, at *1 (D. Colo. Aug. 1, 2014).

2.      <u>**Confidential Non-Public Information Related to SRSA's Customers**</u>

Next, SRSA seeks to restrict confidential, non-public, and sensitive information related to SRSA customers and customer strategies.

SRSA seeks restriction of one portion of Plaintiffs' Response to Objection (ECF Nos. 469-1 and 473).  Plaintiffs' Response to Objection specifically identifies by name an SRSA customer that Defendants' poached from SRSA relying on SRSA trade-secret customer information.  This content is located in ECF Nos. 469-1 and 473 at:

- Page 5, from the words "Defendants' Rule 26 disclosures" to the words "who has submitted a similar declaration".

The information identifying SRSA customers is worthy of restriction, as its public disclosure would directly harm SRSA.  *See Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers").  As supported by the declaration of SRSA's Director of Business Intelligence, Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-

escrow products industry, who could then use such information to solicit SRSA's customers.  *See* ECF No. 266 ¶¶ 1-22, 262 at 12-13.  The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

     **C.**     **There Is No Otherwise Practicable Alternative To Restriction That Will Ensure SRSA Does Not Suffer These Injuries**

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.  SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure.  In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request.  *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored.  Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances.  *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-03313-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that ECF Nos. 469-1, 469-6, and 473 be maintained under Level 1 restriction, as described herein.

**<u>Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)</u>**

On July 27 and 28, 2021, the parties met and conferred about SRSA's Motion.

Defendants do not oppose this Motion to Restrict.  However, Defendants do not waive the right

to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict

in the future, including on the merits of the case, and expressly reserve their right to do so.  The

parties agree that Defendants' non-opposition to this Motion shall not be used as an admission

against Defendants or for any other purpose.

Respectfully submitted,

Dated:  July 28, 2021.                By:  s/ Matthew C. Miller
                                      SHERIDAN ROSS P.C.
                                      Scott R. Bialecki
                                          *sbialecki@sheridanross.com*
                                      Matthew C. Miller
                                          *mmiller@sheridanross.com*
                                      1560 Broadway, Suite 1200
                                      Denver, Colorado 80202
                                      Telephone:  303-863-9700
                                      Facsimile:  303-863-0223
                                      Email:      *litigation@sheridanross.com*

                                      Warren A. Braunig
                                          *wbraunig@keker.com*
                                      Michelle S. Ybarra
                                          *mybarra@keker.com*
                                      Benjamin D. Rothstein
                                          *brothstein@keker.com*
                                      Katie Lynn Joyce
                                          *kjoyce@keker.com*
                                      Victor H. Yu
                                          *vyu@keker.com*
                                      KEKER, VAN NEST & PETERS LLP
                                      633 Battery Street
                                      San Francisco, CA 94111-1809
                                      Telephone: 415-391-5400
                                      Facsimile: 415-397-7188

                                      ATTORNEYS FOR PLAINTIFFS
                                      SRS ACQUIOM INC. AND SHAREHOLDER
                                      REPRESENTATIVE SERVICES LLC

## **Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).