**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**UNOPPOSED MOTION TO RESTRICT JULY 20, 2021 JOINT STATEMENT (ECF 475, 476, AND 457)**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in the parties' July 20, 2021 Joint Statement (ECF 475, 476, and 457).[1]

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving

---

[1] On July 20, 2021, SRSA filed the parties' Joint Statement and exhibits thereto (ECF 475 & 476) in advance of a July 21 hearing before the Special Master. That same day, SRSA filed a corrected Joint Statement (ECF 477) that fixed several typographical errors but was otherwise identical to the original Joint Statement. Accordingly, for purposes of this motion, SRSA refers to both documents together as the "Joint Statement."

1

the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under Local Rule 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A. Description of Documents and Restriction Level Sought

SRSA seeks Level 1 restrictions for the below documents:

| Document | Portions SRSA Seeks Level 1 Restriction |
|---|---|
| ECF 475 and ECF 477 (Joint Statement) | <ul><li>Page 8, from "one of SRSA's core innovations was developing" to "*See* Ex. 8"</li><li>Page 8, from "by instructing PNC's developers" to "*Id*. at 34-38."</li><li>Page 9, from "PNC Paid's back-end operations by" to "*See* Ex. 9"</li><li>Page 11, from the end of "that Defendant Kelly disclosed to PNC" to "June 3, 2021"</li><li>Page 11, from the end of "those screenshots *appears* to" through the start of "At his deposition, however, Mr. Lezack"</li><li>Page 12, from the end of "with little check boxes so" to "A: So I – I don't know the answer because this is just"</li></ul> |

2

|  | - Page 12, from "Was that functionality [i.e.," to "built into the version of PNC"<br>- Page 17, the entire second screenshot beginning with "Fifth SRSA has also developed"<br>- Page 18, the word in between "Defendants' Use of SRSA's" and "and Protocols of Tracking"<br>- Page 18, from the end of "that is within "Defendants' Use of SRSA's" through the start of "and Protocols of Tracking, Suspending, and Updating Payments"<br>- Page 18 n.7 - entirety<br>- Page 19, the entire first screenshot, beginning with "Third, Kelly informed PNC"<br>- Page 19, the entire second screenshot, beginning with "Ability to have system flag payments"<br>- Page 20, the first screenshot, deposition lines 17-20<br>- Page 20, the second screenshot, deposition lines 6-9<br>- Page 21, the first screenshot, deposition lines 14-17 |
|---|---|
| ECF 475-3, Ex. 5 (July 2021 email chain between counsel) | - Page 7, in the first paragraph, the full text before "(Answer: 'I just".<br>- Page 7, from the end of "the capabilities of that product were" to "by reference to the Invision slides".<br>- Page 7, from the end of "how the interface worked" to "and providing the date on" |
| ECF 475-4, Ex. 6 (July 2021 email chain between counsel) | - Page 2, from the end of "you explained to me by phone (i.e.," through the end of the paragraph |
| ECF 475-5, Ex. 7 (Full transcript of June 23, 2021 Deposition of Adam Lezack)[2] | The following lines: |

---

[2] Exhibit 10 attaches excerpts of the same deposition transcript that was attached in full in Exhibit 7. Accordingly, SRSA's sealing request for Exhibit 10 overlaps with its request for

3

| | |
|---|---|
| | - 70:18-20<br>- 71:7-72:18<br>- 72:20-23<br>- 106:17<br>- 121:4-25<br>- 122:1-4<br>- 122:8-10<br>- 123:24-125:12<br>- 125:19-25<br>- 126:1-23<br>- 129:6-12<br>- 130:6-131:12<br>- 131:20-132:2<br>- 133:22-24<br>- 134:4-136:6<br>- 137:5-14<br>- 138:24-139:18<br>- 140:7-141:25<br>- 142:1-10<br>- 142:14-17<br>- 143:2-9<br>- 144:1-25<br>- 151:4-12<br>- 152:3-10;<br>- 153:1-23<br>- 154:1-155:3<br>- 155:7-25<br>- 156:3-7<br>- 161:17-24<br>- 162:13-163:13<br>- 167:1-22<br>- 170:4-9<br>- 170:14-24<br>- 172:6-11 |
| ECF 475-6, Ex. 8 (Excerpts of SRSA's March 22, 2021 First Amended and Second Supplemental Objections and Responses to Defendants' First Set of Interrogatories) | Entirety |
| ECF 475-7, Ex. 9 (PNC email chain) | Entirety |

---

Exhibit 7.

4

| | |
|---|---|
| ECF 475-8, Ex. 10 (Excerpts of the June 23, 2021 Deposition of Adam Lezack) | The following lines:<br>• 70:18-20<br>• 71:7-72:18<br>• 72:20-23<br>• 121:4-25<br>• 122:1-4<br>• 122:8-10<br>• 123:24-125:12<br>• 125:19-25<br>• 142:1-10<br>• 142:14-17<br>• 143:2-9<br>• 144:1-25<br>• 162:13-163:13<br>• 167:1-22 |

**B.   SRSA's interest in the protection of its confidential and trade-secret information outweighs the presumption of public access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under Local Rule 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019). Further, restriction over such information is permitted lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D.

5

Colo. Apr. 12, 2011); *see Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (The public disclosure of "highly sensitive information regarding [plaintiff's] product architecture and development . . . could cause harm to [plaintiff] if the information were to become known to a competitor.").

Here, SRSA seeks to restrict portions of the above-referenced documents that reveal highly-confidential technical information about SRSA's paying-agent procedures for facilitating online payments in M&A transactions. As indicated in SRSA's response to Defendants' Interrogatory No. 15, which itself is an exhibit to the Joint Statement, this information is highly valuable to SRSA and allows it to provide cutting-edge online-paying-agent services. *See* ECF 475-6 at 32-38. A competitor armed with such information would gain a significant advantage in developing or enhancing its own online-paying-agent platform. *See id.* (discussing PNC's reliance on this information in developing its competing product); ECF 256-10 ¶¶7-14, 21-65 (SRSA's former Executive Director and Head of Operations attesting that a competitor armed with SRSA technical information would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace). Such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF 256-10 ¶¶7-14, 21-65; ECF 262 at 7-10, 19-26.

### C.     There is no practicable alternative to restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy their value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and

confidential internal business information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access this Court's records, should the Court order it, SRSA is willing to file public redacted versions of the restricted documents where possible to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's motion, and SRSA respectfully requests that the Court order Level 1 restriction over the materials identified in this motion.

## Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On August 3, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Respectfully submitted,

Dated: August 3, 2021

By:   s/  *Victor H. Yu*
     Warren A. Braunig
     *wbraunig@keker.com*
     Michelle S. Ybarra
     *mybarra@keker.com*
     Benjamin D. Rothstein
     *brothstein@keker.com*
     Katie Lynn Joyce
     *kjoyce@keker.com*
     Victor H. Yu
     *vyu@keker.com*

     KEKER, VAN NEST & PETERS LLP
     633 Battery Street
     San Francisco, CA 94111-1809
     Telephone:    415-391-5400
     Facsimile:    415-397-7188

     SHERIDAN ROSS P.C.
     Scott R. Bialecki
     *sbialecki@sheridanross.com*
     Matthew C. Miller
     *mmiller@sheridanross.com*
     1560 Broadway, Suite 1200
     Denver, Colorado 80202
     Telephone:    303 863 9700
     Facsimile:    303 863 0223
     Email:    *litigation@sheridanross.com*

     Attorneys for Plaintiffs
     SRS ACQUIOM INC. AND
     SHAREHOLDER REPRESENTATIVE
     SERVICES LLC