IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS, REPORT, AND TESTIMONY OF RICHARD HARROCH (ECF NO. 485)**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict information found in its Reply in Support of Motion to Exclude Expert Opinions, Report, and Testimony of Richard Harroch (ECF No. 485, hereinafter "Harroch *Daubert* Reply"), filed on July 23, 2021 as Restricted Level 1. SRSA now moves to maintain the restricted nature of this filing.

**I.  ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

### A. Description Of Documents And Restriction Level Sought

SRSA seeks to restrict certain portions of the Harroch *Daubert* Reply.  SRSA identifies the content to be restricted, as well as the bases for restriction, within the body of this Motion below.  SRSA requests Level 1 restriction for all documents.

### B. SRSA's Interest In The Protection Of Its Confidential Customer Information Outweighs The Presumption Of Public Access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents."  *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets."  18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private."  *Genscape, Inc. v. Live Power*

*Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive, non-public information found in the Harroch *Daubert* Reply that specifically identifies SRSA customers . Defendants have poached business from SRSA from these customers by relying on confidential, trade-secret SRSA customer information. This content is located in the Harroch *Daubert* Reply at:

- ECF No. 485 at 12, from the words "regarding two SRSA customers" to the words "and Harroch admitted that".

Restriction over this information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011). The non-public information related to SRSA customers are worthy of restriction, as its public disclosure would directly harm SRSA. *See Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the Declaration of SRSA's Director of Business Intelligence, Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit

3

SRSA's customers.  See ECF Nos. 266, ¶¶ 1-22; and 262 at 12-13.  The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

### C. There Is No Otherwise Practicable Alternative To Restriction That Will Ensure SRSA Does Not Suffer These Injuries

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.  SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure.  In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request.  *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

Further, SRSA's proposed restrictions are narrowly tailored.  Recognizing the public value of access to this Court's records, SRSA is willing to file publicly redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances.  *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-03313-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court order that Plaintiff's Reply in Support of Motion to Exclude Expert Opinions, Report, and Testimony of Richard Harroch (ECF No. 485) be maintained under Level 1 restriction, as described herein.

4

**Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)**

On August 5, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Respectfully submitted,

Dated: August 6, 2021         By: s/ Scott R. Bialecki
   Warren A. Braunig
      wbraunig@keker.com
   Michelle S. Ybarra
      mybarra@keker.com
   Benjamin D. Rothstein
      brothstein@keker.com
   Katie Lynn Joyce
      kjoyce@keker.com
   Victor H. Yu
      vyu@keker.com
   KEKER, VAN NEST & PETERS LLP
   633 Battery Street
   San Francisco, CA 94111-1809
   Telephone: 415-391-5400

   Scott R. Bialecki
      sbialecki@sheridanross.com
   Brian S. Boerman
      bboerman@sheridanross.com
   SHERIDAN ROSS P.C.
   1560 Broadway, Suite 1200
   Denver, Colorado 80202
   Telephone: 303-863-9700
   Email:   litigation@sheridanross.com

   ATTORNEYS FOR PLAINTIFFS

5

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).