IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

## DEFENDANTS' UNOPPOSED MOTION TO RESTRICT EXHIBIT 1 TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF GREG REGAN (ECF 483-1)

Defendants move to restrict Exhibit 1 to Defendants' Reply in Support of Motion to Exclude the Testimony of Greg Regan (ECF 483-1).

### Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On August 5 and 6, 2021, the Parties met and conferred about Defendants' Motion, and Plaintiffs do not oppose this Motion to Restrict.

**I.    ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

1

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

Defendants seek Level 1 restriction over Exhibit 1 to Defendants' Reply in Support of Motion to Exclude the Testimony of Greg Regan (ECF 483-1). This exhibit is a comprehensive list of M&A escrows PNC performed in its Asset Management Group during calendar year 2018, and it includes confidential transaction information such as escrow amounts and durations associated with third parties' M&A transactions—none of which is publicly available. *See generally* ECF 483-1. This is sensitive information for PNC and even more so for the third parties (who are identified in the exhibit) who entered into these transactions and utilized PNC's escrow services, which is why Defendants designated it as Highly Confidential – Attorneys' Eyes Only under the Protective Order entered in this case when Defendants produced it. Disclosure of the size of the transactions and the parties involved would be detrimental to those third parties who entered into transactions that were confidential, and it would be detrimental to PNC's efforts to keep its customers' information private and confidential.

Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019

WL 4242669, at *4 (D. Colo. Sept. 5, 2019); *see also Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (courts may "appropriately deny access to these materials when they might be used as sources of business information that might harm a litigant's competitive standing" including "competitive interests of third parties"). This also holds true where a third party's confidential business and financial information is at issue. *See Rickaby v. Hartford Life & Accident Co.*, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party); *Ubel v. Progressive Direct Ins. Co.*, 2020 WL 9432906, at *3 (D. Colo. Sept. 10, 2020) (same).

Further, no practical alternative to restriction exists here because public disclosure of the single exhibit that Defendants seek to restrict from public access would cause significant competitive harm to PNC and the third parties identified in the exhibit. Thus, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to … competitors," this Court should grant Defendants' restriction from public access request. *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

**II.    CONCLUSION**

For the foregoing reasons, Defendants respectfully submit there is good cause to grant this motion, and Defendants respectfully request that the Court order Level 1 restriction over ECF 483-1.

3

Dated: August 6, 2021

Respectfully submitted,

By: /s/ Matthew E. Johnson
James F. Bennett
Matthew E. Johnson
Jeffrey R. Hoops
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com
jhoops@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
Elizabeth E. Weissert
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank N.A., Heather Kelly, and Alex Tsarnas*

## Compliance With Type-Volume Limitation

Undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2021, a true and correct copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO RESTRICT EXHIBIT 1 TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF GREG REGAN** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Katie Lynn Joyce
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Matthew C. Miller
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs*

                                    */s/ Jessica Green*
                                    Jessica Green