**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT JOINT STATUS REPORT BY DEFENDANTS AND THIRD-PARTY LOVELL MINNICK PARTNERS LLC IN ADVANCE OF JULY 13, 2021, STATUS CONFERENCE BEFORE THE SPECIAL DISCOVERY MASTER (ECF NO. 461) AND EXHIBITS (ECF NOS. 461-1, 461-2, 461-3, 461-4, 461-5, AND 461-7)**

---

    Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict portions of the Joint Status Report by Defendants and Third-Party Lovell Minnick Partners LLC in Advance of July 13, 2021, Status Conference Before the Special Discovery Master (ECF No. 461) and exhibits (ECF Nos. 461-1 through 461-5, and 461-7), filed on July 9, 2021 as Restricted Level 1. SRSA now moves to maintain the restricted nature of those filings.

**I.    ARGUMENT**

    "[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving

the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A. Description Of Documents And Restriction Level Sought

SRSA seeks to maintain Level 1 restrictions for the below documents:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Joint Status Report by Defendants and Third-Party Lovell Minnick Partners LLC in Advance of July 13, 2021, Status Conference Before the Special Discovery Master (ECF No. 461) | Page 9: Text between "and other requests focused on specific issues such as" and "effects of COVID-19, and other miscellaneous issues." |
| Defendants' Exhibit 1 (ECF No. 461-1) | Page 10 of 11:<br>• Request for Production No. 11: all text after "All Documents Concerning the payment of, or proposed payment of,"<br>• Request for Production No. 12: all text after "All Documents evaluating, analyzing, or otherwise Concerning" |
| Defendants' Exhibits 2 through 5 (ECF Nos. 461-2 through 461-5) | Entirety |
| Defendants' Exhibit 7 (ECF No. 461-7) | Page 17 of 19:<br>• Request for Production No. 11: all text after "All Documents Concerning the payment of, or proposed payment of," |

|  | • Request for Production No. 12: all text after "All Documents evaluating, analyzing, or otherwise Concerning SRS's" |
|---|---|

**B.    SRSA's Interest In The Protection Of Its Confidential Information Outweighs The Presumption Of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* Colo. Rev. Stat. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict two categories of sensitive, non-public business and financial information found in the Joint Status Report: (1) specifics about SRSA's business operations and strategies, and commercial transactions, and (2) specific business strategy and financial information. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

1. **Information Related to SRSA's Confidential Business Operations and Strategies, and Commercial Transactions**

SRSA seeks to restrict confidential, non-public, and sensitive information related to SRSA's business operations and strategies, and commercial transactions found within portions of the Joint Status Report and the exhibits thereto. Specifically, SRSA seeks restriction of non-public, sensitive information regarding the type and computation basis of payments made under the non-public terms of Lovell Minnick Partners LLC's ("LMP") investment in SRSA as well as other non-public terms and/or proposed terms of such investment. This content is located at:

- Joint Status Report (ECF No. 461) at Page 9: Text between "and other requests focused on specific issues such as" and "effects of COVID-19, and other miscellaneous issues."

- Defendants' Exhibit 1 (ECF No. 461-1) at Page 10 of 11:
    - Request for Production No. 11: all text after "All Documents Concerning the payment of, or proposed payment of,"
    - Request for Production No. 12: all text after "All Documents evaluating, analyzing, or otherwise Concerning"

- Defendants' Exhibits 2 through 5 (ECF Nos. 461-2 through 461-5)

- Defendants' Exhibit 7 (ECF No. 461-7) at Page 17 of 19:
    - Request for Production No. 11: all text after "All Documents Concerning the payment of, or proposed payment of,"
    - Request for Production No. 12: all text after "All Documents evaluating, analyzing, or otherwise Concerning SRS's"

The information related to SRSA business strategies and operations, and commercial transactions – for which SRSA seeks restriction – is confidential, sensitive, and worthy of restriction under federal and Colorado law. Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they

4

might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted).  Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3.  Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information … or other information relating to any business or profession which is secret and of value."  COLO. REV. STAT. 7-74-102(4); *SBM Site Servs.,* 2011 WL 1375117, at *3.

Courts regularly restrict information that discloses terms of confidential contracts or business arrangements in these circumstances.  *See, e.g., BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *10 (E.D. Va. Aug. 15, 2019) ("[T]he manner in which the parties structured their business relationship is sensitive business information that is typically sealed by Courts."); *FTC v. Qualcomm Inc*., No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information.");

5

*accord. Grundig Multimedia AG v. Eton Corp.*, No. 20-cv-05205-NC, 2021 WL 411237, at *6 (N.D. Cal. Feb. 5, 2021) (restricting agreement that disclosed how a party structures its business agreements, giving competitors an opportunity to modify their own business strategies).

### 2. Confidential Financial Information and Business Strategies

SRSA also seeks to restrict sensitive, non-public information about SRSA's financial information and business strategies that are disclosed in documents related to LMP's due diligence for its investment in SRSA. This content is located in Defendants' Exhibits 2 through 5 to the Joint Status Report (ECF Nos. 461-2 through 461-5). The documents include, *inter alia*, information about SRSA's revenues, profits/losses, growth strategies, risk factors (and strategies for mitigating that those risks), financial projections, and similar sensitive financial information and business strategies.

This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure. For example, in *Dish Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014). The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information." *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 James Wm. Moore et al., Moore's Federal Practice - Civil § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial

economic harm' to the competitive position of the entity from whom it is obtained.")). The Court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business. *Dish Network*, 2014 WL 1628132, at *4; s*ee also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

### C. There Is No Practicable Alternative To Restriction

No practical alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *See Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

**Certificate of Conferral Under D.COLO.LCivR. 7.1(a)**

On August 13, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Dated: August 13, 2021

Respectfully submitted,

By: <u>s/ Brian S. Boerman</u>
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:    415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
Brian Boerman
*bboerman@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:    303 863 9700
Facsimile:    303 863 0223
Email:    *litigation@sheridanross.com*

ATTORNEYS FOR PLAINTIFFS
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**<u>Compliance With Type-Volume Limitation</u>**

It is hereby certified that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).