**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT DECLARATION OF BEN LANE
(ECF NO. 266) AND EXHIBITS A THROUGH H (ECF NOS. 266-1 THROUGH 266-8)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to continue to restrict portions of the Declaration of Ben Lane (ECF No. 266) and all supporting papers, *i.e.*, Exhibits A-H (ECF Nos. 266-1 through 266-8), filed as Restricted Level 1. Good cause exists to grant this unopposed Motion. In support thereof, SRSA states as follows:

I.   **ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

A.   **Description of Documents and Restriction Level Sought**

SRSA seeks to maintain Level 1 restrictions for the below documents[1]:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Declaration of Ben Lane (ECF No. 266) | ¶ 4: text in parenthesis, the third sentence, and the screenshot on page 3; |

---

[1] These documents and portions thereof for which SRSA seeks restriction were previously identified in ECF No. 293-1, which is incorporated herein by reference.

1

| | |
|---|---|
| | ¶ 6: text between "competitor as well" and "Finally, there is great";<br>¶ 8: text between "Business spreadsheet" and "Below is a" and the entirety of the screenshot on page 5;<br>¶ 10: text between "as a record of" and "If the information"<br>¶ 13: text between "database so" and "While they were employed"<br>¶ 14: text between "In addition" and "similar to" and text after "Business spreadsheet";<br>¶ 15: first two sentences and the fourth and fifth sentences;<br>¶ 17: text between "such as" and "SRSA tracks";<br>¶ 18: first sentence;<br>¶ 21: second sentence;<br>¶ 23: fifth and sixth sentences;<br>¶ 24: last sentence;<br>¶ 27: text between "In addition" and "including Acquiom";<br>¶ 28:<br>• first sentence after "Row 5,"<br>• first sentence after "Row 16,"<br>• text after "Business spreadsheet regarding" in the Row 16 bullet point,<br>• screenshots after Row 16,<br>• first two sentences after "Row 25" and the screenshot after "Row 25,"<br>• In "Row 40" the text between "notes that" and "That is information,"<br>• Text after "Row 58" to "regular use,"<br>• In "Row 70" the text between "notes that" and "This is information." and the customer names in the last sentence,<br>• In "Row 71", the text between "notes that" and "This is confidential,"<br>• In "Row 71", the text between "entry that" and "This information,"<br>• The screenshot below "Row 71," and<br>• In "Row 83" the text between "Kelly notes" and "a customer insight";<br><br>The heading on page 14;<br><br>¶ 30:<br>• The text between "deals involving" and "I searched," and |

|  | • The text after "records involving"; and ¶ 31: entirety |
|---|---|
| Declaration of Ben Lane, Exs. A to H (ECF Nos. 266-1 to 266-8) | Entirety |

**B.     SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* COLO. REV. STAT. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive business information in the form of SRSA customer information and business-development strategy.  Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

More specifically, SRSA seeks to maintain restriction over its customer names, contact information, and preferences for payments-and-escrow products. *See, e.g.*, ECF Nos. 266, 266-1, 266-2, 266-3, 266-4, 266-5.266-6, 266-7, 266-8.  For example, the portions of the

3

documents for which SRSA seeks to maintain restriction include excerpts of SRSA's highly-confidential customer database and SRSA's highly-confidential deal history chart. Such non-public information is worthy of restriction, as its public disclosure would directly harm SRSA.

"[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret. *See Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence, Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF Nos. 266 ¶¶ 1-22, 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace.

In addition to revealing SRSA customer information, the Lane declaration also discusses and references SRSA's business-development strategy. *See, e.g.*, ECF Nos. 266, 266-4, 266-5. For example, the documents for which SRSA seeks to maintain restriction identify specific companies targeted by SRSA as part of its business-development strategy.

Information about a company's business-development practices—as well as its discussions with potential customers—is routinely restricted from public view. *See Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D.

4

Cal. Dec. 10, 2015) (compelling reasons exist to justify sealing information about an entity's "discussions regarding potential partnerships with other product manufacturers"). As SRSA maintains such information as confidential, it should also be restricted here. *See* ECF No. 266 ¶¶ 3-21.

### C. There is no Practicable Alternative to Restriction

No practicable alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's unopposed Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

### Certificate of Conferral Under D.COLO.LCivR 7.1(a)

On August 25, August 30, and September 2, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive

5

the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their rights to do so. The Parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Respectfully submitted,

Dated: September 8, 2021

By: s/ Brian S. Boerman
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:    415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
   *sbialecki@sheridanross.com*
Brian S. Boerman
   *bboerman@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:    303 863 9700
Facsimile:    303 863 0223
Email:    *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

6