**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT DECLARATION OF AMANDA JACKSON (ECF NO. 270) AND EXHIBITS A AND B (ECF NOS. 270-1, 270-2)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to continue to restrict the Declaration of Amanda Jackson (ECF No. 270) and Exhibits A and B (ECF Nos. 270-1, 270-2). Good cause exists to grant this unopposed Motion. In support thereof, SRSA states as follows:

**I.     ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

**A.     Description of Documents and Restriction Level Sought**

SRSA seeks to maintain Level 1 restrictions for the below documents[1]:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Declaration of Amanda Jackson (ECF No. 270) | ¶ 2: text between "services among" and "in the region" and the text between "services to" and "winning deals"; ¶¶ 3-6: entirety; |

---

[1] These documents and the portions thereof for which SRSA seeks restriction were previously identified in ECF No. 293-1, which is incorporated herein by reference.

1

|  | ¶ 7: first sentence and the text between "correspondence with" and "outside counsel"; <br> ¶ 8: text between "regarding the" and "slowed down" and text between "meaning" and "ultimately elected"; <br> ¶ 9: text between "at SRSA" and "that are repeat"; and <br> ¶ 12: text between "June 2018" and "has not reached" |
|---|---|
| Exhibit A to Declaration of Amanda Jackson (ECF 270-1) | Entirety |
| Exhibit B to Declaration of Amanda Jackson (ECF 270-2) | Entirety |

### B. SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* COLO. REV. STAT. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive business information in the form of (1) SRSA customer information and (2) SRSA business practices and pricing strategies.  Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

1. **Confidential Information Regarding Customer Identities and SRSA's Business Arrangements and Negotiations with the Customer**

SRSA seeks to restrict confidential, non-public and sensitive information related to the identity of SRSA's customers and SRSA's business arrangements and negotiations with that customer. This content is located at:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Declaration of Amanda Jackson (ECF No. 270) | ¶¶ 5-6: entirety;<br>¶ 7: first sentence and the text between "correspondence with" and "outside counsel";<br>¶ 8: text between "regarding the" and "slowed down" and text between "meaning" and "ultimately elected"; and<br>¶ 12: text between "June 2018" and "has not reached" |
| Exhibit A to Declaration of Amanda Jackson (ECF No. 270-1) | Entirety |
| Exhibit B to Declaration of Amanda Jackson (ECF No. 270-2) | Entirety |

Such information is worthy of restriction, as its public disclosure would directly harm SRSA. "[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret. *See Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence, Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF Nos. 266 ¶¶ 1-22, 262 at 12-13.

The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace. Courts in this district have recognized that the identity of a party's customers is properly restricted in these circumstances. *See Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 1:19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020) (where "customers' identities are in fact trade secrets it's clear that at least their identities should be redacted").

SRSA also seeks to restrict information related to its business arrangements and negotiations with its customers. *See* ECF Nos. 270 ¶¶ 5-7, 270-1, 270-2. Confidential information related to SRSA's business arrangements and negotiations with customers are also confidential, sensitive, and worthy of restriction under federal and Colorado law. Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted). Thus, "[c]ourts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape*, 2019 WL 4242669, at *3. Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial

4

information … or other information relating to any business or profession which is secret and of value." COLO. REV. STAT. 7-74-102(4); *SBM Site Servs.,* 2011 WL 1375117, at *3.

Courts regularly restrict information that discloses terms of confidential contracts or business arrangements in these circumstances. *See, e.g., BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *10 (E.D. Va. Aug. 15, 2019) ("[T]he manner in which the parties structured their business relationship is sensitive business information that is typically sealed by Courts."); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *accord. Grundig Multimedia AG v. Eton Corp.*, No. 20-cv-05205-NC, 2021 WL 411237, at *6 (N.D. Cal. Feb. 5, 2021) (restricting agreement that disclosed how a party structures its business agreements, giving competitors an opportunity to modify their own business strategies). In addition, information about discussions with potential customers is routinely restricted from public view. *See Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Dec 10, 2015) (compelling reasons exist to justify sealing information about an entity's "discussions regarding potential partnerships with other product manufacturers"). As SRSA maintains such information as confidential, it should also be restricted here. *See* ECF No. 266 ¶¶ 3-21.

5

### 2. Confidential Information Relating to SRSA's Business Practices and Pricing Strategies

SRSA also seeks to restrict confidential, non-public and sensitive information related to SRSA's business practices and pricing strategies. This content is located at:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Declaration of Amanda Jackson (ECF No. 270) | ¶ 2: text between "services among" and "in the region" and the text between "services to" and "winning deals"; ¶¶ 3-5: entirety; and ¶ 9: text between "at SRSA" and "that are repeat" |

The portions of the documents for which SRSA seeks restriction discuss or reference SRSA's business-development strategy. Information about a company's business-development practices is routinely restricted from public view. *See, e.g., AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *7 (N.D.N.Y. Mar. 1, 2021) (finding confidential information about parties' "sales and marketing strategies generally" worthy of restriction); *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. 16-3595 (CCC)(MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017) (finding sealing documents containing "business development and commercial information" justified). As SRSA maintains such information as confidential, it should also be restricted here. *See* ECF No. 266 ¶¶ 3-21.

The portions of the documents for which SRSA seeks restriction also specifically discuss SRSA's pricing strategies. *See* ECF No. 270 ¶ 4. Pricing information is routinely afforded trade-secret status. *See Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005).

Information about SRSA's pricing strategies is highly sensitive and worthy of restriction. As SRSA has supported through declarations of its CEO, Paul Koenig, SRSA does not disclose the information making up its pricing strategies, and it would be incredibly difficult for a competitor to reverse engineer the information comprising SRSA's strategies. *See* ECF Nos. 268

¶¶ 4-11, 257 ¶¶ 15-20.  SRSA's pricing information is worthy of trade-secret status.  *See* ECF No. 262 at 15-19.  And if known to its competitors, SRSA's pricing strategies would directly harm SRSA by permitting its competitors to predict SRSA's pricing in future deals and to undercut SRSA in the marketplace.  *See id.*; ECF No. 268 ¶¶ 4-11.

  C.  **There is No Practicable Alternative to Restriction**

  No practicable alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.  SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure.  In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request.  *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).  Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances.  *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

  There is thus good cause to grant SRSA's unopposed Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

**Certificate of Conferral Under D.COLO.LCivR 7.1(a)**

  On August 25, August 30, and September 2, the parties met and conferred about SRSA's Motion.  Defendants do not oppose this Motion to Restrict.  However, Defendants do not waive

the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their rights to do so. The Parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Respectfully submitted,

Dated: September 8, 2021

By: s/ Brian S. Boerman
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:    415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
   *sbialecki@sheridanross.com*
Brian Boerman
   *bboerman@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:    303 863 9700
Facsimile:    303 863 0223
Email:    *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

8

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.