**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

   Plaintiffs,

 v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

   Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 228) AND EXHIBITS THERETO, PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 262) AND EXHIBITS FILED IN SUPPORT THEREOF, AND DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 283) AND EXHIBITS THERETO**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to continue to restrict Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 228), exhibits to Defendant's Motion (ECF Nos. 228-1, 228-3, 228-4, 228-6 through 228-17, and 228-19 through 228-37), Plaintiffs' Response in Opposition to Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 262), exhibits filed in support of Plaintiffs' Response (included in ECF Nos. 256 through 260 as identified in Exhibit A),[1] Defendant PNC Financial Services Group, Inc.'s Reply in Support of its Motion for Partial Summary Judgment (ECF No. 283), and exhibits to Defendant's Reply (ECF Nos. 283-1, 283-2, 283-8, 283-10, and 283-15 through 283-24). Each of these documents was filed as Restricted Level 1. Good cause exists to grant this unopposed Motion. In support thereof, SRSA states as follows:

I. **ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of

---

[1] Certain documents from ECF Nos. 256-260 were cited in both Plaintiffs' Response in Opposition to PNC Financial Services Group's Partial Motion for Summary Judgment (ECF No. 271) and in Plaintiffs' Response in Opposition to a Partial Motion for Summary Judgment filed by another Defendant in this case (ECF Nos. 262, 263). Plaintiffs may seek to maintain the restriction on such documents through another motion.

1

public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  Each of these factors is met here.

      **A.**      **Description of Documents and Restriction Level Sought**

For the Court's convenience, SRSA attaches as Exhibit A to this motion a chart listing its restriction require on a document-by-document basis.  The justification for restricting each document identified in Exhibit A is set forth in this Motion.  SRSA seeks to maintain Level 1 restrictions for all documents identified in Exhibit A.  The documents and portions thereof for which restriction is requested were previously identified in ECF No. 293-1, which is incorporated herein by reference.

      **B.**      **SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).  A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* COLO. REV. STAT. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action.").  Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive business information in the form of (1) confidential information regarding customer identities and preferences, and SRSA's business arrangements and negotiations with its customers; (2) confidential information relating to SRSA's pricing strategies; (3) confidential information related to SRSA's business-development strategies; (4) confidential technical and product-development information; and (5) internal SRSA corporate documents. Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

      **1.**      **Confidential Information Regarding Customer Identities and Preferences, and SRSA's Business Arrangements and Negotiations with Customers**

SRSA seeks to restrict confidential, non-public and sensitive information related to the identity of SRSA's customers and other customer information. These documents include, for example, SRSA customer communications, the compilation of which together reveal SRSA customer identities and preferences (*see, e.g.*, ECF Nos. 228-7 through 228-17, 283-2 through 283-23); presentations given to customers and other referral sources about new SRSA features and developments (*see, e.g.*, ECF Nos. 228-22 through 228-25; 228-28; 228-30 through 228-37); internal SRSA meeting notes revealing customer information (*see, e.g.*, ECF No. 228-29), SRSA's internal customer list, revealing customer identities, contact information, and preferences (*see, e.g.*, ECF No. 256-14); and Defendants' documents, spreadsheets, and internal communications showing Defendants' reliance on and use of SRSA customer information (*see, e.g.*, ECF Nos. 257-1, 258-12, 260-22).

Information related to the identity of SRSA's customers is located at:[2]

- Exhibit 22 (ECF No. 228-22)[3];
- Exhibit 23 (ECF No. 228-23);
- Exhibit 24 (ECF No. 228-24);
- Exhibit 28 (ECF No. 228-28);
- Exhibits 30 (ECF No. 228-30) through 37 (ECF No. 228-37);
- PX7 (ECF No. 256-5);
- PX29 (ECF No. 257-5);
- PX31 (ECF No. 257-7);
- PX32 (ECF No. 257-8);
- PX49 (ECF No. 258-5); and
- PX56 (ECF No. 258-12).

In addition, the documents for which SRSA seeks to maintain restriction also include other information about SRSA's customers, such as customer preferences and customer contact information. This content is located at:

- Exhibit 29 (ECF No. 228-29);
- PX7 (ECF No. 256-5): Portion for which restriction is sought on page 184;

---

[2] The documents identified below as including information about customer preferences and information about SRSA's business arrangements and negotiations with customers also include confidential information about customer identities, but are not listed separately here to avoid duplication.

[3] Except where specific portions of the document are identified, the information is located in all portions of the document for which continued restriction is requested.

4

- PX14 (ECF No. 256-12);

- PX17 (ECF No. 256-14);

- PX25 (ECF No. 257-1);

- PX110 (ECF No. 260-22);

- Defendant PNC Financial Services Group, Inc.'s Reply in Support of its Motion for Partial Summary Judgment (ECF No. 283): Portions for which restriction is sought on pages 7 and 8;

- Exhibit 46 (ECF No. 283-2);

- Exhibit 52 (ECF No. 283-8);

- Exhibit 54 (ECF No. 283-10);

- Exhibit 59 (ECF No. 283-15);

- Exhibit 60 (ECF No. 283-16);

- Exhibit 61 (ECF No. 283-17);

- Exhibit 62 (ECF No. 283-18);

- Exhibit 63 (ECF No. 283-19);

- Exhibit 64 (ECF No. 283-20);

- Exhibit 65 (ECF No. 283-21);

- Exhibit 66 (ECF No. 283-22); and

- Exhibit 67 (ECF No. 283-23).

Such information is worthy of restriction, as its public disclosure would directly harm SRSA. "[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret. *See Haggard v. Spine*, No. 09-cv-00721-CMA-

5

KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005); *see Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence Ben Lane, SRSA's compilations of customer names and information are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could then use such information to solicit SRSA's customers. *See* ECF Nos. 266 ¶¶ 1-22; 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace. Courts in this district have recognized that the identity of a party's customers is properly restricted in these circumstances. *See Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 1:19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020) (where "customers' identities are in fact trade secrets it's clear that at least their identities should be redacted").

The documents for which SRSA seeks to maintain restriction also include information related to SRSA's business arrangements and negotiations with its customers. For example, the documents for which SRSA seeks to maintain restriction include emails between SRSA and its customers discussing, among other things, contractual arrangements; contracts or other agreements between SRSA and its customers (*see, e.g.*, ECF Nos. 228-19 through 228-21); and other documents that discuss the business relationship and discussions between SRSA and its customers. This content is located at:

- Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 228);

- Exhibit 4 (ECF No. 228-4);

- Exhibit 6 (ECF No. 228-6);

- Exhibits 7 (ECF No. 228-7) through 17 (ECF No. 228-17);

- Exhibit 19 (ECF No. 228-19);

- Exhibit 20 (ECF No. 228-20);

- Exhibit 21 (ECF No. 228-21);

- Exhibit 25 (ECF No. 228-25); and

- Plaintiffs' Response in Opposition to Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 262): Portions for which restriction is sought on page 12.

Confidential information related to SRSA's business arrangements and negotiations with its customers is also confidential, sensitive, and worthy of restriction under federal and Colorado law.  Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted).  Thus, "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July

7

16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape, Inc.*, 2019 WL 4242669, at *3.  Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information … or other information relating to any business or profession which is secret and of value."  COLO. REV. STAT. 7-74-102(4); *SBM Site Servs.*, 2011 WL 1375117, at *3.

      Courts regularly restrict information that discloses terms of confidential contracts or business arrangements in these circumstances.  *See, e.g., BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *10 (E.D. Va. Aug. 15, 2019) ("[T]he manner in which the parties structured their business relationship is sensitive business information that is typically sealed by Courts."); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *accord. Grundig Multimedia AG v. Eton Corp.*, No. 20-cv-05205-NC, 2021 WL 411237, at *6 (N.D. Cal. Feb. 5, 2021) (restricting agreement that disclosed how a party structures its business agreements, giving competitors an opportunity to modify their own business strategies).  In addition, information about discussions with customers or potential customers is routinely restricted from public view.  *See Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1-2 (N.D. Cal. Dec 10, 2015) (compelling reasons exist to justify sealing

8

information about an entity's "discussions regarding potential partnerships with other product manufacturers"). As SRSA maintains such information as confidential, it should also be restricted here. *See* ECF No. 266 ¶¶ 3-21.

### 2. Confidential Information Relating to SRSA's Pricing Strategies

SRSA also seeks to restrict documents revealing SRSA's non-public pricing strategies. These materials include numerous references to the procedures, methodologies, and documents SRSA relies on to set its pricing for specific market segments and products. The documents at issue include, for example, descriptions of SRSA's pricing strategies (*see, e.g.*, ECF Nos. 262, 256-2); internal SRSA memoranda, presentations, and calculators describing SRSA's pricing strategies (*see, e.g.*, ECF Nos. 257, 257-9 through 257-15); a confidential contract with an SRSA partner bank used to determine SRSA's revenues from its escrow services (*see* ECF No. 258-8); PNC communications reflecting PNC's use of SRSA pricing strategies (*see, e.g.*, ECF Nos. 258-9, 258-10); and SRSA communications revealing historic SRSA prices to customers (*see, e.g.*, ECF Nos. 283-18, 283-20). This content is located at:

- Plaintiffs' Response in Opposition to Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 262): Portions for which restriction is sought at SADF ¶¶ 19, 22; pages 15, 16, 17, 18, 19;
- PX3 (ECF No. 256-2);
- PX24 (ECF No. 257);
- PX33 (ECF No. 257-9);
- PX34 (ECF No. 257-10);
- PX35 (ECF No. 257-11);

- PX36 (ECF No. 257-12);

- PX37 (ECF No. 257-13);

- PX38 (ECF No. 257-14);

- PX39 (ECF No. 257-15);

- PX53 (ECF No. 258-9);

- PX54 (ECF No. 258-10);

- Defendant PNC Financial Services Group, Inc.'s Reply in Support of its Motion for Partial Summary Judgment (ECF No. 283): Portions for which restriction is sought on page 10;

- Exhibit 62 (ECF No. 283-18); and

- Exhibit 64 (ECF No. 283-20).

Information about SRSA's pricing strategies is highly sensitive and worthy of restriction. Pricing information is routinely afforded trade-secret status. *See Doubleclick*, 402 F. Supp. 2d at 1258. As SRSA has supported through declarations of its CEO, Paul Koenig, SRSA does not disclose the information making up its pricing strategies, and it would be incredibly difficult for a competitor to reverse engineer the information comprising SRSA's strategies. *See* ECF Nos. 268 ¶¶ 4-11, 257 ¶¶ 15-20. SRSA's pricing information is worthy of trade-secret status. *See* ECF No. 262 at 15-19. And if known to its competitors, SRSA's pricing strategies would directly harm SRSA by permitting its competitors to predict SRSA's pricing in future deals and to undercut SRSA in the marketplace. *See id.*; ECF No. 268 ¶¶ 4-11.

### 3. Confidential Information Related to SRSA's Business Development Strategies

SRSA further seeks to restrict documents revealing SRSA's non-public business-development strategies. The documents at issue include, for example, presentations to customers and/or potential customers that embody SRSA's business development strategies (*see, e.g.*, ECF Nos. 228-22 through 228-24; 228-28; 228-30 through 228-37), and internal SRSA meeting notes revealing SRSA business-development strategies (*see, e.g.*, ECF No. 228-29). This content is located at:[4]

- Exhibit 22 (ECF No. 228-22);
- Exhibit 23 (ECF No. 228-23);
- Exhibit 24 (ECF No. 228-24);
- Exhibit 28 (ECF No. 228-28);
- Exhibits 30 (ECF No. 228-30) through 228-37 (ECF No. 228-37);
- PX14 (ECF No. 256-12);
- PX24 (ECF No. 257); and
- Defendant PNC Financial Services Group, Inc.'s Reply in Support of its Motion for Partial Summary Judgment (ECF No. 283): Portions for which restriction is sought on pages 11 and 12.

Information about a company's business-development practices is routinely restricted from public view. *See, e.g., AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598

---

[4] Information about SRSA's communications with its customers, business arrangements with its customers, and pricing strategy also reveal aspects of SRSA's business-development strategies but are not separately listed here.

11

(BKS/CFH), 2021 WL 776701, at *7 (N.D.N.Y. Mar. 1, 2021) (finding confidential information about parties' "sales and marketing strategies generally" worthy of restriction); *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. 16-3595 (CCC)(MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017) (finding sealing documents containing "business development and commercial information" justified). Documents in this category also include additional sensitive strategic information, including for example product-strategy and business-plan information (*see, e.g.*, ECF No. 227-15). This type of information is likewise routinely restricted from public view. *See In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 9, 2019) (finding compelling reasons to seal "proprietary business records, discussions of internal strategy, [and] company dealings," among others). Publicizing SRSA's internal strategic information would provide SRSA's competitors with sensitive information that they would otherwise not be able to ascertain and which those competitors could use against SRSA in the marketplace. As SRSA maintains such information as confidential, it should also be restricted here. *See* ECF No. 266 ¶¶ 3-21.

### 4. Confidential Technical and Product-Development Information

SRSA also seeks to restrict information regarding SRSA's technical processes, operational procedures, and proprietary documents used to run its online payments platform. For example, the documents at issue include documents attaching or describing SRSA's proprietary payments spreadsheet (*see, e.g.*, ECF No. 228-3); SRSA product roadmaps and specifications (*see, e.g.*, ECF Nos. 228-26, 228-27, 256-15, 256-16, 257-16, 257-17, 257-19, 258, 258-1); descriptions of SRSA's trade secret development and product strategy (*see, e.g.*, ECF No. 262); SRSA's trade-secret identification, as well as declarations, describing operations processes and

development history of its trade secret information (*See, e.g.*, ECF Nos. 259-1, 256-10); communications and other documents reflecting Defendants' use of SRSA product and payments-process information (*see, e.g.*, ECF Nos. 257-18, 258-6, 258-16, 259-14, 260-15, 260-16, 260-19); internal SRSA documents describing its payments and operational processes (*see, e.g.*, ECF Nos. 258-18, 258-19); and PNC payments-processing and operation documents reflecting PNC's use of SRSA payments and operational processes (*see, e.g.*, ECF Nos. 260-15, 260-16, 260-20).  This content is located at:

- Exhibit 3 (ECF No. 228-3);
- Exhibits 7 (ECF No. 228-7) through 17 (ECF No. 228-17);
- Exhibit 26 (ECF No. 228-26);
- Exhibit 27 (ECF No. 228-27);
- Plaintiffs' Response in Opposition to Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 262): Portions for which restriction is sought at SADF ¶¶ 26, 27; pages 12, 20, 22, 23, 24, and 25;
- PX12 (ECF No. 256-10);
- PX18 (ECF No. 256-15);
- PX19 (ECF No. 256-16);
- PX40 (ECF No. 257-16);
- PX41 (ECF No. 257-17);
- PX42 (ECF No. 257-18);
- PX43 (ECF No. 257-19);
- PX44 (ECF No. 258);

- PX45 (ECF No. 258-1);

- PX50 (ECF No. 258-6);

- PX61 (ECF No. 258-16);

- PX62 (ECF No. 258-17);

- PX63 (ECF No. 258-18);

- PX64 (ECF No. 258-19);

- PX66 (ECF No. 259-1);

- PX79 (ECF No. 259-14);

- PX101 (ECF No. 260-15);

- PX102 (ECF No. 260-16);

- PX107 (ECF No. 260-19);

- PX108 (ECF No. 260-20);

- Defendant PNC Financial Services Group, Inc.'s Reply in Support of its Motion for Partial Summary Judgment (ECF No. 283): Portions for which restriction is sought on page 13;

- Exhibit 46 (ECF No. 283-2); and

- Exhibit 68 (ECF No. 283-24).

The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). And here, such technical information took years of research and development for SRSA to develop, is not disclosed publicly or only disclosed

with appropriate confidentiality restrictions, and is worthy of trade-secret status.  *See* ECF Nos. 256-10 ¶¶ 7-14, 21-65; 262 at 7-10, 19-26.  As attested to in SRSA's employee declaration, a competitor armed with such information would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace.  *See* ECF No. 256-10 ¶¶ 7-14, 21-65.

> 5. **Internal SRSA Corporate Documents**

Finally, SRSA seeks restriction over documents revealing SRSA corporate policies and procedures.  These include documents discussing SRSA's internal security procedures (*see, e.g.,* ECF No. 228-1), and documents revealing SRSA employee compensation (*see* ECF No. 260-11).  This information is located at:

- Exhibit 1 (ECF No. 228-1);
- Plaintiffs' Response in Opposition to Defendant PNC Financial Services Group, Inc.'s Motion for Partial Summary Judgment (ECF No. 262): Portions for which restriction is sought on page 27; and
- PX96 (ECF No. 260-11).

Courts have routinely sealed such internal corporate information.  *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal with respect to defendants' "policies[] and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"); *Koninklijke Philips*, 2015 WL 581574, at *1-2 (compelling reasons exist to justify sealing information about an entity's "business practices" and "recruitment efforts").  To avoid SRSA's competitors and

15

other third parties mimicking – or exploiting – SRSA's procedures and practices, such information should be restricted from public view.

### C. There is No Practicable Alternative to Restriction

No practicable alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information, to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access to this Court's records, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's unopposed Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

### Certificate of Conferral Under D.COLO.LCivR 7.1(a)

On August 25, August 30, September 2, September 8, and September 9, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case,

and expressly reserve their rights to do so. The Parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Dated: September 10, 2021

Respectfully submitted,

By: s/ Brian S. Boerman
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415-391-5400
Facsimile:     415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Brian S. Boerman
*bboerman@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:     303 863 9700
Facsimile:     303 863 0223
Email:     *litigation@sheridanross.com*

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.