IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability
company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

## SPECIAL MASTER'S ORDER RE: PLAINTIFF'S OBJECTIONS TO SUBPOENA SERVED ON WILMINGTON TRUST, N.A.

---

Defendants served their Subpoena to Produce Documents on Wilmington Trust,
N.A. The subpoena requested production of a settlement agreement entered into in
litigation between Wilmington Trust and Gregory Nelson in litigation in the United States
District Court for Minnesota captioned *Wilmington Trust, N.A. v. Nelson*, 0:18-cv-03299-
PJS-DTS. By letter from Plaintiffs' counsel dated January 11, 2021, Plaintiffs objected to
the subpoena. The parties stated their positions concerning the objections in their Joint
Status Report [Dkt. 356]. A hearing took place via Zoom meeting on March 8, 2021. Mr.
Rothstein, Mr. Yu and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Robbins, Ms.
Jacobs, and Mr. Johnson appeared on behalf of the Defendants. The hearing was
recorded by a court reporter, who prepared a transcript.

Pursuant to the parties' Joint Status Report, the arguments of counsel at the

hearing, and being otherwise fully advised, the Court finds and orders as follows:

Plaintiff objects to the subpoena, arguing that the subject settlement agreement cannot shed any light on the issues in this case and its confidentiality should be preserved. I disagree.

At the time that the subpoena at issue was served, Gregory Nelson was an employee of Plaintiff SRSA. In the Wilmington Trust litigation, he was accused of misappropriating confidential information from Wilmington Trust and bringing that information to SRSA. At the hearing on this matter, it was established that: 1) SRSA, as Mr. Nelson's employer, was involved in the Wilmington Trust litigation, 2) SRSA's interests were affected by the litigation, and 3) SRSA was a party to the settlement agreement. Mr. Koenig from SRSA was deposed in the litigation and provided a declaration that pricing in the industry (the same industry that is the subject of this litigation) was not a trade secret. SRSA is a party to the agreement, which deals with issues that are presented in this case.

Based on the facts presented at the hearing and having considered the factors set forth in F.R.Civ.P. 26(b)(1), I find that the settlement agreement is both relevant and within the scope of discovery in this action.

Much of the briefing and argument here focused on whether a motion for protective order under F.R.Civ.P 26(c) or a motion to quash the subpoena under F.R.Civ.P. 45(d)(3) was procedurally appropriate. I need not resolve that issue because under either Rule, a motion would fail. Because the subpoena seeks a single document that is discoverable in this action, it does not subject Wilmington Trust to annoyance, embarrassment, oppression, or undue burden or expense. Therefore, if the motion were presented in the

form of a motion for protective order, it would be denied. Similarly, assuming Plaintiffs have standing to move to quash, the request to quash, for similar reasons, does not subject Wilmington Trust or Plaintiffs to undue burden and a motion to quash would be denied.

Plaintiffs argue that there is a strong public policy to keep settlement agreements confidential, absent a compelling justification, citing *FireClean, LLC v. Tuohy*, 2018 WL 1811712 (D. Ariz.) April 17, 2018. Again, I disagree.

First, any confidentiality concerns would be concerns of Wilmington Trust and Wilmington Trust has not objected to producing the document. Second, it appears that the District of Colorado has taken a different approach and has fewer concerns about the production of these types of agreements. See *Church Mutual Ins. Co. v. Coutu*, 2017 WL 11547321 (D. Colo. 2017), 17-cv-00209-RM-NYW (no heightened burden for admissibility of confidential settlement agreement); *Norstar Residential, LLLP v. First Mercury Ins. Co.*, 2013 WL 5755246 (D. Colo. 2013), 13–cv–00785–WJM–BNB ("Although a settlement agreement contains a confidentiality provision, litigants cannot shield otherwise discoverable information from disclosure to others by agreeing to maintain its confidentiality, and cannot modify the Federal Rules of Civil Procedure by agreement.") Third, even if the District of Colorado were to embrace the holding of *Tuohy*, there is a compelling justification to produce the settlement agreement here because it relates to the same subject matter as this case, SRSA is a party to the agreement, and confidentiality concerns can be adequately addressed by use of the protective order already entered in this case.

Finally, because the settlement agreement is discoverable in this case, it should

be produced by Plaintiffs.   While that relief has not been requested in the briefing, production of the agreement by Plaintiffs would circumvent the need to obtain the document from Wilmington Trust by subpoena and would be a more efficient and less expensive way to obtain discoverable information.

For the foregoing reasons, Plaintiffs' objections to the Wilmington Trust subpoena are OVERRULED.   If the settlement agreement is not produced by Plaintiffs, Wilmington Trust is ordered to produce the settlement agreement within 14  days of the date of this Order.

Dated:  September 24, 2021                  BY THE COURT

David M. Tenner, Special Master

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: PLAINTIFF'S OBJECTIONS TO SUBPOENA SERVED ON WILMINGTON TRUST, N.A.** was electronically filed with the Clerk of the Court using the CM/ECF system on this 24th day of September, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.co
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Brian S. Boerman  bboerman@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
Elizabeth P. Weissert  weisserte@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant