IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

## SPECIAL MASTER'S ORDER RE: PLAINTIFFS' OBJECTIONS TO SUBPOENA SERVED ON KIVU CONSULTING

Defendants served their Notice of Subpoena of Kivu Consulting. The subpoena requested that Kivu Consulting ("Kivu") give testimony at a deposition scheduled for December 8, 2020. In their January 21, 2020 Joint Status Report, the parties identified six additional discovery disputes, including the parties' dispute concerning the Kivu deposition. A hearing took place on the dispute via Zoom meeting on March 8, 2021. Mr. Rothstein, Mr. Yu and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Robbins, Ms. Jacobs, and Mr. Johnson appeared on behalf of the Defendants. The hearing was recorded by a court reporter, who prepared a transcript.

Pursuant to the parties' Joint Status Report, the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

Plaintiffs retained Kivu on March 15, 2018 to perform a forensic investigation of

devices used by the individual Defendants.  Plaintiffs object to the subpoena and the deposition, arguing that Kivu is a consulting expert only employed for trial preparation and not for testimony and should be protected pursuant to F.R.Civ.P. 26(b)(4)(D).  As relevant here, the Rule provides:

> Ordinarily, a party may not, by . . . deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.  But a party may do so only: . . . on showing exceptional circumstances under which it is impracticable for the party to obtain fact or opinions on the same subject by other means.

The heart of the dispute here is whether or not Plaintiffs retained Kivu "in anticipation of litigation or to prepare for trial".  Defendants argue that Plaintiffs were not anticipating litigation when Plaintiffs employed Kivu on March 15.  Plaintiffs claim that they were anticipating litigation at that time.  Defendants argue that to anticipate litigation, litigation must be imminent.  Plaintiffs argue that to anticipate litigation, litigation need only be contemplated.

In their Joint Status Report and at the hearing none of the parties provided any caselaw concerning what "anticipation of litigation" means <u>in the context of F.R.Civ.P. 26(b)(4)(D)</u>.  Nor has the Court, after a diligent search, been able to discover any caselaw interpreting the phrase in the context of this particular Rule.  Here, however, the distinction between litigation being "imminent" and litigation being "contemplated" is a distinction without a difference.

By March 15, 2018, Plaintiffs had already sent a letter to Defendants regarding their view of Mr. Tsarnas and Ms. Kelly's conduct.  On March 9, 2018, Mr. Patchen wrote a letter to Mr. Jordan.  Although that letter was not entered into evidence at the hearing, portions of the letter were read into evidence by counsel.  The letter stated: "Tsarnas and

2

Kelly could not perform their new jobs without inevitably disclosing trade secret information, given the level of knowledge on trade secrets and proprietary information that each possesses about SRS and its clients." Given that Plaintiffs took the view that Defendants could not do their jobs without violating their legal obligations, I find that by March 9, 2018, litigation was "anticipated" - both contemplated and imminent – as that phrase in used in Rule 26(b)(4)(D).

Neither was any evidence or argument presented in the briefing or at the hearing of exceptional circumstances under which it is impracticable for Defendants to obtain fact or opinions on the same subject by other means. The devices examined can be examined (and presumably have already been examined) by Defendants. What is being sought here is Kivu's work regarding the examination. It is precisely this trial preparation work that the Rule is designed to protect.

Defendants also argue that Plaintiffs admitted in a response to Defendants' Request for Admission, that it did not contemplate litigation as of March 15, 2018. Again, counsel did not provide the subject Request for Admission or Plaintiffs' Response at the hearing. Instead, portions of the Request and Response were read by counsel. Based on the portions of the Request and Response provided, the Response was an improper and legally insufficient response to a confusing Request.

The Request asked if Plaintiffs "reasonably anticipated litigation" on March 15, 2018. See Hearing Transcript, p. 15, lines 15-17. However, Rule 26(b)(4)(D) is not triggered by when a party "reasonably" anticipates litigation. Reasonableness is not mentioned in the Rule. Rather, the Rule is triggered when a party actually anticipates litigation. By failing to ask when Plaintiffs actually anticipated litigation, the Request and

3

the Rule confuse apples with oranges.

Making matters more obtuse, the Response is a hodgepodge of sentences reciting facts, but failing to either admit or deny the Request.  See Hearing Transcript, p. 18, lines 3-19.  F.R.Civ.P. 36(a)(4) provides:  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Thus, when responding to a request for admission, a party has three options: 1) admit, 2) deny, or 3) state in detail why the request cannot be admitted or denied.  Plaintiffs' Response did none of these.

What is clear from the Response is that it cannot reasonably be read to be an admission that Plaintiffs reasonably anticipated litigation on March 15, 2018.

Finally, Defendants argue that Plaintiffs' objection to the subpoena was untimely because Plaintiffs did not object within 14 days.  It is undisputed that the subpoena was served on November 13, 2020 and the objection was made on December 1, 2020.  However, the 14-day objection requirement in Rule 45 is only for document subpoenas.  See F.R.Civ.P. 45(d)(2)(B).  Moreover, Defendants' argument that Plaintiffs' failure to object to an earlier, different document subpoena served on Kivu should be construed as a knowing and voluntary waiver of any objection to a deposition subpoena served later on Kivu is strained.  Kivu had no responsive documents to the earlier document subpoena.  Therefore, there was no reason for Plaintiffs to object.  Kivu objected when there was a reason to object; when the deposition subpoena was served.

4

For the foregoing reasons, the deposition subpoena to Kivu Consulting is quashed pursuant to F.R.Civ.P. 26(b)(4)(D).

Dated: October 5, 2021

BY THE COURT

_____
David M. Tenner, Special Master

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: PLAINTIFFS' OBJECTIONS TO SUBPOENA SERVED ON KIVU CONSULTING** was electronically filed with the Clerk of the Court using the CM/ECF system on this 5th day of October, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.co
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Brian S. Boerman  bboerman@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111

6

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
Elizabeth P. Weissert  weisserte@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant

7