I IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' MOTION TO RESTRICT DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF 550]**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................2

    A. Description of Documents and Restriction Level Sought........................................3

    B. SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access ............................................................3

        1. Confidential Information Regarding SRSA Customers...............................5

        2. Confidential SRSA Technical Information...................................................6

    C. SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access ............................................................7

    D. The Court Should Not Resolve Questions of Trade-Secret Status on a Motion to Restrict ......................................................................................................9

III. CONCLUSION.....................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*,
   No. 18-CV-01897-DDD-NYW, 2020 WL 7979022 (D. Colo. Nov. 3, 2020) ..........................6

*Colony Ins. Co. v. Burke*,
   698 F.3d 1222 (10th Cir. 2012) ......................................................................................2

*Delphix Corp. v. Actifio, Inc.*,
   No. 13-cv-04613-BLF, 2014 WL 4145520 (N.D. Cal. Aug. 20, 2014) ....................................7

*Deschenes Consulting LLC v. Nu Life Mkt. LLC*,
   No. 19-cv-03465-RM-SKC, 2020 WL 2747702 (D. Colo. May 27, 2020) ........................6, 10

*Doubleclick Inc. v. Paikin*,
   402 F. Supp. 2d 1251 (D. Colo. 2005) ..............................................................................5

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
   26 F. Supp. 2d 606 (S.D.N.Y. 1998) ..................................................................................3

*Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*,
   No. 18-cv-02525-DDD-KLM, 2019 WL 4242669 (D. Colo. Sept. 5, 2019) ........................3, 4

*Greenway Nutrients, Inc. v. Blackburn*,
   No. 13-cv-01088MSK-KMT, 2013 WL 12246891 (D. Colo. May 20, 2013) ........................4

*Haggard v. Spine*,
   No. 09-cv-00721-CMA-KMT, 2009 WL 1655030 (D. Colo. June 12, 2009) ........................5

*Healthtrio, LLC v. Aetna, Inc.*,
   No. 12-cv-03229-REB-MJW, 2014 WL 6886923 (D. Colo. Dec. 5, 2014) ..............................8

*Hershey v. ExxonMobil Oil Corp.*,
   550 F. App'x 566 (10th Cir. 2013) ....................................................................................4

*Johnstech Int'l Corp. v. JF Microtechnology SDN*,
   No. 14-cv-02864-JD, 2016 WL 4091388 (N.D. Cal. Aug. 2, 2016) ........................................5

*L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.*,
   125 F. Supp. 36 1155, 1186 (D. Colo. 2015) ......................................................................8

*SBM Site Servs., LLC v. Garrett*,
  No. 10-cv-00385-WJM-BNB, 2011 WL 1375117 (D. Colo. Apr. 12, 2011)......................4, 10

*Shell v. Am. Fam. Rts. Ass'n*,
  No. 09-CV-00309-MSK-KMT, 2012 WL 13005966 (D. Colo. Aug. 27, 2012)...................3, 9

*Slawson Exploration Co. v. Arch Specialty Ins. Co.*,
  No. 15-cv-01131-KLM, 2016 WL 1572370 (D. Colo. Apr. 19, 2016) ......................................9

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*,
  No. 11-cv-01468-WJM-BNB, 2012 WL 2917116 (D. Colo. July 16, 2012) ............................4

*Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*,
  No. 15-CV-01541-CMA-CBS, 2017 WL 3425140 (D. Colo. Aug. 9, 2017)............................9

**Statutes**

18 U.S.C. § 1835.................................................................................................................3, 8

COLO. REV. STAT. § 7-74-106 ..........................................................................................1, 3, 10

COLO. REV. STAT. § 7-7410 .......................................................................................................8

iii

## I. INTRODUCTION

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to restrict portions of Defendants' Reply in support of Defendants' Motion for Summary Judgment ("Reply") and certain supporting exhibits. Each of these documents was filed as Restricted Level 1.

In this trade-secret case, Defendants' principal argument on summary judgment is that the SRSA trade-secret information they stole does not qualify for protection as such. *See* ECF 492 at 5-34. As with Defendants' opening summary judgment motion and SRSA's response, Defendants' summary judgement reply (the "Reply") discusses at length the very trade secrets SRSA accuses Defendants of stealing and thereby reveals SRSA's confidential, trade-secret information. To prevent the disclosure of such information while Defendants' motion is pending, SRSA now moves to restrict select portions of Defendants' Reply. *See* COLO. REV. STAT. § 7-74-106 (directing courts to "preserve the secrecy of alleged trade secrets by reasonable means," including by sealing documents). Good cause exists to grant this Motion, because restricting the identified portions of Defendants' Reply papers is necessary to prevent the disclosure of the very trade secrets that SRSA filed this lawsuit to protect.

Just as they opposed SRSA's motion to restrict portions of Defendants' summary judgment moving papers and SRSA's response, Defendants oppose this motion to restrict. Defendants' strategy of opposing SRSA's sealing requests in order to repeat their summary judgment arguments is procedurally improper and meritless.

Indeed, courts regularly grant motions to restrict the precise categories of information described in the parties' summary judgment papers and addressed in this request. Here, SRSA's

1

summary judgment response relies on six sworn declarations testifying that SRSA's technical, customer and business strategy information is maintained confidentially by SRSA, and that disclosure of such information would be highly damaging to SRSA's business. *See* ECF 533; 531; 295-1; 269; 268; 266. Those declarations directly address the information that SRSA now seeks to restrict. The Court should grant SRSA's sealing request because it addresses exactly the sort of information Colorado law contemplates should be sealed, SRSA has proposed narrow redactions that would restrict only the most sensitive information, and the Court has repeatedly sealed similar information in this case.[1]

## II.     ARGUMENT

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

To support a motion to restrict public access under D.C.COLO.LCivR 7.2(c), a party must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4)

---

[1] *See, e.g.*, ECF 518 (restricting customer information), ECF 514 (restricting customer information and internal corporate information); ECF 511 (restricting technical and product-development information, and customer information); ECF 508 (restricting technical and product-development information, and customer information); ECF 438 (restricting pricing strategy information, technical and product-development information, and internal corporate information); ECF 394 (restricting pricing strategy information); ECF 210 (restricting customer information, technical and product-development information, pricing strategy information, and internal corporate information).

1752251

explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

### A.     Description of Documents and Restriction Level Sought

For the Court's convenience, SRSA attaches as Exhibit A to this motion a chart listing its requested restriction on a document-by-document basis. The justification for restricting each document identified in Exhibit A is set forth in this Motion. SRSA seeks to maintain **Level 1** restrictions for all documents identified in Exhibit A.

### B.     SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access

In a trade secrets case, while "there is no privilege excepting trade secrets from discovery," courts "must exercise discretion to avoid unnecessary disclosures of such information." *Shell v. Am. Fam. Rts. Ass'n*, No. 09-CV-00309-MSK-KMT, 2012 WL 13005966, at *1 (D. Colo. Aug. 27, 2012) (citations and brackets omitted). In particular, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Thus, a court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* COLO. REV. STAT. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). And under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape,*

3

*Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive business information in the form of (1) confidential information regarding customer identities and preferences, and SRSA's business arrangements and negotiations with its customers; (2) confidential information related to two SRSA technical trade secrets: SRSA's proprietary online payment methods and the legal and financial structure of SRSA's Acquiom Compensation Payments ("ACP") product.

Restriction over these categories of information is warranted here lest the Court's "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011). Indeed, courts "have supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing." *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted). And thus, "[c]ourts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citation omitted)); *Genscape, Inc.*, 2019 WL 4242669, at *3.

1. **Confidential Information Regarding SRSA Customers**

SRSA seeks to restrict confidential, non-public, and trade-secret information about SRSA's customers.

*First*, portions of Defendants' Reply (ECF 550 at ECF pages 14, 15, 18, 20, 22, and 25) and the entirety of Exhibit 86 (ECF 550-7) reveal detailed information about SRSA customers, including their identities and preferences. Exhibit 86 attached a non-public, internal SRSA customer list revealing the identities of SRSA customers and detailed information about their preferences, including the number of prior engagements with SRSA and the products and services they previously purchased. Defendants' Reply also discloses the identities of several SRSA customers.

This material should be restricted because disclosing the information SRSA has compiled over several years regarding its key customers and their preferences would cause competitive harm to SRSA. *See, e.g.*, *Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *9 (D. Colo. June 12, 2009) ("[I]nformation regarding his customers' surgical specialties, business preferences, and contact people" is recognized as trade secret.); *see also Doubleclick Inc. v. Paikin*, 402 F. Supp. 2d 1251, 1258 (D. Colo. 2005) (recognizing that "the identity of the targeted clients" is "itself a potential trade secret"); *Johnstech Int'l Corp. v. JF Microtechnology SDN*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"). As supported by the declaration of SRSA's Director of Business Intelligence Ben Lane, SRSA's customer identities, and information about them, are maintained secretly by SRSA and would be quite valuable to a competitor in the online payments-and-escrow products industry, who could

then use such information to solicit SRSA's customers. *See* ECF 266 ¶¶1-22, ECF 262 at 12-13. The disclosure of such information would thus be highly damaging to SRSA's competitive standing in the marketplace. Courts in this District have recognized that the identity of a party's customers is properly restricted in these circumstances. *See Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020) (where "customers' identities are in fact trade secrets it's clear that at least their identities should be redacted").

### 2. Confidential SRSA Technical Information

SRSA also seeks to maintain restriction over information revealing two types of trade-secret SRSA technical information:

***First***, Exhibit 81 (*see* ECF 550-2, entirety) and Exhibit 83 (*see* ECF 550-4, in the portions specified in Ex. A) reveal highly confidential, detailed information about the operational rules and logic SRSA's has developed for electronically tracking, suspending, and updating payments in a transaction. SRSA does not seek to restrict references to the fact that it can electronically track, suspend, or update payments, but detailed information as to how it was able to do so in its electronic system. *See Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 18-CV-01897-DDD-NYW, 2020 WL 7979022, at *6 (D. Colo. Nov. 3, 2020) (granting motion to restrict proprietary memorandum that revealed "confidential and proprietary aspects of [defendant's] product design" and the "'DNA mapping for [it's] product").

***Second***, Defendants' Reply at ECF page 18 reveals detailed, non-public information about the structure of SRSA's ACP product. SRSA now seeks to restrict references to internal SRSA documents disclosing the structure of its ACP product that Defendants cite in Reply.[2]

The public disclosure of "highly sensitive information regarding [Plaintiff's] product architecture and development . . . could cause harm to [Plaintiff] if the information were to become known to a competitor." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014). Here, such technical information took years of research and development, is not disclosed publicly or only disclosed with appropriate confidentiality restrictions, and is worthy of trade-secret status. *See* ECF 295-1 ¶¶4-5, 10-12; ECF 531 ¶¶3-9 (payment methods); ECF 256-10 ¶¶41-44 (ACP's structure). As attested to in numerous SRSA employee declarations, a competitor armed with such information (like Tsarnas and Kelly) would gain significant insight into how to mimic SRSA's industry-leading products, and cause SRSA competitive harm in the marketplace. *See* ECF 295-1 ¶3; ECF 256-10 ¶¶45-46.

**C.     SRSA's Interest in the Protection of its Confidential Information Outweighs the Presumption of Public Access**

No practicable alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA.

---

[2] Defendants' Reply discloses this information to assert that SRSA's website disclosed the structure of its ACP product. *See* ECF 550 at ECF page 13. Defendants' argument paints a false comparison between the public, high-level information disclosed in SRSA's website and the detailed, non-public information about the ACP product kept internally within SRSA. *Compare* ECF 550 at ECF page 19 *with* ECF 256-10, ¶¶41-44, ECF 526-5.

As described above, SRSA will suffer a concrete and serious injury to its competitive standing if restriction is not maintained. Indeed, SRSA maintains confidentiality over its trade secrets and other confidential information, to maintain its competitive advantage and to avoid the inevitable harm that would result from disclosure. *See, e.g.*, ECF 295-1, ¶¶3, 10; 268, ¶¶6, 8-9, 11, 13; 266, ¶¶6, 11, 14, 16, 20-21, 24. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014).

SRSA's interest in its confidential information outweighs the presumption of public access. Indeed, in the context of a trade-secret dispute like here, the legislatures have already weighed the competing concerns and decided in favor of restriction. COLO. REV. STAT. § 7-74106; 18 U.S.C. § 1835 (requiring courts to "enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). And having already granted motions to restrict covering these same categories of information,[3] this Court has already recognized that SRSA's interests outweigh the presumption of public access. Moreover, the public has minimal interest in access to any portions of the exhibits that are not cited in a brief. *See L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 36 1155, 1186 (D. Colo. 2015) ("Any portion of an exhibit that is not specifically cited in a party's brief is, by definition, beyond the scope of the Court's review and thus irrelevant.").

---

[3] *See* footnote 1, *supra*.

1752251

There is no practicable alternative to restriction, and only restriction will adequately protect SRSA's interest. The competitive value of the information for which SRSA seeks restriction is derived from its non-public nature. *See, e.g.*, ECF 295-1 ¶¶3, 10; ECF 268 ¶¶6, 8-9, 11, 13; ECF 266 ¶¶6, 11, 14, 16, 20-21, 24.

Recognizing the public value of access to this Court's records, however, SRSA is willing to file public redacted versions of the restricted documents to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

### D.     The Court Should Not Resolve Questions of Trade-Secret Status on a Motion to Restrict

Notwithstanding these facts, Defendants have declared their intent to oppose this motion--along with SRSA's other motions to restrict the summary-judgment record--on the basis that the information is not sufficiently confidential. That is not only wrong on the facts, as described above; it is also procedurally improper. It is well established that "[t]rade-secret status is a question of fact for determination by the trier of fact." *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-CV-01541-CMA-CBS, 2017 WL 3425140, at *3 (D. Colo. Aug. 9, 2017) (collecting cases). Thus, "[a]lthough there is certainly no hard and fast rule that trade secrets described with the requisite reasonable particularity be filed under seal, they typically are in order to preserve the secrecy required for such material." *Shell*, 2012 WL 13005966, at *2 (citations omitted).

Here, Defendants are not entitled to a second bite at the apple on their summary-judgment motion by arguing, in opposition to a motion to restrict, that SRSA's confidential

information does not qualify as trade-secret. *See, e.g.*, *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 19-cv-03465-RM-SKC, 2020 WL 2747702, at *3 (D. Colo. May 27, 2020) (rejecting "Deschenes's argument . . . that Nu Life's motions to restrict should not be granted unless and until Nu Life can show as a matter of law that its corporate customers' identities are trade secrets"). Motions to restrict are subject to an entirely different standard than trade-secret status, *see id.*, and are appropriate whenever disclosure "might serve as a source of business information that could harm a litigant's competitive standing," *see SBM Site Servs*, 2011 WL 1375117, at *3. Further, Colorado law instructs that courts "shall preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action." COLO. REV. STAT. § 7-74-106 (emphasis added). Defendants' attempt to re-litigate the confidentiality of SRSA's customer and technical information would turn what is typically an administrative motion into a contested, evidentiary matter—one that is not suitable for summary judgment, much less a motion to restrict. The Court should reject Defendants' procedurally improper gambit.

### III.  CONCLUSION

There is thus good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

### Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On October 12, 2021, the parties met and conferred about SRSA's Motion. Defendants intend to oppose this Motion to Restrict and the entirety of SRSA's restriction request.

10

1752251

x

|  | Respectfully submitted, |
|---|---|
| Dated: October 13, 2021 | By: s/ *Victor H. Yu* <br> Warren A. Braunig <br> *wbraunig@keker.com* <br> Michelle S. Ybarra <br> *mybarra@keker.com* <br> Benjamin D. Rothstein <br> *brothstein@keker.com* <br> Katie Lynn Joyce <br> *kjoyce@keker.com* <br> Victor H. Yu <br> *vyu@keker.com* <br><br> KEKER, VAN NEST & PETERS LLP <br> 633 Battery Street <br> San Francisco, CA 94111-1809 <br> Telephone:   415-391-5400 <br> Facsimile:   415-397-7188 <br><br> SHERIDAN ROSS P.C. <br> Scott R. Bialecki <br> *sbialecki@sheridanross.com* <br> Matthew C. Miller <br> *mmiller@sheridanross.com* <br> 1560 Broadway, Suite 1200 <br> Denver, Colorado 80202 <br> Telephone:   303 863 9700 <br> Facsimile:   303 863 0223 <br> Email:   *litigation@sheridanross.com* <br><br> Attorneys for Plaintiffs <br> SRS ACQUIOM INC. AND <br> SHAREHOLDER REPRESENTATIVE SERVICES LLC |

## Compliance With Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

1752251