IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RESTRICT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO (ECF 548)**

## I. INTRODUCTION

The Court should grant SRSA's motion to restrict because SRSA has clearly articulated an "interest in maintaining its business information private" that outweighs the presumption of public access to the limited portions of the summary judgment record that SRSA has sought to seal. *See Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019) (citations omitted); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) ("While the public generally has a right to access documents in the court's record, a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (citation omitted)). Nothing in Defendants' opposition refutes that. Instead, their opposition conflates the standard for sealing documents with the standard for trade-secret status, *see* ECF No. 555 at 5–14, and then rehashes the same summary judgment

1

arguments Defendants already presented to the Court, at considerable length. The standard for restricting information in this district—Local Civil Rule 7.2(c)—hardly receives a mention in Defendants' opposition, but the term "trade secret" appears 39 times. Defendants have needlessly burdened the Court and SRSA by contesting a motion to restrict that should clearly be granted, for no apparent reason other than attempting to amplify their summary judgment motion. This is litigation for litigation's sake, and it should be rejected.

## II.   LEGAL ARGUMENT

### A.   Defendants' opposition improperly seeks to relitigate their summary judgment motion.

There is no requirement that a party seeking to restrict business information must prove that the information is a trade secret. "[T]he presumption of public access to Court files is outweighed by [a party's] interest in maintaining its *business information* private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019) (emphasis added). Restricting confidential *business information* is reasonable whenever "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011). Moreover, in a trade secrets dispute, alleged trade secrets are entitled to protection *at least* until an adjudication on the merits; and opposing restriction by contesting the trade-secret status of that information puts the cart before the horse. *See, e.g.*, COLO. REV. STAT. § 7-74-106 (instructing courts to "preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action" (emphasis added)). Thus, for example, in *Shell v. Am. Fam. Rts. Ass'n*, 2012 WL 13005966 (D. Colo. Aug. 27, 2012), that court restricted ***alleged*** trade secret information, even though "the trade secret information has been previously

2

released to a large number of persons" that attended the plaintiff's seminars or used the information under a license, because "courts must exercise discretion to avoid unnecessary disclosures of such information" during a trade secret dispute. *Id*. at *1 (citation and alterations omitted); *see also Deschenes Consulting LLC v. Nu Life Mkt. LLC*, 2020 WL 2747702, at *3 (D. Colo. May 27, 2020) (rejecting a party's argument that the opposing party's "motions to restrict should not be granted unless and until [the opposing party] can show as a matter of law that its corporate customers' identities are trade secrets"); *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *2 (D. Colo. Sept. 27, 2013) ("Whether a secret's owner has sufficiently attempted to protect the secrecy of that information is typically a question of fact to be resolved by the factfinder.").

Defendants' position in opposition to SRSA's motion to restrict is not only meritless, it is a procedurally improper vehicle to accelerate review of its summary judgment arguments. In response, Defendants argue: "[I]t ***cannot be*** the case that a party may ***bootstrap*** its way to sealing vast swathes of the pleadings in a case merely by asserting, ***without probative evidence***, that such information constitutes a trade secret." ECF 555 at 13 (emphasis added). There are two problems with Defendants' argument. First, restricting the plaintiff's alleged trade secrets does not "bootstrap" anything. Sealing information that discloses alleged trade secrets does not provide any affirmative relief or otherwise improve the plaintiff's position in the lawsuit. Restriction simply maintains the status quo. The implication of Defendants' position would be that, every time a trade-secrets plaintiff moves to restrict, the court must fully adjudicate, on a limited record, one of the most critical issues in the case: whether the business information qualifies as a trade secret. Every restriction motion would become a hotly contested event, with

each party submitting voluminous evidence that would in turn need to be the subject of a motion to restrict. The Court should not endorse that vicious cycle. Second, Defendants ignore that, in this case, there is **voluminous probative evidence** that SRSA's alleged trade secrets qualify as such, including dozens of exhibits, hundreds of pages of deposition testimony, and six sworn declarations.[1] Defendants' opposition brief overlooks that evidence entirely, but the position they have taken requires the Court to *weigh* it. The Court should not indulge this request. Indeed, the Court should not even weigh the evidence in the context of Defendants' summary judgment motion. Instead, the jury should decide whether SRSA's trade secrets qualify. In the meantime, the Court should preserve their confidentiality.

### B. SRSA has easily satisfied the proper standard for restricting business information.

The Court should grant SRSA's motion to restrict as necessary to prevent public disclosure of "proprietary information that might lead to economic harm[.]" *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). SRSA's summary judgment papers and exhibits discuss SRSA's trade secrets at length—including SRSA's customer

---

[1] That fact alone distinguishes the two cases on which Defendants mistakenly rely. In *Cooper v. Instant Brands, Inc.*, the defendant sought to restrict customer complaints in "general terms" without showing how "disclosure of such general information can be reasonably understood to constitute disclosure of a trade secret or confidential commercial information." 2020 WL 869858, at *4 (D. Colo. Feb. 21, 2020). As a result, that court found that the party had no "privacy interest in restricting access to the documents and the public's interest in access to the documents in their entirety are effectively in a low-level equipoise." And in *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, the court denied both parties' sealing requests based on a basic failure to satisfy the standard for restricting business information—i.e., they "failed to show a clearly defined and serious injury that would result if access to the redacted information is not restricted." 2012 WL 2917116, at *3–5. Unlike those cases, SRSA has made an extensive showing of the confidential nature of its customer, product-development, pricing strategy, and corporate information through sworn testimony. *See* ECF No. 548.

information, technical specifications, price strategies, and product roadmaps. SRSA has cited multiple sworn statements showing that these categories of information "could harm [SRSA's] competitive standing" if publicly disclosed. *SBM Site Servs.*, 2011 WL 1375117, at *3. As detailed in SRSA's Motion to Restrict, each of these categories is one that courts in this district have frequently agreed to restrict. ECF 548 at 3–13. SRSA has also showed that the limited portions of Defendants' motion for summary judgment and corresponding exhibits SRSA seeks to restrict contain those categories of confidential business information.

Each of these categories of business information is properly subject to restriction in this district, *see* D.C. COLO. L Civ. R 7.2(c), and the Court has restricted each of these categories many times in this case.[2] Indeed, for the contested categories of information that SRSA seeks to restrict—customer information (including customer identities, preferences, and negotiating history), technical and product development information (including technical specifications, operational procedures, payment methods, and product-development strategies), and pricing strategies—SRSA has cited voluminous evidence, including six sworn declarations,[3] showing that "the disclosure of this information could cause [a party] competitive harm." *In re High-Tech*

---

[2] *See, e.g.*, ECF Nos. 518 (restricting customer information), 514 (restricting customer information and internal corporate information); 511 (restricting technical and product-development information, and customer information); 508 (restricting technical and product-development information, and customer information); 438 (restricting pricing strategy information, technical, and product development information, and internal corporate information); 394 (restricting pricing strategy information); 210 (restricting customer information, technical, and product-development information, pricing strategy information, and internal corporate information).

[3] *See* ECF Nos. 266 ¶¶ 1–22, 262 ¶¶ 12–13 (customer information); ECF Nos. 533 ¶¶ 4–9, 531 ¶¶ 3–10, 269 ¶¶ 3–10, (technical and product development information); ECF Nos. 268 ¶¶ 4–11, 257 ¶¶ 15–20 , 295-1 ¶¶ 3–5, 7, 9 (pricing strategies).

*Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013). And courts have routinely restricted public access to internal corporate information.[4] Because the confidential information here would implicate SRSA's standing in the marketplace, the Court should redact the designated documents.

Defendants' heavy reliance on the Court's order denying a preliminary injunction to refute this showing is misplaced. "[W]hen a district court holds a hearing on a motion for preliminary injunction it is not conducting a trial on the merits." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Here, the Court's order denying a preliminary injunction expressly observed that "[a]t trial SRSA may well be able to prove [misappropriation] to the jury." ECF 207 at 14. Since the ruling on SRSA's preliminary-injunction motion, which was filed only ten weeks after the beginning of discovery, the parties have collectively produced over 100,000 pages of documents, answered 87 interrogatories, responded to 75 requests for admission, and taken 24 more depositions. The district court's preliminary-injunction decision was, by definition, preliminary. And, since that time, SRSA has adduced and identified voluminous new evidence supporting the trade-secret status of its documents and information, all of which is now before the Court. ECF Nos. 262, 521. The preliminary-injunction order therefore cannot justify circumventing the summary-judgment and factfinding processes and forcing SRSA to publicly disclose its trade secrets, as Defendants now seek.

---

[4] *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (granting motion to seal with respect to the defendants' "policies[] and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co, Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons justify sealing information about an entity's "business practices" and "recruitment efforts"); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

### C. SRSA's requested restrictions are not overbroad.

For most documents subject to SRSA's motion to restrict, SRSA seeks only to redact certain lines. SRSA has sought restriction of entire documents only where its confidential business information is "pervasive" in those documents, such that *redacting* SRSA's confidential business information "may render the documents meaningless" anyway. *Davis v. GEICO Cas. Co.*, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021) (citation omitted). In *Davis*, the defendant sought to seal several exhibits in their entirety that contained "confidential information concerning [defendant]'s business practices as well as [defendant]'s claims data and data systems." *Id*. at *1. The court there permitted the defendant to restrict these documents rather than redact them line-by-line "because the confidential information is pervasive throughout the exhibits [defendant sought] to keep sealed in their entirety." *Id.* at *2. Similarly, here, the confidential information in each of the documents SRSA seeks to restrict is so pervasive throughout that requiring line-by-line redaction would render them meaningless.

For example, one of the fully redacted documents is a text-message thread between Defendants Tsarnas and Kelly that was produced as a single, 40-page document rendered in tiny, typeface. *See* ECF No. 492-65. Defendants introduced that entire document as an exhibit to their summary judgment motion, despite citing only two lines of dialogue. *See* ECF No. 492 at 36. This document is rife with SRSA business, customer, and employee information, including personal and private information about still-current SRSA employees. Requiring SRSA to apply line-by-line redactions would render the document meaningless, and would not preserve for the public record *anything* relevant to Defendants' summary judgment motion or otherwise related to the public's interest in disclosure. SRSA's confidential information similarly pervades the other

7

ten documents from Defendants' summary judgment motion that SRSA seeks to restrict in entirety (out of 81 total documents in that filing)—documents that include a trade secret identification list, internal-only SRSA technical manual, emails describing confidential customer engagements, non-public customer agreements, and deposition excerpts from SRSA's 30(b)(6) witness on the topic of identifying SRSA's technical trade secrets. *See* ECF Nos. 492-3, 492-12, 492-18, 492-33, 492-35, 492-43, 492-44, 492-53, 492-54, 492-55. Requiring SRSA to redact all the confidential business information from these exhibits would render them effectively meaningless to the public while supplying little information to advance the public's interest in accessing the judicial record. The Court should not require this meaningless and burdensome exercise.[5]

### III. CONCLUSION

There is good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in its Motion to Restrict.

---

[5] Should the Court decide that any particular designation is overbroad, the Court should order the parties to meet-and-confer rather than simply order the publication of the entire document.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 20, 2021 | By:  s/*Benjamin D. Rothstein*<br>Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com*<br><br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415-391-5400<br>Facsimile:      415-397-7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:     303 863 9700<br>Facsimile:      303 863 0223<br>Email:      *litigation@sheridanross.com*<br><br>Attorneys for Plaintiffs<br>SRS ACQUIOM INC. AND SHAREHOLDER REPRESENTATIVE SERVICES LLC |

### Compliance With Type-Volume Limitation

Undersigned counsel certifies that this pleading follows the type-volume limitation in Judge Domenico's Practice Standard III(A)(1).

1

1752638

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2021, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Jbennett@dowdbennett.com
- mjohnson@dowdbennett.com
- jacobsh@ballardspahr.com
- robbinsn@ballardspahr.com
- sbialecki@sheridanross.com
- mmiller@sheridanross.com

2

1752638