IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

    Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

    Defendants.

---

### SPECIAL MASTER'S ORDER RE: PLAINTIFF SRSA'S MOTION FOR SANCTIONS [Dkt. 145]

---

Plaintiff SRSA filed its Motion for Sanctions [Dkt. 145], on January 9, 2020. Defendants filed their Opposition to the Motion [Dkt. 174] on January 30, 2020. Plaintiff filed its Reply in Support of the Motion [Dkt. 183] on February 13, 2020. The Motion sought two forms of relief: 1) an evidentiary hearing on what was then a pending motion for preliminary injunction, and 2) Plaintiff's request for attorneys' fees. Because the Court ordered an evidentiary hearing on Plaintiffs' motion for preliminary injunction, the first item of relief is moot. Only the request for attorneys' fees remains.

Pursuant to the undersigned's discussion with counsel at the initial meeting in this case on December 28, 2020, the undersigned asked Judge Domenico's chambers whether or not Judge Domenico or the undersigned would rule on the remaining issue and Judge Domenico determined that the undersigned should issue the ruling.

A hearing took place on the dispute via Zoom meeting on February 17, 2021. Mr. Rothstein, Mr. Braunig, Ms. Ybarra, Mr. Yu, Ms. Joyce, and Mr. Bialecki appeared on behalf of the Plaintiffs. Mr. Robbins, Ms. Jacobs, Ms. Weissert, Mr. Johnson, and Mr. Hoops appeared on behalf of the Defendants. The hearing was recorded by a court reporter, who prepared a transcript.

Pursuant to the Motion, the Opposition, the Reply, and the arguments of counsel at the hearing, and being otherwise fully advised, the Court finds and orders as follows:

## Factual Background

Shortly before she left employment with Plaintiff SRSA, Defendant Kelly created a document entitled "HK Contacts", where she listed customers and potential customers she was working with while employed by Plaintiff. Although it is unclear from the briefing which PNC entity employed her, she took that list with her to her new job at "PNC". There, she created a spreadsheet entitled "Firms by Segment" (misspelled "Firms by segement" in the original). That spreadsheet had 5 tabs, including a tab entitled "Strategic Buyers". The Strategic Buyers tab contained information from the HK Contacts document Kelly brought with her from SRSA. The Firms by Segment spreadsheet and the Strategic Buyers tab contain information about Plaintiffs' customers that Plaintiffs claim are trade secrets in this litigation.

During expedited discovery prior to the preliminary injunction hearing on March 11, 2020, Defendants produced the Firms by Segment spreadsheet without the Strategic Buyers tab. It is undisputed that the tab was removed from the spreadsheet by Defendants' eDiscovery vendor, Ernst & Young. There is no dispute about how this happened.

2

In preparing to make Defendants' document production, their counsel determined that the spreadsheet contained information that was both non-responsive to any discovery request and contained confidential information. That information was contained on a tab entitled "Buyers with Escrow Amount". However, when Ernst & Young redacted the spreadsheet, it removed the wrong tab. Instead of removing the Buyers with Escrow Amount tab, it removed the Strategic Buyers tab from all versions of the spreadsheet, despite counsel's instructions to produce that tab. It is undisputed that the mistake was made by Ernst & Young and it is also undisputed that it was unintentional.

Through some forensic sleuthing, Plaintiffs' counsel discovered that the Strategic Buyers tab was missing and confronted Defendants' counsel. Defendants' counsel, in turn, made inquiry of its eDiscovery vendor. On November 7, 2019, Ernst & Young informed Defendants' counsel that it had removed the Strategic Buyers tab. The next day, Defendants' counsel produced the tab. This was seventeen (17) days before Plaintiffs' Motion for Preliminary Injunction was due, but after Defendants Kelly and Tsarnas had been deposed. On December 4, 2019, Plaintiffs' counsel requested an email from Kelly which had previously attached the spreadsheet. The next day, the error was fully corrected when Defendants' counsel produced not only the complete spreadsheet, but the requested email.

After discovering the error, Defendants' counsel offered to make Kelly available for an additional thirty-minute deposition to answer questions about the Strategic Buyers tab. Plaintiffs' counsel balked at the offer, believing that a two-hour deposition was more appropriate. This Motion was filed on January 30, 2020. The preliminary injunction

3

hearing took place on March 11, 2020. [Dkt. 203]  Judge Domenico denied Plaintiffs' Motion for Preliminary Injunction on March 26, 2020. [Dkt. 207]

## Analysis

In their Motion, Plaintiffs seek sanctions based on spoliation.  Motion at p. 11.  Spoliation is "the intentional destruction of evidence."  E.g. *EEOC v. JetStream Ground Services, Inc.*, 878 F.3d 960, 964 (10th Cir. 2017), citing *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).  ("As a general rule, "[s]poliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.") (internal citation omitted).  Here, there was no destruction of evidence, much less intentional.  Defendants argue, and I agree, that the incorrect redactions here were the result of unintentional human error, not intentional misconduct.

Defendants argue that spoliation can also occur when there has been "significant alteration" of evidence, citing *Cache La Poudre Feeds v. Land O' Lakes, Inc.*, 244 F.R.D. 614 (D. Colo. 2007).  While the Court in *Cache La Poudre* did equate destruction with significant alteration for spoliation purposes, citing Second Circuit authority, that is a distinction without a difference here.  Here, unlike *Cache La Poudre*, the alteration was transient and quickly remedied upon discovery.  I find that there simply is not enough destruction of evidence here to be defined as spoliation.

Even if the delayed production of the correct version of the document could somehow be interpreted as destruction of evidence, spoliation sanctions would not be

4

appropriate because of the lack of prejudice suffered by Plaintiffs. Here, the fully corrected document and the email that accompanied it were provided months before the preliminary injunction hearing and within a day after the mistake was discovered by Defendants. Defendants further alleviated prejudice by offering to make Kelly available for an additional thirty-minute deposition. If such a deposition had been insufficient to delve into the circumstances of the tab and Defendants' counsel refused additional time, then perhaps a more viable claim of prejudice could have been made. However, the Court is reluctant here to reward the lack of trying.

Perhaps sensing that spoliation was not a theory that could prevail here, Plaintiffs argue in the alternative that Defendants' conduct nonetheless constitutes discovery misconduct. In support, Defendants cite *Geiger v. Z-Ultimate Self Defense Studios, LLC*, 14-cv-00240-REB-BNB, 2014 WL 6065612 (D. Colo. 2014); *SunTrust Mortgage, Inc. v. United Guaranty Residential Ins. Co. of N.C.*, 508 F.Appx. 243 (4th Cir. 2013); *Riordan v. BJ's Wholesale Club, Inc.*, 2011 WL 124500 (N.D.N.Y. 2011); and *Bartholemew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441 (D. Minn. 2011).

In *Geiger*, the defendant instructed its accountant to move investor information off of its profit and loss statements, which had been requested in discovery, to its balance sheets, which had not been requested in discovery, in an effort to hide that information. It is easily distinguished from the facts here, where there was no instruction to hide the information at issue and it was not produced instead as the result of the eDiscovery vendor's misunderstanding of defense counsel's instructions.

In *SunTrust*, SunTrust's former employee intentionally adulterated emails to support SunTrust's claims in the case. As a result, the trial court awarded sanctions in

5

the form of attorneys' fees and costs associated with the sanctions motion. In *SunTrust*, like *Geiger*, the conduct of the former employee was an intentional effort to hide and alter relevant evidence. And like *Geiger*, it is easily distinguished on that basis. Moreover, the focus of the Court's opinion in *SunTrust* was whether or not dismissal was the appropriate sanction for the spoliation. There is no discussion of whether or not the trial court's award of attorneys' fees and costs was proper, other than the Court's finding that such a remedy was not an abuse of the trial court's discretion. The opinion is based on what was agreed to be spoliation and does not address whether or not the conduct amounted to some other form of discovery misconduct.

In *Riordan*, the plaintiff/employee's attendance card and discipline tracking log were altered. Again, the sole theory on which sanctions were brought was spoliation. There is no discussion of whether or not the conduct amounted to some other form of misconduct during discovery. And again, the conduct, unlike here, was knowing and intentional.

Finally, in *Bartholemew*, the Court held that typically documents should not be redacted for relevance, but a party can seek leave of court to do so. However, the remedy prescribed by the Court in *Bartholemew* was not sanctions but production of unredacted versions of the documents. That is precisely what eventually happened here, when the mistake was brought to the attention of counsel. Whether or not the opposing party should be apprised of relevance redactions is simply not discussed in *Bartholemew*.

In sum, Plaintiff provides no authority for the proposition that when a party attempts to redact information that it in good faith believes is irrelevant and confidential and that

party's agent mistakenly redacts the wrong information, discovery sanctions are appropriate.

Here, the appropriate inquiry is whether or not Defendant should be sanctioned for failure to provide information requested in discovery pursuant to F.R.Civ.P. 37(c)(1). That rule provides that sanctions should not be imposed if the failure to produce is "substantially justified". I find that is precisely the case here, where the failure was an unintentional good faith mistake, which was remedied quickly after it was discovered.

For the foregoing reasons, Plaintiffs' Motion for Sanctions [Dkt. 145] is DENIED.

Dated: October 27, 2021               BY THE COURT

_____
David M. Tenner, Special Master

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **SPECIAL MASTER'S ORDER RE: PLAINTIFF SRSA'S MOTION FOR SANCTIONS [Dkt. 145]** was electronically filed with the Clerk of the Court using the CM/ECF system on this 27th day of October, 2021, which will send notification of such filing to the following parties:

Warren A. Braunig  wbraunig@keker.com
Michelle S. Ybarra  mybarra@keker.co
Benjamin D. Rothstein  brothstein@keker.com
Katie Lynn Joyce  kjoyce@keker.com
Victor H. Yu  vyu@keker.com
Puja V. Parikh  pparikh@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415-391-5400
Facsimile: 415-397-7188

Scott R. Bialecki  sbialecki@sheridanross.com
Brian S. Boerman  bboerman@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303 863 9700
Facsimile: 303 863 0223
Email: litigation@sheridanross.com

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. and
SHAREHOLDER REPRESENTATIVE SERVICES LLC

James Forrest Bennett  jbennett@dowdbennett.com
Megan S. Heinz  mheinsz@dowdbennett.com
Jeffrey R. Hoops  jhoops@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105

Matthew E. Johnson  mjohnson@dowdbennett.com
DOWD BENNETT LLP
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111

Hara K. Jacobs  jacobsh@ballardspahr.com
Noah S. Robbins  robbinsn@ballardspahr.com
Elizabeth P. Weissert  weisserte@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500

*Attorneys for Defendants*
PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, N.A., HEATHER KELLY, and ALEX TSARNAS

*s/ Heather Grant*
Heather Grant