**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

  v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**DEFENDANTS' OPPOSITION TO SRSA'S MOTION TO RESTRICT DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 557)**

---

Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC") as well as Defendants Heather Kelly and Alex Tsarnas (the "Individual Defendants," and with PNC, "Defendants") respectfully submit their opposition to the Motion to Restrict Defendants' Reply in Support of Defendants' Motion for Summary Judgment (the "Motion") filed by Plaintiffs SRS Acquiom, Inc. and Shareholder Representative Services LLC (collectively, "SRSA").

Defendants hereby incorporate the Introduction, Relevant Procedural History, and Legal Standard sections of their Opposition to SRSA's Motion to Restrict Defendants' Motion for Summary Judgment and Exhibits Thereto (ECF 555) as if fully set forth herein. Defendants address here only the specific documents SRSA seeks to restrict in the instant Motion. As with SRSA's Motion to Restrict Defendants' Motion for Summary Judgment and Exhibits Thereto

1

and SRSA's Motion to Restrict Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment and Supporting Papers Thereto ("Prior Motions"), the Motion should be denied, because publicly-disclosed, generally known, and obvious information is entitled neither to restriction nor trade-secret status, and SRSA's speculative and conclusory assertions of competitive harm are not sufficient to override the strong presumption of public access.

## ARGUMENT

### I. The Documents At Issue Do Not Warrant Restriction.

As with its Prior Motions, Defendants respectfully submit that the documents that SRSA seeks to restrict in its Motion do not meet the applicable standard for restriction.[1]  Defendants address SRSA's categories of documents below in the order in which they appear in the Motion.

#### A. SRSA's "Customer Information" Does Not Merit Restriction.

SRSA again seeks to restrict documents containing allegedly confidential customer information, including customer identities and contact information, ECF 557 at 5-7, even though the Court has already found that this information is "readily ascertainable within [Defendant Kelly's] trade: names, emails, phone numbers, and job titles." ECF 207 at 12 (citing *Fox Sports Net N., L.L.C. v. Minn. Twins P'ship*, 319 F.3d 329, 336 (8th Cir. 2003); *CDI Energy Servs. V. W. River Pumps*, 567 F.3d 398, 402 (8th Cir. 2009); *Hecny Transp. Inc. v. Chu*, 430 F.3d 402, 404 (7th Cir. 2005)).); *see also* ECF 492 at 11-13.  Other courts in this district agree that

---

[1] Defendants agreed not to oppose SRSA's motions to restrict while discovery was ongoing and the pleadings that SRSA sought to restrict were not case-dispositive (with the caveat that Defendants' non-opposition to these motions would not be used as an admission against Defendants or for any other purpose, *see, e.g.*, ECF 538 at 4).  Now that Defendants' summary judgment motion has conclusively established the non-confidential (and certainly non-trade secret) status of these documents, the time is ripe for the Court to assess SRSA's request to restrict in order to fulfill the judicial presumption of public access to the business of the Court.

"[c]ontact information is not a trade secret." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012); *see also id.* at *3-4 (denying motion to restrict as to, *inter alia*, "potential … customers and the contact information for those customers" as well as "customers who have switched … to other providers" because such information "is neither a trade secret nor proprietary information"). The non-confidential nature of this information is incontestable given that SRSA's own CEO acknowledged under penalty of perjury that this type of information, including "[t]he major M&A firms," "M&A attorneys and all their contact information," the identity and contact information of "[p]rivate equity firms," and information regarding "other major M&A clients" is "well-known in the industry." *See* ECF 228-42 at ¶10.

Against these authorities and admissions, SRSA seeks to restrict basic customer information such as customer identities and contact information in Defendants' reply brief and Exhibit 86. *See* ECF 550 at 10, 15, 17, and 20; ECF 550-7. There is no interest that justifies restriction of this information, much less an interest significant enough to outweigh the public's interest in access to the judicial record. *See Ryan v. Cor. Health Partners*, 2020 WL 6134912, at *13 (D. Colo. Oct. 19, 2020). This is especially so given that the Court has already explained that "names and contact information … isn't trade secret material." ECF 207 at 13. Moreover, the fact that certain customers have used SRSA's services on prior engagements is not secret or proprietary information that warrants restriction. By its very nature, this information is known to, at a minimum, the deal parties and *every single* shareholder or other participant in any transaction on which SRSA was engaged. SRSA has failed to produce a scintilla of evidence that there was ever any requirement or understanding that SRSA's mere involvement in the transaction was to be kept confidential, other than its own *ipse dixit*.

Nor does SRSA's own conduct support the unproven assertion that the fact that SRSA's involvement in a transaction is confidential. Indeed, SRSA's own website lists many clients and transactions front and center, and it includes tabs inviting anyone with an internet connection to "Explore Featured Deals" and to "Explore Featured Clients."[2] This double standard regarding the alleged confidentiality of SRSA's customer information underscores that none of this information warrants restriction.

Finally, as with the Prior Motions, SRSA fails to articulate an interest sufficient to outweigh the strong presumption in favor of preserving the public's access to these documents in support of its motion to restrict. *See United States v. Bacon*, 950 F.3d 1286, 1292-93 (10th Cir. 2020). Instead, SRSA again offers only the conclusory assertion that competitors "could … use such information to solicit SRSA's customers." ECF 557 at 5-6. But sheer speculation that a competitor "could use such information" is not the same as inflicting competitive harm *if not sealed*. If everyone in the industry already knows the information, as Defendants demonstrated, no harm results from refusing to restrict that information. SRSA cannot make a valid claim of harm if this same information is disclosed here, much less a harm that outweighs the strong presumption of public access.

**B. SRSA's Purported "Confidential Technical Information" Does Not Merit Restriction.**

SRSA's purported "confidential technical information" also should not be restricted. *See* ECF 557 at 6-7. As detailed in Defendants' briefs in support of their motion for summary judgment, ECF 492 at 7-11, 20-25 & 27-34; ECF 550 at 5-8, 10-11 & 12-15, and despite SRSA's

---

[2] *See* https://www.srsacquiom.com/ (last visited Nov. 1, 2021).

protestations to the contrary, none of the information in this category is a secret or proprietary SRSA information, but rather information that is generally known in the M&A paying agent industry.

Exhibit 81 (ECF 550-2) is an *internal PNC* email chain regarding its paying agent services and processes, and Exhibit 83 is merely deposition testimony describing this same process. SRSA's contention that these documents should be restricted because they somehow reveal trade secrets regarding SRSA's products and product development should be rejected because, as this Court held on SRSA's motion for preliminary injunction, SRSA's products lost whatever trade-secret status they may have once even theoretically enjoyed when SRSA publicly advertised and released them. ECF 207 at 23-24. And, SRSA's "product strategies are embodied in the products themselves," which are publicly available. *Id.* at 24.

More specifically, regarding the purported "operational rules and logic SRSA's [sic] has developed for electronically tracking, suspending, and updating payments in a transaction," ECF 557 at 6, Defendants have demonstrated in their summary judgment papers why this basic functionality is obvious and cannot be considered confidential, proprietary, or a trade secret. ECF 550 at 5-6. Among other reasons, as a bank, PNC is required by law (which, of course, is publicly known in its own right) to be able to suspend payments in particular circumstances and to track past distributions. *See id.* (citing U.C.C. §4-403 and 31 C.F.R. §1010.410). The notion that these common operations are somehow proprietary SRSA trade secrets is without merit.

SRSA's request to restrict information set forth in page 18 of Defendants' reply brief is, to put it bluntly, absurd. Page 18 of Defendants' reply brief includes excerpts from SRSA's web site, which is publicly available, along with bullet point summaries of this same, publicly

5

available information.  Incredibly, SRSA asserts that these bullet points, which merely *summarize information available on SRSA's own website,* should be restricted from public access.  ECF 557 at 7.  This attempt to keep information restricted from public access that is obvious and already publicly available is emblematic of SRSA's approach to the instant Motion in particular, as well as the anti-competitive theories underlying SRSA's claims in this lawsuit in general.

Given that the information SRSA seeks to restrict in this category is not confidential and is generally known within the industry (and would be known to anyone in the general public who peruses SRSA's own web site), the alleged harm SRSA will suffer if this information is publicly disclosed *again*, *i.e.*, SRSA competitors "gain[ing] significant insight into how to mimic SRSA's industry-leading products," ECF 557 at 7, is illusory, as SRSA's competitors already are able to mimic SRSA's publicly-available products.  *See Medinol v. Boston Sci. Corp.*, 346 F. Supp. 2d 575, 608 (S.D.N.Y. 2004) (collecting cases for proposition that a "product, already on the market, cannot be protected as a trade secret because, among other reasons, the design and make-up can no longer be secrets").  Restriction of these documents is not warranted.

## II. That SRSA Has Claimed Information Constitutes a Trade Secret is Insufficient to Justify Restriction.

SRSA contends that many of its restrictions are justified by the mere fact that SRSA has claimed that the information constitutes SRSA's trade secrets.  ECF 557 at 1, 3, 8, 10 (citing Colo. Rev. Stat. § 7-74-106).  However, it cannot be the case that a party may bootstrap its way to sealing vast swathes of the pleadings in a case merely by asserting, without probative evidence, that such information constitutes a trade secret.  Rather than leaving to the party itself to determine what information should be hidden from the public, the Tenth Circuit makes clear

6

that "[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

Here, those "relevant facts and circumstances" include the fact that the Court has already held that many of SRSA's alleged trade secrets, such as its customer information, pricing strategies, and publicly-available products, are not trade secrets as a matter of law. *See generally* ECF 207. SRSA's argument is further undermined by the fact that courts in this district routinely deny motions to restrict alleged trade secret material. *See, e.g.*, *SOLIDFX*, 2012 WL 2917116, at *2, *4, *7-12 (rejecting party's motion to restrict alleged trade secret information); *Cooper v. Instant Brands, Inc.*, 2020 WL 869858, at *3-4 (D. Colo. Feb. 21, 2020) (denying motion to restrict where moving party failed to explain "how disclosure of such general information can be reasonably understood to constitute disclosure of a trade secret or confidential commercial information"). Given Defendants' summary judgment motion now proves that SRSA's alleged trade secrets are nothing more than a recasting of information generally known in the industry or which SRSA itself placed into the public domain, the Court is fully within its discretion to deny SRSA's requests for restriction under the applicable standard.

**III.     SRSA's Requested Restrictions Are Overbroad**.

SRSA improperly seeks to restrict the entirety of ECF Nos. 550-2 and 550-7 even though much of the material contained therein is unremarkable or otherwise not properly subject to restriction. SRSA does not explain why <u>every</u> piece of information in these documents requires restriction, and, in so doing, fails to carry its burden under D.C.COLO.LCivR 7.2(c) to

demonstrate why "no alternative to restriction is practicable" as to the entirety of these documents.  SRSA's motion should be denied on that basis as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion be denied (ECF 557).

Dated: November 3, 2021       By: */s/ Matthew E. Johnson*
James F. Bennett
Matthew E. Johnson
Jeffrey R. Hoops
**DOWD BENNETT LLP**
1775 Sherman Street, Suite 2010
Denver, Colorado 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com
jhoops@dowdbennett.com

Hara K. Jacobs
Noah S. Robbins
Elizabeth P. Weissert
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-668-8500
Facsimile: 215-864-8999
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com
weisserte@ballardspahr.com

*Attorneys for Defendants PNC Financial Services Group, Inc., PNC Bank N.A., Heather Kelly, and Alex Tsarnas*

### Compliance With Type-Volume Limitation

Undersigned counsel certifies that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Warren A. Braunig
Benjamin D. Rothstein
Michelle Ybarra
Katie Lynn Joyce
Victor H. Yu
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

Scott R. Bialecki
Brian Boerman
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202

*Attorneys for Plaintiffs*

/s/ Jessica Green