**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

    v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RESTRICT PLAINTIFFS'
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND SUPPORTING PAPERS THERETO (ECF 553)**

---

## I.    INTRODUCTION

This is the second of three straightforward motions to restrict filed by SRSA that

Defendants have elected to oppose. Each opposition is a quixotic effort to publicize SRSA's

trade secrets while Defendants' underlying motion for summary judgment—the papers that

SRSA seeks to restrict—is pending. At this point, it is indisputable that Defendants simply want

a second chance to attack SRSA's trade secrets. Indeed, their opposition to the motion to restrict

(ECF No. 559) essentially ignores the legal standard for restricting confidential business

information and instead attempts to attack the trade-secret status of SRSA's confidential

information, mentioning "trade secrets" nearly thirty times.

1

At bottom, Defendants seek to turn this administrative motion into a factual determination on the merits. But whether SRSA's information qualifies as a trade secret is, at the very least, a disputed issue of fact. And much more importantly, in the context of this motion to restrict, SRSA has already shown that its "interest in maintaining its business information private" outweighs the presumption of public access to the limited portions of its summary-judgment opposition that SRSA has sought to restrict. *See Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at \*4 (D. Colo. Sept. 5, 2019) (citations omitted); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) ("While the public generally has a right to access documents in the court's record, a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (citation omitted)).

The Court should reject Defendants' gamesmanship, grant SRSA's motion to restrict, and **explicitly instruct** Defendants to stop misusing the motion-to-restrict process.

## II.     LEGAL ARGUMENT

### A.     A motion to restrict is the wrong forum to litigate summary-judgment issues.

Defendants premise their opposition on the notion that courts cannot restrict confidential business information unless the court first rules that the information qualifies as trade secret. The trade secrets SRSA alleges in this lawsuit easily satisfy the standard for trade secrets under Colorado law, *see* ECF Nos. 262, 521, but that is not the test applicable to this motion. Rather, a motion to restrict should be granted whenever a party's interest in "maintaining its *business information*" as private outweighs the public interest in "access to Court files." *Genscape*, 2019

WL 4242669, at *4 (emphasis added). Restricting confidential *business information* is reasonable if the restricted "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011). Indeed, Colorado law specifically emphasizes that, in trade-secrets cases, the courts should "preserve the secrecy of an ***alleged*** trade secret by reasonable means, which may include . . . sealing the records of the action." Colo. Rev. Stat. § 7-74-106 (emphasis added).

Opposing restriction by contesting the trade-secret status of the information would transform a motion to restrict into a dispositive ruling on trade-secret status. Courts in this District have refused to do just that, several times, for good reason. For example, in *Deschenes Consulting LLC v. Nu Life Mktg. LLC*, the counterclaim defendant argued that "motions to restrict should not be granted unless and until [the plaintiff] can show as a matter of law that its corporate customers' identities are trade secrets." 2020 WL 2747702, at *3 (D. Colo. May 27, 2020). The district court rejected that and approved the restriction of information because it was ***alleged to be a trade secret****. Id.* at 4–5; *see also L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *2 (D. Colo. Sept. 27, 2013) ("Whether a secret's owner has sufficiently attempted to protect the secrecy of that information is typically a question of fact to be resolved by the factfinder."). Courts have embraced that rule even when the party opposing restriction brings forward evidence that the information had been publicly disclosed. *See, e.g., Shell v. Am. Family Rts. Ass'n*, 2012 WL 13005966, at *1–2 (D. Colo. Aug. 27, 2012) (granting "Restriction Level 1" status to a plaintiff's trade secret list, even though "the trade secret information has been previously released to a large number of persons" that attended the plaintiff's seminars or used the information under a license). The *Shell* court recognized that

"courts must exercise discretion to avoid unnecessary disclosures of such information" while a trade secret dispute is pending. *Id*. at *1 (citation and alterations omitted).

In their opposition, Defendants argue that SRSA is trying to "bootstrap its way to sealing vast swathes of the pleadings in a case merely by asserting, without probative evidence, that such information constitutes a trade secret." ECF No. 559 at 9 (emphasis added). That makes no sense. SRSA is not trying to "bootstrap" anything because restricting information that discloses alleged trade secrets provides no benefit to SRSA's position in the lawsuit. Instead, restriction merely maintains the *status quo* while the Court decides Defendants' summary-judgment motion. Defendants' position—that courts must adjudicate the merits of an alleged trade secret before restricting a trade-secrets holder's business information—would turn every restriction motion into a hotly contested event, with summary-judgment level stakes. This Court should not endorse such an end-run around Rule 56.

Moreover, Defendants ignore the ***voluminous probative evidence***, including six sworn declarations and hundreds of pages of deposition testimony, that SRSA has submitted establishing that its alleged trade secrets are entitled to restriction.[1] Defendants' opposition asks

---

[1] That fact alone distinguishes the two cases on which Defendants mistakenly rely. In *Cooper v. Instant Brands, Inc.*, the defendant sought to restrict customer complaints in "general terms" without showing how "disclosure of such general information can be reasonably understood to constitute disclosure of a trade secret or confidential commercial information." 2020 WL 869858, at *4 (D. Colo. Feb. 21, 2020). As a result, that court found that the party had no "privacy interest in restricting access to the documents and the public's interest in access to the documents in their entirety are effectively in a low-level equipoise." *Id.* And in *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, that court denied both parties' restriction requests based on a basic failure to satisfy the standard for restricting business information—*i.e.*, they "failed to show a clearly defined and serious injury that would result if access to the redacted information is not restricted." 2012 WL 2917116, at *3–5 (D. Colo. July 16, 2012). Unlike those cases, SRSA has made an extensive showing of the confidential nature of its customer, product-development,

the Court to weigh the evidence, including evidence Defendants have cited, and make what would effectively be a dispositive trade-secrets decision on various categories of information. But trade-secret status is a question of fact that a jury should decide (or, if the facts are undisputed, on summary judgment). In the meantime, this Court should preserve the confidentiality of SRSA's information.

### B. SRSA has easily satisfied the standard for restricting its business information.

The Court should grant SRSA's motion to restrict because sealing is necessary to prevent public disclosure of "proprietary information that might lead to economic harm[.]" *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). SRSA's summary-judgment opposition and exhibits discuss SRSA's trade secrets at length—including SRSA's customer information, technical specifications, price strategies, and product roadmaps. SRSA has cited multiple sworn declarations confirming that these categories of information, if publicly disclosed, "could harm [SRSA's] competitive standing." *SBM Site Servs.*, 2011 WL 1375117, at *3.[2] As detailed in SRSA's Motion to Restrict, each of these categories is one that courts in this District have often agreed to restrict. *See* ECF No. 553 at 3–13. And SRSA has shown that the limited portions of the summary judgment opposition and corresponding exhibits it seeks to restrict contain those very categories of confidential business information. *Id.* Each

---

pricing strategy, and corporate information through sworn testimony. *See* ECF No. 553 3–13.

[2] *See* ECF Nos. 266 ¶¶ 1–22, 262 ¶¶ 12–13 (customer information); ECF Nos. 533 ¶¶ 4–9, 531 ¶¶ 3–10, 269 ¶¶ 3–10, (technical and product development information); ECF Nos. 268 ¶¶ 4–11, 257 ¶¶ 15–20 , 295-1 ¶¶ 3–5, 7, 9 (pricing strategies).

category of business information is properly subject to restriction in this district. *See* D.C. Colo.

L. Civ. R. 7.2(c). In fact, this Court has already restricted each category many times in this case.[3]

For the four contested categories of information that SRSA seeks to restrict, SRSA has

cited voluminous evidence, including six sworn declarations,[4] showing that "the disclosure of

this information could cause [a party] competitive harm." *In re High-Tech Employee Antitrust*

*Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013). Indeed, SRSA's CEO has noted that

SRSA's customer information took years to accumulate and is essential to its success in the

market. *See* ECF No. 257 ¶¶ 21–27. Similarly, SRSA restricts its product strategies to the highest

levels of the company, and it would suffer economic harm should a competitor access that

information on the public docket. *Id.* ¶¶ 28–29. Likewise, SRSA restricts its pricing strategies

because of the ensuing economic harm that would result from a competitor using that the

information to undercut its bids, harming the company's core business. *Id.* ¶¶ 15–19. And courts

have routinely restricted public access to internal corporate information.[5] Publicizing this

---

[3] *See, e.g.*, ECF Nos. 518 (restricting customer information), 514 (restricting customer information and internal corporate information); 511 (restricting technical and product-development information, and customer information); 508 (restricting technical and product-development information, and customer information); 438 (restricting pricing strategy information, technical, and product development information, and internal corporate information); 394 (restricting pricing strategy information); 210 (restricting customer information, technical, and product-development information, pricing strategy information, and internal corporate information).

[4] *See supra* note 2.

[5] *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (granting motion to seal with respect to the defendants' "policies[] and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons justify sealing information about an entity's "business practices" and "recruitment efforts"); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

information on the public docket would only damage SRSA's business, with its competitors accessing years of proprietary business information that SRSA developed through years of effort. Because the confidential information here would implicate SRSA's standing in the marketplace, the Court should restrict the designated documents.

None of the cases Defendants rely on, *see* ECF No. 559 at 5, 7, 8, are cases deciding motions to restrict. Instead, they are summary judgment and injunctive relief decisions that address the merits of the trade secret plaintiff's claims. *See ARP Wave, LLC v. Salpeter*, 2021 WL 168501, at *1 (D. Minn. Jan. 19, 2021) (dealing with "cross-motions for summary judgment"); *Medinol v. Boston Sci. Corp.*, 346 F. Supp. 2d 575, 627 (S.D.N.Y. 2004) (deciding the parties' summary-judgment motions); *WEG Elec. Corp. v. Pethers*, 2016 WL 1441793, at *3 (D. Minn. Apr. 12, 2016) (deciding a motion for a temporary restraining order); *PrimeSource Bldg. Prod., Inc. v. Huttig Bldg. Prod., Inc.*, 2017 WL 7795125, at *28 (N.D. Ill. Dec. 9, 2017) (deciding preliminary injunction motions in two related cases). Defendants' misplaced reliance on these cases undermines the entire premise of Defendants' position: that the court should evaluate trade secret status on a motion to restrict, instead of a substantive motion.

The Court's March 2020 order denying a preliminary injunction does not change these considerations either. "[W]hen a district court holds a hearing on a motion for preliminary injunction it is not conducting a trial on the merits." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Here, the Court's order denying a preliminary injunction recognized that "[a]t trial, SRSA may well be able to prove [misappropriation] to a jury." ECF No. 207 at 14. Since the ruling on SRSA's preliminary-injunction motion, the parties have collectively produced over 100,000 pages of documents, answered 87 interrogatories, responded

to 75 requests for admission, and taken 24 more depositions. Yet Defendants' primary argument

against restricting access to SRSA's customer, product, and pricing information is that the Court

denied SRSA's preliminary-injunction motion. *See* ECF No. 599 at 3–4, 6–7, 8. But the district

court's preliminary-injunction decision was, by definition, preliminary. Indeed, SRSA has

presented ample new evidence supporting the trade-secret status of its documents and

information since that order, all of which is now before the Court. *See* ECF Nos. 262, 521. The

preliminary-injunction order therefore cannot justify circumventing the summary judgment and

factfinding processes by forcing SRSA to publicly disclose its trade secrets, as Defendants now

seek.

     **C.**     **SRSA's requested restrictions are not overbroad.**

For most documents subject to SRSA's motion to restrict, SRSA seeks only to restrict

certain lines or passages. SRSA has sought restriction of entire documents only when its

confidential business information is "pervasive" in those documents, such that *redacting* SRSA's

confidential business information "may render the documents meaningless" anyway. *Davis v.*

*GEICO Cas. Co.*, 2021 WL 3883915, at \*2 (S.D. Ohio Aug. 31, 2021) (citation omitted). In

*Davis*, for example, the defendant sought to seal several exhibits in their entirety that contained

"confidential information concerning [defendant]'s business practices as well as [defendant]'s

claims data and data systems." *Id*. at \*1. There, the court permitted the defendant to restrict those

documents completely rather than redact them line-by-line "because the confidential information

is pervasive throughout the exhibits [defendant sought] to keep sealed in their entirety." *Id.* at \*2.

So too here.

The confidential information in each of the documents SRSA seeks to restrict is so pervasive that requiring line-by-line redaction would render them meaningless. For example, one of the restrictions that Defendants oppose is a series of private messages among then-SRSA employees that exclusively talk about the closing of SRSA deals. *See* 524-5. Other documents include SRSA product specifications. *See* 523-7, 526-5, 527-2, 533-1, 533-2, 533-3, 534-1. And the remaining documents are emails describing Defendants' discussions related to products and product features misappropriated from SRSA, *see* 523-3, 523-4, 523-5, 523-6, 523-8, 524-2, 526-1, 526-6, 526-8, or discussing SRSA products and customers, *see* 524-4, 525-3, 528-3. Every one of these documents has extensive SRSA confidential business information throughout. And redacting that information would make these exhibits effectively meaningless to an outside observer, while supplying little information to advance the public's interest in accessing the judicial record. The Court should not require this hollow and burdensome exercise.[6]

## III.    CONCLUSION

There is good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in its Motion to Restrict.

---

[6] Should the Court decide, however that any individual designation is overbroad, it should order the parties to meet-and-confer rather than simply order the publication of the entire document.

Respectfully submitted,

Dated:  November 3, 2021                    By: _____

Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:      415 391 5400
Facsimile:      415 397 7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
*sbialecki@sheridanross.com*
Matthew C. Miller
*mmiller@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:      303 863 9700
Facsimile:      303 863 0223
Email:     *litigation@sheridanross.com*

*Attorneys for Plaintiffs*
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

## Certificate of Compliance with the Court's Practice Standards

Counsel for movant SRSA hereby certify that this pleading follows the type-volume

limitations in Judge Domenico's Practice Standard III(A)(1).

1761220