**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT DEFENDANTS' OBJECTION
TO SPECIAL MASTER ORDER (ECF NO. 562) AND EXHIBITS 11 AND 12 THERETO
(ECF NOS. 562-11 AND 562-12)**

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move to continue to restrict Defendants' Objection to Special Master Order (ECF No. 562) and Exhibits 11 and 12 thereto (ECF Nos. 562-11 and 562-12), filed as Restricted Level 1. Good cause exists to grant this unopposed Motion, especially as the Court has already granted a prior motion to restrict involving the same information. In support thereof, SRSA states as follows:

**I.     ARGUMENT**

"[W]here documents are used to determine litigants' substantive legal rights," restriction is appropriate when the parties "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (citation omitted).

Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. Each of these factors is met here.

**A.     Description of Documents and Restriction Level Sought**

SRSA seeks to maintain Level 1 restrictions for the below documents:

| Document | Portion for Which SRSA Seeks Level 1 Restriction |
|---|---|
| Defendants' Objection to Special Master Order (ECF No. 562) | On page 8 in the paragraph starting with "Third, SRSA's contemporaneous . . .": |

| | |
|---|---|
| | • The words after "acquisition by Lovell Minnick Partners," and before the words " Simply put, the Special Master's finding . . ."; and<br>• The words after "representation to Lovell Minnick" through the end of the paragraph. |
| Exhibit 11 to Defendants' Objection to Special Master Order (ECF No. 562-11) | Entirety |
| Exhibit 12 to Defendants' Objection to Special Master Order (ECF No. 562-12) | Entirety |

**B.   SRSA's Interest in the Protection of Its Confidential Information Outweighs the Presumption of Public Access**

In a trade-secrets dispute, the "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). A court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835; *see* COLO. REV. STAT. § 7-74-106 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action."). Under D.C.COLO.LCivR 7.2, courts in this District have frequently concluded that "the presumption of public access to Court files is outweighed by [a party's] interest in maintaining its business information private." *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, No. 18-cv-02525-DDD-KLM, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019).

Here, SRSA seeks to restrict sensitive, non-public business information found in ECF Nos. 562, 562-11, and 562-12 because those documents contain SRSA and third-party information related to a confidential, highly-sensitive merger agreement and terms of that agreement. Restriction over this information is warranted here lest the Court's "files might serve

2

as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

SRSA seeks to restrict highly confidential and sensitive business information in the form of a complete copy of a 98-page merger agreement between SRSA and third parties and a schedule to that agreement. *See* ECF Nos. 562-11, 562-12. A portion of Defendants' Objection (ECF No. 562) discusses and reveals elements of the merger agreement. The merger agreement and the schedule contain highly sensitive, internal information regarding SRSA and third parties, including their financials, assets, liabilities, business strategies, operations, and structure, as well as confidential terms of the agreement itself. Defendants' Objection incorporates and discusses portions of that document.

This information is worthy of restriction, as its public disclosure would directly harm SRSA. Generally, courts "have 'supervisory power over [their] own records and files' and can appropriately deny access to these materials when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (quotation omitted). Thus, "[c]ourts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *Greenway Nutrients, Inc. v. Blackburn*, No. 13-cv-01088-MSK-KMT, 2013 WL 12246891, at *1 (D. Colo. May 20, 2013); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) ("Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness." (citing

3

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)); *Genscape*, 2019 WL 4242669, at *3. Certainly, under Colorado law, trade secrets may, of course, include "confidential business or financial information . . . or other information relating to any business or profession which is secret and of value." COLO. REV. STAT. § 7-74-102(4); *SBM Site Servs.*, 2011 WL 1375117, at *3.

This Court has held that the exact types of internal non-public and sensitive business information discussed above should be protected from disclosure. For example, in *Dish Network, L.L.C. v. WNET*, a third-party sought to protect "confidential internal business strategies and commercially sensitive subject matter." No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014). The Court held that it had "no difficulty finding that the information sought here meets the generally-accepted definitions of confidential commercial information." *Id.* at *4 (citing *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2571943, at *1 (W.D. Mich. Oct. 12, 2005) (holding that market analyses and strategic business plans are confidential commercial information); 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 45.52[1] (3d. ed. 2013) ("Confidential commercial information is production or testimony that would cause 'substantial economic harm' to the competitive position of the entity from whom it is obtained.")). The Court further reasoned that restriction was warranted because the information about business dealings was "proprietary," the party had maintained its confidentiality, and the information was important to the health of the company's business. *Dish Network*, 2014 WL 1628132, at *4; s*ee also XY, LLC v. Trans Ova Genetics, LC*, No. 13-CV-00876-WJM-NYW, 2015 WL 7014419, at *3 (D. Colo. Nov. 12, 2015) (restricting confidential business information).

Finally, and in the context of whether confidential financial information should even be subject to discovery at all, Colorado has recognized a cognizant, protectable interest over confidential financial information, which has also been acknowledged and adopted by the federal courts. *See, e.g.*, *Alcon v. Spicer*, 113 P.3d 735, 743 (Colo. 2005); *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 555 (D. Colo. 2009) (applying Colorado test as a matter of comity for discoverability of financial information); *Bennett v. SSC Palisade Operating Co., LLC*, No. 14-CV-00923-WJM-KLM, 2014 U.S. Dist. LEXIS 105349, 2014 WL 3809768, at *1 (D. Colo. Aug. 1, 2014).

Indeed, the Court has recognized the highly confidential and sensitive nature of this merger agreement and the schedule, and the information contained in those documents, by granting a previous motion for leave to restrict access to them. (ECF No. 436 (granting leave to restrict, among other things, the merger agreement previously submitted at ECF No. 418-1 and the schedule previously submitted at ECF No. 418-2).)

        **C.**      **There is No Practicable Alternative to Restriction**

No practicable alternative to restriction exists here because public disclosure of the specific, narrowly tailored information SRSA seeks to seal would destroy its value and cause significant competitive harm to SRSA. SRSA maintains confidentiality over its trade secrets and other confidential information to avoid the inevitable harm that would result from disclosure. In such cases, to avoid the public disclosure of "proprietary information that might lead to economic harm if available to [SRSA's] competitors," this Court should grant SRSA's sealing request. *See Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229-REB-MJW, 2014 WL 6886923, at *3 (D. Colo. Dec. 5, 2014). Recognizing the public value of access to this Court's records, SRSA

5

is willing to file a public redacted version of the restricted documents as appropriate to narrowly tailor its request as much as practicable under the circumstances. *Slawson Exploration Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *11-12 (D. Colo. Apr. 19, 2016) (granting motion to restrict in part based on party's filing of public redacted versions).

There is thus good cause to grant SRSA's unopposed Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in this Motion.

### Certificate of Conferral Under D.C.COLO.LCivR 7.1(a)

On November 5 and 9, 2021, the parties met and conferred about SRSA's Motion. Defendants do not oppose this Motion to Restrict. However, Defendants do not waive the right to contest the confidentiality and/or trade secret nature of the materials Plaintiffs seek to restrict in the future, including on the merits of the case, and expressly reserve their right to do so. The

Parties agree that Defendants' non-opposition to this Motion shall not be used as an admission against Defendants or for any other purpose.

Respectfully submitted,

Dated: November 9, 2021

By: s/ Brian S. Boerman
Warren A. Braunig
*wbraunig@keker.com*
Michelle S. Ybarra
*mybarra@keker.com*
Benjamin D. Rothstein
*brothstein@keker.com*
Katie Lynn Joyce
*kjoyce@keker.com*
Victor H. Yu
*vyu@keker.com*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415-391-5400
Facsimile:   415-397-7188

SHERIDAN ROSS P.C.
Scott R. Bialecki
  *sbialecki@sheridanross.com*
Brian S. Boerman
  *bboerman@sheridanross.com*
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone:   303 863 9700
Facsimile:   303 863 0223
Email:   litigation@sheridanross.com

Attorneys for Plaintiffs
SRS ACQUIOM INC. AND
SHAREHOLDER REPRESENTATIVE
SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.