IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

      Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

      Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' OBJECTION (ECF 562) TO SPECIAL MASTER'S ORDER RE: SUBPOENA TO KIVU CONSULTING (ECF 554)**

---

Plaintiffs SRS Acquiom Inc. and Shareholder Representative Services LLC (collectively, "SRSA") move the Court for leave to file a Response to Defendants PNC Financial Services Group, PNC Bank N.A., Heather Kelly and Alex Tsarnas's (collectively, "Defendants") Objection to Special Master's Order (ECF 554), relating to Defendants' subpoena to Kivu Consulting ("Kivu"). ECF 562. SRSA's Response brief has been filed as an attachment to this motion and all subsequent exhibits to the Response are attached as Exhibits A-W to this Motion.

I.    **PROCEDURAL HISTORY**

On November 30, 2020, the Court appointed David M. Tenner as Special Master for the purpose of "resolv[ing] all pending and upcoming discovery disputes between the parties and oversee[ing] their remaining discovery, including depositions." *See* ECF 324 ¶1 ("Order

1766756

Appointing Special Master). The Order Appointing Special Master sets forth that any party seeking review of any ruling by the Special Master shall file objections pursuant and subject to the timing requirements of Federal Rule of Civil Procedure ("Rule") 53(f). *Id.* ¶5.

On October 5, 2021, the Special Master issued an Order quashing Defendants' deposition subpoena to Kivu. ("Special Master's Order," ECF No. 554.)

On October 26, 2021, Defendants filed an Objection to the Special Master's Order, asking that SRSA's objections to the Kivu subpoena and the Special Master's Order be overruled. ("Defendants' Objection," ECF 562.)

## II.     ARGUMENT

SRSA seeks leave to file a Response to the Objection filed by Defendants (ECF 562) seeking to overturn Special Master David Tenner's Order quashing a third-party deposition subpoena served by Defendants onto Kivu Consulting ("Kivu"). *See* ECF 554.

SRSA moves for leave to file a Response pursuant to Rule 53(f)(1), which requires that "[i]n acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard." As the Advisory Committee Notes for Rule 53 explain:"[t]he requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions." Responses to objections are commonly permitted in this District. *See, e.g.*, *L-3 Communs. Corp. v. Jaxon Engr. & Maint., Inc.*, No. 10-cv-02868-MSK-KMT, 2013 WL 1687592, at *2 (D. Colo. Apr. 18, 2013) ("ORDERED that the parties may file Rule 53(f)(2) objections, if any, to the Special Master's Report and Order no later than May 3, 2013. The parties may file responses to those objections, if any, no later than May 17, 2013."). Indeed,

this Court has granted a similar request by SRSA in connection to another objection filed by Defendants. *See* ECF 370, 383, 472.[1]

A response would be particularly appropriate here given the numerous factual and legal issues in dispute. Defendants dispute both the Special Master's legal conclusions as to the scope of the work-product doctrine under Rule 26(b)(3)(A), and the factual basis of his conclusion that SRSA retained Kivu in anticipation of litigation against Defendants. *See* ECF 562. In doing so, Defendants' Objection sets forth 15 pages of briefing, and cites over 250 pages' worth of excerpts of deposition testimony, testimony from the February 2021 two-day evidentiary hearing (*see* ECF 343), portions of the parties' one-hour March 8, 2021 oral argument before the Special Master (*see* ECF 349), and other record evidence. Not only does parity—and the Federal Rules—dictate that SRSA be given the opportunity to respond to these arguments and factual assertions, but SRSA's Response will assist the Court in evaluating the Special Master's Order.

Accordingly, SRSA respectfully requests that the Court accept SRSA's proposed Response (attached hereto and filed Restricted Level 1), its Exhibits A, C, D, F-W (attached hereto and filed publicly), and its Exhibits B and E (attached hereto and filed Restricted Level 1).

**III.    CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.L.CIVR 7.1(A)**

The Parties conferred via on November 4 and 5, 2021. Defendants stated that they "oppose Plaintiffs' motion for leave to file an opposition brief because the Federal Rules do not

---

[1] Defendants have made similar arguments opposing SRSA's prior motions for leave (*see, e.g.*, ECF 469 at 5). Nonetheless, the Court granted SRSA's motion for leave (ECF 472).

contemplate such an opposition." Defendants further stated that they "will not burden the Court with an opposition brief to the motion for leave, and simply state their opposition here."

Respectfully submitted,

Dated: November 9, 2021

By: s/ *Warren A. Braunig*
    Warren A. Braunig
       *wbraunig@keker.com*
    Michelle S. Ybarra
       *mybarra@keker.com*
    Benjamin D. Rothstein
       *brothstein@keker.com*
    Katie Lynn Joyce
       *kjoyce@keker.com*
    Victor H. Yu
       *vyu@keker.com*
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone: 415-391-5400
    Facsimile: 415-397-7188

    SHERIDAN ROSS P.C.
    Scott R. Bialecki
       *sbialecki@sheridanross.com*
    Brian S. Boerman
       *bboerman@sheridanross.com*
    1560 Broadway, Suite 1200
    Denver, Colorado 80202
    Telephone: 303-863-9700
    Email:    *litigation@sheridanross.com*

    ATTORNEYS FOR PLAINTIFFS
    SRS ACQUIOM INC. AND SHAREHOLDER
    REPRESENTATIVE SERVICES LLC

**Compliance With Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

4

1766756