**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02005-DDD-SKC

SRS ACQUIOM INC., a Delaware corporation, and
SHAREHOLDER REPRESENTATIVE SERVICES LLC, a Colorado limited liability company,

        Plaintiffs,

   v.

PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation,
PNC BANK, N.A., a national association,
HEATHER KELLY, an individual, and
ALEX TSARNAS, an individual,

        Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RESTRICT DEFENDANTS'
SUMMARY JUDGMENT REPLY**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL ARGUMENT.....................................................................................................2

    A. A motion to restrict is the wrong forum to litigate summary-judgment issues. ...................................................................................................................2

    B. SRSA has easily satisfied the standard for restricting its business information....................................................................................................................5

    C. SRSA's requested restrictions are not overbroad. ..................................................8

III. CONCLUSION..............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*CDI Energy Servs. v. W. River Pumps*,
    567 F.3d 398 (8th Cir. 2009) ................................................................................................6

*Cooper v. Instant Brands, Inc.*
    2020 WL 869858, at *4 (D. Colo. Feb. 21, 2020) ...................................................................4

*Davis v. GEICO Cas. Co.*,
    2021 WL 3883915 (S.D. Ohio Aug. 31, 2021) .......................................................................8

*Deherrera v. Decker Truck Line, Inc.*,
    820 F.3d 1147 (10th Cir. 2016) ...............................................................................................1

*Deschenes Consulting LLC v. Nu Life Mktg. LLC*
    2020 WL 2747702, at *3 (D. Colo. May 27, 2020) ............................................................2, 3

*FTC v. Qualcomm Inc.*,
    2019 WL 95922 (N.D. Cal. Jan. 3, 2019) ...............................................................................6

*Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*,
    2019 WL 4242669 (D. Colo. Sept. 5, 2019) .......................................................................1, 2

*Healthtrio, LLC v. Aetna, Inc.*,
    2014 WL 6886923 (D. Colo. Dec. 5, 2014) ...........................................................................5

*Hecny Transp. Inc. v. Chu*,
    430 F.3d 402 (7th Cir. 2005) ..................................................................................................7

*Heideman v. S. Salt Lake City*,
    348 F.3d 1182 (10th Cir. 2003) ..............................................................................................7

*In re High-Tech Employee Antitrust Litig.*,
    2013 WL 163779 ....................................................................................................................6

*Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*,
    2015 WL 581574 (N.D. Cal. Dec. 10, 2015) .........................................................................6

*L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*,
    2013 WL 5437775 (D. Colo. Sept. 27, 2013) ........................................................................3

*Medinol v. Boston Sci. Corp.*,
    346 F. Supp. 2d 575 (S.D.N.Y. 2004)..........................................................................................7

*SBM Site Servs., LLC v. Garrett*,
    2011 WL 1375117 (D. Colo. Apr. 12, 2011).........................................................................2, 5

*Shell v. Am. Family Rts. Ass'n*,
    2012 WL 13005966 (D. Colo. Aug. 27, 2012) ..........................................................................3

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*
    2012 WL 2917116, at *3–5 (D. Colo. July 16, 2012) ................................................................4

**Statutes**

Colo. Rev. Stat. § 7-74-106 ..............................................................................................................2

I.      INTRODUCTION

Writing yet another chapter in their quixotic effort to undermine SRSA's trade secrets by publicizing them, Defendants have chosen once again to oppose SRSA's motion to restrict confidential information from Defendants' summary-judgment papers. This time, Defendants challenge SRSA's motion to restrict certain portions and select exhibits found in Defendants' Reply in support of its motion for summary judgment. Defendants' underlying motion for summary judgment remains pending.

At this point, it is undeniable that Defendants simply want a second chance to attack SRSA's trade secrets. Indeed, their opposition to the motion to restrict (ECF No. 566) essentially ignores the legal standard for restricting confidential business information and instead attempts to attack the trade-secret status of SRSA's confidential information, mentioning "trade secrets" nearly thirty times.

Defendants seek to turn this administrative motion into a factual determination on the merits. But whether SRSA's information qualifies as a trade secret is, at the very least, a disputed issue of fact. And much more importantly, in the context of this motion to restrict, SRSA has already shown that its "interest in maintaining its business information private" outweighs the presumption of public access to the limited portions of its summary-judgment opposition that SRSA has sought to restrict. *See Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, 2019 WL 4242669, at *4 (D. Colo. Sept. 5, 2019) (citations omitted); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) ("While the public generally has a right to access documents in the court's record, a party may overcome the presumption in favor

1

of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (citation omitted)).

The Court should once again reject Defendants' gamesmanship, grant SRSA's motion to restrict, and *explicitly instruct* Defendants to stop misusing the motion-to-restrict process.

## II.     LEGAL ARGUMENT

### A.     A motion to restrict is the wrong forum to litigate summary-judgment issues.

Defendants premise their opposition on the notion that courts cannot restrict confidential business information unless the court first rules that the information qualifies as trade secret. The trade secrets SRSA alleges in this lawsuit easily satisfy the standard for trade secrets under Colorado law, *see* ECF Nos. 262, 521, but that is not the test applicable to this motion. Rather, a motion to restrict should be granted whenever a party's interest in "maintaining its *business information*" as private outweighs the public interest in "access to Court files." *Genscape*, 2019 WL 4242669, at *4 (emphasis added). Restricting confidential *business information* is reasonable if the restricted "files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011). Indeed, Colorado law specifically emphasizes that, in trade-secrets cases, the courts should "preserve the secrecy of an *alleged* trade secret by reasonable means, which may include . . . sealing the records of the action." Colo. Rev. Stat. § 7-74-106 (emphasis added).

Opposing restriction by contesting the trade-secret status of the information would transform a motion to restrict into a dispositive ruling on trade-secret status. And courts in this District have refused to do just that, several times, for good reason. For example, in *Deschenes Consulting LLC v. Nu Life Marketing LLC*, the counterclaim defendant argued that "motions to

2

restrict should not be granted unless and until [the plaintiff] can show as a matter of law that its corporate customers' identities are trade secrets." 2020 WL 2747702, at *3 (D. Colo. May 27, 2020). The district court rejected that and approved the restriction of information because it was **alleged to be a trade secret**. *Id.* at 4–5; *see also L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *2 (D. Colo. Sept. 27, 2013) ("Whether a secret's owner has sufficiently attempted to protect the secrecy of that information is typically a question of fact to be resolved by the factfinder."). Courts have embraced that rule even when the party opposing restriction brings forward evidence that the information had been publicly disclosed. *See, e.g.*, *Shell v. Am. Family Rts. Ass'n*, 2012 WL 13005966, at *1–2 (D. Colo. Aug. 27, 2012) (granting "Restriction Level 1" status to a plaintiff's trade secret list, even though "the trade secret information has been previously released to a large number of persons" that attended the plaintiff's seminars or used the information under a license). The *Shell* court recognized that "courts must exercise discretion to avoid unnecessary disclosures of such information" while a trade secret dispute is pending. *Id*. at *1 (citation and alterations omitted).

In their opposition, Defendants argue that SRSA is trying to "bootstrap its way to sealing vast swathes of the pleadings in a case merely by asserting, without probative evidence, that such information constitutes a trade secret." ECF No. 566 at 6. That makes no sense. SRSA is not trying to "bootstrap" anything because restricting information that discloses alleged trade secrets provides no benefit to SRSA's position in the lawsuit. Instead, restriction merely maintains the *status quo* while the Court decides Defendants' summary-judgment motion. Defendants' position—that courts must adjudicate the merits of an alleged trade secret before restricting a trade-secrets holder's business information—would turn every restriction motion into a hotly

3

contested event, with summary-judgment-level stakes. This Court should not endorse such an end-run around Rule 56.

Moreover, Defendants ignore the ***voluminous probative evidence***, including six sworn declarations and hundreds of pages of deposition testimony, that SRSA has submitted establishing that its technical[1] and commercial[2] trade secrets are entitled to restriction. *See* ECF No. 557 at 3–9; *see also* ECF No. 526-3 (summarizing evidence that SRSA's trade secrets qualify as such).[3] Defendants' opposition asks the Court to weigh the evidence and make what would effectively be a dispositive trade-secrets decision on various categories of information. But trade-secret status is a question of fact that a jury should decide (or, if the facts are

---

[1] *See, e.g.*, ECF No. 295-1 ¶¶4–10 (SRSA's Head of Operations attesting to value of SRSA's proprietary payment methods); ECF No. 531 ¶¶3–9 (SRSA's Director of Technical Product Management attesting to value of SRSA's proprietary payment methods); ECF No. 256-10 ¶¶21–65 (SRSA's Head of Operations attesting to value of SRSA's Payments Spreadsheet, the legal and financial structure of its ACP product, its Deal Dashboard product, its proprietary payment methods, and back-end data systems); ECF No. 257 ¶¶ 28–30 (SRSA's CEO attesting to value of SRSA's product-roadmap trade secrets)

[2] ECF No. 257 ¶¶13–27 (SRSA's CEO attesting to value of SRSA's customer and pricing trade secrets); ECF No. 266 (SRSA's Director of Business Intelligence attesting to value of SRSA's customer information); ECF No. 268 (SRSA's CEO attesting to the value of SRSA's pricing trade secret) .

[3] That fact alone distinguishes the two cases on which Defendants mistakenly rely. In *Cooper v. Instant Brands, Inc.*, the defendant sought to restrict customer complaints in "general terms" without showing how "disclosure of such general information can be reasonably understood to constitute disclosure of a trade secret or confidential commercial information." 2020 WL 869858, at *4 (D. Colo. Feb. 21, 2020). As a result, that court found that the party had no "privacy interest in restricting access to the documents and the public's interest in access to the documents in their entirety are effectively in a low-level equipoise." *Id.* And in *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, the court denied both parties' restriction requests based on a basic failure to satisfy the standard for restricting business information—*i.e.*, they "failed to show a clearly defined and serious injury that would result if access to the redacted information is not restricted." 2012 WL 2917116, at *3–5 (D. Colo. July 16, 2012).

undisputed, that a court may decide on summary judgment). In the meantime, this Court should preserve the confidentiality of SRSA's information.

### B. SRSA has easily satisfied the standard for restricting its business information.

The Court should grant SRSA's motion to restrict because sealing is necessary to prevent public disclosure of "proprietary information that might lead to economic harm[.]" *See Healthtrio, LLC v. Aetna, Inc.*, 2014 WL 6886923, at *1 (D. Colo. Dec. 5, 2014). SRSA moved to restrict portions of Defendants' Reply (ECF 550) and the entirety of Exhibit 81 (ECF 550-2), Exhibit 83 (ECF 550-4), and Exhibit 86 (ECF 550-7) because these documents disclose trade-secret information about SRSA's customers, its electronic payment methods, and the structure of its proprietary ACP product. *See* ECF 557 at 5–7. As detailed in SRSA's opening motion, the limited portions of Defendants' Reply and corresponding exhibits it seeks to restrict relate to types of information that that courts in this District have often agreed to restrict under Local Rule 7.2(c). *See* ECF No. 557 at 5–7.

Further, in support of this motion, SRSA cited multiple sworn declarations confirming that these categories of information, if publicly disclosed, "could harm [SRSA's] competitive standing." *SBM Site Servs.*, 2011 WL 1375117, at *3. *See* ECF 557 at 5-8. SRSA's Director of Business Intelligence has directly attested that SRSA's customer information took years to accumulate and is essential to its success in the market. *See* ECF No. 266 ¶¶3, 6, 14, 15; *see also* ECF No. 257 ¶¶ 21–27. Similarly, as attested to in the declarations of numerous SRSA executives, SRSA's protocols for electronically tracking, suspending, and updating payments, and the structure of its ACP product, took years of research and development. *See* ECF No. 295-1 ¶¶4–5, 10-12; ECF No. 531 ¶¶3–9 (payment methods); ECF No. 256-10 ¶¶41–44 (ACP's

5

1769099

structure). The publication of SRSA's sensitive customer and technical information would cause significant competitive harm to SRSA. *See* ECF No. 257 ¶¶23–25; ECF No. 266 ¶¶3, 6, 10, 14, 16; ECF No. 256-10 ¶¶45–46; ECF No. 295-1 ¶¶3, 10.[4]

In fact, this Court has repeatedly granted SRSA's requests to restrict the same or similar information. The Court previously granted SRSA's request to restrict a copy of Exhibit 81 in its entirety.[5] *See* ECF No. 380. And the Court has consistently granted SRSA's requests to restrict documents disclosing its trade-secret customer information and technical specifications.[6]

Moreover, almost all of the cases Defendants cite for the proposition that the Court has "full authority," on a motion to restrict, to determine whether SRSA's trade secrets qualify as such are in fact summary-judgment or injunctive-relief cases, *not* motion-to-restrict decisions. *See* ECF 566 at 2, 6. In those instances, courts were obligated to address the merits of a plaintiff's trade-secret claim. *See CDI Energy Servs. v. W. River Pumps*, 567 F.3d 398, 402 (8th Cir. 2009) (addressing plaintiff's customer-trade-secret claim when reviewing district court's

---

[4] *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (granting motion to seal with respect to the defendants' "policies[] and procedures" because "the disclosure of this information could cause [d]efendants competitive harm"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Dec. 10, 2015) (compelling reasons justify sealing information about an entity's "business practices" and "recruitment efforts"); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

[5] Exhibit 81, an email chain involving Defendant Kelly, was previously filed as Exhibit D to the Declaration of Benjamin D. Rothstein in support of SRSA's October 2020 Surreply in Opposition to PNC Financial Services Group's Motion for Partial Summary Judgment. *See* ECF No. 295-6. The Court granted SRSA's motion to restrict this email chain in its entirety, concluding that Local Rule 7.2(c)s requirements have been met. *See* ECF No. 380.

[6] *See, e.g.*, ECF Nos. 518 (restricting customer information), 514 (restricting customer information; 511 (restricting technical and product-development information, and customer information); 508 (restricting technical and product-development information, and customer information); 394 (restricting pricing strategy information); 210 (restricting customer information, technical, and product-development information).

denial of preliminary injunction); *Hecny Transp. Inc. v. Chu*, 430 F.3d 402, 404 (7th Cir. 2005) (reviewing summary-judgment appeal where trade-secret plaintiff "did not contend that its customers' identities were confidential information" and instead "conceded" that its customer identities were "widely known in the industry"); *Medinol v. Boston Sci. Corp.*, 346 F. Supp. 2d 575, 608 (S.D.N.Y. 2004) (evaluating plaintiff's misappropriation claim after party moved for summary judgment). Defendants' misplaced reliance on these cases undermines the entire premise of Defendants' opposition: that the Court should evaluate trade-secret status on a motion to restrict, instead of on a substantive motion.

Finally, the Court's March 2020 order denying a preliminary injunction does not change these considerations either. "[W]hen a district court holds a hearing on a motion for preliminary injunction it is not conducting a trial on the merits." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Here, the Court's order denying a preliminary injunction recognized that "[a]t trial, SRSA may well be able to prove [misappropriation] to a jury." ECF No. 207 at 14. Since the ruling on SRSA's preliminary-injunction motion, the parties have collectively produced over 100,000 pages of documents, answered 87 interrogatories, responded to 75 requests for admission, and taken 24 more depositions. Yet Defendants' primary argument against restricting access to SRSA's customer, product, and pricing information is that the Court denied SRSA's preliminary-injunction motion. *See* ECF No. 566 at 3–4, 6–7, 8. But the district court's preliminary-injunction decision was, by definition, preliminary. Indeed, SRSA has presented ample new evidence supporting the trade-secret status of its documents and information since that order, all of which is now before the Court. *See* ECF Nos. 262, 521. The preliminary-injunction order therefore cannot justify circumventing the summary judgment and

factfinding processes by forcing SRSA to publicly disclose its trade secrets, as Defendants now seek.

C. **SRSA's requested restrictions are not overbroad.**

SRSA's proposed restrictions are modest and narrowly tailored. With respect to Defendants' reply brief itself (ECF No. 550), SRSA seeks to redact only a few discrete passages found within six of the brief's 30 pages. *See* ECF No. 557-1. SRSA also seeks to restrict a few of the excerpts from the testimony of Mitch Eckberg—one of SRSA's 30(b)(6) witness testifying to Defendants' misappropriation of SRSA's technical trade secrets—that detail confidential aspects of SRSA's payment methods. *Id.* (seeking restriction of six excerpts from ECF No. 550-4).

Moreover, while SRSA does seek to respect two Reply exhibits in their entirety, such restriction is appropriate here because the confidential SRSA information in these exhibits is so "pervasive" that attempting to redact the relevant SRSA information from these materials would "render the documents meaningless." *Davis v. GEICO Cas. Co.*, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021) (citation omitted). In *Davis*, the defendant sought to seal several exhibits in their entirety that contained "confidential information concerning [defendant]'s business practices as well as [defendant]'s claims data and data systems." *Id.* at *1. The court permitted the defendant to restrict those documents completely rather than redact them line-by-line "because the confidential information is pervasive throughout the exhibits [defendant sought] to keep sealed in their entirety." *Id.* at *2.

The same is true here. Notwithstanding Defendants' complaints, *see* ECF 566 at 7-8, the two exhibits SRSA seeks to restrict in their entirety, Exhibit 81 (ECF 550-2) and Exhibit 86 (ECF 550-7), are filled with highly sensitive SRSA trade-secret information. Redacting

information from these documents would make them effectively meaningless to an outside observer, while supplying little information to advance the public's interest in accessing the judicial record.

Specifically, Exhibit 81 is an email thread between Kelly, PNC, and PNC's third-party developers. As attested to by SRSA's Head of Operations, who reviewed this document under the protective order, this email thread reveals highly sensitive, trade-secret information about SRSA's methods for electronically tracking, suspending, and updating payments. *See* ECF 295-1 ¶6. Filing a public version of this document that redacts the confidential portions and leaves unredacted the small amount of non-substantive information (e.g., the date fields of an email, the "to" and "from" fields) would render almost all of the email exchange "meaningless" to a public observer. Indeed, **this Court has already granted SRSA's request to restrict the entirety of this email chain** when it was previously filed in connection with SRSA's Surreply. *See* ECF 380.

Exhibit 86, meanwhile, is a customer list detailing numerous SRSA's customers, the number of engagements each customer has had, and the products and services they have purchased from SRSA. As SRSA's Director of Business Intelligence explained, knowledge of this information would directly help a competitor poach business from SRSA. *See* ECF 266 ¶¶6. A public, redacted version of Exhibit 86 would look like a 10-page, black rectangle, *i.e.*, a document that would be "meaningless" to a public observer. As with Exhibit 81, this exhibit should remain under restriction in its entirety.[7]

---

[7] Should the Court decide, however, that any individual designation is overbroad, it should order the parties to meet-and-confer rather than simply order the publication of the entire document.

9

1769099

**III.   CONCLUSION**

There is good cause to grant SRSA's Motion, and SRSA respectfully requests that the Court maintain Level 1 restriction over the materials identified in its Motion to Restrict.

10

1769099

|  |  |
|---|---|
| Dated:  November 17, 2021 | Respectfully submitted,<br><br>By:  */s/ Victor H. Yu*<br>Warren A. Braunig<br>*wbraunig@keker.com*<br>Michelle S. Ybarra<br>*mybarra@keker.com*<br>Benjamin D. Rothstein<br>*brothstein@keker.com*<br>Katie Lynn Joyce<br>*kjoyce@keker.com*<br>Victor H. Yu<br>*vyu@keker.com*<br><br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:      415 397 7188<br><br>SHERIDAN ROSS P.C.<br>Scott R. Bialecki<br>*sbialecki@sheridanross.com*<br>Matthew C. Miller<br>*mmiller@sheridanross.com*<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone:     303 863 9700<br>Facsimile:      303 863 0223<br>Email:     litigation@sheridanross.com<br><br>*Attorneys for Plaintiffs*<br>SRS ACQUIOM INC. AND<br>SHAREHOLDER REPRESENTATIVE<br>SERVICES LLC |

## Certificate of Compliance with the Court's Practice Standards

Counsel for movant SRSA hereby certifies that this pleading follows the type-volume limitations in Judge Domenico's Practice Standard III(A)(1).

11

1769099